ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 17 2009

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Case No.: |
| STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, R. ALLEN STANFORD, JAMES M. DAVIS, and LAURA PENDERGEST-HOLT | § § § § § § § | 3-09CV0298-L |
| Defendants. | § | |

## TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER REQUIRING AN ACCOUNTING, ORDER REQUIRING PRESERVATION OF DOCUMENTS, AND ORDER AUTHORIZING EXPEDITED DISCOVERY

This matter came before me, the undersigned United States District Judge, this 16th day of February 2009, on the application of Plaintiff Securities and Exchange Commission ("Commission") for the issuance of a temporary restraining order against Defendants Stanford International Bank, Ltd. ("SIB"), Stanford Group Company ("SGC"), Stanford Capital Management, LLC ("SCM"), R. Allen Stanford ("Stanford"), James M. Davis ("Davis"), and Laura Pendergest-Holt ("Pendergest-Holt") (collectively, "Defendants"), and orders freezing assets, requiring an accounting, prohibiting the destruction of documents, pulling the passports of Stanford, Davis, and Pendergest-Holt, authorizing expedited discovery, and alternative service of process and notice. On the basis of the papers filed by the Commission, and argument of Commission counsel, the Court finds as follows:

1.   This Court has jurisdiction over the subject matter of this action and over the Defendants.

2. The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3. Venue is appropriate in the Northern District of Texas.

4. There is good cause to believe that Defendants have engaged in, and are engaging in, acts and practices which did, do, and will constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)], Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)], and Section 7(d) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. § 80a-7(d)].

5. There is good cause to believe that Defendants will continue to engage in the acts and practices constituting the violations set forth in paragraph 4 unless restrained and enjoined by an order of this Court.

6. There is good cause to believe that Defendants used improper means to obtain investor funds and assets. There is also good cause to believe that Defendants will dissipate assets and that some assets are located abroad.

7. An accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

8. It is necessary to preserve and maintain the business records of Defendants from destruction.

9. This proceeding is one in which the Commission seeks a preliminary injunction.

10. The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

11. Expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction.

12. There is good cause to believe that Stanford, Davis, and Pendergest-Holt may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein.

IT IS THEREFORE ORDERED THAT:

A. Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

   (1) employing any device, scheme, or artifice to defraud; or

   (2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

   (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

B. Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined

from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (1)    to use or employ any manipulative or deceptive device or contrivance in contravention of the rules and regulations promulgated by the Commission;

    (2)    to employ any device, scheme, or artifice to defraud;

    (3)    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (4)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

C.    Stanford, Davis, Pendergest-Holt, SGC, SCM, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

    (1)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (2)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

D.  SIB, SGC, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Section 7(d) of the Investment Company Act [15 U.S.C. §80a-7(d)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)  acting as an investment company, not organized or otherwise created under the laws of the United States or of a State, and offering for sale, selling, or delivering after sale, in connection with a public offering, any security of which such company is the issuer; or

(2)  acting as a depositor of, trustee of, or underwriter for such a company; unless

(3)  the Commission, upon application by the investment company not organized or otherwise created under the laws of the United States or of a State, issues a conditional or unconditional order permitting such company to register and to make a public offering of its securities by use of the mails and means or instrumentalities of interstate commerce.

5.  Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendants, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of Defendants, pending a showing to this Court that Defendants have sufficient funds or assets to satisfy all claims

arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim. This provision shall continue in full force and effect until further ordered by this Court and shall not expire.

6. All banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendants are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court. This provision shall continue in full force and effect until further order by this Court and shall not expire.

7. All other individuals, corporations, partnerships, limited liability companies, and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendants without adequate consideration. This provision shall continue in full force and effect until further order by this Court and shall not expire.

8. Defendants are hereby required to make an interim accounting, under oath, within ten days of the issuance of this order or three days prior to any hearing on the Commission's Motion for Preliminary Injunction, whichever is sooner: (1) detailing all monies and other benefits which each received, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3)

listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendants (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting. This provision shall continue in full force and effect until further order by this Court and shall not expire.

9. Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendants or any entities under their control. This provision shall continue in full force and effect until further order by this Court and shall not expire.

10. The United States Marshal in any judicial district in which Defendants do business or may be found, or in which any Receivership Asset may be located, is authorized and directed to make service of process at the request of the Commission.

11. The Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendants by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

12. Expedited discovery may take place consistent with the following:

    A. Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days

after service of a summons and the Plaintiff Commission's Complaint upon Defendants.

B. All parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled.

C. Any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours.

D. All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things.

E. All parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

13. All parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendants by delivery to the Plaintiff Commission address as follows:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Attention: David Reece
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

14. Stanford, Davis, and Pendergest-Holt shall surrender their passports, pending the determination of the Commission's request for a preliminary injunction, and are barred from traveling outside the United States.

15. Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, shall:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(b) provide the Commission and the Court a written description of the funds and assets so repatriated.

16. Defendants shall serve, by the most expeditious means possible, including e-mail and facsimile, any papers in opposition to the Commission's Motion for Preliminary Injunction and for other relief no later than 72 hours before any scheduled hearing on the Motion for Preliminary Injunction. The Commission shall serve any reply at least 24 hours before any hearing on the Motion for Preliminary Injunction by the most expeditious means available, including facsimile.

17. Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at __5__ o'clock p.m. on the __2d__ day of __March__ 2009 or at such later date as may be ordered by this Court. All other provisions of this order shall remain in full force and effect until specifically modified by further order of this Court. Unless the Court rules upon the Commission's Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 43(e), adjudication of the Commission's Motion for Preliminary Injunction shall take place at the United States Courthouse, __Northern District of Tex__ Dallas, Texas, on the __2d__ day of __March__, 2009, at __10__ o'clock __a__.m. __1100 Commerce Street Dallas Texas 75242 (Earl Cabell Bldg)__.

EXECUTED AND ENTERED at __11:40__ o'clock a.m. CST this 16th day of February 2009.

_____
UNITED STATES DISTRICT JUDGE

SEC v. Stanford International Bank, Ltd., et al.
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

10