IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,                    CASE NUMBER: 3-09CV0298-L

vs.

STANDFORD INTERNATION BANK,
LTD., ET AL.,

        Defendants.
_____/

## MOTION FOR LEAVE TO INTERVENE, AND MOTION FOR RELIEF FROM OR TO DISSOLVE TEMPORARY RESTRAINING ORDER OR OTHERWISE MODIFY TEMPORARY RESTRAINING ORDER AND MOTION TO INSTRUCT THE RECEIVER TO CEASE ITS CLAIM OVER CUSTOMARY PROPERTY

    COMES NOW, RALPH MacDONALD, an individual, by and through his undersigned attorneys, and files this his Motion for Leave to Intervene and Motion for Relief from or to Dissolve Temporary Restraining Order or Otherwise Modify Temporary Restraining Order and Motion to Instruct the Receiver to Cease its Claim over Customer Property, and states as follows:

    1.    Ralph MacDonald is a customer of PERSHING, LLC, a subsidiary of Bank of New York and who was introduced to PERSHING, LLC by STANDFORD GROUP COMPANY. Ralph MacDonald has multiple accounts which are held by PERSHING, LLC as a subsidiary of the Bank of New York Mellon Corporation as evidenced by the attached Consolidated Account Summary which is attached hereto and incorporated herein by reference as composite Exhibit A. (Said composite has had the account numbers redacted so as to protect the privacy of Mr. MacDonald.)

2. On or about February 17, 2009, the Court entered a Temporary Restraining Order and other orders including an Order Freezing Assets, Order Requiring an Accounting, Order Requiring Preservation of Documents, Order Authorizing Expedited Discovery and an Order Appointing Receiver which appointed Ralph Janvey as the Receiver.

3. As a result of the TRO and Receiver Order and allegedly on instructions from the Receiver, PERSHING, LLC has refused instructions to transfer and permit access to the accounts of Ralph MacDonald.

4. Ralph MacDonald intervenes in this action because has been directly affected by the lack of access to his money and securities and continues to have his property right perfected. He is therefore a party affected by the temporary restraining order and the actions of the Receiver.

5. Ralph MacDonald hereby moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure to intervene in this action and have the Court to dissolve or modify the TRO and instruct the Receiver to lift instructions to PERSHING, LLC so that Ralph MacDonald may gain immediate access to his securities and funds. Further Ralph MacDonald seeks to have his accounts held by PERSHING, LLC transferred to an entity of his choice.

6. Ralph MacDonald's securities and cash held by PERSHING, LLC are not property of STANDFORD nor any of its subsidiaries and neither STANDFORD nor any of its subsidiaries have any interest in the accounts. Atttached hereto and incorporated herein by reference as Composite Exhibit B, is a letter from STANDFORD issued pursuant to the instructions of PERSHING, LLC which states and provides clearly that "Securities and cash delivered to PERSHING for deposit to your account and transactions conducted for your account at PERSHING are reflected on the monthly or quarterly statements that PERSHING sends to

you. The assets existing in your account at PERSHING are held in custody at PERSHING, and are not held by STANDFORD GROUP."

7. Since the shares in Ralph MacDonald's account are customer property and since none of the defendants have any interest in the account, there is no reason to restrain PERSHING, LLC from transferring the accounts nor to allow any person or entity to attempt, instruct, or otherwise advise PERSHING, LLC to restrict access to the above referenced accounts. Further, as a retiree, Ralph MacDonald necessarily needs access to his accounts in order to conduct his activities of daily living and meet his obligations and expenses.

WHEREFORE, it is respectfully requested that this Court enter an Order:

    a. Modifying the Temporary Restraining Order as necessary to make it clear that it does not apply to the accounts of Ralph MacDonald attached hereto and held by PERSHING, LLC.

    b. Enter an Order clarifying that the Receiver is not permitted to instruct PERSHING, LLC that it must deny access to Ralph MacDonald's accounts.

    c. Prohibiting the Receiver or any other entity or person from utilizing the TRO issued by this Court as a ground or basis to deny access to the accounts listed in the attached Exhibit A by Ralph MacDonald.

    d. Taking such other and further relief as is necessary to allow Ralph MacDonald the unrestricted access and possession of his securities and cash which are being held and maintained by PERSHING, LLC as custodian.

    e. For such other and further relief as this Court deems just and necessary.

Respectfully submitted,

**FRIEDMAN & FEIGER, LLP**


By: s/ Carter Boisvert
    **Michael L. Gaubert**
    State Bar No. 00785903
    **Carter Boisvert**
    State Bar No. 24045519

5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Tel.)
(972) 788-2667 (Fax)

**LOCAL COUNSEL FOR:**

**Silber, Valente & Davis**
Philip L. Valente, Esq.
Florida State Bar No. 822124
1806 Old Okeechobee Road
West Palm Beach, Florida 33409
(561) 615-6200 (Telephone)

**ATTORNEYS FOR INTERVENOR**

## CERTIFICATE OF SERVICE

On February 20, 2009 I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                        s/ Carter Boisvert
                        Carter Boisvert