IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> PLAINTIFF, <br><br> VS. <br><br> STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC R. ALLEN STANFORD, JAMES M. DAVIS AND LAURA PENDERGAST-HOLT <br><br> DEFENDANTS | § § § § § § § § § § § § § § § | CASE NO. 3:09-CV-00298-L |

**MOTION FOR LEAVE TO INTERVENE AND MOTION FOR RELIEF FROM OR TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MOTION TO INSTRUCT THE RECEIVER TO CEASE ITS CLAIM OVER CUSTOMER PROPERTY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Richard O. Hunton, Carol Hunton, Richard O. Hunton, Jr., Katharine Hunton, Richard Hunton, Jr. Trustee of the Robert Hunton Trust, Charles Hunton, Robert Hunton, Victoria Hunton, Charlotte Hunton, Walter Holmsten, Alexandra Hunton, Angela Gonzalez, Felipe Gonzalez and Jim Letsos (collectively "Hunton Parties"), by and through their undersigned attorneys, and file their Motion for Leave to Intervene and Motion for Relief From or to Dissolve Temporary Restraining Order and Motion to Instruct the Receiver to Cease Its Claim Over Customer Property, and state as follows:

1.      The Hunton Parties maintain individual investment accounts (the "Accounts") in which Defendant Stanford Group Company ("SGC") has acted solely in the capacity of investment advisor. None of the Accounts are in the possession of SGC or any other Defendant. The Accounts are held by PERSHING, LLC, a subsidiary of Bank of New York Mellon Corporation ("Pershing").

2.      On February 17, 2009 the Court entered a temporary restraining order without notice of any sort to the Hunton Parties (the "TRO"), along with other orders that included an Order Freezing Assets, an Order Requiring an Accounting, an Order Authorizing Expedited Discovery, an Order Requiring Preservation of Documents, an Order Requiring Preservation of Assets and an Order Appointing Receiver..

3.      As a consequence of the TRO, the related orders and an instruction from the Reciever, Pershing has frozen the Accounts of the Hunton Parties. Pershing has refused and is continuing to refuse the Hunton Parties access to their private property, namely their Accounts. As a result, the Hunton Parties are unable to exercise any dominion or control over their own property, property that includes cash, United States Government issued securities, bonds, mutual funds and stock. Lack of access to the Accounts has caused and is causing irreparable harm to the Hunton parties, including, but not limited to, the inability to trade securities or liquidate to stop or alleviate losses. This complete abrogation of their property rights has directly injured the Hunton Parties and has compelled them to move to intervene in this civil action.

4.      Therefore, the Hunton Parties move pursuant to Rule 65 of the Federal Rules of Civil Procedure and Rule 24(a)(2) or, in the alternative, 24(b)(1)(B) to intervene herein. In this intervention, the Hunton Parties seek a dissolution or modification of the TRO and the related orders and an order of this Court to the Receiver that he lift all instructions to Pershing that block in any manner the access of the Hunton Parties to the Accounts. In addition, the Hunton Parties seek to

have the Accounts held by Pershing transferred to a new custodian for the Accounts. To assist in that process, most of the Hunton Parties have sought the assistance of Wells Fargo Bank, N.A., as their new broker/dealer and investment advisor.

5. Since SGC and the other Defendants have no interest whatsoever in the cash and securities held by Pershing, the Accounts are assets over which the Receiver has no right to exercise any dominion or control. The Receiver should be ordered to lift and rescind any direction or instruction to Pershing and to do so *instanter*.

WHEREFORE, PREMISES CONSIDERED, the Hunton Parties respectfully request an order of this Court:

   a. Allowing the Hunton Parties and each them to intervene in this civil action for the reasons set forth above;

   b. Modify the TRO making it clear that it has no effect whatsoever upon the private property of the Hunton Parties that is presently in the custody of Pershing;

   c. A clarification of the Order Appointing Receiver making it clear that the Receiver has no authority to exercise any dominion or control over the property of the Hunton Parties, including, but not limited to, the accounts in the custody of Pershing;

   d. An order directing the Receiver to lift and/or rescind any instruction to Pershing that the accounts of the Hunton Group in the custody of Pershing be frozen or that the members of the Hunton Group be denied access to those accounts; and

   e. Such other and further relief, at law or equity, as to which the Hunton Group may show itself justly entitled.

Respectfully submitted,

By: *Eugene B Wilshire* (signature)
EUGENE B. WILSHIRE
Texas State Bar No. 21665500
E-mail: ewilshire@wilshirescott.com
WILSHIRE & SCOTT, P.C.
3000 One Houston Center
1221 McKinney Street
Houston, Texas 77010
(713) 651-1221
(713) 651-0020 (facsimile)

**ATTORNEYS FOR INTERVENORS:**
Richard O. Hunton, Carol Hunton, Richard Hunton, Jr., Richard Hunton, Jr. Trustee of the Robert Hunton Trust, Robert Hunton, Katharine Hunton, Victoria Hunton, Walter Holmsten, Felipe Gonzalez and Jim Letsos

### Certificate of Service

On March 2, 2009, I electronically submitted the foregoing instrument with the Clerk of the Court for the United States District Court for the Southern District of Texas, using the electronic case fling system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Rule 5(b)92) of the Federal Rules of Civil Procedure.

*Eugene B Wilshire* (signature)
Eugene B. Wilshire