# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, R. ALLEN STANFORD, JAMES M. DAVIS, and LAURA PENDERGEST-HOLT, | § § § § § § § | |
| Defendants. | § | |

## RECEIVER'S MOTION TO COMPEL

BAKER BOTTS L.L.P.
Kevin M. Sadler, Lead Attorney
Texas Bar No. 17512450
Robert I. Howell
Texas Bar No. 10107300
David T. Arlington
Texas Bar No. 00790238
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
Telephone: 512.322.2500
Facsimile: 512.322.2501

Timothy S. Durst
Texas Bar No. 00786924
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: 214.953.6500
Facsimile: 214.953.6503

ATTORNEYS FOR RECEIVER RALPH S. JANVEY

Ralph S. Janvey, Receiver, respectfully moves the Court for an order compelling Carlos Loumiet and Hunton & Williams LLP to deliver to the Receiver all files and billing records related to services rendered on behalf of certain Stanford entities. In support thereof, the Receiver states as follows.

## I. BACKGROUND

**A. This Court has enjoined any interference with the Receiver's control and possession of the Receivership Estate.**

The Order Appointing Receiver and Amended Order Appointing Receiver state that this Court assumes exclusive jurisdiction over the Receivership Estate, including all property, real and personal, tangible and intangible, all legally recognized privileges (with regard to the entities), and all books and records. Amended Order (Doc. 157) at ¶1.

The Orders direct and authorize the Receiver "to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate." *Id*. at ¶¶4, 5(b), (d), (e), 6, 8.

This Court ordered that the Defendants and their agents (1) are enjoined from interfering with the Receiver's control and possession of the Receivership Estate or this Court's exclusive jurisdiction, (2) shall grant the Receiver immediate control of the Receivership Estate, and (3) shall cooperate with the Receiver and his agents by responding to requests for information. *Id*. at ¶¶ 13, 14(a), (b).

**B. The Hunton & Williams law firm has declined to relinquish possession and control of records that are part of the Receivership Estate.**

The Receiver's examination of Receivership records revealed that Carlos Loumiet and the Hunton & Williams law firm have rendered legal services to numerous Stanford entities and/or officers, directors, agents, and employees in the past. On February 24th, the Receiver requested that Hunton & Williams preserve all electronic files, and immediately ship to the

2

Receiver all other original files, detailed billing records for 2008-09, and documentation regarding retainers.  02/24/2009 Ltr, Appdx. 1-2.

On March 17th, Hunton & Williams responded to this request in writing, agreeing to produce some materials and declining to produce others.  03/17/2009 Ltr., Appdx. 3-9.  Hunton & Williams acknowledged that a receiver exercises in rem jurisdiction over property of a receivership estate located within any U.S. district in which the receiver has filed the complaint and order appointing receiver.  There is no dispute that the Receiver satisfied the requirements of 28 U.S.C. § 754.  *See* Appdx. at 8.

However, Hunton & Williams declined to produce any records for the following Stanford entities: Stanford International Bank, Ltd. (Antigua); Stanford Trust Company Administradora de Fondos y Fideicomisos, S.A. (Ecuador); Stanford Development Company Limited (Grenada); Stanford Development Company Limited (Antigua); and Stanford International Bank (Panama) S.A.  *See* Appdx. at 8-9.

Hunton & Williams has concluded that this Court, and thus the Receiver, "may lack jurisdiction" over the property of non-U.S. Stanford entities.  Appdx. at 8.  In particular, Hunton & Williams asserts that it is unaware of facts demonstrating that these entities have had the minimum contacts sufficient to support jurisdiction under the *International Shoe* line of cases.  Appdx. at 8-9; s*ee International Shoe v. Washington*, 326 U.S. 310 (1945).

**C. Hunton & Williams is producing other materials requested by the Receiver.**

On March 18th the parties conferred and the Receiver expressed the intent to seek a further Court Order regarding the disputed files.  In the meantime, Hunton & Williams is in the process of producing to the Receiver other Stanford files not in dispute, including the non-privileged parts of files related to its representation of R. Allen Stanford personally, and all files and invoices for other Stanford entities..

