# Exhibit A

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS,
### DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § <br> § <br> Plaintiff, § <br> § <br> v. § Case No.: 3-09CV0298-N <br> § <br> STANFORD INTERNATIONAL BANK, LTD., § <br> ET AL., § <br> § <br> Defendants. § | |

## PROCEDURES FOR APPLYING
## FOR REVIEW AND POTENTIAL RELEASE OF ACCOUNTS

**TO ALL PERSONS OR ENTITIES WITH ACCOUNTS LOCATED AT PERSHING LLC OR J.P. MORGAN CLEARING CORP. FROZEN BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION AND NOT PREVIOUSLY RELEASED. THIS NOTICE PROVIDES INFORMATION REGARDING THE PROCEDURES YOU SHOULD FOLLOW TO HAVE YOUR ACCOUNT REVIEWED AND POTENTIALLY RELEASED BY THE RECEIVER APPOINTED IN THE ABOVE-CAPTIONED CASE. PLEASE READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE QUESTIONS.**

## PURPOSE OF PROCEDURES

On February 16, 2009, the United States District Court for the Northern District of Texas, Dallas Division (the "Court") signed a temporary restraining order ("TRO") that, among other things, temporarily enjoined the Defendants from committing certain violations of law. The order containing the TRO also contained an Order Freezing Assets and Order Requiring Preservation of Documents ("Freeze Order"). The Freeze Order contained certain provisions including:

- provisions that freeze the assets of the Receivership Estate and prohibit the destruction of records,
- a provision that enjoins any financial or depository entities that hold one or more accounts in the name, on behalf or for the benefit of the Defendants or subsequently added relief defendants from engaging in any transaction in securities or any disbursement of funds or securities pending further instructions of the Receiver, and
- a provision that enjoins all other entities and individuals from disbursing any funds, securities or other property obtained from the Defendants or subsequently added relief defendants without adequate consideration.  (See the TRO and Freeze Order at the Receiver's website).

On March 2 and March 12, 2009, the Court entered preliminary injunctions against the Defendants to the same effect as the TRO.  (See the preliminary injunctions at the Receiver's website.)

In separate orders dated March 5, 2009 and March 12, 2009 (the "Release Orders") (see the Receiver's statement on the Release Orders at the Receiver's website), the Court released the great majority of customer brokerage accounts.  As a result, more than 28,500 customer accounts have now been released.  Account holders whose accounts were released by the Release Orders can transfer their previously frozen assets by following the procedures posted on the Receiver's website.  **Account holders whose accounts have been released under the Release Orders do not need to follow the procedures contained in this notice.**

## ACCOUNTS ELIGIBLE TO APPLY FOR REVIEW AND POTENTIAL RELEASE

The Receiver has identified approximately 4,000 remaining accounts that are still subject to the Freeze Order pending further investigation.  These accounts can be separated into the following two categories:

(1) **Category 1 Accounts**: Accounts that the Receiver has determined through his investigation may contain proceeds from allegedly fraudulent products or activities or are related to such accounts; and

(2) **Category 2 Accounts**: Accounts of Defendants or entities owned by an individual Defendant or by any person who, based on records available to the Receiver, had any of the following relationships to any Defendant or to any entity owned or controlled by the Defendants: shareholder, member of the board of directors, member of senior management (as determined by the Receiver in his sole discretion) or registered representative or financial advisor who earned commissions or fees based on certificates of deposit or owed loans to Stanford Group Company.

If you are an account holder in either of those two categories of accounts not released under the Release Orders, **you are now eligible to submit an Application for Review and Potential Release of Accounts** to the Receiver in accordance with the instructions provided in this notice. Following such application, the Receiver will review the information (and, if required, documentation that you submit in support) and consider releasing your account. Your cooperation in providing the Receiver with information will assist the Receiver in expediting the identification of accounts eligible for release from the Freeze Order.

## COMPLIANCE REQUIRED FOR RELEASE OF ACCOUNT

If you are a customer with a Stanford Group Company account held at Pershing or JP Morgan that remains frozen following the Court's entry of the Release Orders, the Receiver will undertake a review of your request to have your account(s) released and made available for transfer, provided that you follow the procedures contained in this notice. Failure to completely follow the procedures contained in this notice will delay or prevent your frozen account from being released from the Freeze Order and your account assets being made available for transfer to an accessible account.

## COMPLIANCE NO GUARANTEE OF RELEASE OF ACCOUNT

Compliance with the procedures contained in this notice **will not guarantee** that your account will be released from the Freeze Order so that you can transfer your assets to an accessible account. Based on the information you provide (and, for certain account holders, documentation in support of your information) in accordance with the instructions contained in this notice, and other information available to him, the Receiver will take one of four courses of action:

(1) Release your account from the Freeze Order and notify you that you may, by following procedures posted on the Receiver's website, transfer your account assets to another brokerage firm where you will have access to your assets;

(2) Notify you that your account cannot be released from the Freeze Order and your account assets cannot be made available for transfer to an accessible account;

(3) Notify you that you need to provide additional information or documentation before the Receiver can determine whether your account can be released from the Freeze Order and your assets can be made available for transfer to an accessible account; or

(4) Engage in negotiations with you and seek to compromise and settle with you on such terms as the Receiver in his sole discretion deems are in the best interest of the Receivership Estate.

## APPLICATION PROCEDURES

To have the Receiver review and consider releasing an account that was not eligible for release under the Release Orders, you **must** provide the Receiver with, at a minimum, the following information (regardless of whether your account falls under Account Category 1 or Account Category 2):

(a) Your name;

(b) Your current contact address and citizenship;

(c) Your current phone number;

(d) Your current email address (if you have one);

(e) Social Security number, tax identification number, or national identification number;

(f) The name and office of your broker at Stanford;

(g) For each Stanford account you have held past or present (including any account with Stanford Group Company; Stanford International Bank, Ltd. ("SIBL"); Stanford Capital Management; Stanford Trust Company; Stanford Coins & Bullion; Stanford Family Office; or other Stanford entity), your account number(s), the current market value of the account (as of the most recent account statement), and an account description.

