IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD.; STANFORD GROUP COMPANY; STANFORD CAPITAL MANAGEMENT, LLC; R. ALLEN STANFORD; JAMES M. DAVIS; and LAURA PENDERGEST-HOLT, | § § § § § § § § | |
| Defendants. | § § | |

_____

### RESPONSE OF HUNTON & WILLIAMS LLP IN OPPOSITION TO RECEIVER'S MOTION TO COMPEL
_____

HUNTON & WILLIAMS LLP
Edward F. Fernandes
Texas Bar No. 06932700
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 542-5000
Facsimile: (512) 542-5049
efernandes@hunton.com

Charles A. Gall
Texas Bar No. 07281500
1445 Ross Avenue
Dallas, Texas 75202-2799
Telephone: (214) 468-3325
Facsimile: (214) 468-3599
cgall@hunton.com

Robert M. Rolfe
Admission *pro hac vice* pending
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8466
Facsimile: (804) 788-8218
rrolfe@hunton.com

ATTORNEYS FOR CARLOS LOUMIET
AND HUNTON & WILLIAMS LLP

Hunton & Williams LLP and its partner Carlos Loumiet (together, "H&W") formerly represented certain foreign entities allegedly owned by R. Allen Stanford ("the Non-US Stanford Entities"). H&W owes its former clients a duty to preserve their confidences. *See, e.g.,* Rule 1.6 Model Rules of Professional Conduct; *see also Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 369-70 (5th Cir. 1998) (discussing duty generally), *cert. denied* 525 U.S. 1068 (1999); *U.S. v. Trafficante*, 328 F.2d 117, 120 n.4 (5th Cir. 1964) (duty to preserve client confidences does not end when lawyer-client relationship terminates). The firm is producing to the Receiver files related to H&W representations of Stanford individually and U.S-based Stanford related entities. But the Receiver has made no showing that it or this Court has jurisdiction over the Non-US Stanford Entities. The Receiver, nevertheless, purports to step into the shoes of the Non-US Stanford Entities and demands that H&W give the Receiver all files related to H&W's representation of these foreign entities. In fact, some of those foreign entities are subject to receiverships appointed by their home countries.

Bound by its professional responsibilities to its former clients and facing the possibility of competing demands by other receivers, H&W asks this Court to deny the Receiver's motion to compel.

## I. FACTUAL BACKGROUND

**A.    H&W has agreed to provide the Receiver all files related to U.S. Stanford entities and all non-privileged files relating to Stanford individually.**

H&W has formerly represented Stanford individually and several entities related to Stanford. The Receiver's February 24, 2009 letter asked for all original files related to H&W's representation of "Stanford related entities and/or officers, directors, agents, and employees in the past." 2/24/09 Ltr., Appdx. to MTC at 1-2. In response, H&W advised that it had preserved all such files. 3/17/09 Ltr., Appdx. to MTC at 3. H&W also agreed that it would provide the Receiver (i) requested financial information, (ii) all of H&W's files relating to Stanford-related

entities organized in the United States, and (iii) all non-privileged files relating to H&W's representation of Stanford individually. 3/17/09 Ltr., Appdx. to MTC at 5. H&W has already produced many of these files to the Receiver.

**B.     H&W has not transferred files relating to the Non-U.S. Stanford Entities, some of which are subject to competing receiverships in their own countries.**

H&W has not agreed to produce its files related to representation of the following entities: Stanford International Bank, Ltd. (Antigua) ("SIB"); Stanford Trust Company Administradora de Fondos y Fideicomisos, S.A. (Ecuador); Stanford Development Company (Grenada) Limited; Stanford Development Company Limited (Antigua); and Stanford International Bank (Panama) S.A. (collectively, the "Non-U.S. Stanford Entities"). 3/17/09 Ltr., Appdx. to MTC at 5, 8-9. Upon information and belief, each of these entities is organized outside of the United States. H&W does not know the nature and extent of these entities' contacts with the United States, if any. H&W does know, however, that in 2003, the United States District Court for the Southern District of Florida held that SIB was not subject to *in personam* jurisdiction there. 7/9/03 Order, Appdx. at 2.

Based on news reports, H&W believes that receivers have been appointed for SIB and some or all of the other Non-U.S. Stanford Entities by the countries under which those entities are organized. Par. 4 of 3/2/09 Article, Appdx. at 5. H&W's March 17 letter promised to comply with any written requests by such foreign receivers to give the US Receiver any H&W files relating to entities under the foreign receivers' jurisdiction. 3/17/09 Ltr., Appdx. to MTC at 9. To date, H&W has received no such request.

