IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 03-09CV0298-L |
| **STANFORD INTERNATIONAL BANK, LTD.,** *et al.* | § § § | |
| Defendants. | § § § | |

### LIQUIDATORS' NOTICE OF PARTIAL OPPOSITION TO THE U.S. RECEIVER'S MOTION TO COMPEL

Messrs. Nigel Hamilton-Smith and Peter Wastell (collectively, "Liquidators"), acting as the duly-appointed liquidators of defendant Stanford International Bank, Ltd. ("SIB"),[1] respectfully provide notice to the Court that they oppose the U.S. Receiver's request, first made in a reply brief filed on April 17, 2009, to enjoin Hunton & Williams LLP ("Hunton") "from providing any information … to … any receiver or liquidator appointed by a foreign court." *See* Receiver's Reply to Response of Hunton & Williams LLP in Opposition to Receiver's Motion to Compel at 11 ("Reply Brief") (Dkt. # 315). Liquidators do not oppose the U.S. Receiver's motion *per se*, but the Reply Brief's request for an injunction is unnecessary, improperly presented, and substantially prejudices Liquidators' legitimate (and court-determined) interests.

---

[1] Liquidators filed a petition for recognition pursuant to chapter 15 of the U.S. Bankruptcy Code on April 20, 2009. While that petition has not yet been granted, Liquidators are compelled to file this Notice by the U.S. Receiver's recent request.

## I. ARGUMENT

### A. THE REQUESTED RELIEF IS IMPROPER AND WOULD SUBSTANTIALLY PREJUDICE LIQUIDATORS

In improperly using a reply brief to expand his motion to compel into a request for an injunction,[2] the U.S. Receiver continues his effort to seize control of this multinational insolvency proceeding without affording this Court (or any other U.S. court) an opportunity to properly consider all of the relevant issues.  <u>First</u>, the U.S. Receiver sought to be appointed liquidator of SIB in Antigua.  <u>Second</u>, the U.S. Receiver obtained an order from this Court that purports to preclude Liquidators from gaining recognition pursuant to chapter 15 of the U.S. Bankruptcy Code, thereby ostensibly barring Liquidators from being recognized in the United States.[3]  *See Iida v. Kitahara (In re Iida)*, 377 B.R. 243, 257 n.21 (B.A.P. 9th Cir. 2007) ("chapter 15 is intended to be the exclusive door to ancillary assistance to foreign proceedings"); *In re Loy*, 380 B.R. 154, 165 (Bankr. E.D. Va. 2007) ("Therefore this Court holds that Chapter 15 recognition is required before a foreign representative seeks to enlist the comity or cooperation of a court in the United States.").  <u>Third</u>, the U.S. Receiver now argues that the Court should grant the motion to compel because "[t]he foreign receiverships have not been recognized in the United States and none of the foreign receivers have made an appearance in this case." Reply Brief at 3 n.1.  Of course, the Amended Receivership Order obtained by the U.S. Receiver purports to specifically bar the recognition he mentions.

---

[2] The Court need not consider a request first made in a reply brief.  *See, e.g., CHM Indus., Inc. v. Structural & Steel Prods., Inc.*, No. 4:08-CV-454-Y, 2008 WL 4693385, at *4 (N.D. Tex. Oct. 24, 2008) (denying preliminary injunction because, among other things, "this Court generally refuses to consider arguments raised for the first time in a reply brief"); *see also United States ex rel. Becker v. Tools & Metals, Inc.*, C.A. Nos. 3:05-CV-0627-L, 3:05-CV-2301-L, 2009 WL 577604, at *3 (N.D. Tex. Mar. 9, 2009) (refusing to consider new arguments raised in a reply brief).

[3] For the reasons discussed in their Notice of Filing of Petition for Recognition Pursuant to Chapter 15 of the U.S. Bankruptcy Code ("<u>Liquidators' Notice</u>") (Dkt. # 328), and Motion to Amend, Modify or Vacate Certain Portions of the Court's Amended Receivership Order and Brief in Support (Dkt. #329), Liquidators believe that the provision enjoining the filing of a chapter 15 petition is void and unenforceable.

The relief the U.S. Receiver requests is in essence a gag order. He asks this Court not only to address the records at issue in the motion to compel, but also "to enjoin [Hunton] from providing <u>any</u> information regarding <u>any</u> Stanford entities to <u>any</u> third party, including <u>any</u> receiver or liquidator appointed by a foreign court." Reply Brief at 11 (emphasis added). The U.S. Receiver has provided this Court with neither authority nor reason for granting such extraordinary relief in the guise of ruling on a motion to compel. Granting that relief would substantially prejudice Liquidators, who are required by the High Court of Antigua to "take possession of, gather in and realise all the present and future assets and property of the Bank …." *See* Order entered April 17, 2009, attached to Liquidators' Notice (Dkt. # 328), App. at 3. Further, Liquidators do not object to the U.S. Receiver taking possession of the original documents provided that Liquidators receive complete and accurate copies; but being enjoined from accessing any information that Hunton can provide will make it extremely difficult for Liquidators to fulfill their duties and will likely diminish the ultimate recovery of Stanford assets.

**B.     THE COURT SHOULD DEFER RULING ON THE MOTION UNTIL LIQUIDATORS' CHAPTER 15 PETITION IS RESOLVED OR, IN THE ALTERNATIVE, REQUIRE THAT HUNTON TURN OVER THE DOCUMENTS TO THE LIQUIDATORS AT THE SAME TIME HUNTON PROVIDES THE DOCUMENTS TO THE U.S. RECEIVER**

Liquidators believe that the injunction sought by the U.S. Receiver regarding information sharing with foreign representatives is improper, unwarranted, unnecessary, and should be denied outright. At the very least, however, the Court should defer ruling on the request until Liquidators' chapter 15 petition is resolved and they are recognized by this Court. The U.S. Receiver will not be prejudiced by the short delay.

In the alternative, Liquidators request that the Court order Hunton to provide a copy of the documents to Liquidators at the same time it provides the documents to the U.S. Receiver.

Counsel for Liquidators has conferred with counsel for the U.S. Receiver and for Hunton; Hunton does not oppose this request but the U.S. Receiver does oppose it. Although Liquidators have not yet been formally recognized by this Court as provided by chapter 15, requiring Hunton to provide a copy of the documents to Liquidators would aid Liquidators in performing their obligations under the Antiguan court order and would not prejudice either the U.S. Receiver or Hunton.

Dated: April 22, 2009.                                  Respectfully submitted,

   /s/ Weston C. Loegering
Weston C. Loegering
State Bar No. 12481550
Gregory M. Gordon
State Bar No. 08435300
Craig F. Simon
State Bar No. 00784968
Greg Weselka
State Bar No. 00788644
Daniel P. Winikka
State Bar No. 00794873
JONES DAY
2727 N. Harwood St.
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Attorneys for Nigel Hamilton-Smith and
Peter Wastell as Liquidators of Stanford
International Bank, Ltd.

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  /s/ Evan P. Singer

DLI-6248638v3