IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | § § § | Case No. 3:09-cv-0298-N |
| Plaintiff, | § § | |
| v. | § § | |
| Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, R. Allen Stanford, James M. Davis And Laura Pendergest-Holt, | § § § § § § | |
| Defendants. | § § | |

### STANFORD CONDOMINIUM OWNERS ASSOCIATION'S
### MOTION FOR LEAVE TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Stanford Condominium Owners Association ("SCOA"), by and through the undersigned attorneys, and files this its Motion for Leave to Intervene (the "Motion") and state in support thereof as follows:

**I.      INTRODUCTION**

SCOA has several claims for injury to real property against a company called Stanford Development Corporation ("SDC"). These claims were outlined in a July 17, 2007 lawsuit against SDC (the "2007 Lawsuit") in the 333rd Judicial District Court of Harris County, Texas. The 2007 Lawsuit was then stayed pending arbitration. SCOA's current claims against SDC are fully set forth in its Demand for Arbitration against SDC dated February 25, 2009 (the "Arbitration"), a true and correct copy of which is attached hereto as Exhibit A.

On February 16, 2009, this Court entered an order restraining and enjoining any claimant from prosecuting a claim against the defendants in this suit (the "Defendants") "and all entities they own or control." Order Appointing Receiver (the "Receivership Order") (Doc. No. 10) ¶¶ 1, 7.

Despite SCOA's best efforts, it is currently unknown whether SDC is "owned or controlled" by one or more of Defendants, which would make SDC and its assets part of the property held by the Receiver in this suit (the "Receivership Assets") and subject to this Court's exclusive jurisdiction. Counsel for SCOA has contacted counsel for SDC to investigate SDC's ownership, but counsel for SDC was unable to determine, or unwilling to disclose, his client's ownership.

Further, counsel for SCOA has contacted counsel for Receiver on more than one occasion to determine whether SDC is an entity that one or more Defendants "own or control." *See* Emails from Counsel for SCOA to Counsel for Receiver, true and correct copies of which are attached hereto as Exhibit B. Counsel for Receiver has not responded advising as to who owns SDC.

Due to the uncertainty relating to SDC's ownership, SCOA cannot continue to prosecute its claims in the pending Arbitration for fear of violating the Receivership Order, but it also cannot take action against SDC in this suit because it is not yet a party. It is essential for SCOA to be able to pursue its claims against SDC so that it can be made whole after the injuries SDC caused it. Accordingly, SCOA asks that this Court to: 1) grant it leave to intervene in this suit to prosecute its claim against SDC; 2) equitably allow SCOA to pursue its claims against SDC in the pending arbitration even though SDC may be part of the Receivership Assets; or 3) rule

that SDC is not under the control of the Receiver so that SCOA may proceed to prosecute its claim against SDC in the pending Arbitration.

## II. ARGUMENT & AUTHORITIES

### A. SCOA Has the Right to Intervene in This Suit.

Under the FEDERAL RULES OF CIVIL PROCEDURE, a court "must" allow a non-party to intervene in an action when the non-party or "intervenor" timely:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). In the Fifth Circuit, non-parties have a right to intervene in an action under RULE 24(a)(2) when the following requirements are met:

1. the non-party timely moves to intervene;

2. the non-party has "an interest relating to the property or transaction which is the subject of the action";

3. "the disposition of the action may, as a practical matter, impair or impede [the non-party's] ability to protect [its] interest"; and

4. the parties currently in the suit do not adequately represent the non-party's interest.

*Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). SCOA's claim against SDC meets every one of these elements.

#### 1. SCOA's Motion is timely.

The timeliness of a motion to intervene in the Fifth Circuit is determined by examining four factors: 1) how long the intervenor knew of its interest in the case before moving to intervene; 2) any prejudice to the parties to the case caused by any delay in intervening once the

intervenor knows of its interest in the case; 3) the prejudice to the intervenor should its motion to intervene be denied; and 4) any "unusual" circumstances affecting the timeliness of the motion to intervene.[1] *Id.* at 1000 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).

The order of this Court preventing any claimant from prosecuting claims against Defendants "and all entities they own or control" was entered on February 16, 2009. Receivership Order (Doc. No. 10) ¶¶ 1, 7. This Motion is filed barely ten weeks after the Receivership Order; further, SCOA's interest in this case—its claims against SDC—was only implicated in February when the Receivership Order was entered. Virtually no delay has occurred at all.

