**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3-09-CV0298-L** |
| | § | |
| **STANFORD INTERNATIONAL BANK,** | § | |
| **LTD., STANFORD GROUP COMPANY,** | § | |
| **STANFORD CAPITAL MANAGEMENT,** | § | |
| **LLC, R. ALLEN STANFORD,** | § | **JUDGE: DAVID GODBEY** |
| **JAMES M. DAVIS, and** | § | |
| **LAURA PENDERGEST-HOLT,** | § | |
| | § | |
| **Defendants.** | § | |

## ANSWER OF DEFENDANT LAURA PENDERGEST-HOLT
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Laura Pendergest-Holt ("Holt") hereby answers Plaintiff's First Amended Complaint ("Complaint") filed April 23rd, 2008, by and through his attorney of record, David R. Hall and admits, denies and avers as follows:

### SUMMARY

1.       With regard to the allegations set forth in paragraph 1 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

2.      Answering paragraph 2 of the Complaint, Holt denies each and every allegation of said paragraph. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

3.      With regard to the allegations set forth in paragraph 3 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

4.      With regard to the allegations set forth in paragraph 4 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

5.      With regard to the allegations set forth in paragraph 5 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

6.      With regard to the allegations set forth in paragraph 6 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

7.      With regard to the allegations set forth in paragraph 7 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

8.      Answering paragraph 8 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief, and based on the fact that this paragraph calls for a legal conclusion to which no response is necessary.

9.      Answering paragraph 9 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief, and based on the fact that this paragraph calls for a legal conclusion to which no response is necessary.

10.      Answering paragraph 10 of the Complaint, whether jurisdiction and venue are proper is a legal conclusion to which no response is necessary.

11.      Answering paragraph 11 of the Complaint, Holt denies each and every allegation of said paragraph.

## **DEFENDANTS**

12.     With regard to the allegations set forth in paragraph 12 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

13.     With regard to the allegations set forth in paragraph 13 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

14.     With regard to the allegations set forth in paragraph 14 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

15.     With regard to the allegations set forth in paragraph 15 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

16.     With regard to the allegations set forth in paragraph 16 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

17.     Answering paragraph 17 of the Complaint, Holt admits she is s resident of Baldwyn, Mississippi.  Holt denies each and every allegation based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## <u>STATEMENT OF FACTS</u>

18.     With regard to the allegations set forth in paragraph 18 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

19.     With regard to the allegations set forth in paragraph 19 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient

information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

20.     With regard to the allegations set forth in paragraph 20 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

21.     With regard to the allegations set forth in paragraph 21 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

22.     With regard to the allegations set forth in paragraph 22 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

23.     With regard to the allegations set forth in paragraph 23 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such

allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

24.    With regard to the allegations set forth in paragraph 24 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

25.    With regard to the allegations set forth in paragraph 25 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

26.    With regard to the allegations set forth in paragraph 26 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

27.    With regard to the allegations set forth in paragraph 27 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

28.    With regard to the allegations set forth in paragraph 28 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

29.    With regard to the allegations set forth in paragraph 29 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

30.    With regard to the allegations set forth in paragraph 30 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

31.    With regard to the allegations set forth in paragraph 31 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

32.    With regard to the allegations set forth in paragraph 32 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

33.    Answering paragraph 33 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

34.    With regard to the allegations set forth in paragraph 34 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

35.    With regard to the allegations set forth in paragraph 35 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

36.    With regard to the allegations set forth in paragraph 36 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

37.    With regard to the allegations set forth in paragraph 37 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

38.    Answering paragraph 38 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's

constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

39.    Answering paragraph 39 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

40.    With regard to the allegations set forth in paragraph 40 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

41.    With regard to the allegations set forth in paragraph 41 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

42.    With regard to the allegations set forth in paragraph 42 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

43.    Answering paragraph 43 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

44.    With regard to the allegations set forth in paragraph 44 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

45.    With regard to the allegations set forth in paragraph 45 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

46.    With regard to the allegations set forth in paragraph 46 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

47.    With regard to the allegations set forth in paragraph 47 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

48.    With regard to the allegations set forth in paragraph 48 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

49.    Answering paragraph 49 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

50.    Answering paragraph 50 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

51.     Answering paragraph 51 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

52.     Answering paragraph 52 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

53.     With regard to the allegations set forth in paragraph 53 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

54.     Answering paragraph 54 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

55.     With regard to the allegations set forth in paragraph 55 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

56.    With regard to the allegations set forth in paragraph 56 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

57.    With regard to the allegations set forth in paragraph 57 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

58.    Answering paragraph 58 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

59.    Answering paragraph 59 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

60.     Answering paragraph 60 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

61.     With regard to the allegations set forth in paragraph 61 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

62.     Answering paragraph 62 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

63.     Answering paragraph 63 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

64.     Answering paragraph 64 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

65.    Answering paragraph 65 of the Complaint, Holt denies the allegations based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

