IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| Stanford International Bank, Ltd. | § | |
| | § | |
| Debtor in a Foreign Proceeding | § | Case No.: 3-09-CV-0721-N |
| | | |
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3-09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

### RECEIVER'S RESPONSE TO THE ANTIGUAN LIQUIDATORS' MOTION TO REFER PETITION FOR RECOGNITION PURSUANT TO CHAPTER 15 OF THE BANKRUPTCY CODE AND RELATED PLEADINGS TO THE BANKRUPTCY COURT

Receiver Janvey opposes the Antiguan Liquidators' motion to refer their Chapter 15 motion to the bankruptcy court. If this Court ultimately decides that the Antiguan Liquidators should be allowed to proceed with their Chapter 15 motion (a threshold issue still pending in Case No. 3-09-CV-0298-N), then this Court should hear and decide the motion. This is the Court that took exclusive possession and control of all assets of SIB, as well of all other Stanford entities, when it instituted the receivership in Case No. 3-09-CV-0298-N and appointed Mr. Janvey receiver. If any court is to decide whether that receivership should now give way to a foreign proceeding, it should be this Court. A number of factors – including judicial economy and efficiency, the avoidance of unnecessary cost and delay, and the need for coordination

consistency of rulings between closely related proceedings – require that result. This Court has knowledge of the relevant facts, in rem jurisdiction over the relevant assets, and in personam jurisdiction over the relevant persons. It would make no sense to leave to another court with no background in the relevant facts the decision of whether this Court's in rem jurisdiction should be surrendered to a foreign court.

## I.      Argument & Authorities

This Court acted well within its discretion in ordering that all proceedings related to *SEC v. Stanford, et al*, Case No. 3-09-CV-0298-N, be filed in this Court. There is no reason for the Court now to alter that order so that the Antiguan Liquidators' may have their Chapter 15 motion decided, in the first instance, by a bankruptcy court.

This Court has original jurisdiction of the Chapter 15 motion, as it does over all bankruptcy cases. 28 U.S.C. § 1334. Further, while this district, like virtually all others, has a standing order referring bankruptcy cases to the bankruptcy court, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred …, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Section 157(d) "provides great discretion to the district court in deciding whether to withdraw the reference of a bankruptcy court proceeding." *In re Garber*, 2000 WL 674749, *2, 221 F.3d 1347 (9th Cir. 2000). "[B]ankruptcy jurisdiction [is] firmly in the hands of the district court." *Browning v. Navarro*, 887 F.2d 553, 560 n. 13 (5th Cir. 1989).

> The cumulative effect of the grant of original jurisdiction to the district court and its right to withdraw the reference in a bankruptcy case or related matter … leaves little doubt that the district court may exercise jurisdiction broadly.

*In re Moody*, 899 F.2d 383, 386 (5th Cir. 1990), *quoting Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

"In determining whether cause exists [for withdrawing the reference], a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[1] *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). As discussed below, all of the factors that apply militate in favor of this Court's keeping all Stanford-related civil proceedings, including those involving matters addressed by the Bankruptcy Code.

A. **It would be most efficient for this Court to retain the Chapter 15 motion because it already has extensive knowledge of the facts surrounding the Stanford businesses and their demise.**

Referring the Antiguan Liquidators' motion to the bankruptcy court would be less efficient and would use up more judicial resources. A bankruptcy judge assigned this matter would have to become familiar with the wealth of background facts that this Court already knows by virtue of its involvement in Case No. 3-09-CV-0298. Most district courts have the policy (sometimes informal but nonetheless observed) of assigning related cases to the same judge in order to promote judicial economy. The wisdom of having a single judge decide related matters is especially apparent when the facts at issue are complicated and extensive, as they are here. *See e.g., Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980) (Even though cases were not, strictly speaking, "companion cases," because they involved "substantially the same evidence," judicial economy was served by assigning them to the same judge.); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 938 (E.D. Va. 2005) (Although multiple cases involving a shipping line were not precisely identical, because of their "complex overlapping nature" and the likelihood that they would "raise similar or identical issues," the

---

[1] The prevention of forum shopping does not appear relevant here and therefore will not be addressed.

court concluded that "judicial economy will be served by having [them] resolved in the same court," before a judge already familiar with the "many twists and turns of this protracted case.").

This Court has lived the Stanford saga for almost three months. It would be most inefficient for this case to be re-assigned to a different court that has had no prior exposure to this highly complicated set of facts.

