IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No.: 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, ET AL., | § § § § | |
| Defendants. | § | |

## REPORT TO THE COURT REGARDING ORDER GRANTING IRS MOTION TO INTERVENE AND ORDERING ALLEN STANFORD TO FILE TAX RETURN

Defendant R. Allen Stanford provides the following report to the Court regarding the Court's

April 17, 2009 Order Granting Motion to Compel Tax Return [1] ("the Order") and would respectfully

show the Court as follows:

The Order provides in relevant part:

6.      R. Allen Stanford shall file his federal income (1040) tax return for tax year 2007, either as a "married filing separate" (or as a joint return, should Susan Stanford choose to make such an election) on or before May 15, 2009, by delivering the originally-signed return to Leo Carey, Internal Revenue Service, 1100 Commerce Street, Mail Code 5027DAL, Dallas, Texas 75242, and by serving a copy of the return on Manuel P. Lena Jr., U.S. Department of Justice, 717 N. Harwood, Suite 400, Dallas, Texas 75201.

This Court's February 17, 2009 Order Appointing Receiver provides that "[t]his Court assumes

exclusive control and takes possession of . . . the books and records . . . financial and accounting

documents, computers . . . and other informational resources of or in possession of the Defendants,

---

[1] Order Granting United States (IRS) Motion to Intervene, Motion for Relief from Temporary Restraining Order/Preliminary Injunction to Allow Tax Court and Administrative Proceedings, Motion to Assess, and Motion to Compel Tax Return (signed 4/17/09).

or issued by the Defendants and in possession of any agent or employee of the Defendants."[2]  The

Order Appointing Receiver further provides that "Defendants, their officers, agents, and employees

and all persons in active concert or participation with them and others who have notice of this Order

. . . are hereby restrained from . . . transferring, or otherwise disposing of, in any manner, directly or

indirectly, any . . . copies of federal, state, or local business or personal income or property tax

returns, and other documents or records of any kind that relate in any way to the Receivership Estate

or are relevant to this action."[3]  Thus, this Court's order denied Allen Stanford any access to his tax

records or the other financial records he might use to prepare a tax return.

 Allen Stanford has requested records, including his tax records, from the Receiver.[4]  The

Receiver refused to produce those records.[5]  Allen Stanford has also subpoenaed those records from

the Receiver and will be moving this Court to compel the Receiver to produce the tax records (and

other documents) requested by Stanford.

 Allen Stanford has been told that his 2007 tax return was filed in early January of this year

in St. Croix. Stanford's counsel has confirmed with Mark Kuhrt, the person who was assigned to

file that tax return, that he filed the return in St. Croix. Mr. Kuhrt reports that a file-stamped copy

---

[2]2/17/09 Order Appointing Receiver at 1.

[3]Order Appointing Receiver ¶ 13.

[4]Defendant R. Allen Stanford's First Request for Production to Receiver Ralph S. Janvey (attached as Ex. A) (Request 18: "The files and records collected by the Receiver relating to Allen Stanford's personal tax returns as referenced at page 52 of the Report of the Receiver dated April 23, 2009.").

[5]Receiver's Objections and Responses to R. Allen Stanford's First Request for Production (attached as Ex. B).

of the first page of that return was in his bottom left-hand desk drawer when he was last allowed in his Stanford office in St. Croix.[6]

Mr. Stanford's counsel also contacted the accountant who had assisted Mr. Stanford in preparing the tax return that was reportedly filed in St. Croix. That accountant had a copy of the tax return that was apparently sent to Mr. Stanford for signature and which Mr. Stanford signed and provided to Mr. Kuhrt for filing. However, the accountant provided that copy to the government in response to a grand jury subpoena. The undersigned counsel also contacted counsel for Mr. Stanford's estranged wife. Mrs. Stanford's counsel provided a copy of the 1040 return that she and Mr. And Mrs. Stanford's accountant have again signed and are filing as directed by this Court's Order. The undersigned counsel believe this return probably has the same numbers and other information as the one filed in St. Croix. However, because Mr. Stanford has no access to a copy of the return filed in St. Croix, Mr. Stanford has no way of knowing whether this (re)signed return is identical to the return Mr. Stanford signed and forwarded for filing in St. Croix.

