IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Case No.: 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM IN SUPPORT OF ALLEN STANFORD'S MOTION TO COMPEL PRODUCTION FROM THE RECEIVER AND REQUEST FOR EXPEDITED CONSIDERATION

Defendant, Allen Stanford ("Stanford"), files this Memorandum in Support of his Motion

to Compel the Receiver, Ralph S. Janvey, to produce the documents requested in Stanford's First

Request to the Receiver,[1] and in support of his Motion, Stanford would respectfully show the Court

as follows:

### I.    Introduction

Without any notice to Stanford, the SEC seized all of Stanford's assets.[2]  At the same time,

the SEC also obtained from this Court (J. O'Connor) an order that took from Allen Stanford every

record he and his companies had and delivered those records to the exclusive control of the

---

[1]Defendant R. Allen Stanford's First Request for Production to Receiver Ralph S. Janvey ("Stanford's Requests") (attached as Ex. A).

[2]Temporary Restraining Order, Order Freezing Assets, Order Requiring an Accounting, Order Requiring Preservation of Documents, and Order Authorizing Expedited Discovery [DE 8].

Receiver.[3] In its order appointing the Receiver, the SEC included instructions that the Receiver must promptly provide the SEC with any records it might desire.[4] The SEC has also obtained an order mandating that parties respond to discovery in 72 hours.[5]

The SEC alleges that the seizure of Allen Stanford's every asset and his every document was justified because it accused Allen Stanford of taking part in a "massive, ongoing fraud."[6] Disappointingly, but not surprisingly, the SEC's Receiver has jumped on the SEC's bandwagon. In his April 23, 2009 Report, the Receiver alleges that cash is unaccounted for and that real estate and private equity values were inflated.[7]

Allen Stanford served his requests on the Receiver seeking only a tiny fraction of Stanford's and his companies' records so that he can begin the process of disproving the SEC's and its Receiver's allegations. The Receiver, who by his own account has so far spent approximately $20 million and has a team of more than 100 lawyers, claims that he should not be bothered with providing Allen Stanford access to even a single page of his own records. Because any system of justice requires that Allen Stanford have access to copies of the records the SEC seized from him, Stanford moves to compel.

---

[3]Order Appointing Receiver [DE 10].

[4]Order Appointing Receiver [DE 10] at ¶ 5(k).

[5]Preliminary Injunction and Other Equitable Relief as to R. Allen Stanford ("Preliminary Injunction") [DE 159] at 10-11.

[6]SEC's 2/16/09 Complaint [DE 1] at 1.

[7]Report of the Receiver Dated April 23, 2009 ("Receiver's Report") [DE 336] at 9-11 and 27.

## II.    Background

### A.    Stanford's Requests

On April 29, 2009, Stanford served his requests on the Receiver to obtain documents relating to the transactions and events encompassed by the SEC's multiple claims against him. Stanford's requests were tailored to seek documents the Receiver has that are relevant to the allegations against Stanford. In fact, fifteen of the twenty-four requests are directed specifically to documents that should be readily available to the Receiver, because they are referenced in his report. For example, Request 6 seeks "The 'records of the Stanford companies' that the Report of the Receiver dated April 23, 2009 states (p. 16) 'reflect approximately $95 million of debt for money borrowed from unrelated sources that was outstanding at December 31, 2008.'"[8]

### B.    The Receiver's Response

The Receiver refused to produce any documents in response to Stanford's Requests.[9] The Receiver did not even respond to the specific requests. Instead, the Receiver lodged four general objections and "reserve[d] the right to make specific objections to each request at such time as it is served with a proper discovery request and is directed by the Court to respond."[10]

### C.    The Receiver Has Provided Stanford's Documents to the SEC.

The SEC has alleged numerous causes of action against Stanford covering Stanford entity-related transactions around the world. The SEC sought and obtained the appointment of the Receiver, and in the order appointing him, the Receiver was specifically charged with taking

---

[8]Ex. A (Request 6).

[9]Receiver's Objections and Responses to R. Allen Stanford's First Request for Production ("Receiver's Objections") (attached as Ex. B).

[10]Receiver's Objections at 4.

3

"possession of, without limitation, . . . leases, books and records, work papers, records of account, including computer-maintained information, contracts, financial records . . . and other papers and documents" of Allen Stanford and his companies.[11]   The Receiver was also ordered to provide promptly to the SEC and other governmental agencies "all information and documentation they may seek in connection with its [sic]regulatory or investigatory activities."[12]   The order allows the SEC to obtain "all documentation and information [it] may seek" without so much as a written request.

