IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br>    Defendants. | §<br>§<br>§<br>§   CIV. ACTION NO.3-09CV0298-N<br>§<br>§<br>§<br>§<br>§<br>§ |

### BRIEF IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STAY RECEIVERSHIP PROCEEDINGS PENDING DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS L.L.P.

TO THE HONORABLE JUDGE:

COMES NOW, DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD FINANCIAL GROUP COMPANY, STANFORD GROUP COMPANY, and R. ALLEN STANFORD, (hereinafter "Defendants"), and pursuant to Local Rule 7.1, file this brief in support of Defendants' Motion to Stay Receivership Proceeding Pending Defendants' Motion to Disqualify Baker Botts L.L.P.

### CONTENTIONS OF FACT

1.   On February 17, 2009, the Court appointed Ralph S. Janvey of Dallas, Texas as the Receiver (hereinafter "Receiver") of the Receivership Estate in this matter.[1]

2.   On the same day the Receiver was appointed by the Court, the law firm of Baker Botts L.L.P. (hereinafter "Baker Botts) entered its appearance as counsel for the Receiver.[2]  Baker Botts is acting as the principal counsel for the Receiver, who was appointed to "preserve the

---
[1] *See* Rec. Doc. 10.
[2] *See* Rec. Doc. 11.

1

assets" of Stanford International Bank, Stanford Financial Group, and R. Allen Stanford (among others).

3. However, from 1985 to 1987, Baker Botts represented Defendant R. Allen Stanford and his father, James Stanford, in organizing Defendant Stanford International Bank (formerly known as Guardian Bank) (hereinafter "Bank"), on the island of Montserrat.[3] Baker Botts organized the Bank, prepared its bylaws, and qualified the Bank to do business under the banking regulations of the United States Federal government, and under the regulations of the State of Texas.[4] Furthermore, Baker Botts was involved in setting up the basic business model of the Bank.[5]

4. Defendants now seek to disqualify Baker Botts as the Receiver's counsel due to the pre-existing and substantially related legal work it performed for Defendants.

5. In conjunction with the filing of their Motion to Disqualify Baker Botts, Defendants also respectfully request that all Receivership proceedings be stayed pending a ruling on their motion to disqualify.

## ARGUMENT AND AUTHORITIES

"[T]he power to stay proceedings is incidental to the power inherent in every federal court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[6] "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[7] The litigant requesting the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to

---

[3] *See* Baker Botts Stanford file to be produced upon request *in camera*.
[4] *See* Baker Botts Stanford.
[5] *See* Baker Botts Stanford.
[6] *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).
[7] *Id.*

2

someone else."[8] The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion . . . . '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'"[9]

Clearly, Defendants will be unfairly prejudiced and irreparably harmed if the Receiver and Baker Botts are allowed to continue their "management" of the Receivership estate prior to the Court's ruling on Defendants' Motion to Disqualify. As laid out in far more detail in Defendants' Motion to Disqualify, despite having previously represented Allen Stanford and the Bank on matters which are at issue in the instant suit, Baker Botts now represents the Receiver in the instant action. As counsel for the Receiver, Baker Botts has assisted the Receiver in the closing of numerous Stanford offices and assisted the Receiver in establishing protocols to allow for the liquidation of Defendants' holdings. In other words, Baker Botts is now assisting the Receiver in dismantling the very entity that it helped a client create and incorporate, and is assisting in the investigation of that client and entity with the SEC, DOJ, FBI, USPS, DOL and DEA.[10] As noted in the Motion to Disqualify, the swift dismantling of the Defendants holdings by the Receiver thus far unmistakably suggests a familiarity with the operation of the businesses involved that only Baker Botts, as one of the creators of the business structure, organization and practices of the Defendants, would possess.

Via their Motion to Disqualify Baker Botts, Defendants will conclusively show that Baker Botts previously represented Stanford and the Bank in substantially related matters to the instant matter in which they now represent the Receiver in a position/capacity that is essential

---

[8] *Id.*
[9] *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)
[10] *See* Rec. Doc. 384 at Exhibit C, p. 3; *see generally* Rec. Doc. 384.

3

adverse to Baker Botts' former clients. Therefore, Baker Botts, must be disqualified from representing the Receiver.

However, in order to fully protect the interests of the Defendants until the Court can rule on Defendants' Motion to Disqualify Baker Botts, a stay of the Receivership proceedings is required and warranted to prevent any further possibility of the adverse use of confidential and/or privileged information obtained by Baker Botts from its representation of the Bank and Stanford against the Defendants and for the benefit of the Receiver. Baker Botts' assistance of the Receiver has not assisted in the preservation of the estate's assets, as mandated in the Order Appointed Receiver, issued by this Court. There is no trial date set in this case and the SEC and Receiver will suffer no "hardship" as a result of staying all Receivership matters in this action for the relatively short period before the Court's rules on the Motion to Disqualify Baker Botts.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for stay should be granted and all Receivership proceedings be stayed pending the Court's ruling on Defendants' Motion to Disqualify Baker Botts L.L.P.

Respectfully submitted,

*/s/ Ruth Brewer Schuster*

| | |
|---|---|
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4400 Post Oak Parkway, Ste. 2360 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77027 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |
| **ATTORNEY IN CHARGE FOR DEFENDANT** | |
| | |
| Christina Sarchio | |
| Patton Boggs LLP | Patton Boggs LLP |
| 2550 M Street, NW | 2001 Ross Avenue, Ste. 3000 |
| Washington, DC 20037 | Dallas, Texas 75201 |
| 202-457-7527 | 214-758-1500 |
| *Pro Hac Vice Application to be submitted* | |
| *Counsel for R. Allen Stanford only* | |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on June 16, 2009.

*/s/Ruth Brewer Schuster*

5