IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL STATEMENT IN FURTHER SUPPORT OF MOTION: (i) TO INTERVENE; (ii) TO AMEND OR MODIFY CERTAIN PORTIONS OF THIS COURT'S AMENDED RECEIVERSHIP ORDER; (iii) IN SUPPORT OF THE ANTIGUAN RECEIVERS-LIQUIDATORS' REQUEST TO COORDINATE PROCEEDINGS UNDER CHAPTER 15 OF THE BANKRUPTCY CODE; AND (iv) IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO APPEAL**

**- AND -**

**PRELIMINARY RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS LLP**

The Movants[1] respectfully submit this supplement in further support of their Motion filed on May 11, 2009, for the purpose of addressing the allegations made by Defendants Stanford International Bank, Ltd., Stanford Financial Group Company, Stanford Group Company, and R. Allen Stanford, (hereinafter "Defendants") after the Movants' reply brief ("Reply") was filed, and the implications of those allegations on the Court's consideration of the Motion.

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in the Movants' opening brief [Dkt. 367] ("Opening Brief").

After the Movants filed their Reply, Defendants made a Motion to Disqualify Baker Botts LLP ("Baker Botts") ("Disqualification Motion," Dkt. No. 478), filed a Brief in Support of the Motion to Disqualify Baker Botts LLP ("Disqualification Memo," Dkt. No. 479), a Motion to Stay Receivership Proceedings Pending Motion to Disqualify Baker Botts LLP ("Stay Motion," Dkt. No. 480), and a Brief in Support of Motion to Stay Receivership Proceedings Pending Motion to Disqualify Baker Botts LLP ("Stay Memo," Dkt. No. 481, and, collectively, the "Disqualification Motions").

The Defendants allege that Baker Botts was, "intimately involved in all aspects of the organization of the [B]ank and its sale of CDs, the utilization of funds from the sale of such CDs, and the relationships between the Bank, Stanford Financial Group, and other related, but independent, companies." (Disqualification Memo at p. 3, alteration in original)  The Defendants further allege that they "previously consulted Baker Botts concerning the legality and propriety of selling CDs and reinvesting the money in financial instruments issued by other institutions." *Id*. at p. 4.

Unfortunately, it is impossible for the Movants to assess at this time the veracity of the Defendants' allegations concerning Baker Botts' involvement in creating the corporate structure and advising on the legality of the financial instruments that resulted in financial ruin for thousands of CD holders.  If, however, the Defendants' allegations are true, it further strengthens the already compelling case for permitting the Movants to intervene, and for transferring this case to bankruptcy court, for at least the following reasons:

- If Baker Botts rendered legal advice to Stanford "concerning the legality and propriety of selling CDs and reinvesting the money in financial instruments issued by other institutions," as the Defendants allege, the defrauded CD holders (including the

SUPPLEMENTAL STATEMENT IN FURTHER SUPPORT OF MOTION: (i) TO INTERVENE; (ii) TO AMEND OR MODIFY CERTAIN PORTIONS      PAGE 2
OF THIS COURT'S AMENDED RECEIVERSHIP ORDER; (iii) IN SUPPORT OF THE ANTIGUAN
RECEIVERS-LIQUIDATORS' REQUEST TO COORDINATE PROCEEDINGS UNDER CHAPTER 15
OF THE BANKRUPTCY CODE; AND (iv) IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO APPEAL,
AND PRELIMINARY RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS LLP

Movants) have the right to investigate whether Baker Botts was aware of, assisted, or otherwise participated in the allegedly fraudulent scheme. Baker Botts thus may be directly adverse to the CD holders, and, under the circumstances, the Receiver's employment of that firm is inconsistent with Receiver's claim that that the Movants' "interests in the case are adequately represented by the Receiver." (Rec. Br. at p. 4) At the very least, it is incontrovertible that Baker Botts cannot investigate its own involvement (if any) in the Stanford debacle. CD holders and other creditors must be permitted to investigate those claims, and the Bankruptcy Code and Bankruptcy Rules provide efficient and effective means to do so. *See, e.g.*, Fed. R. Bankr. Pro. 2004.

- Similarly, if it is true that Baker Botts provided advice to Stanford concerning the corporate structure and financial instruments that were used to perpetrate the alleged fraud, Baker Botts cannot be relied upon to thoroughly investigate and prosecute claims against other third parties that may have had relationships with, and assisted, "the very Bank and banking services that Baker Botts itself constructed on behalf of R. Allen Stanford." (Disqualification Memo at p. 4)

- Given the allegations that Baker Botts may have serious conflicts of interest, it is even *more* essential that these proceedings be conducted in a way that is open to participation and transparent to all creditors. Only then will creditors be assured that whoever is in charge of the disposition of Stanford's assets is acting in a fair, appropriate, and impartial way. For that reason, too, the Movants should be permitted to intervene, and be provided notice and the opportunity to object and be heard in connection with all of the Receivers' proposed actions in this case. (All of those rights are integral to proceedings conducted under the Bankruptcy Code.)

- If Baker Botts is disqualified in this matter, there would no longer be *any* validity to the Receivers' argument that a bankruptcy filing would increase costs due to the need to retain "new counsel and professionals." Rec. Br., at 2-3. Obviously, if Baker Botts is disqualified, a transition to new counsel would be necessary whether or not the case is transferred to bankruptcy court.

- In a proceeding under the Bankruptcy Code, parties and the court would be assured that attorneys and other professionals rendering services to the estates would not have "an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason," (*i.e.* be a "disinterested" person under § 101(14) of the Bankruptcy Code), because they would be required to file statements under oath disclosing their relationships, connections, and prior dealings with the debtors. Fed. R. Bankr. Pro. 2014(a). Here, by contrast, the Receiver has retained counsel of his choosing, without disclosing what connections (if any) his counsel may have had to the Defendants, without notice and an opportunity for interested parties to object, and without pre-approval by the court.

In the Disqualification Motions, the Defendants have raised an extremely serious issue concerning Baker Botts' ability to continue to act as counsel to the Receiver in this case. It is *essential* that all parties that participated, or may have participated, in the alleged fraudulent scheme are thoroughly investigated in order to recover as much of the CD holders' losses as possible. Under the circumstances, there are serious questions as to whether that investigation can occur while Baker Botts remains as counsel to the Receiver in this case. The Movants respectfully submit that, in order to assure all creditors, including CD holders, that the receivership entities are being properly administered, the Court should grant the Movants' Motion to Intervene, and to modify the injunction in paragraph 11 of the Receivership Order and, in all events, urge this Court to address the issues raised in the Movants' Motion and the Disqualification Motion as quickly as possible.

Dated: June 16, 2009

MORGENSTERN & BLUE, LLC
By:   /s/ Gregory A. Blue
Peter D. Morgenstern (admitted *pro hac vice*)
Gregory A. Blue (admitted *pro hac vice*)
Rachel K. Marcoccia (admitted *pro hac vice*)
885 Third Avenue
New York, NY 10022
Telephone: (212) 750-6776
Facsimile: (212) 750-3128

LACKEY HERSHMAN, L.L.P
Paul Lackey
State Bar Number 00791061
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for the Movants*