IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV 0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § | |

### EXAMINER'S RESPONSE TO DEFENDANTS' MOTION TO STAY RECEIVERSHIP PROCEEDINGS

John J. Little, Examiner, respectfully submits this Response to the Defendants' Motion to Stay Receivership Proceedings [Docs. No. 480 and 481]. In summary, it is the Examiner's view that a stay of proceedings is not warranted and would likely result in harm to the interests of the already-victimized Investors.

1. On June 16, 2009, Defendants[1] filed a Motion to Disqualify Baker Botts L.L.P. [Docs. No. 478 and 479]. Defendants also filed their Motion to Stay Receivership Proceedings until such time as their Motion to Disqualify has been determined.

2. In their Motion to Stay, Defendants urge that they will be "unfairly prejudiced and irreparably harmed" if a stay is not granted. *Doc. No. 481 at 3*. They also urge that the SEC and the Receiver will suffer no "hardship" if a stay is granted while the Motion to Disqualify is decided. *Id. at 4*.

3. Defendants offer no evidence -- in either the Motion to Stay or the Motion to

---

[1] The Motions were filed by Defendants Stanford International Bank, Ltd., Stanford Financial Group Company, Stanford Group Company, and R. Allen Stanford.

Disqualify -- to support the contention that they will be "unfairly prejudiced and irreparably harmed" if a stay is not entered. While they suggest that Baker Botts has been using confidential information gathered from its supposed representation of certain Defendants during the period from 1985 to 1987, Defendants offer no actual evidence (a) that Baker Botts has any such confidential information, or (b) that any such information has been used in any way.[2]

4. Defendants' Motion to Stay ignores the interests of the Investors in these Receivership proceedings. A stay of these proceedings -- even a brief one -- will result in significant harm and prejudice to the interests of the Investors because there are a variety of motions and other matters that impact the interests of the Investors and require action by the Court, the Receiver or both. Among the pending matters that impact the interests of the Investors are the following:

a. In his Report and Recommendation No. 1 [Doc. No. 393], the Examiner recommended that the Court immediately order the release of all remaining customer accounts frozen at Pershing, JP Morgan or SEI Private Trust Company. That recommendation has now been fully briefed and is ripe for decision by the Court.[3] A stay would delay resolution of this issue, and any further delay will result in further harm to the Investors whose accounts remain frozen.

b. On June 15, 2009, the Receiver and VFS Financing, Inc. filed a Joint Motion seeking the Court's review and approval of an agreement between the Receiver and VFS Financing, Inc. pertaining to the various aircraft owned by the Stanford entities. [Doc. No. 472.]

---

[2] The Examiner also notes that Defendants have offered no evidence of the proposition that is central to both their Motions -- that Baker Botts represented any of the Defendants during the period from 1985 to 1987 (or at any other time).

[3] See Docs. No. 441, 443 and 470.

The parties to that Joint Motion made clear that delay would likely increase the amount owed by the Stanford entities with respect to the aircraft and decrease the value of those aircraft, with the net result that the Receivership would receive less from the transaction. A stay will delay this settlement, resulting in harm to the Receivership Estate and, through it, the investors.

        c.     The Court's orders that resulted in the customer account freeze addressed in the Examiner's Report and Recommendation No. 1 also resulted in a freeze of all customer accounts at Stanford Coins & Bullion, Inc. ("SCB"). The Receiver has indicated to the Examiner that he is in the process of reviewing a draft "protocol" for addressing those accounts, and upon concluding that review, the Receiver presumably will file a motion seeking this Court's approval of a procedure for reviewing and releasing many of those accounts. A separate motion seeking the release of certain customer coin & bullion accounts has already been filed. [Doc. No. 477.] The Examiner has communicated with dozens of other SCB customers who are increasingly frustrated by their inability to get access to their property and by the Receiver's refusal to address their accounts. Any stay of these proceedings would result in a further delay for these Investors who seek only to acquire possession of assets that belong to them.

    5.    There are, of course, many other pending matters that would remain undecided if this Court were to entertain even a short stay of these proceedings, including but not limited to the Receiver's fee application, the Chapter 15 Petition filed by the Antiguan Liquidators, and the Motion to Intervene filed by Dr. Samuel Bukrinsky and others. Unnecessary delay in the resolution of these and other matters will not benefit, and will almost certainly harm, the interests of the Investors in these proceedings.

WHEREFORE, the Examiner respectfully opposes the Motion to Stay filed by Defendants and requests that this Court enter its Order denying that Motion.

Respectfully submitted,

/s/ John J. Little
John J. Little
Tex. Bar No. 12424230

LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

Of Counsel:

LITTLE PEDERSEN FANKHAUSER L.L.P.

Stephen G. Gleboff
Tex. Bar No. 08024500
Walter G. Pettey, III
Tex. Bar No. 15858400
Megan K. Dredla
Tex. Bar No. 24050530

901 Main Street, Suite 4110
Dallas, Texas 75202
Telephone: 214.573.2300
Fax: 214.573.2323

## CERTIFICATE OF SERVICE

On June 16, 2009, I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John J. Little