**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § § § | |
| Defendants | § | |

**R. ALLEN STANFORD, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, AND STANFORD CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S FRAUD-BASED CLAIMS**

TO THE HONORABLE JUDGE:

COME NOW, DEFENDANTS, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC, (hereinafter collectively referred to as "Defendants") and file this Motion to Dismiss Plaintiff's Fraud-Based Claims. For the reasons stated below and in the accompanying Brief in Support, the Defendants' Motion should be granted.

Plaintiff asserts six claims against various combinations of defendants, including: violations of Section 10(b) of the Securities Exchange Act of 1934 and Exchange Act Rule 10b-5, violations of Section 17(a) of the Securities Act of 1933, violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, and violations of Section 7(d) of the Investment

1

Company Act of 1940. Each of the six claims alleged by the SEC in its First Amended Complaint adopts eighty paragraphs of so-called "facts." Five of the six claims involve allegations of fraud. However, Plaintiff's First Amended Complaint falls short of meeting even the minimum threshold required to assert such a cause of action. Plaintiff neglects to specify which of the alleged acts or omissions described in the eighty paragraphs it intends to rely on to support each fraud claim against each defendant. Plaintiff's First Amended Complaint utterly fails to specify which alleged devices, schemes, artifices, acts or omissions are attributed to each defendant. Furthermore, Plaintiff totally fails to advise of the "where, when, who and how" of the alleged fraud.

Plaintiff's First Amended Complaint fails to meet the heightened pleadings standards required for pleading fraud, and should be dismissed.[1]

## PRAYER

WHEREFORE, Defendants R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC respectfully pray for an order dismissing Plaintiff's Amended Complaint as to Defendants, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC. In the alternative, Defendants R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC respectfully pray for an order dismissing any

---

[1] Plaintiffs have recently sought leave from this Court to amend their complaint a third time. However, the proposed Second Amended Complaint still fails to cure the heightened pleading requirement for fraud claims. To the extent this Court grants Plaintiff's motion to amend, which the Defendants oppose, we respectfully request that this Court dismiss Plaintiff's fraud based claims as alleged in the Second Amended Complaint, which similarly fail to plead fraud with the requisite particularity.

5032568

and all fraud allegations or fraud claims, including but not limited to those asserted in Plaintiff's First, Second, Third, Fourth, and Fifth Claims in its First Amended Complaint.

                        Respectfully submitted,

|  |  |
|---|---|
|  |   */s/ Ruth Brewer Schuster* |
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4400 Post Oak Parkway., Ste. 2360 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77027 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |
|  |  |
| Christina Sarchio |  |
| Patton Boggs LLP | Patton Boggs LLP |
| 2550 M Street, NW | 2001 Ross Avenue, Ste. 3000 |
| Washington, DC 20037 | Dallas, Texas 75201 |
| 202-457-7527 | 214-758-1500 |
| *Pro Hac Vice Application to be submitted* |  |
| *Counsel for R. Allen Stanford only* |  |

**ATTORNEY IN CHARGE FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on June 22, 2009.

                        */s/Ruth Brewer Schuster*

5032568

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No.: 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § § § | |
| Defendants | § | |

---

**R. ALLEN STANFORD, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, AND STANFORD CAPITAL MANAGEMENT, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FRAUD-BASED CLAIMS**

---

TO THE HONORABLE JUDGE:

COME NOW, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC, Defendants in the above-entitled cause, (hereinafter collectively referred to as the "Defendants"), and file this Brief in Support of its Motion To Dismiss Plaintiff's Fraud-Based Claims:

**I.   ARGUMENT**

Plaintiff SEC has sued R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC and other defendants alleging they orchestrated and/or were involved in a "massive Ponzi scheme." *See* Rec. Doc. 1. Plaintiff filed a Complaint on February 17, 2009 and a First Amended Complaint on February 27, 2009. *See* Rec. Docs. 1 and 48. In the First Amended Complaint, Plaintiff alleges six claims against

various combinations of the defendants for: (1) violations of Section 10(b) of the Securities Exchange Act of 1934 and Exchange Act Rule 10b-5, (2) aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 and Exchange Act Rule 10b-5, (3) violations of Section 17(a) of the Securities Act of 1933, (4) violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, (5) aiding and abetting violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, and (6) violations of Section 7(d) of the Investment Company Act of 1940.[1]

