IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3-09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### RECEIVER'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY RECEIVERSHIP PROCEEDINGS PENDING DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS L.L.P. (DOC. NOS. 480-81)

Receiver Ralph S. Janvey opposes Defendants'[1] Emergency Motion to Stay Receivership Proceedings Pending Defendants' Motion to Disqualify Baker Botts L.L.P. Such a stay is unwarranted, and would only serve to unnecessarily delay the Receiver's important work and harm the interests of the other parties and persons entangled in this matter.

Although district courts have broad discretion to stay proceedings in the interest of justice and in control of their dockets, "[p]roper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. Amer. Water Works & Elec. Co.*, 299 U.S. 248, 254-55 (1936)). If there is "even a fair possibility that the stay . . . will work damage to some one else," the movant "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

There is more than "a fair possibility" that granting Movants' stay would harm others

---

[1] The Motion was filed by counsel for Defendant R. Allen Stanford, who also purports to represent Defendants Stanford International Bank, Ltd., Stanford Financial Group Company, and Stanford Group Company; the Motion is styled as filed by Mr. Stanford and the three entities.

with interests in this matter. Pursuant to this Court's orders, the Receiver is working diligently to manage the affairs of the Receivership Estate, including tracking down Receivership assets and bringing them under the control of the Receivership Estate. The difficulty of this task increases as time passes, as trails turn cold and those with a motivation to hide or expend these assets have more chances to do so. Even a brief delay in the Receiver's work would likely irreversibly stunt his ability to gather the Receivership property. This in turn will lessen investors' and other creditors' potential recoveries.

Staying the Receivership also would halt the Receiver's processing of account-release applications, and the release of those accounts. And a stay would halt the Receiver's progress in assessing and asserting possible clawback claims in advance of the August 3 deadline the Court set for the Receiver to do so. *See* June 29, 2009 Order (Doc. 533).

Even the other Defendants to this enforcement action would be harmed by a stay. *See* Pendergest-Holt's Response to Certain Defendants' Emergency Motion to Stay Receivership Proceedings (Doc. 492). The Examiner also has opposed the stay, on grounds that it would impair investors' interests.

On the other side of the balance, Movants fail to demonstrate that the continuation of the Receivership pending the Court's consideration of their Motion to Disqualify will result in "a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The Motions to Stay and to Disqualify are devoid of any description or evidence of the confidential and privileged information supposedly in Baker Botts' possession, or explanation of how Baker Botts is using such information against Movants and for the benefit of the Receiver. *See* Brief in Support of Motion to Stay at 4. The facts of the matter are that none of the Defendants has ever been a Baker Botts client; and the firm's brief representation of Allen Stanford's father nearly 25 years

ago bears no significant relationship to its representation of the Receiver in this case.[2]

Movants' unsupported speculation does not justify bringing the Receivership to a halt, particularly when doing so would result in demonstrable harm to others with interests in this matter. The Motion to Stay Receivership Proceedings should be denied.

Dated: July 2, 2009

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s/ Timothy S. Durst
    Kevin Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    1500 San Jacinto Center
    98 San Jacinto Blvd.
    Austin, Texas 78701-4039
    (512) 322-2500
    (512) 322-2501 (Facsimile)

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Dallas, Texas 75201
    (214) 953-6500
    (214) 953-6503 (Facsimile)

    **ATTORNEYS FOR RECEIVER**
    **RALPH S. JANVEY**

---

[2] The Receiver's Brief in Opposition to the Motion to Disqualify Baker Botts sets out more details regarding the firm's representation of James Stanford between October 1985 and February 1986. That brief was filed under seal, as Allen Stanford's counsel requested.

## CERTIFICATE OF SERVICE

On July 2, 2009, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the Court-appointed Examiner John J. Little and all counsel and/or pro se parties of record electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Timothy S. Durst
Timothy S. Durst