IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br>    Defendants | §<br>§<br>§<br>§   CIV. ACTION NO.3-09CV0298-N<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANTS' AMENDED REPLY TO RECEIVER'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY RECEIVERSHIP PROCEEDINGS PENDING DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS L.L.P.

TO THE HONORABLE JUDGE:

COME NOW, DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, and R. ALLEN STANFORD, (hereinafter "Defendants"), who file this amended reply[1] to Receiver Ralph S. Janvey's ("Receiver") Response to Defendants' Motion to Stay Receivership Proceedings Pending Defendants' Motion to Disqualify Baker Botts L.L.P. ("Baker Botts") and respectfully show the Court as follows:

Defendants have shown it is improper for Baker Botts to act while the Motion to Disqualify is pending before this Court. The Receiver has not and cannot dispute this limitation on Baker Botts; thus the Receiver has no legal basis to continue administration of the Estate act under the guidance and counsel of Baker Botts.

---

[1] This is an amendment to Document 605, filed earlier today.

Further, despite the Receiver's protestations in his response to Defendants' Motion to Stay that he was "working diligently to manage the affairs of the Receivership Estate ("Estate")…,"[2] the fact remains that he has admittedly shut down and given away viable Estate businesses, thereby failing to fulfill his duty to protect the Estate. The Order Appointing Receiver issued by this Court on February 17, 2009, as well as the amended Order Appointing Receiver, entrusts the Receiver with the overarching duty to preserve the assets of the Estate.[3] Instead, the Receiver's actions taken thus far, aided by the counsel of Baker Botts, have irreparably damaged the Estate, causing not only severe hardship and inequity to the Defendants, but also to the investors and claimants to the Estate. A stay of the receivership proceeding is absolutely necessary to stem the bleeding and waste of the Estate assets by the Receiver.

As discussed at length in Defendants' Response in Opposition to the Receivers' Motion for Approval of Interim Fee Application and Procedures for Future Compensation and Fees and Brief in Support[4], the Receiver shut down the Stanford businesses without engaging in a meaningful financial analysis beforehand of whether said businesses were viable and could continue to operate and bring in new revenue into the Estate. It was only afterwards, when the Stanford businesses had been shuttered for good, that the Receiver admitted that these businesses were viable prior to his hasty action to shut them down.[5] The Receiver then proceeded to conduct a virtual "fire sale" of other Estate assets, selling them at drastically under-market prices, like he did with the Stanford banks in Venezuela and Panama and with Stanford real estate in Switzerland; or by simply giving them away, as was the case with the Stanford

---

[2] *See* Rec. Doc. 554.
[3] *See* Rec. Docs. 10 & 157.
[4] *See* Rec. Doc. 439. Defendants hereby incorporate fully herein by reference Defendants' Response in Opposition to the Receiver's Motion for Approval of Interim Fee Application and Procedures for Future Compensation of Fees and Expenses and Brief in Support.
[5] *Id.* at pp. 9-10.

brokerage company portfolios gifted to Oppenheimer.[6]  These concrete examples of the Receiver's breach of his fiduciary duty to the Estate and fiscal irresponsibility clearly show the danger that now exists to the Estate and to any other party with an interest in it.  Even the most casual observer would be hard pressed to determine how these numerous actions could be considered beneficial to the Estate.  And again, the Receiver gave away these precious Estate assets under the watchful eye and assistance of his counsel Baker Botts.

With all due respect to co-Defendant Laura Pendergest-Holt ("Pendergest-Holt") and the Examiner, who oppose a stay of the Receivership proceedings, the Estate, and by extension the Defendants, investors and other claimants, will only be harmed greater than they already have if the Receiver is allowed to continue to waste Estate assets.

Defendants do not seek to interfere with Pendergest-Holt, or any other party, conducting discovery in this matter through their request for a stay of the Receivership proceedings.  However, at this point, discovery has yet to begin, and a Rule 26(f) conference has not even taken place, despite the request for same by the Defendants.  There is no trial date set in this case, thus no any interested party will suffer any "hardship" as a result of staying all Receivership matters in this action for the relatively short period before the Court rules on the Motion to Disqualify Baker Botts.

Clearly, Defendants will be unfairly prejudiced and irreparably harmed if the Receiver *and* Baker Botts are allowed to continue their "management" of the Receivership estate.  As noted in Defendants' Motion to Stay, the swift dismantling of the Defendants' holdings by the Receiver thus far suggests a familiarity with the operation of the businesses that only Baker Botts, as one of the creators of the business structure, organization and practices of the Defendants, would possess.

---

[6] *Id.* at pp. 10-11, 14-15.

The Receiver's outlandish claim in his response to this Motion for Stay that Baker Botts never had any meaningful or relevant attorney-client relationship to the Defendants, or to any of its officers, would be laughable were it not for the serious and grave issues at stake for the Estate. Defendants will conclusively show the Court that Baker Botts previously represented Allen Stanford and Stanford International Bank, Ltd. in substantially related matters to the instant matter in which they now represent the Receiver, but in a position now adverse to its former clients. Therefore, Baker Botts, must be disqualified from representing the Receiver.

The serious nature of Baker Botts' conflict of interest warrants imposition of a stay of all Receivership proceedings pending a ruling on Defendants' Motion to Disqualify Baker Botts as counsel for the Receiver. Denial of a stay serves only to perpetuate a clear and ongoing conflict of interest involving Baker Botts, causing irreparable harm to the Estate, the Defendants and all interested parties. Defendants respectfully request that they be granted a stay of all Receivership proceedings pending the Court's ruling on Defendants' Motion to Disqualify Baker Botts L.L.P.

Respectfully submitted,

__/s/ Ruth Brewer Schuster__

| | |
|---|---|
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4400 Post Oak Parkway., Ste. 2360 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77027 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |

**ATTORNEY IN CHARGE FOR DEFENDANT**

Christina Sarchio
| | |
|---|---|
| Patton Boggs LLP | Patton Boggs LLP |
| 2550 M Street, NW | 2001 Ross Avenue, Ste. 3000 |
| Washington, DC 20037 | Dallas, Texas 75201 |
| 202-457-7527 | 214-758-1500 |

*Pro Hac Vice Application to be submitted*
*Counsel for R. Allen Stanford only*

4

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 17, 2009.

        */s/Ruth Brewer Schuster*