IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09CV0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants | § | |

**DEFENDANTS' MOTION FOR ORAL HEARING ON
DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS LLP
AND REQUEST FOR SEQUENCE OF CONSIDERATION OF RELATED MOTIONS,
AND MEMORANDUM IN SUPPORT**

COME NOW, DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, and R. ALLEN STANFORD, (hereinafter "Defendants"), who file this motion for oral hearing on their Motion to Disqualify Baker Botts, LLP ("Baker Botts"), and request for sequence of consideration of other related motions, pursuant to Federal Rules of Civil Procedure 6 & 7, and Local Rule 7.1., and respectfully show the Court as follows:

**I. BACKGROUND**

On June 16, 2009, Defendants filed their Motion to Disqualify Baker Botts, LLP, and brief in support (Motion to Disqualify"), seeking removal of Baker Botts as counsel for the Receiver Ralph Janvey ("Receiver") due to a conflict of interest caused by Baker Botts' previous representation of one or more of the Stanford defendants involved in this lawsuit.[1] The Receiver

---

[1] *See* Rec. Docs. 478 & 479.

1

filed his response to the Motion to Disqualify on June 30, 2009,[2] and Defendants filed their reply to the Receiver's response on July 17, 2009.[3] The Motion to Disqualify has now been fully briefed by the parties. Defendants request that an oral hearing in the Court's Chambers be granted for the Motion to Disqualify due to the serious nature of the motion and the far reaching implications the Court's ruling on this motion will have on the outcome of the case. Further, Defendants request that the Court rule on its previously filed Motion to Stay The Receivership Proceedings Pending Defendants' Motion to Disqualify Baker Botts, LLP ("Motion to Stay Receivership Proceedings"), prior to ruling on the Motion to Disqualify, and consider the Receiver's Motion for Approval of Interim Fee Application and Procedures for Future Compensation of Fees and Expenses and Brief in Support ("Motion for Approval of Interim Fee Application"), only after the Court considers the first two motions, and after necessary discovery is conducted by the parties in regards to the fees sought by the Receiver.

## II.  ARGUMENT AND AUTHORITIES

**A.  Request for Oral Hearing on Defendants' Motion to Disqualify Baker Botts, LLP**

A party seeking an oral hearing on a motion bears the responsibility of making a timely request and of convincing the court of the need for an oral hearing.[4] As stated above, now that the Motion to Disqualify has been fully briefed as of Friday, July 17, 2009, Defendants now timely request an oral hearing to assist the Court in considering the motion. An oral hearing is necessary due to the serious nature of the concerns set forth in the Motion to Disqualify.

As this Court is aware, the Fifth Circuit has held that conflict of interest issues raise serious implications on the future litigation of cases for all parties involved, especially when the

---

[2] Filed under seal on June 30, 2009.
[3] Filed under seal on July 17, 2009.
[4] *See General Contracting & Trading Co. v. Interpole, Inc*., 899 F.2d 109 (1st Cir. 1990).

2

conflict arises due to counsel for a party having previously represented and advised an adverse party on a related issue that has bearing in the instant suit. Such is the case in this matter with the Receivers' counsel Baker Botts' admitted previous representation of one or more of the Stanford Defendants. In the instant matter, Defendants, investors and all interested parties will be unfairly prejudiced and irreparably harmed if the Receiver *and* Baker Botts are allowed to continue their "management" of the Receivership Estate, which has become a liquidation, rather than preservation, of the Estate. The swift dismantling of the Defendants' holdings by the Receiver thus far suggests a familiarity with the operation of the businesses that only Baker Botts, as one of the creators of the business structure, organization and practices of the Defendants, would possess. It cannot be stressed enough how this conflict of interest by Baker Botts also affects the litigation of this case by the SEC, and by the United States in the Stanford criminal proceeding, as the Receiver and Baker Botts have admitted that they have been assisting the SEC and the United States in the investigation of their cases.

     Oral hearing is necessary in order for the Court to be fully apprised of the scope of the implications and severity of the conflict asserted in the Motion to Disqualify and be able to ascertain firsthand the inaccuracy of Baker Botts' unsupported assertion that it did not represent the Stanford defendants involved in this matter or, alternatively did less than 6 hours of work in less than one calendar year for a "related party." Oral argument would assist the Court with understanding the scope of Baker Botts' prior representation of Stanford entities and the scope of the conflict in this matter. Defendants believe the full scope and breadth of this motion cannot be fully appreciated on written motion practice alone. Defendants request an oral hearing on their Motion to Disqualify for argument only.

