IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 3:09-CV-0298-N | |
| § | | |
| STANFORD INTERNATIONAL BANK, LTD., § | | |
| STANFORD GROUP COMPANY, § | | |
| STANFORD CAPITAL MANAGEMENT, LLC, § | | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and § | | |
| LAURA PENDERGEST-HOLT, § | | |
| § | | |
| Defendants. § | | |

**RECEIVER'S RESPONSE TO R. ALLEN STANFORD'S MOTION TO AMEND THE RECEIVERSHIP ORDER FOR THE LIMITED PURPOSE OF ALLOWING FOR THE CERTIFICATION OF THE ANNUAL RETURNS OF CERTAIN ANTIGUAN CORPORATIONS (DOC. 557)**

Allen Stanford asserts that eleven Antiguan entities are under his current control, are not subject to this Court's jurisdiction, and are not part of the Receivership. Stanford bases these assertions, in part, on the judgment in the SIB liquidation proceedings wherein the Antiguan court refused to recognize this Court's jurisdiction, a judgment that the Receiver is appealing. Stanford asks this Court to amend the Amended Order Appointing the Receiver to permit him, as the sole shareholder and director of these companies, to certify "annual returns" that he states have been prepared by his Antiguan counsel, but which have not been provided to the Receiver or filed in this Court. According to Stanford, if he is not permitted to certify these returns, the companies will be prohibited from operating in Antigua. The Court should deny Stanford's motion and order him to designate the Receiver as his agent in Antigua to conduct

business and perform any legally required acts on behalf of these corporations that the Receiver deems, in his sole discretion, to be in the best interest of the Receivership Estate.

This Court has exclusive jurisdiction over the defendants and all entities they own or control, and has placed all of them under Receivership without exception. Amended Order, Doc. 157 at ¶ 1. This Court has found that Allen Stanford previously approved Stanford International Bank Ltd.'s ("SIB") financial statements which reported investment income that SIB did not actually earn. Preliminary Injunction, Doc. 159 at ¶ 17. He did this in furtherance of a multi-billion dollar fraud on thousands of investors. Temporary Restraining Order, Doc. 8 at ¶¶ 5-6, 11. Stanford has pleaded the Fifth Amendment and refused to provide information regarding, among other things, the very entities that are subject of his motion. Declaration of Robert Allen Stanford at ¶ 2(B), (C), attached as Appendix 1-3.

Any relaxation of this Court's orders to permit Allen Stanford to conduct any business or certify any legal documents regarding any Stanford entities would further jeopardize the investing public and risk the dissipation and misappropriation of Estate assets.

## I. FACTUAL BACKGROUND

This Court assumed exclusive jurisdiction and appointed the Receiver over all assets and records of the defendants and all entities they own or control, "wherever located." Doc. 157 at ¶ 1. The Receiver is authorized to have complete and exclusive control over the Receivership Estate and to manage and direct the business and financial affairs of the defendants. *Id*. at ¶¶ 4, 6.

At the same time, the Court entered a Temporary Restraining Order and granted other relief, finding good cause to believe that defendants were violating the securities laws, and would continue to do so unless enjoined. TRO, Doc. 8 at ¶ 4-5. Moreover, the Court found good cause to believe that defendants would dissipate assets and that some assets were located

abroad. *Id*. at ¶ 6. Defendants were enjoined from expending any funds under their control, ordered to make an interim accounting, and ordered to repatriate assets to the United States. *Id*. at ¶¶ 5, 8, 15.

Allen Stanford then filed a declaration asserting his Fifth Amendment right against self incrimination. Declaration, attached as Appendix 1-3. Stanford refused to testify, produce an accounting, or produce any documents related to the following subjects, among others: (1) his personal assets; (2) assets of any entities, domestic or foreign, in which he holds an interest or over which he exercises control; (3) any conduct related to any entities, owned or controlled, directly or indirectly, by him; (4) the destruction of documents; and (5) any transfer of SIB CD investor funds to any entity located outside the United States. *Id*. at ¶ 2(B), (C), (E), (F).

A Preliminary Injunction is currently in effect against Allen Stanford. Preliminary Injunction, Doc. 159. Stanford failed to comply with the Court's first order to provide an accounting and repatriate assets obtained from his fraudulent activities. *Id*. at ¶¶ 5-6. This Court has found that Stanford misappropriated investor funds, made material misrepresentations regarding SIB's CD program, approved SIB financial statements that reported investment income that SIB did not earn, and lied regarding a capital infusion into SIB. *Id*. at ¶¶ 11, 17, 18. Stanford is presently enjoined from expending any funds in his possession or under his control. *Id*. at IV. He has also been ordered for a second time to provide an accounting and repatriate assets to the U.S. *Id*. at ¶¶ VII, XIII.

