IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § | CIV. ACTION NO. 3-09CV0298-N |
| | § | |
| v. | § | |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § | |
| | § | |
| Defendants | § | |

**DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD WITH RESPECT TO
MOTION TO DISQUALIFY BAKER BOTTS L.L.P.**

TO THE HONORABLE JUDGE:

COMES NOW, DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD FINANCIAL GROUP COMPANY, STANFORD GROUP COMPANY, and R. ALLEN STANFORD, (hereinafter "Defendants"), who file this Motion to Supplement the Record With Respect to Defendants' Motion to Disqualify Baker Botts L.L.P. ("Baker Botts") pursuant to Local Rule 7.1 and respectfully show the Court as follows:

**SUMMARY OF MOTION**

On July 24, 2009 Baker Botts sent a letter to the Court supplementing its response to Stanford's motion to disqualify. Aside from the questionable practice of addressing a letter to the Court in connection with a pending motion, Baker Botts for the first time in that letter assert that Guardian International Bank (now named Stanford International Bank) was first formed in 1990, after Baker Botts allegedly ceased representing Stanford. The client file which Baker Botts furnished Stanford in response to subpoena reflects that Guardian International Bank was

1

529664

formed in 1985 and that Baker Botts provided advice in connection with the formation of the bank. This assertion in Baker Botts' July 24 letter raises the concern that Baker Botts may not have previously furnished the Court with the same file it produced in response to the subpoena. Therefore, Defendants seek leave under Local Rule 56.7, to file supplemental evidence. Specifically, Defendants seek to forward to the Court a copy of the Baker Botts file given to them by the Receiver.

Defendants note under Fifth Circuit law, Baker Botts' July 24, 2009 letter to the Honorable Judge Godbey is outside of the purview of the documents to be considered by the Court in the Resolution of the Motion to Disqualify Baker Botts. However, Defendants file this Motion to Supplement the Record out of an abundance of caution given the discrepancy between the file provided to Defendants and the file cited in the July 24, 2009 Letter.

## ANALYSIS AND AUTHORITIES

In the Northern District of Texas, "courts will permit supplements to the evidentiary record for good reason."[1] Defendants did not attach the attorney-client file at issue in the instant litigation in its Motion to Disqualify Baker Botts, but rather withheld it for *in camera* review,[2] so that it would not be available for the parties, such as the Securities and Exchange Commission, to review, as is the case when a document is filed under seal. Nevertheless, without leave of its client, Baker Botts in its Sealed Brief In Opposition to the Motion to Disqualify, represented that it delivered the file to the Court.[3] Baker Botts further maintained that it "delivered the file [at issue in the instant motion] to Defendants' counsel."[4] Given Baker Botts' representation that it

---

[1] *Hyde v. Hoffman-La Roche Inc.,* 3:04-CV-1473-B, 2008 U.S. Dist. LEXIS 57683, *12 (N.D. Tex. 2008).
[2] *See* Rec. Doc. 479 at n. 11.
[3] *See* Sealed Brief In Opposition to Motion to Disqualify Baker Botts.
[4] *See id.*

2

529664

submitted the identical file to the Court, Defendants did not forward the file to the Court with its Reply to the Receiver's Response.

Baker Botts' July 24th letter contains the troubling assertion that the Bank, "was formed in December 1990."[5] However, documentation in the file provided by Baker Botts to Defendants indicates a 1985 formation date.[6] This discrepancy indicates that the file Baker Botts provided to the Court materially differs from the file Baker Botts provided to Defendants. Therefore, there is good reason to allow Defendants to supplement the evidentiary record, with its copy of Baker Botts' file, so that there is no misunderstanding as to what documents the Court has access to in order to rule on this very important motion. Allowing the supplementation of the record will cause no prejudice to Baker Botts because the file was in Baker Botts' possession before it was given to Defendants.

In the July 24, 2009 letter, Baker Botts concedes that, Guardian International Bank Limited is the same entity as Stanford International Bank, referring to, "the currently existing Antiguan bank, initially named Guardian International Bank Limited before changing its name to Stanford International Bank." [7] Thus, the fact that the bank was formed *during the period of representation by Baker Botts, and with it advice* may well be dispositive.

