## Ayers, Sue

| | |
|---|---|
| **From:** | Ayers, Sue |
| **Sent:** | Thursday, March 26, 2009 10:58 AM |
| **To:** | 'vieraesq@aol.com' |
| **Subject:** | FW: SEC v. Stanford - Rule 45 Subpoena for Rebecca Reeves |

**Attachments:**       Rule 45 Subpoena for Rebecca Reeves-Stanford.pdf



Rule 45 Subpoena
for Rebecca R...

Ms. Viera:

Find attached the subpoena served on Ms. Reeves.

Regards, Sue

*Susan Dillon Ayers*
Attorney
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4039
512.322.2663 (Telephone)
512.750.6748 (Cell)
512.322.8390 (Fax)

**** PRIVILEGED AND CONFIDENTIAL ****

NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged and intended only for the use of the addressee. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail or by telephone at 512.322.2500 and destroy the original transmission and its attachments without reading or saving in any manner.



EXHIBIT

D

88

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION, Plaintiff

V.

STANFORD INT'L BANK, LTD., STANFORD GROUP CO.,
STANFORD CAPITAL MGMT. LLC, R. ALLEN STANFORD,
JAMES M DAVIS, LAURA PENDERGEST HOLT, Defendants

**SUBPOENA IN A CIVIL CASE**

C.A. No. 3:09-cv-00298-N

CASE NUMBER:[1]  Pending in the Northern District of
Texas, Dallas Division

TO:    **Rebecca Reeves-Stanford**
       38 Grand Bay Estates Circle, Key Biscayne, FL 33149

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See* Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Jay Pilchick & Associates 19 W. Flagler, Ste. 503 Miami, FL 33130 | April 1, 2009, 9:00 a.m. (EDT) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kevin M. Sadler* ,Attorney for Receiver, Ralph S. Janvey. | March 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin M. Sadler
Baker Botts L.L.P.
1500 San Jacinto Center, 98 San Jacinto Blvd., Austin, Texas  78701
(512) 322-2589

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

[1]  If action is pending in district other than district of issuance, state district under case number.

**89**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
        (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or,

if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
        (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A: REQUEST FOR PRODUCTION

1. Any documents relating to or regarding the purchase contract by which Rebecca Reeves-Stanford ("you" or "buyer"), acquired the residence at 38 Grand Bay Estates Circle, Key Biscayne, FL 33149 ("the house").

2. Any documents relating to or regarding the brokerage agreement relating to the purchase of the house.

3. Any documents relating to or regarding your deed to the house.

4. Any documents relating to or regarding the settlement statement for each of seller and buyer from buyer's closing of house purchase.

5. Any documents relating to or regarding the escrow and/or escrow release instructions to title company related to closing on the house.

6. Any documents relating to or regarding the title policy issued to you for the house.

7. Any documents relating to or regarding promissory notes ("Notes") evidencing debt used to acquire property or debt assumed on the purchase of the house.

8. Any documents relating to or regarding deeds of trust or other security instruments securing the Notes.

9. Any documents relating to or regarding guaranties related to the Notes.

10. Any documents relating to or regarding Truth-in-lending disclosure form related to the Notes.

11. Any documents relating to or regarding tax statements related to the house.

12. Any documents relating to or regarding the fund transfer instructions related to the purchase of the house by you.

13. All documentation relating and/or referring to any equity contribution to buyer in connection with purchase of the house by buyer.

14. All documentation relating and/or referring to contact information for loan officer or other appropriate contact at buyer's lender for purchase of the house.

15. All documents identifying the title company officer in charge of closing on the house, including contact information.

16. Any documents relating to or regarding the statements for your financial institution accounts from which funds were transferred in direct or indirect payment of purchase price for the house.

17. All documents, including but not limited to correspondence with financial institution, title company, escrow agent, seller, seller's agents, or seller's or buyer's brokers in connection with purchase of the house.

18. Any loan application you completed in connection with the purchase of the house.

19. All documents that identify or contain information reflecting the source of funds, in any amount, paid as earnest money, a down payment, or purchase price of the house.

20. All documents that identify or contain information reflecting the source of funds, in any amount, used to pay property taxes on the house from July 27, 2005 through April 1, 2009.

21. Any books, records, account statements, documents, or other informational resources evidencing any transfer of assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, from Stanford International Bank, Ltd., Stanford Group Co., Stanford Capital Management, LLC, R. Allen Stanford, James M. Davis, or Laura Pendergest-Holt, and all entities they have directly or indirectly owned or controlled, to you or for your benefit between January 1, 2002 and the present.

22. Any books, records, account statements, documents, or other informational resources evidencing any deposits or accounts you currently own, in whole or in part, in any banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, and other financial or depository institutions.

23. Any books, records, account statements, financial and accounting documents, computers, computer hard drives, computer disks, personal digital devices, documents, or other informational resources under your custody or control, whether or not they are in your present possession, that reference or relate to Stanford International Bank, Ltd., Stanford Group Co., Stanford Capital Management, LLC, R. Allen Stanford, James M. Davis, or Laura Pendergest-Holt, and all entities they have owned or controlled.

# Exhibit B

ORIGINAL



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Case No.: |
| STANFORD INTERNATIONAL BANK, LTD., | § |
| STANFORD GROUP COMPANY, | § **3-09CV0298-L** |
| STANFORD CAPITAL MANAGEMENT, LLC, | § |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § |
| LAURA PENDERGEST-HOLT | § |
| | § |
| Defendants. | § |

---

**TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER
REQUIRING AN ACCOUNTING, ORDER REQUIRING PRESERVATION OF
DOCUMENTS, AND ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter came before me, the undersigned United States District Judge, this 16th day

of February 2009, on the application of Plaintiff Securities and Exchange Commission

("Commission") for the issuance of a temporary restraining order against Defendants Stanford

International Bank, Ltd. ("SIB"), Stanford Group Company ("SGC"), Stanford Capital

Management, LLC ("SCM"), R. Allen Stanford ("Stanford"), James M. Davis ("Davis"), and

Laura Pendergest-Holt ("Pendergest-Holt") (collectively, "Defendants"), and orders freezing

assets, requiring an accounting, prohibiting the destruction of documents, pulling the passports of

Stanford, Davis, and Pendergest-Holt, authorizing expedited discovery, and alternative service of

process and notice.  On the basis of the papers filed by the Commission, and argument of

Commission counsel, the Court finds as follows:

1.      This Court has jurisdiction over the subject matter of this action and over the

Defendants.

Certified a true copy of an instrument
on file in my office on ___FEB 1 9 2009___
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

2.    The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3.    Venue is appropriate in the Northern District of Texas.

4.    There is good cause to believe that Defendants have engaged in, and are engaging in, acts and practices which did, do, and will constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)], Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)], and Section 7(d) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. § 80a-7(d)].

5.    There is good cause to believe that Defendants will continue to engage in the acts and practices constituting the violations set forth in paragraph 4 unless restrained and enjoined by an order of this Court.

6.    There is good cause to believe that Defendants used improper means to obtain investor funds and assets. There is also good cause to believe that Defendants will dissipate assets and that some assets are located abroad.

7.    An accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

8.    It is necessary to preserve and maintain the business records of Defendants from destruction.

9.    This proceeding is one in which the Commission seeks a preliminary injunction.

10.    The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

11.    Expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction.

12.    There is good cause to believe that Stanford, Davis, and Pendergest-Holt may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein.

IT IS THEREFORE ORDERED THAT:

A.    Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

    (1)    employing any device, scheme, or artifice to defraud; or

    (2)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

    (3)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

B.    Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined

from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17
C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of any
security, by making use of any means or instrumentality of interstate commerce, or of the
mails, or of any facility of any national securities exchange:

   (1)    to use or employ any manipulative or deceptive device or contrivance in
          contravention of the rules and regulations promulgated by the
          Commission;

   (2)    to employ any device, scheme, or artifice to defraud;

   (3)    to make any untrue statement of a material fact or omit to state a material
          fact necessary in order to make the statements made, in the light of the
          circumstances under which they were made, not misleading; or

   (4)    to engage in any act, practice, or course of business which operates or would
          operate as a fraud or deceit upon any person;

C.     Stanford, Davis, Pendergest-Holt, SGC, SCM, their officers, directors, agents,
servants, employees, attorneys, and all other persons in active concert or participation
with them, are restrained and enjoined from violating Sections 206(1) and 206(2) of the
Advisers Act [15 U.S.C. §§80b-6(1), (2)], directly or indirectly, by use of the mails or any
means or instrumentality of interstate commerce, by:

   (1)    employing any device, scheme, or artifice to defraud any client or
          prospective client; or

   (2)    engaging in any transaction, practice, or course of business which operates
          as a fraud or deceit upon any client or prospective client;

*SEC v. Stanford International Bank, Ltd., et al.*
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

4

D.    SIB, SGC, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Section 7(d) of the Investment Company Act [15 U.S.C. §80a-7(d)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)    acting as an investment company, not organized or otherwise created under the laws of the United States or of a State, and offering for sale, selling, or delivering after sale, in connection with a public offering, any security of which such company is the issuer; or

(2)    acting as a depositor of, trustee of, or underwriter for such a company; unless

(3)    the Commission, upon application by the investment company not organized or otherwise created under the laws of the United States or of a State, issues a conditional or unconditional order permitting such company to register and to make a public offering of its securities by use of the mails and means or instrumentalities of interstate commerce.

5.    Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendants, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of Defendants, pending a showing to this Court that Defendants have sufficient funds or assets to satisfy all claims

*SEC v. Stanford International Bank, Ltd., et al.*                                                    5
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim. This provision shall continue in full force and effect until further ordered by this Court and shall not expire.

6.    All banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendants are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court. This provision shall continue in full force and effect until further order by this Court and shall not expire.

7.    All other individuals, corporations, partnerships, limited liability companies, and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendants without adequate consideration. This provision shall continue in full force and effect until further order by this Court and shall not expire.

8.    Defendants are hereby required to make an interim accounting, under oath, within ten days of the issuance of this order or three days prior to any hearing on the Commission's Motion for Preliminary Injunction, whichever is sooner: (1) detailing all monies and other benefits which each received, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3)

*SEC v. Stanford International Bank, Ltd., et al.*                                   6
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendants (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting. This provision shall continue in full force and effect until further order by this Court and shall not expire.

9.    Defendants, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendants or any entities under their control. This provision shall continue in full force and effect until further order by this Court and shall not expire.

10.    The United States Marshal in any judicial district in which Defendants do business or may be found, or in which any Receivership Asset may be located, is authorized and directed to make service of process at the request of the Commission.

11.    The Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendants by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

12.    Expedited discovery may take place consistent with the following:

A.    Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days

*SEC v. Stanford International Bank, Ltd., et al.*                                          7
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

after service of a summons and the Plaintiff Commission's Complaint upon Defendants.

B.  All parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled.

C.  Any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours.

D.  All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things.

E.  All parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

13.  All parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendants by delivery to the Plaintiff Commission address as follows:

> UNITED STATES SECURITIES AND EXCHANGE COMMISSION
> Fort Worth Regional Office
> Attention: David Reece
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882
> Facsimile: (817) 978-4927

*SEC v. Stanford International Bank, Ltd., et al.*                8
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

     14.    Stanford, Davis, and Pendergest-Holt shall surrender their passports, pending the determination of the Commission's request for a preliminary injunction, and are barred from traveling outside the United States.

     15.    Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, shall:

     (a)    take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

     (b)    provide the Commission and the Court a written description of the funds and assets so repatriated.

