**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3-09-CV0298-N |
| STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, R. ALLEN STANFORD, JAMES M. DAVIS, and LAURA PENDERGEST-HOLT, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANT LAURA PENDERGEST-HOLT'S CONSOLIDATED RESPONSE AND BRIEF IN OPPOSITION TO GOVERNMENT'S APPLICATION FOR STAY OF DISCOVERY AND MOTION TO INTERVENE**

Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
John Volney
Texas Bar No. 24003118
Christopher J. Akin
Texas Bar No. 00793237
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
jmt@lynnllp.com
jvolney@lynnllp.com
cakin@lynnllp.com

August 13, 2009

Defendant Laura Pendergest-Holt files this response to the Government's application for a stay of discovery, and respectfully shows as follows:

## I.
## INTRODUCTION

For nearly six months, all while it had criminal charges pending against Ms. Holt, the Department of Justice has requested and accepted the benefit of the investigation and analysis performed by the SEC and the Receiver and their team of experts. In fact, the Receiver's fee applications identify literally millions of dollars of billable time expended to provide information to the DOJ and the SEC. Having reaped the benefit of this estate-funded investigation, the DOJ now requests a complete stay of discovery in this case and urges the Court to avoid the supposed injustice that would result from allowing defendants to obtain discovery that exceeds the extremely limited discovery available in a criminal case. The DOJ also makes the implausible claim that Ms. Holt will suffer no prejudice from such a stay, completely ignoring the undeniable hardship of a complete asset freeze, the impact of the SEC's case on her ability to find employment, and the Sixth Amendment implications of the Receiver's unjustified actions to block Ms. Holt's access to insurance coverage under the Stanford D&O Policy.

The DOJ's generic request for a stay does not support such extraordinary relief. Under applicable law, in order to obtain a stay, the DOJ must show "special circumstances" and the need to avoid "substantial and irreparable prejudice." The DOJ never even acknowledges this heavy burden. For this reason alone, the DOJ's motion must be denied. Moreover, notwithstanding the DOJ's complete failure to submit any evidence supporting its motion, the hardship imposed by the asset freeze on Ms. Holt would render any stay of discovery too prejudicial.

## II.
## FACTUAL BACKGROUND

1. Unlike many civil cases, an SEC enforcement action is sometimes accompanied by pre-trial injunctive relief that imposes serious restrictions on the defendant. That is certainly the case here because the Court's *ex parte* temporary restraining order required a complete freeze on all of Ms. Holt's assets. [Docket No. 8]. The preliminary injunction against Ms. Holt continues that asset freeze until the trial of this case. [Docket No. 79].

2. Ms. Holt's experience confirms that it is not easy to live in our society without access to any money. Because of the asset freeze and the Receiver's blanket denial of access to any of her assets, the home that Ms. Holt's family has owned for generations is on the path to foreclosure because she cannot make the mortgage payments, and the Receiver has completely ignored the issue. The SEC's allegations prevent her from finding any suitable employment; and, even if she could find such employment, she would not be able to spend any of her income. Further, and most importantly, because of the Receiver's actions in blocking payment of Ms. Holt's costs of defense in the matters pending against her, Ms. Holt runs a substantial risk of not being able to defend herself at all in this or any of the other pending lawsuits.

3. By contrast, the DOJ not only has its own unlimited resources, but it also has capitalized on the Receiver's investigation, and used the assets of the Receivership estate for its own benefit. The Receivership Order in this case provides specifically that the Receiver shall "[p]romptly provide the United States Securities and Exchange Commission ***and other governmental agencies*** with all information and documentation they may seek in connection with its regulatory or investigatory activities." Receivership Order at ¶ 5(k) (emphasis added).

4. The Receiver's investigation has given the DOJ unchecked and unlimited access to a substantial amount of information, including Ms. Holt's personal documents and

information. For example, on March 2, 2009, two lawyers purportedly representing the Receiver, based upon ostensible authority from the Receivership Order and without any search warrant, raided Ms. Holt's personal residence with United States Marshals in tow, improperly entered and seized documents, rummaged through drawers containing personal items of clothing and Defendant's undergarments, rifled through shelves of personal family effects, and carried off four boxes of documents containing the Holt family's mail, tax documents[1] and other personal papers unrelated to the civil action filed by the SEC. Finally, as the ultimate insult, the Receiver's lawyers seized one of the family's cars, and drove off in it.

