IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09CV0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants | § | |

### DEFENDANTS' REPLY TO RECEIVER'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ORAL HEARING ON DEFENDANTS' MOTION TO DISQUALIFY BAKER BOTTS LLP AND REQUEST FOR SEQUENCE OF CONSIDERATION OF RELATED MOTIONS, AND MEMORANDUM IN SUPPORT

COME NOW, DEFENDANTS STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, and R. ALLEN STANFORD, (hereinafter "Defendants"), who file this reply to the Receiver's response in opposition to Defendants' previously filed Motion for Oral Hearing on Defendants' Motion to Disqualify Baker Botts, LLP and Request for Sequence of Consideration of Other Related Motions ("Motion for Oral Hearing")[1], and respectfully show the Court as follows:

Oral argument is necessary as it would assist the Court with understanding the scope of Baker Botts' prior representation of Stanford entities. Contrary to the Receiver's blanket statement in his response that there are no grounds for Baker Botts' disqualification in this case[2], the documentation presented by Defendants in support of their Motion to Disqualify Baker Botts, LLP ("Motion to Disqualify") clearly indicates otherwise. Baker Botts' unsupported assertion

---

[1] *See* Rec. Doc. 628.
[2] *See* Rec. Doc. 695.

1

that it did not represent the Stanford defendants involved in this matter or, alternatively, did less than 6 hours of work in less than one calendar year for a "related party," is inaccurate, misleading and simply not supported by the documentation supplied by Defendants in support of their Motion to Disqualify. Oral argument will assist the Court by allowing the Court an opportunity to fully investigate this crucial discrepancy. This issue affects not only Baker Botts' continued representation of the Receiver, but also the litigation of this case by the SEC, as Baker Botts has played an integral role in assisting it in its case against the Stanford defendants. As stated in their Motion for Oral Hearing, Defendants believe the full scope and breadth of the Motion to Disqualify cannot be fully appreciated on written motion practice alone. Accordingly, Defendants respectfully request that this Court grant an oral hearing on Defendants' Motion to Disqualify.

Moreover, although not addressed by the Receiver in his response to Defendants' Motion for Oral Hearing, Defendants reiterate their request that the Court rule on its previously filed Motion to Stay The Receivership Proceedings Pending Defendants' Motion to Disqualify Baker Botts, LLP prior to ruling on the Motion to Disqualify, and consider the Receiver's Motion for Approval of Interim Fee Application and Procedures for Future Compensation of Fees and Expenses only after the Court considers the first two motions and after necessary discovery is conducted by the parties in regards to the fees sought by the Receiver.

Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Ruth Brewer Schuster* |
| Michael D. Sydow | Ruth Brewer Schuster |
| Sydow & McDonald | Texas Bar No. 24047346 |
| 4900 Woodway, Ste. 900 | 1201 Connecticut Ave, NW, Ste. 500 |
| Houston, TX 77056 | Washington, DC 20036 |
| (713) 622-9700 | (202) 683-3160 |

**ATTORNEY IN CHARGE FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on August 26, 2009.

*/s/Ruth Brewer Schuster*

3