IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, R. ALLEN STANFORD, JAMES M. DAVIS, and LAURA PENDERGEST-HOLT, | § § § § § § § | |
| Defendants. | § | |

**RECEIVER'S STATEMENT REGARDING
UNDERWRITERS' MOTION FOR CONTEMPT**

Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Company (collectively "Lloyd's") have filed an Emergency Motion to Enforce Receivership Order and Injunction and Motion for Contempt (Doc. 898). That motion is directed to Allen Stanford, Laura Pendergest-Holt, Gilberto Lopez, and Mark Kuhrt, defendants in a criminal proceeding in the Southern District of Texas (the "Criminal Defendants"), and seeks to have them withdraw a lawsuit and various motions they have filed in the Southern District, and that the Criminal Defendants also be found to be in civil contempt of this Court's orders.

The Receiver takes no position on the portion of Lloyds' motion seeking a finding of contempt against the Criminal Defendants. However, the Court's Order of September 28, 2009 (Doc. 810) found that the Court had jurisdiction over Allen Stanford and all three of the Lloyd's insurance policies at issue (the "Policies"). That Order also found that Stanford's

actions in seeking relief from another court relating to the Policies "both violate the terms of this Court's prior orders, as well as threaten to interfere with this Court's jurisdiction over the Policies." *Id*. The Court then enjoined Stanford "and anyone acting in concert with him, including his attorneys, from taking further steps to seek relief in any court other than this relating to the Policies." *Id*. The Receiver does not see any difference between Stanford's seeking to have an English court compel payment of his defense costs under the Policies—conduct expressly enjoined by this Court—and his pending request for yet another court other than this Court to give him and the Criminal Defendants the same relief.

The Receiver has consistently taken the position that the proceeds of the Policies are assets in which the Receivership Estate has an interest. Inasmuch as the lawsuit and the corresponding motions filed by the Criminal Defendants in the Southern District seek judicial rulings regarding Lloyds' coverage obligations under the Policies, the Receiver agrees that those determinations should be made by one court and that this Court is the most appropriate court to make those rulings. This Court has been called upon to consider issues regarding many assets of the Receivership Estate, and the Polices and their proceeds should not be subject to different treatment by virtue of the criminal proceedings pending before Judge Hittner in the Southern District. The Receiver agrees that the Criminal Defendants and their counsel should be required to withdraw their lawsuit and various motions seeking to compel payment under the Policies in the Southern District of Texas.[1]

---

[1]     This Court has the power to issue injunctions binding on non-parties. Because "[t]he receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets," the court "may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). This injunction can even bind all non-parties with notice, far exceeding normal limits on the scope of injunctions. *See S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). Furthermore, the power to enjoin "extends to the institution of any suit." *Liberte Capital*, 462 F.3d at 551.

Lloyd's now appears to have determined its coverage positions with respect to the principal parties. Lloyd's has denied the Receiver's claims in their entirety, and has attempted to file a declaratory judgment action in this Court regarding that position.[2] With respect to the Criminal Defendants, after initially providing coverage under a reservation of rights, Lloyd's has now taken the position there is no coverage under the policies, and has filed another declaratory judgment action in this Court with respect to its coverage position regarding the Criminal Defendants.[3] The coverage issues will ultimately have to be adjudicated in one or more lawsuits, and the Receiver believes that those issues are best addressed before this Court. Although that may mean as a practical matter that the coverage issues will not be determined before the trial of the Criminal Defendants, the Estate and all other parties will benefit from not having lawsuits directly affecting the Policies pending in more than one court. All issues relating to the Policies should be heard and ruled upon by this Court.

The fact that the Policies' proceeds are valuable assets and are subject to dissipation, as the Receiver has previously stated, is not an academic observation. Lloyds' counsel has advised that although Lloyd's has now denied coverage for future defense costs of the Criminal Defendants, Lloyd's authorized the payment of fees through August 27, 2009 for certain of the Criminal Defendants. Those fees totaled $4.2 million. Of this amount, Allen Stanford's counsel received $2.8 million, Pendergest-Holt's counsel $1.8 million, Gilberto Lopez $180,000, and James Davis $40,000. (Lloyd's is also continuing to advance defense costs for at least one other individual, Mauricio Alvarado.)

---

[2]   *See* Doc. 1 in case number 3-09-CV-001736-N, *Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Co. v. Ralph S. Janvey, in his Capacity as Court Appointed Receiver*.

[3]   *See* Doc. 1 in case number 3-09-CV-02206-N, *Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Co. v. R. Allen Stanford, James Davis, Laura Pendergest-Holt, Gilberto Lopez Jr., Mark Kuhrt, et al*.

For these reasons, it is the Receiver's position that all suits, proceedings, and issues relating to the Lloyd's insurance Policies, including all matters raising coverage issues and seeking declarations regarding coverage under the Policies, should be required to be maintained in this Court.

Dated:  December 15, 2009

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s/ Kevin M. Sadler
    Kevin M. Sadler, Lead Attorney
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    1500 San Jacinto Center
    98 San Jacinto Blvd.
    Austin, Texas 78701-4078
    Tel: 512.322.2500
    Fax: 512.322.2501

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Suite 600
    Dallas, Texas 75201-2980
    Tel: 214.953.6500
    Fax: 214.953.6503

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

      On December 15, 2009 I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the Court-appointed Examiner, all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      /s/ Kevin M. Sadler
      Kevin M. Sadler