IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION § § § | |
| Plaintiff, § § § | CIV. ACTION NO. 3-09CV0298-N |
| v. § § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., § § § | |
| Defendants. § | |

## R. ALLEN STANFORD'S MOTION TO UNSEAL BAKER BOTT'S FILI NG AND FOR PROTECTIVE ORDER

COMES NOW, through undersigned counsel, Defendant R. Allen Stanford ("Mr. Stanford" or "Movant") who files this motion to unseal Baker Botts' Response to Rec. Doc. 478 and for a protective order or other appropriate order permitting Movant to produce or otherwise disclose any privileged information requested by defendants in the matter captioned *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, Case No. 4:09-cv-03712 ("the Insurance Coverage Litigation") only under a confidentiality agreement. The Underwriters requested the information in the Insurance Coverage Litigation in an Emergency Motion to Strike, *see* Insurance Rec. Doc. 170, and their request was granted in an Order issued on June 6, 2010 by United States District Court Judge Nancy F. Atlas. *See* Exhibit A, Order, Insurance Rec. Doc. 172. Movant has good cause for the granting of this Motion, as follows:

## I.     **INTRODUCTION**

The Insurance Coverage Litigation Order ("the Order") at issue in this motion is before this Honorable Court's docket because the Order, *see* Insurance Rec. Doc. 172, granted Underwriter's request, *see* Insurance Rec. Doc. 170, for the release of documents filed under seal before this Honorable Court in the instant litigation, a civil case brought by the Securities & Exchange Commission against R. Allen Stanford and various co-defendants, including companies owned and/or controlled by Mr. Stanford, entitled *Securities and Exchange Commission v. Stanford, Stanford International Bank, Ltd., Stanford Group Company, and Stanford Capital Management, LLC, R. Allen Stanford, James M. Davis, and Lara-Pendergest-Holt*, Case No. 3-09-cv-0298-N ("the SEC Litigation"), *see* Rec Doc. 541.

Movant therefore move this Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c), on numerous bases. First, the Order requires the release of privileged information, data, communications, and documents obtained by Mr. Stanford. As is detailed below, federal law and the law of the State of Texas prohibit such disclosure. Second, the Order is requires the release of information filed in a the SEC Litigation, 3:09-cv-0298-N, a separate lawsuit outside of the jurisdiction of the Insurance Coverage Litigation, Case No. 4:09-cv-03712. Therefore, Mr. Stanford respectfully requests that the Court issue a Protective Order or other appropriate Order, to preclude the Underwriters from receiving privileged information, data, communications, and documents in the absence of a confidentiality agreement.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The Parties

#### 1. R. Allen Stanford

On February 17, 2009, the Securities and Exchange Commission ("SEC") initiated a lawsuit against Movant, R. Allen Stanford and other co-defendants. That same day, the Northern District of Texas appointed attorney Ralph S. Janvey as the Receiver ("the Receiver"), granting the Receiver authority over Defendants' assets. Baker Botts is counsel of record for the Receiver. On June 16, 2009, Mr. Stanford filed a Motion to Disqualify Baker Botts. *See* SEC Rec. Doc. 478. Attached to Baker Botts' Response to the Motion to Disqualify are the documents at issue in Insurance Coverage Litigation Order that is the subject of the instant motion. *See* Rec. Doc. 172. These documents include attorney-client privileged information exchanged between Mr. Stanford and his attorneys at Baker Botts, and, as such, were filed under seal. The Motion to Disqualify was ultimately withdrawn per the Order of this Honorable Court on September 18, 2009. *See* Rec. Doc. 790.

On June 19, 2009, Mr. Stanford and his co-defendants were indicted in parallel proceedings in the Southern District of Texas, *United States of America v. Robert Allen Stanford et al.*, C.R. Action No.: H-09-342 (01) (S.D. Texas) ("the Criminal Case").

On November 20, 2009, Mr. Stanford was joined as an additional plaintiff *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, Case No. 4:09-cv-03712 (the "Insurance Coverage Litigation"), *see* Insurance Rec. Doc. 11, originally filed on November 17, 2009, *see* Insurance Rec. Doc. 1.

### 2. Underwriters

Certain Underwriters at Lloyd's of London issued a D&O and Company Indemnity Policy, a Financial Institutions Crime and Professional Indemnity Policy, and an Excess Blended "Wrap" Policy providing coverage to the defendants in the various actions filed against Mr. Stanford and his related entities. The Underwriters are Defendants in the Insurance Coverage Litigation, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, Case No. 4:09-cv-03712 ("the Insurance Coverage Litigation"), which centers on a dispute between the criminal counsel retained to represent Mr. Stanford's and other defendants' interests in the matter pending in Houston, in Southern District of Texas, captioned *United States of America v. Robert Allen Stanford, Lara Pendergest-Holt, Gilberto Lopez, Mark Kuhrt, and Leroy King*, Case Number H-09-342 ("the Criminal Case").

