IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendant. | § § § | |

### SECOND AMENDED ORDER APPOINTING RECEIVER

This Order addresses the S.E.C. and the Receiver's joint motion for entry of a second

amended order appointing receiver [958]. On February 17, 2009 this Court entered its order

appointing receiver [10]. On March 12, 2009 this Court entered its amended order

appointing receiver [157].

The Receiver's stated main purpose for seeking reentry of the order is to allow him

to comply with the requirements of 28 U.S.C. § 754,[1] which provides that a "receiver shall,

---

[1]The Receiver initially also proposed several substantive changes to the receivership order. Various parties objected to the Receiver's motion [986, 992, 995, 996, 1001, 1002]. In his reply, the Receiver abandoned all of his requested changes and simply asked the Court to reenter the order for Section 754 purposes. Accordingly, the Court overrules as moot all of the objections to the Receiver's proposed changes.

This second amended receivership order is identical to the first amended order, with several minor exceptions (removal of a provision that expired after 180 days, a clarification that the Receiver may not file for bankruptcy on behalf of individual defendants, and deletion of the term "relief defendant"). The Court entered the first amended order [157] more than one year ago. Accordingly, the Court finds that any objections to the substantive content of this order (other than objections to the proposed — now abandoned — revisions) have been

ORDER – PAGE 1

within ten days after the entry of his order of appointment, file copies of the complaint and

such order of appointment in the district court for each district in which property is located."

The Receiver has informed the Court that after the expiration of 10 days from the dates of

the original receivership orders, he identified receivership assets and receivership records in

districts in which copies of the complaint and amended order appointing receiver have not

been filed. So that the Court may obtain jurisdiction in these districts, the Court now enters

this second amended order appointing receiver.[2]

IT IS THEREFORE ORDERED that:

      1. This Court assumes exclusive jurisdiction and takes possession of the assets,

monies, securities, properties, real and personal, tangible and intangible, of whatever kind

and description, wherever located, and the legally recognized privileges (with regard to the

entities), of the Defendants and all entities they own or control ("Receivership Assets"), and

---

waived.

     [2]Various courts have held that a district court may reset the ten-day Section 754 clock
by reentering the receivership order. *See, e.g., S.E.C. v. Vision Commc'ns, Inc.*, 74 F.3d 287,
291 (D.C. Cir. 1996) ("On remand, the court may reappoint the receiver and start the ten-day
clock of § 754 ticking once again."); *S.E.C. v. Aquacell Batteries, Inc.*, 2008 WL 2915064,
at *3 (M.D. Fla. 2008) ("[N]oncompliance with the statute can be 'cured' by subsequent
filing after re-appointment of the Receiver in any event . . . ."); *Warfield v. Arpe*, 2007 WL
549467, at *12 (N.D. Tex. 2007) ("Although the Fifth Circuit has not spoken on this
particular issue, other courts have held that a district court may reappoint a federal equity
receiver in a securities fraud case in order to 'reset' the 10-day clock under § 754."); *Terry
v. June*, 2003 WL 22125300, *3 (W.D. Va. 2003) ("[C]ourts having addressed this issue
unanimously suggest that an order of reappointment will renew the ten-day filing deadline
mandated by Section 754."); *SEC v. Heartland Group, Inc.*, 2003 WL 103015, at *5 (E.D.
Ill. 2003) ("[T]he court can easily correct this failure to file such a claim by merely
reappointing the Receiver and thereby starting the 10-day time period under § 754 ticking
once more.").

the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendants, or issued by Defendants and in possession of any agent or employee of the Defendants ("Receivership Records").

2. Ralph S. Janvey of Dallas, Texas, is hereby appointed Receiver for the Receivership Assets and Receivership Records (collectively, "Receivership Estate"), with the full power of an equity receiver under common law as well as such powers as are enumerated herein as of the date of this Order.  The Receiver shall not be required to post a bond unless directed by the Court but is hereby ordered to well and faithfully perform the duties of his office: to timely account for all monies, securities, and other properties which may come into his hands; and to abide by and perform all duties set forth in this Order. Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or any of Defendants, the Defendants' clients or associates, or their subsidiaries or affiliates, their officers, directors, agents, and employees, or by any of Defendants' creditors or equity holders because of any' act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

3. The duties of the Receiver shall be specifically limited to matters relating to the Receivership Estate and unsettled claims thereof remaining in the possession of the Receiver as of the date of this Order.  Nothing in this Order shall be construed to require

ORDER – PAGE 3

further investigation of Receivership Estate assets heretofore liquidated and/or distributed or claims of the Receivership Estate settled prior to issuance of this Order.  However, this paragraph shall not be construed to limit the powers of the Receiver in any regard with respect to transactions that may have occurred prior to the date of this Order.

4. Until the expiration date of this Order or further Order of this Court, Receiver is authorized to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate.

