IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No.: 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., | § | |
| STANFORD GROUP COMPANY, | § | |
| STANFORD CAPITAL MANAGEMENT, LLC, | § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and | § | |
| LAURA PENDERGEST-HOLT, | § | |
| | § | |
| Defendants. | § | |

## RECEIVER'S MOTION FOR TURNOVER ORDER AGAINST PARADIGM

The Receiver, Ralph S. Janvey (the "Receiver"), hereby files his Motion for Turnover

Order Against Paradigm and, in support thereof, states as follows:

1.     The Receiver, Ralph S. Janvey ("Receiver"), requests that the Court issue an

order holding that (a) the Receiver is entitled to immediate possession, custody and control over,

and all right, title and interest in and to, the following accounts held by Paradigm Global

Advisors, LLC, Paradigm Capital Management, LLC, Paradigm Core Alternative Fund, LLC,

Paradigm Stanford Core Alternative Fund, LLC, and Paradigm SCM Core Alternative Fund,

LLC (collectively, "Paradigm") in the names of Stanford International Bank, Ltd. ("SIBL") and

Stanford Trust Company ("STC"), and all assets, funds, proceeds, and interest contained therein

or traceable thereto: xxxxFIB001, xxxxFIB, xxxxTrCo001, xxxxTrCo, and xxxxxxxxxxxx4939

and any other account held in the names of SIBL or STC or holding funds or assets belonging to

SIBL or STC (the "Accounts"); and (b) Paradigm shall comply with all instructions from the

Receiver relating to the Accounts referenced above and all assets, funds, proceeds, and interest

contained therein or traceable thereto, including but not limited to instructions to liquidate holdings or to transfer funds or assets into accounts held by the Receiver.

2.     On February 16, 2009, the Securities and Exchange Commission (the "Commission") commenced a lawsuit in this Court against R. Allen Stanford, two associates, James M. Davis and Laura Pendergest-Holt, and three of Mr. Stanford's companies, SIBL, Stanford Group Company, and Stanford Capital Management, LLC (collectively "Defendants").

3.     This Court found good cause to believe that Defendants violated federal securities laws.  Accordingly, on February 17, 2009, the Court entered an order appointing Ralph S. Janvey as Receiver over all the assets of Defendants and all the entities they own or control (the "Receivership Order").  [*See* Doc. 10.]  On March 12, 2009, the Court entered an Amended Order Appointing Receiver.  [Doc. 157.]  And on July 19, 2010, the Court entered a Second Amended Order Appointing Receiver.  [Doc. 1130.]  These subsequent amendments to the Receivership Order contained changes not material to this motion.

4.     Paragraph 4 of the Second Amended Order Appointing Receiver authorizes the Receiver "to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate."  [Doc. 1130.]  The Receivership Estate includes, but is not limited to, all "assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located . . . of the Defendants and all entities they own or control . . . ." [*Id.* at ¶¶ 1-2.]  SIBL is a Defendant in this case and is a Receivership Entity, and STC is an entity 100% owned by Defendant R. Allen Stanford; therefore, all of their respective assets and monies are part of the Receivership Estate.  [*See id*.]  Accordingly, the Receiver is entitled to

immediate possession and custody of the Accounts, and all assets, funds, proceeds, and interest contained therein or traceable thereto.

5.      Paradigm holds the above-described Accounts in the names of SIBL and STC, and the Accounts contain assets, cash, and money funds with a net worth of at least $3,160,120.00, excluding any interest earned since the commencement of the Receivership.  All assets, funds, proceeds, and interest in or traceable to the Accounts are part of the Receivership Estate according to the terms of the Second Amended Order Appointing Receiver.

6.      The Receiver further has jurisdiction, control and the right to take possession of the Accounts, and the assets, funds, proceeds, and interest in or traceable to the Accounts, pursuant to 28 U.S.C. § 754 because he filed the Complaint and Order Appointing Receiver in all United States District Courts, including the districts in which Paradigm has its headquarters (*e.g.*, the United States District Court for the Southern District of New York and the United States District Court for the Northern District of Georgia).

7.      The Receiver and his counsel have discussed the issues raised in this motion with Paradigm's counsel.  Paradigm has informed the Receiver that, because Paradigm believes it has a claim against the Receivership Estate for certain fund expenses, it will not release the funds in the Accounts.  The Receiver is amenable to having a reasonable discussion with Paradigm about its alleged claims, as he would with any claimant.  Although Paradigm has also indicated a willingness to discuss potential resolution, the parties have not yet resolved this potential claim. But the fact that Paradigm believes that it has a claim against the Estate does not mean that Paradigm may refuse to transfer Receivership Assets to the Receiver or setoff debts against Receivership Assets.  *See* Second Amended Order Appointing Receiver [Doc. 1130] at ¶ 10(d) (enjoining claimants from "[t]he setoff of any debt owed by the Receivership Estate or secured

by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate") and at ¶ 13(a) (ordering that financial institutions, including private equity funds, must provide "immediate access to and control and possession of Receivership Estate assets . . . to the Receiver").

8.      Furthermore, Paradigm refuses to transfer the funds in the Accounts to the Receiver unless the Receiver notifies Maple Leaf Capital, LLC, a fund in which Paradigm invested and from which it wants to redeem its own investment, that the Receiver does not assert a claim against the Maple Leaf fund assets.  However, the Receiver is unwilling to release his interests in the Maple Leaf fund, as the Receiver currently has a claim pending against Patrick Cruickshank, Maple Leaf's sole principal and member, and has obtained an injunction freezing Mr. Cruickshank's and Maple Leaf's accounts at Pershing. *See* Docs. 156, 157, and 340 (listing claims against Mr. Cruickshank); Doc. 393 at 24 (listing Mr. Cruickshank's and Maple Leaf's frozen accounts); Doc. 456 (Court's order instituting an injunction over Mr. Cruickshank's and Maple Leaf's accounts).

