## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE STANFORD ENTITIES | § | |
| SECURITIES LITIGATION | § | CIVIL ACTION NO. 3-09-MD-2099-N |

_____

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09-CV 0298-N |
| | § | |
| STANFORD INTERNATIONAL | § | |
| BANK, LTD., *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

### JOINT REPORT OF THE RECEIVER AND THE INVESTORS COMMITTEE CONCERNING PENDING LITIGATION

The Receiver and the Official Stanford Investors Committee[1] (the "Committee") respectfully submit this Joint Report concerning the status of pending litigation brought by the Receiver and the Committee. This Joint Report is submitted pursuant to this Court's Order dated February 25, 2011 (Doc. No. 1267).[2] Because this is the first Joint Report being submitted pursuant to that Order, it will address the status of all asset recovery litigation prosecuted by the Receiver and/or the Committee through June 30, 2011.

### I.    SUMMARY

As of June 30, 2011, the Receiver and/or the Committee have collectively filed **54** separate lawsuits on behalf of the Stanford Receivership Estate. In addition, there are at least

---

[1]      The Official Stanford Investors Committee was created by an Order entered by this Court on August 10, 2010 (Doc. No. 1149).

[2]      The Court's Order dated February 25, 2011 approved of an agreement between the Receiver and the Committee pursuant to which the Committee would assume responsibility for the prosecution of certain fraudulent transfer and other claims. The Order directed the Receiver and the Committee to report to the Court on a quarterly basis concerning the litigation being pursued.

nine (9) pending class action lawsuits in which one or more members of the Committee are serving as counsel.  All of the lawsuits addressed in this report are pending before the Hon. David C. Godbey in the United States District Court for the Northern District of Texas, Dallas Division.

The Receiver has entered into settlements with a number of Stanford CD investors and with former Stanford employees Christopher Aitken and Stephen Thacker.  Those settlements are described below.  The Committee has not entered into settlements with any of the Defendants in the lawsuits that it has filed and/or is responsible for prosecuting.

## II.      PENDING FRAUDULENT TRANSFER LITIGATION

### A.      Fraudulent transfer actions brought by the Receiver against Stanford Investors

The Receiver is continuing to prosecute fraudulent transfer actions against certain Stanford Investors who received proceeds from Stanford CDs that exceeded their original investment.[3]  The Receiver originally filed claims against approximately 880 investors/investor groups.  Those investors/investor groups were alleged to have received approximately $1.28 billion in CD proceeds, of which approximately $222 million constituted amounts received in excess of principal investments (net gains).  These Investors are commonly referred to as "net winners" and are subject to fraudulent transfer and unjust enrichment claims.

As of June 30, 2011, the Receiver is continuing to prosecute pending claims against 790 of these "net winner" investors/investor groups.  The Receiver has entered into settlements with 104 investors/investor groups for a total recovery of approximately $7.2 million.[4]  The Receiver remains willing to work with investor defendants who dispute the amounts that the Receiver

---

[3]      *The Committee does not have a role in the prosecution of these lawsuits.*

[4]      Approximately $226,000 of this amount is being paid by the settling investors/investor groups through installments over varying periods of time.

alleges they were paid by SIBL.  Through June 30, 2011, after receiving additional information from the investors, the Receiver has dismissed claims against at least 12 investors against whom the Receiver had initially sought to recover approximately $5.3 million in "excess proceeds."

The fraudulent transfer actions against Stanford CD investors are (or were) being prosecuted in eleven (11) separate lawsuits, as follows:

1.   *Janvey v. Alguire*, Civil Action No. 09-724;

2.   *Janvey v. Letsos*, Civil Action No. 09-1329;[5]

3.   *Janvey v. Venger*, Civil Action No. 10-366

4.   *Janvey v. Rodriguez Posada*, Civil Action No. 10-415;

5.   *Janvey v. Gilbe Corp.*, Civil Action No. 10-478;

6.   *Janvey v. Buck's Bits Service, Inc.*, Civil Action No. 10-528;

7.   *Janvey v. Johnson*, Civil Action No. 10-617;

8.   *Janvey v. Barr*, Civil Action No. 10-725;

9.   *Janvey v. Indigo Trust*, Civil Action No. 10-844;

10.  *Janvey v. Tonya Dokken*, Civil Action No. 10-931; and

11.  *Janvey v. Fernandez*, Civil Action No. 10-1002.

On May 11, 2011, the Receiver filed a motion for entry of a discovery plan and briefing schedule in each of the above-listed cases.  *See, e.g.*, Doc. No. 598 in Civil Action No. 09-724.[6] On May 24, 2011, the Court entered its Order establishing a discovery plan and briefing schedule pursuant to which the Receiver could file motions for partial summary judgment in the above-

---

[5]   Following the Fifth Circuit's November 2009 decision in *Janvey v. Adams*, 588 F.3d 831 (5th Cir. 2009), the Receiver and counsel for the Defendants in the Letsos matter agreed to drop the Receiver's claims since all of the Defendants in Letsos were "net losers" with respect to their CD investments.

[6]   No such motion was filed in the Letsos matter, as the Receiver has agreed to drop his claims against the defendants in that case.

listed cases. *See, e.g.*, Doc. No. 607 in Civil Action No. 09-724. Pursuant to that Order, the Receiver filed his Motion for Partial Summary Judgment Against Certain Stanford Net Winner Investors in each of the above-listed cases on June 7, 2011. *See, e.g.,* Doc. Nos. 615, 616 in Civil Action No. 09-724.

On June 3, 2011, the Receiver filed a lawsuit against the Libyan Investment Authority and the Libyan Foreign Investment Company (collectively, the "Libyan Defendants") seeking to recover approximately $55 million in Ponzi scheme proceeds transferred to the Libyan Defendants as the Ponzi scheme was beginning to collapse, including over $12 million paid out just three weeks before the SEC filed suit and immediately after R. Allen Stanford made a personal trip to Libya to meet with Libyan government officials. This suit is pending before the Court in Case No. 3:11-CV-1177-N. After issuing an original temporary restraining order on June 3, 2011 freezing the $55 million, the Court entered a new order on June 17 extending the asset freeze until December 19, 2011, pending a hearing on the Receiver's request for preliminary injunction. The Libyan Defendants have appeared in this matter and, on June 20, 2011, filed an answer to the complaint.

*The Receiver is continuing to prosecute this action, as to which the Committee does not expect to have an active role.*

### B.      Fraudulent transfer actions brought by the Receiver against former Stanford employees

#### 1.      *Janvey v. Alguire*, Civil Action No. 09-724.[7]

In this action, the Receiver has filed fraudulent transfer and unjust enrichment claims against 329 former Stanford employees, alleging that these former Stanford employees received

---

[7]      The Receiver has two separate complaints pending in the *Alguire* action. Document Nos. 128 and 129 set forth the Receiver's First Amended Complaint against Certain Stanford Investors. Document Nos. 156 and 157 set forth the Receiver's Second Amended Complaint against Former Stanford

over $215 million in CD proceeds.  The Receiver alleges that these CD proceeds were paid to the employees through a variety of mechanisms, including loans, CD commissions, CD-based quarterly bonuses, PARS[8] payments, quarterly compensation paid to branch managing directors, severance payments, and through the employees' own CDs.  The claims made against individual former employees range from $50,000 to in excess of $5.8 million.

On April 19, 2010, the Receiver filed an application for preliminary injunction pursuant to which he sought to freeze approximately $24 million in assets held in the name of certain of the former employee defendants in *Alguire* (Civil Action No. 09-724, Doc. 392).  On June 10, 2010, the Court entered its Order granting the preliminary injunction and freezing the accounts of the former employee defendants (Civil Action No. 09-724, Doc. 456).  That Order was appealed to the U.S. Court of Appeals for the Fifth Circuit, which affirmed the District Court's Order in an opinion issued on December 15, 2010.  Certain of the former employee defendants subsequently filed on January 4, 2011 a petition for rehearing *en banc*, to which the Receiver responded on January 28, 2011.  The petitioners filed a reply brief on February 3, 2011.  The petition for rehearing is still pending.

