IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § | |
| § | In re: Subpoenas Issued to |
| Plaintiff,  § | Whitney National Bank Dated |
| § | February 25, 2011 and July 11, |
| v. § | 2011; and to Hancock Bank of |
| § | Louisiana Dated July 11, 2011 |
| STANFORD INTERNATIONAL BANK, LTD., § | |
| STANFORD GROUP COMPANY, § | |
| STANFORD CAPITAL MANAGEMENT, LLC, § | |
| R. ALLEN STANFORD, JAMES M. DAVIS, and § | This matter relates to |
| LAURA PENDERGEST-HOLT, § | Cause No. 3:09-cv-0298-N |
| § | |
| Defendants. § | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order (the "Order") is entered into by and among Whitney Bank, a Louisiana state chartered bank, formerly known as Hancock Bank of Louisiana, successor by merger to Whitney National Bank ("Whitney"); Ralph S. Janvey, as Receiver for the Stanford Estate ("Receiver"); and the Official Stanford Investors Committee (the "Committee"), through their respective counsel, in connection with the Subpoenas dated February 25, 2011 and July 11, 2011 that were served on Whitney Bank and the Subpoena dated July 11, 2011 that was served on Hancock Bank of Louisiana (collectively, the "Subpoenas"). The Parties to this Order recognize that responses to the Subpoenas are likely to involve the production of confidential, proprietary, and/or private documents, instruments, writings, communications, and other material, for which special protection is warranted.

### SCOPE

1.     The protections conferred by this Order cover confidential matter designated by Whitney pursuant to the terms of this Order. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or

reveal designated confidential matter are themselves confidential matter whether or not marked as such so long as they are designated as confidential by one of the methods set forth herein.

### DESIGNATING PROTECTED MATTER

2.  Whitney may designate as "Confidential" any document, Subpoena response, or any other information that is not in the public domain and that Whitney believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information. The fact that any matter has been designated by Whitney as "Confidential" shall not create any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation thereof.

3.  Whitney shall make a good faith determination that any matter designated as "Confidential" warrants protection hereunder. Designation of a matter as "Confidential" must be narrowly tailored to include only matter for which there is good cause. Whitney shall not designate as confidential information that relates solely to the accounts of Stanford-related entities or communications between Whitney and Stanford representatives that relate solely to Stanford-related entities and/or their business dealings with Whitney. Designations shall be made by stamping each designated page, if practical, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated matter, or as otherwise set forth herein. Whitney shall furnish an index or log indicating by Bates number which documents, or portions thereof, have been designated "Confidential" within thirty (30) days following the designation of such matter.

4.  In the event that Whitney makes original material available for inspection, Whitney need not designate such material as Confidential before the inspecting party has indicated which matter it would like produced. During the inspection of such matter and prior to

**STIPULATED PROTECTIVE ORDER**

the designation and production, all of the matter made available for inspection shall be considered Confidential.

5. Any copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that were created using information designated as confidential under this Order and communicate, or reveal designated Confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

6. Inadvertent production of, or failure to designate, any matter as Confidential shall not be deemed a waiver of Whitney's claim of confidentiality as to such matter, and Whitney may thereafter designate such matter as Confidential within fifteen (15) business days following the discovery of such inadvertent production or failure to designate.

7. Neither the Receiver nor the Committee shall be obligated to challenge the propriety of a designation as Confidential at the time such designation is made or received, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event that the Receiver or the Committee disagrees at any stage of these proceedings with a Confidential designation, the Parties shall first try to resolve such dispute in good faith on an informal basis, including production of redacted copies. If the dispute cannot be resolved, then the objecting Party may file a motion with the Court challenging the designation. If any such motion is filed with the Court, then Whitney bears the burden of proving that the information in dispute is properly designated as Confidential.

