IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff | § § | |
| v. | § | Cause No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § | |
| Defendants. | § § | |

## AGREED PROTECTIVE ORDER

Receiver Ralph Janvey (the "Receiver") and Non-Party Kroll Inc. (together with its affiliates and agents, "Kroll") (collectively "Movants"), stipulate to, and request that this Court enter, the following Agreed Protective Order (the "Order").

1.       This Order is entered for purposes of this action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Movants filed with the Court.

2.       "Confidential Information" shall mean all (1) personal information or (2) Kroll financial information, trade secret information, proprietary information, client information, or other information confidential to Kroll disclosed to the Receiver and/or his counsel by Kroll and designated by Kroll in good faith as "Confidential," whether it be a document, information contained or reflected in a document, information revealed in discovery responses, or information in any other form.  All copies, excerpts, notes, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated Confidential Information are themselves deemed to constitute Confidential Information.  No other person or entity besides Kroll can claim confidentiality under this Order.

Materials are not Confidential if they were in the possession of Stanford or the Receiver before December 15, 2011.

3.      Kroll's production to the Receiver is likely to involve the production of Confidential Information and good cause exists for the entry of this Order.

4.      Except with Kroll's prior written consent, Confidential Information shall not be disclosed by the Receiver or his counsel to any person other than:

> a.      the Receiver, his counsel, and employees of his counsel, and their paralegal, secretarial, or clerical staffs (including other counsel representing the Receiver in this case and related cases, whether or not their representation relates to Kroll);
>
> b.      any deponent or trial witness in this action or related actions, if there is a reasonable basis to believe the particular Confidential Information to be disclosed may be a subject of his or her testimony, and any counsel of such witness, provided that such witness and his or her counsel shall not retain any originals or copies of Confidential Information;
>
> c.      when there is a reasonable basis for doing so, the Receiver's consulting and testifying experts, including their consultants and secretarial or clerical staffs;
>
> d.      when there is a reasonable basis for doing so, Court reporters and the Court; and
>
> e.      the Official Stanford Investors Committee, their counsel, and employees of their counsel, and their paralegal, secretarial, or clerical staffs.

5.      Before a person covered in paragraph 4(b) or 4(c) shall receive any Confidential Information, that person shall execute a confidentiality agreement attached hereto as Exhibit A. The counsel disclosing Confidential Information to this person shall be responsible for safekeeping the original of the executed form attached hereto as Exhibit A.

6.      Any person receiving Confidential Information shall not reveal or discuss that information with any person who is not authorized by this Order to receive that information.

7.      In the event any Confidential Information is filed in court, it shall be filed and accepted for filing under seal.  If a hard copy is filed, it will be filed in a sealed envelope or other appropriately sealed container endorsed with the caption of this action, a brief identification of the nature of the contents and the following legend: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."   If filed electronically, the filing party will comply with the ECF requirements and any local rules for filing electronic documents under seal and refer to this Order.

8.      If it reflects Confidential Information as defined in this Order, Kroll may designate all or part of a transcript of a deposition, trial, or other proceeding in this action or any related actions as Confidential Information.  Only those portions that meet the definition of Confidential Information will be so designated.  Kroll must make this designation within 10 days after receiving the transcript.

9.      In the event the Receiver disagrees with the designation of any material as Confidential Information, Movants shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Receiver may object to the designation of such information as "Confidential Information" in writing to Kroll and set forth the basis for his objection.  Fourteen days after doing so, if Movants are unable to agree, the Receiver may then

3

move the Court on notice for an order removing the designated status of such information.  The

confidential status of any challenged material shall be maintained until final ruling of the Court.

10.     If Kroll does not initially designate materials it provides as Confidential, it may

do so retroactively, if (1) it does so within seven days of initial production of such materials, and

(2) it provides replacement materials properly marked as Confidential.  The Receiver will

provide notice of this Order and any new designations to persons to whom the Receiver gave

such material before it was designated as Confidential Information.

11.     Each recipient of Confidential Information consents to and is subject to the

jurisdiction of the Court, including to enforce the terms of this Order, including, as may be

warranted under applicable law, by contempt, sanctions, injunctive relief, damages, or otherwise.

