IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:09-CV-0298-N |
| **STANFORD INTERNATIONAL BANK, LTD.,** *et al.* | § § § § | |
| Defendants, | § § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT R. ALLEN STANFORD
AND OTHER DEFENDANTS
AND**
<u>**PLAINTIFF'S RESPONSE TO STANFORD'S MOTION FOR EXTENSION OF TIME**</u>

On February 19, 2013, Plaintiff Securities and Exchange Commission filed its Motion for Partial Summary Judgment against Defendant Robert Allen Stanford ("Stanford) [Doc. 1779]. Stanford responded on March 25, 2013, and also filed separately a motion for extension of time to secure sealed exhibits [Doc. 1807].[1]

### A. Stanford has offered no basis to avoid the estoppel effect of his criminal conviction.

In his response, Stanford admits, as he must, that he has been criminally convicted based on the very conduct that is at issue in this case. And he, in essence, concedes that the elements of collateral estoppel have been met here, including the fact that the same issues were at stake. His only argument is that the criminal trial did not provide him with a full and fair opportunity to litigate the common issues and that, as a result, collateral estoppel does not apply. [Resp. at

---

[1] Though it is irrelevant to the issues presented by the Commission's motion for summary judgment, Stanford 's counsel asks the Court to grant funds to Stanford for defense of this matter and further grant leave to file a supplemental brief on his behalf. He has offered no justification for leave to file another brief and that request should be rejected, to the extent it is considered before the Court. Likewise, the Court has already squarely rejected that argument and Stanford offers no valid reason to revisit that question.

p.2].[2]  The only "unfairness" he alleges consists of the same arguments he raised in his motion for new trial.  [See Response at 2 "Rather than 're-invent the wheel' counsel incorporates Stanford's Motion for New Trial filed in the criminal case in its entirety as Exhibit A and will amplify some additional issues in the arguments set out below."].  As Stanford admits, the Court overseeing Stanford's criminal trial was presented with these exact same arguments and rejected them.  [See Response at 3].

As the Court in *SEC v. Resnick* explained, "As an initial matter, the meaning of the phrase 'full and fair opportunity to litigate' in this context should be clarified.  [The Defendant] seems to understand the phrase to refer to the subjective fullness and fairness of specific outcomes of litigation, such as trial results and specific rulings made during trial, issues which he is currently contesting through his appeal in the Second Circuit."  *SEC v. Resnick*, 604 F. Supp. 2d 773, 789 (D. Md. 2009).  Contrary to Stanford's suggestions, that is precisely the way the way he appears to interpret that requirement:  as he admits, he argues that he did not have a "full and fair opportunity" to litigate the relevant issues because the trial court in the criminal matter made several errors.  He raised those matters in his motion for new trial in the criminal case and they were rejected.

But, as the Court in *Resnick* explained, such a complaint has nothing do with whether Stanford had a "full and fair opportunity" to litigate the relevant issues for purposes of applying collateral estoppel.  For purposes of collateral estoppel, the key is the objective "fullness and fairness" of the <u>opportunity</u> the defendant had to litigate in the criminal proceeding.  *Resnick*, 604 F. Supp. 2d at 789.  "Where the [defendant] had the incentive to litigate vigorously in the

---

[2]   Stanford cites *Montana v. United States*, 440 U.S. 147 (1979) to support his motion.  He does not present any argument, however, that *Montana* precludes summary judgment.  Nor could he.  That case involved whether the federal government was able to re-litigate a tax-related issue that had already been decided by state procedures.  And the Supreme Court concluded it was not able to do so.  In reaching that conclusion, the Court did not suggest, much less rule, that a criminal judgment reached in a proceeding conducted in federal district court was not entitled to preclusive effect in another district court in a parallel civil case.

*SEC v. Stanford International Bank, Ltd., et al.*    2
Reply In Support of Motion for Partial Summary Judgment

prior proceeding, cross-examine witnesses, be represented by competent counsel, and otherwise enjoy the protections of due process" there can be no doubt that collateral estoppel applies. *Id.*

In this case, it is beyond dispute that Stanford had a full and fair opportunity to litigate in the criminal matter. As he admits, he was represented by competent counsel.[3] His trial lasted over thirty days and over thirty (30) witnesses testified. As even a cursory review of the docket sheet from that proceeding demonstrates, Stanford's criminal trial was fully and fairly litigated, even if Stanford does not like the results. For example, in October 2010, Stanford filed a motion for change of venue based on the same pre-trial publicity he complains of in his response [Doc. No. 313] and, as illustrated by Docket entry number 627, he had a fair and full opportunity to litigate his motion for continuance.[4] Stanford has pointed to no case suggesting that in circumstances like this collateral estoppel does not apply. Nor could he.

