**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., | § | Civil Action No. 3:09-CV-0721-N |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

_____

**RECEIVER'S NOTICE OF FINAL APPROVAL OF SETTLEMENT AGREEMENT
AND CROSS-BORDER PROTOCOL**
_____

The Receiver hereby notifies the Court of the Order of the Central Criminal Court (London) in the United Kingdom approving the Settlement Agreement and Cross-Border Protocol (the "Settlement Agreement") by and among the Receiver, Antiguan Joint Liquidators, Examiner, Official Stanford Investors Committee, Securities and Exchange Commission, and Department of Justice.  The UK Order, a copy of which is attached as Exhibit A, was entered on May 2, 2013.

The Receiver further notifies the Court that, as a result of entry of the UK Order, the Settlement Agreement is fully effective as of May 2, 2013.

Dated: May 3, 2013.

Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Kevin M. Sadler*

Kevin M. Sadler
Texas Bar No. 17512450
kevin.sadler@bakerbotts.com
Scott D. Powers
Texas Bar No. 24027746
scott.powers@bakerbotts.com
David T. Arlington
Texas Bar No. 00790238
david.arlington@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
(512) 322.2500 (Telephone)
(512) 322.2501 (Facsimile)

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

**CERTIFICATE OF SERVICE**

On May 3, 2013, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the Court-appointed Examiner, all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Kevin M. Sadler*
Kevin M. Sadler

# EXHIBIT A

POCA No. 9 of 2009

<u>IN THE CENTRAL CRIMINAL COURT</u>

Before the Right Honourable Lady Justice Gloster DBE
Date: 2 May 2013

IN THE MATTER OF THE PROCEEDS OF CRIME ACT 2002
(EXTERNAL REQUESTS AND ORDERS) ORDER.2005

AND IN THE MATTER OF:

(1) ROBERT ALLEN STANFORD
(2) JAMES DAVIS
(3) LAURA PENDERGAST-HOLT



Defendants

BETWEEN:-

STANFORD INTERNATIONAL BANK
(acting by its Joint Liquidators)

<u>Applicant</u>

-and-

THE DIRECTOR OF THE SERIOUS FRAUD OFFICE

<u>Respondent</u>

_____

ORDER

_____

**UPON THE APPLICANT AND RESPONDENT** ("the Parties") coming to terms as part of a general Settlement Agreement (the terms of which are annexed to this Order at Annex 1) between:

(i)     The Department of Justice of the United States of America ("DoJ");

(ii)    The Joint Liquidators of Stanford International Bank Limited (in liquidation) and Stanford Trust Company Limited (in liquidation) ("the Joint Liquidators");

(iii)   The United States Securities and Exchange Commission;

(iv)   The US District Court appointed Receiver for Stanford International Bank Limited and other companies and individuals ("The Receiver");

(v)    John J. Little, in his capacity as Examiner appointed by the US District Court; and

1

(vi)     The Official Stanford Investors Committee

("the Settlement Agreement")

**AND UPON THE APPLICANT AND RESPONDENT** agreeing that this Order shall constitute full and final settlement of all matters arising between them as at the date of this Order in proceedings related to and arising from the Restraint Order made by His Honour Judge Kramer QC sitting at the Central Criminal Court on 7th April 2009 and the Restraint Order made by the Court of Appeal on 25 February 2010,

**AND IN CONSIDERATION OF** each Party entering into the Settlement Agreement,

**AND BY CONSENT**,

**IT IS ORDERED THAT:**

1.   The Restraint Order of the Court of Appeal dated 25 February 2010, as amended Mrs Justice Gloster on 4 August 2011 and 17 October 2011 ("the Restraint Order"), shall be varied so that paragraphs 1-7 of that Order be discharged and replaced as follows:

"1.     Save as provided for in this Order, SIB shall not, until further order, remove from England and Wales the assets listed in Schedule B to this Order.

2.     SIB, by its Joint Liquidators, may convert the assets listed in Schedule B to this Order into cash. Save as provided for in paragraphs 3-5 below, those funds, and any sums held in bank accounts by the Joint Liquidators as of the date of this Order, shall be paid into the bank account in the UK, which shall be designated as the Distribution Account ("the Distribution Account"), the bank, branch, sort code and account number of which shall be notified to the SFO not more than two business days after funds have been deposited.

3.     SIB, by its Joint Liquidators, shall retain the sum of US$18 million from funds held in bank account(s) and/or the proceeds of liquidation of the assets listed in Schedule B as working capital of the liquidation.

4.     SIB, by its Joint Liquidators, shall deposit the sum of US$18 million from funds held in bank account(s) and/or the proceeds of liquidation of the assets listed in Schedule B into a further designated account ("the Funding Reserve Account"), the bank, branch, sort code and account number of which shall be notified to the SFO not more than two business days after funds have been deposited.

