IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § | |
| Defendant. | § § | |

## AGREED PROTECTIVE ORDER

To protect the personal financial information of Ronald Stein ("Stein"), Receiver Ralph S. Janvey and his legal counsel (collectively referred to herein as the "Receiver") are ordered to abide by the terms of this Protective Order ("Order") in the above-captioned case and any ancillary proceeding that may arise thereto (the "Litigation"). It is agreed by the Receiver and Stein as follows:

1) **Scope.** For the purposes of this Order, "Confidential Information" means information of any type, kind, or character designated as such pursuant to paragraph 2 of this Order by Stein. Confidential Information may be contained in documents produced, testimony provided in depositions, exhibits, written discovery materials, or otherwise. Stein shall designate as "Confidential" only those materials that contain confidential, sensitive, and/or personal information. Counsel who endorses this Order does so on behalf of the person represented, counsel's law firm and/or entity as a whole, including the entity or firm's other attorneys, legal assistants, and non-legal employees.

2) **Designation of Confidential Information.** Documents produced by Stein may be designated as Confidential Information and may include, but shall not be limited to, any

"personal identifying information and "sensitive personal information" as those terms are defined by Section 521.002 (a)(1) and (a)(2) of the Texas Finance Code.  Documents produced by Stein may be designated as "Confidential Information" by:  (1) notifying the Receiver in writing specifically identifying the material to be designated as Confidential; or (2) by clearly marking the bottom of each page of each such document as follows:

**CONFIDENTIAL**

Rather than mark the original document, the designating party may mark the copy that is exchanged.

3) The fact that any matter has been designated by Stein as "Confidential" shall not create any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation thereof.  Stein shall make a good faith determination that any matter designated as "Confidential" warrants protection hereunder. Designation of a matter as "Confidential" must be narrowly tailored to include only matter for which there is good cause.

4) Nothing shall be regarded as "Confidential Information" if it is information that is in the public domain at the time of disclosure, as evidenced by a written document.

5) The Receiver shall not be obligated to challenge the propriety of a designation as Confidential at the time such designation is made or received, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event that the Receiver disagrees at any time with a Confidential designation, the Parties shall first try to resolve such dispute in good faith on an informal basis, including production of redacted copies. If the dispute cannot be resolved, then the Receiver may file a motion with the Court challenging the designation. If any such motion is filed with the Court, then Stein bears the burden of proving that the information in

dispute is properly designated as Confidential. Until such time as the Court determines whether the information in dispute is properly designated as Confidential, the Receiver shall treat the information in dispute as Confidential and in accordance with the provisions of this Order.

6) **Inadvertent Production.** The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, sensitive or personal information without being designated as Confidential at the time of production or disclosure shall not be a waiver of Stein's claim of confidentiality or right to designate the materials as Confidential Information, either as to the specific material discussed or as to related information, provided that the Receiver is notified within thirty (30) days of discovery of such inadvertent production and properly marked documents are supplied by Stein as provided herein.

7) **Depositions.** Information disclosed at a deposition of Stein may be designated as Confidential Information by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions of this Order. Stein also may designate information disclosed at deposition as Confidential Information by notifying the opposing counsel of record, in writing, as to the specific pages and lines of the deposition transcript which contain Confidential Information within thirty days of receipt of the transcript of the deposition.

8) **Restrictions on Use and Access of Confidential Information.** All Confidential Information produced or provided in the course of this Litigation shall be used solely for purposes within the Receiver's authority under the Receivership Order entered in this Litigation and for no other purposes whatsoever, and shall not be disclosed except in accordance with the terms of this Order, or by a valid court order. Confidential Information shall not be disclosed or made available to any person(s) other than those persons specified herein:

Qualified Persons who may have access to Confidential Information shall include only the following persons:

i. the Receiver Ralph S. Janvey;

ii. counsel of record for the Receiver and the partners, associates, or employees, to whom such information is shown for purposes of this Litigation or for other purposes within the Receiver's authority under the Receivership Order;

iii. counsel of record for Stein;

iv. third parties retained by the Receiver's counsel of record for purposes within the Receiver's authority under the Receivership Order, including experts, consultants, and professional vendors (such as copying personnel and hosting services), the Examiner appointed by the Court in the Litigation, the members of the Official Stanford Investors Committee, each of whom, prior to receiving any Confidential Information, shall have been provided with a copy of this Order;

v. lead trial counsel for the SEC in the Litigation, the Court presiding over the Litigation, and any court personnel, court reporters;

vi. deposition and trial witnesses during their testimony in the Litigation;

vii. deposition and trial witnesses while preparing for their testimony in the Litigation; and

viii. any other person who is designated a Qualified Person by Order of this Court.

