## AMENDED STIPULATION AND SETTLEMENT AGREEMENT

This Amended Stipulation and Settlement Agreement (the "**Agreement**") is entered into as of March 5, 2015, by and between Adams and Reese LLP ("**A&R**"), Robert C. Schmidt ("**Schmidt**"), James R. Austin ("**Austin**" and, together with A&R and Schmidt, the "**A&R Parties**"), Breazeale, Sachse & Wilson, LLP ("**BSW**"), Cordell Haymon ("**Haymon**"), Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer ("**Frazer**"), Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate (the "**Receiver**"), The Official Stanford Investors Committee (the "**OSIC**"), and Philip A. Wilkinson ("**Wilkinson**") and Horacio Mendez ("**Mendez**"), individually and through their counsel (the "**Named Plaintiffs**" and, together with the A&R Parties, BSW, Haymon, Frazer, the Receiver and OSIC, the "**Parties**"). This Agreement amends and supersedes the Stipulation and Settlement Agreement entered into as of March 5, 2015, by and between the A&R Parties, Haymon, Frazer, the Receiver, OSIC, and Named Plaintiffs.

WHEREAS:

A.   On February 17, 2011, OSIC and Named Plaintiffs, individually and on behalf of a class of all others similarly situated, commenced an action against the A&R Parties, BSW, Haymon, Thomas L. Frazer, and others, captioned *The Official Stanford Investors Committee, et al. v. Breazeale, Sachse & Wilson, LLP, et al.*, No. 3:11-cv-00329-N (N.D. Tex.) (the "**2011 Action**");

B.   On February 16, 2012, the Receiver and OSIC commenced an action against the A&R Parties, BSW, Haymon, Thomas L. Frazer, and others, captioned *Janvey, et ano. v. Adams & Reese, LLP et al.*, No. 3:12-cv-00495-N-BG (N.D. Tex.) (the "**2012 Action**");

C.   Thomas L. Frazer died on July 4, 2012. By order entered October 3, 2014, the court in the 2012 Action allowed Frazer to be substituted as a defendant;

D.   On September 3, 2014, the A&R Parties, BSW and Haymon, through their counsel, participated in a mediation (the "**Mediation**") with the Receiver, OSIC, the Named Plaintiffs, through their counsel, and other parties to the 2011 Action and the 2012 Action, conducted by Mediator Christopher Nolland, Esq. (the "**Mediator**");

E.   The Receiver, OSIC, the Named Plaintiffs and the A&R Parties, through the Mediator, reached an agreement in principle at the Mediation to settle all claims asserted against the A&R Parties arising out of or relating to the 2011 Action and the 2012 Action;

F.   The Receiver, OSIC, the Named Plaintiffs, Haymon, Frazer and BSW subsequently reached agreements in principle to settle all claims asserted against Haymon, Frazer and BSW arising out of or relating to the 2011 Action and the 2012 Action; and

G.   Solely to avoid the expense and uncertainty of continued litigation, and without admission of liability or fault by any Party, and without conceding the strength or weakness of any claims, defenses, or appeals, the Parties desire to compromise and settle all disputes arising out of or relating to the 2011 Action and the 2012 Action;



**EXHIBIT**

_____1_____

APP 0001

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth in this Agreement, the sufficiency and adequacy of which the Parties acknowledge, the Parties agree as follows:

1.    **Definitions.**   In addition to terms otherwise defined in this Agreement, the following terms used in this Agreement have the following meanings:

A.    **"Claims"** includes any and all claims, actions, causes of action, allegations, controversies, suits, rights, obligations, debts, demands, agreements, promises, liabilities, damages of any kind, including but not limited to compensatory, punitive or exemplary damages, claims for interest, costs or attorneys' fees, claims for contribution or indemnity, judgments, losses, charges, and complaints whatsoever, of every kind, nature and description, under any law of any jurisdiction, whether at law, in equity or otherwise, whether based on statute, regulations, vicarious liability, common law, civil law or any other type, form or right of action, and whether foreseen or unforeseen, actual or potential, matured or unmatured, contingent or liquidated, known or unknown, or accrued or not accrued, of every kind and nature, which have arisen, or may have arisen, or shall arise, from the beginning of the world to the end of time.

B.    **"Claimants"** is defined in the Order entered in the Receivership Action on May 30, 2013 (ECF No. 1877).

C.    **"Class Counsel"** means Castillo Snyder, P.C. and Butzel Long PC.

D.    **"District Court"** means the United States District Court for the Northern District of Texas, Dallas Division.

E.    **"Effective Time"** means the first time that all of the payments set forth in Paragraphs 2, 3, 4, and 5 of this Agreement are received by the parties designated to receive such payments.

F.    **"Official Stanford Websites"** means (i) the Stanford Financial Group Receivership website (http://www.stanfordfinancialreceivership.com), (ii) the website of the Receiver's claims agent (http://www.stanfordfinancialclaims.com), and (iii) the Stanford Examiner's website (http://www.lpf-law.com/examiner-stanford-financial-group).

G.    **"Payment Due Date"** means thirty days following the date the Receiver Bar Order becomes final and is no longer subject to appeal, or is affirmed on appeal and is no longer subject to further appeal.

H.    **"Receiver Bar Order"** means an order approving the settlement and entering a final bar order and injunction substantially in the form set forth in **Exhibit A**.

I.    **"Receivership Action"** means the action captioned *SEC v. Stanford Int'l Bank, Ltd., et al.*, No. 3:09-cv-0298-N (N.D. Tex.).

2

J.     "**Receivership Estate**" is defined in the Second Amended Order Appointing Receiver entered in the Receivership Action on July 19, 2010 (ECF No. 1130).

K.     "**Stanford Investors**" is defined in the Order entered in the Receivership Action on August 10, 2010 (ECF No. 1149).

2.     **A&R Settlement Amount.**  On or before the Payment Due Date, A&R will pay, or cause to be paid, the sum of ONE MILLION UNITED STATES DOLLARS ($1,000,000.00): $997,333.00 of which shall be paid to the Receiver, $1,667.00 of which shall be paid to Wilkinson, and $1,000.00 of which shall be paid to Mendez.  Payment shall be made via wire pursuant to wire instructions to be provided to A&R by counsel to the Receiver and Named Plaintiffs, or as otherwise ordered by the District Court or as directed by counsel to the Receiver or Named Plaintiffs , as applicable, in writing on or before the Payment Due Date.

3.     **Haymon Settlement Amount.**  On or before the Payment Due Date, Haymon will pay, or cause to be paid, the sum of TWO MILLION UNITED STATES DOLLARS ($2,000,000.00), $1,997,333.00 of which shall be paid to the Receiver, $1,667.00 of which shall be paid to Wilkinson, and $1,000.00 of which shall be paid to Mendez.  Payment shall be made via wire pursuant to wire instructions to be provided to Haymon by counsel to the Receiver and Named Plaintiffs, or as otherwise ordered by the District Court or as directed by counsel to the Receiver, or Named Plaintiffs, as applicable, in writing on or before the Payment Due Date.

4.     **Frazer Settlement Amount.**  On or before the Payment Due Date, Frazer will pay, or cause to be paid, the sum of ONE HUNDRED SEVENTY-FIVE THOUSAND UNITED STATES DOLLARS ($175,000.00), $172,334 of which shall be paid to the Receiver, $1,666.00 of which shall be paid to Wilkinson, and $1,000.00 of which shall be paid to Mendez.  Payment shall be made via wire pursuant to wire instructions to be provided to Frazer by counsel to the Receiver and Named Plaintiffs, or as otherwise ordered by the District Court or as directed by counsel to the Receiver or Named Plaintiffs, as applicable, in writing on or before the Payment Due Date.

5.     **BSW Settlement Amount.**  On or before the Payment Due Date, BSW will pay, or cause to be paid, the sum of ONE MILLION FIVE HUNDRED THIRTY THOUSAND UNITED STATES DOLLARS ($1,530,000.00), $1,527,333.00 of which shall be paid to the Receiver, $1,667.00 of which shall be paid to Wilkinson, and $1,000.00 of which shall be paid to Mendez.  Payment shall be made via check pursuant to applicable payee information, including completed and executed W-9s for all payees, to be provided to BSW by counsel to the Receiver and Named Plaintiffs, or as otherwise ordered by the District Court or as directed by counsel to the Receiver or Named Plaintiffs, as applicable, in writing, at least 30 days before the Payment Due Date.  As part of this Agreement, upon request of the Receiver, pursuant to the terms of that certain Escrow Agreement between Stanford Group Company and SBL Capital Corporation, dated March 27, 2008, which designates BSW as Escrow Agent ("Escrow Agreement"), BSW shall return to the Receiver, or his authorized and designated representative, $198,165.49, which is currently being held in escrow by BSW pursuant to the terms of the Escrow Agreement.  The $198,165.49 is in addition to the $1,527,333.00 that is due to the Receiver on or before the Payment Due Date.

APP 0003

6.    **Approval Motion, Scheduling Order and Bar Order.**  No later than 30 days following execution of this Agreement, the Receiver, OSIC and Named Plaintiffs (the "Movants") will file a motion to approve this settlement and for entry of the Receiver Bar Order in the Receivership Action, in which the Movants shall request that the District Court approve the Notice form and procedure set forth in Paragraph 8 below, enter a Scheduling Order in the form attached as **Exhibit B** setting a final hearing date for the Approval Motion and deadlines for objections and responses to those objections, approve this settlement, and enter the Receiver Bar Order (the "**Approval Motion**").  The Receiver may, at his election, request entry of the Receiver Bar Order standing alone, or in conjunction with any similar bar order arising from any other settlement.

7.    **Stipulation and Proposed Order.**  On or before the date Movants file the Approval Motion, Movants shall file a Stipulation and Proposed Order in the 2011 Action and the 2012 Action in the form attached as **Exhibit C.**

8.    **Notice.**  Upon entry of the Scheduling Order approving the Notice form and procedure, and in accordance with the Scheduling Order's terms, Movants shall (a) send a Notice in the form attached as **Exhibit D** to all Claimants personally by electronic mail, if known, or otherwise by First Class United States or international mail; and (b) post a Notice in the form attached as **Exhibit D** on the Official Stanford Websites.  The cost of mailing the Notice to Claimants for whom the Receiver does not have email addresses shall be borne equally by the Parties (1/4 by the A&R Parties, 1/4 by Haymon, 1/4 by Frazer and 1/4 by BSW).

