6-20-13

# NELIGAN FOLEY LLP

Douglas J. Buncher
214.840.5320
dbuncher@neliganlaw.com

June 20, 2013

Mr. Ralph S. Janvey
Krage & Janvey, LLP
2100 Ross Avenue, Suite 2600
Dallas, TX 75201

Re:  Legal Fee Agreement between Ralph S. Janvey, as Receiver for the Stanford Receivership Estate, and Neligan Foley LLP regarding the Stanford Receivership Estate's claims against Adams & Reese, LLP, Breazeale, Sachse & Wilson LLP, Robert Schmidt, James Austin, Claude F. Reynaud, Jr., Cordell Haymon, and Thomas Frazer (collectively, the "Adams & Reese Defendants"), which are currently pending in Case No. 3:12-CV-00495-B.

Dear Mr. Janvey:

     Thank you for engaging Neligan Foley LLP (the "Firm") to represent you, as Receiver for the Stanford Receivership Estate (the "Client"), with respect to the Estate's claims against the Adams & Reese Defendants, currently pending in the above-referenced cases (the "Matter"). This letter shall serve as the Legal Fee Agreement ("Agreement") between the Client and the Firm relating to the Matter. We request that you review this Agreement carefully and ask us any questions that you might have. After your review, if this Agreement is acceptable, we request that you sign one copy of the Agreement, as Receiver for the Stanford Receivership Estate, and return it to us for our files.

     **Purpose of Representation.** The Client employs the Firm to negotiate, sue for, and collect or settle all sums arising out of the Stanford Receivership Estate's potential legal malpractice and any other claims against the Adams & Reese Defendants relating to the Adams & Reese Defendants' services to various Stanford entities and affiliated individuals within the Estate, including but not limited to Stanford Group Holdings, Stanford Group Company, The Stanford Financial Group Building, Inc., Stanford Agency, Inc., Stanford International Bank Limited, Stanford Financial Group Company, Stanford Trust Company (Louisiana), and Stanford Trust Company (Antigua). The scope of the Firm's representation shall include the defense of any counterclaims or affirmative defenses asserted by the Adams & Reese Defendants or any related defendant against the Client in any lawsuit filed pursuant to this Agreement. This Agreement is binding upon the Client's successors, heirs and assigns.

     **Contingency Fee.** Subject to Court approval, the Client hereby agrees to pay the Firm an amount equal to twenty-five percent (25%) (the "Contingency Percentage") of the "Net

325 N. ST. PAUL SUITE 3600 · D[...] 4.840.5300 · FAX 214.840.5301

**EXHIBIT 2-C**

APP 0183

Ralph S. Janvey
June 20, 2013
Page 2

Recovery" collected through settlement or judgment. The "Net Recovery" shall be defined as the Recovery (as defined below) in connection with the claims pursued under this Agreement, after deducting all allowable expenses and disbursements, as described below. If the Firm does not obtain a Net Recovery, then the Firm will not be entitled to and the Client will not be obligated for any attorneys' fees.

**Recovery.** The "Recovery" includes anything of value directly or indirectly received by the Stanford Receivership Estate as a result of the claims pursued under this Agreement, including but not limited to the proceeds of any settlement or other disposition or a direct monetary payment or award, regardless of whether such Recovery received by the Stanford Receivership Estate arguably results from the claims asserted by the Receiver pursuant to this Agreement or from claims asserted by the Stanford Investors Committee.

**Expenses.** The Client authorizes the Firm to incur and pay out-of-pocket costs and expenses that are reasonably necessary for the Firm to effectively represent the Client. Such expenses typically include, but are not necessarily limited to, filing fees, postage, deposition transcripts, copies, long-distance telephone, telefax charges, experts' fees, document storage and handling expense, and travel expense. The Firm will not add surcharges or other fees to third-party charges. Certain costs are incurred internally, such as copies, long-distance telephone, and telefax charges. Such internal expenses shall be posted at the Firm's standard rate for such expenses.

The Firm shall advance all costs and expenses incurred in handling the claims contemplated in this Agreement, subject to reimbursement by the Stanford Receivership Estate. For larger expenses, including expert witness fees and deposition costs, the Firm may ask the Client to pay for expenses directly as opposed to the Firm advancing the expenses. In addition to fees earned pursuant to the section entitled "Contingency Fee" above, and whether or not there is a Net Recovery in respect of the claims contemplated by this Agreement, the actual and necessary out-of-pocket costs and expenses incurred by the Firm to pursue the claims contemplated in this Agreement ("Disbursements") will be reimbursed by the Client out of the Receivership Estate. Such Disbursements will include but are not necessarily limited to travel expenses, filing fees, postage, long-distance telephone, telefax charges, copies, process-server fees, transcripts, and expert witness fees. The Client's reimbursement of such Disbursements will be subject to approval by the District Court upon application by the Firm on the same schedule and under the same standards applicable to other professionals whose disbursements are subject to approval by the District Court. For any costs or expenses which the Client does not reimburse to the Firm, then subject to Court approval, the Firm shall recover such costs and expenses from the proceeds of any Recovery resulting from prosecuting the claims contemplated in this Agreement. The Firm will endeavor to minimize all costs and expenses.

