## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into by and between, on the one hand, (i) Ralph S. Janvey, solely in his capacity as Receiver for the Receivership Estate; (ii) the Official Stanford Investors Committee (the "Committee"); and (iii) Philip Wilkinson and Pam Reed (the "Investor Plaintiffs") (the Receiver, the Committee, and the Investor Plaintiffs are collectively referred to as the "Plaintiffs"); and, on the other hand, (iv) BDO USA, LLP ("BDO USA"), BDO International Ltd. ("BDO International"), BDO Global Coordination, B.V. ("BDO Global"), and Brussels Worldwide Services BVBA ("Brussels Worldwide") (collectively referred to as the "BDO Entities") (Plaintiffs, on the one hand, and the BDO Entities, on the other hand, are referred to in this Agreement individually as a "Party" and together as the "Parties");

**WHEREAS,** on February 16, 2009, the Securities and Exchange Commission filed Civil Action No. 3:09-cv-00298-N, *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.*, (N.D. Tex.) (the "SEC Action"), alleging that Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, and Stanford Financial Group (the "Defendants") had engaged in a fraudulent scheme affecting tens of thousands of customers from over one hundred countries;

**WHEREAS,** in an order dated February 16, 2009, in the SEC Action (ECF No. 10), the United States District Court for the Northern District of Texas assumed exclusive jurisdiction and took possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, of the Defendants and all entities they owned or controlled (the "Receivership Assets"), and the books and records, client lists,

1



account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones, personal digital devices and other informational resources of or in possession of the Defendants, or issued by Defendants and in possession of any agent or employee of the Defendants (the "Receivership Records");

WHEREAS, in that same order (ECF No. 10), Ralph S. Janvey was appointed Receiver (the "Receiver") for the Receivership Assets and the Receivership Records (collectively, the "Receivership Estate") with the full power of an equity receiver under common law as well as such powers as are enumerated in that order, as amended by an order in that same matter, dated March 12, 2009 (ECF No. 157), and as further amended by an order entered in that same matter, dated July 19, 2010 (ECF No. 1130);

WHEREAS, Ralph Janvey has served as Receiver continuously since his appointment and continues to so serve;

WHEREAS, John J. Little was appointed to serve as Examiner (the "Examiner") by an order entered in the SEC Action, dated April 20, 2009 (ECF No. 322, the content of which is incorporated as though fully set forth in this Agreement), to assist the Court in considering the interests of the worldwide investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any defendants in the SEC Action;

WHEREAS, John Little has served as Examiner continuously since his appointment and continues to so serve;

WHEREAS, the Committee was created pursuant to an order entered in the SEC Action, dated August 10, 2010 (ECF No. 1149), to represent the customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank,

EXECUTION COPY

Ltd. and/or were holding certificates of deposit issued by Stanford International Bank, Ltd. (the "Stanford Investors");

**WHEREAS**, by that same order (ECF No. 1149) the Examiner was named as the initial Chairperson of the Committee;

**WHEREAS**, the Examiner has served as Chairperson of the Committee continuously since his appointment and continues to so serve;

**WHEREAS**, on May 26, 2011, the Investor Plaintiffs filed Civil Action No. 3:11-cv-01115-N, *Philip Wilkinson and Pam Reed, individually and on behalf of a class or classes of all others similarly situated, v. BDO USA, LLP, et al.* (N.D. Tex.) (the "Investor Litigation") alleging, *inter alia*, that the BDO Entities aided and abetted violations of the Texas Securities Act, participated in or aided and abetted breaches of fiduciary duties, and aided and abetted or participated in a fraudulent scheme and a conspiracy;

**WHEREAS**, on February 27, 2012, the Receiver executed an assignment, a true and correct copy of which is attached hereto as Exhibit A, assigning to the Committee all assignable claims and causes of action existing under applicable law that the Receiver might own against the BDO Entities;

**WHEREAS**, on May 9, 2012, the Committee filed Civil Action No. 3:12-cv-01447-N, *The Official Stanford Investors Committee v. BDO USA, LLP, et al.* (N.D. Tex.) (the "Committee Litigation") alleging, *inter alia*, that the BDO Entities were negligent; grossly negligent; negligently retained personnel; negligently supervised personnel; aided, abetted or participated in breaches of fiduciary duty; aided, abetted or participated in a fraudulent scheme; and aided, abetted or participated in fraudulent transfers;

EXECUTION COPY

APP 0003

WHEREAS, BDO USA, BDO International, BDO Global, and Brussels Worldwide each expressly deny any and all allegations of wrongdoing, fault, liability or damages whatsoever and are entering into this Agreement to avoid the burden, expense, and risks of litigation;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law relating to the Investor Litigation and the Committee Litigation and after considering the results of that investigation and the benefits of this Settlement, as well as the burden, expense, and risks of litigation, have concluded that a settlement with the BDO Entities under the terms set forth below is fair, reasonable, adequate, and in the best interests of the Plaintiffs, the Stanford Investors, the Interested Parties, and all Persons affected by the Stanford Entities, and have agreed to enter into the Settlement and this Agreement, and to use their best efforts to effectuate the Settlement and this Agreement;

WHEREAS, the Parties desire to fully, finally, and forever compromise and effect a global settlement and discharge of all claims, disputes, and issues between them;

WHEREAS, the Parties have engaged in extensive, good faith, arm's-length negotiations, including participation by representatives of the Parties in mediation with former United States District Judge Layn Phillips, leading to this Agreement;

WHEREAS, absent this Settlement, the Committee Litigation and the Investor Litigation would have taken years and cost the Parties millions of dollars to litigate to a final judgment, appeals would likely have resulted, and the outcome would have been uncertain;

WHEREAS, the Examiner, both in his capacity as Chairperson of the Committee and in his capacity as the Court-appointed Examiner, participated in the negotiation of the Settlement;

4                                        EXECUTION COPY

APP 0004

WHEREAS, the Committee has approved this Agreement and the terms of the Settlement, as evidenced by the signature hereon of the Examiner in his capacity as Chairperson of the Committee;

WHEREAS, the Examiner, in his capacity as Examiner, has reviewed this Agreement and the terms of the Settlement and, as evidenced by his signature hereon, has approved this Agreement and the terms of the Settlement and will recommend that this Agreement, and the terms of the Settlement be approved by the Court and implemented;[1] and

WHEREAS, the Receiver has reviewed and approved this Agreement and the terms of the Settlement, as evidenced by his signature hereon;

NOW, THEREFORE, in consideration of the agreements, covenants and releases set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

I.    **Agreement Date**

1.    This Agreement shall take effect once all Parties have signed the Agreement, and as of the date of execution by the last Party to sign the Agreement (the "Agreement Date").

II.    **Terms Used in this Agreement**

The following terms, as used in this Agreement, the Bar Order, and the Judgment and Bar Order, have the following meanings:

2.    "Attorneys' Fees" means those fees awarded by the Court to Plaintiffs' counsel from the Settlement Amount pursuant to the terms of the applicable engagement agreements.

---

[1] The Examiner has also executed this Agreement to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the BDO Settlement, the Committee Litigation or the Investor Litigation.

EXECUTION COPY

APP 0005

3.     "BDO Released Parties" means the BDO Entities, and each of their respective past, present, and future directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, direct and indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors in interest, successors, and successors in interest. Notwithstanding the foregoing, "BDO Released Parties" shall not include any Person, other than the BDO Entities, who is on the Agreement Date a named defendant in any litigation filed by any of the Plaintiffs, and shall not include any Person who becomes employed by, related to, or affiliated with the BDO Entities after the Agreement Date and whose liability, if any, arises out of or derives from actions or omissions before becoming employed by, related to, or affiliated with the BDO Entities.

4.     "Claim" means a Person's potential or asserted right to receive funds from the Receivership Estate arising from or relating to the deposit of funds in or the purchase of a CD from Stanford International Bank, Ltd.

5.     "Claimant" means any Person who has submitted a Claim to the Receiver or to the Joint Liquidators.

6.     "Confidential Information" means the communications and discussions in connection with the negotiations that led to the Settlement and this Agreement. Confidential Information also includes the existence and terms of the Settlement and this Agreement, but only until the filing of this Agreement and related documents with the Court.

7.     "Court" means the United States District Court for the Northern District of Texas, Judge David C. Godbey, currently presiding.

EXECUTION COPY

APP 0006

8.      "Distribution Plan" means the plan hereafter approved by the Court for the distribution of the Settlement Amount (net of any attorneys' fees or costs that are awarded by the Court) to Stanford Investors who, as of the date of the approval of the Distribution Plan, have had their Claims allowed by the Receiver ("Allowed Claims"). Any Stanford Investor who has not submitted a Claim to either the Receiver or the Joint Liquidators as of the date of the Notice sent pursuant to the Scheduling Order required by Paragraph 29 of this Agreement ("Outstanding Claims"), may seek to participate in the Distribution Plan, and potentially to participate in future distributions of funds obtained by the Receivership as a result of future litigation settlements or recoveries, by submitting a Proof of Claim Form substantially in the form of the document attached as Exhibit B within seventy-five (75) days (the "Outstanding Claim Deadline") of the Court's entry of the Scheduling Order. Outstanding Claims submitted on or before the Outstanding Claim Deadline shall be subject to review and determination by the Receiver.

9.      "Settlement Effective Date" means the date on which the last of all of the following have occurred:

a.      entry in the SEC Action of a bar order including findings under Federal Rule of Civil Procedure 54(b) and in exactly the form attached hereto as Exhibit C (the "Bar Order"), with no revisions, additions, deletions or amendment (except that the blanks in the form may be filled in as appropriate by the Court);

b.      entry in the Committee Litigation of a judgment and bar order in exactly the form attached hereto as Exhibit D (the "Judgment and Bar Order"), with no revisions, additions, deletions or amendment (except that the blanks in the form may be filled in as appropriate by the Court); and

c.      the Bar Order and the Judgment and Bar Order have both become Final.

EXECUTION COPY

APP 0007

10.   "Final" means unmodified after the conclusion of, or expiration of any right of any Person to pursue, any and all possible forms and levels of appeal, reconsideration, or review, judicial or otherwise, including by a court or Forum of last resort, wherever located, whether automatic or discretionary, whether by appeal or otherwise. The Bar Order including findings under Federal Rule of Civil Procedure 54(b) will become Final as set forth in this paragraph as though such an order was entered as a judgment at the end of a case, and the continuing pendency of the SEC Action shall not be construed as preventing such an order from becoming Final.

11.   "Forum" means any court, adjudicative body, tribunal, or jurisdiction, whether its nature is federal, foreign, state, administrative, regulatory, arbitral, local, or otherwise.

12.   "Hearing" means a formal proceeding in open court before the United States District Judge having jurisdiction over the Investor Litigation and the Committee Litigation.

13.   "Interested Parties" means the Receiver; the Receivership Estate; the Committee; the members of the Committee; the Plaintiffs; the Stanford Investors; the Claimants; the Examiner; or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

14.   "Joint Liquidators" means the liquidators appointed by the Eastern Caribbean Supreme Court in Antigua and Barbuda to take control of and manage the affairs and assets of Stanford International Bank, Ltd.

