**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § | Case No. 3:09-CV-00298-N |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

---

**RECEIVER'S RULE 45 MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM TRANSUNION LLC**

---

Plaintiff Ralph S. Janvey, in his capacity as Court-appointed Receiver (the "Receiver") hereby files this motion to compel TransUnion LLC ("Transunion") to produce documents and information in its possession.

**INTRODUCTION**

The Receiver seeks the Court's assistance in carrying out his duties under the Receivership Order, specifically his duty to locate and take control of assets belonging to the Receivership Estate. Second Amended Order Appointing Receiver ("Receivership Order"), Doc. 1130, at 4 (directing the Receiver "to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate."). Specifically, the Receiver asks the Court to order TransUnion to comply with a subpoena issued by the Receiver pursuant to his court-appointed duties and require TransUnion to produce a consumer credit report for David Miguel Nanes and Hasibe Elizabeth Ancona. Based on extensive investigation to date, the Receiver is aware that Nanes and Ancona have both possession and knowledge of the location of several million dollars that Nanes and his companies received as fraudulent transfers from the Stanford Ponzi scheme. Indeed, the Receiver has a judgment against Nanes's company, Wealth Management Services, Ltd., in a separate lawsuit for over $9.8 million in fraudulent transfers.

The Receiver's subpoena, which was served on June 4, 2015, requested credit reports for both Nanes and Ancona, which will assist in locating and recovering the Receivership assets. The Receiver's subpoena was issued properly pursuant to the Receivership Order and the Federal Rules and thus constituted a court order warranting production of a credit report under the FCRA. TransUnion, however, refuses to produce the requested credit reports without a specific order compelling it to do so. Accordingly, the Receiver respectfully requests that the Court issue an order directing TransUnion to produce consumer credit reports for Nanes and Ancona.

## FACTUAL BACKGROUND

This Court appointed Ralph S. Janvey as the Receiver to recover money paid by the Stanford Ponzi scheme to persons and entities associated with R. Allen Stanford. A former Stanford employee, David Miguel Nanes, is one of these persons. While employed at Stanford, Nanes oversaw operations in Mexico. Nanes, individually and through his shell companies, WMSL and Global Money Managers Fund, Inc., received more than $16.4 million relating to his work in furtherance of the Stanford Ponzi scheme. The Receiver is currently pursuing three suits in this Court against Nanes or WMSL arising out of their roles in the Stanford Ponzi scheme: *Janvey v. Alguire, et al.*, Case No. 3:09-CV-0724-N-BG; *Janvey v. Wealth Management Services, Ltd.*, Case No. 3:10-CV-0477-N-BG; and *Janvey v. Alvarado, et al.*, Case No. 3:13-CV-0775-N-BG. The Receiver has obtained a judgment against WMSL in Case No. Case No. 3:10-CV-0477-N-BG in the amount of $9,825,333.00 in damages, plus $2,243,675.36 in interest accrued since March 8, 2010, plus $263,071.80 in attorneys' fees and $3,162.05 in costs and expenses [Case No. 3:10-CV-0477-N-BG doc. 88].

In spite of diligent efforts, the Receiver has been unable to locate Nanes and his wife, Ancona, which is a critical step in locating Receivership Estate assets that are in the possession of Nanes and WMSL. Counsel for Nanes and WMSL asked to withdraw from representing WMSL and Nanes in the various lawsuits because he could not contact or locate Nanes. No. 3:10-cv-477-N-BG, Doc. 46; No. 3:09-cv-00724-N-BG, Doc. 1062. On July 28, 2014, the Court granted the motion to withdraw from the *Wealth Management* case. In granting the motion, the Court ordered Defendant's counsel to provide the Receiver with all known contact information for WMSL and Nanes. *See* Doc. 71, July 28, 2014 Order. None of the contact information provided by counsel was current or reliable.

Independently, the Receiver has undertaken significant efforts to locate Nanes. Through searches of public records, including real property records in Texas and Florida, motor vehicle registration records, driver's license records, court records, and multiple online research tools — the Receiver has identified and investigated multiple potential locations for Nanes and Ancona. None of those locations proved to be current. The Receiver has also issued multiple third-party subpoenas in an effort to obtain information that might lead to the whereabouts of Nanes and Ancona, including subpoenas to financial institutions, the firm that made corporate filings for WMSL, a real estate agent involved in the sale of one of Nanes's properties, the property management company where Nanes previously maintained an office and a service provider where Nanes and Ancona previously received their mail. Moreover, the Receiver has hired investigators who have interviewed multiple witnesses, identified additional potential addresses and conducted searches for assets or other property owned by Nanes, Ancona and WMSL.

Based on the Receiver's investigation thus far, Nanes has taken steps to ensure that his current whereabouts remain difficult to uncover and that his and WMSL's substantial assets remain hidden. His methods include the use of multiple mail-drop boxes to receive mail and other correspondence and limiting his e-mail communications through the use of a Russian-based internet service. Nanes has neither acknowledged nor responded to any of the numerous communications with which he has been served by the Receiver since the time his attorney was allowed to withdraw. Despite this significant investment of time and resources, the Receiver has not been able to locate Nanes, Ancona, or any significant assets belonging to them or WMSL.

The Receiver's subpoena was served on June 4, 2015 and requested TransUnion to produce credit reports for Nanes and Ancona. **Exh. A**, TransUnion Subpoena. The requested credit reports will greatly assist the Receiver in locating Nanes and the Receivership assets in his possession.

