IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS DALLAS
DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>vs.<br><br>STANFORD INTERNATIONAL BANK, LTD., *et al.*,<br><br>       Defendants. | Case No. 3:09-CV-0298-N |

**ORDER APPROVING SETTLEMENT
AND ENTERING FINAL BAR ORDER AND INJUNCTION**

Before the Court is the *Expedited Request for Entry of Scheduling Order and Motion for Order Approving Proposed Settlement with Adams & Reese Parties, Breazeale, Sachse & Wilson, LLP, Cordell Haymon and Lynette Frazer, Entering Bar Order, Approving Notice and Approving Attorneys' Fees* (the "Motion") filed by Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), Philip Wilkinson ("Wilkinson"), and Horacio Mendez ("Mendez") (collectively, "Movants") (ECF No.2134).[1]

The Motion seeks approval of the Amended Stipulation and Settlement Agreement (the "Settlement Agreement") between Movants and Adams and Reese LLP, Robert C. Schmidt and James R. Austin (the "A&R Parties"), Breazeale, Sachse & Wilson, LLP ("BSW"), Cordell Haymon ("Haymon") and Lynnette B. Frazer, Individually and as Independent Executrix of the Estate of Thomas L. Frazer ("Frazer").

---

[1] This Order also grants the Joint Objection and Unopposed Motion to Amend and Correct the Proposed Bar Order [2167].

To satisfy a condition of the settlement, Movants have requested that the Court enter an Order permanently barring and enjoining certain claims against the A&R Parties, BSW, Claude F. Reynaud, Jr. ("Reynaud"), Haymon, and/or Frazer and barring the commencement or continuation of certain litigation against the A&R Parties, BSW, Reynaud, Haymon, and/or Frazer.

For purposes of this Order, the following terms have the following meanings:

A. "2011 Action" means the action captioned *The Official Stanford Investors Committee, et al. v. Breazeale, Sachse & Wilson, LLP, et al.*, No. 3:11-cv-00329-N (N.D. Tex.).

B. "2012 Action" means the action captioned *Janvey, et ano. v. Adams & Reese, LLP et al.*, No, 3:12-cv-00495-N-BG (N.D. Tex.).

C. "Barred Claimants" means any and all Persons possessing or asserting any past, present or future Stanford-Related Claim against any A&R Party, BSW, Haymon, Frazer, and/or Reynaud, but, as to Reynaud, only as to Claims based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. "Barred Claimants" includes but is not limited to the Receiver; the OSIC; Plaintiffs; the Stanford Receivership Entities; all other professionals who provided services to any Stanford Receivership Entity; all parties to the 2011 Action, the 2012 Action, and any of the other Stanford Cases; and the IRA Holders; and each of their past,

present or future directors, officers, agents, affiliates, employees, successors and assigns, and any Person claiming by, through or on behalf of any of the foregoing.

D. "Claims" means any and all claims, actions, causes of action, allegations, controversies, suits, rights, obligations, debts, demands, agreements, promises, liabilities, damages of any kind, including but not limited to compensatory, punitive or exemplary damages, claims for interest, costs or attorneys' fees, claims for contribution or indemnity, judgments, losses, charges, and complaints whatsoever, of every kind, nature and description, under any law of any jurisdiction, whether at law, in equity or otherwise, whether based on statute, regulations, vicarious liability, common law, civil law or any other type, form or right of action, and whether foreseen or unforeseen, actual or potential, matured or unmatured, contingent or liquidated, known or unknown, or accrued or not accrued, of every kind and nature, which have arisen, or may have arisen, or shall arise, from the beginning of the world to the end of time.

E. "IRA Holders" means any Person who, as of February 17, 2009, had purchased and still held Certificates of Deposit, had purchased but no longer held Certificates of Deposit, and/or otherwise maintained deposit accounts with Stanford International Bank Ltd. through IRA accounts at STC, as hereinafter defined.

F. "Person" means any natural person or any legal entity, organization or association including, without limitation, any partnership, corporation, company, association, division, joint venture, estate, trust, or other business or governmental entity, agency, association or unit.

G. "SIBL" means Stanford International Bank, Ltd.

H. "STC" means Stanford Trust Company (Louisiana).

3

I. "SGC" means Stanford Group Company.

J. "Stanford Cases" means any and all Related Cases in the multidistrict litigation captioned *In re Stanford Entities Secs. Litig.*, 3:09-md-02099-N-BG (N.D. Tex.).

K. "Stanford Receivership Entity" means any and all entities subject to the receivership established by this Court in the above-captioned action including, but not limited to, SIBL, STC, SGC, Stanford Financial Group Company, Stanford Capital Management, LLC and Stanford Coins & Bullion, Inc.

