IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |

## FINAL BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with BDO USA, LLP, to Approve the Proposed Notice of Settlement with BDO USA, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of Ralph S. Janvey, the Receiver for the Receivership Estate (the "Receiver"); the Court-appointed Official Stanford Investors Committee (the "Committee"), as a party to this action and as plaintiff in *The Official Stanford Investors Committee v. BDO USA, LLP, et al.*, Civil Action No. 3:12-cv-01447-N (the "Committee Litigation"); and Phillip A. Wilkinson and Pam Reed (the "Investor Plaintiffs"), the plaintiffs in *Philip Wilkinson, et al. v. BDO USA, LLP, et al.*, Civil Action No. 3:11-CV-01115-N (the "Investor Litigation") (collectively, the Committee and the Investor Plaintiffs are the "Plaintiffs") [ECF No. 2137]. The Motion concerns a proposed settlement (the "BDO Settlement") among and between the Plaintiffs, the Receiver, and BDO USA, LLP and other BDO entities[1] (the "BDO Entities") as defendants in the Committee Litigation and the Investor

---

[1] BDO International Ltd. ("BDO International"), BDO Global Coordination, B.V. ("BDO Global"), and Brussels Worldwide Services BVBA ("Brussels Worldwide").

Litigation. The Court-appointed Examiner signed the BDO Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the BDO Settlement, the Committee Litigation, or the Investor Litigation. Before the Court also are a number of letters containing objections to the proposed settlement [ECF Nos. 2164, 2165, 2170, 2172, 2181, 2193, 2194, 2204, 2205, 2206, 2210, 2213 and 2216] and the Objection to Proposed Settlement by Nancy Diaz, Christiane Trujillo-Wertz and Joseph James Flynn [ECF No. 2202] (collectively with the letters containing objections, the "Objections").[3]

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I. INTRODUCTION

The Investor Litigation, the Committee Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 17, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the BDO Entities, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Investor Litigation, the Investor Plaintiffs allege, *inter alia*, that the BDO Entities aided and abetted violations of the Texas

---

[2] The "BDO Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

[3] A used in this Order, the term "Objections" does not include: (1) the Joint Objection and Unopposed Motion to Modify Proposed Bar Orders [ECF No. 2209], which is granted without opposition and relief sought therein is included in this Final Bar Order; or (2) the Objection to Receiver's Motion to Approve Settlement Agreement and to Enjoin the Award and Payment of Attorney's Fees filed by Taube & Summers, LLP f/k/a Hohmann, Taube & Summers, LLP (the "Attorney's Objection" [ECF No. 2208]), since that Attorney's Objection addresses only the attorney's fees award and does not object to the settlement itself or to the BDO Settlement Agreement.

Securities Act, participated in or aided and abetted breaches of fiduciary duties, and aided and abetted or participated in a fraudulent scheme and a conspiracy. In the Committee Litigation, the Committee alleges, *inter alia*, that the BDO Entities breached professional duties; aided, abetted or participated in breaches of fiduciary duty; aided, abetted or participated in a fraudulent scheme; and aided, abetted or participated in fraudulent transfers.

Lengthy, multiparty negotiations followed the retention of Neligan Foley, LLP as lead counsel for the Committee in the Committee Litigation. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (ECF No. 322)—all participated in the extensive, arm's-length negotiations that ultimately resulted in the BDO Settlement and BDO Settlement Agreement. Although the parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips in August 2014, it took more than eight months of continued efforts to negotiate and document the terms of the BDO Settlement Agreement. The parties executed the BDO Settlement Agreement on May 15, 2015.

Under the terms of the BDO Settlement, the BDO Entities will pay $40 million to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the BDO Entities seek global peace with respect to all claims that have been asserted, or could have been asserted, against the BDO Entities arising out of the events leading

to these proceedings. Accordingly, the BDO Settlement is conditioned on the Court's approval and entry of this Final Bar Order enjoining Interested Parties from asserting or prosecuting claims against the BDO Released Parties.

On May 15, 2015, the Receiver and the Committee filed the Motion. [ECF No. 2137]. The Court thereafter entered a Scheduling Order on May 22, 2015 [ECF No. 2144], which, *inter alia*, authorized the Receiver to provide notice of the BDO Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On August 28, 2015, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the BDO Settlement Agreement are adequate, fair, reasonable, and equitable, that the Objections should be **OVERRULED**, and that the BDO Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Bar Order is appropriate.

## II.  ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Terms used in this Final Bar Order that are defined in the BDO Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the BDO Settlement Agreement.

2. The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court has jurisdiction over the subject matter of this action and the Receiver and the Committee are proper parties to seek entry of this Final Bar Order.

