IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § § | |

## FINAL BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with the Willis Defendants,[1] to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") of Ralph S. Janvey, the Receiver for the Receivership Estate (the "Receiver") and a plaintiff in *Janvey, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the Court-appointed Official Stanford Investors Committee (the "Committee"), as a party to this action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation (Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:09-cv-01274-L (the "Troice Litigation") (collectively, the Receiver, Committee and the Investor Plaintiffs are the "Plaintiffs"). [ECF No. 2369]. The Motion concerns a proposed settlement (the "Willis Settlement") among and between the Plaintiffs and the Willis Defendants. The Court-

---

[1] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

appointed Examiner signed the Willis Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

I. INTRODUCTION

The Troice Litigation, the Janvey Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Troice Litigation and the Janvey Litigation, the Investor Plaintiffs allege, *inter alia*, that the Willis Defendants aided and abetted violations of the Texas Securities Act and aided, abetted or participated in a fraudulent scheme and a conspiracy. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[2] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement in August 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of this Final Bar Order enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

On September 28, 2016, Plaintiffs filed the Motion. [ECF No. 2369]. The Court thereafter entered a Scheduling Order on October 10, 2016 [ECF No. 2409], which, *inter alia*,

authorized the Receiver to provide notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On January 20, 2017, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Willis Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Bar Order is appropriate.

## II.     ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Terms used in this Final Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.     The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and Plaintiffs are proper parties to seek entry of this Final Bar Order.

3.     The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the releases therein, and the injunctions provided for in this Final Bar Order and in the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation

(to the extent pending before the Court);[3] (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Bar Order, and the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.   The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that Plaintiffs may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would

---

[3] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County)(the "Rupert Action"); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County)(the "*Rishmague* Action"); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County)(the "*MacArthur* Action"); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County)(the "*Barbar* Action"); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County)(the "*Ranni* Action"); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court [ECF No. 1584].

6.      The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis

Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The Willis Settlement, the terms of which are set forth in the Willis Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the Willis Settlement in accordance with the terms and provisions of the Willis Settlement Agreement and this Final Bar Order.

8. Pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of Plaintiffs, including, without limitation, the Receiver on behalf of the Receivership Estate and each of Plaintiffs' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against the Willis Defendants and the Willis Released Parties. Further pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of the Willis Defendants, including, without limitation, the Willis Defendants' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against Plaintiffs, the Plaintiffs Released Parties, and each of the other Willis Defendants.

9. Notwithstanding anything to the contrary in this Final Bar Order, the foregoing releases do not release the Parties' rights and obligations under the Willis Settlement or the Willis Settlement Agreement or bar the Parties from seeking to enforce or effectuate the terms of

the Willis Settlement or the Willis Settlement Agreement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents.

10.  The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or

8

required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the Willis Settlement Agreement.

11. The Willis Defendants shall file motions to dismiss with prejudice all claims against all Willis Defendants in all of the Other Willis Litigation not pending before this Court,[4] which motions shall include this Final Bar Order as an exhibit. The plaintiffs in the Other Willis Litigation shall not oppose such motions to dismiss, and are hereby enjoined and barred from continuing to prosecute the Other Willis Litigation against any of the Willis Defendants.

12. Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or the Willis Released Parties, or

---

[4] This includes the *Rupert* Action, the *Rishmague* Action, the *MacArthur* Action, the *Barbar* Action, the *Ranni* Action, and the *Martin* action. *See* p. 5, n. 3, *supra*, for the full captions and case numbers of these actions and the courts in which they are pending.

(y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or Willis Released Parties.

13.     The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Bar Order.

14.     Nothing in this Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly

deny any liability or wrongdoing with respect to the matters alleged in the complaints in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation and any other claims related to the Stanford Entities.

15. Willis NA is hereby ordered to deliver or cause to be delivered the Settlement Amount ($120 million) as described in Paragraph 25 of the Willis Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions of the Willis Settlement Agreement.

16. Without in any way affecting the finality of this Final Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17. The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

18. This Final Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the Willis Settlement, the Willis Settlement Agreement, or this Final Bar Order.

Signed on August 23, 2017.

_____
David C. Godbey
United States District Judge