## II. ARGUMENT & AUTHORITIES

The Court's jurisdiction over, and the Receiver's right to possession of, Receivership property located in any district where the Complaint and Order appointing him are filed is clear and unqualified:

> § 754 Receivers of property in different districts
>
> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, **be vested with complete jurisdiction and control of all such property with the right to take possession thereof**.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754; *see Inland Empire Ins. Co. v. Freed*, 239 F.2d 289, 293 (10th Cir. 1956) ("As we have seen, federal law has made adequate provision for the acquisition and complete jurisdiction and control over the property of the Company wherever and in whatever district it may be located."); *Guy v. Citizens Fid. Bank & Trust Co.*, 429 F.2d 828, 833 (6th Cir. 1970) ("Although formerly a District Court could not appoint a receiver for property located outside the judicial circuit in which it was located, 28 U.S.C. § 754 clearly authorizes such an appointment.").

The SEC's Complaint and Amended Complaint contained allegations of venue and jurisdiction. Amended Complt. (Doc. 48) at 3-4, ¶¶8-11. This Court expressly found that it possessed jurisdiction over the subject matter of this action, Defendants, and the Receivership

Estate. TRO (Doc. 8) ¶1; Amended Order Appt. Rec. (Doc. 157) ¶1. This Court's Order divests other courts of any jurisdiction over the Receivership Estate:

> **Section 754 of Title 28 gives the appointing court and the receiver exclusive jurisdiction and control over all of defendant's property in whatever district it may be situated**, provided that the receiver files copies of the complaint and his or her order of appointment in each district in which property is located. Among other things, this means that state or federal courts located in other districts may not exercise any control over defendant's property within their territorial jurisdiction or over the receiver, that they have no power to grant leave to sue the receiver, and that the rights of creditors to the property under the control of the receiver are fixed as of the moment of his or her appointment. . . . In other words, **all right to the property in question must be adjusted by the appointing court for as long as it has jurisdiction, which is until the receivership is terminated**. Section 1692 of the Judicial Code helps to effectuate the appointing court's exclusive jurisdiction by providing that when a receiver is given responsibility for property situated in different districts, "process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts."

Wright, Miller & Marcus, Fed. Prac. & Proc. at 44 § 2985 (1997). This proposition is so well established that the Receiver has been unable to find even one reported case in which a party refused to acknowledge the Receiver's right to possession of property located within a district where the section 754 notice had been filed.

The Receiver's right to possess and control all Receivership property is absolutely necessary if he is to satisfy his duty under the Order to "[p]erform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate." Doc. 157 at 5, ¶5(g). Of particular concern is the fact that Hunton & Williams retains possession of files belonging to Stanford International Bank Ltd., one of the named defendants in this action. The Bank is the entity alleged to have sold more than $1 billion per year in fraudulent "certificates of deposit" to investors in the

United States from 2005 to 2008. Amended Complt. (Doc. 48) at 5-7, ¶¶18-30. The Receiver believes that information regarding valuable assets belonging to the Bank and other offshore Stanford entities may be found in the files retained by Hunton & Williams.

### III. Prayer

For these reasons, Ralph S. Janvey, Receiver, respectfully moves the Court for an order compelling Carlos Loumiet and Hunton & Williams LLP to deliver to the Receiver all files and billing records related to services rendered on behalf of Stanford-related entities organized outside the United States. The Receiver also seeks any other relief to which he is entitled.

**Dated: March 24, 2009**

Respectfully submitted,

**BAKER BOTTS L.L.P.**


By:  /s/ Kevin M. Sadler
    Kevin M. Sadler, Lead Attorney
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    1500 San Jacinto Center
    98 San Jacinto Blvd.
    Austin, Texas 78701-4078
    Tel: 512.322.2500
    Fax: 512.322.2501

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Suite 600
    Dallas, Texas 75201-2980
    Tel: 214.953.6500
    Fax: 214.953.6503

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

**CERTIFICATE OF CONFERENCE**

On March 18, 2009, counsel for the Receiver Ralph S. Janvey, conferred with counsel for Hunton & Williams. Counsel for Hunton & Williams has not agreed to the relief requested herein. Consequently, this motion is opposed.

    /s/ Kevin M. Sadler
    Kevin M. Sadler

**CERTIFICATE OF SERVICE**

On March 24, 2009, I electronically submitted the foregoing motion, the brief in support of the motion, the appendix, and the proposed order with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    /s/ Kevin M. Sadler
    Kevin M. Sadler