In addition to providing the information that all applicants must provide, if you are a **Category 1 Account** applicant, you must provide answers to the following questions and, if available, provide documentation to support your answers:

(a) Have you ever owned a certificate of deposit issued by SIBL?;

(b) Have you ever received a redemption of all or a portion of the principal on a certificate of deposit issued by SIBL, and if so, when, how much, and what did you do with those funds?;

(c) Have you ever received a payment of interest or roll-over of interest to principal on any certificate of deposit issued by SIBL, and if so, when, how much, and

    what did you do with the funds? If you transferred to another account, provide account details; and

  (d) Aside from a transfer to purchase or sell a CD, have you ever transferred funds to or received funds from SIBL, and if so, when, how much, and for what purpose?

In addition to providing the information that all applicants must provide, if you are a **Category 2 Account** applicant, you must provide a statement explaining either (1) why you think you should not be classified as a person who had any of the relationships to the Defendants or entities controlled by them as set forth in Category 2 above or (2) even if you were a person with such a relationship, why you think the Receiver should not view you as an account holder who has participated in or benefited from fraudulent activities, and **in either case** provide the Receiver with information and documentation supporting your explanation.

The information that you submit must be true, complete, and accurate in all respects, and will be subject to 28 U.S.C. § 1746 [provide hyperlink to the statute]. By filing your application, you will also be submitting to the exclusive jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division, irrevocably waiving any right you have to claim that the Court does not have jurisdiction over the matters relating to your account(s), and signify that you understand and agree that if the Receiver releases any funds and/or assets in your account(s) in reliance on the information and documentation you provided, and it is subsequently determined that (1) you have participated, or any entity you control has participated, in a fraud with any of the Defendants in the above-captioned case, or any of their associates or any other person(s) in active participation with them (the "Covered Stanford Group"), or (2) you have received (knowingly or unknowingly) any assets and/or funds resulting from fraudulent activities

or products in the above-captioned case, you will cause the immediate return of such funds and/or assets promptly to the Receiver.

For your convenience, the Receiver has provided an online Application for Review and Potential Release of Accounts for you to fill out here [hyperlink to application on the website]. **Unless you are specifically asked to do so by the Receiver, you should submit nothing more than a completely filled-out online application**. If the Receiver subsequently advises you, based on the information you provide in the online application, that the Receiver needs supporting documentation, you should gather your documents and submit them to the Receiver either by mail (at the address provided below) or through the Receiver's website.

## PROCEDURES AFTER APPLICATIONS SUBMITTED

Once you have provided the Receiver with the Application for Review and Potential Release of Accounts that contains all the required information, the Receiver will, within a reasonable time, review your application. Upon review of your application, the Receiver will notify you of his determination regarding your account. If the Receiver determines that your account can be released from the Freeze Order, he will release your account and notify you of his determination, and you then will be able to transfer the assets and/or funds in your account to another broker where you will be able to access them. If the Receiver determines that your account cannot be released, he will notify you of his determination, and your account will remain subject to the Freeze Order. The Receiver may determine that he requires additional information or documentation before he can decide whether to release your account, in which case he will notify you and request the additional information or documentation. Finally, the Receiver may seek to negotiate with you a compromise and settlement of your application for release of

account in a manner in which, in his sole discretion, he deems fair and equitable and in the best interest of the Receivership Estate.

For accounts that the Receiver determines should not be released, within a reasonable time after a sufficient number of such accounts are identified, the Receiver will propose for the Court's consideration a non-binding dispute-resolution process for account holders who wish to submit the dispute over their accounts to such a process. For claims not resolved through settlement or mediation, the Receiver will seek a status conference with the Court and will submit a proposed course of action for adjudicating any unresolved claims at least ten days before such status conference occurs.

## WARNING

Filing an Application for Review and Potential Release of Accounts is voluntary. You are not required to submit anything to the Receiver; however, **if you do not complete an application and follow all the procedures described in this notice, your account will not be eligible for release at this time and will remain frozen** unless and until the Receiver is able to determine that your account is eligible for release. By court order, the Receiver is obligated to provide the Securities and Exchange Commission and other governmental agencies with all information and documentation they may seek in connection with their regulatory or investigatory activities. **Consequently, if you complete an Application for Review and Potential Release of Accounts, the information you provide will be made available to the SEC, the Court, and possibly other U.S. governmental agencies (excluding the IRS and foreign equivalents, if the Receiver is able to withhold such information upon request)**. Any information you provide to the Receiver will be deemed to be provided not only to the Receiver but also to the Court and the SEC. If you submit an Application for Review and

Potential Release of Accounts, the Receiver (and the Court) will rely on the information and documentation you provide.  **Consequently, you must be truthful and complete in your responses.**  The information you submit may be cross-checked by the Receiver based on information obtained in his investigation.

If the Receiver files with the Court information you submit in a manner in which it might be accessible by the public, your personal identifying information (e.g., social security number or tax identification number) and personal contact information (name, phone number(s), email address(es), and physical address(es)) will be redacted and not accessible to the public.

## WHERE TO SUBMIT YOUR APPLICATION

You may submit your Application for Review and Potential Release of Accounts **either** by using the web-based application form on the Receiver's website (www.stanfordfinancialreceivership.com) **or** by submitting a hard copy to the following address:

    Ralph S. Janvey, Receiver
    c/o _____
    _____
    _____

**Do not submit more than one application per account**.