By letters dated March 31, 2009 to each of the Antiguan, Ecuadorian and Panamanian receivers, H&W advised these foreign receivers of the Receiver's pending motion to compel. 3/31/09 Ltrs., Appdx. at 10-15. In response, counsel for the Antiguan receivers for SIB and

Stanford Trust Company Limited ("STC")[1] requested copies of H&W's files relating to SIB and STC, claiming that the Antiguan receivers are the appropriate party to instruct H&W with respect to files H&W holds for these entities. *See* 4/2/09 Ltr., Appdx. at 16. The Ecuadorian receiver has contacted H&W by telephone, but as of this filing has not substantively responded to H&W's letter. H&W has received no response from the Panamanian receiver.

## II.  ARGUMENT

**A.    The Receiver Bears The Burden To Prove The Court's Jurisdiction.**

When personal jurisdiction is challenged, the plaintiff, or party asserting jurisdiction, in an action bears the burden of establishing the court's jurisdiction. *Quick Technologies, Inc. v. The Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2003); *see also Staton v. Indiana Adult Protective Services*, 2009 WL 811453 *2 (D. Ariz.) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."). As discussed below, the Supreme Court has held that *in rem* jurisdiction must meet the minimum contacts and fairness tests required for establishing personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 212 (1977); *see also Standard Tallow Corp. v. Jowdy*, 459 A.2d 503, 50-51 (Conn. 1983) (holding that trial court correctly placed the burden of proving minimum contacts sufficient to establish jurisdiction under *Shaffer* on plaintiff as the party alleging *quasi in rem* jurisdiction). Thus, the SEC and the Receiver bear the burden of establishing here that such tests have been met for each of the Non-U.S. Stanford Entities.

Where no evidentiary hearing is held, the plaintiff must make a *prima facie* showing of facts that, if true, would establish personal jurisdiction. *Quick Technologies*, 313 F.3d at 343-44. The Plaintiff must do more than make unsupported allegations. Rather, the plaintiff must come forward with some definite evidentiary facts to connect the defendant with the transactions

---

[1] H&W agreed to provide the US Receiver with files for STC because the work H&W performed for this entity was for Stanford Fiduciary Investment Services, which is a branch of STC located and conducting business in Florida. We believe this satisfies the minimum contacts necessary to establish this Court's jurisdiction over these files.

occurring in the forum. *Falik v. Smith*, 884 F. Supp. 862, 865 (S.D.N.Y. 1995) (quotations omitted). In making its determination, the court may consider the contents of the record before the court at the time of the motion challenging jurisdiction, including affidavits. *Quick Technologies*, 313 F.3d at 344.

**B.    The Receiver Must Establish That This Court's Exercise of Jurisdiction Over the Non-US Stanford Entities Meets the *International Shoe* Test.**

Pursuant to 28 U.S.C. § 745, a receiver exercises *in rem* jurisdiction over property of the receivership estate located within any U.S. district in which the receiver has filed the requisite copy of the complaint and order appointing receiver within ten days of entry of the order. *Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295, 300-01 (4th Cir. 2001); *see also* 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 66 ("The court that appoints a receiver exercises *in rem* jurisdiction over the property in the receivership estate."). But this is not enough to establish the Receiver's right to H&W's files belonging to the Non-US Stanford Entities. The Receiver must establish that this Court may exercise jurisdiction over those entities in compliance with the principles of *International Shoe v. Washington*, 326 U.S. 310 (1945).

The Supreme Court declared in *Shaffer v. Heitner*, 433 U.S. 186, 212 (1977), that a court's *in rem* jurisdiction must satisfy the same due process requirements of minimum contacts as is required to exercise *in personam* jurisdiction. As explained in *Shaffer*, an adverse judgment *in rem* directly affects the property owner by divesting him of his rights in property before the court. *Id.* at 206. Accordingly, traditional notions of fair play and substantial justice require that the defendant have sufficient minimum contacts with the forum as described in *International Shoe Co.*, before a court can exercise *in rem* jurisdiction and affect the defendant's rights to his property. *Shaffer*, 433 U.S. at 205-12; *see also id.* at 212 n.39 (expressly overruling prior decisions inconsistent with this standard). The mere presence of a defendant's property within the forum does not establish a sufficient relationship between the property's owner and the forum

to support the exercise of jurisdiction over an unrelated cause of action. *See generally id.* at 205-12; *see also Cable News Networks L.P., L.L.L.P. v. Cnnews.com*, 162 F. Supp.2d 484, 489-91 (E.D. Va. 2001), *aff'd in relevant part*, 56 Fed. Appx. 599 (4th Cir. 2003).[2]

There can be no question that H&W owes professional duties to the Non-US Stanford Entities. Among those, H&W has an ethical obligation to assert and preserve the attorney-client privilege on behalf of the Non-U.S. Stanford Entities unless directed otherwise by those entities. *See*, *e.g.*, *In re Hunt*, 153 B.R. 445, 450 (Bankr. N.D. Tex. 1992). To date, none has so directed H&W. The clients' files belong to the clients. *See*, *e.g.*, *Resolution Trust Corporation v. H----, P.C.*, 128 F.R.D. 647, 649 n.3 (N.D. Texas 1989) ("The files belong to the client and he has the right to direct where they shall be sent.") (citation omitted).

Transferring to the Receiver all original H&W files relating to the Non-U.S. Stanford Entities would alter those entities' rights with respect to their files by divesting the entities of control over privileges applicable to certain documents within the files. *See*, *e.g.*, *Securities and Exchange Commission v. Marker*, 2006 WL 288426, *4 (M.D.N.C.) (holding that a receiver succeeds to the attorney-client privilege of corporate entities in receivership); *Securities and Exchange Commission v. Elfindepan, S.A.*, 169 F. Supp.2d 420, 430-32 (M.D.N.C. 2001) (because authority granted to receiver rendered the receiver the actor most analogous to management of the corporations in receivership, receiver was entitled to control the attorney-client privilege of the companies); *Odmark v. Westside Bancorporation, Inc.*, 636 F. Supp. 552, 555-57 (W.D. Wash. 1986) (FSLIC, as receiver, was exclusive holder of attorney-client privilege between savings and loan in receivership and its former counsel). Indeed, the Receiver seeks to

---

[2] While some courts have held that *Shaffer* requires that all types of *in rem* actions must have the same minimum contacts as required for *in personam* actions, the majority has held that *Shaffer* requires minimum contacts only for "quasi *in rem* II" matters, i.e., where the underlying cause of action is unrelated to the property on which jurisdiction is based, but not for "true *in rem*" or "quasi *in rem* I" matters, i.e., where claims to the property itself are the subject of the underlying controversy. *See Cable News Networks*, 162 F. Supp.2d at 491 n.19 (collecting cases and explaining the differences among the three types of *in rem* jurisdiction). The courts' disagreement has no importance here because the SEC's causes of action do not relate to H&W's files.

divest those entities of all rights to their files, including their expectation of confidentiality for all information relating to the attorney-client relationship, a cornerstone of such relationship. *See* Rule 1.6, Model Rules of Professional Conduct; *Dunn v. Alabama State Univ. Board of Trustees*, 628 So.2d 519 (Ala. 1993) ("The privilege of confidentiality represents one of the cornerstones of the attorney-client relationship."), *overruled on other grounds by Watkins v. Board of Trustees of Alabama State University*, 703 So.2d 335 (Ala. 1997). The Receiver contends that he is now H&W's former client with respect to those files.

Yet the underlying causes of action alleged in the First Amended Complaint (the "Complaint") do not relate to the files and associated privileges and confidences. In fact, except for SIB, none of the Non-U.S. Stanford Entities is even named as a defendant in the Complaint. In short, the Court and the Receiver seek to exercise jurisdiction of the quasi *in rem* type that *Shaffer* and its progeny hold cannot be exercised unless the foreign entities maintain sufficient minimum contacts with the United States.

The Receiver has cited to no case law or statute to the contrary. The only two cases it cites preceded *Shaffer*. Neither case deals with a non-U.S. entity in receivership.[3]

### C.   The Receiver Has Not Established That The Non-US Stanford Entities Have Minimum Contacts With the United States.

"[W]hen a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has

---

[3] Although several post-*Shaffer* decisions have held that courts had jurisdiction to appoint receivers for the in-state assets of a foreign entity, each of those foreign entities maintained its principal place of business, or otherwise conducted business in the forum jurisdiction. *See, e.g., Johnson v. Johnson*, 720 N.W.2d 20 (Neb. 2006) (principal place of business in Nebraska); *Horton v. Hydra Systems International, Inc.*, 547 A.2d 926 (Conn. 1998) (principal place of business in Connecticut); *Saluki Investors v. GP Station Partners*, 1993 WL 229766 (Conn. Super.) (unpublished opinion) (same); *Walczak v. TCK Mechanical, Inc.*, 1990 WL 283725 (Conn. Super.) (unpublished opinion) (same); *see also generally Elfindepan*, 169 F. Supp.2d 420 (non-U.S. companies in receivership maintained offices in North Carolina)(the court's jurisdiction over the foreign defendants was not at issue, so the opinion does not set forth these jurisdictional facts, which can be found in the SEC's First Amended Complaint for Permanent

sufficient minimum contacts with the United States." *Stickel v. Finkelstein (In re Huffy Corp.)*, 358 B.R. 724, 733 (Bankr. S.D. Ohio 2006). Here the Receiver has not established that any of the Non-U.S. Stanford Entities maintains minimum contacts with the United States sufficient to satisfy *Shaffer* and *International Shoe*.

With the exception of SIB, none of the Non-US Stanford Entities is a defendant or is otherwise named in the Complaint. No evidence in the record establishes any facts with respect to those entities.

Although SIB is named as a defendant, the Receiver's motion points to no facts establishing SIB's contacts with the US. To the contrary, H&W is aware that the United States District Court for the Southern District of Florida, Miami Division, held in 2003 that it lacked personal jurisdiction over SIB. *See* 7/9/03 Order, Appdx. at 2. In support of its motion to dismiss for lack of personal jurisdiction in that case, SIB submitted a Declaration of Franciscus P. Vingerhoedt, then the President and Chief Executive Officer of SIB, who declared that: (1) SIB did not and never had operated, conducted, engaged in, or carried on any business or business venture in the United States; (2) was not licensed, registered or otherwise qualified to do business in the United States; (3) did not and never had an office, branch, address or telephone number in the United States; (4) did not own property or real estate in the United States; (5) was not required to pay taxes in the United States; and (6) did not have a registered agent for service of process in the United States, except as required by the USA Patriot Act. *See* Pars. 14-24 of Vingerhoedt Declaration, Appdx. at 35.

### III. CONCLUSION

H&W has cooperated as fully as possible with the Receiver's request for files, subject to H&W's professional obligations. But H&W can go no further without either (i) instructions

---

Injunction and Other Relief (the "*Elfindepan* Complaint"), a copy of which is included in H&W's Appendix, at 25-26). *Shaffer* and *International Shoe* were therefore satisfied.

from the Non-US Entities to turn over the files or (ii) the Receiver's proof that this Court has jurisdiction over those entities and that the Receiver in fact and in law steps into their shoes. Otherwise, transferring the Non-US Stanford Entities' files to the Receiver would compromise the confidences and privileges of H&W's former clients.

Accordingly, H&W asks that this Court deny the Receiver's Motion to Compel.


**Dated: April 3, 2009**

      Respectfully submitted,

      **HUNTON & WILLIAMS LLP**

      By  s/ *Edward F. Fernandes*
          Edward F. Fernandes
          Texas Bar No. 06932700
          111 Congress Avenue, Suite 1800
          Austin, Texas 78701
          Telephone: (512) 542-5000
          Facsimile: (512) 542-5049
          efernandes@hunton.com

          Charles A. Gall
          Texas Bar No. 07281500
          1445 Ross Avenue
          Dallas, Texas 75202-2799
          Telephone: (214) 468-3325
          Facsimile: (214) 468-3599
          cgall@hunton.com

          Robert M. Rolfe
          Admission *pro hac vice* pending
          Hunton & Williams LLP
          Riverfront Plaza, East Tower
          951 East Byrd Street
          Richmond, Virginia 23219
          Telephone: (804) 788-8466
          Facsimile: (804) 788-8218
          rrolfe@hunton.com

      ATTORNEYS FOR CARLOS LOUMIET AND
      HUNTON & WILLIAMS LLP

## **CERTIFICATE OF SERVICE**

On April 3, 2009, I electronically submitted the foregoing Response of Hunton & Williams LLP in Opposition to Receiver's Motion to Compel and the appendix thereto with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system for the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Edward F. Fernandes*
Edward F. Fernandes