Furthermore, because the Receiver in this case is still investigating Defendants' assets, and given the short time between the Receivership Order and this Motion, no other party would be prejudiced by SCOA's intervention.

Prejudice to SCOA's interest, however, would certainly occur if this Motion were denied. Any claims it has against SDC's assets will be rendered worthless if SCOA is not allowed to intervene and the assets are liquidated and distributed to investors and other claimants.

Finally, there are no "unusual" circumstances that militate one way or another on the question of SCOA's intervention.

## 2. SCOA's claims are an interest relating to the Receivership Assets.

SCOA has an interest that relates to the property that is the subject of this action. The Court's power in this action extends not only to Defendants themselves, but also to "all entities they own or control." Receivership Order (Doc. No. 10) ¶ 1. SCOA has multiple serious claims

---

[1] In *Edwards*, the "unusual" circumstances included the fact that the non-parties had moved to intervene on the last day on which objections could be filed against a proposed consent decree in a Title VII race discrimination case. *Edwards*, 78 F.3d at 1003-04.

against SDC that amount to millions of dollars in damages. Accordingly, if SDC is an entity "owned or controlled" by one or more of Defendants, SCOA's claims directly implicate assets under the exclusive jurisdiction of this Court.

Moreover, non-party creditors—even those with unliquidated claims—have "direct interests" sufficient to intervene in SEC suits to appoint receivers and force defendants to disgorge their profits to investors. *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947-48 (8th Cir. 1983) ("Here, if the District Court orders [the defendant's] frozen assets 'disgorged' to defrauded investors, [intervenor] will be unable to obtain satisfaction of its claim. [Intervenor] has a sufficiently direct interest to support intervention.")

### 3. A disposition of this case would severely impair SCOA's claims against SDC.

If SDC is "owned or controlled" by one or more of Defendants, the disposition of this suit without SCOA would completely void SCOA's ability to protect its interests, the claims against SDC. The SEC brought this action with the object of acquiring Defendants' assets in order to recompense Defendants' investors. *See* SEC's Amended Complaint (Doc. No. 48) at 22. Thus, if SDC is part of the Receivership Assets but there is no proper adjudication of SCOA's claims, a liquidation or distribution of the Assets would leave SCOA without any way to satisfy its claims against SDC.

As the Eight Circuit noted in an SEC action with a receiver, *Flight Transportation Corporation*:

> The SEC's primary goal is to protect the public by preventing further securities violations. The receiver is concerned with marshaling and protecting [the defendant's] assets for the benefit of all concerned parties. While [an intervenor's] interests may not be adverse to those of the SEC or the receiver, they are sufficiently "disparate" to warrant intervention.

*Id.* at 948. Just as in that case, SCOA's interests in this case are not, and cannot be, adequately represented by the SEC or the Receiver.

### 4. SCOA's interest is not adequately represented by the current parties to this suit.

An intervenor's burden to show its interest "may be" insufficiently represented by parties to the suit is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Edwards*, 78 F.3d at 1005. A presumption that an intervenor's interest is adequately represented arises in only two ways: "when the putative representative is a governmental body or officer charged by law with representing the interests of the" intervenor, or when a party to the suit has the "same ultimate objective" as the intervenor. *Edwards*, 78 F.3d at 1005. Neither presumption arises here.

First, since SCOA is not one of Defendants' investors, the SEC's object of protecting investors' interests does not extend to protecting SCOA's interest. Second, SCOA's ultimate objective as to SDC is to obtain damages to recompense it for the extensive injuries to it and its real property. No other party to this action seeks to award such damages to SCOA. Accordingly, there is no presumption that any party adequately represents SCOA's interest in this suit.

Without such a presumption, the standard for intervention of right is whether SCOA has overcome its "minimal" burden to show that its interest "may be" inadequately represented by the current parties. *Id.* at 1005-06. The investors represented by the SEC in this action have their own claims against Defendants and have no interest in ensuring that SCOA's claims are adjudicated properly. In fact, if SDC is part of the Receivership Assets in this case, SCOA's claims are likely wholly adverse to those of Defendants' investors; consequently, SCOA very simply cannot depend on the parties to this suit to adequately represent its interests.

SCOA's case meets all four elements of intervention of right. It should therefore be allowed to intervene in this suit to prosecute its claims against SDC.

## B. Alternatively, SCOA May Permissively Intervene in This Suit.

If this Court rules that SCOA does not have the right to intervene in this suit, SCOA requests in the alternative an order granting it permissive leave to intervene.

RULE 24 allows for timely "permissive" intervention so long the intervenor's claim shares a "common question of law or fact" with the pending suit. FED. R. CIV. P. 24(b)(1)(B). The standard for determining whether a "common question of law or fact" exists is a liberal one. *See Monsanto*, 558 F.2d at 269 (discussing case law on permissive intervention pursuant to an earlier version of RULE 24). Further, "[i]n acting on a request for permissive intervention the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties . . . and whether intervention will unduly delay the proceedings or prejudice existing parties." *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987) (internal citations omitted).

First, this Motion is timely. *See supra* discussion of this Motion's timeliness. Second, common questions of law and fact do exist between this suit and SCOA's claims against SDC: e.g., whether SDC is "owned or controlled" by one or more of Defendants, and the priority, manner, and speed with which Receivership Assets can be liquidated in order to satisfy SCOA's and existing parties' claims. SCOA's interest is not adequately represented by the parties to this suit and is likely wholly adverse to the interests of the parties to this suit. *See supra* discussion of SCOA's claim against SDC. Moreover, given that this receivership proceeding is still in its earliest stages, no undue delay or prejudice can result from allowing SCOA to intervene.

Accordingly, SCOA should be granted leave to permissively intervene to prosecute its claims against SDC in this suit.

### C. Alternatively, SCOA Should Be Able to Prosecute Its Claim against SDC in the Pending Arbitration.

SCOA's claims against SDC are valid and necessary to recompense it for the injuries that SDC caused, and SCOA is ready to pursue them in the proper forum once this Court enters an order allowing it to do so. Therefore, if this Court rules that SCOA cannot intervene in this suit, SCOA requests that this Court enter an order allowing SCOA to continue prosecuting its claims against SDC in the pending Arbitration.

If SDC is a part of the Receivership Assets, an order allowing the pending Arbitration to proceed can be made under general equitable principles and this Court's ancillary equitable jurisdiction as described in Paragraph 7 of the Receivership Order (Doc. No. 10). SCOA hereby requests such an order.

In the alternative, if SDC is not "owned or controlled" by one or more of Defendants, SCOA requests that this Court enter an order allowing SCOA to proceed in its pending Arbitration against SDC independent of this federal court action.

## III. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, SCOA respectfully requests that this Court enter an Order:

    a.    allowing SCOA to intervene in this suit for the purposes described above, or, in the alternative, allowing SCOA to continue prosecuting this claim against SDC in its pending Arbitration; and

    b.    for such other and further relief, in law or equity, as this Court deems just and necessary.

Respectfully submitted,

                              **PORTER & HEDGES, L.L.P.**

                              By: /s/ David D. Peden
                                  **DAVID D. PEDEN**
                                  State Bar No. 15713500
                                  1000 Main Street, 36th Floor
                                  Houston, Texas 77002
                                  (713) 226-6000
                                  (713) 228-1331 FAX
                                  dpeden@porterhedges.com

                              **ATTORNEYS FOR INTERVENOR,
                              STANFORD CONDOMINIUM
                              OWNERS ASSOCIATION**

LOCAL COUNSEL:

**CANTERBURY, STUBER, ELDER,
GOOCH & SURRATT**
W. Kyle Gooch
State Bar No. 8138500
Occidental Tower
5005 LBJ Freeway
Suite 1000
Dallas, Texas 75244
(972) 239-7493
(972) 490-7739 FAX
kgooch@canterburylaw.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with counsel for Receiver regarding this Motion by email and telephone on March 19, 2009, but that counsel for Receiver would not or could not indicate whether Receiver opposes the relief sought by this Motion.

/s/ David D. Peden
David D. Peden

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing document was duly served on all counsel of record electronically through the CM/ECF System on this 29th day of April 2009.

/s/ David D. Peden
David D. Peden