66.    With regard to the allegations set forth in paragraph 66 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

67.    With regard to the allegations set forth in paragraph 67 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

68.    With regard to the allegations set forth in paragraph 68 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

69.     With regard to the allegations set forth in paragraph 69 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

70.     With regard to the allegations set forth in paragraph 70 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

71.     With regard to the allegations set forth in paragraph 71 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

72.     With regard to the allegations set forth in paragraph 72 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

73.    With regard to the allegations set forth in paragraph 73 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

74.    With regard to the allegations set forth in paragraph 74 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

75.    With regard to the allegations set forth in paragraph 75 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

76.    With regard to the allegations set forth in paragraph 76 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient

information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

77.    With regard to the allegations set forth in paragraph 77 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

78.    With regard to the allegations set forth in paragraph 78 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

79.    With regard to the allegations set forth in paragraph 79 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

80.    With regard to the allegations set forth in paragraph 80 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such

allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

81.    Answering paragraph 81 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

82.    With regard to the allegations set forth in paragraph 82 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

83.    With regard to the allegations set forth in paragraph 83 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

84.    With regard to the allegations set forth in paragraph 84 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient

information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

85.    With regard to the allegations set forth in paragraph 85 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### Aiding and Abetting Violations of Section 10(b) of the Exchange Act and Rule 10b-5

86.    Answering paragraph 86 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

87.    With regard to the allegations set forth in paragraph 87 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

88.    With regard to the allegations set forth in paragraph 88 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required. To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief. This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act

89.     Answering paragraph 89 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

90.     With regard to the allegations set forth in paragraph 90 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

91.     With regard to the allegations set forth in paragraph 91 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

92.     With regard to the allegations set forth in paragraph 92 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

93.    With regard to the allegations set forth in paragraph 93 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act

94.    Answering paragraph 94 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

95.    With regard to the allegations set forth in paragraph 95 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

96.    With regard to the allegations set forth in paragraph 96 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### Aiding and Abetting Violations of Sections 206(1) and 206(2) of the Advisers Act

97.     Answering paragraph 97 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

98.     With regard to the allegations set forth in paragraph 97 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

99.     With regard to the allegations set forth in paragraph 98 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

100.    With regard to the allegations set forth in paragraph 99 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### Violations of Section 7(d) of the Investment Company Act

101.    Answering paragraph 101 of the Complaint, Holt incorporates by reference her responses to paragraphs 1 through 80 as if fully set forth herein.

102.    With regard to the allegations set forth in paragraph 102 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

103.    With regard to the allegations set forth in paragraph 103 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

104.    With regard to the allegations set forth in paragraph 104 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional

protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

105.    With regard to the allegations set forth in paragraph 105 of the Complaint, such allegations are not directed toward Holt and, therefore, no response is required.  To the extent such allegations were intended to be directed against Holt, they are denied based on a lack of sufficient information and belief.  This response is not to be construed as a waiver of Holt's constitutional protections or privileges, specifically her privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## GENERAL DENIAL

Holt denies all allegations in Plaintiff's Complaint except those which she has specifically admitted above.

## DENIAL OF PRAYER FOR RELIEF

With respect to all paragraphs in which Plaintiff prays for damages, fees or other relief, Holt denies that Plaintiff is so entitled under the law.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Holt denies each and every remaining allegation in the Complaint that was not previously denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every purported cause of action set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of good faith reliance on counsel, in that before taking any action with regard to the allegations in this Complaint, she consulted in good faith an attorney whom she considered competent, made a full and accurate report to her attorney of all material facts of which she had the means of knowledge, and then acted strictly in accordance with the advice given to her by her attorney.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to include a necessary and indispensable party, and thus complete relief cannot be provided.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, are barred because the answering Defendants' disputed conduct was privileged and/or otherwise justified.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and request for relief are barred by, and/limited by, the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation in any state or other applicable jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

Holt reserves the right to add additional affirmative defenses, counterclaims and third-party claims as discovery proceeds in this matter because sufficient facts were not available after reasonable inquiry upon the filing of this answer.

## TWELFTH AFFIRMATIVE DEFENSE

The Court may lack subject matter jurisdiction.

WHEREFORE, having fully answered, Holt prays for judgment as follows:

1.    That Plaintiff take nothing from Holt by reason of the Plaintiff's Complaint;

2.    That the Plaintiff's Complaint be dismissed with prejudice;

3.    That Holt has other and further relief as the Court deems appropriate.

DATED this 30th day of April, 2009.

Respectfully submitted,


/s/ Jeffrey M. Tillotson
Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
John Volney
Texas Bar No. 24003118
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile


Erik A. Christiansen (*pro hac*)
Brent R. Baker (*pro hac*)
**PARSONS BEHLE & LATIMER**
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah  84145-0898
801) 532-1234 Telephone
(801) 536-6111 Facsimile

**ATTORNEY FOR PLAINTIFF
LAURA PENDERGEST-HOLT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of April, 2009, I electronically filed the foregoing

**ANSWER** with the Clerk of Court using the CM/ECF system which sent notification of such

filing to all parties of record.

/s/ Jeffrey M. Tillotson