**B.   A referral to bankruptcy court would unnecessarily add cost and cause delay, because an appeal from a bankruptcy court decision would result in the case returning to this Court.**

Referral of the Antiguan Liquidators' Chapter 15 motion to the bankruptcy court would add cost and cause delay by adding an unnecessary rung to the decisional ladder. If the bankruptcy court decides this matter, then the losing party, whoever that may be, will most likely appeal, which will bring the case back to this Court. *See* 28 U.S.C. § 158. The Court, therefore, should consider the Chapter 15 motion itself in the first instance so that the delay and cost of an additional appeal can be avoided. Unnecessary cost should be avoided so that as much of the Receivership Estate as possible is preserved for distribution to claimants.

**C.   These two clearly intertwined proceedings should be handled by the same court to assure proper coordination and consistency of rulings.**

Both Case No. 3-09-CV-0298 and the Chapter 15 motion should remain before the same Court to facilitate coordination and assure consistency of rulings. The issues in the two matters are inextricably intertwined. These include how the Receivership in Case No. 3-09-CV-0298-N should be conducted, whether the liquidation of assets owned by Stanford International Bank, Limited should be accomplished by the Antiguan Liquidators or by Receiver Janvey, and whether the Antiguan Liquidators should gain control or possession of SIB assets to the exclusion of the Receiver. Only this Court has the ability to consider all issues in a coordinated and consistent manner. If any court is to decide whether the Stanford U.S. Receivership should

stand-down in favor of the Antiguan proceeding, it should be this Court, which instituted the Receivership in the first place and is presently supervising it.

**D. The usual factor favoring referral – bankruptcy court expertise – is not present here because Chapter 15 was only recently enacted.**

The factor that typically favors referral to the bankruptcy court – that court's specialized knowledge and experience in bankruptcy matters – is not present here. Chapter 15 is so new that most bankruptcy judges do not have experience applying it. Indeed, the Receiver has been unable to find a single decision, reported or unreported, by a bankruptcy judge of this district concerning Chapter 15. Therefore, referring the motion to the bankruptcy court would not result in a judge with greater knowledge of the substantive law deciding the matter in the first instance. This Court is as well-suited as a bankruptcy judge to read and apply Chapter 15 and the relevant authorities that construe it.

The Antiguan Liquidators cite a single bankruptcy case, *In re Iida*, 377 B.R. 243, 257 (B.R. App. Pan. 2007), for the proposition that Congress intended for control of Chapter 15 questions to be concentrated in bankruptcy courts. That may be so as a *general* rule. After all, Chapter 15 is part of the *Bankruptcy* Code and most bankruptcy code cases are heard by bankruptcy judges. However, this single sentence cannot override 28 U.S.C. § 1334 or § 157(d). The district court has original jurisdiction over Chapter 15 cases and the ability to withhold reference to the bankruptcy court when circumstances justify, as they do here for the reasons stated above. Moreover, the facts of *Iida* and the issues addressed in it were much different than those here. *Iida* did not address whether a Chapter 15 motion should be referred to bankruptcy court, nor did it involve a pending receivership proceeding in district court.

E. **This Court's deciding the Chapter 15 motion would have no adverse affect on the "uniformity of bankruptcy administration."**

*Security Farms v. the Teamsters, supra*, listed the "uniformity of bankruptcy administration" as a possibly relevant factor for consideration in deciding whether to withdraw the reference to the bankruptcy court for a particular proceeding. 124 F.3d at 1008. This Court's deciding the Antiguan Liquidators' Chapter 15 motion would in no way adversely affect that interest. Since district courts routinely hear appeals from bankruptcy court, having this Court decide the Antiguan Liquidators' Chapter 15 case in the first instance cannot harm the uniform administration of the bankruptcy system. In addition, there is no pending Stanford-related bankruptcy case that could be impacted by the Court's order on the Chapter 15 motion. To the contrary, the only collective proceeding concerning the Stanford entity assets is this Court's Receivership.

## II.     Prayer

Receiver Janvey requests that the Court deny the Antiguan Liquidators' motion to refer its Chapter 15 motion to the bankruptcy court. If the Court modifies the Amended Receivership Order in Case No. 3-09-CV-0298 to permit the Antiguan Liquidators to press their Chapter 15 motion, then this Court, rather than a bankruptcy court, should hear and decide the Chapter 15 motion.

Receiver Janvey also requests such other general relief to which he may be entitled.

Dated:  May 11, 2009

Respectfully submitted,

BAKER BOTTS L.L.P.

By:  /s/ Kevin M. Sadler
    Kevin Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    1500 San Jacinto Center
    98 San Jacinto Blvd.
    Austin, Texas 78701-4039
    (512) 322-2500
    (512) 322-2501 (Facsimile)

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Dallas, Texas 75201
    (214) 953-6500
    (214) 953-6503 (Facsimile)

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

On May 11, 2009, I electronically submitted the foregoing response with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Kevin M. Sadler
Kevin M. Sadler