As explained in Allen Stanford's Motion to Modify Preliminary Injunction,[7] the Court's TRO[8] and its preliminary injunction[9] froze all of Allen Stanford's assets. This leaves Mr. Stanford

---

[6]Mr. Stanford's counsel understands that counsel for the IRS, Mr. Lena, contacted the Inland Revenue Office in St. Croix and that office reported to him that it had no tax return filed for Mr. Stanford. However, in light of Mr. Kuhrt's assurance that he filed a return for Mr. Stanford, Stanford's counsel believe the St. Croix Inland Revenue Office is mistaken.

[7]R. Allen Stanford's Motion to Modify Preliminary Injunction Order to Permit Payment of Reasonable Attorneys' Fees with Request for Emergency Consideration, the memorandum in support of that motion (both filed 4/19/09), and the Reply in Support of R. Allen Stanford's Motion to Modify Preliminary Injunction Order to Permit Payment of Reasonable Attorneys' Fees (filed 5/6/09) are incorporated herein by reference.

[8]Temporary Restraining Order, Order Freezing Assets, Order Requiring an Accounting, Order Requiring Preservation of Documents, and Order Authorizing Expedited Discovery (entered

with no funds to hire accountants or lawyers to assist or advise him regarding the filing of his tax return. The undersigned counsel are not tax lawyers and are concerned that filing a return in the United States (as opposed to filing in St. Croix) could have adverse tax implications.[10] The undersigned counsel are also concerned that filing a second return after having already filed one in St. Croix could violate the law or otherwise prejudice Mr. Stanford, especially if the returns are not identical.

The undersigned counsel are in the process of contacting the St. Croix Inland Revenue Office to try to obtain a copy of the return filed there. As soon as Mr. Stanford has access to funds to hire attorneys and accountants and access to the necessary records, he will file a return and/or any other appropriate forms that have not already been filed. In the meantime, contemporaneous with this filing, Mr. Stanford is serving a copy of the Form 1040 for 2007 that has been (re)signed by his former accountant and Mrs. Stanford on the two persons identified in the Court's Order.

---

2/17/09).

[9]Preliminary Injunction and other Equitable Relief as to R. Allen Stanford (entered 3/12/09).

[10]Apparently, even with the return filed in St. Croix, Mr. Stanford may also be required to complete Form 8898. Completion of Form 8898 also would require review of records to which Mr. Stanford has no access and, because of Mr. Stanford's extensive holdings, advice from accountants and attorneys that Mr. Stanford has no funds to retain.

Respectfully submitted,

By:     /s/ Jacks C. Nickens
        Jacks C. Nickens
        Texas Bar No. 15013800
        jnickens@nickenskeeton.com
        Richard P. Keeton
        Texas Bar No. 11175000
        rkeeton@nickenskeeton.com
        Paul D. Flack
        Texas Bar No. 00786930
        pflack@nickenskeeton.com
        Bradley W. Hoover
        Texas Bar No. 09965700
        bhoover@nickenskeeton.com
        NICKENS KEETON LAWLESS
           FARRELL & FLACK LLP
        600 Travis, Suite 7500
        Houston, Texas 77002
        (713) 571-9191
        (713) 571-9652 (Fax)

ATTORNEYS FOR R. ALLEN STANFORD

OF COUNSEL:
Dick Deguerin
Texas Bar No. 05638000
ddeguerin@aol.com
DEGUERIN & DICKSON
1018 Preston, 7th Floor
Houston, Texas 77002
(713) 223-5959
(713) 223-9231 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system on May 15, 2009.

/s/ Paul D. Flack
Paul D. Flack

5