Pursuant to the terms of the order, the Receiver and his team have spent "substantial amounts of time . . . identifying and gathering large amounts of documents and information" and "responding to numerous and extensive requests" from the SEC and other federal agencies.  On April 23, 2009, the Receiver reported that:

> The Receivership Order directed the Receiver to promptly provide the SEC and other governmental agencies with all information and documentation they may seek in connection with their regulatory or investigatory activities.  The Receiver and his team have spent substantial amounts of time on these activities.  The principal such activities have been coordination with the SEC, the FBI and the Department of Justice in *identifying and gathering large amounts of documents and information* relevant to their ongoing investigations and *responding to numerous and extensive requests* from the SEC, the FBI and the Department of Justice to analyze and provide information and documents.[13]

On May 15, 2009, the Receiver reported:

> [T]he Receiver has expended substantial time and effort to comply with requests for information and assistance from various federal law enforcement and other government agencies, including the SEC, FBI, Department of Justice, Internal Revenue Service, Drug Enforcement Administration, Postal Inspectors, Department of the Treasury, and Board of Governors of the Federal Reserve System.  In addition, the Receiver has provided information to the Financial Industry Regulatory

---

[11]Order Appointing Receiver ¶ 5(b) [DE 10].

[12]Order Appointing Receiver [DE 10] ¶ 5(k).

[13]Receiver's Report at 25-26 (emphasis added).

Authority. At the state and local level, the Receiver has responded to ongoing inquiries and investigations from at least twenty-four different state securities and banking regulators in nineteen states.[14]

Further, the Receiver has requested over $6 million for the work of FTI and has reported that "[a] significant portion of FTI's work has involved collection of information at the request of the SEC, the FBI and DOJ in connection with their investigations. . ."[15]

### D. Stanford Needs the Requested Discovery.

Stanford cannot prepare and present his defenses without production of relevant documents that are in the Receiver's possession. As a result of the Preliminary Injunction[16] and the Order Appointing Receiver,[17] all of Stanford's and his companies' documents have been swept up by the Receiver and placed beyond Stanford's reach.[18] The SEC has sought and obtained an order permitting expedited discovery, but the SEC's Receiver now seeks to stonewall requests for production of relevant documents which will substantially impair and retard the pace of discovery.

### III. The Receiver's General Objections Should be Overruled.

The Receiver asserts four general objections to Stanford's Requests. None of the objections has any merit.

---

[14]Receiver's Motion for Approval of Interim Fee Application and Procedures for Future Compensation of Fees and Expenses and Brief in Support ("Receiver's First Interim Fee Application") [DE 384] at 4.

[15]Receiver's First Interim Fee Application at 28.

[16]Preliminary Injunction [DE 159].

[17]Order Appointing Receiver [DE 10].

[18]As noted previously, the scope of the seizure includes even Allen Stanford's personal tax records. (Report to the Court Regarding Order Granting IRS Motion to Intervene and Ordering Allen Stanford to File Tax Return [DE 383]).

## A.    Equity Favors Production.

The Receiver's first objection notes that "the Court found in its Preliminary Injunction Order that Stanford has not fulfilled his own discovery obligations in this matter" and that it would be "inequitable to require that the Receiver use the Estate's limited resources to respond to Stanford's overly broad discovery requests."[19] This objection is both factually and logically flawed.

The findings the SEC inserted in the Preliminary Injunction Order are preliminary and they were made at a time when Stanford had no counsel and no funds to retain counsel. If such preliminary findings are sufficient to deny Stanford his right to discovery, then presumably the same order's preliminary findings that Stanford committed fraud should be sufficient to deny Stanford any trial at all.[20] The Court did not order that Stanford should be denied discovery.[21] To the contrary, the Preliminary Injunction provides that discovery should proceed on an expedited basis.[22]

Precluding discovery based on any lack of discovery from Stanford would be particularly inappropriate in this case. The SEC and the Receiver can hardly complain that they lack document discovery from Stanford.[23] They have every document he or his companies had. The SEC and its Receiver are also ill-positioned to complain that Stanford has provided them no testimony. Stanford can provide no testimony because, as he explained in a declaration he provided to the SEC, he is

---

[19]Receiver's Objections at 3.

[20]Preliminary Injunction [DE 159].

[21]Preliminary Injunction [DE 159].

[22]Preliminary Injunction [DE 159] at 10-11.

[23]The SEC and the Receiver also cannot complain of Stanford's failure to provide an accounting, since creating such an accounting would require access to the records Stanford does not have and that the Receiver refuses to produce.

asserting his Fifth Amendment rights in the face of threatened criminal charges by the SEC's sibling, the United States Department of Justice.[24] Stanford has not failed to fulfill his discovery obligations, he has failed to produce documents he no longer has and he has asserted his Constitutional rights.

The Receiver's objection that it would be "inequitable" to permit Stanford discovery of his own documents is offensive. In any "equitable" system, Allen Stanford would have at least equal access to his own documents. It is "inequitable" for the Receiver to spend millions of dollars of Stanford's money dismantling Stanford's business while refusing to spend a dime of Stanford's money to allow Stanford access to the documents he needs to defend himself. The Receiver advocates a system where the SEC is able to "promptly" obtain "all information and documentation [it] may seek," without so much as a written request, while Allen Stanford is denied any information and documentation at all. Such a system is, to say the least, "inequitable."

## B.     This Court Ordered Expedited Discovery.

The Receiver objects that "[t]here has been no Rule 26(f) conference in this matter, the rules do not authorize Stanford's requested discovery, and no court order authorizes Stanford to conduct discovery against the Receiver."[25] Rule 26(d)(1) prohibits discovery "before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."[26] In this case there is a court order. The Preliminary Injunction order specifically provides not only that discovery could proceed without waiting thirty days, but that the discovery should be expedited.[27] Moreover,

---

[24]Declaration of Robert Allen Stanford Asserting Fifth Amendment Right Against Self-Incrimination [DE 142] at Supp. App. 1-3.

[25]Receiver's Objections (Ex. B) at 3.

[26]Fed. R. Civ. P. 26(d)(1).

[27]Preliminary Injunction [DE 159] at 10-11.

7

it is difficult to see how the Receiver could be prejudiced by any lack of a Rule 26(f) conference, since the Receiver claims he is not a party and only parties participate in Rule 26(f) conferences.[28]

### C.    The Receiver has the Documents.

The Receiver objects that he "is a court-appointed officer and not a party who has asserted any claims against Stanford" and "to the extent Stanford is entitled to discovery . . . his requests are more properly directed to the Securities and Exchange Commission." (Receiver's Objections at 3). This objection is without merit.

Whether the Receiver is a "party" is a fascinating academic question.[29] The Receiver appears quite partisan when he makes allegations that cash is unaccounted for.[30]  When the Court invited "[t]he Examiner and *any parties* desiring to oppose" Stanford's motion for reasonable attorney's fees to file an opposition,[31] the Receiver considered himself a "party" and filed an opposition.[32] However, regardless of whether the Receiver is a party or a court-appointed officer, the inescapable fact is that the Receiver has exclusive possession of Stanford's documents, so the Receiver must be the one to produce them. Whatever the Receiver may be, he is clearly capable of producing documents to the SEC. Stanford asks only that the Receiver also produce documents to Stanford.

---

[28]Fed. R. Civ. P. 26(f) ("Conference of the Parties . . . the parties must confer").

[29]After the Receiver objected that he was not a party, Stanford also served a Rule 45 subpoena on the Receiver to obtain the same documents he sought in Stanford's Requests.  (A copy of the subpoena is attached as Ex. C).  The Receiver responded to the subpoena with the same general objections he asserted in response to Stanford's Requests.  (A copy of the Receiver's objections to the subpoena is attached hereto as Ex. D.)

[30]Receiver's Report [DE 336] at 27-28.

[31]4/27/09 Order [DE 346].

[32]Receiver's Response to Stanford's Motion to Modify Preliminary Injunction Order to Permit Payment of Attorney's Fees  [DE 358].

The Receiver's suggestion that Stanford direct his requests to the SEC is just another delaying tactic. Stanford does not know what records the SEC has obtained from the Receiver, but Stanford assumes that the SEC has not obtained every record the Receiver has. In addition, Stanford has requested documents from the SEC and, to date, the SEC has managed to produce only deposition transcripts and exhibits and 14 pages of other documents, none of which appears to have come from the Receiver.[33]

### D.     This Court's Order Mandated a 72-Hour Response Time.

The Receiver "objects to the 72-hours response stated by the request."[34] The Receiver argues that "there is no basis for such a deadline[,] it is not authorized by the rules[,] and the Court's Preliminary Injunction Order does not apply to these circumstances," because "[e]xpedited discovery was authorized only for the 30 day period following service of the SEC's Complaint on Allen Stanford."[35] But in fact, the Court's Preliminary Injunction as to R. Allen Stanford specifically provides that "all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request."[36] Contrary to the Receiver's argument, the Court's order does not provide for expedited discovery for only 30 days, it provides that discovery could begin *prior to* the expiration of thirty days.[37]

---

[33]On May 19, 2009, the SEC reported that it had documents it could make available "on short notice," but they have not yet actually been produced.

[34]Receiver's Objections (Ex. B) at 3.

[35]Receiver's Objections (Ex. B) at 3.

[36]Preliminary Injunction [DE 159] at 11.

[37]Section X(1) of the Order states, in relevant part: "any party may notice and conduct depositions upon oral examination and may request and obtain production of documents. . . from parties *prior* to the expiration of thirty days after service of a summons and Plaintiff Commission's

The Receiver also claims that he "will need a minimum of 60 days, likely longer, to respond to Stanford's requests."[38]  When the SEC and its Receiver were seizing Stanford's assets and his records, they could not wait even long enough to provide him notice.  Now, after having spent 60 days nearly $20 million dollars reviewing those records and dismantling and giving away Stanford's businesses, the Receiver needs "a minimum of [another] 60 days, likely longer" to produce Stanford's documents back to him.  One can be sure that the SEC did not wait "a minimum of 60 days, likely longer" for the Receiver to produce "large amounts of documents and information."[39]  The Receiver has already had 20 days since Stanford served his requests.  The Receiver's inability to act quickly appears to be limited to the one situation where his action might actually benefit Stanford.

The Receiver's professed need for months to respond to Stanford's discovery is particularly troubling since at least the majority of the requests seek records the Receiver claims to have already gathered.   For example, Request 7 seeks, "The records that the Report of the Receiver dated April 23, 2009 states (p. 16 n.7) 'reflect outstanding loans to Mr. Stanford of at least $1.7 billion.'"[40] If the Receiver's statement is accurate, he should have no trouble producing those records in 72 hours.

---

Complaint upon Defendant." (emphasis added)

[38]Receiver's Objections (Ex. B) at 3-4.

[39]Receiver's Report [DE 336]at 25-26.

[40]Stanford's Requests (Ex. A).

### E.   The Receiver has Waived any Objections he has not Made.

Finally, the Receiver has attempted to reserve the "right" to make specific objections to individual requests after he receives requests he deems proper or is ordered by the Court to respond.[41] Objections to requests for production must be made at or before the time to respond to the discovery request or the objection is waived.[42]  Further, the objecting party must state a specific objection to each item to which it objects or the objections are waived.[43]  By failing to state any objections he had to specific requests for production, the Receiver has waived these objections and he has no "right" to reserve them.

## IV.   Conclusion

Stanford cannot adequately conduct or participate in discovery and prepare his defenses unless he is given access to the documents the Receiver has seized, analyzed, and turned over to the SEC. The Receiver's effort to delay or deny production to Stanford while the SEC is conducting an unfettered investigation is both inequitable and contrary to the Court-ordered process for expedited discovery. The Receiver should be ordered to comply fully with Stanford's request for production without further delay.

## VII.   Prayer

Defendant Allen Stanford respectfully requests the Court to enter an Order:

(a)   Granting this Motion to Compel Production;

(b)   Ordering the Receiver to produce the requested documents within 72 hours; and

---

[41]Receiver's Objections (Ex. B) at 3.

[42]Fed. R. Civ. P. 34(b)(2)(A).

[43]*See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

11

(c)     Granting such other relief as the Court deems necessary and proper.

### REQUEST FOR EXPEDITED CONSIDERATION

This Court has authorized expedited discovery in this matter. Stanford needs the documents to respond to this rapidly-moving litigation and the ongoing dismantling of Stanford's businesses. The standard briefing schedule for motions would defeat the purpose of the Court's order providing expedited discovery. Accordingly, Stanford respectfully requests that this Court set his motion to compel for hearing as soon as possible.

Dated: May 22, 2009                         Respectfully submitted,

                                            By:     /s/ Jacks C. Nickens
                                                    Jacks C. Nickens
                                                    Texas Bar No. 15013800
                                                    jnickens@nickenskeeton.com
                                                    Richard P. Keeton
                                                    Texas Bar No. 11175000
                                                    rkeeton@nickenskeeton.com
                                                    Paul D. Flack
                                                    Texas Bar No. 00786930
                                                    pflack@nickenskeeton.com
                                                    Ronald E. Cook
                                                    Texas Bar No. 04744800
                                                    rcook@nickenskeeton.com
                                                    NICKENS KEETON LAWLESS
                                                        FARRELL & FLACK LLP
                                                    600 Travis, Suite 7500
                                                    Houston, Texas 77002
                                                    (713) 571-9191
                                                    (713) 571-9652 (Fax)

                                            ATTORNEYS FOR ALLEN STANFORD

OF COUNSEL:
Dick DeGuerin
Texas Bar No. 05638000
ddeguerin@aol.com
DEGUERIN & DICKSON
1018 Preston, 7th Floor
Houston, Texas 77002
(713) 223-5959

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system on May 22, 2009.

/s/ Paul D. Flack
Paul D. Flack

45079

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No.: 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § | |
| Defendants. | § § | |

**APPENDIX TO MEMORANDUM IN SUPPORT OF ALLEN STANFORD'S
MOTION TO COMPEL PRODUCTION FROM THE RECEIVER
AND REQUEST FOR EXPEDITED CONSIDERATION**

Dick DeGuerin
DEGUERIN & DICKSON
1018 Preston, 7th Floor
Houston, Texas 77002
(713) 223-5959

Jacks C. Nickens
Richard P. Keeton
Paul D. Flack
Ronald Cook
NICKENS KEETON LAWLESS FARRELL
   & FLACK LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(713) 571-9191

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants. | § § | |

## DEFENDANT R. ALLEN STANFORD'S FIRST REQUEST FOR PRODUCTION TO RECEIVER RALPH S. JANVEY

To:   Receiver Ralph S. Janvey by and through his counsel, Kevin M. Sadler, Baker Botts, LLP, 98 San Jacinto Blvd., Suite 1500, Austin, Texas 78701, and Timothy S. Durst, Baker Botts, LLP, 2001 Ross Avenue, Dallas, Texas 75201.

Pursuant to the Federal Rules of Civil Procedure and the Court's March 12, 2009 Order,

Defendant R. Allen Stanford respectfully requests that the Receiver, Ralph S. Janvey, produce the

documents requested below within 72 hours.

### Definitions And Instructions

1.   The documents requested are to be produced as they are/were kept in the ordinary course of business at the offices of Nickens Keeton Lawless Farrell & Flack, LLP, 600 Travis, Suite 7500, Houston, Texas 77002.

2.   "The Commission" and "the SEC" refer to the U.S. Securities and Exchange Commission and any officers, representatives, agents, attorneys, or other persons acting on its behalf or at its request.

3.   "You" and "the Receiver" refer to Ralph S. Janvey and any officers, representatives, agents, attorneys, or other persons acting on his behalf or at his request, including but not limited to Baker Botts, LLP; Thompson & Knight, LLP; and FTI Consulting, Inc.

4.  "Document" or "documents" includes writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, audio tapes, video tapes, computer disks, computer hard drives, computer back up tapes, voicemail, and all other data and data compilations stored in any medium from which information can be obtained or translated by you into any reasonably usable form.

5.  "Relating to" means evidencing, supporting, referring to, mentioning, contradicting, reflecting, contradicting, describing, or otherwise factually connected to.

6.  "This case" refers to the above-captioned litigation and any other litigation the SEC has against R. Allen Stanford or any of the other defendants in this action or any of their affiliates. This case also includes all steps taken to investigate the subject matter of this case, prior to filing the above-captioned litigation.

7.  "Stanford-Related Companies" refers to all companies included in the Receivership and all of their affiliates, parents, and subsidiaries.

8   If you contend that any document sought herein is privileged or exempt from discovery for any reason, please provide information sufficient to evaluate and challenge the privilege, including the document's creator, recipient(s), subject matter, date, location and nature of the privilege claimed.

## Document Requests

Please produce:

1.  All documents analyzed by FTI Consulting Inc. or the Receiver relating to the "1,587 acres of undeveloped land and partially developed real estate," the "series of transactions," the write-ups, the share transfers, and the "'desired level' of $1 billion of shareholder's equity," and the other matters discussed at pages 9-11 of the Report of the Receiver dated April 23, 2009.

2.  All appraisals and valuations of the properties referenced at pages 9-11 of the Report of the Receiver dated April 23, 2009.

3.  All communications with the Financial Services Regulatory Commission relating to the properties discussed at pages 9-11 of the Report of the Receiver dated April 23, 2009.

4.  All documents analyzed by FTI Consulting Inc. or the Receiver or otherwise relating to the "similarly structured transactions in 2004 and 2008 relating to private equity investments" discussed at page 11 of the Report of the Receiver dated April 23, 2009.

5.   All documents supporting or reflecting the Receiver's statement at page 13 of the Report of the Receiver dated April 23, 2009 that "[b]ased on what the Receiver has learned so far . . . it appears that the total value of the assets of the Estate is likely to be only a fraction of the total amount that would be needed to pay all outstanding CDs and other anticipated claims against the Estate."

6.   The "records of the Stanford companies" that the Report of the Receiver dated April 23, 2009 states (p. 16) "reflect approximately $95 million of debt for money borrowed from unrelated sources that was outstanding at December 31, 2008."

7.   The records that the Report of the Receiver dated April 23, 2009 states (p. 16 n.7) "reflect outstanding loans to Mr. Stanford of at least $1.7 billion."

8.   All correspondence with and documents provided to or received from any regulatory authority or receiver who claims to have or actually has authority or control over Stanford International Bank Limited or any other assets of any Stanford-related entity in Antigua, including but not limited to documents provided to or received from the Financial Services Regulatory Commission of Antigua and Barbuda, the Eastern Caribbean Central Bank, and Nigel Hamilton-Smith and Peter Wastell of Vantis, plc.

9.   All correspondence with and documents provided to or received from any regulatory authority or receiver who claims or actually has authority or control over any assets of any Stanford-related entity in Latin America, including but not limited to documents provided to or received from the entities referenced at pages 24-25 of the Report of the Receiver dated April 23, 2009.

10.  All correspondence with and documents provided to or received from any foreign governmental or regulatory agencies not encompassed by the foregoing requests.

11.  All correspondence with and documents provided to or received from the SEC, the Financial Industry Regulatory Authority, or any other state or federal securities regulator, including any self-regulatory organizations.

12.  The balance sheets of the 62 Stanford companies referenced at page 26 of the Report of the Receiver dated April 23, 2009.

13.  The documents reviewed or relied upon in performing the preliminary analysis relating to "cash unaccounted for" discussed at pages 27-28 of the Report of the Receiver dated April 23, 2009.

14.  The documents reviewed or relied upon in analyzing the "cash and other assets" referenced at pages 26-27 of the Report of the Receiver dated April 23, 2009.

15.  The documents reviewed or relied upon in analyzing the "claims against third parties" referenced at page 27 of the Report of the Receiver dated April 23, 2009.

3

16.     The "comprehensive listing of 54 owned properties and 58 leased properties" and "49 owned properties in Antigua" referenced at page 37 of the Report of the Receiver dated April 23, 2009.

17.     The "comprehensive listings of private equity holdings, with information regarding ownership, potential current value and loans outstanding" referenced at page 39 of the Report of the Receiver dated April 23, 2009.

18.     The files and records collected by the Receiver relating to Allen Stanford's personal tax returns as referenced at page 52 of the Report of the Receiver dated April 23, 2009.

19.     Documents sufficient to show all assets liquidated by the Receiver, the cost basis of those assets, the most recent book value of those assets, any appraisals or valuations of those assets, and the amount received for those assets.

20.     Monthly, quarterly, and annual internal reports reflecting the performance and condition of all companies that are part of the Receivership, including but not limited to reports with burgundy cover stored in the closet of Allen Stanford's office at 5050 Westheimer.

21.     All quarterly, monthly, annual or other periodic reports provided to the Financial Services Regulatory Authority by or on behalf of Stanford International Bank Limited.

22.     All flight logs reflecting travel by any executive of any Stanford-related company, including but not limited to Allen Stanford, James Davis, and Laura Pendergest-Holt.

23.     All travel expense reports for any executive of any Stanford-related company, including but not limited to Allen Stanford, James Davis, and Laura Pendergest-Holt.

24.     All records of Andrea Stoelker's bank, brokerage, and IRA accounts, including accounts at Stifel Nicolaus and Bank of St. Croix.

4

Dated: April 29, 2009

Respectfully submitted,

By:     /s/ Jacks C. Nickens
        Jacks C. Nickens
        Texas Bar No. 15013800
        jnickens@nickenskeeton.com
        Richard P. Keeton
        Texas Bar No. 11175000
        rkeeton@nickenskeeton.com
        Paul D. Flack
        Texas Bar No. 00786930
        pflack@nickenskeeton.com
        Bradley W. Hoover
        Texas Bar No. 09965700
        bhoover@nickenskeeton.com
        NICKENS KEETON LAWLESS
            FARRELL & FLACK LLP
        600 Travis, Suite 7500
        Houston, Texas 77002
        (713) 571-9191
        (713) 571-9652 (Fax)

ATTORNEYS FOR R. ALLEN STANFORD

OF COUNSEL:
Dick Deguerin
Texas Bar No. 05638000
ddeguerin@aol.com
DEGUERIN & DICKSON
1018 Preston, 7th Floor
Houston, Texas 77002
(713) 223-5959
(713) 223-9231 (Fax)

## CERTIFICATE OF SERVICE

On April 29, 2009, I caused the foregoing document to be served by e-mail on all counsel of record listed for this case on the ecf filing system, and by fax to Receiver Ralph S. Janvey by and through his counsel, Kevin M. Sadler, Baker Botts, LLP, 98 San Jacinto Blvd., Suite 1500, Austin, Texas 78701, and Timothy S. Durst, Baker Botts, LLP, 2001 Ross Avenue, Dallas, Texas 75201.

        /s/ Paul D. Flack
        Paul D. Flack

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3-09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT, | § | |
| | § | |
| Defendants. | § | |

### RECEIVER'S OBJECTIONS AND RESPONSES TO R. ALLEN
### STANFORD'S FIRST REQUEST FOR PRODUCTION

Ralph S. Janvey, as Receiver for Defendants and all Stanford-related entities,

makes his Objections and Responses to R. Allen Stanford's First Request for Production.

Dated: May 1, 2009

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By:  /s/ Kevin M. Sadler
Kevin M. Sadler, Lead Attorney
Texas Bar No. 17512450
kevin.sadler@bakerbotts.com
Robert I. Howell
Texas Bar No. 10107300
robert.howell@bakerbotts.com
David T. Arlington
Texas Bar No. 00790238
david.arlington@bakerbotts.com
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701-4078
Tel: 512.322.2500
Fax: 512.322.2501

1

Timothy S. Durst
Texas Bar No. 00786924
tim.durst@bakerbotts.com
2001 Ross Avenue
Suite 600
Dallas, Texas 75201-2980
Tel: 214.953.6500
Fax: 214.953.6503

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

2

## OBJECTIONS

The Receiver objects to Defendant Stanford's First Request for Production to Receiver in its entirety, on several grounds, as follows:

1.       The Receiver objects because although Stanford seeks extensive discovery from the Receiver, the Court found in its Preliminary Injunction Order that Stanford has not fulfilled his own discovery obligations in this matter.  In addition to refusing to appear for deposition, Stanford failed to provide financial or account information and failed to repatriate assets obtained from his fraudulent activities, both as ordered by the Court.  Attempting to identify and recover assets of the Receivership without such critical information and with no cooperation from Stanford is substantially more challenging, time-consuming and expensive than it otherwise would be.  Under these circumstances, it would be inequitable to require that the Receiver use the Estate's limited resources to respond to Stanford's overly broad discovery requests rather than fulfill his duties to the Court and the victims of fraud committed by Stanford and the other Defendants.

2.       The Receiver objects because Stanford's discovery request is not timely.  Rule 26(d)(1) provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except...when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  There has been no Rule 26(f) conference in this matter, the rules do not authorize Stanford's requested discovery, and no court order authorizes Stanford to conduct discovery against the Receiver.

3.       The Receiver objects to Stanford's requests for production because the Receiver is a Court-appointed officer and not a party who has asserted any claim against Stanford.  To the extent Stanford is entitled to discovery under Rule 34 of the Federal Rules of Civil Procedure, his requests are more properly directed to the Securities and Exchange Commission, the plaintiff in this action.

4.       Even assuming the Receiver were required to respond to Stanford's discovery requests, the Receiver objects to the demand for a 72-hour response stated by the request.  There is no basis for such a deadline; it is not authorized by the rules; and the Court's Preliminary Injunction Order does not apply to these circumstances.  Expedited discovery was authorized only for the 30 day period following service of the SEC's Complaint on Defendant Stanford.  Preliminary Injunction and Other Equitable Relief as to R. Allen Stanford, Doc #159, ¶X(1).  Stanford was served on February 19, 2009, Doc #61, and more than 30 days has elapsed since that date.

Moreover, responding to Stanford's extensive discovery requests within 72-hours would be unduly burdensome, prohibitively expensive and would unnecessarily deplete the limited resources of the Receivership.  The Receiver's limited resources are more than fully occupied by tasks required to carry out the Receiver's duties to the Court, including identifying and marshalling the assets of the Receivership Estate, defending litigation on several fronts, and completing the review of customer accounts that continue to be held subject to the Freeze Order.  Given the scope of Stanford's discovery requests and the competing demands on the

3

Receivership's resources, the Receiver will need a minimum of 60 days, likely longer, to respond to Stanford's requests.

5.     The Receiver reserves the right to lodge specific objections to each request at such time as it is served with a proper discovery request and is directed by the Court to respond.

## CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on the 1st day of May, 2009.

/s/ Kevin M. Sadler
Kevin M. Sadler

4

# EXHIBIT C

AO88  (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Texas, Dallas Division

SECURITIES AND EXCHANGE COMMISSION      **SUBPOENA IN A CIVIL CASE**
V.
STANFORD INTERNATIONAL BANK,
LTD., ET AL.      Case Number:[1]   3:09-cv-0298-N

TO:    Ralph S. Janvey, Receiver
       c/o Kevin Sadler, Baker Botts, LLP, 98 San Jacinto Blvd., Suite 1500, Austin, TX 78701
       and
       Timothy S. Durst, Baker Botts, LLP, 2001 Ross Avenue, Dallas, TX 75201

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
   to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

      See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Nickens Keeton Lawless Farrell & Flack, LLP, 600 Travis St., Suite 7500, Houston, TX 77002 | May 22, 2009 at 4:00 p.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Defendant, R. Allen Stanford | May 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul D. Flack, Nickens Keeton Lawless Farrell & Flack, LLP
600 Travis St., Suite 7500, Houston, TX 77002 (713) 571-9191

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

# EXHIBIT D

# BAKER BOTTS LLP

2001 ROSS AVENUE
DALLAS, TEXAS
75201-2980

TEL  +1 214.953.6500
FAX +1 214.953.6503
www.bakerbotts.com

AUSTIN
BEIJING
**DALLAS**
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

May 20, 2009

Kevin M. Sadler
TEL  +1 512.322.2589
FAX +1 512.322.8332
kevin.sadler@bakerbotts.com

**<u>VIA E-MAIL AND U.S. MAIL</u>**
Mr. Paul D. Flack
Nickens Keeton Lawless Farrell & Flack LLP
600 Travis Street, Suite 7500
Houston, Texas 77002

Re:     *Securities and Exchange Commission v. Stanford International Bank, Ltd. et al*;
        Case No. 3-09-CV-0298-N (N.D. Tex.)

Dear Mr. Flack:

        Pursuant to Fed. R. Civ. P. 45, Ralph S. Janvey, as Receiver for Defendants and
all Stanford-related entities, objects to R. Allen Stanford's subpoena issued on May 12, 2009 in
its entirety, on several grounds, as follows:

        1.      The Receiver objects because although Stanford seeks extensive discovery from
the Receiver, the Court found in its Preliminary Injunction Order that Stanford has not fulfilled
his own discovery obligations in this matter. In addition to refusing to appear for deposition,
Stanford failed to provide financial or account information and failed to repatriate assets
obtained from his fraudulent activities, both as ordered by the Court. Attempting to identify and
recover assets of the Receivership without such critical information and with no cooperation
from Stanford is substantially more challenging, time-consuming, and expensive than it
otherwise would be. Under these circumstances, it would be inequitable to require that the
Receiver use the Estate's limited resources to respond to Stanford's overly broad discovery
requests rather than fulfill his duties to the Court and the victims of fraud committed by Stanford
and the other Defendants.

        2.      The Receiver objects to Stanford's Subpoena because it imposes undue burden
and expense on the Receiver. Rule 45 requires a party issuing a subpoena to "take reasonable
steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R.
CIV. P. 45(c)(1). The Receiver is a Court-appointed officer, and to the extent Stanford is entitled
to discovery, his requests are more properly directed to the Securities and Exchange
Commission, the plaintiff in this action. The SEC is participating in discovery and already has
responded to Stanford's Request for Production of Documents, including agreeing to make
available for inspection documents upon which its case against Stanford is based.

        3.      The Receiver objects because Stanford's discovery request is not timely. Rule
26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have
conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or
by court order." FED. R. CIV. P. 26(d)(1). There has been no Rule 26(f) conference in this

**BAKER BOTTS** LLP

Paul Flack                                    - 2 -                              May 20, 2009

matter, the rules do not authorize Stanford's requested discovery, and no court order authorizes Stanford to conduct discovery against the Receiver.

4.      Even assuming the Receiver were required to respond to Stanford's Subpoena, the Receiver objects to the demand for a ten-day response stated by the request. The Subpoena asks for an extensive list of documents, and the Receiver cannot gather those documents while still performing its Court-ordered duties within a ten-day period. There is no basis for such a deadline; it is not authorized by the rules; and the Court's Preliminary Injunction Order does not apply to these circumstances. Expedited discovery was authorized only for the 30 day period following service of the SEC's Complaint on Defendant Stanford. Preliminary Injunction and Other Equitable Relief as to R. Allen Stanford, Doc #159, ¶X(1). Stanford was served on February 19, 2009, Doc #61, and more than 30 days has elapsed since that date.

Moreover, responding to Stanford's extensive document Subpoena within ten days would be unduly burdensome, prohibitively expensive, and would unnecessarily deplete the limited resources of the Receivership. The Receiver's limited resources are more than fully occupied by tasks required to carry out the Receiver's duties to the Court, including identifying and marshalling the assets of the Receivership Estate, defending litigation on several fronts, and completing the review of customer accounts that continue to be held subject to the Freeze Order. Given the scope of Stanford's discovery requests and the competing demands on the Receivership's resources, the Receiver will need a minimum of 60 days, likely longer, to respond to Stanford's Subpoena.

The Receiver reserves the right to lodge specific objections to each request in the Subpoena at such time as it is served with a proper Subpoena and is directed by the Court to respond.

Respectfully,

Kevin M. Sadler

KMS:mcl

cc:    Timothy S. Durst