Each of these claims requires a showing of fraud on the part of Plaintiff. Specifically, "[s]ection 17(a) of the 1933 Act, § 10(b) of the 1934 Act, and Rule 10b-5 prohibit the employing of **fraudulent schemes** or the making of material misrepresentations and omissions in offers, purchases, or sales of securities." *SEC v. Brooks*, 1999 U.S. Dist. LEXIS 10858, 4-5, (N.D. Tex. 1999) [footnotes omitted], emphasis added. Thus as to each defendant, Plaintiff must allege facts that, if found to be true, would support its claims that each defendant employed fraudulent schemes or made material misrepresentations and omissions in offers, purchases, or sales of securities. *See Id*. "Additionally, establishing violations of § 17(a)(1) of the 1933 Act, § 10(b) of the 1934 Act, and Rule 10b-5 requires a showing of scienter." *SEC v. Brooks*, 1999 U.S. Dist. LEXIS 10858, 5-6, (N.D. Tex. 1999) [footnotes omitted].

Furthermore, Section 206 of the Investment Advisers Act of 1940 states:

> It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly– (1) to employ any device, scheme, or artifice to defraud any client or

---

[1] On June 19, 2009, the SEC filed a Motion for Leave to Amend their Complaint a third time. The Second Amended Complaint adds three new individual defendants to the action, Gilbert Lopez, Mark Kurht and Leroy King. The Complaint does not add any new claims against the existing defendants, nor does it cure the SEC's failure to meet the heightened pleading requirement for fraud claims pursuant to Federal Rule of Civil Procedure 9(b). We do not consent to the SEC's request for leave. To the extent this Court grants Plaintiff's motion, we respectfully request that this Court dismiss Plaintiff's fraud based claims as alleged in the Second Amended Complaint, which similarly fail to plead fraud with the requisite particularity.

prospective client; (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client[.]

Each of these claims requires the SEC to properly allege fraud with respect to each individual Defendant.[2] In asserting each of the six claims alleged by the SEC in its First Amended Complaint, Plaintiff adopts eighty paragraphs of so-called "facts." Nevertheless, Plaintiff's extensive First Amended Complaint utterly fails to meet the pleading requirements for alleging fraud and neglects to plead the elements of the stated causes of action with any semblance of the required specificity.

Despite the lengthy statement of facts, Plaintiff's Amended Complaint fails to meet the "heightened" pleading requirements for pleading fraud pursuant to Federal Rule of Civil Procedure 9(b).[3] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In cases involving fraud the Fifth Circuit Court of Appeals mandates that,

> Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading.

*United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180 (5th Cir. 2009).

"The purposes of *Rule 9(b)* are threefold: (1) to ensure that the plaintiff has investigated and reasonably believes a fraud has occurred; (2) to provide adequate notice to defendants so that they can respond to the plaintiff's claims; and (3) to protect the reputation of defendants. *See, Kronfeld v. First Jersey National Bank, 638 F. Supp. 1454, 1463 (D.N.J. 1986).* An additional

---

[2] Count Six of Plaintiff's First Amended Complaint alleges Stanford International Bank and Stanford Group Company violated Section 7(d) of the Investment Company Act, which does not involve allegations of fraud.

[3] *See, e.g., Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993), *Reh'g Den'd*, 1993 U.S. App. LEXIS 16369 (5th Cir. 1993) ("Allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8.")

3

purpose of *Fed. R. Civ. P. 9(b)* is to preclude litigants from filing baseless complaints and then 'attempting to discover unknown wrongs.' *D & G Enterprises v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 574 F. Supp. 263, 266 (N.D. Ill. 1983*)*; *Bruss v. Allnet Communication Services, Inc*., 606 F. Supp. 401, 405 (N.D. Ill. 1985)." *Guidry v. Bank of LaPlace*, 740 F. Supp. 1208, 1216 (E.D. La. 1990), aff'd as modified, 954 F.2d 278 (5th Cir. 1992). "This higher standard stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation." *Guidry v. Bank of LaPlace*, 954 F.2d at 288, citations omitted; *see also Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). Although it may already be too late to protect the reputation of Defendants given the SEC's broad ranging, baseless and utterly unsubstantiated allegations, each of the Defendants is entitled to fair notice of the Plaintiff's claims against him so each may fully defend himself. *See id*.

The Fifth Circuit interprets Rule 9(b) strictly. *See Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). "The requisite degree of specificity necessarily depends upon the underlying facts of each particular case, so that no exact rule can be articulated. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067-68 (5th Cir. 1994). However, in order to satisfy the requirement of particularity, the complaint must set forth the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby.' *Tuchman*, 14 F.3d at 1068 (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotations omitted)). In other words, '**Rule 9(b) requires the who, what, when, where, and how to be laid out.**' *Benchmark Electronics, Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th 2003) (quoting *Williams v. WMX Techs*., 112 F.3d 175, 179 (5th Cir. 1997) (internal quotations omitted))." *JPA, Inc. v. USF*

*Processors Trading Corp.*, 2005 U.S. Dist. LEXIS 45658 (N.D. Tex. 2005); emphasis added; *see also*, *Guidry v. Bank of LaPlace*, 954 F.2d at 288 (The facts of each case will guide the courts in applying this standard.)

Rule 9(b)'s particularity requirement applies to federal statutory fraud claims, such as those asserted by the SEC. *See e.g., Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 2009 U.S. App. LEXIS 7133, (5th Cir. 2009). Therefore, Plaintiff must allege facts supporting each element of each claim involving securities fraud with particularity. *See e.g., Shushany*, 992 F.2d at 521.

In its First Amended Complaint, Plaintiff failed to plead or allege all required elements of each of the causes of action it asserts. Plaintiff wholly fails to specify which of the alleged acts and omissions set forth in eighty paragraphs it intends to rely on to support each claim against each defendant. Furthermore, in light of the causes of action asserted, to satisfy Rule 9(b) Plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) each statement, (3) the content of each statement and the manner in which each statement is misleading, **and** (4) what each defendant obtained as a consequence of the fraud. Plaintiff has failed to meet this pleading burden. Plaintiff also neglects to allege with specificity which devices, schemes, artifices, acts, omissions or misrepresentations it attributes to each specific defendant. Rather, Plaintiff simply lumps together the allegations against various combinations of Defendants without providing any specificity. As observed by the Southern District of Florida,

> **Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'** *Bruhl v. Price*

> *WaterhouseCoopers Intern.*, No. 03-23044-Civ, 2007 U.S. Dist. LEXIS 21885, 2007 WL 997362, *3 (S.D. Fla. March 27, 2007) (citing *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). Throughout the Second Amended Complaint, Plaintiffs refer to Defendants collectively as the "Financial Institution Defendants," refer to more than one Defendant, or combine Defendants with PFA when alleging a fraud, rather than identifying specific misrepresentations, omissions, or actions and stating clearly how they are attributable, on which occasions or in which documents, to specific individual Defendants. ... Such allegations are insufficient to state a claim under § 10(b) and Rule 10b-5.

*Cordova v. Lehman Bros.*, 526 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007), emphasis added. Similarly, in this case, Plaintiff's jointly stated allegations fall woefully short of satisfying the requirements of Rule 9(b).

As for the statements and misrepresentations allegedly made by Defendants (and other unspecified persons) in various presentations, brochures and reports, Plaintiff neither identifies specific wording nor indicates to whom the statement is attributable. Additionally, Plaintiff has not alleged with any specificity what portion or section of each document is false or contains a misrepresentation. As discussed above, Plaintiff **must**, at a minimum, identify the who, what, and when with respect to these alleged statements. Additionally, the Fifth Circuit has held that references to agreements without additional guidance to indicate the particular language upon which the claim of fraud is based is insufficient to meet the heightened particularity requirements of 9(b). *JPA, Inc.*, 2005 U.S. Dist. LEXIS 45658, 9-10; *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).

Finally, Plaintiff's unsupported and generalized assertions that Defendants did (or failed to do) certain acts "knowingly" or "grossly recklessly" does not meet Rule 9(b)'s required specificity. *See e.g.*, Rec. Doc. No. 48 at ¶¶84, 87, 92, 95, 98. The Fifth Circuit has held "rote conclusory" allegations that the defendants "knowingly did this" or "recklessly did that" fail to

meet the heightened pleading requirements of Rule 9(b). *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1019 (5th Cir. 1996), citing *Melder v. Morris*, 27 F.3d 1097, 1104 (5th Cir. 1994).

Plaintiff's shortcomings in pleading fraud are illustrated by the following, non-exhaustive list:

- Plaintiff does not clearly allege what each Defendant obtained as a consequence of the alleged fraud.
- Plaintiff fails to allege when each Defendant's alleged acts, omissions and misrepresentations occurred.
- Plaintiff fails to allege what alleged acts, omissions and misrepresentations are attributed to each Defendant.
- Plaintiff does not allege who made each statement, when each statement was made, where it was made, the substance of each allegedly fraudulent statement or misrepresentation or how each statement was misleading.
- Plaintiff does not point to particular statements or wording in specifically identified documents.
- Plaintiff alleges no facts to support the conclusory and unsupported allegation that Defendants acted or failed to act "knowingly" or "grossly recklessly."
- Plaintiff impermissibly groups the Defendants together.

While not intended to include every failing, this list clearly illustrates how wholly insufficient the allegations in Plaintiff's First Amended Complaint are.

## II.    CONCLUSION

Plaintiff's First Amended Complaint fails to meet the heightened pleadings standards required for pleading fraud and should be dismissed either in its entirety or with respect to all allegations of fraud.

## III.    PRAYER

WHEREFORE, Defendants R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC respectfully pray for an order dismissing Plaintiff's Amended Complaint as to Defendants, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC.  In

the alternative, Defendants R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC respectfully pray for an order dismissing any and all fraud allegations, including but not limited to those asserted in Plaintiff's First, Second, Third, Fourth, and Fifth Claims.

                                              Respectfully submitted,

                                              */s/ Ruth Brewer Schuster*

| | |
|---|---|
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4400 Post Oak Parkway., Ste. 2360 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77027 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |
| | |
| Christina Sarchio | |
| Patton Boggs LLP | Patton Boggs LLP |
| 2550 M Street, NW | 2001 Ross Avenue, Ste. 3000 |
| Washington, DC 20037 | Dallas, Texas 75201 |
| 202-457-7527 | 214-758-1500 |
| *Pro Hac Vice Application to be submitted* | |
| *Counsel for R. Allen Stanford only* | |

**ATTORNEY IN CHARGE FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on June 22, 2009.

                                              */s/Ruth Brewer Schuster*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § <br> § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> STANFORD INTERNATIONAL BANK, LTD., ET AL. § <br> § <br> § <br> § <br> § <br> Defendants § | Case No.: 3-09-CV-0298-N |

**ORDER ON R. ALLEN STANFORD, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, AND STANFORD CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S FRAUD-BASED CLAIMS**

On this day came on to be heard Defendants R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC'S ("Defendants") Motion To Dismiss Plaintiff's Fraud-Based Claims, and this Honorable Court, having read the motion and brief in support and considered same, is of the opinion that said motion should be granted.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' Motion To Dismiss Plaintiff's Fraud-Based Claims is granted; and

ORDERED that Plaintiff's Amended Complaint is dismissed in its entirety as to Defendants, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC.;

5032570

2

OR, IN THE ALTERNATIVE, ORDERED that any and all fraud allegations, including but not limited to those asserted in Plaintiff's First, Second, Third, Fourth, and Fifth Claims, are dismissed as to Defendants, R. Allen Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC.;

SIGNED this _____ day of _____ 2009.

_____
PRESIDING JUDGE