Accordingly, Defendants respectfully request that this Court grant an oral hearing on Defendants' Motion to Disqualify.

**B.    Request for Sequence of Consideration of Related Motions**

No less important than their request for oral hearing above, Defendants also request that this Court consider the Motion to Disqualify, along with Defendants' Motion to Stay Receivership Proceedings, and the Receiver's Motion for Approval of Interim Fee Application, in a particular sequence or order.

Defendants respectfully request that the Court rule first on Defendants' Motion to Stay Receivership Proceedings, as it seeks a stay of the Receivers' actions until the Court rules on the Motion to Disqualify. Next, Defendants request that the Court, after oral hearing, rule on Defendants' Motion to Disqualify. Lastly and only after the parties are allowed to conduct discovery as to the basis and reasonableness of the fees sought by the Receiver and his counsel and consultants, should the Court consider the Receiver's Motion for Approval of Interim Fee Application.

Defendants respectfully request that this Court consider said motions in this sequence, as each motions bears on the successive motion.

### III.  CONCLUSION

Defendants respectfully request that they be granted an oral hearing on their Motion to Disqualify Baker Botts, LLP, and that the Court consider said motion and the other related motions in the sequence outlined above.

4

|  | Respectfully submitted, |
|---|---|
|  |     */s/ Ruth Brewer Schuster* |
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4900 Woodway, Ste. 900 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77056 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |

**ATTORNEY IN CHARGE FOR DEFENDANT**

| Christina Sarchio | |
|---|---|
| Patton Boggs LLP | Patton Boggs LLP |
| 2550 M Street, NW | 2001 Ross Avenue, Ste. 3000 |
| Washington, DC 20037 | Dallas, Texas 75201 |
| 202-457-7527 | 214-758-1500 |

*Pro Hac Vice Application to be submitted*
*Counsel for R. Allen Stanford only*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 22, 2009.

    */s/Ruth Brewer Schuster*

## CERTIFICATE OF CONFERENCE

    I HEREBY CERTIFY that I have complied or attempted to comply with the meet and confer requirement in Local Rule 7.1 regarding Defendants' Motion for Oral Hearing on Defendants' Motion to Disqualify Baker Botts, LLP, and Request for Sequence of Consideration of Related Motions ("the Motion").  Counsel for the Receiver indicated that the Receiver is opposed to the Motion.  Counsel for Defendant Laura Pendergest-Holt and the Examiner are not opposed to the motion for oral hearing, but are opposed to the request for sequence of consideration of related matters.  The SEC and the United States (IRS) did not state a position as to the motion for oral hearing, but are opposed to the request for sequence of consideration of related matters.  We attempted to contact counsel for Defendant James Davis regarding the motion but have not received a response as of the time of filing, and thus will assume that Davis is opposed to the Motion.

    */s/ Ruth Brewer Schuster*

Page 5: [1] Deleted    Dara Petersen    7/22/2009 12:40:00 PM
----------------------------------------------Page Break----------------------------------------------

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09CV0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants | § | |

## ORDER

On this day came on to be heard DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, and R. ALLEN STANFORD's ("Defendants") Motion for Oral Hearing on Defendants' Motion to Disqualify Baker Botts, LLP, and Request for Sequence of Consideration of Related Motions in the above referenced case, and this Honorable Court, having read the motion and brief in support and considered same, is of the opinion that said motion should be granted.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Oral Hearing on Defendants' Motion to Disqualify Baker Botts, LLP, and Request for Sequence of Consideration of Related Motions is granted; and

ORDERED that an oral hearing on Defendants' Motion to Disqualify Baker Botts, LLP, will be held in the Court's Chambers on _____, 2009, at _____ a.m./p.m. (CT); it is further

ORDERED that the Court will consider the following motions in the order they are enumerated below:

1. Defendants' Motion to Stay The Receivership Proceedings Pending Defendants' Motion to Disqualify Baker Botts, LLP;

2. Defendants' Motion to Disqualify Baker Botts, LLP; and

3. Receiver's Motion for Approval of Interim Fee Application and Procedures for Future Compensation of Fees and Expenses and Brief in Support (only after necessary discovery is conducted by the parties in regards to the fees sought by the Receiver).

SIGNED this _____ day of _____ 2009.

_____
PRESIDING JUDGE