Although Stanford filed an interlocutory appeal of the Order and Amended Order Appointing the Receiver and the Preliminary Injunction against him, he later moved for a

voluntary dismissal of the appeal. Notice of Appeal, Doc. 323. The Fifth Circuit granted the motion and dismissed the appeal. Order of Dismissal, Doc. 570.

Stanford has now moved the Court to amend the Receivership Order to permit him to certify the annual returns of eleven Antiguan corporations of which he is the sole shareholder and director. Doc. 557 at 1. Stanford asserts that he currently "controls" these corporations and that they are not subject to this Court's jurisdiction or the Receivership. *Id*. at 2. He seeks leave to certify annual returns prepared by his Antiguan lawyer but has not provided these returns to the Receiver or filed them with the Court. *Id*. at 3. Stanford asserts that this certification is required so that the corporations can continue to be registered to conduct business in Antigua. *Id*. at 4. Finally, Stanford seeks this Court's consent to authorize his Antiguan counsel to perform the ministerial acts necessary to maintain the good corporate standing of these eleven Antiguan companies in the future. *Id*. at 5.

## II. ARGUMENT AND AUTHORITIES

**A. This Court has jurisdiction over the eleven Antiguan corporations, which are under Receivership.**

Allen Stanford does not dispute that this Court possesses subject matter jurisdiction over the SEC's claims and personal jurisdiction over him. The Texas Supreme Court recently restated the long-standing rule that a court will disregard corporate separateness where the corporate form has been used for a fraudulent purpose:

> We disregard the corporate fiction, even though corporate formalities have been observed and corporate and individual property have been kept separately, when the corporate form has been used as part of a basically unfair device to achieve an inequitable result. Specifically, we disregard the corporate fiction:
>
> (1) when the fiction is used as a means of perpetrating fraud;

>    (2) where a corporation is organized and operated as a mere tool or business conduit of another corporation;
>
>    (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;
>
>    (4) where the corporate fiction is employed to achieve or perpetrate monopoly;
>
>    (5) where the corporate fiction is used to circumvent a statute; and
>
>    (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.
>
>    Each example involved an element of abuse of the corporate structure, including example (2), alter ego; in that situation, we specifically stated, "holding only the corporation liable would result in injustice."

*SSP Partners*, 275 S.W.3d at 454 (quoting *Castelberry v. Branscum*, 721 S.W.2d 270, 271-72 (Tex. 1986)); *see also id*. at 455 (quoting Article 2.21 of Texas Business Corporations Act). In this case, the Court placed defendants, and all entities they owned or controlled, into Receivership because they were used as a means of perpetrating a fraud. Because each of the Stanford entities was "organized and operated as a mere tool or business conduit" of each other Stanford entity, and of Stanford himself, this Court should disregard the separate corporate structure of the companies.

When a court possesses jurisdiction over one defendant, personal jurisdiction exists over that defendant's corporate alter egos as well. *Carlmont Capital Special Purpose Corp. v. Anderson*, 285 Fed. Appx. 185, 186-87 (5th Cir. 2008) ("We find no reversible error in the district court's denial of Appellant Anthony Anderson's motion to dismiss for lack of personal jurisdiction. In particular, the record fully supports the district court's finding that Anderson was the 'alter ego' of Health II of Texas LLC ('Health II'), an entity indisputably subject to personal jurisdiction in that court. The district court therefore properly exercised

personal jurisdiction over Anderson."); *SEC v. Montle*, 65 Fed. Appx. 749 (2d Cir. 2003) (jurisdiction existed over individual defendant and thus over foreign corporation owned and controlled solely by him).

The evidence adduced by the Receiver's investigation indicates that Stanford International Bank, and more than 140 other Stanford Entities, were owned and controlled virtually 100%, directly or indirectly, by Allen Stanford. These entities were operated as a single scheme to perpetrate a massive fraud. Because this Court has personal jurisdiction over Allen Stanford and Stanford Group Company, it likewise possesses personal jurisdiction over their corporate alter egos, including Stanford Bank Holding Ltd., Sun Printing and Publishing Ltd., Sun Publishing Ltd., The Sticky Wicket Ltd., Antigua Athletic Club Ltd., The Antigua Sun Ltd., Stanford Development Company Ltd., Porpoise Industries Ltd., Gilbert Resort Development Ltd., Maiden Island Holding Ltd., and Pelican Island Properties Ltd.

These entities are part of the Receivership Estate over which the Receiver has the sole and exclusive power and authority to manage and direct the business and financial affairs. Doc. 157 at ¶ 6.

**B.   This Court has jurisdiction to order Allen Stanford to appoint the Receiver as his agent over the Antiguan entities.**

Allen Stanford has moved this Court for leave to appoint his Antiguan counsel to perform any acts in the future that are required by Antiguan law on behalf of the eleven Antiguan corporations . Doc. 557 at 5. This Court's personal jurisdiction over Allen Stanford gives it the power to order him to appoint the Receiver his agent for the purpose of certifying the annual returns of the entities or any other legally required action if the Receiver determines, in his sole discretion, that it is in the best interest of the Estate to do so. *See U.S. v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962) (court ordered U.S. citizen, resident of Bahamas, to turn over to receiver stock

certificates located in Bahamas for Bahamian corporation and Liberian corporation, neither of which conducted any business in U.S.).

This Court should deny Stanford's motion and order him to execute the legal instruments necessary to appoint the Receiver his agent for the eleven Antiguan entities with the authority to perform any acts required by Antiguan law, if the Receiver determines in his sole discretion that such acts are in the best interest of the Estate.

**C.     The Court should deny leave for Stanford to certify annual returns that have not been produced to the Receiver or the Court on behalf of companies for which he refuses to disclose any information.**

Stanford has unequivocally refused to provide any information regarding the eleven Antiguan entities that are the subject of his motion. He will not provide this Court with information regarding assets held by these entities, any conduct related to these entities, or any transfer of SIB CD investor funds to these entities. Appdx at ¶ 2. Therefore, the Court is permitted to infer that Stanford's testimony and the information he could provide would be adverse to his interests. *See GE Capital Commercial Inc. v. Wright & Wright Inc.*, 2009 WL 1148235, *3 (N.D. Tex. 2009) ("Because Prather invoked his Fifth Amendment rights when questioned about these transfers during his deposition, the court may draw an adverse inference against him. '[I]t is well-settled that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'") (citation omitted); *SEC v. Homa*, 2004 WL 1474580, *3 (N.D. Ill 2004) ("From his assertion of his Fifth Amendment right against self incrimination, the Court can and, under the circumstances, does draw the inference that Roof's testimony would have been detrimental to his interest in mitigating damages."); *Breeden v. Kirkpatrick & Lockhart LLP*, 268 B.R. 704, 712 n.6 (S.D.N.Y. 2001) ("Having invoked such privilege, the Court is permitted to -

and does - draw an adverse interest against Bud and Kathleen with respect to their involvement in the [Ponzi] scheme.").

Stanford's invocation of the Fifth Amendment permits the Court to conclude that these eleven Antiguan entities hold Estate assets that should be under the Receiver's exclusive control, that these entities were instruments in Stanford's fraudulent scheme, and that SIB CD investor funds were diverted to these entities. Moreover, Stanford is asking this Court to permit him to engage in some of the very conduct this Court has found fraudulent already: certifying corporate documents. Stanford has not produced the annual returns that are the subject of his motion to the Receiver or filed them with the Court. Stanford has produced no evidence that these Antiguan entities and the annual returns he seeks to certify are anything other than a vehicle for him to continue his multi-billion dollar fraudulent scheme from his prison cell. If Stanford is ordered to designate the Receiver his agent for these entities, he will be prevented from further acts to dissipate and conceal Estate assets.

### III. CONCLUSION AND PRAYER FOR RELIEF

The Receiver asks the Court to deny Allen Stanford's motion to amend the Amended Order Appointing the Receiver and to enter an order that Allen Stanford execute whatever legal instruments are required to designate the Receiver his agent, authorized to conduct all business in Antigua on behalf of the Antiguan entities.

Dated: July 24, 2009

                            Respectfully submitted,

                            Baker Botts L.L.P.

                            By: /s/ Kevin M. Sadler
                                 Kevin Sadler
                                 Texas Bar No. 17512450
                                 kevin.sadler@bakerbotts.com
                                 Robert I. Howell
                                 Texas Bar No. 10107300
                                 robert.howell@bakerbotts.com
                                 David T. Arlington
                                 Texas Bar No. 00790238
                                 david.arlington@bakerbotts.com
                                 1500 San Jacinto Center
                                 98 San Jacinto Blvd.
                                 Austin, Texas 78701-4039
                                 (512) 322-2500
                                 (512) 322-2501 (Facsimile)

                                 Timothy S. Durst
                                 Texas Bar No. 00786924
                                 tim.durst@bakerbotts.com
                                 2001 Ross Avenue
                                 Dallas, Texas 75201
                                 (214) 953-6500
                                 (214) 953-6503 (Facsimile)

                            **ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

      On July 24, 2009 I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      /s/ Kevin M. Sadler
      Kevin M. Sadler