Baker Botts seeks to supplement its argument in a private document, rather than adhering to Local and Federal Rules by seeking leave to file a surreply. Northern District of Texas Rule 5.1 states that, "a pleading, motion, or other paper that the Federal Rules of Civil Procedure permit or require to be filed . . . must not be sent directly to the presiding judge." N.D. Tex. Rule 56.7 prohibits the filing of non-compulsory supplemental materials "without permission by the

---

[5] *See id.*
[6] *E.g.,* Certificate of Incorporation, Attached as Exhibit A.
[7] *See* July 24, 2009 Letter.

presiding judge."[8] There is no indication Baker Botts sought permission to supplement its argument informally through correspondence with the presiding judge or formally, by way of seeking permission to file a surreply. Nor did Baker Botts conference with other interested parties before it sought to file a surreply, as would have been required under the local rules. Given that a full week elapsed between the filing of Defendants' Reply to the Receiver's Response to Defendants' Motion to Disqualify, and Baker Botts' private and unfiled letter to the Court, there is no reason why Baker Botts could not provide notice to the other parties or properly motion the court for leave.

Lack of permission aside, it is troubling that Baker Botts chose to seek a private audience with the presiding judge. Baker Botts has made a $5.8 million claim on the Estate, placing it in competition with investors for Estate assets.[9] Furthermore, the sanctity of the attorney-client privilege within the Fifth Circuit is an issue impacting the general public seeking legal services. Therefore, motion practice with respect to the disqualification of Baker Botts should not be obscured from the public record.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request the Court grant their Motion to Supplement the Record With Respect to Defendants' Motion to Disqualify Baker Botts L.L.P.

                                                                                                               */s/ Ruth Brewer Schuster*

Michael D. Sydow                                          Ruth Brewer Schuster

---

[8] *See Salem Radio Representatives, Inc. v. Can Tel Market Support Group*, 114 F. Supp. 2d 553, 556 n. 1 (N. D. Tex. 2000); *McFadden v. Seagoville State Bank*, 3:08-CV-0467-B, 2009 U.S. Dist. LEXIS 693, *7 (N.D. Tex., January 6, 2009); *Thomas v. Johnson*, 3:06-CV-2166-AH, 2008 U.S. Dist. LEXIS 47277, *10 (N.D. Tex., June 17, 2008); *McCown v. U.S. Personnel, Inc.*, 3:05-CV-1582-M, 2006 U.S. Dist. LEXIS 69355, *26 (N.D. Tex., 2006); *Bergen v. Continental Casualty Co.*, 3:04-CV-0428-H; 2005 U.S. Dist. LEXIS 5943, *3 (N.D. Tex., April 7, 2005).
[9] *See* Rec. Doc. 384.

4

529664

| | |
|---|---|
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4400 Post Oak Parkway, Ste. 2360 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77027 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |

**ATTORNEYS FOR ALL DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 26, 2009.

            */s/Ruth Brewer Schuster*

## CERTIFICATE OF CONFERENCE

     I HEREBY CERTIFY that I have complied or attempted to comply with the meet and confer requirement in Local Rule 7.1. I contacted Mr. Sadler, of Baker Botts; Mr. Tillotson, counsel for Lara Pendergest-Holt; Mr. Lena, counsel for U.S.D.O.J. (IRS); Mr. Reece, counsel for the SEC; and Mr. Little, Court-appointed Examiner. Mr. Sadler opposes the Motion and the other counsel were unavailable for comment.

            */s/ Ruth Brewer Schuster*

529664

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09CV0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants | § | |

**ORDER ON
DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD**

On this day came on to be heard DEFENDANTS, STANFORD INTERNATIONAL BANK, LTD., STANFORD FINANCIAL GROUP COMPANY, STANFORD GROUP COMPANY, and R. ALLEN STANFORD's ("Defendants") Motion to Supplement the Record With Respect to Defendants' Motion to Disqualify Baker Botts L.L.P. ("Baker Botts") in the above referenced case, and this Honorable Court, having read the motion and brief in support and considered same, is of the opinion that said motion should be granted.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Supplement the Record is granted.

SIGNED this _____ day of _____ 2009.

529664

# EXHIBIT A

Certificate No. 27/1985

## COLONY OF MONTSERRAT

### CERTIFICATE OF INCORPORATION

OF

GUARDIAN INTERNATIONAL BANK LIMITED

I, ENA J.C. WOODSTOCK, REGISTRAR OF THE HIGH COURT OF JUSTICE for the Colony of MONTSERRAT, DO HEREBY CERTIFY that

GUARDIAN INTERNATIONAL BANK LIMITED

has this day been incorporated under the PROVISIONS of the Companies Act, (Chapter 308), as amended, of the Laws of the Colony of MONTSERRAT and that the Company is ONE having a Share Capital of $1,000,000.00 and the liability is limited.

GIVEN UNDER my hand at the Registrar's Office, Plymouth, Montserrat, this 13 day of December 1985

Registrar Joint Stock Companies.