     16.    Defendants shall serve, by the most expeditious means possible, including e-mail and facsimile, any papers in opposition to the Commission's Motion for Preliminary Injunction and for other relief no later than 72 hours before any scheduled hearing on the Motion for Preliminary Injunction.  The Commission shall serve any reply at least 24 hours before any hearing on the Motion for Preliminary Injunction by the most expeditious means available, including facsimile.

*SEC v. Stanford International Bank, Ltd., et al.*               9
Temporary Restraining Order, Order Freezing Assets,
and Other Relief

102

17.    Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at __5__ o'clock p.m. on the __2d__ day of __March__ 2009 or at such later date as may be ordered by this Court. All other provisions of this order shall remain in full force and effect until specifically modified by further order of this Court. Unless the Court rules upon the Commission's Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 43(e), adjudication of the Commission's Motion for Preliminary Injunction shall take place at the United States Courthouse, Northern District of Texas Dallas, Texas, on the __2d__ day of __March__, 2009, at __10__ o'clock __a__.m. 1100 Commerce Street Dallas Texas 75242 (Earl Cabell Bldg).

EXECUTED AND ENTERED at __11:40__ o'clock a.m. CST this 16th day of February 2009.

_____
UNITED STATES DISTRICT JUDGE

# Exhibit C

Case 3:09-cv-00298-N     Document 79     Filed 03/02/2009     U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 2 2009

CLERK, U.S. DISTRICT COURT
By _____
                    **Deputy**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3:09-cv-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT | § | |
| | § | |
| Defendants. | § | |

---

### AGREED PRELIMINARY INJUNCTION AS TO LAURA PENDERGEST-HOLT,
### AND AGREED ORDER GRANTING OTHER EQUITABLE RELIEF

This matter came before me, the undersigned United States District Judge, this 2 day of March, 2009, on the application of Plaintiff Securities and Exchange Commission for issuance of a preliminary injunction against Defendant Laura Pendergest-Holt, and an order for other equitable relief against Defendant Pendergest-Holt. This Court has previously issued a temporary restraining order, order freezing assets, order requiring an accounting, order requiring preservation of documents, order authorizing expedited discovery, and order appointing receiver. Defendant Pendergest-Holt has agreed to the entry of this Agreed Preliminary Injunction and Agreed Order Granting Other Equitable Relief ("Preliminary Injunction"), without admitting or denying the allegations contained in the Commission's Complaint; has agreed that this Court has jurisdiction over her and subject matter of this action; and has agreed to waive a hearing and the entry of findings of fact and conclusions of law.

I.

**105**

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

    (1)    employing any device, scheme, or artifice to defraud; or

    (2)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

    (3)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (1)    to use or employ any manipulative or deceptive device or contrivance in contravention of the rules and regulations promulgated by the Commission;

*SEC v. Stanford International Bank, Ltd., et al.*                                                                 *2*
Agreed Preliminary Injunction and Order Granting Other Relief

(2)    to employ any device, scheme, or artifice to defraud;

(3)    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)    employing any device, scheme, or artifice to defraud any client or prospective client; or

(2)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained  and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendant Pendergest-Holt, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody,

or control of Defendant Pendergest-Holt, pending a showing to this Court that Defendant Pendergest-Holt has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant Pendergest-Holt who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendant Pendergest-Holt without adequate consideration.

VII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt is hereby required to make an interim accounting, under oath, within ten days of the issuance of this order: (1) detailing all monies and other benefits which she received, directly or indirectly, as a result of the activities

alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendant Pendergest-Holt (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting.

VIII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any  manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendants or any entities under their control.

IX.

IT IS HEREBY ORDERED that the Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendants by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

X.

IT IS HEREBY ORDERED that expedited discovery may take place consistent with the following:

*SEC v. Stanford International Bank, Ltd., et al.*                                        *5*
Agreed Preliminary Injunction and Order Granting Other Relief

(1)    any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Plaintiff Commission's Complaint upon Defendants;

(2)    all parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled;

(3)    any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours;

(4)    all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things; and

(5)    all parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

XI.

IT IS HEREBY ORDERED that all parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendants by delivery to the Plaintiff Commission address as follows:

> UNITED STATES SECURITIES AND EXCHANGE COMMISSION
> Fort Worth Regional Office
> Attention: David Reece
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882

*SEC v. Stanford International Bank, Ltd., et al.*                                          *6*
Agreed Preliminary Injunction and Order Granting Other Relief

Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

## XII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt shall surrender her passports and is barred from traveling outside the United States until further order of this Court.

## XIII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, depositories, banks, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise shall:

(1)    take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(2)    provide the Commission and the Court a written description of the funds and assets so repatriated.

## XIV.

Defendants Pendergest-Holt shall have sixty (60) days from the date of this Preliminary Injunction in which to answer the Commission's Complaint.

*SEC v. Stanford International Bank, Ltd., et al.*
Agreed Preliminary Injunction and Order Granting Other Relief

7

EXECUTED AND ENTERED at 4:30 o'clock ~~am~~/pm CST this 2 day of March, 2009

UNITED STATES DISTRICT JUDGE

Agreed to Form:

*s/ David B. Reece*
David B. Reece
Securities and Exchange Commission
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-6476
(817) 978-4927 *fax*
reeced@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*


*s/ Brent R. Baker*
Brent R. Baker
Parsons Behle & Latimer
201 South Main Street
Suite 1800
Salt Lake City, Utah 84111
(801) 532-1234
(801) 536-6111 *fax*
BBaker@parsonsbehle.com
*Counsel for Defendant Laura Pendergest-Holt*

# Exhibit D

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 2 2009

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3:09-cv-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT | § | |
| | § | |
| Defendants. | § | |

## AGREED PRELIMINARY INJUNCTION AS TO STANFORD
## INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY
## AND STANFORD CAPITAL MANAGEMENT, LLC
## AND AGREED ORDER GRANTING OTHER EQUITABLE RELIEF

This matter came before me, the undersigned United States District Judge, this 2 day

of March , 2009, on the application of Plaintiff Securities and Exchange Commission for

issuance of a preliminary injunction against Defendants Stanford International Bank, Ltd.,

Stanford Group Company and Stanford Capital Management, LLC ("Entity Defendants"), and

an order for other equitable relief against each of them. This Court has previously issued a

temporary restraining order, order freezing assets, order requiring an accounting, order requiring

preservation of documents, order authorizing expedited discovery, and order appointing receiver.

Defendants have agreed to the entry of this Agreed Preliminary Injunction and Agreed Order

Granting Other Equitable Relief ("Preliminary Injunction"), without admitting or denying the

allegations contained in the Commission's Complaint; have agreed that this Court has

jurisdiction over them and subject matter of this action; and have agreed to waive a hearing and

the entry of findings of fact and conclusions of law.

**115**

I.

IT IS HEREBY ORDERED that the Entity Defendants and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1)    employing any device, scheme, or artifice to defraud; or

(2)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that the Entity Defendants and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1)    to use or employ any manipulative or deceptive device or contrivance in

*SEC v. Stanford International Bank, Ltd., et al.*                                                         *2*
 Preliminary Injunction and Order Granting Other Relief

contravention of the rules and regulations promulgated by the Commission;

(2)    to employ any device, scheme, or artifice to defraud;

(3)    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading, or

(4)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY ORDERED that Defendants Stanford Group Company and Stanford Capital Management, LLC, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)    employing any device, scheme, or artifice to defraud any client or prospective client; or

(2)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS HEREBY ORDERED that Stanford International Bank, Ltd., and Stanford Group Company, their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are restrained and enjoined from violating Section 7(d) of the Investment Company Act [15 U.S.C. §80a-7(d)], directly

or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)    acting as an investment company, not organized or otherwise created under the laws of the United States or of a State, and offering for sale, selling, or delivering after sale, in connection with a public offering, any security of which such company is the issuer; or

(2)    acting as a depositor of, trustee of, or underwriter for such a company; unless

(3)    the Commission, upon application by the investment company not organized or otherwise created under the laws of the United States or of a State, issues a conditional or unconditional order permitting such company to register and to make a public offering of its securities by use of the mails and means or instrumentalities of interstate commerce.

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of the Entity Defendants who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

*SEC v. Stanford International Bank, Ltd., et al.*                                                                4
Preliminary Injunction and Order Granting Other Relief

VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from the Entity Defendants without adequate consideration.

VII.

IT IS HEREBY ORDERED that any employee of, attorney for, and all other persons in active concert or participation with the Entity Defendants, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendants or any entities under their control.

## VIII.

The Entity Defendants shall have sixty (60) days from the date of this Preliminary

Injunction in which to answer the Commission's Complaint.

EXECUTED  AND  ENTERED  at ____o'clock am/pm  CST  this ____ day  of

_____, 2009

_____
UNITED STATES DISTRICT JUDGE

Agreed to Form:

*s/ David B. Reece*
David B. Reece
Securities and Exchange Commission
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-6476
(817) 978-4927 *fax*
reeced@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*


*s/ Ralph R. Janvey*
Ralph R. Janvey
Krage & Janvey
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
rjanvey@kjllp.com
*Receiver for the Entity Defendants*

# Exhibit E



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

SECURITIES AND EXCHANGE COMMISSION           §
                                             §
          Plaintiff,                         §
                                             §
v.                                           §      Case No.: 3-09CV0298-N
                                             §
STANFORD INTERNATIONAL BANK, LTD.,           §
ET AL.                                       §
                                             §
          Defendants.                        §
                                             §
                                             §
                                             §

---

## AMENDED ORDER APPOINTING RECEIVER

This matter came before me, the undersigned United States District Judge, on the motion

of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a

Receiver for Defendants Stanford International Bank, Ltd., Stanford Group Company, Stanford

Capital Management, LLC, Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt,

Stanford Financial Group, and The Stanford Financial Group Bldg Inc. ("Defendants").   It

appears that this Amended Order Appointing Receiver (the "Order") is both necessary and

appropriate in order to prevent waste and dissipation of the assets of Defendants to the detriment

of the investors.

IT IS THEREFORE ORDERED that:

1.      This Court assumes exclusive jurisdiction and takes possession of the assets,

monies, securities, properties, real and personal, tangible and intangible, of whatever kind and

description, wherever located, and the legally recognized privileges (with regard to the entities),

of the Defendants and all entities they own or control ("Receivership Assets"), and the books and

**122**

records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendants, or issued by Defendants and in possession of any agent or employee of the Defendants ("Receivership Records").

2.    Ralph S. Janvey of Dallas, Texas, is hereby appointed Receiver for the Receivership Assets and Receivership Records (collectively, "Receivership Estate"), with the full power of an equity receiver under common law as well as such powers as are enumerated herein as of the date of this Order. The Receiver shall not be required to post a bond unless directed by the Court but is hereby ordered to well and faithfully perform the duties of his office: to timely account for all monies, securities, and other properties which may come into his hands; and to abide by and perform all duties set forth in this Order. Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or any of Defendants, the Defendants' clients or associates, or their subsidiaries or affiliates, their officers, directors, agents, and employees, or by any of Defendants' creditors or equity holders because of any' act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

3.    The duties of the Receiver shall be specifically limited to matters relating to the Receivership Estate and unsettled claims thereof remaining in the possession of the Receiver as of the date of this Order. Nothing in this Order shall be construed to require further investigation of Receivership Estate assets heretofore liquidated and/or distributed or claims of the Receivership Estate settled prior to issuance of this Order. However, this paragraph shall not be

2

construed to limit the powers of the Receiver in any regard with respect to transactions that may have occurred prior to the date of this Order.

4.     Until the expiration date of this Order or further Order of this Court, Receiver is authorized to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate.

5.     As of the date of entry of this Order, the Receiver is specifically directed and authorized to perform the following acts and duties:

(a)     Maintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, independent contractor, employee or agent of the Receivership Estate;

(b)     Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

3

(c)    Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate. All such actions shall be filed in this Court;

(d)    Obtain, by presentation of this Order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony maybe located;

(e)    Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Estate assets or records;

(f)    Make such ordinary and necessary payments, distributions, and disbursements as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate. Receiver is further authorized to contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

4

(g)    Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate;

(h)    Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants as Receiver judges necessary to perform the duties set forth in this Order and to compensate them from the Receivership Assets;

(i)    Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

(j)    Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants;

(k)    Promptly provide the Commission and other governmental agencies with all information and documentation they may seek in connection with its regulatory or investigatory activities;

(l)    Prepare and submit periodic reports to this Court and to the parties as directed by this Court;

(m)    File with this Court requests for approval of reasonable fees to be paid to the Receiver and any person or entity retained by him and interim and final accountings for any reasonable expenses incurred and paid pursuant to order of this Court;

6.    The Receiver shall have the sole and exclusive power and authority to manage and direct the business and financial affairs of the Defendants, including without limitation, the sole and exclusive power and authority to petition for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for any or all of the Defendants. Solely with respect to the authorization to file and execution of a petition for relief under the Bankruptcy Code; without limiting any powers of the Receiver under applicable law and this Order; and irrespective of provisions in any Defendants' corporate organizing documents, by-laws, partnership agreements, or the like, the Receiver shall be deemed to succeed to the position of and possess the authority of any party with power to authorize and execute the filing of a petition for relief under the Bankruptcy Code, including without limitation corporate directors, general and limited partners, and members of limited liability companies. ~~With respect to any non individual Defendants on whose behalf the Receiver authorizes and executes a petition for relief under chapter 11 of the Bankruptcy Code, the Receiver shall be deemed a debtor-in possession for such Defendant, with all the rights and powers of a debtor in possession under the Bankruptcy Code. The turnover provisions of 11 U.S.C. § 543 shall not apply to the Receiver in his capacity as debtor in possession. With respect to any Defendants on whose behalf the Receiver authorizes and executes a petition for relief under chapter 11 of the Bankruptcy Code, the Receiver shall be authorized, pursuant to 11 U.S.C. § 1505, to act in a foreign country on behalf of an estate created under section 541 of the Bankruptcy Code, and may act in any way permitted by the applicable foreign law.~~ 

6

7.      Before taking action under paragraph 6 of this Order, the Receiver must provide the Commission and the Defendants with at least two business days' written notice (unless shortened or lengthened by court order) that the Receiver is contemplating action under the Bankruptcy Code; provided that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require.  To facilitate an efficient coordination in one district of all bankruptcies of the Defendants, the Northern District of Texas shall be the Receiver's principal place of business for making decisions in respect of operating and disposing of each of the Defendants and their respective assets.

8.      Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

9.      Creditors and all other persons are hereby restrained and enjoined from the following actions, except in this Court, unless this Court, consistent with general equitable principals and in accordance with its ancillary equitable jurisdiction in this matter, orders that such actions may be conducted in another forum or jurisdiction:

(a)      The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action; or

(b)      The enforcement, against the Receiver, or any of the defendants, of any judgment that would attach to or encumber the Receivership Estate that was obtained before the commencement of this proceeding.

7

10.    Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from:

      (a)    Any act to obtain possession of the Receivership Estate assets;

      (b)    Any act to create, perfect, or enforce any lien against the property of the Receiver, or the Receivership Estate;

      (c)    Any act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate;

      (d)    The set off of any debt owed by the Receivership Estate or secured by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate; or

      (e)    The filing of any case, complaint, petition, or motion under the Bankruptcy Code (including, without limitation, the filing of an involuntary bankruptcy petition under chapter 7 or chapter 11 of the Bankruptcy Code, or a petition for recognition of foreign proceeding under chapter 15 of the Bankruptcy Code).

11.    Creditors and all other persons are hereby restrained and enjoined from seeking relief from the injunction contained in paragraph 10(e) of this Order for a period of 180 days from the date of entry of this Order.

12.    Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, including, but not limited to, any financial institution, broker-dealer, investment adviser, private equity fund or investment banking fun), and each of them, are hereby ordered, restrained, and enjoined from, directly or indirectly, making any payment or expenditure of any Receivership Estate assets that are owned by Defendants or in the actual or constructive

possession of any entity directly or indirectly owned or controlled or under common control with the Receivership Estate, or effecting any sale, gift, hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of such assets. A copy of this Order may be served on any bank, savings and loan, broker-dealer, or any other financial or depository institution to restrain and enjoin any such institution from disbursing any of the Receivership Estate assets. Upon presentment of this Order, all persons, including financial institutions, shall provide account balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account.

13.    Defendants, and their respective agents, officers, and employees and all persons in active concert or participation with them are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the. exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

14.    Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them shall:

9

(a)    To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of the Defendants, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of Defendants to Receiver or his duly authorized agents;

(b)    Cooperate with the Receiver and his duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Receiver or his duly authorized agents may reasonably request;

(c)    Provide the Commission with a prompt, full accounting of all Receivership Estate assets and documents outside the territory of the United States which are held either: (1) by them, (2) for their benefit, or (3) under their control;

(d)    Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either: (1) by them, (2) for their benefit, or (3) under their control; and

(e)    Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until such time as they may be transferred into the possession of the Receiver.

15.    Any financial institution, broker-dealer, investment adviser; private equity fund or investment banking firm or person that holds, controls, or maintains accounts or assets of or on behalf of any Defendant, or has held, controlled, or maintained any account or asset of or on behalf of any defendant or relief defendant since January 1, 1990, shall:

    (a)    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of any defendant or relief defendant in any account maintained in the name of or for the benefit of any defendant or relief defendant in whole or in part except:

        (i)    as directed by further order of this Court, or

        (ii)    as directed in writing by the Receiver or his agents;

    (b)    Deny access to any safe deposit boxes that are subject to access by any Defendant; and

    (c)    The Commission and Receiver may obtain, by presentation of this Order, documents, books, records, accounts, deposits, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P, or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

16.    The Defendants, their officers, agents, and employees and all persons in active concert or participation with them and other persons who have notice of this Order by personal service or otherwise, are hereby restrained and enjoined from destroying, mutilating, concealing,

11

altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

17.     The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Defendants, or any company or entity under the direction and control of the Defendants, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

18.     Nothing in this Order shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants, their agents, officers, or employees.

So Ordered and signed, this 12 day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

# Exhibit F

ORIGINAL

```
                                              ┌─────────────────────────────────┐
                                              │      U.S. DISTRICT COURT         │
                                              │   NORTHERN DISTRICT OF TEXAS     │
                                              │          FILED                  │
                                              │   ┌─────────────────────┐       │
                                              │   │    MAR 1 2 2009      │       │
                                              │   └─────────────────────┘       │
                                              │  CLERK U.S. DISTRICT COURT       │
                                              │  By            Deputy            │
                                              └─────────────────────────────────┘
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3:09-cv-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT | § | |
| | § | |
| Defendants, | § | |
| and | § | |
| | § | |
| STANFORD FINANCIAL GROUP, and | § | |
| THE STANFORD FINANCIAL GROUP BLDG INC., | § | |
| | § | |
| Relief Defendants. | § | |

## PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
## AS TO R. ALLEN STANFORD

This matter came before me, the undersigned United States District Judge, this 12th day of March, 2009, on the application of Plaintiff Securities and Exchange Commission for issuance of a preliminary injunction against Defendant R. Allen Stanford and an order for other equitable relief against him. This Court has previously issued a temporary restraining order ("TRO"), order freezing assets, order requiring an accounting, order requiring preservation of documents, order authorizing expedited discovery, and order appointing receiver. The Court extended the TRO on March 2, 2009.

Based on the materials before the Court, the Court makes the following findings of fact and conclusions of law.

1.    Defendant Stanford received actual notice of the proceedings herein, and was validly served with a summons and complaint. In addition, Stanford was validly served and had actual notice of the TRO in this case and the March 2 extension of the TRO. Plaintiff noticed Stanford's deposition to take place on February 25, 2009.

2.    Stanford failed to appear for this deposition.

3.    Stanford was noticed for his deposition a second time on March 4, 2009. In lieu of appearing for his deposition testimony, Stanford provided the Commission with a declaration in which invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution.

4.    There are no factual issues in dispute with regard to Defendant Stanford. Despite having received service and notice of the proceedings, Stanford has not appeared or otherwise contested the entry of a preliminary injunction. Likewise, Stanford has not filed or served any papers in opposition to the entry of the preliminary injunction, or challenged the asset freeze or other emergency relief granted in the TRO.

5.    Defendant Stanford has failed to provide financial or account information as ordered by the Court.

6.    Defendant Stanford has failed to repatriate assets obtained from the activities alleged by the Commission.

7.    Stanford International Bank, Ltd. ("SIB") purports to be a private international bank domiciled in St. John's, Antigua, West Indies. SIB claims to serve 50,000 clients in over 100 countries, with assets under management of approximately $8 billion. SIB sells putative

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford                    2


136

certificates of deposit ("the CD") to U.S. investors through SGC, its affiliated investment adviser.

8.      Stanford Group Company, a Houston-based corporation, is registered with the Commission as a broker-dealer and investment adviser. It has 29 offices located throughout the United States. SGC's principal business consists of sales of SIB-issued securities, marketed as certificates of deposit. SGC is a wholly owned subsidiary of Stanford Group Holdings, Inc., which in turn is owned by Defendant Stanford.

9.      Stanford Capital Management, a registered investment adviser, took over the management of the SAS program (formerly Mutual Fund Partners) from SGC in early 2007. SCM markets the SAS program through SGC.

10.     Defendant Stanford, a citizen of the U.S. and Antigua, West Indies, is the chairman of the board and sole shareholder of SIB and the sole director of SGC's parent company.

11.     Stanford engaged in fraudulent conduct, including misappropriating investor funds, and making material misrepresentations and omissions concerning, among other things, SIB's certificate of deposit program, the nature and liquidity of SIB's assets, the existence of related party transactions, purported loans from SIB to Stanford, purported capital infusions into SIB, and the SAS program.

12.     Defendant Stanford's assets, including proceeds obtained through fraudulent activities, are in imminent jeopardy of dissipation or loss. Absent an asset freeze, Defendant Stanford can remove funds beyond the Court's jurisdiction with little hope that they can be recovered at a later date, rendering any final judgment of disgorgement the Commission might obtain meaningless.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford                    3

137

13.   It is necessary to guard the records of Defendant Stanford relating to the defendants or any of their securities, financial, or business dealings from destruction or alteration.

14.   Defendant Stanford, directly and indirectly, has made use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts, practices, and courses of business described below and in the Commission's pleadings.

15.   The Commission's action arises of out of conduct described herein that included activities in the United States involving the sale of certain securities, including the CD sold by SIB and other defendants and a propriety mutual fund wrap program known as "SAS."

16.   In selling the CD, the defendants in this action, including Defendant Stanford, made representations concerning, among other things, (i) the bank's safety and security; and (ii) consistent, double-digit returns on the bank's investment portfolio. These representations were materially false and misleading. Instead, significant portions of the bank's portfolio were misappropriated by Stanford used by him to acquire private equity and real estate. In fact, at year-end 2008, the largest segments of the bank's portfolio were: (i) undocumented "loans" to Stanford; (ii) private equity; and (iii) over-valued real estate.

17.   SIB's financial statements, which were approved by Defendant Stanford, including its investment income, are also fictional. In calculating SIB's investment income, Defendant Stanford provided to SIB's internal accountants a pre-determined return on investment for the bank's portfolio. Using this pre-determined number, SIB's accountants reverse-engineered the bank's financial statements to reflect investment income that SIB did not actually earn.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

4

18.    In its December 2008 Monthly Report, which Stanford approved, SIB told investors that the bank had received a capital infusion of $541 million on November 28, 2008. This representation was materially false and misleading.

19.    The mutual fund wrap program referenced above was marketed based on materially false misleading historical performance data.

20.    The investments offered and sold by the Defendant are "securities" under Section 2(1) of the Securities Act [15 U.S.C. § 77b], Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c], Section 2(36) of the Investment Company Act [15 U.S.C. § 80a-2(36)], and Section 202(18) of the Advisers Act [15 U.S.C. § 80b-2(18)]

21.    This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], Section 43 of the Investment Company Act [15 U.S.C. § 80a-43], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

22.    This Court has personal jurisdiction over Defendant Stanford based on the activities set forth above and those detailed in materials considered in this matter.

23.    Certain of the transactions, acts, practices, and courses of business constituting the alleged violations of law occurred within the Northern District of Texas.

24.    Defendant Stanford has been served with service of process and received actual notice of the pendency of this action against him, the TRO, the extension of the TRO, and the date and time of the preliminary injunction hearing in this matter. Service of process was validly effected. All pleadings and other papers necessary for the entry of this judgment were properly served on Defendant Stanford.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford                    5


**139**

25.    Defendant Stanford has violated this Court's order requiring him to provide information regarding his assets and the requirement that he repatriate any assets located abroad. Defendant Stanford has also defaulted on the Commission's motion for a preliminary injunction continuing the asset freeze and for an order granting other relief by failing to contest the arguments and allegations raised by the Commission.

26.    The Commission has demonstrated that it is necessary to continue the injunctive relief, asset freeze, and other relief during the pendency of this action to ensure that there are assets to satisfy, at least in part, any final judgment that the Commission might obtain against Defendant Stanford.

27.    The Commission has demonstrated the proper showing of a current violation of the federal securities laws and a risk that these violations will recur. Accordingly, a preliminary injunction and asset freeze are warranted in this case against Defendants, including Defendant Stanford.

Based on the foregoing Findings of Fact and Conclusions of Law:

I.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1)    employing any device, scheme, or artifice to defraud; or

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford                    6

**140**

(2)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1)    to use or employ any manipulative or deceptive device or contrivance in contravention of the rules and regulations promulgated by the Commission;

(2)    to employ any device, scheme, or artifice to defraud;

(3)    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

*SEC v. Stanford International Bank, Ltd., et al.*                                                                    7
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

141

### III.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from aiding and abetting violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1)    employing any device, scheme, or artifice to defraud any client or prospective client; or

(2)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained  and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendant Stanford, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of Defendant Stanford, pending a showing to this Court that Defendant Stanford has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

8

142

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant Stanford who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendant Stanford without adequate consideration.

VII.

IT IS HEREBY ORDERED that Defendant Stanford is hereby required to make an interim accounting, under oath, within ten days of the issuance of this order: (1) detailing all monies and other benefits which he received, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the

holdings); and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendant Stanford (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting.

VIII.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any  manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendant or any entities under his control.

IX.

IT IS HEREBY ORDERED that the Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendant by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

X.

IT IS HEREBY ORDERED that expedited discovery may take place consistent with the following:

(1)    any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Plaintiff Commission's Complaint upon Defendant;

(2)    all parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled;

(3)    any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours;

(4)    all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things; and

(5)    all parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

XI.

IT IS HEREBY ORDERED that all parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendant by delivery to the Plaintiff Commission address as follows:

> UNITED STATES SECURITIES AND EXCHANGE COMMISSION
> Fort Worth Regional Office
> Attention: David Reece
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882
> Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

---

*SEC v. Stanford International Bank, Ltd., et al.*
  Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford          11

XII.

IT IS HEREBY ORDERED that Defendant Stanford shall surrender his passport and is barred from traveling outside the United States until further order of this Court.

XIII.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, depositories, banks, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise shall:

(1)    take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by him, or are under his direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(2)    provide the Commission and the Court a written description of the funds and assets so repatriated.

XIV.

Defendant Stanford shall have twenty (20) days from the date of this Preliminary Injunction in which to answer the Commission's First Amended Complaint.

EXECUTED at 3:30 o'clock am/pm CST this 12 day of _March_____, 2009

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

_SEC v. Stanford International Bank, Ltd., et al._                                    12
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

Exhibit G

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 3:09-cv-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT | § | |
| | § | |
| Defendants, | § | |
| and | § | |
| | § | |
| STANFORD FINANCIAL GROUP, and | § | |
| THE STANFORD FINANCIAL GROUP BLDG INC., | § | |
| | § | |
| Relief Defendants. | § | |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

MAR 1 2 2009

CLERK, U.S. DISTRICT COURT
By
Deputy

---

### PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
### AS TO JAMES M. DAVIS

This matter came before me, the undersigned United States District Judge, this 12th day

of March, 2009, on the application of Plaintiff Securities and Exchange Commission for issuance

of a preliminary injunction against Defendant James M. Davis and an order for other equitable

relief against him. This Court has previously issued a temporary restraining order ("TRO"),

order freezing assets, order requiring an accounting, order requiring preservation of documents,

order authorizing expedited discovery, and order appointing receiver. The Court extended that

TRO on March 2, 2009.

Based on the materials before the Court, the Court makes the following findings of fact

and conclusions of law.

1.    Defendant Davis received actual notice of the proceedings herein, and was validly served with a summons and complaint. In addition, Davis was validly served and had actual notice of the TRO entered in this case and the March 2, 2009 extension of the TRO. Plaintiff noticed Davis's deposition was to occur on February 23, 2009.

2.    Davis failed to appear for this deposition.

3.    In lieu of appearing for his deposition testimony, Davis provided the Commission with a declaration in which invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution.

4.    There are no factual issues in dispute with regard to Defendant Davis. Despite having received service and notice of the proceedings, Davis has not appeared or otherwise contested the entry of a preliminary injunction. Likewise, Davis has not filed or served any papers in opposition to the entry of the preliminary injunction, or challenged the asset freeze or other emergency relief granted in the TRO.

5.    Defendant Davis has failed to provide financial or account information as ordered by the Court.

6.    Defendant Davis has failed to repatriate assets obtained from the activities alleged by the Commission.

7.    Stanford International Bank, Ltd. ("SIB") purports to be a private international bank domiciled in St. John's, Antigua, West Indies. SIB claims to serve 50,000 clients in over 100 countries, with assets under management of approximately $8 billion. SIB sells putative certificates of deposit ("the CD") to U.S. investors through SGC, its affiliated investment adviser.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis

2

8.      Stanford Group Company, a Houston-based corporation, is registered with the Commission as a broker-dealer and investment adviser. It has 29 offices located throughout the United States. SGC's principal business consists of sales of SIB-issued securities, marketed as certificates of deposit. SGC is a wholly owned subsidiary of Stanford Group Holdings, Inc., which in turn is owned by Defendant Stanford.

9.      Stanford Capital Management, a registered investment adviser, took over the management of the SAS program (formerly Mutual Fund Partners) from SGC in early 2007. SCM markets the SAS program through SGC.

10.     Defendant Davis, a U.S. citizen and resident of Baldwyn, Mississippi, is a director and chief financial officer of SFG and SIB. Davis maintains offices in Memphis, Tennessee, and Tupelo, Mississippi.

11.     Davis engaged in fraudulent conduct, including misappropriating investor funds, and making material misrepresentations and omissions concerning, among other things, SIB's certificate of deposit program, the nature and liquidity of SIB's assets, the existence of related party transactions, purported loans from SIB to Stanford, purported capital infusions into SIB, and the SAS program.

12.     Davis's assets, including proceeds obtained through his fraudulent activities, are in imminent jeopardy of dissipation or loss. Absent an asset freeze, Defendant Davis can remove funds beyond the Court's jurisdiction with little hope that they can be recovered at a later date, rendering any final judgment of disgorgement the Commission might obtain meaningless.

13.     It is necessary to guard the records of Defendant Davis relating to the defendants or any of their securities, financial, or business dealings from destruction or alteration.

*SEC v. Stanford International Bank, Ltd., et al.*                                                      3
 Preliminary Injunction and Order Granting Other Relief – James M. Davis


                                                                                              **150**

14.    Defendant Davis, directly and indirectly, has made use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts, practices, and courses of business described below and in the Commission's pleadings.

15.    The Commission's action arises of out of conduct described herein that included activities in the United States involving the sale of certain securities, including the CD sold by SIB and other defendants and a propriety mutual fund wrap program known as "SAS."

16.    In selling the CD, the defendants in this action, including Defendant Davis, made representations concerning, among other things, (i) the bank's safety and security; and (ii) consistent, double-digit returns on the bank's investment portfolio. These representations were materially false and misleading. Instead, significant portions of the bank's portfolio were misappropriated by Stanford used by him to acquire private equity and real estate. In fact, at year-end 2008, the largest segments of the bank's portfolio were: (i) undocumented "loans" to Stanford; (ii) private equity; and (iii) over-valued real estate.

17.    SIB's financial statements, which were approved by Defendant Davis, including its investment income, are also fictional. In calculating SIB's investment income, Defendant Davis provided to SIB's internal accountants a pre-determined return on investment for the bank's portfolio. Using this pre-determined number, SIB's accountants reverse-engineered the bank's financial statements to reflect investment income that SIB did not actually earn.

18.    In its December 2008 Monthly Report, which Davis approved, SIB told investors that the bank had received a capital infusion of $541 million on November 28, 2008. This representation was materially false and misleading.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis                    4


151

19.    The mutual fund wrap program referenced above was marketed based on materially false misleading historical performance data.

20.    The investments offered and sold by the Defendant are "securities" under Section 2(1) of the Securities Act [15 U.S.C. § 77b], Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c], Section 2(36) of the Investment Company Act [15 U.S.C. § 80a-2(36)], and Section 202(18) of the Advisers Act [15 U.S.C. § 80b-2(18)]

21.    This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], Section 43 of the Investment Company Act [15 U.S.C. § 80a-43], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

22.    This Court has personal jurisdiction over Defendant Davis based on the activities set forth above and those detailed in materials considered in this matter.

23.    Certain of the transactions, acts, practices, and courses of business constituting the alleged violations of law occurred within the Northern District of Texas.

24.    Defendant Davis has been served with service of process and received actual notice of the pendency of this action against him, the TRO, the extension of the TRO, and the date and time of the preliminary injunction hearing in this matter. Service of process was validly effected. All pleadings and other papers necessary for the entry of this judgment were properly served on Defendant Davis.

25.    Defendant Davis has violated this Court's order requiring him to provide information regarding his assets and the requirement that he repatriate any assets located abroad. Defendant Davis has also defaulted on the Commission's motion for a preliminary injunction

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis                                    5

152

continuing the asset freeze and for an order granting other relief by failing to contest the arguments and allegations raised by the Commission.

26.    The Commission has demonstrated that it is necessary to continue the injunctive relief, asset freeze, and other relief during the pendency of this action to ensure that there are assets to satisfy, at least in part, any final judgment that the Commission might obtain against Defendant Davis.

27.    The Commission has demonstrated the proper showing of a current violation of the federal securities laws and a risk that these violations will recur. Accordingly, a preliminary injunction and asset freeze are warranted in this case against Defendants, including Defendant Davis.

Based on the foregoing Findings of Fact and Conclusions of Law:

I.

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1)    employing any device, scheme, or artifice to defraud; or

(2)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3)     engaging in any transaction, practice, or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees,

attorneys, and all other persons in active concert or participation with him who receive actual

notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined

from violating or aiding and abetting violations of Section 10(b) of the Exchange Act or Rule 10b-

5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the

purchase or sale of any security, by making use of any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange:

(1)     to use or employ any manipulative or deceptive device or contrivance in

contravention of the rules and regulations promulgated by the Commission;

(2)     to employ any device, scheme, or artifice to defraud;

(3)     to make any untrue statement of a material fact or omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(4)     to engage in any act, practice, or course of business which operates or would operate

as a fraud or deceit upon any person.


III.

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees,

attorneys, and all other persons in active concert or participation with him who receive actual

notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined

*SEC v. Stanford International Bank, Ltd., et al.*
 Preliminary Injunction and Order Granting Other Relief – James M. Davis                                                    7


**154**

from aiding and abetting violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

    (1)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (2)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendant Davis, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of Defendant Davis, pending a showing to this Court that Defendant Davis has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant Davis who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis      8

**155**

regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

## VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendant Davis without adequate consideration.

## VII.

IT IS HEREBY ORDERED that Defendant Davis is hereby required to make an interim accounting, under oath, within ten days of the issuance of this order: (1) detailing all monies and other benefits which he received, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendant Davis (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting.

## VIII.

*SEC v. Stanford International Bank, Ltd., et al.*
 Preliminary Injunction and Order Granting Other Relief – James M. Davis                    9

**156**

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendant or any entities under his control.

IX.

IT IS HEREBY ORDERED that the Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendant by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

X.

IT IS HEREBY ORDERED that expedited discovery may take place consistent with the following:

(1)    any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Plaintiff Commission's Complaint upon Defendant;

(2)    all parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled;

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis                    10


157

(3)     any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours;

(4)     all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things; and

(5)     all parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

XI.

IT IS HEREBY ORDERED that all parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendant by delivery to the Plaintiff Commission address as follows:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Attention: David Reece
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX  76102-6882
Facsimile:  (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

XII.

IT IS HEREBY ORDERED that Defendant Davis shall surrender his passport and is barred from traveling outside the United States until further order of this Court.

XIII.

IT IS HEREBY ORDERED that Defendant Davis and his agents, servants, employees, attorneys, depositories, banks, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise shall:

(1)     take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by him, or are under his direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(2)     provide the Commission and the Court a written description of the funds and assets so repatriated.

XIV.

Defendant Davis shall have twenty (20) days from the date of this Preliminary Injunction in which to answer the Commission's First Amended Complaint.

EXECUTED at 3:30 o'clock am/pm CST this 12 day of ___March___, 2009

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – James M. Davis                    12

**159**

Law Offices

# John Priovolos, P.A.

ATTORNEY AT LAW

2333 Brickell Ave.
Suite A-1
MIAMI, FLORIDA 33129

JOHN PRIOVOLOS, ESQ.
JOHNPRIOVOLOS@AOL.COM

TELEPHONE: (786) 517-8201
FACSIMILE:  (786) 517-8202

April 1, 2009

Sue Ayers, Esq.
Baker Botts LLP.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701
Sue.Ayers@Bakerbotts.com
*Via U.S. Mail, Facsimile, & Email*
*Re: S.E.C. v. Stanford Intl. Bank, LTD; Third Party Subpoena – Rebecca Reeves-Stanford*

Dear Ms. Ayers,

Please be advised that Ms. Rebecca Reeves-Stanford has retained this firm in regards to the above mentioned matter. Pursuant F.R.C.P 45(c)(2)(B), please allow this correspondence to serve as my written objection to production of the materials requested. As per our telephone discussion of yesterday afternoon, my client was served with your subpoena on March 26, 2009, and was required to produce the requested documents by April 1, 2009. As I am sure you agree, three business days to produce the requested documents is wholly unreasonable.

However, my client is currently in the process of securing some of the requested documents. Please confirm that the returnable date on the subpoena will be extended to not effectively unduly burden the witness. Also, please allow this correspondence to confirm that your firm will be the recipient of document production as opposed to the Law Offices of Jay Pilchick. Please also understand that my client reserves the right to formally object to specific requests of your subpoena, but will produce non-objected to documents in the meanwhile. Contact me at your convenience so that we can select a mutually agreeable date for the production of non-objected to documents.

Sincerely,

John Priovolos, Esq.

**EXHIBIT**

**E**

160

## Ayers, Sue

| | |
|---|---|
| **From:** | John Priovolos [johnpriovolos@aol.com] |
| **Sent:** | Wednesday, May 13, 2009 2:28 PM |
| **To:** | Ayers, Sue |
| **Subject:** | RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford |
| **Attachments:** | Confidentiality Order - Rebecca Reeves.doc |

Sue,

I hope all is well. Your email was trapped in my spam filter and was just recently retrieved. I've been having some serious problems with email in the last couple of weeks. I did receive your other email however. Attached is a copy of a draft agreement. It is currently in the form of an order to be ratified by a judge. My client would prefer that we handle it that way, however I will advise her of any suggestion by yourself or the receiver. Please make whatever changes you would like and let me know. The order should cover all aspects of discovery. If you have something else in mind, contact me. My client is mainly concerned with the disclosure of the personal documents that will be tendered, and that they don't find their way into the hands of the public. As I understand from your last message, you will be presenting this to the receiver, offering suggestions, and contacting me regarding changes.

Thanks again,

John

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Tuesday, May 05, 2009 7:04 PM
**To:** johnpriovolos@aol.com
**Subject:** RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

John: I'm looking for a draft agreement from you - correct? Thanks. Sue

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Friday, May 01, 2009 10:18 AM
**To:** Ayers, Sue
**Subject:** RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue,

I contacted your office and left messages both yesterday and today. My client will be providing me with more documents to answer your subpoena today. Because of the media frenzy that surrounds this case, specifically in Texas, she has voiced a concern about the confidentiality of the personal materials that she will be providing. If your firm agrees to hold the discovery documents in a confidential fashion, there will be no objection to tendering what she has in her possession. Also, based on the last conversation we had regarding the subpoena, you stated that you had a primary interest in any documents that evince the source of funds for the purchase of her homestead. Although I haven't heard back from you following my telephone message from yesterday, I have instructed me client to order those records from the financial institutions anyway. I assume that you would rather not have to subpoena these institutions when my client can access the records in a more expeditious manner. As soon as those documents come into her possession, we can forward them on to you. Please contact me to discuss the method by which you would like to be provided the documents.

8/10/2009



161

Thank you,

John

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Monday, April 27, 2009 11:30 AM
**To:** johnpriovolos@aol.com
**Cc:** katherine.hinton@bakerbotts.com
**Subject:** RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

John:

Ms. Reeves was served with our subpoena a month ago and has produced very few documents. By the end of this week - Friday, May 1st - please produce whatever other documents she is willing to give us, along with a written response to our subpoena, including objections to any request for which she either does not have or refuses to produce documents.

Regards, Sue

*Susan Dillon Ayers*
Attorney
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4039
512.322.2663 (Telephone)
512.750.6748 (Cell)
512.322.8390 (Fax)

**** PRIVILEGED AND CONFIDENTIAL ****

NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged and intended only for the use of the addressee. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail or by telephone at 512.322.2500 and destroy the original transmission and its attachments without reading or saving in any manner.

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Monday, April 06, 2009 5:28 PM
**To:** Ayers, Sue
**Subject:** FW: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue:

8/10/2009

Attached are the readily accessible documents that we spoke of along with a letter. Due to the size of the .pdf's, I will be sending you several emails. I will be available tomorrow afternoon to further discuss this matter. Please let me know what time would be convenient for you. If you have any issues receiving the attached scanned items, please let me know.

Thanks,

John

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Monday, April 06, 2009 4:11 PM
**To:** johnpriovolos@aol.com
**Subject:** RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

John:

I didn't get anything over the weekend. What do you know? Sue

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Wednesday, April 01, 2009 3:33 PM
**To:** Ayers, Sue
**Subject:** SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue,

It was a pleasure speaking with you yesterday. Attached, please find a letter indicating my representation of Ms. Reeves-Stanford, as well as my formal objection to the lack of time allotted for production. We are in the process of securing and reviewing the summoned documents in the meanwhile as discussed. I am available to further discuss this matter at your convenience.

Best Regards,

John Priovolos

*Law Offices of John Priovolos, P.A.*
2333 Brickell Avenue Suite A-1
Miami, Fl 33129
(786) 517-8201 Office
(786) 517-8202 Fax

8/10/2009

**163**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-cv-00298-N
FLORIDA BAR NO.: 690112

SECURITY AND EXCHANGE
COMMISSION,

       Plaintiffs,

-vs-

STANFORD INT'L BANK, LTD.,
STANFORD GROUP CO., STANFORD
CAPITAL MGMT. LLC, R. ALLEN
STANFORD, JAMES M. DAVIS,
LAURA PENDERGEST HOLT,

       Defendants.
_____/

## CONFIDENTIALITY AGREEMENT
## THIRD PARTY SUBPOENA – REBECCA REEVES STANFORD

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, it is

**AGREED:**

1.    **Non-Disclosure for Confidential Documents**.  Except with the prior written consent of the party or other person originally designated, a document to be stamped as a confidential document, or as hereinafter

1

provided under this agreement, no stamped confidential document may be disclosed to any person.

> [A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under the Federal Rules of Civil Procedure. For purpose of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.]

2.    **Permissible Disclosures**.    Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to person with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, person operating video recording equipment at depositions, and any special master

2

appointed by the court).  Subject to the provisions of subparagraph (c), such documents may also be disclosed:

a.    To any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

b.    To person noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing:

i. a recital that the signatory has read and understands the order;

3

ii.  a recital that the signatory understands that authorized disclosures of the stamped confidential documents constitute contempt of court; and

iii.  a statement that the signatory consents to the exercise of personal jurisdiction by this court.

c.    Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or any employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure.  If, within the ten (10) day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3.    **Declassification**.  A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a

4

document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4.    **Confidential Information in Depositions**.

a.    A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

b.    Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential  information within the deposition transcript

5

may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential. Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

c.    A confidential exhibit used in deposition retains its confidentiality and any testimony concerning or related to such exhibit shall automatically be considered confidential information, unless otherwise agreed to by the parties.

5.    **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, a stamped confidential document and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence

6

be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.    **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.    **Filing**. Stamped confidential documents need not be filed with the clerk except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8.    **Client Consultation**. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise

communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 2(b) and 2(c).

9.    **Prohibited Copying**.  If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend: "Copying Prohibited."  Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10.    **Use**.    Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative or judicial proceedings. [For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]

11.    **Non-Termination**.    The provisions of this order shall not terminate at the conclusion of these actions.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of records) shall be returned to the party or persons which produced such documents or, at the option of the

8

171

producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12.    **Modification Permitted**. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13.    **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

14.    **Inadvertent Disclosures**. Unless the party does not designate the document as confidential within 15 days of production, the inadvertent or unintentional disclosure of any confidential information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific confidential information disclosed or as to any other related information.

15.    **Effective Date and Retroactive Application**. The provisions of this order shall apply from the date this order is entered to any and all

9

documents produced in this case and to any and all information produced or disclosed, whether produced or disclosed before or after the entry of this order  Documents produced before the entry date of this order, or documents produced but not stamped as confidential, may retroactively be stamped as confidential and shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida on this _____ day of _____, 2009.

_____
District Court Judge

Copies furnished to:
JOHN PRIOVOLOS, ESQUIRE
_____, ESQUIRE

10

173

Westlaw.

APN: 24-5205-058-0190                                      Page 1

REAL PROPERTY TRANSACTION RECORD

                    Filings Collected Through:06-04-2009
                    County Last Updated:06-18-2009
                    Frequency of Update:WEEKLY
                    Current Date:06/23/2009
                    Source: CLERK OF THE CIRCUIT
                    CT
                    DADE, FLORIDA

                       OWNER INFORMATION

                    Owner(s):SCIPIONI FRANCESCO & SUSAN
                    Owner Relationship:HUSBAND AND WIFE
                    Ownership Rights:TENANTS BY ENTIRITY
                    Absentee Owner:SITUS FROM SALE (ABSENTEE)
                    Additional Owner #1:SCIPIONI FRANCESCO
                    Owner Relationship:HUSBAND/WIFE
                    Owner Rights:TENANTS BY ENTIRITY
                    Additional Owner #2:SCIPIONI SUSAN
                    Property Address:GRAND BAY ESTATES CIR
                    KEY BISCAYNE FL 33149-1930
                    Mailing Address:14 TURTLE WALK
                    KEY BISCAYNE FL 33149-1914

                       PROPERTY INFORMATION

                    County:DADE
                    Assessor's Parcel Number:24-5205-058-0190
                    Property Type:SINGLE FAMILY RESIDENCE - TOWNHOUSE
                    Land Use:SINGLE FAMILY RESIDENCE
                    Building Square Feet:2411

                    TRANSACTION INFORMATION

                    Transaction Date:05/08/2009
                    Seller Name:REEVES-STANFORD REBECCA
                    Sale Price:$3,000,000.00
                    Deed Type:GRANT DEED
                    Document Type:WARRANTY DEED
                    Type of Transaction:RESALE
                    Recording Date:05/13/2009
                    Document Number:350003
                    Recording Book/Page:BOOK 26864, PAGE 4240
                    Title Company:ATTORNEY ONLY
                    Construction Type:SALE IS A RE-SALE

        © 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



174

APN: 24-5205-058-0190                                                    Page 2


Purchase Payment:CASH

TAX ASSESSOR RECORD is available for this property. The record contains information
from the office of the local real property tax assessor office. In addition to
identifying the current owner, the record may include tax assessment information,
the legal description, and property characteristics. Additional charges may apply.


TRANSACTION HISTORY REPORT is available for this property. The report contains de-
tails about all available transactions associated with this property. The report
may include information about sales, ownership transfers, refinances, construction
loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges
may apply.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT


© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

This Instrument Was Prepared By:
LAW OFFICES OF JEFFREY E. REICHENBACHER
2333 Brickell Avenue, Suite 1 - A
Miami, Florida 33129
Please Return To: Mark E. Fried, Esq.
1110 Brickell Avenue, Suite 310
Miami, Florida 33131
Property Appraisers Parcel
Identification (Folio) Number(s): 24 - 52 - 05 - 058 - 0190

CFN 2009R0350003
OR Bk 26864 Pgs 4240 – 4241; (2pgs)
RECORDED 05/13/2009 14:27:25
DEED DOC TAX 18,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## WARRANTY DEED

**THIS WARRANTY DEED** signed and executed on: May 8, 2009

By Grantor: REBECCA REEVES-STANFORD, a single woman, whose address is: 38 Grand Bay Estates Circle, Key Biscayne, Florida 33149

To Grantees: FRANCESCO SCIPIONI and SUSAN SCIPIONI, Husband and Wife, as Tenants By The Entireties whose address is: 14 Turtle Walk, Key Biscayne, Florida 33149.

**WITNESSETH:** That Grantor, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Grantee, all that property situated in Miami-Dade County, State of Florida:

**LOT 3, BLOCK 2, GRAND KEY ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 154, PAGE(S) 18, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

Subject To: Real Property Taxes for ____2009____ and subsequent years, and all conditions, restrictions, limitations, easements, reservations, and other matters of record, if any; but this condition shall not operate to re-impose the same.

**TOGETHER** with all the tenements, hereditaments and appurtenances belonging or appertaining.
**TO HAVE AND TO HOLD**, the same in fee simple forever.

**AND** Grantor hereby covenants with said Grantees that Grantor is lawfully seized of said land in fee simple; that Grantor has good right and lawful authority to sell and convey said land; that Grantor hereby warrants the title to said land and will defend same against the lawful claims of all persons; and that said land is free of encumbrances, except taxes accruing subsequent to December 31, 2008.
**IN WITNESS WHEREOF**, Grantor has signed and sealed the day and year first above written.

**IN WITNESS WHEREOF**, the Grantors have caused these presents to be signed in their names the day and year first above written.

Signed, sealed and delivered in the presence of us:

Name: SHARON DIAZ Grahardes

Name: MARK F. FRIED

**GRANTOR:**

*Rebecca Reeves-Stanford*
Rebecca Reeves-Stanford

OR BK 26864 PG 4241
LAST PAGE

STATE OF FLORIDA            )
                           ) SS
COUNTY OF MIAMI-DADE       )

**BEFORE ME,** the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Rebecca Reeves - Stanford, a single woman, who acknowledged to having executed the foregoing instrument, and sworn to and subscribed to the same, and (    ) who is personally known to me and/or (X) who has/have produced Florida Drivers License No. R23-732-54-839-0 as identification and who did take an oath.

Witness my hand and sealed in County and State aforesaid on:  May 8, 2009.

Notary Public - State of Florida



## Ayers, Sue

**From:**     johnpriovolos@aol.com
**Sent:**     Tuesday, June 23, 2009 8:23 PM
**To:**       Ayers, Sue
**Subject:**  Re: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue,

I recieved your voice messages from yesterday and this morning. I understand that you are correct regarding 30 Grand Bay Estates. I did not represent Ms.Reeves-Stanford in regards to the sale. I will be in court tomorrow morning and unavailable to speak with you until the afternoon. I apologize for getting back to you this late in the day.

John

-----Original Message-----
From: sue.ayers@bakerbotts.com
To: johnpriovolos@aol.com
Sent: Tue, Jun 23, 2009 11:28 am
Subject: RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

John:

Looks to me like your client sold the house at 30 Grand Bay Estates. Please call me immediately. Sue

*Susan Dillon Ayers*
Attorney
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4039
512.322.2663 (Telephone)
512.750.6748 (Cell)
512.322.8390 (Fax)

**** PRIVILEGED AND CONFIDENTIAL ****

NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged and intended only for the use of the addressee. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail or by telephone at 512. 322.2500 and destroy the original transmission and its attachments without reading or saving in any manner.

8/10/2009

EXHIBIT
H
tabbies
178

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Monday, April 06, 2009 5:28 PM
**To:** Ayers, Sue
**Subject:** FW: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue:

Attached are the readily accessible documents that we spoke of along with a letter. Due to the size of the .pdf's, I will be sending you several emails. I will be available tomorrow afternoon to further discuss this matter. Please let me know what time would be convenient for you. If you have any issues receiving the attached scanned items, please let me know.

Thanks,

John

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Monday, April 06, 2009 4:11 PM
**To:** johnpriovolos@aol.com
**Subject:** RE: SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

John:

I didn't get anything over the weekend. What do you know? Sue

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Wednesday, April 01, 2009 3:33 PM
**To:** Ayers, Sue
**Subject:** SEC v. Stanford Intl. Bank - Third Party Subpoena to Rebecca Reeves-Stanford

Sue,

It was a pleasure speaking with you yesterday. Attached, please find a letter indicating my representation of Ms. Reeves-Stanford, as well as my formal objection to the lack of time allotted for production. We are in the process of securing and reviewing the summoned documents in the meanwhile as discussed. I am available to further discuss this matter at your convenience.

Best Regards,

John Priovolos

*Law Offices of John Priovolos, P.A.*
2333 Brickell Avenue Suite A-1
Miami, Fl 33129
(786) 517-8201 Office
(786) 517-8202 Fax

---

8/10/2009

**A Good Credit Score is 700 or Above. <u>See yours in just 2 easy steps!</u>**

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

June 24, 2009

079716.0116

Samuel Cooper
TEL +1 713.229.1834
FAX +1 713.229.2734
samuel.cooper@bakerbotts.com

*VIA FACSIMILE, EMAIL AND CERTIFIED MAIL*

John Priovolos
2333 Brickell Ave.
Suite A-1
Miami, FL 33129

Melida Viera
111 NE 1st St. Ste. 902
Miami, FL 33132-2517

Re:    No. 3:09-cv-0298-N; *Securities and Exchange Commission v. Stanford International Bank, et al. (the "Receivership Proceedings")*; In the United States District Court for the Northern District of Texas

Dear Mr. Priovolos and Ms. Viera:

As you are aware, Baker Botts represents the Receiver, Ralph S. Janvey, in the above-referenced matter. It has come to our attention that your client, Rebecca Reeves-Stanford ("Reeves-Stanford"), recently sold certain real property located at 28 Grand Bay Estates Circle, Key Biscayne, Florida (the "Property"). The timing of the sale is quite suspicious and raises serious issues about your client's conduct.

If the Property was purchased using funds supplied by R. Allen Stanford, it plainly fell under the scope of the Temporary Restraining Order, Order Freezing Assets, Order Requiring an Accounting, Order Requiring Preservation of Documents, and Order Authorizing Expedited Discovery (the "TRO") issued by the Northern District of Texas. The TRO prohibits the disposition or sale of assets falling within its scope. TRO at ¶ 7.

As you and your client were aware, at the time of the sale the Receiver was actively engaged in evaluating the source of funds used to purchase the Property. On March 25, 2009, a subpoena was issued directing that Ms. Reeves-Stanford produce, among other things, certain documents that would allow the Receiver to further analyze the circumstances surrounding her purchase of the Property in 2005. Along with the subpoena, Ms. Reeves-Stanford was served with a copy of all applicable Orders by the Northern District of Texas, including the TRO.

In response to the subpoena, Ms. Viera contacted our offices claiming to represent Ms. Reeves-Stanford in the above-referenced matter. We then sent her an additional copy of the subpoena and TRO via email. On April 1, 2009, Mr. Priovolos sent a letter to the Receiver stating that he now represented Ms. Reeves-Stanford. Five days later, he produced nine

**EXHIBIT**

*tabbies*  **I**    181

**BAKER BOTTS** LLP

- 2 -                                                                  June 24, 2009

documents related to the Property.    During subsequent conversations, he informed us that Ms. Reeves-Stanford would produce additional documents after the entry of a stipulated confidentiality order.

Mr. Priovolos sent an email attaching a proposed draft of a confidentiality order on May 13, 2009.  However, based upon publicly-filed documents, your client had already sold the Property for $3 million five days prior to that email, well after you and your client had notice of the TRO.  No effort was made to inform the Receiver of the circumstances surrounding the sale of the Property or, more importantly, where the proceeds from the sale have now been placed.

The few documents Ms. Reeves-Stanford has produced give the Receiver good cause to believe that the Property fell under the scope of the TRO and that the subsequent sale of the Property was a violation of its express terms.  As a result, we are putting you on notice that the Receiver intends to pursue any and all available legal remedies against your client to recover monies flowing from this sale.  The Receiver also will seek legal redress against any individual or entity that advised, facilitated, or otherwise assisted Ms. Reeves-Stanford with the sale of the Property with knowledge of the TRO enjoining its disposition.

To this end, we are requesting that you immediately provide us with the following information and documentation:

(1)    All documents related to the May 8, 2009, sale of the Property;

(2)    The exact location of all proceeds stemming from the May 8, 2009, sale of the Property;

(3)    The steps you and your client have taken and will take in the future to ensure that none of the proceeds from the May 8, 2009 sale will be dissipated.  Specifically, we expect your client to place all proceeds with a mutually agreeable third party who will retain custody of the funds pending resolution of this issue; and

(4)    All documents previously requested by way of the March 25, 2009 subpoena.

If we do not receive a satisfactory response from you by 5:00 p.m., Thursday, June 25, 2009, we intend to file in the Northern District of Texas seeking appropriate relief, which may include a request that the Court consider a finding of contempt for violation of its Order.

HOU02:1174036.1

**BAKER BOTTS** LLP

- 3 -                                                    June 24, 2009

Very truly yours,

*Saml Cooper*

Samuel Cooper

:0662

cc:    Jeffrey E. Reichenbacher
       Law Offices of Jeffrey E. Reichenbacher
       2333 Brickell Avenue, Suite 1-A
       Miami, FL 33129
       (*Via Facsimile*)

2. Article Number

7160 3901 9848 1916 2979

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)  B. Date of Delivery
Beatrice Frazi    6 2909

C. Signature
X _____    ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

Melida Viera
111 NE 1st St., Ste. 902
Miami, FL 33132-2517

079716.0116
Janvey
Litigation-General
Russell Lewis
07520
June 24, 2009 4:54 pm
Cors re 28 Grand Bay

PS Form 3811, January 2005        Domestic Return Receipt

---

2. Article Number

7160 3901 9848 1916 2986

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)  B. Date of Delivery
                                        4 9 0 9

C. Signature
X _____    ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

John Priovolos
2333 Brickell Avenue
Suite A-1
Miami, FL 33129

079716.0116
Janvey
Litigation-General
Russell Lewis
07520
June 24, 2009 4:54 pm
Cors re 28 Grand Bay

PS Form 3811, January 2005        Domestic Return Receipt

---

2. Article Number

7160 3901 9848 1916 2962

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)  B. Date of Delivery
                                        6 29 09

C. Signature
X _____    ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

Jeffrey E. Reichenbacher
Law Offices of Jeffrey E. Reichenbacher
2333 Brickell Avenue
Suite 1-A
Miami, FL 33129

079716.0116
Janvey
Litigation-General
Russell Lewis
07520
June 24, 2009 6:18 pm
Cors re 28 Grand Bay

PS Form 3811, January 2005        Domestic Return Receipt

184

## Cooper, Samuel

| | |
|---|---|
| **From:** | John Priovolos [johnpriovolos@aol.com] |
| **Sent:** | Thursday, June 25, 2009 2:20 PM |
| **To:** | Lewis, Russell; vieraesq@aol.com |
| **Cc:** | Cooper, Samuel; bekistan919@aol.com |
| **Subject:** | RE: Sent on Behalf of Russell Lewis |

Dear Mr. Cooper,

Ms. Reeves-Stanford has been in the process of retaining new counsel for several days. I terminated my attorney-client relationship with her. I am therefore no longer the appropriate person to speak on her behalf. I have forwarded your letter and expect that her newly retained counsel will be in contact with you very soon. All future communications should be directed to herself or her new attorney.

Sincerely Yours,

John Priovolos

---

**From:** Patriciann.Wall@bakerbotts.com [mailto:Patriciann.Wall@bakerbotts.com] **On Behalf Of**
Russell.Lewis@bakerbotts.com
**Sent:** Wednesday, June 24, 2009 6:35 PM
**To:** johnpriovolos@aol.com; vieraesq@aol.com
**Cc:** Russell.Lewis@bakerbotts.com; Samuel.Cooper@bakerbotts.com
**Subject:** Sent on Behalf of Russell Lewis

The attached document is being forwarded at Russell Lewis' request.

## *Patti Wall*

Secretary to *RUSSELL LEWIS*
Baker Botts L.L.P.
910 Louisiana
Houston, TX 77002
713.229.2015
mailto:patriciann.wall@bakerbotts.com



185

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MILLENNIUM BANK, | § | |
| UNITED TRUST OF SWITZERLAND S.A., | § | Case No. 7:09-CV-050-O |
| UT of S, LLC, | § | |
| MILLENNIUM FINANCIAL GROUP, | § | |
| WILLIAM J. WISE, | § | |
|      d/b/a STERLING ADMINISTRATION, | § | |
|      d/b/a STERLING INVESTMENT SERVICES | § | |
|      d/b/a MILLENNIUM AVIATION, | § | |
| KRISTI M. HOEGEL, a/k/a KRISTI M. CHRISTOPHER | § | |
|      a/k/a BESSY LU, | § | |
| JACQUELINE S. HOEGEL, a/k/a JACQULINE S. HOEGEL, | § | |
|      a/k/a JACKIE S. HOEGEL, | § | |
| PHILIPPE ANGELONI, and BRIJESH CHOPRA, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| And | § | |
| | § | |
| UNITED T OF S, LLC, STERLING I.S., LLC, | § | |
| MATRIX ADMINISTRATION, LLC, | § | |
| JASMINE ADMINISTRATION, LLC, | § | |
| LYNN P. WISE, DARYL C. HOEGEL, RYAN D. | § | |
| HOEGEL, and LAURIE H. WALTON, | § | |
| | § | |
| Relief Defendants. | § | |

### ORDER DENYING RELIEF DEFENDANT'S MOTION TO STAY

Before the Court is Relief Defendant Lynn P. Wise's ("Movant" or "Relief

Defendant") Motion for Stay Pending Appeal and Memorandum in Support ("the

Motion") (Doc. # 60) filed July 17, 2009. Upon consideration of the Motion, the

evidentiary record, and the applicable law, the Court finds as follows:

**EXHIBIT**
**K**

186

I.  Background

The Securities and Exchange Commission filed this case on March 26, 2009

against Millennium Bank, William Wise, Kristi Hoegel, and other Defendants alleging

that these Defendants engaged in a $68 million Ponzi scheme orchestrated by Wise and

Hoegel and executed through companies they control, including Millennium Bank. *See*

Doc. # 1. Lynn P. Wise, wife of William Wise, was named as a relief Defendant. A

receiver was appointed by the Court. Doc. # 10. Defendant William Wise has not

answered or otherwise appeared in this action.

On April 3, 2009, the Court entered its Order of Preliminary Injunction Freezing

Assets and Granting Other Equitable Relief against Relief Defendant Lynn P. Wise. Doc.

# 17. In addition, the Court entered its Order of Preliminary Injunction and Freezing

Assets and Granting Other Equitable Relief against, among others, William Wise. Doc. #

24. In awarding preliminary injunction, the Court found that Mr. Wise controlled

Millennium Bank and engaged in fraudulent conduct in violation of securities laws,

including misappropriating investor funds and making material misrepresentations and

omissions concerning Millennium certificates of deposits and use of investor funds. *Id.*

The Court noted that at least $68 million of investor funds were deposited into an account

where Wise was a signatory, and that bank records established that no investor funds

were used for legitimate banking or investment activities. *Id.* The Court found that Wise

used investor funds for his own personal use. *Id.*

On July 1, 2009, the Receiver filed a Motion to Approve Private Sale of Real

Property located at 3704 Camp Magnum Wynd, Raleigh, North Carolina, the so-called

"Raleigh Property." Doc. # 50. Relief Defendant Wise objected to the expedited sale of

2

the Raleigh Property. Doc. # 54. The Court set the matter for an evidentiary hearing,

pursuant to the requirements of 28 U.S.C. § 2001, to ascertain whether the seizure and

expedited sale of the Raleigh property was appropriate. Doc. # 52.

Prior to the hearing, the Receiver and Relief Defendant Wise reached a settlement

agreement that provided for the sale of the Raleigh Property. The settlement agreement

provided the Raleigh Property would be sold and Relief Defendant Wise would receive $

60,000.00 of the proceeds from the sale.

The Court addressed the Receiver's motion for sale of the Raleigh Property, as

well as the proposed settlement, at a hearing held on July 8, 2009 and July 9, 2009. At

this hearing, the Court permitted the parties to introduce evidence and put on witnesses

subject to cross-examination, and evaluated the evidence to determine, notwithstanding

the settlement agreement between the Receiver and the Relief Defendant, "that the best

interests of the estate [would] be conserved" by the sale of the Raleigh Property. *See* 28

U.S.C. § 2001 (b); *see also, Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 371 (1908)

(quoting *Booth v. Clark*, 58 U.S. 533 (1855) (citation omitted)) ("It is the court itself

which has the care of the property in dispute. The receiver is but the creature of the

court; he has no powers except such as are conferred upon him by the order of his

appointment and the course and practices of the court."). Counsel for Relief Defendant

Wise informed the Court that there was no disagreement as to whether or not the Raleigh

Property should be sold. He urged the Court to accept the settlement offer as it

effectively resolved the essence of the dispute – the allocation of proceeds from the sale

of the home. Indeed, counsel conceded that the Relief Defendant could not afford to

3

keep the home, was planning to relocate to Canada, and sought approval of the settlement to expedite this process.

The Receiver informed the Court that there are limited assets available for marshalling by the Receiver in this case and that the Raleigh Property is perhaps the estate's most valuable asset. Additionally, the Receiver urged the Court that time was of the essence and that, while the offer the Receiver was presently entertaining on the Raleigh Property was within the statutory range, the depressed real estate market cast doubt on the availability of a subsequent purchaser. *See* Receiver's Motion to Approve Private Sale, Doc. # 50, at ¶¶ 34-35; Hrg. Transcript from July 8, 2009. Thus, the Court was particularly mindful to find out if the proposed settlement agreement preserved the best interests of the estate, paying attention to conservation of the estate's assets.

Based upon the parties' filings, and the evidence and argument presented at the hearing on this matter, the Court concluded the proposed settlement was not in the best interests of the estate. The Court found that Relief Defendant Wise should not be able to recover funds from the sale of the Raleigh Property over the rights of victims when her husband, William Wise, used ill-gotten funds from his Ponzi scheme to extinguish all but about one-hundred dollars of the principal amount of the mortgage. The Court provided Relief Defendant Wise with thirty days to vacate the premises.

On July 17, 2009, Relief Defendant Wise filed a Notice of Interlocutory Appeal to the Fifth Circuit, and also filed the present motion, which asks the Court to stay the sale of the Raleigh Property pending appeal. Doc. # 59, Doc. # 60. Defendant Wise does not cite any legal authority in support for her request for a stay, and instead appears to argue that the Court abused its discretion in allowing the sale of the Raleigh Property. *See* Doc.

4

# 60. Accordingly, the Court construes Relief Defendant Wise's motion as a motion for reconsideration, and now addresses Defendant Wise's arguments in support of her contention that the Court has no basis to allow the sale of the Raleigh property.

## II. Analysis

Relief Defendant Wise argues that the Court did not have a proper evidentiary basis for allowing the sale of the Raleigh property, and that the Court did not provide her with due process. These arguments are without merit.

### A. Evidentiary Support

Movant complains that the Court's ruling denying her objection to the sale of the Raleigh Property was based on the finding of an illegal Ponzi scheme, and that there was less than a scintilla of evidence supporting this finding. *See Motion to Stay,* ¶ 12-14. On this issue, Movant contends that she is an innocent spouse.

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Hardy,* 803 F.2d 1034, 1037 (9th Cir. 1986); *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 606 (9th Cir. 1978) ("It is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership."). This includes the power to permit a Receiver to sell property where appropriate to protect the receivership estate. *Elliott,* 953 F.2d at 1566. Additionally, a court may freeze the assets of a relief defendant. *See SEC v. Heden,* 51 F. Supp.23 296, 299 (S.D.N.Y. 1999). Sale of real property held by a receiver is permitted by 28 U.S.C. § 2001.

5

As required by Section 2001(b), in this case three disinterested persons appraised the Raleigh Property and their valuations were filed with the Court. *See* Doc. # 50, ¶ ¶ 18 -20. The proposed private sale was also within the valuation range required by statute. *Id.* ¶ 21. Thus, the Court proceeded with the evidentiary hearing in order to determine whether the Relief Defendant was entitled to a portion of the proceeds from the contested property such that the proposed settlement agreement was in best interest of the estate.

In reaching the decision to reject the proposed settlement, to order Relief Defendant Wise to vacate the Raleigh Property, and to grant the Receiver's Motion for Private Sale, the Court examined extensive financial records which linked the payments extinguishing the Raleigh Property's mortgage to ill-gotten funds of Defendant William Wise's enterprise.[1] *See CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187 (4th Cir. 2002) (concluding that once a district court has subject matter jurisdiction over an underlying enforcement action, the district court has the authority to recover tainted funds that have been traced to relief defendants). Relief Defendant Wise has not put forth any evidence calling into question that the Raleigh Property's mortgage was paid for with fraudulently obtained money. Accordingly, the Court finds no error in its decision to allow sale of the Raleigh Property.

---

[1] Movant's statement of facts characterize the Court's order as "rejecting the settlement and rul[ing] that Lynn's home and all of her personalty was to be sold." Motion at 2. Despite Movant's recitation of facts, at the conclusion of the hearing, the Court made no decision on the sale of personal property. The Court ordered the Raleigh Property to be sold, that Relief Defendant Wise move out of the Raleigh Property, and that she cooperate with the Receiver in preparing an inventory of personal property.

Additionally, inasmuch as Movant appears to complain of the order authorizing the sale of the Raleigh Property, she fails to recognize that at the beginning of the hearing Movant conceded there was no dispute that the property should be sold as she admitted she could not afford to keep it. Therefore, it appears more accurate to characterize this motion as one complaining of the Court's decision not to allocate a portion of the sale proceeds directly to her.

After determining that the Raleigh Property's mortgage was paid off with fraudulently obtained money, the Court determined that Relief Defendant Wise should not be able to recover funds from the sale of the Raleigh Property over the rights of victims. Relief Defendant Wise contends that she is an innocent spouse and appears to argue this prevents the Court from selling the Raleigh Property or entitles her to some portion of the proceeds of the sale of the Raleigh Property. *Id.*, ¶ 14; *see also* Doc. # 24. The Court does not agree.

Generally, a relief defendant is a person or entity who (i) has received ill-gotten funds, and (ii) does not have a legitimate claim to those funds. *CFTC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998). A relief defendant may either be a gratuitous beneficiary of the proceeds from the principal defendants' fraud or merely the custodian of the principal defendants' assets. *CFTC v. Hanover Trading Co.*, 34 F. Supp.2d 203, 207 (S.D.N.Y. 1999). In either case, the relief defendants have not performed any bona fide services for these funds and consequently have no ownership interest in these funds. *CFTC v. IBS, Inc.*, 113 F.Supp. 2d 830, 855 (W.D.N.C. 2000). While relief defendants may not be "directly culpable in securities violations" what is sought is to have them disgorge "the benefits that they derive from the violations of culpable defendants." *SEC.v Egan*, 856 F. Supp. 401, 402 (N.D. Ill. 1993).

Based on this law, the Court finds that Relief Defendant Wise's innocence or lack thereof is irrelevant to the determination of whether sale of the Raleigh Property is in the estate's best interest. Accordingly, the Court finds no error in its decision to allow sale of the Raleigh Property, or its determination that Relief Defendant Wise is not entitled to any portion of the proceeds.

The Court now addresses whether Relief Defendant Wise was afforded due process.

## B. Due Process

Relief Defendant Wise argues that the Court has failed to provide her with sufficient process prior to allowing the sale of the Raleigh Property. As previously stated, district courts enjoy broad powers and wide discretion to determine relief in an equity receivership. This discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566, citing *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372 (5th Cir.1982). In granting relief, it is appropriate for the district court to use summary proceedings. *Id.*, citing *SEC v. Hardy*, 803 F.2d 1034, 1040 (9th Cir.1986). Generally, it is not an abuse of discretion for a court to rely on summary procedures where the parties are permitted to "present evidence when the facts are in dispute and to make arguments regarding those facts." *Elliott*, 953 F.2d at 1567. In order to establish abuse, a party must show "how they were prejudiced by the summary proceedings and how they would have been better able to defend their interests in a plenary proceeding." *SEC v. Sharp Capital*, 315 F.3d 541, 545 (5th Cir. 2003) (quoting *Elliott*, 953 F.2d at 1567).

The Court finds that Relief Defendant Wise was provided with sufficient process in connection with the Court's decision regarding the sale of the Raleigh Property. The Court held an evidentiary hearing to consider the Receiver's Motion and Relief Defendant Wise's objection thereto, and Relief Defendant Wise was provided with the opportunity to present evidence, to object to proffered evidence, and to cross examine

8

**193**

witnesses. As such, the Court finds that the proceedings provided Movant sufficient process to defend her interests.

In light of the foregoing, the Court finds that its order authorizing the sale of the Raleigh Property and its order that Relief Defendant Wise vacate the Raleigh Property was carried out in manner consistent with the statutory requirements and with a full and fair opportunity for the Relief Defendant to present evidence.

Accordingly, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

**SO ORDERED** this **21**[st] day of **July, 2009**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

9

**194**

## Cooper, Samuel

| | |
|---|---|
| **From:** | vieraesq@aol.com |
| **Sent:** | Friday, July 03, 2009 3:41 PM |
| **To:** | Cooper, Samuel |
| **Subject:** | Re: Sent on Behalf of Russell Lewis |

Mr. Cooper, This is Melie Viera. Since you are copying me on your corespondence with Mr. Privolos, I imagine that that you would like to hear from me. I just arrived from Europe two nights ago. While in Europe I received via email the letter addressed to Mr. Privolos and myself. I had my office contact Mr. Privolos who advised my office that he was taken care of it and not to concern myself. My representation of Ms. Reeves-Stanford was limited to receiving via email a copy of the request to produce from your office and after explaining to Ms. Reeves-Standford what was being requested, I simply advised that she obtain counsel. I am a family lawyer and have no knowledge or expertise in Federal matters. What little criminal work I do is strickly state and at a very low level. When I contacted your office it was in hopes of having some funds released to continue supporting her two children. I was never retained by Ms. Reeves-Standford and have no knowledge who she hired after Mr. Privolos. Additionally, I have not had communication with Ms. Reeves-Standford since shortly after that communication. If I can be of any further assistance please do not hesitate in contacting my office at 305-350-1999. Thank you, Melie Viera

-----Original Message-----
From: Samuel.Cooper@bakerbotts.com
To: johnpriovolos@aol.com; Russell.Lewis@bakerbotts.com; vieraesq@aol.com
Cc: bekistan919@aol.com
Sent: Thu, Jun 25, 2009 3:36 pm
Subject: RE: Se nt on Behalf of Russell Lewis

Mr. Priovolos, please be aware that we are actively investigating the conduct of Ms. Reeves-Stanford and her advisors. To that end, I would appreciate hearing from you as to your involvement in, and knowledge regarding, the sale of the property in question. I would also be interested in knowing when you terminated your relationship. Finally, Ms. Reeves-Stanford should be aware that we will be proceeding with a filing in the Northern District of Texas should we not hear from her or her representatives about a satisfactory disposition of the funds in question by the date and time stated in our letter. Thank you, Sam Cooper

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Thursday, June 25, 2009 2:20 PM
**To:** Lewis, Russell; vieraesq@aol.com
**Cc:** Cooper, Samue l; bekistan919@aol.com
**Subject:** RE: Sent on Behalf of Russell Lewis

Dear Mr. Cooper,

8/6/2009



**EXHIBIT**

**L**

195

Ms. Reeves-Stanford has been in the process of retaining new counsel for several days. I terminated my attorney-client relationship with her. I am therefore no longer the appropriate person to speak on her behalf. I have forwarded your letter and expect that her newly retained counsel will be in contact with you very soon. All future communications should be directed to herself or her new attorney.

Sincerely Yours,

John Priovolos

---

**From:** Patriciann.Wall@bakerbotts.com [mailto:Patriciann.Wall@bakerbotts.com] **On Behalf Of** Russell.Lewis@bakerbotts.com
**Sent:** Wednesday, June 24, 2009 6:35 PM
**To:** johnpriovolos@aol.com; vieraesq@aol.com
**Cc:** Russell.Lewis@bakerbotts.com; Samuel.Cooper@bakerbotts.com
**Subject:** Sent on Behalf of Russell Lewis

The attached document is being forwarded at Russell Lewis' request.

## *Patti Wall*

Secretary to *RUSSELL LEWIS*
Baker Botts L.L.P.
910 Louisiana
Houston, TX 77002
713.229.2015
mailto:patriciann.wall@bakerbotts.com

---

**An Excellent Credit Score is 750. See Yours in Just 2 Easy Steps!**

8/6/2009

## Cooper, Samuel

| | |
|---|---|
| **From:** | Cooper, Samuel |
| **Sent:** | Thursday, June 25, 2009 2:36 PM |
| **To:** | 'John Priovolos'; Lewis, Russell; vieraesq@aol.com |
| **Cc:** | bekistan919@aol.com |
| **Subject:** | RE: Sent on Behalf of Russell Lewis |
| **Attachments:** | Correspondence to JPriovolos-MViera.PDF |

Mr. Priovolos, please be aware that we are actively investigating the conduct of Ms. Reeves-Stanford and her advisors. To that end, I would appreciate hearing from you as to your involvement in, and knowledge regarding, the sale of the property in question. I would also be interested in knowing when you terminated your relationship. Finally, Ms. Reeves-Stanford should be aware that we will be proceeding with a filing in the Northern District of Texas should we not hear from her or her representatives about a satisfactory disposition of the funds in question by the date and time stated in our letter. Thank you, Sam Cooper

---

**From:** John Priovolos [mailto:johnpriovolos@aol.com]
**Sent:** Thursday, June 25, 2009 2:20 PM
**To:** Lewis, Russell; vieraesq@aol.com
**Cc:** Cooper, Samuel; bekistan919@aol.com
**Subject:** RE: Sent on Behalf of Russell Lewis

Dear Mr. Cooper,

Ms. Reeves-Stanford has been in the process of retaining new counsel for several days. I terminated my attorney-client relationship with her. I am therefore no longer the appropriate person to speak on her behalf. I have forwarded your letter and expect that her newly retained counsel will be in contact with you very soon. All future communications should be directed to herself or her new attorney.

Sincerely Yours,

John Priovolos

---

**From:** Patriciann.Wall@bakerbotts.com [mailto:Patriciann.Wall@bakerbotts.com] **On Behalf Of**
Russell.Lewis@bakerbotts.com
**Sent:** Wednesday, June 24, 2009 6:35 PM
**To:** johnpriovolos@aol.com; vieraesq@aol.com
**Cc:** Russell.Lewis@bakerbotts.com; Samuel.Cooper@bakerbotts.com
**Subject:** Sent on Behalf of Russell Lewis

The attached document is being forwarded at Russell Lewis' request.

*Patti Wall*

Secretary to *RUSSELL LEWIS*
Baker Botts L.L.P.

8/10/2009



197

910 Louisiana
Houston, TX 77002
713.229.2015
mailto:patriciann.wall@bakerbotts.com