5. The DOJ has also received the benefit of the millions of dollars of billable time incurred by the Receiver's attorneys and consultants. In the Receiver's first fee application, he sought payment for $6.1 million for FTI, and specifically noted that "[a] significant portion of FTI's work has involved collecting information ***at the request of the SEC, the FBI, and the DOJ in connection with their investigations***." Receiver's Motion for Approval of Interim Fee Application [Docket No. 384] at p. 28 (emphasis added). Similarly, the Receiver's attorneys have provided significant assistance to the DOJ. *Id.* at p. 22; Receiver's Motion for Approval of Second Interim Fee Application [Docket No. 669] at pp. 15-22.

6. The DOJ filed its criminal complaint against Ms. Holt nearly six months ago on February 25, 2009. But it was not until nearly six months later – after the DOJ profited substantially from the investigation of the Receiver and the SEC – that the DOJ belatedly sought to stay discovery in this case.

---

[1] The Receiver's lawyers took several years of Mr. Holt's individual tax returns that pre-dated his marriage to the Defendant.

RESPONSE AND BRIEF IN OPPOSITION TO GOVERNMENT'S
APPLICATION FOR STAY OF DISCOVERY AND MOTION TO INTERVENE**        **Page 3**
02174-901/#221216

7. Importantly, on the same day that the DOJ filed its motion to stay discovery in this case, Ms. Holt served two sets of requests for production and one set of requests for admission on the Receiver and the SEC. *See* Appendix in Support of Response at 10-44 ("App at __"). Much of this discovery is related to the Receiver's unlawful and inappropriate efforts to block Ms. Holt from obtaining for the cost of her defenses under the Stanford D&O policy. *See* App 29-44. As such, these discovery requests do not implicate the civil and/or criminal cases against Ms. Holt, except to the extent that the discovery requests implicate concerns over Ms. Holt's Sixth Amendment rights. Only one set of requests for production is related to the underlying lawsuits, but such discovery is still limited in scope to the claims made against Holt in the civil lawsuit. *See* App. 10-28.

## III.
## ARGUMENT

**A. The DOJ Has Failed to Meet Its Burden of Producing Evidence That It Will Be Substantially and Irreparably Prejudiced by Pending Discovery.**

In order to obtain a stay of a civil proceeding, the DOJ must show that the granting of a stay would avoid "substantial and irreparable prejudice." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). While the DOJ claims that its requested stay is consistent with the governing case law, a closer examination of that case law tells a much different story. Indeed, a recent district court case noted an important distinction between civil cases brought by a private party, as compared to civil cases brought by the government:

> [A]lthough courts have been receptive to Government stay requests in civil cases brought by parties other than the Government, results in recent years have been markedly different when the Government itself brings a civil lawsuit simultaneous with a criminal proceeding. While at least one case has held that a civil proceeding can be completely stayed in similar circumstances . . . ,

the vast majority of cases hold that such a stay is improper absent a specific showing of prejudice that cannot be remedied by anything other than a complete stay of the civil proceeding.

*SEC v. Fraser*, 2009 WL 1531854, at *3 (D. Ariz. June 1, 2009). As a result, a number of courts – including a court in this district – have denied the government's request for a stay of another government-initiated civil proceeding when the government has failed to offer specific or sufficient evidence of prejudice:

- *SEC v. Fraser*, 2009 WL 1531854, at *4 (denying government's stay because "the Government's generalized argument that civil discovery is broader than criminal discovery is not sufficient to establish . . . substantial prejudice").

- *SEC v. Kornman*, 2006 WL 148733 (N.D. Tex. Jan. 18, 2006) (Lindsay, J.) (affirming magistrate judge's order denying DOJ's motion to stay SEC proceeding).

- *United States v. FINRA*, 607 F. Supp. 2d 391, 394 (E.D.N.Y. 2009) ( "the only 'prejudice' the Court can discern is that allowing the [civil proceeding] to go forward will result in the criminal defendants having more information than they would otherwise be entitled to at this stage under the Federal Rules of Criminal Procedure. This loss of the government's usual tactical advantage is insufficient")

- *United States v. All Funds on Deposit*, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) (denying government's stay request because government "faile[d] to point to any specific discovery request or abuse that has taken place or any other compelling reason why the [civil] action should be stayed at [that] time").

- *SEC v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ("[T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage").

- *SEC v. Sandifur*, 2006 WL 3692611, at *3 (W.D. Wash. Dec. 11, 2006) (denying stay request because government "failed to show any real prejudice that would result from the simultaneous progression of both civil discovery and the criminal case).

- *SEC v. Cioffi*, 2008 WL 4693320, at 1-2 (E.D.N.Y. Oct. 23, 2008) (noting that "[c]ourts are justifiably skeptical of blanket claims of prejudice by the government where – as here – the government is responsible for the simultaneous proceedings in the first place").

In this case, the DOJ's motion for stay is completely devoid of evidence that would support a finding of substantial and irreparable prejudice. Instead, the DOJ offers only speculation that some future discovery request potentially might prejudice the criminal proceeding. For example, the DOJ avers that defendants "can seek" discovery beyond that allowed in a criminal case, and that such discovery "would include deposition testimony from material third-party witnesses." Govt's Br. [Docket No. 602-2] at pp. 4-5. The DOJ similarly claims that "were a stay not granted, the defendants would likely seek extensive civil discovery in this case – including the deposition of key fact witnesses regarding the SEC's securities fraud claims – that would not be available to them or proper under the Federal Rules of Criminal Procedure." *Id.* at 8. This is exactly the kind of generalized and non-specific allegation of prejudice that courts have rejected as insufficient. *See, e.g., Fraser*, 2009 WL 1531854, at *4; *All Funds on Deposit*, 767 F. Supp. at 42. For this reason alone, the Court should deny the DOJ's motion to stay.

B.  **Ms. Holt Would Suffer Substantial Prejudice from a Stay of Discovery.**

1.  **A Stay of Discovery Would Prejudice Ms. Holt Because of the Asset Freeze**

While the DOJ's failure to present evidence of substantial and irreparable prejudice should be dispositive of its motion, the denial of DOJ's motion is also supported by the fact that Ms. Holt would suffer substantial prejudice from a stay of discovery in this case. The stay sought by the DOJ is much broader than would be required to protect whatever legitimate interest the DOJ may have in protecting its criminal prosecution from prejudice.

Although the Court has broad discretion to grant or deny a stay in order to "coordinate the business of the court efficiently and sensibly," this discretion may be abused "by a stay of indefinite duration in the absence of a pressing need." *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166 (1936); *see also McSurely*, 426 F.2d at 671-72 (vacating blanket stay of proceedings in parallel civil action). Here, after more than 6 months of conducting its own discovery, the DOJ has not shown any pressing need to justify a blanket stay of discovery in the civil lawsuit. Indeed, if there were any pressing need to stay discovery in the civil lawsuit, the DOJ should have filed its application for stay months ago.

The real irreparable and substantial prejudice will happen to Holt if the DOJ's request for a stay on discovery is granted. *Landis*, 299 U.S. at 255 ("[t]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."). Holt will be prevented from seeking any resolution of the SEC's claims; and Holt will remain subject to the Court's orders freezing her assets. Aside from her inability to defend the claims pleaded against her by the SEC, Holt will also be prevented from obtaining evidence necessary to prove her entitlement to insurance proceeds under the Stanford D&O Policy. Thus, Holt's own interest in resolution outweighs the Government's interest in seeking a stay.

This case is not only unique because of the substantial prejudice that Ms. Holt would suffer from the DOJ's requested stay, but also because she did not initiate the civil proceeding. Ms. Holt's situation thus is far different from the cases relied upon by the DOJ, which involved a criminal defendant that proactively initiated civil litigation to circumvent the limitations on discovery in the criminal process. *See McSurely v. McClellan*, 426 F.2d 664 (D.C. Cir. 1970) (Government moved for a stay in a civil declaratory action brought by individuals indicted in a

related criminal case); *see also Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) (Government sought stay of discovery from individual plaintiffs who filed civil tax refund case while criminal prosecution was pending); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 266 (9th Cir. 1962) (involving stay of separate civil litigation brought by subject of enforcement proceeding).

### 2. A Stay of Discovery Would Prejudice Ms. Holt Because She is Entitled to Obtain Discovery from the Receiver and the SEC.

The DOJ urges that its investigation should be protected from discovery, which ignores the fact that it has relied heavily on the estate-funded investigation performed by the Receiver. Indeed, the government has benefited from an almost unprecedented investigation by the Receiver's attorneys and consultants, with literally millions of dollars being charged to the receivership estate for "assisting" the government's investigation. Not surprisingly, at Mr. Stanford's detention hearing in the criminal case, the government's first witness was an FTI consultant, who testified about the investigation performed by the Receiver. The DOJ's request to stay discovery in this case thus is not an attempt to preserve a level playing field under the federal criminal rules; it is an attempt to gain an enormous competitive advantage by treating the Receiver's estate-funded investigation as if it were an official government investigation, and at the same time to deny Ms. Holt any access to any information or D&O proceeds so she can have a fair playing field.

Moreover, the cases cited in the DOJ's form motion merely highlight that it is only the government's investigation that is entitled to protection, and not third-party discovery that is relevant to the defense of a civil lawsuit. *See Campbell*, 307 F.2d 478 (staying discovery of reports of federal agents who had investigated plaintiffs for tax fraud); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1388 (involving discovery related to the SEC's referral to the Justice Department, the concurrent criminal investigation, the ethics of the SEC's participation in

the criminal investigation, and the basis for the decision to investigate). Ms. Holt should not be punished for the DOJ's decision to rely on the Receiver's investigation, and discovery should not be stayed so as to protect that third-party investigation from full disclosure. If anything, the problem presented here is entirely of the DOJ's and SEC's own making, and there is no justification for a stay. *See U.S. v. Geiger Tran. Serv. Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (denying Government's request for stay).

### 3. If the Court Is Inclined to Grant the DOJ's Motion, The Court's Stay Order Should Minimize Any Prejudice To Ms. Holt.

If the Court is inclined to grant the DOJ's request for a stay, Ms. Holt requests that the Court do so only on terms that prevent Ms. Holt from suffering from substantial prejudice as result of the stay. First, Ms. Holt requests that the asset freeze and preliminary injunction orders be modified so as to allow Ms. Holt access to some or all of her assets, including her family home. In that way, the stay order will not give any unfair advantage to the DOJ, and Ms. Holt will be able to fund her day-to-day living expenses. Second, Ms. Holt requests that the stay order not apply to discovery related solely to the Receiver's investigation of the Stanford defendants, including the identification of all materials shared between the Receiver and the DOJ. The DOJ should not be able to cloak a third-party's investigation in secrecy through a stay order. Likewise, Ms. Holt requests that the stay order not apply to discovery related to Ms. Holt's entitlement to insurance proceeds under the Stanford D&O Policy, including discovery related to any efforts by the DOJ or SEC or Receiver to block payment of Ms. Holt's costs of defense. Finally, Ms. Holt requests that, if discovery is stayed in this case, that the Court maintain its stay on other litigation filed against the Stanford entities and/or Ms. Holt, including staying the discovery in those cases. It would not make sense to stay discovery in the SEC

matter but to allow essentially identical discovery to go forward in the other pending civil lawsuits.

WHEREFORE, Defendant Laura Pendergest-Holt respectfully requests that the Court deny the DOJ's motion to stay in its entirety; or, alternatively, to the extent that the Court believes a stay is appropriate, that the Court grant a limited stay on the terms set forth above.

Respectfully submitted,

/s/ Jeffrey M. Tillotson, P.C.
Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
John Volney
Texas Bar No. 24003118
Christopher J. Akin
Texas Bar No. 00793237
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
jmt@lynnllp.com
jvolney@lynnllp.com
cakin@lynnllp.com

Erik A. Christiansen (*pro hac*)
Brent R. Baker (*pro hac*)
**PARSONS BEHLE & LATIMER**
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898
801) 532-1234 Telephone
(801) 536-6111 Facsimile
echristiansen@pblutah.com
bbaker@pblutah.com

**ATTORNEY FOR DEFENDANT
LAURA PENDERGEST-HOLT**

**DEFENDANT LAURA PENDERGEST-HOLT'S CONSOLIDATED
RESPONSE AND BRIEF IN OPPOSITION TO GOVERNMENT'S
APPLICATION FOR STAY OF DISCOVERY AND MOTION TO INTERVENE** **Page 10**
02174-901/#221216

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served *via ECF* on counsel of record on this the 13th day of August, 2009:

                                        /s/ Jeffrey M. Tillotson, P.C.
                                        Jeffrey M. Tillotson, P.C.