### B. The Order Explicitly Seeks Attorney-Client Privileged and Work Product-Protected Communications

The Order issued in the Insurance Litigation explicitly requests attorney-client privileged and work product protected documents gathered in the course of litigating the SEC Litigation and the Criminal Litigation. These documents are clearly privileged attorney client communications and protected work product and were never ordered to be unsealed by the Court in the instant litigation. The Insurance Coverage Order, Insurance Rec. Doc. 172, states:

> It appearing that Baker Botts L.L.P.'s ("Baker Botts") filings in response to Stanford's Motion to Disqualify Baker Botts in *Securities and Exchange Commission v. Stanford International Bank, LTD.*, 3:09-cv-298-N (N.D. Tex. 2008) ("SEC Litigation"), were filed under seal at Stanford's request, and that such filings are relevant to the pending Motion to Disqualify Underwriters' counsel in the instant case, it is

**ORDERED** that Stanford shall file by **11:00 a.m., July 7, 2010**, a motion to unseal Baker Botts' filings in response to Stanford's Motion to Disqualify Baker Botts in the SEC Litigation. Underwriters must notify the court in the SEC Litigation of the relief sought by Stanford to which the Underwriters agree.

Subject to the instant Motion, because the materials required to be released by the Order are privileged, work product or otherwise objectionable, Movants are not attaching documents or information responsive to the Order. Rather, a privilege log will be filed and provided to opposing counsel and Judge Atlas in conjunction with a Motion for Leave to File Documents Under Seal, filed separately in the Insurance Coverage Litigation, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, Case No. 4:09-cv-03712, through which Movant is submitting the documents that have been marshaled in the limited amount of time allowed.[1]

### III. LAW AND ARGUMENT

Movants object to the Order issued by the Court in the Insurance Coverage Litigation and ask that this Honorable Court issue a protective order for the reasons outlined herein.

#### A. THE MATERIALS REQUESTED ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT DOCTRINES

**1. Attorney Client Privilege**

The attorney-client privilege promotes the public interests in the administration of justice and observation of the law by encouraging full and frank discussions between client and attorney. *See In re Toyota Motor Corp.*, 94 S.W.3d 819, 822 (Tex. App. 2002). (citations omitted). The underlying premise of the privilege is that, "the lawyer and the law office are indispensible parts of our administration of justice." *Hickman v. Taylor*, 329 U.S. 495, 515, 91 L. Ed. 451, 67 S. Ct. 385 (1947).

---

[1] Movant reserves the right to supplement, including its right to supplement the privilege log.

Under Federal Rule of Evidence 501, attorney-client privilege is governed by common law principles as they may be interpreted by the Supreme Court of the United States in light of reason and experience. *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. *Id.* (citing 8 *J. Wigmore, Evidence* § 2290 (McNaughton rev. 1961)). The material requested in the Insurance Coverage Order is privileged and protected material not subject to discovery and no exception applies that would warrant production.

In Texas, the privilege is found in case-law and further codified under Texas Rule of Evidence 503 and Texas Rule of Civil Procedure 193.3. In Texas, the privilege is triggered when, "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication was acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of serving primarily either (i) an opinion on law or (ii) legal service or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client." *U.S. v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex. 1993). Under the Rules of Evidence in Texas, Rule 503 provides that where the civil and criminal matters underlying this subpoena are pending, "in criminal cases, a client has a privilege to prevent the lawyer or a lawyer's representative from disclosing any other fact which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." TRE 503(b)(2). Therefore, Mr. Stanford has a privilege to its attorneys from disclosing any information. Not only does Mr.

Stanford have that privilege, but he is in fact asserting such privilege in this matter and as it relates to the documents at issue in the Insurance Coverage Litigation Order, Rec. Doc. 172.

B. Work Product Doctrine

Furthermore, attorney work-product is protected from discovery in Texas. Texas has adopted the seminal case, *Hickman v. Taylor*, 329 U.S. 495, 515, 91 L. Ed. 451, 67 S. Ct. 385 (1947), which protects "mental processes, conclusions, and legal theories of the attorney, providing a privileged are within which the lawyer can analyze and prepare his or her case." *In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182 (Tex. 2007) (adopting *Hickman*)(citations omitted); *see also* Texas Rule of Civil Procedure 192.5.

Texas Rule of Civil Procedure 192.5 defines work product and specifies the levels of protection to which it is entitled. According to Rule 192.5(a) "[w]ork product comprises: (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents[.]" Texas affords different levels of protection depending on whether the work product is "core work product or "other work product." Core work product is not discoverable. See Rule 192.5(b)(1) and *In re Bexar Cty. Crim. District Attorney's Office*, 224 S.W.3d at 187-188 (Rule 192.5(b)(1) makes it clear that core work product is "inviolate and flatly 'not discoverable' …. Core work product is sacrosanct and its protection impermeable.") Core work product is described as "attorney mental processes" and is defined as "the work product of an attorney or any attorney's representative that contains the attorney's or an attorney's representative's mental impressions, opinions, conclusions, or legal theories." Rule 192.5(b)(1). "Any other work product is discoverable only upon a showing that

7

the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." 192.5(b)(2)  The work product privilege protects "the attorney's thought process, which includes strategy decisions and issue formulation, and notes or writings evincing those mental processes" as well as "the mechanical compilation of information to the extent such compilation reveals the attorney's thought processes."  *Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995).

The information sought by the Underwriters via the Insurance Coverage Litigation Order, Rec. Doc. 172, is clearly protected opinion or "core" work product of Mr. Stanford's attorneys and as such is privileged and not subject to discovery.  Tex. Rule of Civ. Proc. 192.5(d).  Even if the documents and information sought by the subpoenas do not rise to the status of opinion or "core" work product, which they do, it is still protected as fact-based or "other" work-product because it has been compiled by Mr. Stanford's attorneys.  Texas requires a party seeking discovery of fact-based or "other" work product show substantial need of the materials in the preparation of the party's case, that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  The Underwriters have made no showing of substantial need of the materials and there is no hardship on Underwriters as they are able to obtain the material by other means, namely by engaging in a 26(f) Conference and trading discovery under a confidentiality order with Mr. Stanford.

Finally, in speaking to the expansiveness of the work product doctrine and adversary system noted above, the United States Supreme Court in *United States v. Nobles*, 422 U.S. 225, 238-239, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975) observed: "[t]he [work product] doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system.  One of

8

those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." In the instant case, the work product doctrine covers the sensitive and privileged communications and information between Mr. Stanford and his former counsel, and which the Underwriters now seeks to obtain through the Insurance Coverage Order, Insurance Rec. Doc. 172.

**B. THE SUBPOENAS ATTEMPT TO REQUIRE MOVANTS' ATTORNEYS TO VIOLATE THEIR STRICT DUTY OF CONFIDENTIALITY**

The Insurance Coverage Order attempts to compel Mr. Stanford's counsel to violate the strict rules protecting attorney-client confidentiality under the ABA Model Rules of Professional Ethics, as well as the Rules of Professional Ethics in Texas, which Mr. Stanford's counsel is now being forced to assert.

Even broader than the attorney-client privilege and the work-product doctrine is counsel's obligation under the ABA's Model Rules of Professional Ethics and similar state rules to safeguard and not divulge confidential information. See ABA Model Rules of Professional Conduct, Rule 1.6(a) (ABA 6th ed. 2005) (hereinafter cited as "Model Rules"); *see also* Texas Disciplinary Rules of Professional Conduct, Rule 1.05(b).

The United State Supreme Court stated, "[t]he observance of the ethical obligation of a lawyer to hold inviolate the confidences and secrets of his client not only facilitates the full development of facts essential to proper representation of the client but also encourages laymen to seek early legal assistance." *Upjohn*, 449 U.S. at 391 (internal quotation marks and citation omitted). Unlike the attorney-client privilege, the duty of confidentiality "applies not only to matters communicated in confidence by the client but also to all information relating to

representation, whatever its source." Model Rules, Rule 1.6, Comment [3], at 90. In other words, "[t]he range of protected information is extremely broad, covering information received from the client or any other source, even public sources, and even information that is not itself protected but may lead to the discovery of protected information by a third party." Model Rules, Rule 1.6, Annotation, Subsection (a): Protected Information, at 95.also to all.

Under the Rules of Evidence in Texas, where the civil and criminal matters underlying this subpoena are pending, "in criminal cases, a client has a privilege to prevent the lawyer or a lawyer's representative from disclosing any other fact which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship."  TRE 503(b)(2).

## IV.     CONCLUSION

A protective order should be issued in conjunction with the unsealing of this proceeding's information requested in the separate proceeding, the Insurance Coverage Litigation, in Rec. Doc. 170 and ordered released under Insurance Rec. Doc. 172.

Dated: July 7, 2010

Respectfully submitted,

*/s/ Robert S. Bennett*
ROBERT S. BENNETT
Federal ID. No. 465
TBA No. 02150500
BENNETT NGUYEN JOINT VENTURE
515 Louisiana St. Suite 200
Houston, Texas 77009
713.225.6000
713.225.6001 (FAX)

Attorney for R. Allen Stanford

Michael D. Sydow
Sydow & McDonald
4400 Post Oak Parkway, Ste. 2360
Houston, TX 77027
(713) 622-9700

**ATTORNEY IN CHARGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 7, 2010.

*/s/ Robert S. Bennett*

## **CERTIFICATE OF CONFERENCE**

Judge Atlas has asked Stanford's Counsel to file our Motion with this Court within 24 hours. Because of the expedited conditions that Judge Atlas has imposed on us, we were not able to communicate with the receiver's attorney, Kevin Sadler at Baker Botts LLP.

July 7, 2010                                                                                           Respectfully Submitted,

*/s/ Robert S. Bennett*

ROBERT S. BENNETT