5. As of the date of entry of this Order, the Receiver is specifically directed and authorized to perform the following acts and duties:

(a) Maintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, independent contractor, employee or agent of the Receivership Estate;

(b) Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer

ORDER – PAGE 4

maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

(c) Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate.  All such actions shall be filed in this Court;

(d) Obtain, by presentation of this Order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony maybe located;

(e) Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Estate assets or records;

ORDER – PAGE 5

(f) Make such ordinary and necessary payments, distributions, and disbursements as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate.  Receiver is further authorized to contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim.  To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

(g) Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate;

(h) Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants as Receiver judges necessary to perform the duties set forth in this Order and to compensate them from the Receivership Assets;

(i) Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the

Receiver's mandate under this Order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

(j) Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants;

(k) Promptly provide the Commission and other governmental agencies with all information and documentation they may seek in connection with its regulatory or investigatory activities;

(l) Prepare and submit periodic reports to this Court and to the parties as directed by this Court;

(m) File with this Court requests for approval of reasonable fees to be paid to the Receiver and any person or entity retained by him and interim and final accountings for any reasonable expenses incurred and paid pursuant to order of this Court;

6. The Receiver shall have the sole and exclusive power and authority to manage and direct the business and financial affairs of the Defendants, including without limitation, the sole and exclusive power and authority to petition for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") for any or all of the corporate Defendants. The Receiver is not authorized, without further Court order, to petition for relief under the Bankruptcy Code for any of the Individual Defendants. Solely

with respect to the authorization to file and execution of a petition for relief under the Bankruptcy Code; without limiting any powers of the Receiver under applicable law and this Order; and irrespective of provisions in any Defendant's corporate organizing documents, by-laws, partnership agreements, or the like, the Receiver shall be deemed to succeed to the position of and possess the authority of any party with power to authorize and execute the filing of a petition for relief under the Bankruptcy Code, including without limitation corporate directors, general and limited partners, and members of limited liability companies.

7. Before taking action under paragraph 6 of this Order, the Receiver must provide the Commission and the Defendants with at least two business days' written notice (unless shortened or lengthened by court order) that the Receiver is contemplating action under the Bankruptcy Code; provided that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require.  To facilitate an efficient coordination in one district of all bankruptcies of the Defendants, the Northern District of Texas shall be the Receiver's principal place of business for making decisions in respect of operating and disposing of each of the Defendants and their respective assets.

8. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

9. Creditors and all other persons are hereby restrained and enjoined from the following actions, except in this Court, unless this Court, consistent with general equitable principals and in accordance with its ancillary equitable jurisdiction in this matter, orders that

ORDER – PAGE 8

such actions may be conducted in another forum or jurisdiction:

(a) The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action; or

(b) The enforcement, against the Receiver, or any of the defendants, of any judgment that would attach to or encumber the Receivership Estate that was obtained before the commencement of this proceeding.

10. Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from:

(a) Any act to obtain possession of the Receivership Estate assets;

(b) Any act to create, perfect, or enforce any lien against the property of the Receiver, or the Receivership Estate;

(c) Any act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate;

(d) The set off of any debt owed by the Receivership Estate or secured by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate; or

(e) The filing of any case, complaint, petition, or motion under the Bankruptcy Code (including, without limitation, the filing of an involuntary bankruptcy

petition under chapter 7 or chapter 11 of the Bankruptcy Code, or a petition for

recognition of foreign proceeding under chapter 15 of the Bankruptcy Code)

with respect to any Defendant.

11. Defendants, their respective officers, agents, and employees and all persons

in active concert or participation with them who receive notice of this Order by personal

service or otherwise, including, but not limited to, any financial institution, broker-dealer,

investment adviser, private equity fund or investment banking fun), and each of them, are

hereby ordered, restrained, and enjoined from, directly or indirectly, making any payment

or expenditure of any Receivership Estate assets that are owned by Defendants or in the

actual or constructive possession of any entity directly or indirectly owned or controlled or

under common control with the Receivership Estate, or effecting any sale, gift,

hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation,

or concealment of such assets. A copy of this Order may be served on any bank, savings and

loan, broker-dealer, or any other financial or depository institution to restrain and enjoin any

such institution from disbursing any of the Receivership Estate assets. Upon presentment of

this Order, all persons, including financial institutions, shall provide account balance

information, transaction histories, all account records and any other Receivership Records

to the Receiver or his agents, in the same manner as they would be provided were the

Receiver the signatory on the account.

12. Defendants, and their respective agents, officers, and employees and all

persons in active concert or participation with them are hereby enjoined from doing any act

or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the. exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

13. Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them shall:

(a) To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of the Defendants, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of Defendants to Receiver or his duly authorized agents;

ORDER – PAGE 11

(b) Cooperate with the Receiver and his duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Receiver or his duly authorized agents may reasonably request;

(c) Provide the Commission with a prompt, full accounting of all Receivership Estate assets and documents outside the territory of the United States which are held either: (1) by them, (2) for their benefit, or (3) under their control;

(d) Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either: (1) by them, (2) for their benefit, or (3) under their control; and

(e) Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until such time as they may be transferred into the possession of the Receiver.

14. Any financial institution, broker-dealer, investment adviser; private equity fund or investment banking firm or person that holds, controls, or maintains accounts or assets of or on behalf of any Defendant, or has held, controlled, or maintained any account or asset of or on behalf of any defendant since January 1, 1990, shall:

ORDER – PAGE 12

(a) Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of any defendant in any account maintained in the name of or for the benefit of any defendant in whole or in part except:

    (i) as directed by further order of this Court, or

    (ii) as directed in writing by the Receiver or his agents;

(b) Deny access to any safe deposit boxes that are subject to access by any Defendant; and

(c) The Commission and Receiver may obtain, by presentation of this Order, documents, books, records, accounts, deposits, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate.  The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P, or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

15. The Defendants, their officers, agents, and employees and all persons in active concert or participation with them and other persons who have notice of this Order by personal service or otherwise, are hereby restrained and enjoined from destroying, mutilating,

ORDER – PAGE 13

concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

16. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Defendants, or any company or entity under the direction and control of the Defendants, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

17. Nothing in this Order shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants, their agents, officers, or employees.

ORDER – PAGE 14

Signed July 19, 2010.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 15