9.      Paradigm has further expressed concern about potential claims that the Antiguan Liquidators may assert to recover the same funds and assets demanded by the Receiver.  Counsel for the Antiguan Liquidators will receive notice of this motion through the Court's electronic filing system and, therefore, will have an opportunity to raise any concerns in response to this filing.

10.      Accordingly, based on the foregoing, which establishes the Receiver's ownership and right to possession of the assets, funds, proceeds, and interest in or traceable to the Accounts, the Receiver requests that the Court grant his Motion for Turnover Order Against Paradigm.

11.    The Receiver further requests that the Court issue an order holding that (a) the Receiver is entitled to immediate possession, custody and control over, and all right, title and interest in and to, the Accounts, and all assets, funds, proceeds, and interest contained therein or traceable thereto; and (b) Paradigm shall comply with all instructions from the Receiver relating to the Accounts and all assets, funds, proceeds, and interest contained therein or traceable thereto, including but not limited to instructions to liquidate holdings or to transfer funds or assets into accounts held by the Receiver.

**WHEREFORE,** the Receiver requests that the Court grant its Motion for Turnover Order Against Paradigm.  The Receiver further requests that the Court issue an order holding that (a) the Receiver is entitled to immediate possession, custody and control over, and all right, title and interest in and to, the Accounts, and all assets, funds, proceeds, and interest contained therein or traceable thereto; and (b) Paradigm shall comply with all instructions from the Receiver relating to the Accounts and all assets, funds, proceeds, and interest contained therein or traceable thereto, including but not limited to instructions to liquidate holdings or to transfer funds or assets into accounts held by the Receiver.

Dated:  April 18, 2011                        Respectfully submitted,

                                              BAKER BOTTS L.L.P.


                                              By: /s/ Kevin Sadler
                                                  Kevin Sadler
                                                  Texas Bar No. 17512450
                                                  kevin.sadler@bakerbotts.com
                                                  Robert I. Howell
                                                  Texas Bar No. 10107300
                                                  robert.howell@bakerbotts.com
                                                  David T. Arlington
                                                  Texas Bar No. 00790238
                                                  david.arlington@bakerbotts.com
                                                  1500 San Jacinto Center
                                                  98 San Jacinto Blvd.
                                                  Austin, Texas 78701-4039
                                                  (512) 322-2500
                                                  (512) 322-2501 (Facsimile)

                                                  Timothy S. Durst
                                                  Texas Bar No. 00786924
                                                  tim.durst@bakerbotts.com
                                                  2001 Ross Avenue
                                                  Dallas, Texas 75201
                                                  (214) 953-6500
                                                  (214) 953-6503 (Facsimile)

                                              **ATTORNEYS FOR RECEIVER
                                              RALPH S. JANVEY**

## CERTIFICATE OF CONFERENCE

On April 15-18, 2011, counsel for the Receiver conferred or attempted to confer with the parties to this case. Counsel for the Receiver conferred with David Reece, counsel for the SEC, who stated that the SEC does not oppose this motion or the relief requested herein. Counsel for the Receiver conferred with John Little, Court-appointed Examiner, who stated that he does not oppose this motion or the relief requested herein. Counsel for the Receiver attempted to confer with Stephen Cochell, counsel for R. Allen Stanford, but did not receive a response regarding Mr. Stanford's position on this motion or the relief requested herein. Counsel for the Receiver conferred with Jeff Tillotson, counsel for Laura Pendergest-Holt, who stated that Ms. Pendergest-Holt takes no position on this motion or the relief requested herein. Counsel for the Receiver attempted to confer with Kenneth Johnston, counsel for Trustmark National Bank, but did not receive a response regarding Trustmark's position on this motion or the relief requested herein. Counsel for the Receiver conferred with Manuel P. Lena, Jr., counsel for the DOJ (Tax Division), who stated that the IRS takes no position on this motion or the relief requested herein. Counsel for the Receiver was unable to confer with James Davis, as David Finn has withdrawn as counsel for Mr. Davis. Counsel for the Receiver attempted to confer with Joe Kendall, counsel for Susan Stanford, but did not receive a response regarding Mrs. Stanford's position on this motion or the relief requested herein. Counsel for the Receiver conferred with Jason Brookner, counsel for HP Financial Services Venezuela C.C.A., who stated that HP takes no position on this motion or the relief requested herein. Counsel for the Receiver attempted to confer with Andrew Warren and William Stellmach, counsel for the DOJ (Fraud Division), but did not receive a response regarding the DOJ (Fraud Division)'s position on this motion or the relief requested herein. Counsel for the Receiver attempted to confer with Gregg Anderson and John Helms, Jr., counsel for Mark Kuhrt, but did not receive a response regarding Mr. Kuhrt's position on this motion or the relief requested herein. Counsel for the Receiver attempted to confer with Stephanie Curtis, counsel for INX, Inc., but did not receive a response regarding INX's position on this motion or the relief requested herein. Counsel for the Receiver conferred with Marc X. LoPresti, counsel for Paradigm, who stated that Paradigm is opposed to this motion and the relief requested herein. The motion, therefore, is opposed.

/s/ Kevin M .Sadler
Kevin M. Sadler

**CERTIFICATE OF SERVICE**

On April 18, 2011, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served the Court-appointed Examiner, all counsel and/or pro se parties of record, Paradigm Global Advisors, LLC, Paradigm Capital Management, LLC, Paradigm Core Alternative Fund, LLC, Paradigm Stanford Core Alternative Fund, LLC, and Paradigm SCM Core Alternative Fund, LLC electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Kevin M. Sadler
Kevin M. Sadler