Through June 30, 2011, the Receiver had entered into settlements with none of the 329 former employee defendants sued in this matter.

*The Receiver is continuing to prosecute this action, as to which the Committee does not have an active role.*

**2.      *Janvey v. Aitken and Thacker*, Civil Action No. 09-1946.**

---

Employees.
[8]      PARS stands for "Performance Appreciation Rights Plan."   Only four (4) of the former employees sued in the Alguire action are alleged to have received PARS payments.

On October 14, 2009, the Receiver filed a lawsuit against Christopher Aitken and Stephen Thacker asserting claims of fraudulent transfer and unjust enrichment and seeking to recover payments in excess of $11 million that they received from Stanford.  The payments to Aitken and Thacker were allegedly for the purchase of their "personal goodwill" when Aitken and Thacker joined Stanford just a few months before the Receiver was appointed.

In June 2010, the Receiver reached a settlement agreement with Aitken and Thacker to settle those claims in exchange for Aitken and Thacker's payment of $4.4 million.  With the exception of $335,000, the Receiver has collected the settlement amount.  The remaining $335,000 is due to be paid by Thacker on or before December 31, 2011.

**3.**     ***Janvey v. Wealth Management Services, Ltd.*, Civil Action No. 10-477**.

On March 8, 2010, the Receiver filed a lawsuit asserting fraudulent transfer and unjust enrichment claims against Wealth Management Services, Ltd. ("Wealth Management"), an entity owned and controlled by former Stanford employee David Nanes.[9]  The Receiver's Complaint alleges that Wealth Management received payments from one or more Stanford entities in the amount of at least $9,825,333.00.

Wealth Management filed an answer in the action on May 19, 2010, and thereafter filed a motion to stay the proceedings on August 25, 2010.  The motion to stay the proceedings is fully briefed but has not yet been decided by the Court.

*The Receiver is continuing to prosecute this action, as to which the Committee does not have an active role.*

**4.**     ***Janvey v. Wieselberg*, Civil Action No. 10-1394.**

---

[9]     The Receiver has separately asserted individual claims against Mr. Nanes in *Janvey v. Alguire*, Civil Action No. 09-724.

On July 16, 2010, the Receiver filed a lawsuit against 77 former Stanford employees who had invested in Stanford CDs and received proceeds from those CD investments.  The Receiver asserted fraudulent transfer and unjust enrichment claims against the former Stanford employees and seeks to recover over $27 million in alleged CD proceeds paid to the former employee defendants.  Two defendants have filed answers to the lawsuit, one has filed a counterclaim against the Receiver, and a handful of defendants have filed motions to dismiss.  The Receiver has responded to those motions to dismiss, which are fully briefed and pending a decision by the Court.

Through June 30, 2011, the Receiver had entered into settlements with none of the 77 former employee defendants sued in this matter.

*The Receiver is continuing to prosecute this action, as to which the Committee does not have an active role.*

5.      ***Janvey v. Tonarelli*, Civil Action No. 10-1955**.

On September 29, 2010, the Receiver filed a lawsuit against Oreste Tonarelli.  Mr. Tonarelli is a former managing director of Stanford Group Company's Private Clients Group in Miami.  He also served as a Training Director for Stanford Financial Group Company and was responsible for training Stanford brokers and sales agents to sell the SIB CD.  The Receiver asserts claims for fraudulent transfer and unjust enrichment and seeks to recover from Mr. Tonarelli more than $3.1 million, consisting of Mr. Tonarelli's own CD proceeds (approximately $1.39 million), bonus payments (approximately $1.1 million), CD commissions (approximately $115,000) and referral fees (approximately $549,000).

Mr. Tonarelli filed a motion to dismiss the Receiver's lawsuit on November 3, 2010.  That motion is now fully briefed and is pending a decision by the Court.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

**6.     *Janvey v. Rodriguez-Tolentino*, Civil Action No. 10-2290.**

The Receiver filed a lawsuit on November 12, 2010 against Juan Rodriguez-Tolentino, Sonia G. Velez, and Wilfrido Velez, alleging claims of fraudulent transfer and unjust enrichment.   Juan Rodriguez-Tolentino served as the Chief Operating Officer and then the President of SIB, and was in that position on the day the Receiver was appointed.   Sonia G. Velez was Mr. Rodriguez-Tolentino's wife.   Wilfrido Velez is the father of Sonia G. Velez.

The Receiver seeks to recover at least $2.1 million from Mr. Rodriguez-Tolentino, consisting of quarterly bonuses (approximately $291,000), semi-annual bonuses (approximately $250,000), regular earnings (approximately $1.2 million), retroactive pay (approximately $6,200) and expense payments (approximately $395,000).   The Receiver also seeks to recover over $235,000 in CD proceeds from Mr. Rodriguez-Tolentino, Ms. Velez and Mr. Velez, of which approximately $71,000 are "net gains."

As of June 30, 2011, none of the Defendants have answered or otherwise appeared; however, counsel for the defendants has agreed to accept service.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

**7.     *Janvey v. Suarez*, Civil Action No. 10-2581.**

The Receiver filed a lawsuit on December 17, 2010 against Yolanda Suarez, alleging claims of fraudulent transfer and unjust enrichment.   Ms. Suarez served as the Chief of Staff for Stanford Financial Group Company and was the Secretary and a member of the Board of Directors of Stanford Group Holdings, Inc.

The Receiver seeks to recover at least $5.17 million from Ms. Suarez, consisting of quarterly bonuses (approximately $2.75 million), semi-annual bonuses (approximately $200,000), CD proceeds from Ms. Suarez' CD holdings (approximately $900,000), expenses (approximately $500,000), vacation pay (approximately $17,300), regular earnings (approximately $725,000) and other payments and wires (approximately $32,000).

On April 11, 2011, the Committee moved to intervene in the action and has assumed primary responsibility for its prosecution. Ms. Suarez has filed a motion to dismiss the action, to which the Receiver and the Committee have filed a joint response.

### 8. *Janvey v. Bogar*, Civil Action No. 10-2583.

The Receiver filed a lawsuit on December 17, 2010 against Daniel T. Bogar and his wife, Brandilyn Bogar, alleging claims of fraudulent transfer and unjust enrichment. Mr. Bogar served as the President and CEO of Stanford Group Company. He also served as a managing director and member of the Board of Directors of Stanford Group Holdings, Inc. Brandilyn Bogar is married to Daniel T. Bogar and is the niece of Defendant James Davis.

The Receiver seeks to recover at least $3.08 million from Mr. and Mrs. Bogar, consisting of quarterly bonuses (approximately $465,000), semi-annual bonuses (approximately $500,000), expenses (approximately $277,000), and regular earnings (approximately $1.84 million).

*On April 14, 2011, the Committee appeared as a Plaintiff in this action through the joint filing, with the Receiver, of an amended complaint, and has assumed primary responsibility for its prosecution.* The Bogars have filed a motion to dismiss the action, to which the Receiver and the Committee have filed a joint response.

### 9. *Janvey v. Alvarado*, Civil Action No. 10-2584.

The Receiver filed a lawsuit on December 17, 2010 against Pablo M. "Mauricio" Alvarado, alleging claims of fraudulent transfer and unjust enrichment.  Mr. Alvarado served as General Counsel of Stanford Financial Group Company.

The Receiver seeks to recover at least $2.55 million from Mr. Alvarado, consisting of quarterly bonuses (approximately $630,000), semi-annual bonuses (approximately $350,000), expenses (approximately $2,000), regular earnings (approximately $1.375 million), relocation bonuses (approximately $50,731), and proceeds from Mr. Alvarado's CD holdings (approximately $147,000).

As of June 30, 2011, Mr. Alvarado, who has moved to Bogota Colombia, has not been served and has neither answered nor otherwise appeared.  Efforts to serve Mr. Alvarado through his counsel in a related matter and pursuant to the Hague Convention are underway.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

**10.** ***Janvey v. Stinson***, **Civil Action No. 10-2586.**

The Receiver filed a lawsuit on December 17, 2010 against Lena M. Stinson, alleging claims of fraudulent transfer and unjust enrichment.  Ms. Stinson served as the Global Director of Compliance for both Stanford Group and Stanford Financial Group Company.

The Receiver seeks to recover at least $1.63 million from Ms. Stinson, consisting of bonuses (approximately $10,000), quarterly bonuses (approximately $332,500), exempt quarterly bonuses (approximately $12,500), relocation expenses (approximately $9,300), semi-annual bonuses (approximately $125,000), auto allowance (approximately $18,000), expenses (approximately $219,000), regular earnings (approximately $586,000), CD proceeds from Ms. Stinson's CD holdings (approximately $282,000), and miscellaneous payments/items (approximately $36,500).

On June 15, 2011, the Committee appeared as a Plaintiff in this action through the joint filing, with the Receiver, of an amended complaint, and has assumed primary responsibility for its prosecution. Ms. Stinson filed a motion to dismiss the action. On July 13, 2011, the Committee filed jointly with the Receiver a response to that motion to dismiss.

11. ***Ralph S. Janvey and Official Stanford Investors Committee v. Franz Vingerhoedt and SANO Education Trust*, Case No. 3:11-cv-00291**

On February 15, 2011, the Receiver and the Committee jointly filed a lawsuit against Franz Vingerhoedt and SANO Education Trust, alleging claims of fraudulent transfer and unjust enrichment. Mr. Vingerhoedt served as the President of Stanford Caribbean Investments, LLC. He is also the beneficial owner of SANO Education Trust.

The Receiver and the Committee seek to recover at least $9.34 million from Mr. Vingerhoedt and the SANO Education Trust. Transfers to Mr. Vingerhoedt and/or the SANO Education Trust occurred during a period from 2003 through 2009, and included transfers in excess of $115,000 during 2003, $193,000 during 2004, $895,000 during 2005, $1.88 million during 2006, $1.98 million during 2007, $3.9 million during 2008, and $352,000 during 2009.

As of June 30, 2011, neither Defendant had been served, as Defendants could not be located. Counsel for the Committee has recently determined Mr. Vingerhoedt's location and is in the process of serving both Defendants.

*The Committee has primary responsibility for the prosecution of this action.*

12. ***Ralph S. Janvey v. Robert Allen Stanford*, Civil Action No. 3:11-CV-1199**

The Receiver filed an action against Defendant Allen Stanford on June 3, 2011, alleging claims of fraudulent transfer and unjust enrichment. Mr. Stanford is the primary Defendant in the SEC's pending civil action and awaits trial on criminal charges pending in Houston, Texas.

Mr. Stanford was the sole owner, directly or indirectly, of more than 130 different companies that are all alleged to have been a part of the Ponzi scheme orchestrated by Mr. Stanford.

The Receiver seeks to recover payments made to Mr. Stanford in excess of $1.8 billion. Those payments appear as purported "loans" from SIBL to Mr. Stanford, and grew from $52 million on December 31, 1999 to $1.79 billion on December 31, 2008.

Mr. Stanford has been served, but he has neither answered nor otherwise appeared.

*The Receiver is primarily responsible for the prosecution of this action, as to which the Committee does not have an active role.*

### C.    Fraudulent transfer actions brought by the Receiver and the Committee against former members of the Stanford International Advisory Board

The Receiver and the Committee have jointly filed eight separate actions against former members of the Stanford International Advisory Board, alleging claims of fraudulent transfer and unjust enrichment by the various defendants and entities associated with them.  The amounts claimed in each action and other information pertinent to the status of each action are set forth below.

*The Committee is primarily responsible for the prosecution of these actions.*  There have been no settlements reached with any of the Defendants in these actions.

1.    ***Ralph S. Janvey and Official Stanford Investors Committee v. Kenneth C. Allen***, **Case No. 3:11-cv-00289**

This action was filed on February 15, 2011 and seeks to recover payments made to Kenneth C. Allen in the amount of $140,000.   Mr. Allen was a member of the Stanford International Advisory Board and also served as a member of the Board of Directors of SIBL.

2.    ***Ralph S. Janvey and Official Stanford Investors Committee v.  Alfredo Arizaga***, **Case No. 3:11-cv-00290**

This action was filed on February 15, 2011 and seeks to recover payments made to Alfredo Arizaga in the amount of $132,106.  Mr. Arizaga was a member of the Stanford International Advisory Board.

**3.**      *Ralph S. Janvey and Official Stanford Investors Committee v. Luis Giusti and Center for Strategic and International Studies, Inc.*, **Case No. 3:11-cv-00292**

This action was filed on February 15, 2011 and seeks to recover payments made to Luis Giusti and/or the Center for Strategic and International Studies of approximately $2.47 million. Mr. Giusti was a member of the Stanford International Advisory Board and is a Senior Advisor of the Center for Strategic and International Studies.

The Committee is in the process of attempting to complete service upon Mr. Giusti.  The Center for Strategic and International Studies filed an answer on April 8, 2011.

**4.**      *Ralph S. Janvey and Official Stanford Investors Committee v. Mauricio Salgar*, **Case No. 3:11-cv-00296**

This action was filed on February 15, 2011 and seeks to recover payments made to Mauricio Salgar in the amount of $205,000.  Mr. Salgar was a member of the Stanford International Advisory Board.

**5.**      *Ralph S. Janvey and Official Stanford Investors Committee v. Peter Romero*, **Case No. 3:11-cv-00297**

This action was filed on February 15, 2011 and seeks to recover payments made to Peter Romero in the amount of approximately $980,000.[10]  Mr. Romero was a member of the Stanford International Advisory Board.

---

[10]      The Original Complaint filed by the Receiver and the Committee sought to recover approximately $561,000.  Subsequent investigation identified additional payments to Mr. Romero, which were included in an amended complaint filed on April 21, 2011.

As of June 30, 2011, Mr. Romero has appeared and filed a motion to dismiss the action. The Committee is preparing a response to the motion to dismiss to be filed jointly with the Receiver.

**6.**     ***Ralph S. Janvey and Official Stanford Investors Committee v. Jorge Castaneda*, Case No. 3:11-cv-00299**

This action was filed on February 15, 2011 and seeks to recover payments made to Jorge Castaneda in the amount of $150,000.   Mr. Castaneda was a member of the Stanford International Advisory Board.

**7.**     ***Ralph S. Janvey and Official Stanford Investors Committee v. Lee Brown*, Case No. 3:11-cv-00301**

This action was filed on February 15, 2011 and seeks to recover payments made to Lee Brown in the amount of $350,000.   Mr. Brown was a member of the Stanford International Advisory Board.

Mr. Brown has filed a motion to dismiss.   The Receiver and the Committee have jointly filed a response to that motion, and Mr. Brown has filed a reply to that response.   As of June 30, 2011, Mr. Brown's motion to dismiss is fully briefed and pending for decision by the Court.

**8.**     ***Ralph S. Janvey and Official Stanford Investors Committee v. Courtney N. Blackman*, Case No. 3:11-cv-00302**

This action was filed on February 15, 2011 and seeks to recover payments made to Courtney N. Blackman in the amount of $620,303.51.   Mr. Blackman was a member of the Stanford International Advisory Board and also served on the Board of Directors of SIBL.

Mr. Blackman has been served.   Mr. Blackman has not yet answered, but he has appeared in this action.

**D.**     **Fraudulent transfer actions brought jointly by the Receiver and the Committee against various third parties**

The Receiver and the Committee have jointly filed 23 fraudulent transfer and unjust enrichment actions against various third parties who received transfers from one or more Stanford entities. The actions are grouped, for purposes of this report, into five different categories. The amounts claimed in each action and other information pertinent to the status of each action are set forth below.

There have been no settlements reached with any of the Defendants in these actions.

**1.      Actions brought against Mr. Stanford's wives and/or girlfriends**

**a.      *Janvey v. Rebecca Reeves*, Civil Action No. 09-2151**

This action was filed by the Receiver on November 10, 2009 and asserts claims against Rebecca Reeves, a former wife and/or girlfriend of Defendant Allen Stanford. The Receiver's Complaint asserted claims against Ms. Reeves as a relief defendant, for fraudulent transfer, and for conversion of the proceeds of a residence in Key Biscayne, Florida that she allegedly sold. The action seeks to recover at least $3 million in CD proceeds transferred to Ms. Reeves by Mr. Stanford or his entities.

The Committee filed a motion to intervene in this action on April 11, 2011. The Court granted that motion on April 25, 2011. On April 27, 2011, the Court entered a Second Amended Scheduling Order setting the action for trial on November 7, 2011. This case is in the discovery phase.

*The Committee is primarily responsible for the prosecution of this action.*

**b.      *Janvey v. Stoelker*, Civil Action No. 10-1272**

This action was filed by the Receiver on June 28, 2010 and asserts claims of fraudulent transfer and unjust enrichment against Andrea M. Stoelker. Ms. Stoelker is the former president of Stanford Financial Group Global Management, LLC ("SFGGM"), the former president of

Stanford 20/20 (Allen Stanford's cricket organization), and the girlfriend and/or fiancé of Defendant Allen Stanford.

The Receiver seeks to recover over $560,000 from Ms. Stoelker, consisting of payments from Stanford 20/20 ($140,000), payments from SFGGM ($29,567.88), payments from Stanford Financial Group Company ($200,000), payments from Allen Stanford personally ($180,000) and payments from Stanford Eagle, LLC accounts ($18,638.43).

A return of service was filed by the Receiver on November 12, 2010. Ms. Stoelker filed a motion to dismiss challenging, among other things, the sufficiency of service, and the Receiver responded to that motion and moved for an extension of time to complete service upon Ms. Stoelker. Those matters are fully briefed and pending for decision by the Court.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

### c.    *Janvey v. Susan Stanford*, Civil Action No. 10-2322

This action was filed by the Receiver on November 15, 2010 against Susan Stanford, the wife of Defendant Allen Stanford. The Receiver asserts claims of fraudulent transfer and unjust enrichment against Susan Stanford. The Receiver also asserts claims arising from Ms. Stanford's occupation and use of a mansion in Houston, Texas, that is owned by Stanford Development Company, one of the entities subject to the Receivership. That mansion was purchased in 1999 at a cost of more than $2.1 million.

The Receiver seeks to recover almost $2.5 million in CD proceeds that were transferred directly to Mrs. Stanford. The Receiver also seeks to recover more than $485,000 in CD proceeds that were paid to third parties for the benefit of Mrs. Stanford. Finally, the Receiver seeks to recover possession and control of the mansion in Houston, Texas that Mrs. Stanford has been living in since the Receiver's appointment, plus additional amounts arising from Mrs.

Stanford's use and occupancy of the mansion and her access to and use of other Receivership property, including planes and automobiles provided by Mr. Stanford or his entities.

Prior counsel to Mrs. Stanford accepted service of the complaint, but Mrs. Stanford has not yet answered or otherwise appeared in the action.  Mrs. Stanford has previously appeared through counsel in the SEC's primary action (Civil Action No. 09-298).  On February 11, 2011, her counsel moved to withdraw from his representation of Mrs. Stanford both in this action and in the primary action.  That motion was granted by the Court on April 12, 2011.  Substitute counsel has yet to appear for Mrs. Stanford.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

### 2.      Actions brought against political parties and consultants

a.      *Janvey v. Democratic Senatorial Campaign Committee, Inc., et al.,* **Civil Action No. 10-346**

This action was filed by the Receiver on February 19, 2010 and asserted fraudulent transfer and unjust enrichment claims against five different national political committees, as follows: the Democratic Senatorial Campaign Committee, Inc. ("DSCC"), the Democratic Congressional Campaign Committee, Inc. ("DCCC"), the National Republican Congressional Committee ("NRCC"), the Republican National Committee ("RNC"), and the National Republican Senatorial Committee ("NRSC") (collectively, the "Committees").  The Receiver sought to recover campaign contributions made by Mr. Stanford, his entities and/or his cohorts to the Committees that totaled in excess of $1.6 million, as follows:  DSCC ($950,500), DCCC ($200,000), NRCC ($238,500), RNC ($128,500), and NRSC ($83,345).

The Democratic Committees (DSCC and DCCC) appeared and filed a motion to dismiss, as did the Republican Committees (NRCC, RNC and NRSC). The Receiver responded to those motions to dismiss and they were fully briefed by the parties.

The parties engaged in written discovery and took a limited number of depositions. Both the Democratic Committees and the Republican Committees filed motions to compel addressing the Receiver's discovery responses and, after those motions were heard and ruled upon, filed further discovery motions seeking reconsideration of the Court's rulings. Those motions for reconsideration also were denied.

On December 17, 2010, the Receiver filed a motion for summary judgment. That motion was fully briefed by the Committees and the Receiver. The Republican Committees filed their own motion for summary judgment on March 11, 2011. That motion was fully briefed by the Receiver and the Republican Committees.

The Court entered its Order denying the Committees' motions to dismiss, denying the Republican Committees' motion for summary judgment, and granting the Receiver's motion for summary judgment on June 22, 2011. The Court also entered final judgment against each of the Committees for the following amounts (principal plus prejudgment interest):   DSCC ($1,037,347.05), DCCC ($218,273.97), NRCC ($260,291.71), RNC ($140,241.03), and NRSC ($90,960.22).

The Receiver filed his bill of costs on July 6, 2011, seeking to recover his costs of court in the amount of $12,951.95. On the same day, the Receiver filed a motion seeking an award of attorneys' fees against the Committees in the total amount of $484,860.46. The Committees have not yet responded to the Receiver's motion seeking an award of attorneys' fees.

*The Receiver is primarily responsible for the prosecution of this action, as to which the Committee does not have an active role.*

**b.**     ***Janvey v. Ben Barnes and Ben Barnes Group, L.P.,*** **Civil Action No. 10-527**

This action was filed by the Receiver on March 15, 2010 and asserted fraudulent transfer and unjust enrichment claims against Ben Barnes and Ben Barnes Group, L.P.   Ben Barnes Group, L.P. is a business consulting and lobbying firm founded by Ben Barnes.   The Receiver's complaint seeks to recover transfers to Ben Barnes and to Ben Barnes Group, L.P. from both Allen Stanford individually and from various Stanford entities in an amount that exceeds $5 million.

The Defendants filed a motion to dismiss the Receiver's complaint on April 12, 2010. That motion is fully briefed and is pending a decision by the Court.   On November 18, 2010, the Receiver filed a motion seeking the entry of a scheduling order for this action.   That motion is fully briefed and is pending a decision by the Court.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

**c.**     ***Ralph S. Janvey and Official Stanford Investors Committee v. The Inter-American Economic Council*, Case No. 3:11-cv-00044**

This action was filed jointly by the Receiver and the Committee on January 6, 2011 and asserted fraudulent transfer and unjust enrichment claims against The Inter-American Economic Counsel ("IAEC").   In the complaint, the Receiver seeks to recover payments made to IAEC in the amount of $390,000.   The IAEC was a Washington-area "think tank" that focused upon matters in Latin America.   Allen Stanford and his entities provided substantial funding for its operations.

The Inter-American Economic Council appears to be a defunct organization.   Upon information and belief its sole source of funding was Stanford.   As of June 30, 2011, the Inter-American Economic Council has not been served, has not answered, and has not otherwise

appeared in this action.  *The Committee has assumed primary responsibility for the further prosecution of this action.*

### 3.    Actions arising out of vendor relationships and/or investments

#### a.    *Janvey v. Interim Executive Management, Inc.*, Civil Action No. 10-829

This action was filed by the Receiver on April 23, 2010.  It asserts fraudulent transfer and unjust enrichment claims against Interim Executive Management, Inc. ("IEM"), which purports to be a management consulting firm founded and owned by Tamarin Lindberg.[11]  The Receiver's action seeks to recover payments to IEM of more than $4 million, including $1,103,282 in 2006, $1,510,996 in 2007, $1,226,792 in 2008, and $201,358 in 2009.

IEM filed a motion to dismiss the action on September 3, 2010.  The Receiver filed a brief in response to that motion on September  27, 2010.  The motion to dismiss is fully briefed and pending a decision by the Court.

There has been no further activity in this action since the Receiver filed his response to the Motion to Dismiss on September 27, 2010. *The Committee is in the process of assuming responsibility for the prosecution of this action.*

#### b.    *Janvey v. Merge Healthcare, Inc.*, Civil Action No. 10-1465

This action was filed by the Receiver on July 26, 2010.  It asserts fraudulent transfer and unjust enrichment claims against Merge Healthcare, Inc., Emageon, Inc., and Amicas, Inc.  The Receiver's action seeks to recover a payment of $9 million from SIBL to Emageon that was made on February 13, 2009.  Emageon was subsequently acquired by Amicas, Inc., which in turn merged with Merge Healthcare in February 2010.

---

[11]    To date, the Receiver has been unable to establish what sort of management consulting services were purportedly being provided by IEM.

The Receiver filed an Amended Complaint on November 19, 2010. The defendants filed a motion to dismiss the Amended Complaint on January 10, 2011. The Receiver filed a response to that motion on January 31, 2011, and the defendants filed a reply on February 14, 2011. The motion to dismiss is fully briefed and pending a decision by the Court.

*The Committee is in the process of assuming responsibility for the prosecution of this action.*

### c.   *Janvey v. Dillon Gage, Inc. of Dallas*, Civil Action No. 10-1973

This action was filed by the Receiver on September 30, 2010. It asserts fraudulent transfer and unjust enrichment claims against Dillon Gage, Inc. of Dallas and Dillon Gage, Inc. ("Dillon Gage"). Dillon Gage was a vendor of coins and bullion that regularly transacted business with Stanford Coin & Bullion ("SCB"). The Receiver's action seeks to recover payment of more than $5 million from SCB to Dillon Gage between January 23, 2009 and February 16, 2009.

Dillon Gage filed an answer and counterclaim on February 2, 2011, and joined as third party defendants Timothy Scott Terry and Joseph A. Frisard, former employees of SCB. The Receiver filed a motion to strike Dillon Gage's counterclaim on March 9, 2011. Dillon Gage responded to that motion on April 6, 2011, and the Receiver filed a reply on April 27, 2011. The Receiver's motion to strike the counterclaim is fully briefed and pending a decision by the Court.

Messrs. Terry and Frisard filed a motion to dismiss Dillon Gage's third party claims on April 11, 2011. Dillon Gage filed its response to the motion to dismiss on May 23, 2011. The motion to dismiss is fully briefed and pending a decision by the Court.

The Receiver's lawsuit against Dillon Gage is closely related to a lawsuit brought by Pre-War Art, Inc. d/b/a Gagosian Gallery ("Gallery") against SCB and Dillon Gage that is pending

before Judge Godbey as Civil Action No. 09-CV- 559.  That action was originally brought on March 25, 2009 by the Gallery alleging breach of contract against both SCB and Dillon Gage with respect to the Gallery's attempted purchase from SCB of 100 gold bars at a price in excess of $3 million.  The Gallery alleges that SCB in turn ordered those gold bars from Dillon Gage, and further alleges that it paid SCB, which in turn paid Dillon Gage, the purchase price called for by its purchase order.

On June 9, 2011, the parties to the two actions filed a joint motion to consolidate discovery in the actions.  That joint motion has not yet been ruled upon by the Court.

*The Receiver remains responsible for this action, as to which the Committee likely will have no active role.*

### d.     *Ralph S. Janvey and Official Stanford Investors Committee v. Chung Design, LLC*, Case No. 3:11-CV-738

This action was filed by the Receiver and the Committee on April 1, 2011.  It asserts fraudulent transfer and unjust enrichment claims against Chung Design, LLC ("Chung"), which is a graphic design firm in Memphis, Tennessee.  The action seeks to recover payments to Chung in excess of $1.88 million made between 2006 and 2009.

Chung has not yet been served in this action and has neither answered nor otherwise appeared.  *The Committee has primary responsibility for the further prosecution of this action.*

### 4.     Actions relating to sports sponsorships and other sports-related transfers

### a.     *Ralph S. Janvey and Official Stanford Investors Committee v. David Wayne Toms and David Toms Golf, LLC*, Case No. 3:11-cv-00018

This action was filed by the Receiver and the Committee on January 4, 2011.  It asserts fraudulent transfer and unjust enrichment claims against David Wayne Toms and David Toms Golf, LLC ("Toms").  Toms is a professional golfer.  The action seeks to recover payments to

Toms of approximately $905,000 made in 2007 and 2008 (with approximately half being transferred each year).

Toms has filed a motion to dismiss the action. The Committee has filed a response on its own behalf and on behalf of the Receiver. Toms has filed a reply; accordingly, the motion to dismiss is fully briefed and pending a decision by the Court.

*The Committee has primary responsibility for the further prosecution of this action.*

b. ***Ralph S. Janvey and Official Stanford Investors Committee v. IMG Worldwide, Inc.*, Case No. 3:11-cv-00117**

***Ralph S. Janvey and Official Stanford Investors Committee v. International Players Championship, Inc.*, Case No. 3:11-cv-00293**

The action against IMG Worldwide, Inc. ("IMG") was filed by the Receiver and the Committee on January 18, 2011. IMG is a global sports management company that represents and manages both individual athletes and particular sporting events. The complaint against IMG asserts fraudulent transfer and unjust enrichment claims relating to golf endorsement fees, fees and title sponsorship for the Stanford International Pro-Am tournament, a media placement campaign for professional golfer Vijay Singh, and other sponsorship fees for Vijay Singh. The IMG action seeks to recover payments to IMG in excess of $10,556,000 made between 2006 and 2009.

The action against the International Players Championship, Inc. ("IPC"), was filed by the Receiver and the Committee on February 15, 2011. IPC sponsors and operates a golf tournament, and is a subsidiary of IMG. The complaint against IPC asserts fraudulent transfer and unjust enrichment claims against IPC, and seeks to recover from IPC payments in excess of $1.6 million made between 2006 and 2009.

On April 14, 2011, the parties in both actions filed agreed motions to consolidate the two cases. The Court entered its Order consolidating both actions into the IMG case on May 10,

2011.   On April 29, 2011, in advance of the consolidation order, the Receiver filed a consolidated complaint against both IMG and IPC.   IMG and IPC filed a motion to dismiss the consolidated complaint on May 27, 2011.   On June 30, 2011, the Receiver and the Committee filed a motion for leave to amend the complaint.   The Court granted leave to file the amended complaint on July 13, 2011, and the Committee filed the Amended Complaint on July 20, 2011.

*The Committee has primary responsibility for the further prosecution of this action.*

c.   ***Ralph S. Janvey and Official Stanford Investors Committee v. Miami Heat Limited Partnership and Basketball Partners, Ltd.***, **Case No. 3:11-cv-00158**

This action was filed by the Receiver and the Committee on January 25, 2011.   It asserts fraudulent transfer and unjust enrichment claims against Miami Heat Limited Partnership and Basketball Partners, Ltd. (collectively, "Miami Heat Defendants").   Miami Heat Limited Partnership owns the National Basketball Association ("NBA") franchise in Miami.   Basketball Partners, Ltd. manages and operates the American Airlines Arena in Miami, where the Miami Heat franchise plays its home games.   The action seeks to recover payments to the Miami Heat Defendants in excess of $1.3 million made between 2006 and 2008.

The Receiver and the Committee filed an amended complaint on May 16, 2011.   The Miami Heat Defendants filed a motion to dismiss the amended complaint on June 6, 2011.   The Receiver and the Committee jointly filed a response to that motion to dismiss on June 27, 2011. The Miami Heat Defendants have requested and obtained an extension of time to file their reply brief relating to the motion to dismiss, which is now due to be filed on or before July 25, 2011.

*The Committee has primary responsibility for the further prosecution of this action.*

d.   ***Ralph S. Janvey and Official Stanford Investors Committee v. PGA Tour, Inc.***, **Case No. 3:11-cv-00226**

This action was filed by the Receiver and the Committee on February 7, 2011.   It asserts fraudulent transfer and unjust enrichment claims against PGA Tour, Inc ("PGA"), which

organizes and operates professional golf tournaments around the country.  The action seeks to recover payments to the PGA in excess of $13 million made by Stanford Financial Group Company (approximately $6 million) between 2006 and 2008, and by Stanford Financial Group Global Management (approximately $7 million) during 2008.

The PGA filed a motion to dismiss on May 18, 2011.  The Receiver and the Committee filed an amended complaint on June 27, 2011.  The PGA has not yet responded to the amended complaint.

*The Committee has primary responsibility for the further prosecution of this action.*

     e.     ***Ralph S. Janvey and Official Stanford Investors Committee v. The Golf Channel, Inc.*, Case No. 3:11-cv-00294**

This action was filed by the Receiver and the Committee on February 15, 2011.  It asserts fraudulent transfer and unjust enrichment claims against The Golf Channel, Inc ("Golf Channel"), a cable television channel that focuses upon golf-related programming.  The action seeks to recover payments to Golf Channel in excess of $5.9 million between 2007 and 2008.

Golf Channel filed its answer on April 27, 2011.  On May 10, 2011, Golf Channel filed a motion seeking leave to file counterclaims arising from alleged contracts between Golf Channel and certain Stanford entities that predated the Receivership.  The Receiver filed a response to Golf Channel's motion for leave on May 31, 2011, and Golf Channel filed its reply with respect to that motion on June 13, 2011.  Golf Channel's motion for leave to file counterclaims is fully briefed and pending a decision by the Court.

*The Committee has primary responsibility for the further prosecution of this action.*

     f.     ***Ralph S. Janvey and Official Stanford Investors Committee v. ATP Tour, Inc.*, Case No. 3:11-cv-00295**

This action was filed by the Receiver and the Committee on February 15, 2011.  It asserts fraudulent transfer and unjust enrichment claims against ATP Tour, Inc ("ATP"), which

organizes and operates professional tennis tournaments around the world.  The action seeks to recover payments to ATP in excess of $5.0 million between 2004 and 2008.

ATP filed a motion to dismiss on May 18, 2011.  On July 5, 2011, the Receiver and the Committee filed a motion for leave to file an amended complaint.  ATP has not yet responded to the motion for leave to file an amended complaint.

*The Committee has primary responsibility for the further prosecution of this action.*

g.    ***Ralph S. Janvey and Official Stanford Investors Committee v. Inside Out Sports and Entertainment**, Civil ActionNo. 3:11-CV-760*

This action was filed by the Receiver and the Committee on April 13, 2011.  It asserts fraudulent transfer and unjust enrichment claims against InsideOut Sports and Entertainment ("InsideOut"), which  organizes and operates various sporting events and athlete appearances. The action seeks to recover payments to InsideOut in excess of $1.95 million between 2006 and 2009.

As of June 30, 2011, InsideOut has not yet been served, has not answered, and has not otherwise appeared in this action.

*The Committee has primary responsibility for the further prosecution of this action.*

h.    ***Ralph S. Janvey and Official Stanford Investors Committee v. Rocketball, Ltd. and Hoops, L.P.**, Case No. 3:11-CV-770*

This action was filed by the Receiver and the Committee on April 14, 2011.  It asserts fraudulent transfer and unjust enrichment claims against Rocketball, Ltd. ("Rocketball") and Hoops, L.P. ("Hoops").   Rocketball owns and operates the Houston Rockets franchise of the NBA.  Hoops owns and operates the Memphis Grizzlies franchise of the NBA.  The action seeks to recover payments to Rocketball and Hoops in excess of $1.58 million between 2006 and 2008.

As of June 30, 2011, Rocketball and Hoops have not yet been served, have not answered, and have not otherwise appeared in this action.

*The Committee has primary responsibility for the further prosecution of this action.*

### 5.    Other fraudulent transfer actions

**a.    *Ralph S. Janvey and Official Stanford Investors Committee v. The University of Miami*, Case No. 3:11-cv-00041**

This action was filed by the Receiver and the Committee on January 6, 2011.  It asserts fraudulent transfer and unjust enrichment claims against The University of Miami ("Miami") The action seeks to recover payments to Miami in excess of $6.37 million between 2006 and 2008.

The Receiver, the Committee and Miami have entered into a series of stipulations through which they have extended the time for Miami to answer or otherwise respond to the Complaint.  As of June 30, 2011, Miami has not filed a motion or otherwise responded to the Complaint.

*The Committee has primary responsibility for the further prosecution of this action.*

**b.    *Ralph s. Janvey v.Harry Earl Failing and Harry Earl Failing, P.C.*, Case No. 3:10-cv-02564-N**

This action was filed by the Receiver on December 15, 2010.  The complaint asserts claims for fraudulent transfer, unjust enrichment, and breaches of fiduciary and other duties against Harry Earl Failing and his firm, Harry Earl Failing, P.C. (collectively, "Failing")  The action seeks to recover payments to Failing in excess of $839,000 between 2006 and 2008.

Failing filed an answer in the action on March 28, 2011.  On May 27, 2011, the Committee filed a motion to intervene in this matter.  Failing did not respond to the motion, which is now fully briefed but has not yet been decided by the Court.

Upon information and belief, Mr. Failing passed away in June.

*The Committee has primary responsibility for the further prosecution of this action.*

### E.     Fraudulent transfer actions brought solely by the Investors Committee

In addition to the actions identified above that have been brought jointly by the Receiver and the Committee, there are additional fraudulent transfer actions that were filed and are being prosecuted solely by the Committee.[12]   No settlements have been reached in any of the actions brought solely by the Committee.   The pending actions are detailed below.

### 1.     *Official Stanford Investors Committee v. Cort & Cort and Cort & Associates*, Case No. 3:11-cv-00298

This action was filed by the Committee on January 6, 2011.   It asserts fraudulent transfer and unjust enrichment claims against Cort & Cort and Cort & Associates (collectively, "Cort & Cort"), two Antigua-based law firms of which Dr. Errol Cort is or has been partner.   The action seeks to recover payments to Cort & Cort in excess of $1.1 million between 2006 and 2009.

On June 15, 2011, the Committee and Cort & Cort filed a Joint Advisory with the Court in which they acknowledged that Cort & Cort were served on May 26, 2011, that Cort & Cort would answer or otherwise respond to the complaint on or before July 14, 2011, and that Cort & Cort's filing of the Joint Advisory did not serve to waive any challenges to jurisdiction that Cort & Cort might assert.

*The Committee has sole responsibility for the further prosecution of this action.*

### 2.     *Official Stanford Investors Committee v. American Lebanese Syrian Associated Charities, Inc., St. Jude Children's Research Hospital/ALSAC; St. Jude Children's Research Hospital; and Le Bonheur Children's Medical Center Foundation*, Case No. 3:11-cv-00303

---

[12]     For such actions, the Receiver typically assigns the asserted claims to the Committee for prosecution.

This action was filed by the Committee on February 15, 2011.  It asserts fraudulent transfer and unjust enrichment claims against American Lebanese Syrian Associated Charities, Inc. ("ALSAC"), St. Jude's Children's Research Hospital/ALSAC (St.Jude/ALSAC), St. Jude's Children's Research Hospital ("St. Jude's"), and Le Bonheur Children's Medical Center Foundation ("Le Bonheur").   ALSAC, St. Jude/ALSAC, and St. Jude's (collectively, the "ALSAC Defendants") are affiliated and inter-related entities that own, operate and finance St. Jude's Children's Research Hospital in Memphis, Tennessee.  Le Bonheur owns, operates and finances Le Bonheur Children's Medical Center in Memphis, Tennessee.

The Committee's action seeks to recover payments to the ALSAC Defendants of more than $11.9 million between 2006 and 2009.  With respect to Le Bonheur, the Committee seeks to recover $1.5 million transferred in $500,000 increments in 2005, 2006 and 2008.

On April 14, 2011, the Committee filed an amended complaint identifying transfers that were not originally included in the action.  The ALSAC Defendants filed a motion to dismiss the amended complaint on April 19, 2011.  Le Bonheur filed a motion to dismiss the amended complaint on June 3, 2011.  The Committee responded to the ALSAC Defendants' motion to dismiss on May 31, 2011, and responded to the Le Bonheur motion to dismiss on June 24, 2011.  The ALSAC Defendants filed a reply brief with respect to their motion on June 3, 2011; Le Bonheur filed its reply brief on July 8, 2011.  The motions to dismiss are now fully briefed and pending a decision by the Court.

*The Committee has sole responsibility for the further prosecution of this action.*

**3.**     ***Official Stanford Investors Committee v. Chamberlain, Hrdlicka, White, Williams & Martin, L.P.,*** **Case No. 3:11-cv-01025**

This action was filed by the Committee on May 17, 2011.  It asserts fraudulent transfer and unjust enrichment claims against Chamberlain, Hrdlicka, White, Williams & Martin, L.P.

("CHWWM"), a law firm that provided certain legal services to various Stanford entities. The action seeks to recover payments to CHWWM in excess of $582,000, as follows:

- from Stanford Financial Group Company:      $511,000, from 2006 - 2008;

- from Stanford Financial Group Global Mgt.:   $ 47,600, from 2008; and

- from Stanford Group Company:                 $ 24,000, from 2008-2009.

On June 27, 2011, CHWWM filed an answer and a motion to dismiss the Committee's action. The Committee has not yet filed its response to that motion to dismiss.

*The Committee has sole responsibility for the further prosecution of this action.*

### III.   CLASS CASES BROUGHT BY INVESTOR COMMITTEE COUNSEL

### A.   *Troice v. Willis of Colorado, Inc., et al.,* Civil Action No. 3:09-CV-1274

This is a class action filed in 2009 against global insurance broker Willis Group and Texas-based insurance broker Bowen Miclette by a group of Stanford investors from Mexico and Latin America represented by Committee members Ed Snyder of Castillo Snyder P.C. and Ed Valdespino of Strasburger Price, LLP, along with additional counsel from Neligan Foley, LLP.

The action seeks certification of a class of <u>all</u> Stanford investors and claims damages on their behalf of $7.2 billion, with alternative subclasses also alleged. The action alleges that the Defendants aided and abetted Stanford's fraudulent scheme to deceive investors around the world into believing that the SIBL CDs were insured by issuing letters to investors touting said insurance coverage.

After some procedural skirmishes related to personal jurisdiction issues, the Defendants filed 12(b)(6) Motions to Dismiss, which have now been fully briefed and are currently pending before this Court.

There are also several related "insurance letter" actions, all of which have been coordinated before this Court. They include *Ranni v. Willis*, Civil Action No. 3:09-CV-2042

(related "insurance letter" case);   *MacArthur v. Certain Underwriters at Lloyd's of London, et al.*, Civil Action No. 3:10-CV-00313; and *Rupert v. Winter, et al.*, Civil Action No. 3:10-CV-799 (related "insurance letter" case).

### B.     *Troice v. Proskauer Rose, LLP, et al.*, Civil Action No. 3:09-CV-1600

This is a class action filed in 2009 against New York law firms Proskauer Rose and Chadbourne & Parke (and former partner Tom Sjoblom) by a group of Stanford investors represented by Committee members Ed Snyder of Castillo Snyder P.C. and Ed Valdespino of Strasburger Price, LLP, along with additional counsel from Neligan Foley, LLP.

The action seeks certification of a class of <u>all</u> Stanford investors and claims damages on their behalf of $7.2 billion.  The action alleges that the Defendants aided and abetted Stanford's scheme to obstruct investigations by the SEC into Stanford's CD sales program from 2005 through 2009.

The Defendants filed 12(b)(6) Motions to Dismiss in late 2009, which have now been fully briefed and are currently pending before this Court.

### C.     *Frank v. The Commonwealth of Antigua and Barbuda*, Civil Action No. 3:09-CV-2165
   *Queyrouze, et al., v. Bank of Antigua*, Civil Action No. 3:10-00304

The *Frank* case is a class action case commenced by Morgenstern & Blue, LLC on behalf of <u>all</u> Stanford investors alleging that the Government of Antigua and Barbuda ("Antigua") aided and participated in the Stanford fraud, expropriated and misappropriated Stanford assets without paying compensation to Stanford's investors, and was the recipient of significant fraudulent transfers from Stanford and his companies.  A separate action (the *Queyrouze* case) was filed against Antigua, the Eastern Caribbean Central Bank and other banks that purported to take control of the Bank of Antigua, a Stanford owned financial institution that was also seized

without the payment of compensation to Stanford's victims whose funds were used to establish that bank.

In both the *Frank* case and the *Queyrouze* case, Antigua responded by filing a motion to dismiss the complaint, arguing that it is not subject to the jurisdiction of the United States District Court for the Northern District of Texas and that the claims are barred by the doctrine of sovereign immunity. Plaintiffs believe these arguments are unfounded, and expect these defenses to be rejected under the facts of the case. In response to the motions to dismiss, the Plaintiffs filed motions seeking jurisdictional discovery from Antigua. Antigua has opposed such discovery. Plaintiffs' motions seeking jurisdictional discovery in both the *Frank* case and the *Queyrouze* case are fully briefed and are pending a decision by the Court.

The other defendants in the *Queyrouze* case (Bank of Antigua, Eastern Caribbean Central Bank, Antigua Commercial Bank, St. Kitts-Nevis-Anguilla National Bank, Ltd., Eastern Caribbean Financial Holdings Company, Ltd., National Commercial Bank (SVG, Ltd.), and National Bank of Dominica, Ltd.) have not been served and have not answered or otherwise appeared in the *Queyrouze* case.

### D. *Turk v. Pershing, LLC*, Civil Action No. 3:09-CV-2199

This is a class action filed against Pershing by Texas and Florida investors who bought SIBL CDs where the funds transferred to, from or through Pershing. The Complaint alleges that Pershing aided and abetted SGC's failure to register the CDs under Texas and Florida laws. The class is represented by the law firms of Hohman Taube & Summers, LLP; George & Brothers, LLP; and Beasley, Hauser, Kramer, Leonard & Galardi, P.A.

As presently postured, this case seeks certification of a class of Texas and Florida investors only. However, the case is in the process of being consolidated with the *Mendez v. Pershing* case, as described below.

The Defendant filed a Motion to Stay in December 2009 which has been fully briefed and is currently pending before this Court. In May 2010, the Plaintiffs filed a Motion for Class Certification, pursuant to Local Rule 23.2, which has been fully briefed and is currently pending before this Court. In October 2010, Defendant filed a 12(c) Motion for Judgment on the Pleadings, which has now been fully briefed and is currently pending before this Court.

**E.**     ***Mendez v. Pershing LLC and Lockwood Advisors, Inc.*, Civil Action No. 3:11-cv-00314**

This is a class action filed in February 2011 against Pershing by Stanford/SGC investors represented by Committee members Ed Snyder of Castillo Snyder P.C.;  Peter Morgenstern, of Butzel Long; and Ed Valdespino of Strasburger Price, LLP, along with additional counsel Neligan Foley, LLP.

The action seeks certification of a class of Stanford investors who purchased SIBL CDs through broker/dealer SGC and whose funds were wire transferred by Pershing to SIBL to fund the purchase of SIBL CDs between December 27, 2005 and February 16, 2009, with alternative subclasses also alleged.  The action alleges that the Defendants aided and abetted SGC's violations of the Texas Securities Act and seeks damages of roughly $500 million.

The parties are in the process of consolidating this case into the *Turk v. Pershing* case described above.

**F.**     ***Rotstain v. Trustmark National Bank, et al.*, Civil Action No. 3:09-CV-2384**

This action was filed by Plaintiffs represented by Morgenstern & Blue, LLC, in late 2009 against The Toronto-Dominion Bank, Trustmark National Bank, Bank of Houston, HSBC Bank PLC and SG Private Banking (Suisse) S. A. (Societe Generale) alleging that those financial institutions assisted in the Stanford fraud and are legally responsible to the investors for damages incurred as a result.  Plaintiffs also believe that these banks received millions in fees and charges

which may be recoverable under a variety of legal theories.  The banks responded by filing motions to dismiss the complaint on a variety of jurisdictional and other theories.

Plaintiffs responded to the motions to dismiss by filing a motion requesting a temporary stay of their civil case against the banks until the conclusion of Allen Stanford's criminal trial, at which time Plaintiffs would be able to obtain substantial documentary evidence and access to witnesses to support their claims.  To date, the pending criminal proceedings have prevented Plaintiffs from gaining access to such evidence and witnesses.  Plaintiffs' motion to stay is fully briefed and is currently pending before the Court.

G.   *Official Stanford Investors Committee, Phillip Wilkinson and Horatio Mendez v. Breazeale Sachse & Wilson, LLP, Claude Reynaud, Adams & Reese, LLP, J.D. Perry, Rebecca Hamric, Michael Contorno and Carlos Loumiet*, **Civil Action No. 3:11-cv-00329**

This is a combined Committee lawsuit and investor class action filed in February 2011 against various law firms and former officers and directors and employees of Stanford Trust Company of Louisiana (STC) by a group of investors who invested their IRA accounts into the SIBL CDs through STC, presently represented by Committee members Ed Snyder of Castillo Snyder P.C., and Peter Morgenstern, of Butzel Long, along with additional counsel Neligan Foley, LLP.

The action seeks certification of a class of STC IRA investors and claims damages on their behalf of roughly $300 million.  The action alleges that the Defendants aided and abetted Stanford's fraudulent scheme to use STC as the vehicle to get investors to invest their IRA accounts in the SIBL CDs.

The Committee, as assignee of claims from the Receiver, has also brought claims against the Defendants for the return of CD proceeds fraudulently transferred to them, as well as against the Director and Officer Defendants for breach of fiduciary duty.

H.     *Wilkinson v. BDO USA, LLP and BDO International Ltd.*, **Civil Action No. 3:11-CV-1115**

This is a class action filed against global accounting firm BDO and several of its partners in 2011 by a group of Stanford investors represented by Hohman Taube & Summers, LLP, along with Committee members Ed Snyder of Castillo Snyder P.C.; Peter Morgenstern of Butzel Long; and Ed Valdespino of Strasburger Price, LLP.

This action seeks certification of a class of <u>all</u> Stanford investors and claims damages on their behalf of $7.2 billion, with alternative subclasses also alleged. The action alleges that the Defendants aided and abetted Stanford's fraudulent Ponzi scheme and violations of the Texas Securities Act.

Defendants have until **July 26, 2011** (for BDO International) and **August 12, 2011** (for BDO USA) to file pleadings in response to the Complaint.

## IV.     ADDITIONAL LITIGATION RELATED MATTERS

As the Court is aware, various defendants in the class actions addressed in the foregoing section have raised the applicability of the Securities Litigation Uniform Standards Act ("SLUSA") as a defense. Following a status conference held on April 20, 2011, in the *Troice v. Willis* and other "insurance letter" cases, the Court entered an Order dated May 10, 2011, to establish a briefing schedule to address the SLUSA issues in the context of the *Roland v. Green* case, Civ. Action No. 3-10-CV -00224-N. The Investors Committee, the Examiner, and the Receiver all filed briefs on June 9, 2011 in the *Roland* case.

Dated: July 27, 2011                          Respectfully submitted,

                                              Baker Botts L.L.P.

                                              By:  /s/ Kevin M. Sadler
                                              Kevin M. Sadler
                                              Texas Bar No. 17512450
                                              kevin.sadler@bakerbotts.com

Robert I. Howell
Texas Bar No. 10107300
robert.howell@bakerbotts.com
David T. Arlington
Texas Bar No. 00790238
david.arlington@bakerbotts.com
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701-4039
(512) 322-2500
(512) 322-2501 (Facsimile)

Timothy S. Durst
Texas Bar No. 00786924
tim.durst@bakerbotts.com
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
(214) 953-6503 (Facsimile)

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

**KRAGE & JANVEY, L.L.P.**

By:  /s/ Ben L. Krage
    Ben L. Krage
    Texas Bar No. 11700000
    bkrage@kjllp.com
    2100 Ross Avenue, Suite 2600
    Dallas, Texas 75201
    (214) 969-7500
    (214) 220-0230 (Facsimile)

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

Respectfully submitted,

/s/ John J. Little
John J. Little
Tex. Bar No. 12424230

**LITTLE PEDERSEN FANKHAUSER, LLP**
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300

(214) 573-2323 [FAX]

**EXAMINER**


Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: /s/ Edward C. Snyder
     Edward C. Snyder
     Texas Bar No. 00791699
     esnyder@casnlaw.com
     Bank of America Plaza, Suite 1020
     300 Convent Street
     San Antonio, Texas 78205
     (210) 630-4200
     (210) 630-4210 (Facsimile)


**MORGENSTERN & BLUE, LLC**

By: /s/ Peter D. Morgenstern
     Peter D. Morgenstern (*admitted pro hac vice*)
     pmorgenstern@mfbnyc.com
     885 Third Avenue
     New York, New York 10022
     (212) 750-6776
     (212) 750-3128 (Facsimile)


**STRASBURGER & PRICE, LLP**

By: /s/ Edward F. Valdespino
     Edward F. Valdespino
     edward.valdespino@strasburger.com
     Andrew L. Kerr
     andrew.kerr@strasburger.com
     300 Convent Street, Suite 900
     San Antonio, Texas 78205
     (210) 250-6000
     (210) 250-6100 (FACSIMILE)


**ATTORNEYS FOR
THE OFFICIAL STANFORD INVESTORS COMMITTEE**

**CERTIFICATE OF SERVICE**

On July 27, 2011, I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Edward C. Snyder_____
Edward C. Snyder