### ACCESS TO AND USE OF CONFIDENTIAL MATTER

8. All Confidential matter produced or exchanged in connection with the Subpoenas shall be used solely for the purposes of MDL No. 2099 and/or Cause No. 3:09-cv-0298-N, *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.* and/or other

**STIPULATED PROTECTIVE ORDER**

Stanford-related litigation involving the Receiver or Committee as parties (collectively, the "Action"). Under no circumstances shall Confidential matter be used directly or indirectly for any business, commercial, competitive, or personal purposes, or for any litigation which is not a part of the Action.

9. The Receiver and/or the Committee, as appropriate, shall provide written notice to Whitney at least ten (10) days in advance of filing or making publicly available (whether under seal or otherwise) Confidential matter in any forum or matter other than an action in which Whitney is a party. Notice given under this provision must be made via email and fax to Whitney's counsel as follows:

    a. Mr. Kenneth C. Johnston: kjohnston@krcl.com

    b. Mr. David M. Clem: dclem@krcl.com

    c. Mr. Johnston and Mr. Clem: (214) 777-4299.

10. Absent the prior written consent of the Parties, or upon prior court order obtained following notice to all Parties to this Order, Confidential matter (including without limitation any copies of, notes made from, or information contained in Confidential matter) shall only be disclosed to the following persons:

    a. The Court, including Court personnel;

    b. Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings, and proceedings;

    c. A mediator selected by the Parties related to the Action;

    d. The Parties and their attorneys, including in-house counsel and the employees and personnel retained by such attorneys to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Action;

**STIPULATED PROTECTIVE ORDER**

e. Vendors retained to assist in the Action by an attorney described in paragraph 10.d of this Order including, but not limited to, electronic data hosting, copying, and reproduction services, provided that they sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit "A" to this Order before being shown Confidential matter;

f. Authors, originators, or original recipients of the matter, as specifically reflected on the face of the respective matter;

g. Insurers of the Parties;

h. Other witnesses or potential witnesses to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of the Action, provided the witness or potential witness signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit "A" to this Order before being shown the Confidential matter, and provided the witness or potential witness does not retain copies of any Confidential matter. In the event a witness refuses to sign the "Acknowledgement and Agreement to be Bound," the witness may be shown the Confidential matter only at a deposition and on the record;

i. Experts or consultants (whether testifying or non-testifying) retained by a Party who are not, at the time of retention, employed by a financial institution that is a defendant in the Action or employed by an affiliate of a financial institution that is a defendant in the Action, provided the expert or consultant signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit "A" to this Order;

**STIPULATED PROTECTIVE ORDER**

j. Experts or consultants (whether testifying or non-testifying) retained by a Party who are employed by a financial institution that is not, at the time of retention, a defendant in the Action, provided that before disclosing any Confidential matter to such expert or consultant: (i) the expert or consultant signs the "Acknowledgement and Agreement to be Bound" attached as "Exhibit A" to this Order; and (ii) the Party retaining the expert or consultant shall obtain the written agreement of the expert or consultant that he or she shall not, in addition to all other restrictions contained in this Order: (1) disclose any Confidential matter to his or her employer or co-employees, or (2) retain any Confidential matter following the conclusion of the Action.

11. Any Party receiving Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter. If a Party or its representatives, including counsel, inadvertently discloses Confidential matter to persons or counsel who are not authorized to use or possess such matter, then the Party shall (i) provide immediate written notice of the disclosure to Whitney; (ii) use its best efforts to retrieve all copies of the inadvertently disclosed matter; (iii) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (iv) request that such person or persons sign the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit "A".

### CONFIDENTIAL MATTER SUBPOENAED OR ORDERED PRODUCED

12. If a court or government agency subpoenas or orders production of Confidential matter from a Party to this Order, then such Party shall promptly notify counsel for Whitney of this event within three business days of the Party's receipt of such subpoena or order, and such Party shall furnish Whitney's counsel with a copy of such subpoena or order.

**STIPULATED PROTECTIVE ORDER**

### DURATION

13. All provisions of this Order shall continue to be binding after the conclusion of the Action (including any appellate review) until Whitney agrees otherwise in writing or a court otherwise directs. Upon conclusion of the Action, a Party in possession of Confidential matter, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) Return such matter no later than sixty (60) days after conclusion of the Action to counsel for Whitney; or (b) Destroy such matter upon consent of Whitney and certify in writing within sixty (60) days that such matter has been destroyed.

### INADVERTENT DISCLOSURE

14. Inadvertent disclosure of Confidential matter is governed by the Clawback Stipulation executed by the Parties in the Action.

### FILING PROTECTED MATTER

15. Absent written permission from Whitney or a court order secured after appropriate notice to all interested persons, all Confidential matter filed with the Court shall be filed under seal in accordance with the Local Rules of the Court. The Parties acknowledge that this Order creates no entitlement to file Confidential information under seal; the Party seeking to file Confidential information under seal shall follow the procedures specified by the United States District Court for the Northern District of Texas, Dallas Division.

### MISCELLANEOUS

16. The provisions of this Order may be modified at any time by stipulation of the Parties and approval by order of the Court, or upon noticed motion by a Party for good cause shown.

17. Nothing in this Order shall affect the right of any Party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no Party shall be deemed by virtue of this Order to have waived any right to object to

**STIPULATED PROTECTIVE ORDER**

disclosing or producing any matter on any such ground. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

18. Nothing in this Order shall prejudice the right of any Party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Order upon due notice to all Parties.

19. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a Party or non-party may owe with respect to any matter.

*Signatures on Following Page*

**STIPULATED PROTECTIVE ORDER**

Dated: 27, February, 2012.

**WHITNEY BANK, A LOUISIANA STATE CHARTERED BANK, FORMERLY KNOWN AS HANCOCK BANK OF LOUISIANA, SUCCESSOR BY MERGER TO WHITNEY NATIONAL BANK**

By:  /s/ Kenneth Johnston
      Kenneth C. Johnston
      Attorney for Whitney Bank

**RALPH JANVEY, COURT APPOINTED RECEIVER FOR STANFORD INTERNATIONAL BANK, LTD., STANFORD GROUP COMPANY, AND ALL ENTITIES OWNED OR CONTROLLED BY THEM OR BY ROBERT ALLEN STANFORD, JAMES M. DAVIS, AND/OR LAURA PENDERGEST-HOLT**

By:  /s/ David Arlington
      David Arlington
      Attorney for Ralph S. Janvey,
      Receiver for the Stanford Estate

**THE OFFICIAL STANFORD INVESTORS COMMITTEE**

By:  /s/ Guy Hohmann
      Guy Hohmann
      Attorney for the Official Stanford
      Investors Committee

The foregoing Stipulated Protective Order is approved and adopted as an Order of the Court in the United States District Court for the Northern District of Texas, Dallas Division, this 22nd day of March, 2012.

_____
David C. Godbey
United States District Judge

**STIPULATED PROTECTIVE ORDER**

EXHIBIT "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") entered into between (a) Whitney Bank, a Louisiana state chartered bank, formerly known as Hancock Bank of Louisiana, successor by merger to Whitney National Bank; (b) Ralph S. Janvey, as Receiver for the Stanford Estate; and the (c) Official Stanford Investors Committee, which relates to MDL No. 2099 and/or Cause No. 3:09-cv-0298-N and/or other Stanford-related litigation involving the Receiver or Committee as parties (collectively, the "Action"), pending in the United States District Court for the Northern District of Texas, Dallas Division. I agree to comply with and be bound by the terms of the Order. I solemnly promise that I will not disclose, in any manner, any information or matter designated as Confidential under this Order to any person or entity except in strict compliance with the Order.

For the purpose of enforcing the terms of the Order, I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after the termination of the Action.

Date: _____

Home Address:     _____

   _____

City and State where sworn and signed:     _____

Printed Name: _____

Signature:     _____

**STIPULATED PROTECTIVE ORDER**