12.     Kroll's provision of Confidential Information that would be protected from

disclosure pursuant to the attorney-client privilege, the work-product doctrine, or any other

privilege or protection from disclosure ("Privileged Information") shall not affect, or constitute

any waiver whether inadvertent or otherwise, of any applicable privilege, doctrine, or protection

from disclosure.  If Kroll provides the Receiver any Privileged Information, then upon notice by

Kroll to the Receiver, the Receiver shall promptly return such Privileged Information to Kroll

and/or securely destroy all copies of the Privileged Information and certify such destruction to

Kroll, and make no use of the Privileged Information.  By agreeing to this Order, the Receiver

shall not be deemed to waive any right to dispute Kroll's assertions that material constitutes

Privileged Information.  This does not affect any responsibility Kroll may have to provide a

privilege log for any materials it believes are privileged.

13.     Neither this Order nor the Movants' conduct in agreeing to, producing or

receiving Confidential Information or any other material shall prejudice the Movants' rights to

object to or contest the producibility, relevancy, or admissibility of Confidential Information or any other material.

14.     Nothing in this Order shall prevent or prejudice Movants from seeking to modify this Order, or in exceptional circumstances from seeking additional or different protection with respect to the use or disclosure of Confidential Information, including the retroactive designation of material as Confidential more than seven days after its production.

15.     Unless agreed otherwise in writing by Kroll, within ninety (90) days after the conclusion of this action, including all possible appeals, all Confidential Information, except Confidential Information reflected in transcripts, court filings, final expert reports, and e-mails, shall be delivered to Kroll and/or securely destroyed with certification of such destruction being provided to Kroll, and the Receiver shall certify to Kroll that the Receiver and the recipients of Confidential Information have complied with this paragraph.  For purposes of this Order, this action is concluded when a final order of dismissal is entered in Cause No. 3:09-CV-0298-N, and all appeals are final.

16.     The Receiver will not contest any application Kroll may make after the conclusion of any action for Confidential Information in the court records for such action to be maintained under seal.  This does not affect the Receiver's ability to otherwise challenge a designation under this Order.

17.     The provisions of this Order shall survive the conclusion of this action and the Court will retain jurisdiction to enforce the terms of this Order.

18.     Kroll is not a party to this suit, and this Order controls Kroll's production of documents and Confidential Information as a non-party.  If Kroll later becomes a party, (a) the Movants do not agree this Order or its contents should control the production of documents by

Kroll as a party, (b) the Receiver does not agree to return to Kroll documents produced before it became a party, except as provided by paragraph 15 above, and (c) this Order shall continue to control Confidential Information produced by Kroll as a non-party.

19.     This Agreed Protective Order may be executed in any number of counterparts with the same effect as if the signatures on each counterpart were upon a single instrument.

IT IS SO ORDERED.


Signed October 15, 2012.


_____
David C. Godbey
United States District Judge

AGREED TO BY:

**THE DAVIS GROUP**
**ATTORNEYS & COUNSELORS, P.C.**


/s/ Mark Murphy
Jason M. Davis
State Bar No. 00793592
jdavis@davisgrouppc.com
Mark R. Murphy
State Bar No. 24002667
mmurphy@davisgrouppc.com
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel:  (210) 853-5882
Fax: (210) 200-8395

**KRAGE & JANVEY, L.L.P.**
Ben L. Krage
State Bar No. 11700000
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
Telephone:  (214) 969-7500
Facsimile:  (214) 220-0230
Email: bkrage@kjllp.com

**ATTORNEYS FOR THE RECEIVER**
**RALPH S. JANVEY**

AGREED TO BY:


**BLAIES & HIGHTOWER, L.L.P.**


/s/ James W. Hryekewicz
James W. Hryekewicz
State Bar No. 00784298
777 Main Street, Suite 1900
Fort Worth, Texas 76102
Tel: (817) 334-8293
Fax: (817) 334-0574


**KRAMER LEVIN NAFTALIS & FRANKEL LLP**


/s/ Barry Berke
Barry J. Berke*
N.Y. Bar No. 2361541
Steven S. Sparling*
N.Y. Bar No. 2984425
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000


*Admitted *pro hac vice*


**ATTORNEYS FOR KROLL INC.**