The reasoning of the *Resnick* court applies fully here. "Whether these matters may constitute reversible error is a question for the [court of appeals] to decide. It is not appropriate for this court to engage in a full-scale review of the of the quality of the litigation in the prior proceeding before making a collateral estoppel determination." *Resnick,* 604 F.Supp.2d 773, at 781 (citations omitted). To the extent Stanford believes there were errors, even alleged constitutional violations, in his trial, he is free to pursue them if appropriate in the appeal of his criminal conviction.

In the meantime, the fact that Stanford's conviction is on appeal does not affect the finality of that judgment for purposes of collateral estoppel. Summary judgment in this case can

---

[3] See, e.g., Response at p. 9 "[t]he criminal defense attorneys appointed to represent Mr. Stanford were experienced criminal lawyers…" )].

[4] A copy of the docket sheet of Stanford's criminal trial is attached as Exhibit A and the Commission asks that the Court take judicial notice of the voluminous matters included as part of the criminal trial. The Commission believes the record to date supports entry of summary judgment and demonstrates that the criminal trial provided Stanford with a full and fair opportunity to litigate the common issues. To the extent the Court has further questions about the details of the criminal proceedings, the Commission requests an opportunity to supplement this response with additional materials, including transcripts, that will provide further details.

be set aside if the appellate courts vacate Stanford's conviction but until then, his conviction is a final judgment and entitled to be recognized as such for purposes of establishing collateral estoppel. *See Resnick*, at 781 and 884-85 (granting summary judgment and requiring defendant whose criminal conviction was on appeal to pay disgorgement and civil penalties), *citing Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188-89 (1941) ("the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not – until and unless reversed – detract from its decisiveness and finality"); *SEC v. Blackwell*, 477 F. Supp. 2d 891, 901 (S.D. Ohio 2007)(finding that it would "halt the process of justice" to allow defendants "to avoid the preclusive effect of the Criminal Action until their appeal is finalized); *SEC v. Pace* 173 F. Supp. 2d 30, 33 (D.D.C. 2001) ("The fact that [defendant's] appeal from his conviction is still pending does not affect the application of collateral estoppel."); *see also Allen v. McCurry*, 449 U.S. 90, 94-96, 105 (1980) (collateral estoppel applies to Fourth Amendment ruling from criminal matters).

### B. Stanford's tardy attempt to obtain sealed pleadings in the criminal trial does not require delaying deciding the Commission's motion for summary judgment.

Stanford's request for at least a month's extension of time to obtain sealed pleadings from the criminal trial should be rejected. First, for all the reasons noted above, these pleadings cannot add any substantive information relevant to the Commission's motion for summary judgment because they relate to arguments that have already been rejected in Stanford's criminal case. In fact, the materials were attachments to a motion for new trial that was denied.

The only reason for the Court to examine these pleadings would be to re-examine the fully litigated decisions made in the criminal case. The pleadings cannot give any basis to ignore the well-established precepts of collateral estoppel that demonstrate Stanford's civil liability in this parallel proceeding.

In any event, Stanford has not shown any justification for his delay. By his own admission, Stanford had not even prepared an appropriate motion to obtain the exhibits as of March 25, 2013 [See Doc. No. 1807 at p. 2], even though the Commission filed its motion for summary judgment on February 19, 2013, and Stanford filed his response, after obtaining an extension of time, on March 25, 2013.

Under these circumstances, and particularly because the requested documents cannot add anything substantive to the application of collateral estoppel in this case, there is no reason to delay ruling on the Commission's motion for summary judgment.

## CONCLUSION

The Commission respectfully requests that the Court enter summary judgment as set out in its initial motion and supporting materials and that the Court reject Stanford's request for extension of time.

April 8, 2013                               Respectfully submitted,

                                            *s/ David B. Reece*
                                            DAVID B. REECE
                                            Texas Bar No. 242002810
                                            U.S. Securities and Exchange Commission
                                            Burnett Plaza, Suite 1900
                                            801 Cherry Street, Unit #18
                                            Fort Worth, TX  76102-6882
                                            (817) 978-6476 (dbr)
                                            (817) 978-4927 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2013, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        *s/ David B. Reece*
                                        DAVID B. REECE