5.     SIB, by its Joint Liquidators, shall be permitted to deal with the funds described in paragraphs 3 and 4 above in accordance with the provisions of sections 5.1 and 8.2 of the Settlement Agreement.

2

6.      For any funds that the JLs withdraw from the Funding Reserve Account, the JLs shall provide written notice (which can be by email) to the DoJ and the Receiver prior to or contemporaneous with the withdrawal of such funds.

7.      The funds held in the Distribution Account, and any surplus sums held in the Funding Reserve Account as may become available for distribution in accordance with the provisions of section 8.2 of the Settlement Agreement, shall be dealt with as follows:

(i)     The Joint Liquidators shall distribute the funds in the Distribution Account (and any surplus sums held in the Funding Reserve Account) only to Creditor-victims (as defined in the Settlement Agreement), which Creditor-victims shall rank *pari passu* as between each other, such that each distribution to each Creditor-victim shall be a *pro rata* share of each total distribution, reflecting the proportion which each Creditor-victim's admitted claim bears to the total combined value of all Creditor-victims' admitted claims, except as to those Creditor-victims whose claim is admitted in an amount less than EC$20,000, who shall be paid their claims in full.

(ii)    Before making any distribution in accordance with paragraph 7(i) above the Joint Liquidators shall give 14 business days' notice of their intention to do so to the SFO and the DoJ, and the Receiver, and shall make such distribution only in the circumstances set out in paragraphs 7(iii) and 7(iv) below.

(iii)   If consent is given by the SFO and the DoJ (and such consent is not to be unreasonably withheld) to make the distribution notified in accordance with paragraph 7(ii) above, or both the SFO and the DoJ fail to respond within 14 business days of their respective receipt of the Joint Liquidators' notice given in accordance with paragraph 7(ii) above, the Joint Liquidators shall make the proposed distribution direct to Creditor-victims forthwith.

(iv)    If consent is withheld by the SFO and/or the DoJ, the Joint Liquidators may make an application to the Court for directions, but:

(a) Such application shall be made on notice to the SFO, the DoJ and the Receiver, giving not less than three clear working days' notice;

and

(b) If on such an application the Court directs that a distribution be made, the Joint Liquidators shall make a distribution in accordance with the directions of the Court.

(v)     The parties have liberty to apply in relation to any aspect of this Order. For the avoidance of doubt this Court shall have exclusive jurisdiction to determine, as between the Joint Liquidators, the SFO, the DoJ and the

3

Receiver, any and all issues related to or arising from the distribution of funds from the Distribution Account (subject to rights of appeal as set out in the Proceeds of Crime Act 2002 (External Requests and Orders) Order 2005 and the Proceeds of Crime Act 2002 (External Requests and Orders) 2005 (England and Wales)(Appeals under Part 2) Order 2012)."

2. Schedule B of the Restraint Order shall be replaced with Schedule B annexed to this order at Annex 2.

3. Save as set out in paragraph 1 above, upon the making of this Order the Parties shall be released from all obligations and limitations placed on them by or in relation to the Restraint Order. For the avoidance of doubt the effect of this paragraph is in particular that, upon the making of this Order, the Joint Liquidators shall be released from any and all obligations to repay sums drawn, and any interest accrued, under the Order of the Court of Appeal dated 18 August 2009 and 25 February 2010 (as varied from time to time) and the Orders of this Court dated 4 August 2011 and 17 October 2011.

4. Each Party shall bear its own costs of and occasioned by these proceedings in this Court, the Court of Appeal (Criminal Division) and the Supreme Court up to the date of this Order. For the avoidance of doubt, all Orders that costs be paid by either Party to the other are set aside, to the extent that the same have not already been satisfied.

5. This Order shall stand as the Order of the Court on the Application of the Joint Liquidators dated 11 January 2012 ("the Discharge Application"). However, this Order shall not constitute a final determination between the Parties of the issues arising in the Discharge Application.

6. There be no order as to the costs of and occasioned by the Discharge Application.

4

**ANNEX 1**

[Settlement Agreement to be inserted]

**ANNEX 2**

SCHEDULE B

SCHEDULE OF KNOWN ASSETS

<u>Accounts</u>

Credit Suisse, Account Nos. ███████, and ███████

HSBC, Account No. ███████

Marex, Account No. ███████

<u>Securities</u>

GLG Emrg Mkts Spec Shs A, ███████

GLG Market Neutral Side Pocket – Usd Class, ███████

Cheyne Spec SIT Realsing Fund CL K (USD), ███████

Argo Special Situation Fund (SSF), ███████

Eddington Triple A Side Pocket S2 – USD, ███████

Cane Global Macro Class A Series 1107, ███████

Mountain Super ANG CHF0.10 (BR), ███████

Cleantech Inv AG CHF1.00 (BR), ███████

Bluehill ID AG CHF1.00, ███████

6