9) **<u>Separate Endorsement by Certain Qualified Persons.</u>**  Counsel of record for the Receiver shall require any and all Qualified Person(s) described in Paragraph 5(iv) above who are given any access whatsoever to Stein's Confidential Information to read and endorse Exhibit "A" to the Order prior to providing Stein's Confidential Information to the Qualified Person(s). Counsel of record for the Receiver shall retain a set of each and every endorsement by Qualified Person(s) of the Order to be provided to counsel of record for Stein on demand, but in any event, no later than at the termination of this Litigation.

10) **<u>Copies and Summaries.</u>** If the Receiver makes copies, abstracts, extracts, analyses, summaries, or creates other materials which contain, reflect or disclose the

Confidential Information of Stein, each such copy, abstract, extract, analysis, summary, and/or other material which contains, reflects, or discloses Confidential Information shall be handled in accordance with the provisions of this Order.  All copies of materials stamped or designated "Confidential Information" in accordance with paragraph 2 of this Order shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process.

11)  This Order does not prevent the Receiver from filing Confidential Information with the Court.  If the Receiver files information with the Court, he shall first seek leave to file such materials under seal in accordance with the procedures specified by the local rules of the United States District Court for the Northern District of Texas, Dallas Division.  If leave to file under seal is denied by the Court, the Receiver shall nonetheless be entitled to file such materials with the Court but only after appropriate redactions in accordance with the local rules of the United States District Court for the Northern District of Texas, Dallas Division.

12)  **Disclosure by Order.**  Disclosure beyond the terms of this Order is permitted if Stein consents to disclosure in writing or if the Court orders further disclosure of the Confidential Information.

13)  **No Waiver of Rights.**  This Order shall not be deemed a waiver of:  (i) any right to object to any discovery requests on any ground; (ii) any right at any proceeding in the Litigation to object to the admission of evidence on any ground; (iii) any right of Stein to use his own documents with complete discretion; and/or (iv) any right of Stein to challenge who may be designated as a Qualified Person.

14) **Maintenance of Confidential Information.** Except as otherwise provided herein, at all times, the Confidential Information produced in this Litigation, and any copies thereof, will remain in possession, custody or control of the Receiver.

15) **Disposition of Confidential Information After the Litigation.** Within sixty (60) days after the entry of a final judgment in this Litigation, from which no appeal has been or can be taken, or at a time agreed to by Stein and the Receiver, all documents and all copies of documents marked or otherwise designated "Confidential" which were produced by Stein and which are in the possession, custody, or control of the Receiver shall be returned to Stein or destroyed, except as this Court otherwise may order.

16) **Request for Disclosure of Confidential Information in Another Proceeding.** If Receiver is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand, or other process or otherwise in connection with any investigation or the Litigation) to disclose any Confidential Information produced by Stein, pursuant to this Order, notice of any such request or requirement shall be provided to Stein within 14 days of the Receiver's receipt of any such request or knowledge of any such requirement, unless otherwise provided by law.

17) **Remedies.** The Court has exclusive jurisdiction over the subject matter of this Order, and any alleged violation of or other dispute concerning this Order may be submitted only to the Court for determination and appropriate action, including contempt proceedings. This Order shall bind the parties as of the date of execution hereof, and shall additionally constitute an Order of the Court, if and when it is adopted as such.

18) **Duration.**  This Order shall survive the termination of the Litigation, except that the parties may seek written permission from one another to dissolve or modify the Order, and either party may seek an order of the Court to dissolve or modify the Order.

18) **Limitation.**  This Agreement applies only to the documents produced by Stein to the Receiver pursuant to the Subpoena.  Except as the Receiver and Stein may otherwise agree in writing, this Agreement does not apply to any other documents requested by or produced to the Receiver, whether in the Litigation or any other lawsuit in which the Receivers or Stein are or may become involved.

Signed October 24, 2014.

_____
David C. Godbey
United States District Judge

AGREED:

*/s/Kevin Sadler*
Kevin Sadler,
Counsel for Receiver Ralph S. Janvey


*/s/Charlene C. Koonce*
Charlene C. Koonce,
Counsel for Ronald Stein

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § | |
| Defendant. | § | |

# **EXHIBIT A**

I, _____, have read and reviewed the Agreed Protective Order entered in the above-captioned case and hereby agree to be bound by any and all terms and conditions thereof.

I declare under the penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct.

This declaration was executed on this ___ day of _____, 2014.

_____
Name

_____
Printed Name