9.    **Mutual Releases and Covenants Not To Sue.**

A.    Plaintiff Release of A&R.    Effective at the Effective Time, (i) the Receiver, on behalf of the Receivership Estate, (ii) the Named Plaintiffs, and (iii) the OSIC, on its own behalf and on behalf of all others on whose behalf it has been empowered to act by applicable law or court order, and, to the fullest extent permitted by law, each on behalf of their current and former officers, directors, principals, shareholders, partners, constituents, members, associates, employees, agents, indemnitors, insurers, attorneys and legal representatives, and each of their predecessors, successors, assigns, and all persons and entities claiming by or through them or on their behalf, whether by statute, rule, contract or otherwise (the "**Plaintiff Releasors**"), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge the A&R Parties and their partners, members, shareholders, employees, agents, attorneys, heirs, executors, administrators, officers, directors, principals, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns (the "**A&R Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**Plaintiff Released Claims**").  "A&R Releasees" does not include any person (other than the A&R Parties) who, as of February 1, 2015, is a party to a lawsuit, other than the 2011 Action or the 2012 Action, in which the Receiver or OSIC is also a party.  "A&R Releasees" also does not include any person (other than the A&R Parties) who, as of February 1, 2015, is a party to a tolling agreement with the Receiver or OSIC.  The Plaintiff Releasors covenant not to sue and agree that the Plaintiff Releasors shall not at any point in time seek to establish

4

liability against any of the A&R Releasees based, in whole or in part, upon any of the Plaintiff Released Claims or to assist others in doing so.

The Plaintiff Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiff Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Plaintiff Released Claims, but the Plaintiff Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Plaintiff Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

B.    <u>A&R Release of Plaintiff</u>.  Effective at the Effective Time, the A&R Parties, and, to the fullest extent permitted by law, each on behalf of their current and former officers, directors, principals, shareholders, partners, constituents, members, associates, employees, agents, indemnitors, insurers, attorneys and legal representatives, and each of their predecessors, successors, assigns, and all persons and entities claiming by or through them or on their behalf, whether by statute, rule, contract or otherwise (the "**A&R Releasors**," which excludes parties who are not "A&R Releasees" in paragraph 9(A)), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge the Receiver, the Named Plaintiffs and the OSIC and their partners, members, shareholders, employees, agents, attorneys, heirs, executors, administrators, officers, directors, principals, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns, to the extent those parties are Plaintiff Releasors set forth in paragraph 9(A) (the "**Plaintiff Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**A&R Released Claims**").  The A&R Releasors covenant not to sue and agree that the A&R Releasors shall not at any point in time seek to establish liability against any of the Plaintiff Releasees based, in whole or in part, upon any of the A&R Released Claims or to assist others in doing so.

The A&R Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory

APP 0005

of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The A&R Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the A&R Released Claims, but the A&R Releasors shall expressly have fully, finally and forever settled, released and discharged any and all A&R Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

C.   <u>Plaintiff Release of Haymon.</u>  Effective at the Effective Time, (i) the Receiver, on behalf of the Receivership Estate, (ii) the Named Plaintiffs, and (iii) the OSIC, on its own behalf and on behalf of all others on whose behalf it has been empowered to act by applicable law or court order, and, to the fullest extent permitted by law, each on behalf of their current and former officers, directors, principals, shareholders, partners, constituents, members, associates, employees, agents, indemnitors, insurers, attorneys and legal representatives, and each of their predecessors, successors, assigns, and all persons and entities claiming by or through them or on their behalf, whether by statute, rule, contract or otherwise (the "**Plaintiff Releasors**"), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge Haymon and his employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns (the "**Haymon Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**Plaintiff Released Claims**"). "Haymon Releasees" does not include any person (other than Haymon) who, as of February 1, 2015, is a party to a lawsuit, other than the 2011 Action or the 2012 Action, in which the Receiver or OSIC is also a party. "Haymon Releasees" also does not include any person (other than Haymon) who, as of February 1, 2015, is a party to a tolling agreement with the Receiver or OSIC. The Plaintiff Releasors covenant not to sue and agree that the Plaintiff Releasors shall not at any point in time seek to establish liability against any of the Haymon Releasees based, in whole or in part, upon any of the Plaintiff Released Claims or to assist others in doing so.

The Plaintiff Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law,

6

which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiff Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Plaintiff Released Claims, but the Plaintiff Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Plaintiff Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

D.    Haymon Release of Plaintiff. Effective at the Effective Time, Haymon, individually and, to the fullest extent permitted by law,  on behalf of his current and former employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns and all persons and entities claiming by or through him or on his behalf, whether by statute, rule, contract or otherwise (the "**Haymon Releasors**," which excludes parties who are not "Haymon Releasees" in paragraph 9(C)), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge the Receiver, the Named Plaintiffs and the OSIC and their partners, members, shareholders, employees, agents, attorneys, heirs, executors, administrators, officers, directors, principals, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns, to the extent those parties are Plaintiff Releasors set forth in paragraph 9(C) (the "**Plaintiff Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**Haymon Released Claims**"). The Haymon Releasors covenant not to sue and agree that the Haymon Releasors shall not at any point in time seek to establish liability against any of the Plaintiff Releasees based, in whole or in part, upon any of the Haymon Released Claims or to assist others in doing so.

The Haymon Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time**

**of executing the release, which if known by him or her must
have materially affected his or her settlement with the debtor.**

The Haymon Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Haymon Released Claims, but the Haymon Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Haymon Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

E.    Plaintiff Release of Frazer.    Effective at the Effective Time, (i) the Receiver, on behalf of the Receivership Estate, (ii) the Named Plaintiffs, and (iii) the OSIC, on its own behalf and on behalf of all others on whose behalf it has been empowered to act by applicable law or court order, and, to the fullest extent permitted by law, each on behalf of their current and former officers, directors, principals, shareholders, partners, constituents, members, associates, employees, agents, indemnitors, insurers, attorneys and legal representatives, and each of their predecessors, successors, assigns, and all persons and entities claiming by or through them or on their behalf, whether by statute, rule, contract or otherwise (the "**Plaintiff Releasors**"), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge Frazer and her employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns (the "**Frazer Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**Plaintiff Released Claims**"). "Frazer Releasees" does not include any person (other than Frazer) who, as of February 1, 2015, is a party to a lawsuit, other than the 2011 Action or the 2012 Action, in which the Receiver or OSIC is also a party. "Frazer Releasees" also does not include any person (other than Frazer) who, as of February 1, 2015, is a party to a tolling agreement with the Receiver or OSIC.  The Plaintiff Releasors covenant not to sue and agree that the Plaintiff Releasors shall not at any point in time seek to establish liability against any of the Frazer Releasees based, in whole or in part, upon any of the Plaintiff Released Claims or to assist others in doing so.

The Plaintiff Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

**A general release does not extend to claims which the creditor
does not know or suspect to exist in his or her favor at the time**

> **of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.**

The Plaintiff Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Plaintiff Released Claims, but the Plaintiff Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Plaintiff Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or .equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

F. <u>Frazer Release of Plaintiff.</u> Effective at the Effective Time, Frazer, individually and, to the fullest extent permitted by law, on behalf of her current and former employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns and all persons and entities claiming by or through him or on his behalf, whether by statute, rule, contract or otherwise (the "**Frazer Releasors,**" which excludes parties who are not "Frazer Releasees" in paragraph 9(E)), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge the Receiver, the Named Plaintiffs and the OSIC and their partners, members, shareholders, employees, agents, attorneys, heirs, executors, administrators, officers, directors, principals, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns, to the extent those parties are Plaintiff Releasors set forth in paragraph 9(E) (the "**Plaintiff Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**Frazer Released Claims**"). The Frazer Releasors covenant not to sue and agree that the Frazer Releasors shall not at any point in time seek to establish liability against any of the Plaintiff Releasees based, in whole or in part, upon any of the Frazer Released Claims or to assist others in doing so.

The Frazer Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.**

The Frazer Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the

APP 0009

Frazer Released Claims, but the Frazer Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Frazer Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

G.   Plaintiff Full Release of BSW and Limited Release of Claude Reynaud. Effective at the Effective Time, (i) the Receiver, on behalf of the Receivership Estate, (ii) the Named Plaintiffs, and (iii) the OSIC, on its own behalf and on behalf of all others on whose behalf it has been empowered to act by applicable law or court order, and, to the fullest extent permitted by law, each on behalf of their current and former officers, directors, principals, shareholders, partners, constituents, members, associates, employees, agents, indemnitors, insurers, attorneys and legal representatives, and each of their predecessors, successors, assigns, and all persons and entities claiming by or through them or on their behalf, whether by statute, rule, contract or otherwise (the "**Plaintiff Releasors**"), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge BSW and its former and current partners, employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns, **except for Defendant Claude Reynaud** (the "**BSW Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action, the 2012 Action, as well as any Claims against BSW arising out of or related in any way to BSW acting as Escrow Agent pursuant to the terms of the Escrow Agreement (the "**Plaintiff Released Claims**"). "BSW Releasees" does not include any person who, as of February 1, 2015, is a party to a lawsuit, other than the 2011 Action or the 2012 Action, in which the Receiver or OSIC is also a party. "BSW Releasees" also does not include any person who, as of February 1, 2015, is a party to a tolling agreement with the Receiver or OSIC. The Plaintiff Releasors covenant not to sue and agree that the Plaintiff Releasors shall not at any point in time seek to establish liability against any of the BSW Releasees based, in whole or in part, upon any of the Plaintiff Released Claims or to assist others in doing so.

**As to Defendant Claude Reynaud, Plaintiffs release and will dismiss with prejudice all Plaintiffs' claims against Claude Reynaud that are based upon, arise out of, are attributable to, or result from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Claude Reynaud's capacity as a lawyer. Plaintiffs do not release and will not dismiss any claims against Claude Reynaud that are based upon, arise out of, are attributable to, or result from Claude Reynaud's activities as an officer or director of the Stanford Trust Company.**

APP 0010

The Plaintiff Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiff Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Plaintiff Released Claims, but the Plaintiff Releasors shall expressly have fully, finally and forever settled, released and discharged any and all Plaintiff Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

H.    <u>BSW Release of Plaintiff</u>. Effective at the Effective Time, BSW, to the fullest extent permitted by law, on behalf of its current and former partners, employees, employers, agents, attorneys, heirs, executors, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns and all persons and entities claiming by or through it or on its behalf, whether by statute, rule, contract or otherwise, **except for Defendant Claude Reynaud** (the "**BSW Releasors,**" which excludes parties who are not "BSW Releasees" in paragraph 9(G)), forever fully, finally and forever release, settle, remise, acquit, relinquish, and discharge the Receiver, the Named Plaintiffs and the OSIC and their partners, members, shareholders, employees, agents, attorneys, heirs, executors, administrators, officers, directors, principals, associates, staff, indemnitors, insurers, legal representatives and each of their predecessors, successors and assigns, to the extent those parties are Plaintiff Releasors set forth in paragraph 9(G) (the "**Plaintiff Releasees**"), for and from any and all Claims asserted in, arising out of or relating in any way to the 2011 Action and the 2012 Action (the "**BSW Released Claims**"). The BSW Releasors covenant not to sue and agree that the BSW Releasors shall not at any point in time seek to establish liability against any of the Plaintiff Releasees based, in whole or in part, upon any of the BSW Released Claims or to assist others in doing so, except that BSW and its current or former partners and employees, may assist Claude Reynaud in defending the 2011 Action and/or the 2012 Action.

The BSW Releasors expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is

**APP 0011**

similar, comparable or equivalent to Section 1542 of the California Civil Code, to the extent applicable, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The BSW Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the BSW Released Claims, but the BSW Releasors shall expressly have fully, finally and forever settled, released and discharged any and all BSW Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

This release and covenant not to sue shall not apply to or waive or release any claim for breach or enforcement of the terms of this Agreement.

I. <u>Limitation of Release and Covenant Not to Sue</u>. Notwithstanding any other provision of this Agreement, nothing in this Paragraph in particular or this Agreement as a whole shall provide for the release of any claims the Parties may now or in the future bring against any underwriters of Lloyd's of London (the "**Underwriters**"), whether relating to the claims asserted in the 2011 Action, the 2012 Action or other claims that may be asserted against Underwriters, including but not limited to those asserted against the Underwriters in *Claude F. Reynaud, Jr. and Cordell Haymon v. Certain Underwriters of Lloyd's of London*, Cause No. 3:14-cv-03731-N-BG (N.D. Tex.), and those asserted by the Receiver against the Underwriters in *Certain Underwriters at Lloyd's of London, et al., v. Ralph S. Janvey*, Civil Action No. 3:09-CV-1736-N-B. Additionally, notwithstanding any provision of this Agreement, nothing in this Paragraph in particular or this Agreement as a whole shall be interpreted as a covenant not to sue Underwriters or as a covenant to discontinue any currently pending litigation against Underwriters, including but not limited to *Claude F. Reynaud, Jr. and Cordell Haymon v. Certain Underwriters of Lloyd's of London*, Cause No. 3:14-cv-03731-N-BG (N.D. Tex.), and *Certain Underwriters at Lloyd's of London, et al., v. Ralph S. Janvey*, Civil Action No. 3:09-CV-1736-N-B.

10. **Stipulations of Dismissal.** Within five business days of the Effective Time, Class Counsel shall execute and file a Stipulation and Proposed Order under FED. R. CIV. P. 41(a)(2) for each of the 2011 Action and the 2012 Action in the forms attached as **Exhibits E and F.**

11. **Termination.** This Agreement may be terminated by any of the Parties in the event that the District Court declines to enter the Receiver Bar Order, or enters the Bar Order and it is reversed or modified on appeal. The litigation between A&R, BSW, Haymon, and Frazer, on the one hand, and the Receiver, the OSIC, and the Named Plaintiffs, on the other hand, shall be stayed pending any appeal of the settlement or Bar Order. In the event the Agreement is

terminated, the Parties shall be returned to their respective positions immediately prior to the execution of this Agreement, and the litigation shall continue between the Parties unless otherwise settled.

12. **No Admission of Liability.** This Agreement is not intended to, does not, and shall not be construed to constitute any admission or evidence of any fault or liability whatsoever by any of the A&R Parties, BSW, Haymon, or Frazer with respect to any matter alleged in either the 2011 Action or the 2012 Action or settled by the Agreement. This Agreement shall not be offered or received in evidence as an admission or concession of any liability or wrongdoing by any of the Parties with respect to any matter or thing whatsoever; provided, however, that this Agreement may be referred to, or offered or received in evidence, in any proceeding as may be necessary for the sole and exclusive purpose of consummating, effectuating or enforcing, or obtaining relief for breach of, or pursuant to, this Agreement.

13. **Governing Law.** All questions relating to the validity, construction, interpretation, enforceability and/or performance of any of the terms or provisions of this Agreement or of any of the Parties' rights or obligations under this Agreement shall be governed by the substantive laws of the State of Texas, without giving effect to its conflict of laws principles. The Parties further agree that any suit, action or other proceeding arising out of this Agreement shall be brought in the United States District Court for the Northern District of Texas, Dallas Division. The Parties agree to attempt to resolve any dispute arising out of this Agreement through mediation with the Mediator prior to bringing suit, to the extent reasonably practicable.

14. **Entire Agreement and Understanding.** This Agreement contains the entire understanding between the Parties concerning the subject matter of this Agreement, and supersedes any and all prior agreements or negotiations of the Parties, whether oral or in writing, with respect to the subject matter of this Agreement. Each Party represents and acknowledges that in negotiating and entering into this Agreement they have not relied on, and have not been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by, on behalf of, or concerning any Party, any agent of any Party, or otherwise, except as expressly set forth in this Agreement. The Parties have consulted with their attorneys and advisors, have considered the advantages and disadvantages of entering into this Agreement, and have relied solely on their own judgment and advice of their respective legal counsel in negotiating and entering into this Agreement.

15. **Severability.** If any part of this Agreement is held invalid or otherwise unenforceable, the remainder of the agreement shall remain in effect and with full force to the extent that the agreement, without the invalid or unenforceable provision, continues to represent the intent of the parties in all material respects.

16. **Joint Preparation of Agreement.** This Agreement has been jointly prepared by the Parties, through their Counsel. Each Party agrees that, in interpreting and applying the terms and provisions of this Agreement, no Party shall be deemed the drafter of any provision, and no presumption shall exist or be implied for or against any Party as a result of who drafted any provision.

13

APP 0013

17.    **No Waiver.** Failure by a Party to insist upon strict performance of any term or condition of this Agreement or exercise any right or remedy, shall not constitute a waiver.

18.    **Modifications.** Any date set forth herein may be extended by mutual written agreement of all Parties, through their counsel, by e-mail stipulation. This Agreement may not otherwise be amended, changed, modified, superseded, altered or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the Parties expressly stating that it is intended to amend, change, modify, supersede, alter or cancel this Agreement.

19.    **Headings.** The headings designated in this Agreement are solely for descriptive purposes and do not serve to alter, modify, detract from or add to the substantive terms of this Agreement in any way.

20.    **Counterparts.** This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties hereto. An e-mailed copy of an executed version of this Agreement will be deemed to be the same as an original.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.

STANFORD RECEIVERSHIP ESTATE

By: _____
Ralph S. Janvey, in his capacity as Court-
Appointed Receiver for the Stanford
Receivership Estate

THE OFFICIAL STANFORD INVESTORS
COMMITTEE

By: _____
Name: John J. Little,
        Court-appointed Examiner
Title:  Chairman

_____
Philip A. Wilkinson

_____
Horacio Mendez

14

APP 0014

17.  **No Waiver.**  Failure by a Party to insist upon strict performance of any term or condition of this Agreement or exercise any right or remedy, shall not constitute a waiver.

18.  **Modifications.**  Any date set forth herein may be extended by mutual written agreement of all Parties, through their counsel, by e-mail stipulation.  This Agreement may not otherwise be amended, changed, modified, superseded, altered or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the Parties expressly stating that it is intended to amend, change, modify, supersede, alter or cancel this Agreement.

19.  **Headings.**  The headings designated in this Agreement are solely for descriptive purposes and do not serve to alter, modify, detract from or add to the substantive terms of this Agreement in any way.

20.  **Counterparts.**  This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties hereto.  An e-mailed copy of an executed version of this Agreement will be deemed to be the same as an original.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.

STANFORD RECEIVERSHIP ESTATE

THE OFFICIAL STANFORD INVESTORS COMMITTEE

By: _____
Ralph S. Janvey, in his capacity as Court-
Appointed Receiver for the Stanford
Receivership Estate

By: _____
Name:  John J. Little,
          Court-appointed Examiner
Title:   Chairman

_____
Philip A. Wilkinson

_____
Horacio Mendez

14

17.     **No Waiver.**  Failure by a Party to insist upon strict performance of any term or condition of this Agreement or exercise any right or remedy, shall not constitute a waiver.

18.     **Modifications.**  Any date set forth herein may be extended by mutual written agreement of all Parties, through their counsel, by e-mail stipulation. This Agreement may not otherwise be amended, changed, modified, superseded, altered or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the Parties expressly stating that it is intended to amend, change, modify, supersede, alter or cancel this Agreement.

19.     **Headings.**  The headings designated in this Agreement are solely for descriptive purposes and do not serve to alter, modify, detract from or add to the substantive terms of this Agreement in any way.

20.     **Counterparts.**  This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties hereto. An e-mailed copy of an executed version of this Agreement will be deemed to be the same as an original.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.


STANFORD RECEIVERSHIP ESTATE

THE OFFICIAL STANFORD INVESTORS COMMITTEE


By: _____
    Ralph S. Janvey, in his capacity as Court-
    Appointed Receiver for the Stanford
    Receivership Estate

By: _____
Name: John J. Little,
      Court-appointed Examiner
Title: Chairman


_____
Philip A. Wilkinson


_____
Horacio Mendez

14

17.   **No Waiver.** Failure by a Party to insist upon strict performance of any term or condition of this Agreement or exercise any right or remedy, shall not constitute a waiver.

18.   **Modifications.**   Any date set forth herein may be extended by mutual written agreement of all Parties, through their counsel, by e-mail stipulation.  This Agreement may not otherwise be amended, changed, modified, superseded, altered or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the Parties expressly stating that it is intended to amend, change, modify, supersede, alter or cancel this Agreement.

19.   **Headings.**  The headings designated in this Agreement are solely for descriptive purposes and do not serve to alter, modify, detract from or add to the substantive terms of this Agreement in any way.

20.   **Counterparts.**  This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties hereto.  An e-mailed copy of an executed version of this Agreement will be deemed to be the same as an original.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.

STANFORD RECEIVERSHIP ESTATE                THE OFFICIAL STANFORD INVESTORS COMMITTEE

By: _____

    Ralph S. Janvey, in his capacity as Court-
    Appointed Receiver for the Stanford
    Receivership Estate

_____
Philip A. Wilkinson

By: _____
Name:  John J. Little,
       Court-appointed Examiner
Title:  Chairman

_____
Horacio Mendez

14

17.    **No Waiver.** Failure by a Party to insist upon strict performance of any term or condition of this Agreement or exercise any right or remedy, shall not constitute a waiver.

18.    **Modifications.** Any date set forth herein may be extended by mutual written agreement of all Parties, through their counsel, by e-mail stipulation. This Agreement may not otherwise be amended, changed, modified, superseded, altered or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the Parties expressly stating that it is intended to amend, change, modify, supersede, alter or cancel this Agreement.

19.    **Headings.** The headings designated in this Agreement are solely for descriptive purposes and do not serve to alter, modify, detract from or add to the substantive terms of this Agreement in any way.

20.    **Counterparts.** This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties hereto. An e-mailed copy of an executed version of this Agreement will be deemed to be the same as an original.

    IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.

STANFORD RECEIVERSHIP ESTATE          THE OFFICIAL STANFORD INVESTORS COMMITTEE


By: _____          By: _____
    Ralph S. Janvey, in his capacity as Court-     Name: John J. Little,
    Appointed Receiver for the Stanford            Court-appointed Examiner
    Receivership Estate                      Title:   Chairman



_____
Philip A. Wilkinson



_____
Horacio Mendez

14

APP 0018

ADAMS AND REESE LLP                          BREAZEALE, SACHSE & WILSON, LLP

By: _____              By: _____
Name: MARTIN A. STERN                       Name:
Title: FIRM CLAIMS COUNSEL                   Title:


_____
Robert C. Schmidt


                                          _____
                                          Cordell H. Haymon


_____          _____
James R. Austin                           Lynnette B. Frazer


15

APP 0019

ADAMS AND REESE LLP

By: _____
Name:
Title:

Robert C. Schmidt

James R. Austin

BREAZEALE, SACHSE & WILSON, LLP

By: _____
Name:
Title:

Cordell H. Haymon

Lynnette B. Frazer

15

APP 0020

ADAMS AND REESE LLP

BREAZEALE, SACHSE & WILSON, LLP

By: _____
Name:
Title:

By: _____
Name:  Scott N. Henssgens
Title:  Managing Partner

Robert C. Schmidt _____

_____
Cordell H. Haymon

James R. Austin _____

Lynnette B. Frazer _____

15

APP 0021

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement as of the day and year first above written.

STANFORD RECEIVERSHIP ESTATE

THE OFFICIAL STANFORD INVESTORS COMMITTEE

By: _____
    Ralph S. Janvey, in his capacity as Court-Appointed Receiver for the Stanford Receivership Estate

By: _____
Name:
Title:

_____
Phillip A. Wilkinson

_____
Horacio Mendez

ADAMS AND REESE LLP

By: _____
Name:
Title:

_____
Cordell H. Haymon

_____
Robert C. Schmidt

_____
Lynnette B. Frazer

_____
James R. Austin

12

APP 0022

ADAMS AND REESE LLP                          BREAZEALE, SACHSE & WILSON, LLP

By: _____               By: _____
Name:                                       Name:
Title:                                      Title:


_____
Robert C. Schmidt


                                            _____
                                            Cordell H. Haymon


_____                     _____
James R. Austin                             Lynnette B. Frazer, by Attorney-in-Fact
                                                                  Sharon Frazer


                                            _____
                                            Lynnette B. Frazer, by Attorney-in-Fact
                                                                  Ashley Sides

APP 0023

## DURABLE POWER OF ATTORNEY

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

BE IT KNOWN, that on this 27th day of April, 2015 before the undersigned Notary Public, duly commissioned and qualified in and for the said Parish and State, and in the presence of the subscribing witnesses, personally came and appeared:

Lynnette B. Frazer

WHO ACKNOWLEDGED AND DECLARED THAT:

I, Lynette B. Frazer, do hereby make, constitute, and appoint Shawn L. Frazer and Ashley F. Sides, acting together, my true and lawful attorney-in-fact and hereby delegate to said attorney-in-fact full power and authority for me and in my name, place and stead, to do and perform all things that I could do myself in the transaction of any business of mine, on such terms and in such manner as said attorney in fact may deem appropriate, including, without limitation, power and authority:

1.  To open, maintain and close checking and savings accounts in my name in any banks, savings and loan associations, building and loan associations, credits unions or similar institutions; to receive, endorse and deposit negotiable instruments made or drawn to my order; to issue, receipt or endorse with my name, checks, drafts and orders for the payment of money from or to any account of mine in any such institution, including those payable to said attorney-in-fact; to agree to and sign in my name any authority, signature cards or other documents that my attorney-in-fact or any institution may deem appropriate;

2.  To lease, maintain and close out safe deposit boxes in any banking or other institution and to enter any safe deposit box or place of safekeeping now or hereafter maintained in my name or on my behalf without anyone else being present, and to agree to and sign in my name any authority, signature cards or other documents for such purposes;

3.  To sell, convey, lease, assign, hypothecate, mortgage, pledge, pawn, encumber or exchange any or all of my property, whenever required, including immovable, movable, corporeal, incorporeal or mixed, and any legal or equitable interest therein, and including, but not limited to, all types of stocks and bonds and other similar kinds of securities; to execute, seal and deliver any transfers, writings and instruments to effect such transaction or transactions; and to receive in payment the proceeds of such transaction or transactions without any duty or obligation on the payor to investigate the disposition thereof, and to issue receipts therefor;

4.  To purchase any property for me, including immovable, movable, corporeal, incorporeal or mixed, and any legal or equitable interest therein, including but not limited to, all types of stocks and bonds and other similar kinds of securities and certificates of deposit, and to pay therefor with my funds; to incur any indebtedness on my behalf by means of borrowing, loans, or otherwise, whether secured or unsecured; to pay any indebtedness with my funds; to acknowledge any indebtedness owed by me; to execute on my behalf and sign and seal notes, security interests, mortgages, deeds to secure debt, liens or other instruments evidencing such indebtedness; to receive the writings or documents evidencing such a transaction or transactions; and to secure same by conveyance, mortgage, hypothecation, pledge, pawn or encumbrance of any or all of my property, immovable, movable, corporeal, incorporeal or mixed;

5.  To ask, claim, bill, demand, sue for, collect, recover, and receive all sums of money,

1

debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever, as are now or shall hereafter become due, owing, payable or belonging to me, and have use, and take all lawful ways and means in my name or otherwise, by litigation, attachment, distress or otherwise, for the recovery thereof;

6. To receive, reject or renounce, either in whole or in part, a succession, legacy, or particular or universal bequest;

7. To accept part in satisfaction for the whole of, or to compromise, any debt or sum of money now or hereafter owing or payable to me, for any other claim or demand which I have or may have against any person or persons; to grant extensions of time for the payment or satisfaction thereof, either with or without taking security for the same; to give discharges for such payments, and otherwise to act with respect thereto;

8. To lease any immovable or movable property, to execute leases therefor, and to rescind, cancel and terminate any lease, heretofore or hereafter made, if immovable or movable property;

9. To appear for me and in my behalf before any person having authority by the laws of any state or of the United States;

10. To enter into, make, and execute any bond whatsoever, either as principal or surety, and to sign, seal, acknowledge and deliver the same for me and in my name, either as principal or surety;

11. To appear and vote, or otherwise act as my proxy or representative in respect to such number of shares of any company, corporation, partnership, trust or other such organization as I may be entitled to vote, at any and all meetings of any such organizations, and to sign and execute any proxies or other instruments for others to vote such shares;

12. To make and sign in my name any and all tax or other returns to the state or federal government or other taxing authority, to request extensions in connection with such taxes, to protest in my name any such taxes or the proposed assessment of any such taxes, to file claims for a refund of taxes, to make appearances in court or before any taxing authority, either in person or through an attorney-in-fact to attempt to sustain any tax return or to oppose proposed tax assessments;

13. To enter any personal appearance for me as a plaintiff or as a defendant in any legal action, suit, court, or hearing or to accept, waive or acknowledge any process or service of process from any court, board or agency whatsoever directed to me personally; and to compromise, refer to arbitration or submit to judgment in any such action or proceeding;

14. To consent, refuse, or withdraw consent to, any and all types of medical care, treatment, surgical procedures, diagnostic procedures, medication, and the use of mechanical or other procedures that affect any bodily function, including (but not limited to) artificial respiration, nutritional support, hydration, and cardiopulmonary resuscitation;

15. To have access to medical records and information to the same extent that I am entitled, including the right to disclose the contents to others;

16. To authorize my admission to or discharge from (even against medical advice) any hospital, nursing home, residential care, assisted living or similar facility or service;

17. To contract on my behalf for any health care related service or facility on my behalf,

without my attorney-in-fact incurring personal financial liability for such contract;

18.    To hire and fire medical, social service and other support personnel responsible for my care;

19.    To authorize, or refuse to authorize, any medication or procedure intended to relieve pain, even though such use may lead to physical damage, addiction or hasten the moment of my death;

20.    To take any other action necessary to do what I authorize herein, including (but not limited to) granting any waiver or release from liability required by any hospital, physical or other health care provider; signing any documents relating to refusals of treatment or the leaving of a facility against medical advice, and pursuing any legal action in my name, and at the expense of my estate to force compliance with my wishes as determined by my attorney-in-fact, or to seek actual or punitive damages for the failure to comply;

21.    To pay the cost of maintenance of my home and all incidental charges or household expenses, including, but not limited to, domestic employees;

22.    To effectuate my resignation from any position of trust or responsibility (whether or not such duties thereunder are personal to me) or from any organization membership;

23.    To make gifts of any of my assets to any individuals (and/or to any charities), provided that I previously have made gifts to such donee, or such donee is the beneficiary under my most recently executed Will, or such donee is otherwise the natural object of my bounty, and provided further that gifts to my attorney-in-fact may only be made if substantially identical gifts are simultaneously made to others similarly situated;

24.    To transfer any or all of my assets to a corporate trustee to hold same in trust upon such terms and conditions as my attorney-in-fact may deem appropriate, provided such trust (i) is solely for my benefit, (ii) may be amended or revoked by me or my attorney-in-fact and (iii) provides that at my death all assets being held in such trust shall be delivered to the personal representative of my estate;

25.    To employ and compensate attorneys at law, accountants, real estate agents and other such agents and advisors with relation to any matters mentioned herein; and

26.    To take any action for the care, preservation, insurance, management or superintendence of my property.

Granting and giving unto my said attorney-in-fact full power and authority to do and perform any and all other acts necessary, proper, or incidental to the performance and execution of the powers herein before granted, with power to do and perform all acts authorized hereby as fully to all intents and purposes as I might or could do personally if I were present.

This is written for the purpose of giving, and does give, the attorney-in-fact the power and authority generally to do and perform all and every act or acts, thing or things, device or devices, in the law whatsoever needful or necessary or appropriate to be done in and about the premises or in connection with any power or authority given said attorney-in-fact herein, and for me and in my name to do, execute and perform any act whatsoever as largely and amply, to all intents and purposes, as I might or could do if I were virtually present and personally performing it, hereby ratifying and confirming all that my said attorney-in-fact shall lawfully do by virtue hereof. This is a written power of attorney, and it shall not be terminated by my incompetency or disability. This is a power to act as an attorney-in-fact for me, and if I

subsequently become incompetent or disabled, it shall remain in force until such time as a curator shall be appointed for me or until some other judicial proceeding shall terminate the power. In the event that interdiction proceedings are instituted to declare me an interdict, I nominate Shawn L. Frazer to be appointed the curator for me. In the event that Shawn L. Frazer has predeceased me or is otherwise unable to act on my behalf, I nominate Ashley F. Sides, successor curator, to be appointed successor curator for me.

THUS DONE AND SIGNED at Baton Rouge, Louisiana, this 27 day of April, 2015, in the presence of the subscribing witnesses, who have hereunto signed their names with the Appearer and me, Notary, after a due reading of the whole.

WITNESSES:

Print Name: Brett W. Sides

Print Name: Vino Bsory

Lynnette B. Frazer

NOTARY PUBLIC
Print Name:
Bar Roll/Notary No.:

Brett N. Brinson
Bar Roll No. 24978
Notary Public, State of Louisiana
My Commission is for Life

4

**EXHIBIT A**
**FORM OF RECEIVER BAR ORDER**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> STANFORD INTERNATIONAL BANK, LTD., *et al.,* <br><br> Defendants. | Case No. 3:09-CV-0298-N |

## ORDER APPROVING SETTLEMENT
## AND ENTERING FINAL BAR ORDER AND INJUNCTION

Before the Court is the *Expedited Request for Entry of Scheduling Order and Motion for Order Approving Proposed Settlement with Adams & Reese Parties, Breazeale, Sachse & Wilson, LLP, Cordell Haymon and Lynette Frazer, Entering Bar Order, Approving Notice and Approving Attorneys' Fees* (the "Motion") filed by Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), Philip Wilkinson ("Wilkinson"), and Horacio Mendez ("Mendez") (collectively, "Movants") (ECF No. ___).

The Motion seeks approval of the Amended Stipulation and Settlement Agreement (the "Settlement Agreement") between Movants and Adams and Reese LLP, Robert C. Schmidt and James R. Austin (the "A&R Parties"), Breazeale, Sachse & Wilson, LLP ("BSW"), Cordell Haymon ("Haymon") and Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer ("Frazer").

To satisfy a condition of the settlement, Movants have requested that the Court enter an

Order permanently barring and enjoining certain claims against the A&R Parties, BSW, Claude F. Reynaud, Jr. ("Reynaud"), Haymon, and/or Frazer and barring the commencement or continuation of certain litigation against the A&R Parties, BSW, Reynaud, Haymon, and/or Frazer.

For purposes of this Order, the following terms have the following meanings:

A.      "2011 Action" means the action captioned *The Official Stanford Investors Committee, et al. v. Breazeale, Sachse & Wilson, LLP, et al.*, No. 3:11-cv-00329-N (N.D. Tex.).

B.      "2012 Action" means the action captioned *Janvey, et ano. v. Adams & Reese, LLP et al.*, No. 3:12-cv-00495-N-BG (N.D. Tex.).

C.      "Barred Claimants" means any and all Persons possessing or asserting any past, present or future Stanford-Related Claim against any A&R Party, BSW, Haymon, Frazer, and/or Reynaud, but, as to Reynaud, only as to Claims based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. "Barred Claimants" includes but is not limited to the Receiver; the OSIC; Plaintiffs; the Stanford Receivership Entities; all other professionals who provided services to any Stanford Receivership Entity; all parties to the 2011 Action, the 2012 Action, and any of the other Stanford Cases; and the IRA Holders; and each of their past, present or future directors, officers, agents, affiliates, employees, successors and assigns, and any Person claiming by, through or on behalf of any of the foregoing.

D.      "Claims" means any and all claims, actions, causes of action, allegations, controversies, suits, rights, obligations, debts, demands, agreements, promises, liabilities,

**APP 0030**

damages of any kind, including but not limited to compensatory, punitive or exemplary damages, claims for interest, costs or attorneys' fees, claims for contribution or indemnity, judgments, losses, charges, and complaints whatsoever, of every kind, nature and description, under any law of any jurisdiction, whether at law, in equity or otherwise, whether based on statute, regulations, vicarious liability, common law, civil law or any other type, form or right of action, and whether foreseen or unforeseen, actual or potential, matured or unmatured, contingent or liquidated, known or unknown, or accrued or not accrued, of every kind and nature, which have arisen, or may have arisen, or shall arise, from the beginning of the world to the end of time.

E.     "IRA Holders" means any Person who, as of February 17, 2009, had purchased and still held Certificates of Deposit, had purchased but no longer held Certificates of Deposit, and/or otherwise maintained deposit accounts with Stanford International Bank Ltd. through IRA accounts at STC, as hereinafter defined.

F.     "Person" means any natural person or any legal entity, organization or association including, without limitation, any partnership, corporation, company, association, division, joint venture, estate, trust, or other business or governmental entity, agency, association or unit.

G.     "SIBL" means Stanford International Bank, Ltd.

H.     "STC" means Stanford Trust Company (Louisiana).

I.     "SGC" means Stanford Group Company.

J.     "Stanford Cases" means any and all Related Cases in the multidistrict litigation captioned *In re Stanford Entities Secs. Litig.*, 3:09-md-02099-N-BG (N.D. Tex.).

K.     "Stanford Receivership Entity" means any and all entities subject to the receivership established by this Court in the above-captioned action including, but not limited to,

3

SIBL, STC, SGC, Stanford Financial Group Company, Stanford Capital Management, LLC and Stanford Coins & Bullion, Inc.

L.    "Stanford-Related Claim" means any and all Claims arising out of or relating in any way to (1) certificate(s) of deposit issued by SIBL; (2) customer accounts or transactions with Stanford Financial Group or any Stanford Receivership Entity, including but not limited to STC; (3) investments in, with or through Stanford Financial Group or any Stanford Receivership Entity; (4) Individual Retirement Accounts at STC; (5) the provision of legal or other services by any A&R Party to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (6) the provision of legal or other services by BSW to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (7) Haymon's service as an outside director of STC; (8) Thomas L. Frazer's service as an outside director of STC; or (9) conduct related to the activities of SIBL, STC, SGC, or any Stanford Receivership Entity, including Claims arising out of or relating to retirement accounts or the sale, purchase or solicitation of any investment.

M.    "Stanford-Related Litigation" means any proceeding in any court, administrative agency, arbitration or other tribunal of any kind in which a Stanford-Related Claim is asserted.

The Court, having considered the Motion, the evidence, the responsive briefing, the arguments of counsel, the objections of any creditors or claimants, if any, and the relevant legal principles, finds and concludes that the Motion and the relief requested therein should be granted.

ACCORDINGLY, the Court FINDS that:

A.    The Settlement and Settlement Agreement are fair, equitable, reasonable, and in the best interests of the Receivership Estate, and should be authorized and approved by the

Court.

B.     The issuance of an Order barring Stanford-Related Claims and the commencement or continuation of Stanford-Related Litigation against the A&R Parties, BSW, Haymon, and Frazer protects the value of assets which, if this settlement is approved by the Court, will become assets of the Receivership Estate.

C.     The Receiver has provided due and proper notice of the Motion to all interested persons, and the Court has considered the papers filed and arguments made by the Receiver in support of the Motion, as well as any objections to the Motion, if any, and such other and further evidence as has been presented to the Court.

Based upon the above findings, and consistent with general equitable principles and in accordance with this Court's equitable jurisdiction in this matter, the Court ORDERS that:

1.     The Motion is GRANTED.

2.     The Settlement and Settlement Agreement are APPROVED.

3.     All Stanford-Related Litigation against any A&R Party is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

4.     All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against any A&R Party and from commencing or continuing any Stanford-Related Litigation against any A&R Party or assisting any other Person in doing so.

5.     All Stanford-Related Litigation against BSW is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

6.     All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against BSW and

5

from commencing or continuing any Stanford-Related Litigation against BSW or assisting any other Person in doing so.

7.     All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Reynaud and from commencing or continuing any Stanford-Related Litigation against Reynaud or assisting any other Person in doing so, but only as to Stanford-Related Claims and Stanford-Related Litigation based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer.  This order does not apply to claims for breach of fiduciary duty against Claude Reynaud that are based upon, arise out of, are attributable to, or result from Claude Reynaud's activities as an officer or director of the Stanford Trust Company.

8.     All Stanford-Related Litigation against Haymon is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

9.     All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Haymon and from commencing or continuing any Stanford-Related Litigation against Haymon or assisting any other Person in doing so.

10.    All Stanford-Related Litigation against Frazer is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

11.    All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Frazer and

APP 0034

from commencing or continuing any Stanford-Related Litigation against Frazer or assisting any other Person in doing so.

12.     Neither the Settlement, nor any of the terms or provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection with the settlement, nor any of the documents or statements referred to therein shall be construed as or deemed in any judicial, administrative, arbitration, or other type of proceeding to be evidence of a presumption, concession, or an admission by the A&R Parties, BSW, Haymon, or Frazer of the truth of any fact alleged or the validity of any Claim that has been, could have been, or in the future might be asserted by any Person.

13.     The rights of claimants to the Stanford Receivership Estate to participate in the Claims process for the Receiver's ultimate plan of distribution of Receivership Estate funds shall not be impaired by this Order.

14.     There being no just cause for delay, this Order is, and is intended to be, a final, appealable Order of the Court within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure.

15.     This Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Settlement Agreement, and any related disputes.

16.     The Clerk shall promptly serve copies of this Order upon all parties to the Receivership Action.

Signed this _____ of _____ 2015.


_____
David C. Godbey
United States District Judge

7

APP 0035

**EXHIBIT B**
**FORM OF SCHEDULING ORDER**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| vs. | Case No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | |
| Defendants. | |

## SCHEDULING ORDER

WHEREAS, on the one hand, (i) Ralph S. Janvey, solely in his capacity as Receiver for the Receivership Estate; (ii) the Official Stanford Investors Committee (the "OSIC"); and (iii) Horacio Mendez and Philip Wilkinson (the "Investor Plaintiffs") (the Receiver, the Committee, and the Investor Plaintiffs are collectively referred to as the "Plaintiffs"); and, on the other hand, (iv) Adams & Reese LLP ("A&R"), Robert C. Schmidt ("Schmidt") and James R. Austin ("Austin") (collectively, the "A&R Parties"), (v) Breazeale, Sachse & Wilson, LLP ("BSW") (vi) Cordell Haymon ("Haymon") and (vi) Lynette Frazer, individually and as independent executrix of the estate of Thomas L. Frazer ("Frazer") (the A&R Parties, BSW, Haymon and Frazer are collectively referred to herein as the "Settling Defendants") (Plaintiffs, on the one hand, and the Settling Defendants, on the other hand, are referred to in this Agreement individually as a "Party" and together as the "Parties") have entered into an Amended Stipulation and Settlement Agreement (the "Agreement"), which provides for a settlement (the "Settlement") of all claims, disputes and issues between them, including but not limited to the claims asserted in Civil Action No. 3:12-CV-00495-B, *Ralph S. Janvery, et al. v. Adams & Reese*

1

*LLP, et al.* (N.D. Tex.) (the "Receiver Lawsuit") and Civil Action No. 3:11-CV-00329-BL, *The Official Stanford Investors Committee, et al. v. Adams & Reese, et al.* (N.D. Tex.) (the "Investor Lawsuit") (together with the Receiver Lawsuit, the "STC Lawsuits"), in consideration of A&R's payment to the Plaintiffs of $1 million, BSW's payment to the Plaintiffs of $1,530,000, BSW's release of the $198,165.49 currently being held in escrow by BSW, pursuant to that certain Escrow Agreement between Stanford Group Company and SBL Capital Corporation, dated March 27, 2008, which designates BSW as Escrow Agent, to the Receiver, or his authorized and designated representative, Haymon's payment to the Plaintiffs of $2 million, and Frazer's payment to the Plaintiffs of $175,000. (the "Settlement Amounts");

Whereas Plaintiffs have filed an Expedited Motion for Entry of Scheduling Order and Motion For Order Approving Proposed Settlement with Adams & Reese Parties, Breazeale, Sachse & Wilson, LLP, Cordell Haymon And Lynette Frazer and for Entry of Bar Order, Approving Notice and Entry of Scheduling Order, and Approving Attorneys' Fees (the "Motion to Approve") in the above-referenced Stanford receivership proceeding (Civil Action No. 3:09-cv-0298) (the "Receivership Action");

WHEREAS, the Receiver plans to include the Settlement Amounts, contingent on the Settlement becoming effective, minus attorneys' fees, payment to putative class representatives, expenses, and costs, together with other funds that will be distributed pursuant to a Distribution Plan that the Receiver expects will be substantially similar to the Plan approved by this Court in its Order Approving Receiver's Second Interim Distribution Plan [*see* Doc. 2037], which distributed funds on a pro rata basis to investors in SIBL CDs who have allowed claims in the Receivership Action;

APP 0038

WHEREAS, unless otherwise defined in this order (the "Scheduling Order"), the capitalized terms in this Scheduling Order shall have the same meanings as they have in the Agreement, which is attached as Exhibit 1 to the Appendix in Support of the Motion to Approve. Copies of the Motion to Approve and supporting papers may be obtained from the Court's docket in the Receivership Action (ECF No. ____) and are also available on the official websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/).;

WHEREAS, on _____, 2015, in the Motion to Approve, the Parties have moved for an order to, *inter alia*:  (i) provide for notice of the Agreement, the Settlement, and the Bar Order; (b) set the Objection Deadline by which objections to the Agreement, the Settlement, and the Bar Order must be filed and served; (iii) set a date by which the Parties may file responses to any such objections; and (iv) provide for a Hearing on the Agreement, the Settlement, and the Bar Order, and any objections;

WHEREAS, the Court has considered all arguments made and all papers filed in connection with the foregoing motion;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.    Hearing:  A Hearing on the Motion to Approve is scheduled to be held before the Honorable David C. Godbey in the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at __:___.m. on _____, which is a date at least sixty calendar days after entry of this Scheduling Order.  The purposes of the Hearing will be:  (i) to determine whether the Agreement and the Settlement it describes, should be finally approved by the Court; (ii) to determine

3

whether the Order Approving Settlement and Entering Final Bar Order and Injunction attached as Exhibit A to the Agreement, should be entered by the Court; (iii) to rule upon any objections to the Settlement, the Agreement or the Bar Order and Injunction; and (iv) to rule upon such other matters as the Court may deem appropriate.

2.     Preliminary Approval:  The Court preliminarily finds that the Settlement is fair and reasonable based upon the Court's review of the Motion to Approve and the Agreement, and the accompanying appendix and exhibits.  The Court will make a final determination with respect to the approval of the Settlement at the Hearing referenced in Paragraph 1.  The Court reserves the right to approve the Agreement and the Settlement, and to enter the Bar Order and Injunction, at or after the Hearing, with such modifications as may be consented to by the Parties, and without further notice other than that which may be posted by means of the Court's electronic case file system ("ECF") in this action.

3.     Notice:  The Court finds that the methodology, distribution, and dissemination of Notice described in the Agreement (i) constitute the best practicable notice; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise all interested parties of the Settlement and its effects, including the releases, the Bar Order and Injunction provided under its terms, and all rights to object to the Agreement, the Settlement, or the Bar Order and Injunction, and to appear at the Hearing; (iii) are reasonable and constitute due, adequate, and sufficient notice; (iv) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (v) will provide to all Persons a full and fair opportunity to be heard on these matters.  OSIC and the Receiver are hereby ordered to:

   a.  no later than thirty (30) calendar days after entry of this Scheduling Order, cause the Notice to be given as set forth in Paragraph 8 of the Agreement;

   b.  no later than fifteen (15) calendar days after entry of this Scheduling Order, cause this Scheduling Order, the Notice, the Motion to Approve and the Agreement, together with all appendices and exhibits, to be posted on the websites of the Receiver (http://stanfordfinancialreceivership.com), the Examiner (http://lpf-law.com/examiner-stanford-financial-group), and the Receiver's claims agent (http://www.stanfordfinancialclaims.com).

   c.  promptly provide this Scheduling Order, the Notice, the Motion to Approve and the Agreement, together with all appendices and exhibits, to any Person who requests such documents via email to Ruth Clark, at rclark@neliganlaw.com, a paralegal at Neligan Foley LLP, counsel to the Receiver; and

   f.  at or before the Hearing, provide the Court with written evidence of compliance with paragraph 3(a)-(e) of this Scheduling Order, which may be in the form of an affidavit or affirmation.

  4.  <u>Objections and Appearances at the Hearing</u>:  Any interested party who opposes the Agreement, the Settlement, or the Bar Order and Injunction, or wishes to appear at the Hearing, shall, no later than twenty-one (21) calendar days before the hearing (the "Objection Deadline"):

   a.  file in this action by ECF, or instead in writing with the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242, an objection that:

    i.  is signed;

APP 0041

      ii.      contains the name, address, telephone number, and, if available, e-mail address of the objector;

      iii.      contains the name, address, telephone number, and e-mail address of any attorney representing the objector in this matter;

      iv.      states whether the objector, or, if applicable, the objector's attorney, wishes to be heard orally at the Hearing;

      v.      states in detail the basis for the objection;

      vi.      attaches any documents the objector wants the Court to consider; and

    b.      serve copies of such objection by ECF, or instead by e-mail or first class mail upon each of the following:

> Douglas J. Pepe
> Jeffrey H. Zaiger
> JOSEPH HAGE AARONSON LLC
> 485 Lexington Avenue, 30th Floor
> New York, NY 10017
> (212) 407-1200
> (212) 407-1299 (Facsimile)
> Email: dpepe@jhany.com
>       jzaiger@jhany.com

and

> Charles L. Babcock
> Kurt A. Schwarz
> JACKSON WALKER L.L.P.
> Texas State Bar No. 17871550
> kschwarz@jw.com
> 901 Main Street, Suite 6000
> Dallas, Texas 75202
> (214) 953-6000
> (214) 953-5822 (Facsimile)
> Email: cbabcock@jw.com
>       kschwarz@jw.com

APP 0042

and

Thomas A. Culpepper
Stephen Richman
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street – 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 (Facsimile)
Email: tculpepper@thompsoncoe.com
       srichman@thomsponcoe.com


and

Douglas J. Buncher
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301
Email: dbuncher@neliganlaw.com

and

Edward C. Snyder
Castillo & Snyder PC
Bank of America Plaza
300 Convent Suite 1020
San Antonio, Texas 78205-3789
Telephone: (210) 630-4214
E-mail: esnyder@casnlaw.com

An objector shall be deemed to have submitted to the jurisdiction of this Court for all purposes related to the objection, the Agreement, the Settlement, and the Bar Order and Injunction. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Hearing or take any other action to indicate their approval.

7

5.     Responses to Objections:  No later than seven (7) calendar days before the Hearing, the Parties to the Agreement shall (i) file by ECF in this action any responses to any objections, and (ii) to the extent any objector filed and served an objection by the Objection Deadline in compliance with paragraph ___ of this Scheduling Order other than by ECF, serve such responses upon such objector by first class mail and e-mail, to the extent that objector has provided a mail address and an e-mail address.

6.     Computing Time:  All deadlines and date requirements pursuant to this Scheduling Order shall be met:  (i) in the case of in-person filing with the Clerk of the Court, by filing no later than when the Clerk's office is scheduled to close, (ii) in the case of mail, by sending such mail postmarked no later than the deadline or required date, (iii) in the case of electronic filing via ECF, by electronic filing no later than 11:59 p.m. in the Court's time zone, and (iv) in the case of e-mail, by sending such e-mail no later than 11:59 p.m. in the Court's time zone.  If any deadline or date requirement pursuant to this Scheduling Order falls on a Saturday, a Sunday, or a legal holiday specified in Rule 6(a)(6) of the Federal Rules of Civil Procedure, such date shall be adjourned until the next date that is not a Saturday, Sunday, or a legal holiday specified in Rule 6(a)(6) of the Federal Rules of Civil Procedure.

7.     Adjustments Concerning Hearing and Deadlines:  The date, time, and place for the Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in this action.

8.     Retention of Jurisdiction:  The Court shall retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

8

APP 0044

9.    If the Settlement is approved by the Court, a separate Order Approving Settlement and Entering Bar Order and Injunction will be entered as described in the Agreement.

IT IS SO ORDERED.

Signed on this ____ day of _____, 2015.


_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

APP 0045

EXHIBIT C
FORM OF STIPULATION AND PROPOSED ORDER

APP 0046

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE; and PHILIP A. WILKINSON, and HORACIO MENDEZ, individually and on behalf of a class of all others similarly situated, | |
| Plaintiffs, | Case No. 3:11-cv-0329-N |
| vs. | |
| ADAMS AND REESE, LLP; JAMES AUSTIN; BREAZEALE, SACHSE & WILSON, LLP; CLAUDE REYNAUD; J.D. PERRY; REBECCA HAMRIC; MICHAEL CONTORNO; LOUIS FOURNET; JAY COMEAUX; CORDELL HAYMON; THOMAS FRAZER; ZACK PARRISH; DANIEL BOGAR; and JASON GREEN, | |
| Defendants. | |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE | |
| Plaintiffs, | Case No. 3:12-CV-495-N-BG |
| vs. | |
| ADAMS & REESE, LLP; BREAZEALE, SACHSE & WILSON, LLP; ROBERT SCHMIDT; JAMES AUSTIN; CLAUDE F. REYNAUD, JR.; CORDELL HAYMON; THOMAS FRAZER | |
| Defendants. | |

## STIPULATION AND [PROPOSED] ORDER WITH
## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate (the "**Receiver**"), The Official Stanford Investors Committee ("**OSIC**"), Philip A. Wilkinson and Horacio Mendez ("**Named Plaintiffs**" and, together with the Receiver and OSIC, "**Plaintiffs**") have entered into an Amended Stipulation and Settlement Agreement settling all claims in the above-captioned actions (the "**Settlement**") against Adams and Reese LLP, Robert C. Schmidt ("**Schmidt**") and James R. Austin ("**Austin**" and, together with A&R and Schmidt, the "**A&R Parties**"), Breazeale, Sachse & Wilson, LLP and Claude F. Reynaud, Jr. ("Reynaud"), but, as to Reynaud, only those limited claims as set forth and defined in the Settlement (collectively "**BSW**"), Cordell Haymon ("**Haymon**") and Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer ("**Frazer**"). The Receiver, the OSIC, Named Plaintiffs, the A&R Parties, BSW, Haymon and Frazer are referred to in this document as the "**Settling Parties**."

PLEASE TAKE FURTHER NOTICE that Plaintiffs have filed a Motion For Order Approving Proposed Settlement with Adams & Reese LLP, Cordell Haymon And Lynette Frazer and for Entry of Bar Order, Approving Notice and Entry of Scheduling Order, and Approving Attorneys' Fees (the "**Motion to Approve**") in the action captioned *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-0298-N (N.D. Tex.) (the "**Receivership Action**"). Copies of the Motion to Approve and supporting papers may be obtained from the Court's docket in the Receivership Action (ECF No. ____) and are also available on the official website of the Receiver (http://www.stanfordfinancialreceivership.com).

IT IS FURTHER STIPULATED AND AGREED, by and among the Settling Parties, that all proceedings in the above-captioned actions against the A&R Parties, BSW, Haymon, and Frazer shall be stayed pending disposition of the Motion to Approve, with the limited exception

APP 0048

of proceedings relating to deposition of Haymon in Case No. 3:11-cv-0495-B. This stay shall not apply to Plaintiffs claims against Reynaud that are not specifically released in the Settlement, and which shall continue without regard to the pending Motion to Approve the Settlement.

Dated:  May 11, 2015

CASTILLO SNYDER, P.C.

By: */s/ Edward C. Snyder*
Edward C. Snyder
(esnyder@casnlaw.com)
Jesse R. Castillo
(jcastillo@casnlaw.com)
300 Convent Street, Suite 1020
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

BUTZEL LONG, P.C.

By: */s/ Peter D. Morgenstern*
Peter D. Morgenstern (*admitted pro hac vice*)
(morgenstern@butzel.com)
380 Madison Avenue
New York, New York 10017
(212) 374-5379
(212) 818-0494 (Facsimile)

Attorneys for OSIC and Named Plaintiffs

NELIGAN FOLEY, LLP

By: */s/ Nicholas A. Foley*
Nicholas A. Foley
(nfoley@neliganlaw.com)
Douglas J. Buncher
(dbuncher@negliganlaw.com)
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5320
(214) 840-5301 (Facsimile)

Attorneys for Receiver

*Attorneys for the A&R Parties*:

JOSEPH HAGE AARONSON LLC

By: */s/ Gregory P. Joseph*
Gregory P. Joseph
(gjoseph@jhany.com)
Douglas J. Pepe
(dpepe@jhany.com)
Jeffrey H. Zaiger

KELLY HART & HALLMAN LLP

By: */s/ David E. Keltner*
David E. Keltner
(david.keltner@kellyhart.com)
201 Main Street, Suite 2500
Fort Worth, Texas 76102

APP 0049

(jzaiger@jhany.com)                    (817) 878-3560
Courtney A. Solomon                    (817) 878-9760 (Facsimile)
(csolomon@jhany.com)
(*Admitted pro hac vice*)
485 Lexington Avenue, 30th Floor
New York, NY 10017
(212) 407-1200
(212) 407-1299 (Facsimile)


***Attorneys for Breazeale, Sachse & Wilson, LLP:***

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Thomas A. Culpepper*
Thomas A. Culpepper
tculpepper@thompsoncoe.com
Stephen C. Richman
srichman@thompsoncoe.com
700 N. Pearl Street – 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 (Facsimile)


***Attorneys for Haymon and Frazer:***

JACKSON WALKER L.L.P.

By: */s/ Charles L. Babcock*
Charles L. Babcock
Federal Bar No. 10982
cbabcock@jw.com
Kurt A. Schwarz
Texas State Bar No. 17871550
kschwarz@jw.com
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Facsimile)

Joel R. Glover
Federal Bar No. 2221289
jglover@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010

APP 0050

(713) 752-4200
(713) 308-4114 (Facsimile)


SO ORDERED this _____ day of _____ 2015


_____
UNITED STATES DISTRICT JUDGE

5

**EXHIBIT D**
**FORM OF NOTICE**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　　　　　Plaintiff,<br>　　　　　　vs.<br>STANFORD INTERNATIONAL BANK, LTD., *et al.*, _<br>　　　　　　　　　　　　Defendants. | Case No. 3:09-CV-0298-N |
| THE OFFICIAL STANFORD INVESTORS<br>COMMITTEE, *et al.*,<br>　　　　　　　　　　　　Plaintiffs,<br>　　　　　　vs.<br>ADAMS AND REESE, LLP, *et al.*¯<br>　　　　　　　　　　　　Defendants. | Case No. 3:11-cv-0329-N |
| RALPH S. JANVEY, *et ano.*,<br>　　　　　　　　　　　　Plaintiffs,<br>　　　　　　vs.<br>ADAMS & REESE, LLP, *et al.*,<br>　　　　　　　　　　　　Defendants. | Case No. 3:12-CV-495-N-BG |

## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that the Court-appointed Receiver for the Stanford Receivership Estate, The Official Stanford Investors Committee, and named plaintiffs Philip A. Wilkinson and Horacio Mendez, who brought an action on behalf of a putative class of Stanford certificate of deposit investors, (collectively, "Movants") have entered into an Amended Stipulation and Settlement Agreement ("Settlement Agreement") settling all claims relating to the above-referenced cases against Adams and Reese LLP, Robert C. Schmidt, James R. Austin, Breazeale, Sachse & Wilson, LLP, Claude F. Reynaud, Jr., but as to Claude F. Reynaud, Jr., only those limited claims as set forth and defined in the Settlement Agreement, Cordell Haymon, and Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer (the "Settlement Agreement").

PLEASE TAKE FURTHER NOTICE that the Movants have filed a motion to approve the settlement and enter a bar order and injunction (the "Approval Motion") that, if entered, will permanently bar and enjoin all Stanford-Related Claims,[1] including claims you may possess, against Adams & Reese LLP, Robert C. Schmidt, James R. Austin, Breazeale, Sachse & Wilson, LLP, Claude F. Reynaud, Jr., but as to Claude F. Reynaud, Jr., only those limited claims as set forth and defined in the Settlement

---

[1]　"Stanford-Related Claim" means any and all Claims arising out of or relating in any way to (1) certificate(s) of deposit issued by SIBL; (2) customer accounts or transactions with Stanford Financial Group or any Stanford Receivership Entity, including but not limited to STC; (3) investments in, with or through Stanford Financial Group or any Stanford Receivership Entity; (4) Individual Retirement Accounts at STC; (5) the provision of legal or other services by any A&R Party to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (6) the provision of legal or other services by BSW to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (7) Haymon's service as an outside director of STC; (8) Thomas L. Frazer's service as an outside director of STC; or (9) conduct related to the activities of SIBL, STC, SGC, or any Stanford Receivership Entity, including Claims arising out of or relating to retirement accounts or the sale, purchase or solicitation of any investment.

Agreement, Cordell Haymon, and/or Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer.[2]

Copies of the Approval Motion and supporting papers may be obtained from the Court's docket in *SEC v. Stanford Int'l Bank, Ltd., et al.*, No. 3:09-cv-0298-N (ECF No. _____) (the "Receivership Action"), and are also available on the the websites of the Receiver (http://stanfordfinancialreceivership.com), the Examiner (http://lpf-law.com/examiner-stanford-financial-group), and the Receiver's claims agent (http://www.stanfordfinancialclaims.com). **This matter affects your rights, and you may wish to consult an attorney.** Any person or entity wishing to be heard in connection with the settlement, the Approval Motion, or the bar order sought by the Movants, must do so by filing an objection with the Court in the Receivership Action no later than _____. A hearing will be held on the Motion to Approve before the Honorable David C. Godbey in the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at __:___.m. on _____

Any objector shall be deemed to have submitted to the jurisdiction of this Court for all purposes related to the objection, the Agreement, the Settlement, and the Bar Order and Injunction. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning defined in the Approval Motion and Settlement Agreement.

APP 0054

**EXHIBIT E**
**RULE 41 STIPULATION AND PROPOSED ORDER (2011 ACTION)**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

THE OFFICIAL STANFORD INVESTORS
COMMITTEE; and PHILIP A. WILKINSON,
and HORACIO MENDEZ, individually and on
behalf of a class of all others similarly situated,

        Plaintiffs,

        vs.

ADAMS AND REESE, LLP; JAMES AUSTIN;
BREAZEALE, SACHSE & WILSON, LLP;
CLAUDE REYNAUD; J.D. PERRY; REBECCA
HAMRIC; MICHAEL CONTORNO; LOUIS
FOURNET; JAY COMEAUX; CORDELL
HAYMON; THOMAS FRAZER; ZACK
PARRISH; DANIEL BOGAR; and JASON
GREEN,

        Defendants.

Case No. 3:11-cv-0329-N

## STIPULATION AND [PROPOSED] ORDER
## DISMISSING CERTAIN CLAIMS WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED pursuant to Rule 41(a)(2) of the Federal

Rules of Civil Procedure by and among the Official Stanford Investors Committee, Philip A.

Wilkinson, and Horacio Mendez (collectively, "Plaintiffs"), on the one hand, and Defendants

Adams and Reese LLP and James Austin (together "A&R"), Breazeale, Sachse & Wilson, LLP

("BSW"), Cordell Haymon ("Haymon"), and Lynnette B. Frazer, Individually and as

Independent Executrix of the Estate of Thomas L. Frazer ("Frazer"), on the other hand, by and

through their undersigned counsel, that all claims and causes of action asserted by Plaintiffs

against A&R, BSW, Haymon, and Frazer in the above-captioned case are dismissed with

prejudice and without costs.  Plaintiffs also dismiss with prejudice and without costs all claims

APP 0056

asserted against Claude Reynaud ("Reynaud") that are based upon, arise out of, are attributable to, or result from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. This order does not apply to claims for breach of fiduciary duty against Reynaud that are based upon, arise out of, are attributable to, or result from Reynaud's activities as an officer or director of the Stanford Trust Company.

APP 0057

RESPECTFULLY SUBMITTED this ____th day of _____, 2015.

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder (esnyder@casnlaw.com)
Jesse R. Castillo (jcastillo@casnlaw.com)
300 Convent Street, Suite 1020
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

*Attorneys for Plaintiffs*

**BUTZEL LONG PC**

By: */s/ Peter D. Morgenstern*
Peter D. Morgenstern
(morgenstern@butzel.com)
885 Third Avenue, 22nd Floor
New York, New York 10022
(212) 750-6776
(212) 750-3128 (Facsimile)

*Attorneys for Plaintiffs*

**KELLY HART & HALLMAN LLP**

By: *David E. Keltner*
David E. Keltner
(david.keltner@kellyhart.com)
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3560
(817) 878-9760 (Facsimile)

*Local Attorneys for Defendants Adams and Reese LLP and James Austin*

**NELIGAN FOLEY, LLP**

By: */s Nicholas A. Foley*
Nicholas A. Foley (nfoley@neliganlaw.com)
Douglas J. Buncher
(dbuncher@neganlanlaw.com)
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5320
(214) 840-5301 (Facsimile)

*Attorneys for Plaintiffs*

**JOSEPH HAGE AARONSON LLC**

By: */s/ Gregory P. Joseph*
Gregory P. Joseph (gjoseph@jhany.com)
Douglas J. Pepe (dpepe@jhany.com)
Jeffrey H. Zaiger (jzaiger@jhany.com)
Courtney A. Solomon (csolomon@jhany.com)
485 Lexington Avenue, 30th Floor
New York, NY 10017
(212)-407-1200
(212) 407-1299 (Facsimile)

*Attorneys for Defendants Adams and Reese LLP and James Austin*

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Thomas A. Culpepper*
Thomas A. Culpepper
tculpepper@thompsoncoe.com
Stephen C. Richman
srichman@thompsoncoe.com
700 N. Pearl Street — 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 (Facsimile)

*Attorneys For Breazeale, Sachse & Wilson, LLP*

3

APP 0058

**JACKSON WALKER L.L.P.**

By: */s/ Charles L. Babcock*
Charles L. Babcock
Federal Bar No. 10982
cbabcock@jw.com
Kurt A. Schwarz
Texas State Bar No. 17871550
kschwarz@jw.com
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Facsimile)

Joel R. Glover
Federal Bar No. 2221289
jglover@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4114 (Facsimile)

*Attorneys for Defendant Cordell Haymon and*
*Lynnette B. Frazer, Individually and as*
*Independent Executrix of the Estate of Thomas*
*L. Frazer*

SO ORDERED this _____ day of _____ 2015


_____
UNITED STATES DISTRICT JUDGE

APP 0059

**EXHIBIT F**
**RULE 41 STIPULATION AND PROPOSED ORDER (2012 ACTION)**

APP 0060

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE<br><br>Plaintiffs,<br><br>vs.<br><br>ADAMS & REESE, LLP; BREAZEALE, SACHSE & WILSON, LLP; ROBERT SCHMIDT; JAMES AUSTIN; CLAUDE F. REYNAUD, JR.; CORDELL HAYMON; THOMAS FRAZER<br><br>Defendants. | Case No. 3:12-CV-495-N-BG |

## STIPULATION AND [PROPOSED] ORDER
## DISMISSING CERTAIN CLAIMS WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED pursuant to Rule 41(a)(2) of the Federal

Rules of Civil Procedure by and among Plaintiffs Ralph S. Janvey, in his capacity as Court-

appointed Receiver for the Stanford Receivership Estate, and the Official Stanford Investors

Committee (together, "Plaintiffs"), on the one hand, and Defendants Adams and Reese LLP,

Robert Schmidt, and James Austin (collectively, "A&R"), Breazeale, Sachse & Wilson, LLP

("BSW"), Cordell Haymon ("Haymon") and Lynnette B. Frazer, Individually and as Independent

Executrix of the Estate of Thomas L. Frazer ("Frazer"), on the other hand, by and through their

undersigned counsel, that all claims and causes of action asserted by Plaintiffs against A&R,

BSW, Haymon, and Frazer in the above-captioned case are dismissed with prejudice and without

costs.  Plaintiffs also dismiss with prejudice and without costs all claims asserted against Claude

1

F. Reynaud, Jr. ("Reynaud") that are based upon, arise out of, are attributable to, or result from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. This order does not apply to claims for breach of fiduciary duty against Reynaud that are based upon, arise out of, are attributable to, or result from Reynaud's activities as an officer or director of the Stanford Trust Company.

APP 0062

RESPECTFULLY SUBMITTED this ___ day of _____, 2015.

**NELIGAN FOLEY, LLP**

By: */s Nicholas A. Foley*
Nicholas A. Foley (nfoley@neliganlaw.com)
Douglas J. Buncher
(dbuncher@negliganlaw.com)
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5320
(214) 840-5301 (Facsimile)

*Attorneys for Plaintiffs*

**BUTZEL LONG PC**

By: */s/ Peter D. Morgenstern*
Peter D. Morgenstern
(pmorgenstern@mfbnyc.com)
380 Madison Ave., 22nd Floor
(212) 374-5379
(212) 818-0494 (Facsimile)

*Attorneys for OSIC*

**KELLY HART & HALLMAN LLP**

By: *David E. Keltner*
David E. Keltner
(david.keltner@kellyhart.com)
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3560
(817) 878-9760 (Facsimile)

*Local Attorneys for Defendants Adams and Reese LLP, Robert Schmidt, and James Austin*

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder (esnyder@casnlaw.com)
Jesse R. Castillo (jcastillo@casnlaw.com)
300 Convent Street, Suite 1020
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

*Attorneys for OSIC*

**JOSEPH HAGE AARONSON LLC**

By: */s/ Gregory P. Joseph*
Gregory P. Joseph (gjoseph@jhany.com)
Douglas J. Pepe (dpepe@jhany.com)
Jeffrey H. Zaiger (jzaiger@jhany.com)
Courtney A. Solomon (csolomon@jhany.com)
485 Lexington Avenue, 30th Floor
New York, NY 10017
(212) 407-1200
(212) 407-1299 (Facsimile)

*Attorneys for Defendants Adams and Reese LLP, Robert Schmidt, and James Austin*

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Thomas A. Culpepper*
Thomas A. Culpepper
tculpepper@thompsoncoe.com
Stephen C. Richman
srichman@thompsoncoe.com
700 N. Pearl Street – 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 (Facsimile)

*Attorneys For Breazeale, Sachse & Wilson, LLP*

3

**APP 0063**

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No. 10982
cbabcock@jw.com
Kurt A. Schwarz
Texas State Bar No. 17871550
kschwarz@jw.com
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Facsimile)

Joel R. Glover
Federal Bar No. 2221289
jglover@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4114 (Facsimile)

*Attorneys for Defendant Cordell Haymon and
Lynnette B. Frazer, Individually and as
Independent Executrix of the Estate of Thomas
L. Frazer*

SO ORDERED this _____ day of _____ 2015

_____
UNITED STATES DISTRICT JUDGE

4

APP 0064