If there is a Recovery, the Firm and counsel to the Stanford Investors Committee ("Committee counsel") shall first be reimbursed for any expenses or disbursements advanced by the Firm or Committee counsel that have not been reimbursed previously by the Client. The Receivership Estate shall then be reimbursed for any expenses or disbursements incurred and reimbursed to the Firm pursuant to this Agreement. The amount of the Recovery remaining after

APP 0184

Ralph S. Janvey
June 20, 2013
Page 3

the Firm, Committee counsel and the Receivership Estate have been reimbursed, as set forth in this paragraph, is the Net Recovery.

**Limitation of Fees Paid.** The Firm understands that certain claims against the Adams & Reese Defendants may be simultaneously pursued by the Official Stanford Investors Committee ("Committee"). Client and the Firm agree and acknowledge that the total fee payable by the Client, for all claims against the Adams & Reese Defendants pursued under this Agreement or brought by the Committee, shall not exceed 25% of the Net Recovery from all such claims. The Firm has a separate agreement with counsel for the Committee participating in the litigation against the Adams & Reese Defendants with respect to the division of the fees payable hereunder among those counsel.

**Settlement.** The Firm agrees to notify the Client of any offer of settlement received by the Firm, and the Client agrees to notify the Firm of any offer of settlement received by the Client.

**Termination of Agreement.** The Client reserves the right to terminate the Firm's representation. In the event that Client terminates the lawyers with no just cause, the lawyers shall be entitled to be compensated based upon the value of the legal services rendered through the date of termination, subject to Court approval. The lawyers' compensation is to be paid at the time the client settles the claims or executes on a judgment or otherwise receives something of value for the claims. The Firm reserves the right to withdraw from its continued representation of the Client if it reasonably appears to the Firm that the continued pursuit of the claims contemplated in this Agreement would not likely result in a sustainable claim and/or a collectible judgment, if the damages recoverable would not likely justify the time and expense of pursuing such claims, or if the Client engages in conduct that renders it unreasonably difficult for the Firm to represent the Client effectively

**Conflicts.** The Firm agrees not to accept any engagement known by us to be in direct conflict with the Client's interests in the matters covered by our representation. If, in the course of representing multiple clients, the Firm discovers and determines that a conflict of interest exists, then the Firm will notify the Client of such conflict, and may withdraw from representing the Client to the extent that such a withdrawal would be permitted or required by applicable provisions of the Texas Disciplinary Rules of Professional Conduct.

The Client agrees that the Texas Disciplinary Rules of Professional Conduct (the "Texas Rules") shall control to the exclusion of any other "ethics codes." The Client agrees that the Firm's obligations shall be governed by the Texas Rules even if a later dispute is centered in another state, or in federal court in Texas or another state.

Consequently, under the Texas Rules, the Firm shall be disqualified from representing any other client in any matter that is directly adverse to the Client if: (a) that matter is substantially related to this representation; (b) there is a reasonable probability that the Firm would in that matter knowingly use to the Client's disadvantage confidential information acquired by the Firm by reason of the representation; (c) the Firm's representation of that other

Ralph S. Janvey
June 20, 2013
Page 4

client would adversely limit our responsibilities to the Client in this representation; or (d) the Firm's own interests or responsibilities to a third person would adversely limit our responsibilities to the Client.

**Governing Law.** The laws of the State of Texas shall govern the validity, construction, enforcement, and interpretation of this Agreement. This Agreement contains the entire agreement between the Client and the Firm regarding the matters described herein, and the fees, charges, and expenses to be paid relative hereto, and supersedes all prior oral or written agreements in respect thereof. This Agreement may only be amended in writing, signed by the Client and the Firm and/or their respective legal representatives, successors and assigns. This Agreement may be executed in multiple original counterparts, each of which shall be deemed an original, and together shall constitute the same Agreement.

**No Guarantees; Cooperation.** The Client acknowledges that the Firm has not made representations as to the likely outcome of the litigation contemplated in this Agreement. Any opinions expressed by the Firm or its attorneys concerning any aspect of the outcome of the representation or the impact of this matter on the Client's interests is, of course, based upon the professional judgment of the Firm's attorneys. Those opinions, however informed, are not guarantees. The Client shall fully cooperate with the Firm in prosecuting the Client's claims and shall make files, records, and data available to the Firm on a reasonable basis, and the Client shall make himself and his professionals available on a reasonable basis as necessary to facilitate the representation contemplated by this Agreement.

**Notice to Client.** As required by the State Bar Act, the Firm hereby advises the Client that the State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call (800) 932-1900. This is a toll-free phone call.

**Agreement.** If the foregoing provisions accurately reflect our agreement, then please so indicate by signing below and returning one copy to us.

Very truly yours,

*[signature]*

Douglas J. Buncher

DJB:san

**APP 0186**

Ralph S. Janvey
June 20, 2013
Page 5

**AGREED BY CLIENT:**

RALPH S. JANVEY, AS RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE

*/s/ Ralph S. Janvey*
By: Ralph S. Janvey

Date: 7/1/13