15.   "Notice" means a communication, in substantially the form attached hereto as Exhibit E, describing (a) the material terms of the Settlement; (b) the material terms of this Agreement; (c) the rights and obligations of the Interested Parties with regard to the Settlement

EXECUTION COPY

APP 0008

and this Agreement; (d) the deadline for the filing of objections to the Settlement, the Agreement, the Bar Order, and the Judgment and Bar Order; and (e) the date, time and location of the Hearing to consider final approval of the Settlement, this Agreement, the Bar Order, and the Judgment and Bar Order.

16.    "Person" means any individual, entity, governmental authority, agency or quasi-governmental person or entity, worldwide, of any type, including, without limitation, any individual, partnership, corporation, estate, trust, association, proprietorship, organization, or business, regardless of location, residence, or nationality.

17.    "Plaintiffs Released Parties" means the Investor Plaintiffs, the Receiver, the Examiner, the Committee, and each of their counsel.

18.    "Releasor" means any Person granting a release of any Settled Claim.

19.    "Settled Claim" means any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) any one or more of the BDO Entities' relationship with any one or more of the Stanford Entities; (iv) the BDO Entities' provision of services to the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the

EXECUTION COPY

Committee Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to this Agreement and the Settlement ("Unknown Claims"). Each Releasor expressly waives, releases, and relinquishes any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor acknowledges that he, she, or it may hereafter discover facts different from, or in addition to, those which such Releasor now knows or believes to be true with respect to the Settled Claims, but nonetheless agrees that this Agreement, including the releases granted herein, will remain binding and effective in all respects notwithstanding such discovery. Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts. These provisions concerning unknown and unsuspected claims and the inclusion of Unknown Claims in the definition of Settled Claims were separately bargained for and are an essential element of this Agreement and the Settlement.

20. "Settlement" means the agreed resolution of the Settled Claims in the manner set forth in this Agreement.

EXECUTION COPY

APP 0010

21.   "Settlement Amount" means Forty Million Dollars ($40,000,000.00) in United States currency.

22.   "Stanford Entities" means Robert Allen Stanford; James M. Davis; Laura Pendergest-Holt; Gilbert Lopez; Mark Kuhrt; Stanford International Bank, Ltd.; Stanford Group Company; Stanford Capital Management, LLC; Stanford Financial Group; the Stanford Financial Bldg Inc.; the entities listed in Exhibit F to this Agreement; any entity of any type that was, owned, controlled by, or affiliated with Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

23.   "Taxes" means any and all taxes, whether federal, state, local, or other taxes related to the Settlement or the Settlement Amount, and costs incurred in connection with such taxation including, without limitation, the fees and expenses of tax attorneys and accountants.

## III.   Delivery and Management of Settlement Amount

24.   Dismissal of Investor Litigation: Within five (5) business days of the Settlement Effective Date, the Investor Plaintiffs shall file a motion to dismiss with prejudice the Investor Litigation.

25.   Delivery of Settlement Amount: On the later of (a) thirty (30) days after the Settlement Effective Date or (b) thirty (30) days after the dismissal of the Investor Litigation with prejudice, BDO USA shall deliver the Settlement Amount to the Receiver by wire transfer in accordance with wire transfer instructions provided by the Receiver for purposes of receiving the payment. In the event that the condition of the first sentence of Paragraph 26 has become operative, delivery of the Settlement Amount to the Receiver by the Escrow Agent shall satisfy BDO USA's payment obligation set forth in this paragraph.

11                              EXECUTION COPY

26.   Escrow of Settlement Amount During Appeal: In the event any Person appeals any order required under Paragraph 9 of this Agreement prior to the Settlement Effective Date, BDO-USA shall deliver the Settlement Amount, within thirty (30) days of the first-filed notice of appeal, to an escrow agent mutually identified and agreed to by the Parties ("Escrow Agent"). The Escrow Agent shall maintain the Settlement Amount in an interest-bearing account ("Escrow Account"). The Parties shall enter into a reasonable escrow agreement with the Escrow Agent as necessary to carry out the terms of this Agreement, which escrow agreement shall expressly require the Escrow Agent to deliver funds from the Escrow Account as set forth in this paragraph and in Paragraph 25 of this Agreement, and which escrow agreement shall contain such other reasonable and customary terms applicable to such agreements that are also consistent with all other terms of this Agreement. Any amount in the Escrow Account exceeding the Settlement Amount shall be returned to BDO USA. Nothing herein shall require BDO USA to pay or release any amount to the Receiver prior to the Settlement Effective Date, nor shall anything in this paragraph limit or alter the terms set forth in Paragraphs 24 and 25 of this Agreement. Further, if any Party exercises its rights under Paragraph 35 of this Agreement after BDO-USA funds the Escrow Account, the full balance of the Escrow Account shall be returned within ten (10) days to BDO USA.

**IV.   Use of Settlement Amount**

27.   Management and Distribution of Settlement Amount: If and when the Settlement Amount is delivered to the Receiver pursuant to the terms of this Agreement, the Receiver shall receive and take custody of the Settlement Amount and shall maintain, manage and distribute the Settlement Amount in accordance with the Distribution Plan and under the supervision and direction and with the approval of the Court. The Receiver shall be responsible for all Taxes, fees

12                    Execution Copy

and expenses that may be due with respect to the Settlement Amount or the management, use, administration or distribution of the Settlement Amount.

28.    No Liability: The BDO Entities and the BDO Released Parties shall have no liability, obligation, or responsibility whatsoever with respect to the investment, management, use, administration, or distribution of the Settlement Amount or any portion thereof, including, but not limited to, the costs and expenses of such investment, management, use, disbursement, or administration of the Settlement Amount, and any Taxes arising therefrom or relating thereto.

**V.    Motion for Scheduling Order, Bar Order, and Judgment and Bar Order and Form and Procedure for Notice**

29.    Motion: Within fifteen (15) days after the Agreement Date, Plaintiffs shall submit to the Court a motion requesting entry of an order substantially in the form attached hereto as Exhibit G (the "Scheduling Order") (a) preliminarily approving the Settlement; (b) approving the content and plan for publication and dissemination of Notice; (c) setting the date by which any objection to the Settlement or this Agreement must be filed; and (d) scheduling a Hearing to consider final approval of the Settlement and entry of the orders required by Paragraph 9 of this Agreement. With respect to the content and plan for publication and dissemination of Notice, Plaintiffs will propose that Notice in substantially the form attached hereto as Exhibit E, be sent via electronic mail, first class mail or international delivery service to all Interested Parties; sent via electronic service to all counsel of record for any Person who has been or is, at the time of Notice, a party in any case included in MDL No. 2099, *In re: Stanford Entities Securities Litigation* (N.D. Tex.) (the "MDL"), the SEC Action, the Investor Litigation, or the Committee Litigation who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV-5.1(d); sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who has been or is, at the time of service, a party in

EXECUTION COPY

any case included in the MDL, the SEC Action, the Investor Litigation, or the Committee Litigation; and posted on the websites of the Receiver and the Examiner along with complete copies of this Agreement and all filings with the Court relating to the Settlement, this Agreement, and approval of the Settlement. Plaintiffs will further propose that Notice in substantially the form attached hereto as Exhibit H be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*. In advance of filing the motion papers to accomplish the foregoing, Plaintiffs shall provide the BDO Entities with a reasonable opportunity to review and comment on such motion papers.

30.     Notice Preparation and Dissemination: The Receiver shall be responsible for the preparation and dissemination of the Notice pursuant to this Agreement and as directed by the Court. In the absence of intentional refusal by the Receiver to prepare and disseminate Notice pursuant to this Agreement or a court order, no Interested Party or any other Person shall have any recourse against the Receiver with respect to any claims that may arise from or relate to the Notice process. In the case of intentional refusal by the Receiver to prepare and disseminate Notice pursuant to this Agreement or a court order, no Interested Party or any other Person shall have any claim against the Receiver other than the ability to seek specific performance.

31.     No Recourse Against BDO: No Interested Party or any other Person shall have any recourse against the BDO Entities or the BDO Released Parties with respect to any claims that may arise from or relate to the Notice process.

32.     Motion Contents: In the motion papers referenced in Paragraph 29 above, Plaintiffs shall request that the Court, *inter alia*:

      a.     approve the Settlement and its terms as set out in this Agreement;

EXECUTION COPY

b.     enter an order finding that this Agreement and the releases set forth herein are final and binding on the Parties;

c.     enter in the SEC Action a Bar Order in exactly the form attached hereto as Exhibit C; and

d.     enter in the Committee Litigation a Judgment and Bar Order in exactly the form attached hereto as Exhibit D.

33.     <u>Parties to Advocate</u>: The Parties shall take all reasonable steps to advocate for and encourage the Court as well as the Interested Parties to accept the terms of this Agreement.

34.     <u>No Challenge</u>: No Party shall challenge the approval of the Settlement, and no Party will encourage or assist any Interested Party in challenging the Settlement.

**VI.     Rescission if the Settlement is Not Finally Approved or the Bar Order and Judgment and Bar Order are Not Entered**

35.     <u>Right to Withdraw</u>: The Parties represent and acknowledge that the following were necessary to the Parties' agreement to this Settlement, are each an essential term of the Settlement and this Agreement, and that the Settlement would not have been reached in the absence of these terms: (a) Court approval of the Settlement and the terms of this Agreement without amendment or revision; (b) entry by the Court of the Bar Order in the SEC Action in exactly the form attached hereto as Exhibit C, with no revisions, additions, deletions, or amendment (except that the blanks in the form may be filled in as appropriate by the Court); (c) entry by the Court of the Judgment and Bar Order in the Committee Litigation in exactly the form attached hereto as Exhibit D, with no revisions, additions, deletions, or amendment (except that the blanks in the form may be filled in as appropriate by the Court); and (d) all such approvals and orders becoming Final, pursuant to Paragraphs 9 and 10 of this Agreement. If the Court does not provide the approvals described in (a); if the Court refuses to enter the bar orders

15

described in (b) or (c); or if the final result of any appeal from the approvals and orders described in (a), (b), or (c) is that any of the approvals or orders are not affirmed, in their entirety and without modification or limitation, then any Party has the right to withdraw its agreement to the Settlement and to this Agreement. In the event that any Party withdraws its agreement to the Settlement or this Agreement as allowed in this paragraph, this Agreement will be null and void and of no further effect whatsoever, shall not be admissible in any ongoing or future proceedings for any purpose whatsoever, and shall not be the subject or basis for any claims by any Party against any other Party. If any Party withdraws from this Agreement pursuant to the terms of this paragraph, then each Party shall be returned to such Party's respective position immediately prior to such Party's execution of the Agreement.

## VII.  **Distribution Plan**

36.  <u>Duties</u>: The Receiver, with the approval and guidance of the Court, shall be solely responsible for preparing, filing a motion seeking approval of, and implementing the Distribution Plan including, without limitation, receiving, managing and disbursing the Settlement Amount. The Receiver owes no duties to the BDO Entities or the BDO Released Parties in connection with the distribution of the Settlement Amount or the Distribution Plan, and if the Receiver complies with all orders issued by the Court relating to the Distribution Plan neither the BDO Entities nor the BDO Released Parties may assert any claim or cause of action against the Receiver in connection with the distribution of the Settlement Amount or the Distribution Plan. In no event will the Receiver or the Receivership Estate be liable for damages or the payment or re-payment of funds of any kind as a result of any deficiency associated with the distribution of the Settlement Amount or the Distribution Plan.

EXECUTION COPY

**APP 0016**

37.   Distribution by Check: The Receiver must include the following statement, without alteration, on the reverse of all checks sent to Stanford Investors pursuant to the Distribution Plan, above where the endorser will sign:

> BY ENDORSING THIS CHECK, I RELEASE ALL CLAIMS, KNOWN OR NOT, AGAINST BDO USA, LLP, ITS PARTNERS AND EMPLOYEES ARISING FROM OR RELATING TO STANFORD INTERNATIONAL BANK, LTD. AND ACCEPT THIS PAYMENT IN FULL SATISFACTION THEREOF.

38.   No Responsibility: The BDO Entities and the BDO Released Parties shall have no responsibility, obligation, or liability whatsoever with respect to the terms, interpretation or implementation of the Distribution Plan; the administration of the Settlement; the management, investment or disbursement of the Settlement Amount or any other funds paid or received in connection with the Settlement; the payment or withholding of Taxes that may be due or owing by the Receiver or any recipient of funds from the Settlement Payment; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Settlement or this Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. As of the Settlement Effective Date, the Plaintiffs, the Plaintiffs Released Parties, the Interested Parties, and all other individuals, persons or entities Plaintiffs represent or on whose behalf Plaintiffs have been empowered to act by any court fully, finally, and forever release, relinquish, and discharge the BDO Entities and the BDO Released Parties from any and all such responsibility, obligation and liability.

## VIII.   Releases, Covenant Not to Sue, and Permanent Injunction

39.   Release of BDO Released Parties: As of the Settlement Effective Date, each of the Plaintiffs, including, without limitation, the Receiver on behalf of the Receivership Estate

EXECUTION COPY

APP 0017

(other than the natural persons listed in Paragraph 22 of this Agreement), fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against the BDO Entities and the BDO Released Parties.

40.    Release of Plaintiffs Released Parties: As of the Settlement Effective Date, the BDO Entities fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against Plaintiffs Released Parties.

41.    No Release of Obligations Under Agreement: Notwithstanding anything to the contrary in this Agreement, the releases in the two foregoing paragraphs do not release the Parties' rights and obligations under this Agreement or the Settlement nor bar the Parties from enforcing or effectuating this Agreement or the Settlement.

42.    Covenant Not to Sue: Effective as of the Agreement Date, Plaintiffs and their respective counsel covenant not to, directly or indirectly, or through a third party, institute, reinstitute, initiate, commence, maintain, continue, file, encourage, solicit, support, participate in, collaborate in, or otherwise prosecute against any of the BDO Released Parties any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, concerning the Settled Claims, whether in a court or any other Forum. Effective as of the Agreement Date, the BDO Entities and their respective counsel covenant not to, directly or indirectly, or through a third party, institute, reinstitute, initiate, commence, maintain, continue, file, encourage, solicit, support, participate in, collaborate in, or otherwise prosecute against any of the Plaintiffs Released Parties any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, concerning the Settled Claims, whether

18                     EXECUTION COPY

in a court or any other Forum. Notwithstanding the foregoing, however, the Parties retain the right to sue for alleged breaches of this Agreement.

## IX.   Dismissals

43.     It shall be a condition precedent to BDO USA paying or releasing any amount of the Settlement Amount to the Receiver, including any funds deposited in the Escrow Account as required by Paragraph 26 of this Agreement, that the Investor Litigation be dismissed with prejudice, with the Parties paying their own fees and costs.

## X.   Representations and Warranties

44.     No Assignment, Encumbrance, or Transfer: The Plaintiffs, other than the Receiver, represent and warrant that they are the owners of the Settled Claims and that they have not, in whole or in part, assigned, encumbered, sold, pledged as security, or in any manner transferred or compromised the Settled Claims against the BDO Entities and the BDO Released Parties. The Receiver represents and warrants that, other than assigning the Settled Claims against the BDO Entities to the Committee, he has not, in whole or in part, assigned, encumbered, sold, pledged as security, or in any manner transferred or compromised the Settled Claims against the BDO Entities and the BDO Released Parties.

45.     Authority: Each person executing this Agreement or any related documents represents and warrants that he or she has the full authority to execute the documents on behalf of the entity each represents and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms. The Committee represents and warrants that the Committee has approved this Agreement in accordance with the by-laws of the Committee.

EXECUTION COPY

APP 0019

XI.     **No Admission of Fault or Wrongdoing**

46.     The Settlement, this Agreement, and the negotiation thereof shall in no way constitute, be construed as, or be evidence of an admission or concession of any violation of any statute or law; of any fault, liability or wrongdoing; or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses asserted or that could have been asserted in the Investor Litigation, the Committee Litigation, or any other proceeding in any Forum. The Settlement and this Agreement are a resolution of disputed claims in order to avoid the risk and expense of protracted litigation. The Settlement, this Agreement, and evidence thereof shall not be used, directly or indirectly, in any way, in the Investor Litigation, the Committee Litigation, the SEC Action, or in any other proceeding, other than to enforce the terms of the Settlement and this Agreement.

XII.    **Confidentiality**

47.     Confidentiality: Except as necessary to obtain Court approval of this Agreement, to provide the Notices as required by this Agreement, or to enforce the terms of the Settlement and this Agreement, the Parties will keep confidential and shall not publish, communicate, or otherwise disclose, directly or indirectly, in any manner whatsoever, Confidential Information to any Person except that (i) a Party may disclose Confidential Information pursuant to a legal, professional, or regulatory obligation; court order; or lawfully issued subpoena, but only after providing prompt notice to the other Parties so that, to the extent practicable, each Party has the time and opportunity, before disclosure of any Confidential Information, to seek and obtain a protective order preventing or limiting disclosure; and (ii) a Party may disclose Confidential Information based on specific written consent from each of the other Parties. Notwithstanding anything else in this Agreement or otherwise, such consent may be transmitted by e-mail.

EXECUTION COPY

**APP 0020**

## XIII.  **Miscellaneous**

48.     Final and Complete Resolution: The Parties intend this Agreement and the Settlement to be and constitute a final, complete, and worldwide resolution of all matters and disputes between (1) the Plaintiffs Released Parties, and the Interested Parties, on the one hand, and (2) the BDO Released Parties, on the other hand, and this Agreement, including its exhibits, shall be interpreted to effectuate this purpose. The Parties agree not to assert in any Forum that the other Party violated Rule 11 of the Federal Rules of Civil Procedure, or litigated, negotiated, or otherwise engaged in conduct in bad faith or without a reasonable basis in connection with the Investor Litigation, the Committee Litigation, the Settlement or this Agreement.

49.     Binding Agreement: As of the Agreement Date, this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and assigns. No Party may assign any of its rights or obligations under this Agreement without the express written consent of the other Parties.

50.     Incorporation of Recitals: The Recitals contained in this Agreement are essential terms of this Agreement and are incorporated herein for all purposes.

51.     Disclaimer of Reliance: The Parties represent and acknowledge that in negotiating and entering into the Settlement and this Agreement they have not relied on, and have not been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by, on behalf of, or concerning any Party, any agent of any Party, or otherwise, except as expressly set forth in this Agreement. To the contrary, each of the Parties affirmatively represents and acknowledges that the Party is relying solely on the express terms contained within this Agreement. The Parties have each consulted with legal counsel and advisors, have considered the advantages and disadvantages of entering into the

EXECUTION COPY

**APP 0021**

Settlement and this Agreement, and have relied solely on their own judgment and advice of their respective legal counsel in negotiating and entering into the Settlement and this Agreement.

52.      Third-Party Beneficiaries: This Agreement is not intended to and does not create rights enforceable by any Person other than the Parties (or their respective heirs, executors, administrators, successors, and assigns, as provided in Paragraph 49 of this Agreement), except as necessary to effect and enforce the releases and covenants not to sue included herein.

53.      Negotiation, Drafting, and Construction: The Parties agree and acknowledge that they each have reviewed and cooperated in the preparation of this Agreement, that no Party should or shall be deemed the drafter of this Agreement or any provision hereof, and that any rule, presumption, or burden of proof that would construe this Agreement, any ambiguity, or any other matter, against the drafter shall not apply and is waived. The Parties are entering into this Agreement freely, after good faith, arm's-length negotiation, with the advice of counsel, and in the absence of coercion, duress, and undue influence. The titles and headings in this Agreement are for convenience only, are not part of this Agreement, and shall not bear on the meaning of this Agreement. The words "include," "includes," or "including" shall be deemed to be followed by the words "without limitation." The words "and" and "or" shall be interpreted broadly to have the most inclusive meaning, regardless of any conjunctive or disjunctive tense. Words in the masculine, feminine, or neuter gender shall include any gender. The singular shall include the plural and vice versa. "Any" shall be understood to include and encompass "all," and "all" shall be understood to include and encompass "any."

54.      Cooperation: The Parties agree to execute any additional documents reasonably necessary to finalize and carry out the terms of this Agreement. In the event a third party or any Person other than a Party at any time challenges any term of this Agreement or the Settlement,

EXECUTION COPY

APP 0022

including the Bar Order and the Judgment and Bar Order, the Parties agree to cooperate with each other, including using reasonable efforts to make documents or personnel available as needed to defend any such challenge. Further, the Parties shall reasonably cooperate to defend and enforce each of the orders required under Paragraph 9 of this Agreement.

55.    Notice: Any notices, documents, or correspondence of any nature required to be sent pursuant to this Agreement shall be transmitted by both e-mail and overnight delivery to the following recipients, and will be deemed transmitted upon receipt by the overnight delivery service.

If to the BDO Entities:

BDO USA LLP Office of the General Counsel
135 West 50th Street, 23rd Floor
New York, NY 10020
Telephone: 212-855-2001
Fax: 212-885-8116

and

Michael S. Poulos
DLA Piper LLP (US)
203 N. LaSalle St., Suite 1900
Chicago, Illinois 60601-1293
Telephone: 312-368-4000
Fax: 312-236-7516
E-mail: michael.poulos@dlapiper.com

and

James R. Nelson
E-mail: jr.nelson@dlapiper.com
Karl G. Dial
E-mail: karl.dial@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: 214-743-4500
Fax: 214-743-4545

EXECUTION COPY

APP 0023

If to Plaintiffs:

Douglas J. Buncher
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone: 214-840-5320
Fax: 214-840-5301
E-mail: dbuncher@neliganlaw.com

and

John J. Little
Little Pedersen Fankhauser LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
214.573.2307
214.573.2323 fax
E-mail: jlittle@lpf-law.com

and

Ralph Janvey
2100 Ross Ave
Suite 2600
Dallas, TX 75201
E-mail: rjanvey@jkjllp.com

and

Kevin Sadler
Baker Botts
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
E-mail: kevin.sadler@bakerbotts.com

Each Party shall provide notice of any change to the service information set forth above to all

other Parties by the means set forth in this paragraph.

56.     Choice of Law: This Agreement shall be governed by and construed and enforced

in accordance with the laws of the State of Texas applicable to contracts executed in and to be

EXECUTION COPY

APP 0024

performed in that jurisdiction, without regard to the choice of law principles of Texas or any other jurisdiction.

57.     Mandatory, Exclusive Forum Selection Clause: Any dispute, controversy, or claim arising out of or related to the Settlement or this Agreement, including breach, interpretation, effect, or validity of this Agreement, whether arising in contract, tort, or otherwise, shall be brought exclusively in the United States District Court for the Northern District of Texas. With respect to any such action, the Parties irrevocably stipulate and consent to personal and subject matter jurisdiction and venue in such court, and waive any argument that such court is inconvenient, improper, or otherwise an inappropriate forum.

58.     United States Currency: All dollar amounts in this Agreement are expressed in United States dollars.

59.     Timing: If any deadline imposed by this Agreement falls on a non-business day, then the deadline is extended until the next business day.

60.     Waiver: The waiver by a Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

61.     Exhibits: The exhibits annexed to this Agreement are incorporated by reference as though fully set forth in this Agreement.

62.     Integration and Modification: This Agreement sets forth the entire understanding and agreement of the Parties with respect to the subject matter of this Agreement and supersedes all prior agreements, understandings, negotiations, and communications, whether oral or written, with respect to such subject matter. Neither this Agreement, nor any provision or term of this Agreement, may be amended, modified, revoked, supplemented, waived, or otherwise changed except by a writing signed by all of the Parties.

EXECUTION COPY

63.    Agreed Changes: Notwithstanding any other provision of this Agreement, the Parties may consent, but are not obligated to consent, to changes made by the Court to the Scheduling Order, the Notice, the Bar Order, the Judgment and Bar Order, or other filings. Any such consent must be in writing and signed by all Parties or must be agreed to by all Parties on the record in open court.

64.    Counterparts: This Agreement may be executed in one or more counterparts, each of which for all purposes shall be deemed an original but all of which taken together shall constitute one and the same instrument.

**[SIGNATURE PAGES FOLLOW]**

EXECUTION COPY

**APP 0026**

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their

agreement to the foregoing terms.

Ralph Janvey, in his capacity as the
Receiver for the Stanford Receivership
Estate

_____  5/4/15
                              Date

John J. Little, in his capacity as Examiner

_____
                              Date

Official Stanford Investors Committee

_____
By:   John J. Little, Chairperson   Date

_____
Pam Reed                     Date

_____
Philip Wilkinson             Date

27                        EXECUTION COPY

**APP 0027**

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

_____
Date

John J. Little, in his capacity as Examiner

_____ May 1, 2015
Date

Official Stanford Investors Committee

_____ May 1, 2015
By: John J. Little, Chairperson /Date

_____
Pam Reed                    Date

_____
Philip Wilkinson            Date

27                          EXECUTION COPY

APP 0028

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their

agreement to the foregoing terms.

Ralph Janvey, in his capacity as the
Receiver for the Stanford Receivership
Estate

_____
                                                    Date

John J. Little, in his capacity as Examiner

_____
                                                    Date

Official Stanford Investors Committee

_____
By:   John J. Little, Chairperson     Date

_____
Pam Reed                              Date          03 May 2015

_____
Philip Wilkinson                      Date

27                    EXECUTION COPY

APP 0029

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

_____    Date

John J. Little, in his capacity as Examiner

_____    Date

Official Stanford Investors Committee

By:  John J. Little, Chairperson    Date

_____
Pam Reed                            Date

_____  5-4-15
Philip Wilkinson                    Date

                                  EXECUTION COPY

APP 0030

BDO USA, LLP

By: _Wayne Berson_ Date _5/15/15_
Title: _CEO_

BDO International Ltd.

By: _____ Date _____
Title: _____

BDO Global Coordination, B.V.

By: _____ Date _____
Title: _____

Brussels Worldwide Services BVBA

By: _____ Date _____
Title: _____

28

EXECUTION COPY

APP 0031

BDO USA, LLP

By: _____   Date _____
Title:

BDO International Ltd.

By: _____   Date 8 May 2015
Title:   Martin van Roekel
         Chief Executive Officer
         BDO International Limited

BDO Global Coordination, B.V.

By: MARTIN VAN ROEKEL   Date 8 May 2015
Title: DIRECTOR

Brussels Worldwide Services BVBA

By: _____   Date 8 May 2015
Title:   Bashir Dian
         Head of Legal Department
         Brussels Worldwide Services BVBA

28                              EXECUTION COPY

## ASSIGNMENT

By this agreement made by and between RALPH S. JANVEY (The "Receiver"), in his capacity as COURT APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, L.T.D., STANFORD GROUP COMPANY, STANFORD CAPITAL MANAGEMENT, LLC, ALLEN STANFORD, JAMES M. DAVIS, LAURA PENDERGEST-HOLT, STANFORD FINANCIAL GROUP, THE STANFORD FINANCIAL GROUP BLDG., INC., and all other entities now or previously owned or controlled by the foregoing persons and entities, including, but not limited to Stanford Trust Company, Stanford Fiduciary Investor Services, SFGGM and SFGC ("The Stanford Entities"), and The OFFICIAL STANFORD INVESTORS COMMITTEE, which was formed pursuant to the August 10, 2010 Order of the Court in Case No. 3:09-cv-0298-N, Doc. 1149 (the "Committee Order"); respectively, the parties agree as follows:

1.      For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, the Receiver, to the extent not prohibited by law, does hereby irrevocably transfer, convey and assign to the Official Stanford Investors Committee any and all assignable claims and causes of action existing under applicable law that the Receiver might own against BDO SEIDMAN and its Affiliates, including but not limited to BDO USA, LLP, BDO INTERNATIONAL LTD., BDO GLOBAL COORDINATION B.V., and BRUSSELS WORLDWIDE SERVICES BVBA, including but not limited to claims for negligence, fraudulent transfer, and participation/aiding and abetting breach of fiduciary duty owed to the Stanford Entities by said entities' respective former Directors and Officers, and aiding and abetting or conspiracy to commit fraud, conversion and/or fraudulent

transfer. The Receiver specifically retains no portion of these causes of action he might have against the aforementioned and listed persons and entities.

2.    The Receiver specifically agrees that The Official Stanford Investors Committee may file any and all causes of action based upon the assignment herein in its own name but not in the name of the Receiver. The Receiver further assigns to The Official Stanford Investors Committee an irrevocable power of attorney to act for and on his behalf in connection with the prosecution of any cause of action assigned herein.

3.    Notwithstanding any other provision herein, this assignment is intended to be consistent with and pursuant to the terms of the Committee Order and the letter agreement between the Receiver and the Official Stanford Investors Committee dated December 16, 2010. To the extent this agreement is inconsistent with said Committee Order or letter agreement, the Committee Order and letter agreement will control.

Dated: February 27, 2012

Ralph S. Janvey, as Receiver

Edward C. Snyder
*Attorney for The Official Stanford Investors Committee*

2

| Official<br>Office<br>Use<br>Only | |
|---|---|

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

SEC v. Stanford International Bank, Ltd., ET AL.
Case No. 3:09-CV-0298-N

PROOF OF CLAIM FORM

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

Must Be Postmarked
No Later Than
_____ , _____

**STANFORD**

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.

First Name

○ IRA
Company Name or Custodian Name if an IRA

Account #

Date of Birth
M M    D D    Y Y Y Y

Social Security Number    or    Taxpayer Identification Number

Telephone Number (Work)    Telephone Number (Home)

Email Address

**MAILING INFORMATION**

Address

Address

City    State    Zip Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| For Claims<br>Processing<br>Only | | | ○ ATP<br>○ XR | ○ XW<br>○ XPE<br>○ XM<br>○ XM | ○ TL<br>○ XEC<br>○ XBD | ○ OP<br>○ XH<br>○ XR | M M / D D / Y Y Y Y | For Claims<br>Processing<br>Only |

3

**Exhibit B**
APP 0035

## PART II.  STANFORD RECEIVERSHIP ENTITIES

Please identify, by filling the appropriate circle, the Stanford Entity against whom this claim is asserted:

**STANFORD ENTITIES:**

- ○ A: Stanford International Bank, Ltd.
- ○ B: Stanford Group Company
- ○ C: Stanford Capital Management, LLC
- ○ D: Stanford Trust Company
- ○ E: Stanford Financial Group Company
- ○ F: Stanford Coins & Bullion, Inc.
- ○ G: Other (Please see www.stanfordfinancialclaims.com for a complete list of Stanford Entities)

## PART III.  TYPE OF CLAIM

Please select one claim type from the below options by filling in the appropriate circle.
(Note: A separate Proof of Claim must be submitted for each claim type).

**TYPE OF CLAIM:**

- ○ A: Stanford International Bank, Ltd. CD Claim
- ○ B: Other Stanford International Bank Claim
- ○ C: Coin & Bullion Claim
- ○ D: Partnership Claim
- ○ E: Brokerage Account Claim
- ○ F: Stanford Development Company Claim
- ○ H: Services Claim
- ○ I: Real Estate Claim
- ○ J: Loan Claim
- ○ K: Tax Claim
- ○ L: Employment Compensation Claim (fill out below)

Unpaid compensation for services performed from:

M M / D D / Y Y Y Y  to  M M / D D / Y Y Y Y

- ○ M: Other Claim: _____
  (Please describe or attach pages to additional information)

**SECURED CLAIM:**

- ○ Secured Party. Mark the circle if you contend your claim is subject to a security interest. Attach copies of all documents that evidence the claim of secured status, including promissory notes, mortgages, security agreements, and evidence of perfection of lien.

**ASSERTED VALUE OF COLLATERAL:**

$ _____ . 0 0

**DESCRIPTION OF COLLATERAL:**

If Court Judgment, Date Obtained:  M M / D D / Y Y Y Y

If Legal Action Pending, Date Commenced, Court Name, and Case No.:  M M / D D / Y Y Y Y

4

**Exhibit B**
APP 0036

### INVESTMENTS / TRANSACTIONS /OTHER CLAIM AMOUNT

Transaction Date(s)
(List Chronologically)

Transaction Amount

|  | M M | D D | Y Y Y Y |  | Transaction Amount |
|---|---|---|---|---|---|
| 1. |  |  |  | $ | . 0 0 |
| 2. |  |  |  | $ | . 0 0 |
| 3. |  |  |  | $ | . 0 0 |
| 4. |  |  |  | $ | . 0 0 |
| 5. |  |  |  | $ | . 0 0 |

### RETURN OF INVESTMENT / PROCEEDS / OR OTHER CREDIT

Transaction Date(s)
(List Chronologically)

Transaction Amount

|  | M M | D D | Y Y Y Y |  | Transaction Amount |
|---|---|---|---|---|---|
| 1. |  |  |  | $ | . 0 0 |
| 2. |  |  |  | $ | . 0 0 |
| 3. |  |  |  | $ | . 0 0 |
| 4. |  |  |  | $ | . 0 0 |
| 5. |  |  |  | $ | . 0 0 |

**TOTAL AMOUNT OF CLAIM:**
$ [ ] . 0 0

Please completely fill in the circle below if the question applies.

○ Were you ever an employee, officer or director of a receivership entity? If so, please identify the receivership entity and provide the dates of your employment or work, your title and your responsibilities:

Please completely fill in the circle below if the question applies.

○ Are you now or were you ever related to any person who worked for or with a receivership? If so, please identify the person to whom you are/were related and describe the relationship:

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**Exhibit B**
**APP 0037**

## PART IV. DECLARATIONS & SIGNATURE

SUPPORTING DOCUMENTATION: Please attach to your Proof of Claim Form only documents that support your Proof of Claim Forms. Such documentation may include, but is not limited to: copies of personal checks, cashiers checks, wire transfer advices, Stanford International Bank, Ltd. account statements and other documents evidencing the investment or payment of funds; a copy of your Stanford International Bank, Ltd. certificate of deposit, and any written contract or agreement made in connection with any investment in or with any Receivership Entity; a chronological accounting of all money received by the Claimant from any Receivership Entity or the Receiver, whether such payments are denominated as the return of principal, interest, commissions, finder's fee, sponsor payments, or, otherwise; copies of all documentation and records reflecting or regarding any withdrawals ever made by or payments received by the Claimant from any Receivership Entity or the Receiver; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of lien; and other documents evidencing the amount and basis of the Claim. DO NOT SEND ORIGINAL DOCUMENTS. If such documentation is not available, please attach an explanation of why the documents are unavailable.

Please do not submit the following types of materials with a Proof of Claim Forms unless requested by the Receiver or his Claims Agent: (1) marketing brochures and other marketing materials received from Receivership Entities; (2) routine or form correspondence received from Receivership Entities; (3) copies of pleadings on file in any case involving the Receiver or the Receivership Entities; and (4) other documents received from Receivership Entities that do not reflect Claimant specific information concerning the existence or value of a Claim.

VERIFICATION OF CLAIMS: All Proof of Claim Forms submitted are subject to verification by the Receiver and approval by the Court. It is important to provide complete and accurate information to facilitate this effort. Claimants may be asked to supply additional information to complete this process

CONSENT TO JURISDICTION: By submitting your Proof of Claim Form, you consent to the jurisdiction of the United States District Court for the Northern District of Texas for all purposes and agree to be bound by its decisions, including, without limitation, a determination as to the validity and amount of any claims asserted against the Receivership Entities. In submitting your Proof of Claim Form, you agree to be bound by the actions of the United States District Court for the Northern District of Texas even if that means your claim is limited or denied.

_____        _____
(Sign your name here)                                (Date)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g.,
Beneficial Purchaser or Acquirer, Executor or Administrator)

Submit your Proof of Claim Form and supporting documentation to the Receiver's Claims Agent: (1) electronically online at www.stanfordfinancialclaims.com; (2) By email at info@stanfordfinancialclaims.com; (3) by mail to Stanford Financial Claims, P.O. Box 990, Corte Madera, CA 94976-0990; (4) by courier service or hand delivery to Stanford Financial Claims, 3301 Kerner Blvd, San Rafael, CA 94912; or (5) by facsimile or by telecopy to 415-258-9639.

Reminder Checklist:

1. Please sign the above declaration.

2. Remember to attach supporting documentation, if available.

3. Keep a copy of your claim form and all supporting documentation for your records.

4. If you move, please send the Claims Agent your new address.



**Exhibit B**
**APP 0038**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § | |

## FINAL BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to
Approve Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of
Settlement with BDO USA, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar
Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of Ralph S. Janvey, the Receiver for the
Receivership Estate (the "Receiver"); the Court-appointed Official Stanford Investors Committee
(the "Committee"), as a party to this action and as plaintiff in *The Official Stanford Investors
Committee v. BDO USA, LLP, et al.*, Civil Action No. 3:12-cv-01447-N (the "Committee
Litigation"); and Phillip A. Wilkinson and Pam Reed (the "Investor Plaintiffs"), the plaintiffs in
*Philip Wilkinson, et al. v. BDO USA, LLP, et al.*, Civil Action No. 3:11-CV-01115-N (the
"Investor Litigation") (collectively, the Committee and the Investor Plaintiffs are the
"Plaintiffs"). [ECF No. ____]. The Motion concerns a proposed settlement (the "BDO
Settlement") among and between the Plaintiffs, the Receiver, and BDO USA, LLP and other
BDO entities[1] (the "BDO Entities") as defendants in the Committee Litigation and the Investor

---

[1] BDO International Ltd. ("BDO International"), BDO Global Coordination, B.V. ("BDO Global"), and Brussels
Worldwide Services BVBA ("Brussels Worldwide").

Exhibit C
APP 0039

Litigation.  The Court-appointed Examiner signed the BDO Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the BDO Settlement, the Committee Litigation, or the Investor Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I. INTRODUCTION

The Investor Litigation, the Committee Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 17, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the BDO Entities, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Investor Litigation, the Investor Plaintiffs allege, *inter alia*, that the BDO Entities aided and abetted violations of the Texas Securities Act, participated in or aided and abetted breaches of fiduciary duties, and aided and abetted or participated in a fraudulent scheme and a conspiracy. In the Committee Litigation, the Committee alleges, *inter alia*, that the BDO Entities breached professional duties; aided, abetted or participated in breaches of fiduciary duty; aided, abetted or participated in a fraudulent scheme; and aided, abetted or participated in fraudulent transfers.

Lengthy, multiparty negotiations followed the retention of Neligan Foley, LLP as lead counsel for the Committee in the Committee Litigation. In these negotiations, potential victims

---

[2] The "BDO Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

FINAL BAR ORDER          2

**Exhibit C**
**APP 0040**

of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (ECF No. 322)—all participated in the extensive, arm's-length negotiations that ultimately resulted in the BDO Settlement and BDO Settlement Agreement. Although the parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips in August 2014, it took more than eight months of continued efforts to negotiate and document the terms of the BDO Settlement Agreement. The parties executed the BDO Settlement Agreement on May __, 2015.

Under the terms of the BDO Settlement, the BDO Entities will pay $40 million to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the BDO Entities seek global peace with respect to all claims that have been asserted, or could have been asserted, against the BDO Entities arising out of the events leading to these proceedings. Accordingly, the BDO Settlement is conditioned on the Court's approval and entry of this Final Bar Order enjoining Interested Parties from asserting or prosecuting claims against the BDO Released Parties.

On May __, 2015, the Receiver and the Committee filed the Motion. [ECF No. _____]. The Court thereafter entered a Scheduling Order on May __, 2015 [ECF No. _____], which, *inter alia*, authorized the Receiver to provide notice of the BDO Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2015, the Court held the

FINAL BAR ORDER                                         3

**Exhibit C**
**APP 0041**

scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the BDO

Settlement Agreement are adequate, fair, reasonable, and equitable, and that the BDO Settlement

should be and is hereby **APPROVED**. The Court further finds that entry of this Final Bar Order

is appropriate.

## II. ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

    1.    Terms used in this Final Bar Order that are defined in the BDO Settlement

Agreement, unless expressly otherwise defined herein, have the same meaning as in the BDO

Settlement Agreement.

    2.    The Court has "broad powers and wide discretion to determine the appropriate

relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v.*

*Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court

has jurisdiction over the subject-matter of this action and the Receiver and the Committee are

proper parties to seek entry of this Final Bar Order.

    3.    The Court finds that the methodology, form, content and dissemination of the

Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances,

to apprise all Interested Parties of the BDO Settlement, the releases therein, and the injunctions

provided for in this Final Bar Order and in the Final Judgment and Bar Order to be entered in the

Committee Litigation; (iv) were reasonably calculated, under the circumstances, to apprise all

Interested Parties of the right to object to the BDO Settlement, this Final Bar Order, and the Final

Judgment and Bar Order to be entered in the Committee Litigation, and to appear at the Final

Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi)

**Exhibit C**
**APP 0042**

met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the BDO Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the BDO Entities contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that Plaintiffs may not ultimately prevail on their claims. By the same token, it is clear that the BDO Entities would never agree to the terms of the BDO Settlement unless they were assured of "total peace" with respect to all claims that have been, or could be, asserted arising from their relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the BDO Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding).

5.      Pursuant to the BDO Settlement Agreement and upon motion by the Receiver, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the BDO Settlement to Stanford Investors who have claims approved by the Receiver.   The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the BDO Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (ECF No. 1584) and the process for submitting

**Exhibit C**
**APP 0043**

Outstanding Claims pursuant to the BDO Settlement Agreement, subject to review and determination by the Receiver.

6.     The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7.     Accordingly, the Court finds that the BDO Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against the BDO Entities, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The BDO Settlement, the terms of which are set forth in the BDO Settlement Agreement, is hereby fully and finally approved.   The Parties are directed to implement and consummate the BDO Settlement in accordance with the terms and provisions of the BDO Settlement Agreement and this Final Bar Order.

8.     Pursuant to the provisions of Paragraph 39 of the BDO Settlement Agreement, as of the Settlement Effective Date, the BDO Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Investor Plaintiffs; the Receiver; the Receivership Estate; the Committee; the Claimants; and the Persons, entities and interests represented by those Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part,

Exhibit C
APP 0044

concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) any one or more of the BDO Entities' relationship with any one or more of the Stanford Entities; (iv) the BDO Entities' provision of services to the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the Committee Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.

9.      Pursuant to the provisions of Paragraph 40 of the BDO Settlement Agreement, as of the Settlement Effective Date, the Plaintiffs Released Parties shall be completely released, acquitted, and forever discharged from all Settled Claims by the BDO Entities.

10.      Notwithstanding anything to the contrary in this Final Bar Order, the foregoing releases do not release the Parties' rights and obligations under the BDO Settlement or the BDO Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the BDO Settlement or the BDO Settlement Agreement.  Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents.

11.      The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the BDO

FINAL BAR ORDER                              7

**Exhibit C**
**APP 0045**

Entities or any of the BDO Released Parties, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Investor Litigation; the Committee Litigation; the subject matter of this case, the Investor Litigation or the Committee Litigation; or any Settled Claim. The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the BDO Settlement Agreement.

12.     Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the BDO Settlement or

**Exhibit C**
**APP 0046**

payment of the Settlement Amount by or on behalf of the BDO Entities and the BDO Released Parties.

13.   The BDO Entities and the BDO Released Parties have no responsibility, obligation, or liability whatsoever with respect to the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the BDO Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the BDO Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the BDO Settlement or the BDO Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the BDO Settlement, the BDO Settlement Agreement or this Final Bar Order.

14.   Nothing in this Final Bar Order or the Settlement Agreement and no aspect of the BDO Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in the Investor Litigation, the Committee Litigation, or any other proceeding.

15.   BDO USA is hereby ordered to deliver the Settlement Amount ($40 million) as described in Paragraphs 24 – 26 of the BDO Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions the BDO Settlement Agreement.

FINAL BAR ORDER                    9

**Exhibit C**
**APP 0047**

16.    Without in any way affecting the finality of this Final Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the BDO Settlement, the BDO Settlement Agreement, the Scheduling Order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the BDO Settlement, the BDO Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17.    The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

18.    This Final Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the BDO Settlement, the BDO Settlement Agreement, or this Final Bar Order.

Signed on _____, 2015

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit C**
**APP 0048**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-cv-01447-N |
| BDO USA, LLP, *et al.*, | § § | |
| Defendants. | § | |

<u>**FINAL JUDGMENT AND BAR ORDER**</u>

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of Settlement with BDO USA, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of the Court-appointed Official Stanford Investors Committee (the "Committee"). [ECF No. _____]. The Motion concerns a proposed settlement (the "BDO Settlement") among and between Ralph S. Janvey, the Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*, Civil Action No. 3:09-CV-0298-N (the "SEC Action"); the Committee; Phillip A. Wilkinson and Pam Reed (the "Investor Plaintiffs"), as plaintiffs in *Philip Wilkinson, et al. v. BDO USA, LLP, et al.*, Civil Action No. 3:11-CV-01115-N (the "Investor Litigation") (collectively, the Committee and the Investor Plaintiffs are the "Plaintiffs"); and BDO USA, LLP and other BDO entities[1] (the "BDO Entities") as defendants in the Committee Litigation and the Investor Litigation. The

---

[1] BDO International Ltd. ("BDO International"), BDO Global Coordination, B.V. ("BDO Global"), and Brussels Worldwide Services BVBA ("Brussels Worldwide").

**Exhibit D**
**APP 0049**

Court-appointed Examiner signed the BDO Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the BDO Settlement, the Committee Litigation, or the Investor Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I. INTRODUCTION

The SEC Action, the Investor Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 17, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the BDO Entities, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Investor Litigation, the Investor Plaintiffs allege, *inter alia*, that the BDO Entities aided and abetted violations of the Texas Securities Act, participated in or aided and abetted breaches of fiduciary duties, and aided and abetted or participated in a fraudulent scheme and a conspiracy. In this case, the Committee alleges, *inter alia*, that the BDO Entities breached professional duties; aided, abetted or participated in breaches of fiduciary duty; aided, abetted or participated in a fraudulent scheme; and aided, abetted or participated in fraudulent transfers.

Lengthy, multiparty negotiations followed the retention of Neligan Foley, LLP as lead counsel for the Committee in this action. In these negotiations, potential victims of the Stanford

---

[2] The "BDO Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

**Exhibit D**
**APP 0050**

Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[]" in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (SEC Action ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (SEC Action ECF No. 322)—all participated in the extensive, arm's-length negotiations that ultimately resulted in the BDO Settlement and BDO Settlement Agreement. Although the parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips in August 2014, it took more than eight months of continued efforts to negotiate and document the terms of the BDO Settlement Agreement. The parties executed the BDO Settlement Agreement on May __ , 2015.

Under the terms of the BDO Settlement, the BDO Entities will pay $40 million to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the BDO Entities seek global peace with respect to all claims that have been asserted, or could have been asserted, against the BDO Entities arising out of the events leading to these proceedings. Accordingly, the BDO Settlement is conditioned on the Court's approval and entry of this Final Judgment and Bar Order enjoining Interested Parties from asserting or prosecuting claims against the BDO Released Parties.

On May __, 2015, the Committee filed the Motion. [ECF No. _____]. The Court thereafter entered a Scheduling Order on May __, 2015 [ECF No. _____], which, *inter alia*, authorized the Receiver to provide notice of the BDO Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2015, the Court held the scheduled hearing. For

Exhibit D
APP 0051

the reasons set forth herein, the Court finds that the terms of the BDO Settlement Agreement are adequate, fair, reasonable, and equitable, and that the BDO Settlement should be and is hereby APPROVED. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II. ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Terms used in this Final Judgment and Bar Order that are defined in the BDO Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the BDO Settlement Agreement.

2.     As this case is related to the equitable receivership proceedings in the SEC Action, the Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Judgment and Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court has jurisdiction over the subject matter of this action and the Receiver and the Committee are proper parties to seek entry of this Final Judgment and Bar Order.

3.     The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the BDO Settlement, the releases therein, and the injunctions provided for in this Final Judgment and Bar Order and the Final Bar Order to be entered in the SEC Action; (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the BDO Settlement, this Final Judgment and Bar Order, and the Final Bar Order to be entered in the SEC Action, and to appear at the Final Approval Hearing;

**Exhibit D**
**APP 0052**

(v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the BDO Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the BDO Entities contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that Plaintiffs may not ultimately prevail on their claims. By the same token, it is clear that the BDO Entities would never agree to the terms of the BDO Settlement unless they were assured of "total peace" with respect to all claims that have been, or could be, asserted arising from their relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the BDO Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding).

5.      Pursuant to the BDO Settlement Agreement and upon motion by the Receiver in the SEC Action, the Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the BDO Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the BDO Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584) and

**Exhibit D**
**APP 0053**

the process for submitting Outstanding Claims pursuant to the BDO Settlement Agreement, subject to review and determination by the Receiver.

6. The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7. Accordingly, the Court finds that the BDO Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against the BDO Entities, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The BDO Settlement, the terms of which are set forth in the BDO Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the BDO Settlement in accordance with the terms and provisions of the BDO Settlement Agreement and this Final Judgment and Bar Order.

8. Pursuant to the provisions of Paragraph 39 of the BDO Settlement Agreement, as of the Settlement Effective Date, the BDO Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Investor Plaintiffs; the Receiver; the Receivership Estate; the Committee; the Claimants; and the Persons, entities and interests represented by those Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part,

Exhibit D
APP 0054

concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) any one or more of the BDO Entities' relationship with any one or more of the Stanford Entities; (iv) the BDO Entities' provision of services to the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the Committee Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.

9.      Pursuant to the provisions of Paragraph 40 of the BDO Settlement Agreement, as of the Settlement Effective Date, the Plaintiffs Released Parties shall be completely released, acquitted, and forever discharged from all Settled Claims by the BDO Entities.

10.     Notwithstanding anything to the contrary in this Final Judgment and Bar Order, the foregoing releases do not release the Parties' rights and obligations under the BDO Settlement or the BDO Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the BDO Settlement or the BDO Settlement Agreement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents.

11.     The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the BDO

Exhibit D
APP 0055

Entities or any of the BDO Released Parties, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the SEC Action; the Investor Litigation; the subject matter of this case, the SEC Action or the Investor Litigation; or any Settled Claim. The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the BDO Settlement Agreement.

12.     Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the

Exhibit D
APP 0056

BDO Settlement or payment of the Settlement Amount by or on behalf of the BDO Entities and the BDO Released Parties.

13.    The BDO Entities and the BDO Released Parties have no responsibility, obligation, or liability whatsoever with respect to the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the BDO Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the BDO Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the BDO Settlement or the BDO Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the BDO Settlement, the BDO Settlement Agreement or this Final Judgment and Bar Order.

14.    Nothing in this Final Judgment and Bar Order or the BDO Settlement Agreement and no aspect of the BDO Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in the Investor Litigation, this case, or any other proceeding.

15.     BDO USA is hereby ordered to deliver the Settlement Amount ($40 million) as described in Paragraphs 24 – 26 of the BDO Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions the BDO Settlement Agreement.

16.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the BDO Settlement, the BDO Settlement Agreement, the Scheduling Order, and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the BDO Settlement, the BDO Settlement Agreement, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17.     This Final Judgment and Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the BDO Settlement, the BDO Settlement Agreement, or this Final Judgment and Bar Order.

18.     All relief not expressly granted herein, other than Plaintiffs' request for approval of Plaintiffs' attorneys' fees, which will be addressed by a separate order, is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment in conformity herewith.

Signed on _____, 2015

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit D**
**APP 0058**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>STANFORD INTERNATIONAL BANK, LTD., et al.,<br>Defendants. | Case No. 3:09-CV-0298-N |
| THE OFFICIAL STANFORD INVESTORS<br>COMMITTEE,<br>Plaintiff,<br>v.<br>BDO USA, LLP, et al.<br>Defendants. | Case No. 3:12-cv-01447-N |
| PHILIP WILKINSON, et al.,<br>Plaintiffs,<br>vs.<br>BDO USA, LLP, et al.,<br>Defendants. | Case No. 3:11-CV-01115-N |

NOTICE OF SETTLEMENT AND BAR ORDER
PROCEEDINGS; OF OUTSTANDING CLAIM DEADLINE;
AND OF PROCEDURES FOR SUBMITTING PROOFS OF CLAIM

PLEASE TAKE NOTICE that the Court-appointed Receiver for the Stanford Receivership Estate ("Receiver"), The Official Stanford Investors Committee (the "Committee"), and named plaintiffs Phillip A. Wilkinson and Pam Reed ("Investor Plaintiffs") (collectively, "Plaintiffs"), have reached an agreement (the "BDO Settlement") to settle all claims asserted or that could have been asserted against BDO USA, LLP, BDO International Ltd., BDO Global Coordination B.V., and Brussels Worldwide Services-BVBA (collectively, "BDO Entities") by the Committee in Case No. 3:12-cv-01447-N ("Committee Litigation") and by the Investor Plaintiffs in Case No. 3:11-cv-01115-N ("Investor Litigation").

PLEASE TAKE FURTHER NOTICE that Plaintiffs have requested that the Court approve the BDO Settlement and enter bar orders permanently enjoining Interested Parties,[1] including Stanford Investors[2] and Claimants,[3] from pursuing Settled Claims,[4] including claims you may possess, against the BDO Entities. You may, however, have a right to submit a claim to the Receiver (see Paragraphs f and g).

---

[1] "Interested Party" means the Receiver; the Receivership Estate; the Committee; the members of the Committee; the Plaintiffs; the Stanford Investors; the Claimants; the Examiner; or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

[2] "Stanford Investor" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd. and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3] "Claimant" means any Person who has submitted a Claim to the Receiver or to the Joint Liquidators.

[4] "Settled Claims" means any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) any one or more of the BDO Entities' relationship with any one or more of the Stanford Entities; (iv) the BDO Entities' provision of services to the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the Committee Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. See Paragraph 19 of the Settlement Agreement for a complete definition of Settled Claim.

**Exhibit E**
**APP 0059**

PLEASE TAKE FURTHER NOTICE that the BDO Settlement Amount is Forty Million US Dollars ($40,000,000.00). The Settlement Amount, less any fees and costs awarded by the Court to the attorneys for Plaintiffs ("Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in the Stanford receivership proceeding, *SEC v. Stanford Int'l Bank, Ltd., et al.*, (Case No. 3:09-cv-0298-N) (the "SEC Action").

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the BDO Settlement are as follows:

a) BDO USA will pay $40 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

b) Plaintiffs will fully release the BDO Released Parties[5] from Settled Claims, *e.g.* claims arising from or relating to Allen Stanford, the Stanford Entities, or any conduct by the BDO Released Parties relating to Allen Stanford or the Stanford Entities;

c) The BDO Settlement requires entry of a Judgment and Bar Order in the Committee Litigation and entry of a Bar Order in the SEC Action, each of which permanently enjoins Interested Parties, including all Stanford Investors and Claimants, as well as Stanford Investors with Outstanding Claims (see Paragraph f), from bringing any legal proceeding and/or asserting, encouraging, assisting, or prosecuting any cause of action, including contribution claims, arising from or relating to a Settled Claim against the BDO Released Parties;

d) The Receiver will disseminate notice of the BDO Settlement (*i.e.* this Notice) to Interested Parties, through one or more of the following: mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and Receiver (http://www.stanfordfinancialreceivership.com) web sites;

e) The Receiver will develop and submit to the Court for approval a plan for disseminating the Settlement Amount ("Distribution Plan");

f) Any Stanford Investor who has not submitted a Claim to either the Receiver or the Joint Liquidators as of the date of this Notice ("Outstanding Claim"), may seek to participate in the Distribution Plan, and potentially to participate in future distributions of funds obtained by the Receivership as a result of future litigation settlements or recoveries. Those wishing to do so must submit a Proof of Claim Form (which you can download from http://www.stanfordfinancial.com/pdf/FINAL STANFORD POC 040612.pdf) to the Receiver by [insert date of 75th day after entry of the Scheduling Order] (the "Outstanding Claim Deadline"). A Proof of Claim Form may also be obtained by

---

[5]    "BDO Released Parties" means the BDO Entities, and each of their respective past, present, and future directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, direct and indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors in interest, successors, and successors in interest. Notwithstanding the foregoing, "BDO Released Parties" shall not include any Person, other than the BDO Entities, who is on the Agreement Date a named defendant in any litigation filed by any of the Plaintiffs, and shall not include any Person who becomes employed by, related to, or affiliated with the BDO Entities after the Agreement Date and whose liability, if any, arises out of or derives from actions or omissions before becoming employed by, related to, or affiliated with the BDO Entities.

contacting Ruth Clark of Neligan Foley, LLP via email at rclark@neliganlaw.com or via telephone at 214-840-5315;

g)   **If you have not yet submitted a Claim** to the Receiver or to the Joint Liquidators **and still do not submit a Claim** to the Receiver by the Outstanding Claim Deadline, **you will be barred,** upon approval of the BDO Settlement, from asserting claims against the BDO Released Parties arising from or relating to the Stanford Entities or the Stanford Receivership. **You will also be excluded** from distributions under the Distribution Plan and any other future distributions of funds obtained by the Receivership as a result of future litigation settlements or recoveries. **Submitting a Proof of Claim Form does not guarantee that the Outstanding Claim will be allowed or that you will receive any funds;**

h)   Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver;

i)   Stanford Investors who accept funds from the BDO Settlement Amount will, upon accepting the funds, fully release the BDO Released Parties from any and all Settled Claims; and

j)   The Investor Litigation will be dismissed with prejudice, with each party bearing their own costs and attorneys' fees.

Attorneys for the Committee and the Investor Plaintiffs seek a fee award based upon 25% of the net recovery from the BDO Settlement, pursuant to 25% contingency fee agreements with the Committee and the Investor Plaintiffs. Twenty-five percent of the net recovery from the BDO Settlement is $9,956,265.48.

Copies of the Settlement Agreement; the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of Settlement with BDO USA, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion"); and other supporting papers may be obtained from the Court's docket in the SEC Action (ECF No. ____), and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/). Copies of these documents may also be requested by email, by sending the request to rclark@neliganlaw.com; or by telephone, by calling Ruth Clark at 214-840-5315.

The final hearing on the Motion is set for [ ░░░░░░░░░ ], 2015 (the "Final Approval Hearing"). Any objection to the BDO Settlement or its terms, the Motion, the Judgment and Bar Order, the Final Bar Order, or the request for approval of the Committee's and Investor Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than [insert date of 21st day before Final Approval Hearing]. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and present objections at the Final Approval Hearing must include a request to appear in their written objections.

## Receivership Entities

16NE Huntingdon, LLC

20/20 Ltd.

Antigua Athletic Club Limited

The Antigua Sun Limited

Apartment Household, Inc.

Asian Village Antigua Limited

Bank of Antigua Limited

Boardwalk Revitalization, LLC

Buckingham Investments A.V.V.

Caribbean Aircraft Leasing (BVI) Limited

Caribbean Airlines Services Limited

Caribbean Airlines Services, Inc.

Caribbean Star Airlines Holdings Limited

Caribbean Star Airlines Limited

Caribbean Sun Airlines Holdings, Inc.

Casuarina 20 LLC

Christiansted Downtown Holdings, LLC

Crayford Limited

Cuckfield Investments Limited

Datcom Resources, Inc.

Devinhouse, Ltd.

Deygart Holdings Limited

Foreign Corporate Holdings Limited

Guardian International Investment Services No. One, Inc.

Guardian International Investment Services No. Three, Inc.

Guardian International Investment Services No. Two, Inc.

Guardian One, Ltd.

Guardian Three, Ltd.

Guardian Two, Ltd.

Guiana Island Holdings Limited

Harbor Key Corp.

Harbor Key Corp. II

Idea Advertising Group, Inc.

International Fixed Income Stanford Fund, Ltd.

The Island Club, LLC

The Islands Club, Ltd.

JS Development, LLC

Maiden Island Holdings Ltd.

Miller Golf Company, L.L.C.

Parque Cristal Ltd.

Pelican Island Properties Limited

Pershore Investments S.A.

Polygon Commodities A.V.V.

Porpoise Industries Limited

Productos y Servicios Stanford, C.A.

R. Allen Stanford, LLC

Robust Eagle Limited

Sea Eagle Limited

Sea Hare Limited

SFG Majestic Holdings, LLC

SG Ltd.

SGV Asesores C.A.

SGV Ltd.

Stanford 20*20, LLC

Stanford 20/20 Inc.

Stanford Acquisition Corporation

Stanford Aerospace Limited

Stanford Agency, Inc. [Louisiana][1]

Stanford Agency, Inc. [Texas]

Stanford Agresiva S.A. de C.V.

Stanford Aircraft, LLC

Stanford American Samoa Holding Limited

Stanford Aviation 5555, LLC

Stanford Aviation II, LLC

Stanford Aviation III, LLC

Stanford Aviation Limited

Stanford Aviation LLC

Stanford Bank (Panama), S.A.[2]

Stanford Bank Holdings Limited

Stanford Bank, S.A. Banco Comercial

Stanford Capital Management, LLC

Stanford Caribbean Investments, LLC

Stanford Caribbean Regional Management Holdings, LLC

Stanford Caribbean, LLC

Stanford Casa de Valores, S.A.

Stanford Cobertura, S.A. de C.V.

Stanford Coins & Bullion, Inc.

The Stanford Condominium Owners' Association, Inc.

Stanford Corporate Holdings International, Inc.

Stanford Corporate Services (BVI) Limited

Stanford Corporate Services (Venezuela), C.A.

Stanford Corporate Services, Inc.

Stanford Corporate Ventures (BVI) Limited

Stanford Corporate Ventures, LLC

Stanford Crecimiento Balanceado, S.A. de C.V.

Stanford Crecimiento, S.A. de C.V.

Stanford Development Company (Grenada) Ltd

Stanford Development Company Limited

Stanford Development Corporation

Stanford Eagle, LLC

Stanford Family Office, LLC

The Stanford Financial Group Building, Inc.

Stanford Financial Group Company

Stanford Financial Group Global Management, LLC

Stanford Financial Group (Holdings) Limited

Stanford Financial Group Limited

Stanford Financial Group Ltd.

Stanford Financial Partners Advisors, LLC

Stanford Financial Partners Holdings, LLC

Stanford Financial Partners Securities, LLC

Stanford Financial Partners, Inc.

Stanford Fondos, S.A. de C.V.

The Stanford Galleria Buildings, LP

Stanford Galleria Buildings Management, LLC

Stanford Gallows Bay Holdings, LLC

Stanford Global Advisory, LLC

Stanford Group (Antigua) Limited

Stanford Group (Suisse) AG

Stanford Group Aruba, N.V.

Stanford Group Bolivia

Stanford Group Casa de Valores, S.A.

Stanford Group Company

Stanford Group Company Limited

Stanford Group Holdings, Inc.

Stanford Group Mexico, S.A. de C.V.

Stanford Group Peru, S.A., Sociedad Agente de Bolsa

Stanford Group Venezuela Asesores de Inversion, C.A.

Stanford Group Venezuela, C.A.

Stanford Holdings Venezuela, C.A.

Stanford International Bank Holdings Limited

Stanford International Bank Limited

Stanford International Holdings (Panama) S.A.

Stanford International Management Ltd.

Stanford International Resort Holdings, LLC

Stanford Investment Advisory Services, Inc.

Stanford Leasing Company, Inc.

Stanford Management Holdings, Ltd.

Stanford Real Estate Acquisition, LLC

Stanford S.A. Comisionista de Bolsa

Stanford Services Ecuador, S.A.

Stanford South Shore Holdings, LLC

Stanford Sports & Entertainment Holdings, LLC

Stanford St. Croix Marina Operations, LLC

Stanford St. Croix Resort Holdings, LLC

Stanford St. Croix Security, LLC

Stanford Trust Company

Stanford Trust Company Administradora de Fondos y Fideicomisos S.A.

Stanford Trust Company Limited

**Exhibit F**

| | |
|---|---|
| Stanford Trust Holdings Limited | Torre Oeste Ltd. |
| Stanford Venture Capital Holdings, Inc. | Torre Senza Nome Venezuela, C.A. |
| The Sticky Wicket Limited | Trail Partners, LLC |
| Sun Printing & Publishing Limited | Two Islands One Club (Grenada) Ltd |
| Sun Printing Limited | Two Islands One Club Holdings Ltd |

---

[1]    Locations in brackets are included to differentiate between legal entities with the same name but different locations or other identifying information.

[2]    Locations in parentheses are included in the legal name of an entity or other identifying information.

**Exhibit F**

**APP 0064**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-cv-01447-N |
| BDO USA, LLP, *et al.*, | § § | |
| Defendants. | § | |

### SCHEDULING ORDER

This matter is before the Court on the motion of Ralph S. Janvey (the "Receiver"), as Receiver for the Receivership Estate in *SEC v. Stanford Int'l Bank, Ltd., et al.*, Civil Action No. 3:09-CV-0298-N (the "SEC Action"), and the Official Stanford Investors Committee (the "Committee"), as a party to the SEC Action and as plaintiff in *The Official Stanford Investors Committee v. BDO USA, LLP, et al.*, Civil Action No. 3:12-cv-01447-N (the "Committee Litigation"), for Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of Settlement with BDO USA, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion"). (SEC Action ECF No. __; Committee Litigation ECF No. __.) The Motion concerns a proposed settlement (the "BDO Settlement") among and

between the Receiver; the Committee; the Court-appointed Examiner, John J. Little;[1] Phillip A. Wilkinson and Pam Reed (the "Investor Plaintiffs"), as plaintiffs in *Philip Wilkinson, et al. v. BDO USA, LLP, et al.*, Civil Action No. 3:11-CV-01115-N (the "Investor Litigation") (the Receiver, the Committee, and the Investor Plaintiffs are, collectively, the "Plaintiffs"); and BDO USA, LLP and other BDO entities (the "Defendants")[2] as defendants in the Committee Litigation and the Investor Litigation. Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Settlement Agreement attached to the Motion (the "BDO Settlement Agreement").

In the Motion, the Receiver and the Committee seek the Court's approval of the terms of the BDO Settlement, including entry of a bar order in the SEC Action (the "Bar Order") and a final judgment and bar order in the Committee Litigation (the "Judgment and Bar Order"). After reviewing the terms of the BDO Settlement and considering the arguments presented in the Motion, the Court preliminarily approves the BDO Settlement as adequate, fair, reasonable, and equitable. Accordingly, the Court enters this scheduling order to (i) provide for notice of the terms of the BDO Settlement, including the proposed Bar Order in the SEC Action and the proposed Judgment and Bar Order in the Committee Litigation; (ii) set the deadline for a Stanford Investor with an Outstanding Claim to submit that claim to the Receiver; (iii) set the deadline for filing objections to the BDO Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees; (vi) set the deadline for responding to any objection so filed; and (v) set the date of the Final Approval Hearing regarding

---

[1] The Examiner executed the BDO Settlement Agreement to indicate his approval of the terms of the BDO Settlement and to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the BDO Settlement Agreement, the Committee Litigation or the Investor Litigation.

[2] BDO International Ltd. ("BDO International"), BDO Global Coordination, B.V. ("BDO Global"), and Brussels Worldwide Services BVBA ("Brussels Worldwide").

SCHEDULING ORDER                    2

the BDO Settlement, the Bar Order in the SEC Action, the Judgment and Bar Order in the Committee Litigation, and Plaintiffs' request for approval of Plaintiffs' attorneys' fees, as follows:

1.   Preliminary Findings on Potential Approval of the BDO Settlement: Based upon the Court's review of the terms of the BDO Settlement Agreement, the arguments presented in the Motion, and the Motion's accompanying appendices and exhibits, the Court preliminarily finds that the BDO Settlement is fair, reasonable, and equitable; has no obvious deficiencies; and is the product of serious, informed, arm's-length negotiations. The Court, however, reserves a final ruling with respect to the terms of the BDO Settlement until after the Final Approval Hearing referenced below in Paragraph 2.

2.   Final Approval Hearing: The Final Approval Hearing will be held before the Honorable David C. Godbey in the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at __:__ .m. on _____, which is a date at least ninety (90) calendar days after entry of this Scheduling Order. The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the BDO Settlement should be approved by the Court; (ii) determine whether the Bar Order attached as Exhibit C to the BDO Settlement Agreement should be entered by the Court in the SEC Action; (iii) determine whether the Judgment and Bar Order attached as Exhibit D to the BDO Settlement Agreement should be entered by the Court in the Committee Litigation; (iv) rule upon any objections to the BDO Settlement, Bar Order, or the Judgment and Bar Order; (v) rule upon Plaintiffs' request for approval of Plaintiffs' attorneys' fees; and (vi) rule upon such other matters as the Court may deem appropriate.

**Exhibit G**
**APP 0067**

3.     Notice: The Court approves the form of Notice attached as Exhibit E to the BDO Settlement Agreement and finds that the methodology, distribution, and dissemination of Notice described in the Motion (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the BDO Settlement, the releases therein, and the injunctions provided for in the Bar Order and Judgment and Bar Order; (iii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the BDO Settlement, the Bar Order, or the Judgment and Bar Order, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. The Court further approves the form of the publication Notice attached as Exhibit H to the BDO Settlement Agreement. Therefore:

a.     The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Notice in substantially the same form attached as Exhibit E to the BDO Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all Interested Parties; to be sent via electronic service to all counsel of record for any Person who has been or is, at the time of Notice, a party in any case included in MDL No. 2099, *In re: Stanford Entities Securities Litigation* (N.D. Tex.) (the "MDL"), the SEC Action, the Investor Litigation, or the Committee Litigation who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV-5.1(d); and to be sent via facsimile transmission and/or first class mail to any other counsel

Exhibit G
APP 0068

of record for any other Person who has been or is, at the time of service, a party in any case included in the MDL, the SEC Action, the Investor Litigation, or the Committee Litigation.

      b.    The Receiver is hereby directed, no later than ten (10) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form attached as Exhibit H to the BDO Settlement Agreement to be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*.

      c.    The Receiver is hereby directed, no later than ten (10) calendar days after entry of this Scheduling Order, to cause the BDO Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Receiver's website (http://stanfordfinancialreceivership.com). The Examiner is hereby directed, no later than ten (10) calendar days after entry of this Scheduling Order, to cause the BDO Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Examiner's website (http://lpf-law.com/examiner-stanford-financial-group).

      d.    The Receiver is hereby directed promptly to provide the BDO Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to Ruth Clark, a paralegal at Neligan Foley, LLP, at rclark@neliganlaw.com, or via telephone by calling Ruth Clark at 214-840-5315. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

      e.    No less than ten days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with subparts (a) through (d) of this Paragraph, which may be in the form of an affidavit or declaration.

**Exhibit G**
**APP 0069**

4.     Objections and Appearances at the Final Approval Hearing: Any Person who wishes to object to  the terms of the BDO Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees, or who wishes to appear at the Final Approval Hearing, must do so by filing an objection, in writing, with the Court in the SEC Action (3:09-CV-0298-N), by ECF or by mailing the objection to the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242, no later than [insert date of 21st day before Final Approval Hearing], 2015. All objections filed with the Court must:

a.     contain the name, address, telephone number, and (if applicable) an email address of the Person filing the objection;

b.     contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

c.     be signed by the Person filing the objection, or his or her attorney;

d.     state, in detail, the basis for any objection;

e.     attach any document the Court should consider in ruling on the BDO Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees; and

f.     if the Person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

No Person will be permitted to appear at the Final Approval Hearing without filing a written objection and request to appear at the Final Approval Hearing as set forth in subparts (a) through (f) of this Paragraph. Copies of any objections filed must be served by ECF, or by email or first class mail, upon each of the following:

Exhibit G
APP 0070

James R. Nelson
Email: jr.nelson@dlapiper.com
Karl G. Dial
Email: karl.dial@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500

and

Michael S. Poulos
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-4000
Email: michael.poulos@dlapiper.com

and

Douglas J. Buncher
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone: (214) 840-5320
Email: dbuncher@neliganlaw.com

and

Edward C. Snyder
Castillo & Snyder PC
Bank of America Plaza
300 Convent Suite 1020
San Antonio, Texas 78205-3789
Telephone: (210) 630-4214
Email: esnyder@casnlaw.com

and

John J. Little
Little Pedersen Fankhauser LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
214.573.2307
214.573.2323 fax
Email: jlittle@lpf-law.com

**Exhibit G**
**APP 0071**

and

Ralph Janvey
2100 Ross Ave
Suite 2600
Dallas, TX 75201
E-mail: rjanvey@jkjllp.com

and

Kevin Sadler
Baker Botts
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Email: kevin.sadler@bakerbotts.com

Any Person filing an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the BDO Settlement, the Bar Order, and the Judgment and Bar Order. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

5.      Responses to Objections: Any Party to the BDO Settlement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than [insert date of 7th day before the Final Approval Hearing], 2015. To the extent any Person filing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

6.      Submission of Outstanding Claims: Any Person who had funds on deposit at Stanford International Bank, Ltd. ("SIBL") and/or was holding a certificate of deposit ("CD") issued by SIBL as of February 16, 2009 ("Stanford Investor"), and who previously has not

Exhibit G
APP 0072

submitted a Claim (defined below) to either the Receiver or the Joint Liquidators ("Outstanding Claim"), may seek to receive funds from the BDO Settlement under the terms of the proposed Distribution Plan and potentially to participate in future distributions of funds obtained by the Receivership as a result of future litigation settlements or recoveries, by submitting to the Receiver a Proof of Claim Form substantially in the form of the document attached as Exhibit B to the BDO Settlement Agreement, by [insert date of 75th day after entry of this Order] (the "Outstanding Claim Deadline"). A "Claim" is a Person's potential or asserted right to receive funds from the Receivership Estate arising from or relating to the deposit of funds in or the purchase of a CD from SIBL. The Receiver will review and consider all Proof of Claim Forms on Outstanding Claims submitted prior to the Outstanding Claim Deadline and will determine each such Outstanding Claim, including whether to allow the Outstanding Claim. Submitting a Proof of Claim Form does not guarantee that the Outstanding Claim will be allowed or that a Stanford Investor will receive any funds. The Receiver will also prepare and submit to the Court for approval a Distribution Plan for the proceeds from the BDO Settlement, but only after the BDO Settlement is approved by the Court and becomes effective under its own terms.

Any Stanford Investor who has not yet submitted a Claim to the Receiver or to the Joint Liquidators and who fails to submit a Proof of Claim Form for an Outstanding Claim before the Outstanding Claim Deadline will, if the BDO Settlement is approved, be forever barred, estopped, and enjoined from asserting any claim, in any manner, against the BDO Released Parties arising from or relating to the Stanford Entities or the Stanford Receivership. Such a Stanford Investor will also be excluded from distributions under the Distribution Plan and any other future distributions of funds obtained by the Receivership as a result of future litigation settlements or recoveries.

**Exhibit G**
**APP 0073**

7.    Adjustments Concerning Hearing and Deadlines: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in the MDL, the SEC Action, and the Committee Litigation.

8.    Retention of Jurisdiction: The Court shall retain jurisdiction to consider all further applications arising out of or connected with the proposed BDO Settlement.

9.    Entry of Injunction: If the Settlement is approved by the Court, the Court will also enter the Bar Order in the SEC Action and the Judgment and Bar Order in the Committee Litigation. If entered, each order will permanently enjoin Interested Parties, including Stanford Investors and Claimants, from pursuing Settled Claims against the BDO Released Parties.

10.    Stay of Proceedings: The Committee Litigation and the Investor Litigation are hereby stayed except to the extent necessary to give effect to the BDO Settlement.

11.    Use of Order: Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Plaintiffs that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he or she may have. Neither this Scheduling Order, nor the proposed BDO Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the BDO Settlement or the terms of this Scheduling Order.

12.    Entry of this Order: This Scheduling Order shall be entered separately on the dockets both in the SEC Action and in the Committee Litigation.

**IT IS SO ORDERED.**

Signed on_____, 2015

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit G**
**APP 0075**

To be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*:

PLEASE TAKE NOTICE that the Court-appointed Receiver for Stanford International Bank, Ltd. ("SIBL"), and certain Plaintiffs, have reached an agreement to settle all claims asserted or that could have been asserted against BDO USA, LLP ("BDO USA") and several other BDO entities relating to or in any way concerning SIBL. As part of the BDO Settlement, the Receiver and Plaintiffs have requested orders which permanently enjoin all Interested Parties, including Stanford Investors (*i.e.* customers of SIBL, who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL), from bringing any legal proceeding or cause of action arising from or relating to the Stanford Entities against the BDO Released Parties.

Complete copies of the BDO Settlement Agreement, the proposed bar orders, and other settlement documents are available on the Receiver's website http://www.stanfordfinancialreceivership.com. Interested Parties may file written objections with the Court on or before [insert date of 21st day before Final Approval Hearing].

**Exhibit H**
**APP 0076**