On June 9, 2015, TransUnion served the Receiver with notice that TransUnion would not produce the requested credit reports without a court order signed by a judge, citing the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). **Exh. B**, TransUnion Response Letter dated June 9, 2015. The Receiver responded by providing TransUnion a copy of the Receivership Order on June 29, 2015. **Exh. C**, Letter from Mark Hendrix to TransUnion dated June 29, 2015. In an email response dated June 30, 2015, TransUnion insisted that the Receivership Order was insufficient and that TransUnion could not produce a copy of the requested credit reports without an order signed by a judge specifically compelling TransUnion, by name, to do so.

## ARGUMENT AND AUTHORITIES

While TransUnion claims that disclosure of the information sought by the Receiver is prohibited by the FCRA, it acknowledges that the FCRA provides for several exceptions, including disclosure for "permissible purposes explicitly allowed by the Act." Exh. B, App. at 8. One such "permissible purpose" is production of credit reports "in response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(1). In refusing to provide the requested credit reports, TransUnion cited Federal Trade Commission commentary from 1990 that a subpoena is not an "order of a court" unless it is signed by a judge. Exh. B, App. at 8; *see also* Appendix—Commentary on the Fair Credit Reporting Act ("A subpoena, including a grand jury subpoena, is not an 'order of a court' unless signed by a judge.").

The Receiver's subpoena, however, should be considered an "order of a court" under the Federal Rules of Civil Procedure. The Receivership Order provides that the Receiver may by presentment of that order "obtain documents . . . or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate." Doc. 1130, at ¶5(d). It further provides that the "production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P."

*Id.* As the Notes to the 1991 Amendments to Rule 45 state, "[p]rovision is made for the issuance of subpoenas by attorneys as officers of the court . . . [i]n allowing counsel to issue the subpoena, the rule is merely a recognition of present reality." (emphasis added). "[D]efiance of a subpoena is . . . an act in defiance *of a court order*." (emphasis added); *see also* Fed. R. Civ. P. 45(g) (unexcused failure to comply with subpoena punishable by contempt of court). The contrary Federal Trade Commission commentary that TransUnion cites predates these Federal Rules revisions and, in any event, is not binding. *See* 16 C.F.R. § 600.2(a) ("The interpretations in the commentary are not trade regulation rules or regulations and . . . do not have the force or effect of statutory provisions."). To resolve any remaining confusion, the Receiver respectfully requests an order signed by the Court directing compliance with the Receiver's subpoena.

Moreover, the facts clearly show that furnishing credit reports for Nanes and Anconca is warranted. Locating Nanes, the defendant who received (individually and through his shell companies) over $16 million in receivership assets, is a critical step in locating the assets in Nanes's possession. The Receiver has no ability to obtain the information requested in the subpoena by any other means. These records are therefore necessary for the Receiver to fulfill his court-ordered duty to take control of receivership assets, and without the requested information the Receiver will likely be prevented from carrying out that duty. Nanes and Ancona's privacy interests are greatly diminished in this case given Nanes's status as a defendant who helped facilitate a massive, world-wide fraud, his possession of Receivership assets, and his successful evasion of legal consequences to date. Accordingly, the Court should order TransUnion to produce a consumer credit report for Nanes and Ancona.

## CONCLUSION

In light of the foregoing, Receiver respectfully requests that the Court issue an order requiring TransUnion to produce consumer credit reports for Nanes and Ancona.

July 20, 2015

Respectfully submitted,

**KRAGE & JANVEY, L.L.P.**

By: */s/ Mark A. Hendrix*
Mark A. Hendrix
Texas Bar No. 09460500
mhendrix@kjllp.com
2100 Ross Ave., Suite 2600
Dallas, Texas 75201
214.969.7500
214.220.0230 (Facsimile)

**ATTORNEY FOR RECEIVER RALPH S. JANVEY**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 29, 2015, the Receiver's counsel sent TransUnion a letter requesting compliance with the Receiver's June 4, 2015 subpoena pursuant to Fed. R. Civ. P. 45 and the Second Amended Order Appointing Receiver. On June 30, 2015, TransUnion responded by email that it would not comply with the June 4, 2015 subpoena. On July 15, 2015, counsel for the Receiver attempted to conference with opposing counsel but as of the date of this filing, Receiver's counsel has received no response.

*/s/ Mark A. Hendrix*
Mark A. Hendrix

## CERTIFICATE OF SERVICE

I certify that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the CM/ECF system. The ECF system will send a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept service of this document by electronic means. I further certify that on July 23, 2014, I served a true and correct copy of the foregoing document and the notice of electronic filing via United States Postal Certified Mail, Return Receipt Requested to the persons noticed below who are non-CM/ECF participants:

R. Allen Stanford, Pro Se
Inmate #35017183
Coleman II USP
Post Office Box 1034
Coleman, FL 33521

*/s/ Mark A. Hendrix*
Mark A. Hendrix

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| Plaintiff, | § | Case No. 3:09-CV-0298-N |
| v. | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL. | § | |
| Defendant. | § | |

**[PROPOSED] ORDER GRANTING RECEIVER'S MOTION TO COMPEL**

The Court has reviewed the Receiver's Motion to Compel Production of Documents from TransUnion. Having considered the Motion, the related appendix, and any responses or replies concerning the Motion, if any, the Court is of the opinion that the Receiver's Motion has merit and should be granted. The Motion is therefore GRANTED. TransUnion is ORDERED to immediately furnish the Receiver with copies of the consumer credit reports of David Miguel Nanes and Hasibe Elizabeth Ancona, as further described in Exhibit A to the Receiver's subpoena duces tecum dated June 4, 2015.

SO ORDERED.

Signed this ___ day of ________________________, 2015

________________________________
THE HON. DAVID C. GODBEY
UNITED STATES DISTRICT COURT JUDGE
THE NORTHERN DISTRICT OF TEXAS