L. "Stanford-Related Claim" means any and all Claims arising out of or relating in any way to (1) certificate(s) of deposit issued by SIBL; (2) customer accounts or transactions with Stanford Financial Group or any Stanford Receivership Entity, including but not limited to STC; (3) investments in, with or through Stanford Financial Group or any Stanford Receivership Entity; (4) Individual Retirement Accounts at STC; (5) the provision of legal or other services by any A&R Party to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (6) the provision of legal or other services by BSW to Stanford Financial Group, any Stanford Receivership Entity, or to their officers, director, employees and agents; (7) Haymon's service as an outside director of STC; (8) Thomas L. Frazer's service as an outside director of STC; or (9) conduct related to the activities of SIBL, STC, SGC, or any Stanford Receivership Entity, including Claims arising out of or relating to retirement accounts or the sale, purchase or solicitation of any investment.

M. "Stanford-Related Litigation" means any proceeding in any court, administrative agency, arbitration or other tribunal of any kind in which a Stanford-Related Claim is asserted.

The Court, having considered the Motion, the evidence, the responsive briefing, the arguments of counsel, the objections of any creditors or claimants, if any, and the relevant legal principles, finds and concludes that the Motion and the relief requested therein should be granted.

ACCORDINGLY, the Court FINDS that:

A. The Settlement and Settlement Agreement are fair, equitable, reasonable, and in the best interests of the Receivership Estate, and should be authorized and approved by the Court.

B. The issuance of an Order barring Stanford-Related Claims and the commencement or continuation of Stanford-Related Litigation against the A&R Parties, BSW, Haymon, and Frazer protects the value of assets which, if this settlement is approved by the Court, will become assets of the Receivership Estate.

C. The Receiver has provided due and proper notice of the Motion to all interested persons, and the Court has considered the papers filed and arguments made by the Receiver in support of the Motion, as well as any objections to the Motion, if any, and such other and further evidence as has been presented to the Court.

Based upon the above findings, and consistent with general equitable principles and in accordance with this Court's equitable jurisdiction in this matter, the Court ORDERS that:

1. The Motion is GRANTED.

2. The Settlement and Settlement Agreement are APPROVED.

3. All Stanford-Related Litigation against any A&R Party is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

4. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against any A&R Party and from commencing or continuing any Stanford-Related Litigation against any A&R Party or assisting any other Person in doing so.

5. All Stanford-Related Litigation against BSW is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

6. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against BSW and from commencing or continuing any Stanford-Related Litigation against BSW or assisting any other Person in doing so.

7. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Reynaud and from commencing or continuing any Stanford-Related Litigation against Reynaud or assisting any other Person in doing so, but only as to Stanford-Related Claims and Stanford-Related Litigation based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. This order does not apply to claims for breach of fiduciary duty against Claude Reynaud that

are based upon, arise out of, are attributable to, or result from Claude Reynaud's activities as an officer or director of the Stanford Trust Company.

8. All Stanford-Related Litigation against Haymon is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

9. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Haymon and from commencing or continuing any Stanford-Related Litigation against Haymon or assisting any other Person in doing so.

10. All Stanford-Related Litigation against Frazer is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

11. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any Stanford-Related Claim against Frazer and from commencing or continuing any Stanford-Related Litigation against Frazer or assisting any other Person in doing so.

12. Neither the Settlement, nor any of the terms or provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection with the settlement, nor any of the documents or statements referred to therein shall be construed as or deemed in any judicial, administrative, arbitration, or other type of proceeding to be evidence of a presumption, concession, or an admission by the A&R Parties, BSW, Haymon, or Frazer of the truth of any fact alleged or the validity of any Claim that has been, could have been, or in the future might be asserted by any Person.

13. Nothing in this Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person to: (a) claim a credit or offset in

any litigation against such Person, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (w) any Claim seeking to recover any monetary or other relief from any A&R Party, BSW, Haymon or Frazer, (x) any Claim seeking to recover any monetary or other relief from Reynaud that is based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer (y) the commencement, assertion or continuation of any Claim or Stanford-Related Claim against any A&R Party, BSW, Haymon or Frazer, including any Claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any A&R Party, BSW, Haymon or Frazer, or (z) the commencement, assertion or continuation of any Claim or Stanford-Related Claim against Reynaud (including but not limited to liability for contribution, indemnification or otherwise) that is based upon, arising out of, attributable to, or resulting from any act, error, omission, circumstance, personal injury, or breach of duty in the rendition of legal services for others (including, but not limited to, The Stanford Trust Company, The

Stanford Group Company, The Stanford Financial Group Company, and any other affiliated entity or individual) in Reynaud's capacity as a lawyer. Nothing in this order shall in any way impair or affect or be construed to impair or affect the right of Claude Reynaud to seek recovery for insurance coverage and/or extra-contractual liability against any insurance carrier or agent, representative or employee thereof, regardless of whether participating in this settlement or not.

14. The rights of claimants to the Stanford Receivership Estate to participate in the Claims process for the Receiver's ultimate plan of distribution of Receivership Estate funds shall not be impaired by this Order.

15. There being no just cause for delay, this Order is, and is intended to be, a final, appealable Order of the Court within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure.

16. This Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Settlement Agreement, and any related disputes.

17. The Clerk shall promptly serve copies of this Order upon all parties to the Receivership Action.

Signed this 27th day of August , 2015.

_____
David C. Godbey
United States District Judge

9