3. The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the BDO Settlement, the releases therein, and the injunctions provided for in this Final Bar Order and in the Final Judgment and Bar Order to be entered in the Committee Litigation; (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the BDO Settlement, this Final Bar Order, and the Final Judgment and Bar Order to be entered in the Committee Litigation, and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4. The Court finds that the BDO Settlement, including without limitation the $40 million Settlement Amount, was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The Court further finds that (i) significant issues exist as to the merits and value of the claims asserted against the BDO Entities by Plaintiffs and by others whose potential claims are foreclosed by this Order; (ii) such claims contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with an uncertainty regarding whether such claims would be successful; (iii) a significant risk exists that future litigation costs would dissipate receivership assets and that Plaintiffs and other Claimants may not ultimately prevail on their claims; (iv) Plaintiffs and Claimants who have filed Claims with the Receiver will receive partial satisfaction of their claims from the Settlement Amount being paid pursuant to the BDO Settlement; and (v) the BDO Entities would not have agreed to the terms of the BDO Settlement in the absence of this Bar Order and assurance of "total peace"

with respect to all claims that have been, or could be, asserted arising from their relationship with the Stanford Entities. *See SEC v. Kaleta*, No. 4:09-3674, 2012 WL 401069, at \*4 (S.D. Tex. Feb. 7, 2012), aff'd, 530 F. App'x 360 (5th Cir. 2013) (approving these factors for consideration in evaluating whether a settlement and bar order are sufficient, fair and necessary). The injunction against such claims as set forth herein is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the BDO Settlement. *See Kaleta*, 530 F. App'x at 362 (affirming a bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding). After careful consideration of the record and applicable law, the Court concludes that the BDO Settlement is the best option for maximizing the net amount recovered from the BDO Entities for the Receivership Estate, Plaintiffs and the Claimants.

5. Pursuant to the BDO Settlement Agreement and upon motion by the Receiver, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the BDO Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the BDO Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (ECF No. 1584) and the process for submitting Outstanding Claims pursuant to the BDO Settlement Agreement, subject to review and determination by the Receiver.

6. The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7. Accordingly, the Court finds that the BDO Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against the BDO Entities, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The Objections to the BDO Settlement Agreement are hereby overruled, and the BDO Settlement (the terms of which are set forth in the BDO Settlement Agreement) is hereby fully and finally approved. The Parties are directed to implement and consummate the BDO Settlement in accordance with the terms and provisions of the BDO Settlement Agreement and this Final Bar Order.

8. Pursuant to the provisions of Paragraph 39 of the BDO Settlement Agreement, as of the Settlement Effective Date, the BDO Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Investor Plaintiffs; the Receiver; the Receivership Estate; the Committee; the Claimants; and the Persons, entities and interests represented by those Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) any one or more of the BDO Entities' relationship with any one or more of the Stanford Entities; (iv) the BDO Entities' provision of services to the Stanford

Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the Committee Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.

9. Pursuant to the provisions of Paragraph 40 of the BDO Settlement Agreement, as of the Settlement Effective Date, the Plaintiffs Released Parties shall be completely released, acquitted, and forever discharged from all Settled Claims by the BDO Entities.

10. Notwithstanding anything to the contrary in this Final Bar Order, the foregoing releases do not release the Parties' rights and obligations under the BDO Settlement or the BDO Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the BDO Settlement or the BDO Settlement Agreement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents.

11. The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the BDO Entities or any of the BDO Released Parties, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way

relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Investor Litigation; the Committee Litigation; the subject matter of this case, the Investor Litigation or the Committee Litigation; or any Settled Claim. The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that the BDO Entities may have against any BDO Released Party, including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the BDO Settlement Agreement.

12. Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the BDO Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any BDO Entity or BDO Released Party, or

(y) the commencement, assertion or continuation of any action or claim against any BDO Entity or BDO Released Party, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any BDO Entity or BDO Released Party.

13.   The BDO Entities and the BDO Released Parties have no responsibility, obligation, or liability whatsoever with respect to the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the BDO Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the BDO Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the BDO Settlement or the BDO Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters.  No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the BDO Settlement, the BDO Settlement Agreement or this Final Bar Order.

14.   Nothing in this Final Bar Order or the Settlement Agreement and no aspect of the BDO Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in the Investor Litigation, the Committee Litigation, or any other proceeding.

15. BDO USA is hereby ordered to deliver the Settlement Amount ($40 million) as described in Paragraphs 24 – 26 of the BDO Settlement Agreement.  Further, the Parties are ordered to act in conformity with all other provisions the BDO Settlement Agreement.

16. Without in any way affecting the finality of this Final Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the BDO Settlement, the BDO Settlement Agreement, the Scheduling Order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the BDO Settlement, the BDO Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17. The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

18. This Final Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the BDO Settlement, the BDO Settlement Agreement, or this Final Bar Order.

SIGNED on September 23, 2015.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE