IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
December 28, 2017
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff

    v.    Case No. 3:09-cv-00298-N

STANFORD INTERNATIONAL BANK, LTD. ET AL,

    Defendants

### R. ALLEN STANFORD'S MOTION REQUESTING AN EXPEDITED RULING ON HIS PENDING RULE 12(b)(1) MOTION TO DISMISS PURSUANT TO THE RIPENESS DOCTRINE

Defendant R. Allen Stanford (Mr. Stanford), pro se, herein files this 'Motion Requesting An Expedited Ruling' on his pending Rule 12(b)(1) Motion To Dismiss, and submits the following in support thereof.

Because the SEC has responded to the Motion To Dismiss (Doc. 2641) and Mr. Stanford has filed a Reply to that Response (Doc. 2646), the matter is now ripe for judgment.

In determining whether a case is ripe, a court relies on two key considerations: the fitness of the issues for judicial resolution, and the hardship to the parties by withholding court consideration. *Total Gas & Power, N. Am., Inc. v. FERC,* 859 F.3d 325, (5th Cir. 2017)

Additionally, Mr. Stanford makes this request because the Receiver, from the date of his appointment (February 16, 2009), and continuing throughout these nine years of proceedings, has been violating the Separation of Powers doctrine, as well as Rule 66 of the Federal Rules of Civil Procedure, and Section 64.031 of the Texas Civil Practices and Remedies Code (2009).

Separation of Powers –

By conducting "extensive investigative activities" at the request of and on behalf of the SEC and DOJ, in contravention of the 'Receivership Order' (Doc. 157) that specifically precludes "further investigation", the Receiver, Ralph S. Janvey, has effectively "joined" the judicial arm with the executive arm of the government in a manner that violates the Constitutions' Separation of Powers doctrine.

Evidence of this violation is ubiquitous in the Receiver's reporting's to the court, as well as in his multitudinous, multi-million-dollar fee applications. (See generally, Docs. 336, 384-385)

More notably, see the SEC's 'Response To Motion To Dismiss' (Doc. 2641) (December 1, 2017) where the Receiver's forensic accountant Karyl Van Tassel stated that, beginning on February 16, 2009, her primary duties have consisted of "assisting in the investigation of the Stanford Entities scheme." Specifically, she stated that, as Managing Director of FTI, Consulting, Inc., the "purpose" of her work

was to:

> "(a) determine the roles that the various Stanford Entities played in the fraud alleged by the SEC..." (Doc. 2642-1, at 3)

These unauthorized activities, clearly violating the Separation of Powers doctrine, and continuing to this day, have resulted in the unnecessary dissipation (or, put more accurately "unnecessary waste") of hundreds of millions of dollars in precious Stanford Estate assets - money used for investigations that should have been conducted by the various "executive arms" of the government, and not by a "court-appointed" Receiver who works for the government's "judicial arm"... money that could have and (as is now clear) should have been "preserved" for the return to Mr. Stanford, or "disbursed to the claimants". (See, Doc. 157(g))

Federal Civil Rule 66, and Section 64.031, of the Texas Civil Practices and Remedies Code (2009) –

Pursuant to this court's Order (Doc. 157), and Rule 66 of the Federal Rules of Civil Procedure, the Receiver, Ralph S. Janvey, reports directly (and only) to the court, and does not have the authority to supplement or amend the February 16, 2009 Order of appointment. And Section 64.031 of the Texas Civil Practices and Remedies Code, which governs and does not empower Receiver to supplement a court's order appointing him, does not authorize him to issue an order, or orders.

Nevertheless, in March of 2009, in an undeniably cunning manner and in order to aid the SEC, DOJ and other governmental agencies in their supposedly "parallel" investigations, the Receiver disregarded these legal mandates and amended the court's Order by issuing his own Order (entitled as a "Letter of Authorization") to former Stanford employee Sohil Merchant, commanding him to effect an immediate (illegal) search and seizure of the privacy law-protected customer account data of Stanford International Bank in Antigua.

Specifically, this "Letter/Order" directed Mr. Merchant to literally "hack into" the SIBL 'Temenos and DataPro' databases in Antigua, and produce to him...

> "Information that is obtainable through computer systems located in the United States, but which may be protected from certain disclosures under the laws of Antigua." (See criminal case 4:09-cr-00342, Doc. 590-4, Exhibit B)

The Receiver drafted this "Letter/Order" on a plain and dateless sheet of paper (with no letterhead), and addressed it not to Mr. Merchant, but to "Stanford Employees, c/o John Varkey". The Receiver cited as his authority, the February 16, 2009 'Order Appointing Receiver' (Doc. 10).

In doing so, and in addition to Rule 66 of the Federal Rules of Civil Procedure, Section 64.031 of the Texas Civil Practices and Remedies Code - and Section 12(c) of that Order (Doc. 10) which mandated that he must compel records, "in a manner provided in Rule 45, Fed. R. Civ. P., [subpoena] or as provided under the laws of

any foreign country where such documents, books, records, accounts, deposits, or testimony may be located." - the Receiver blatantly violated the bank secrecy laws of Antigua and Barbuda, codified under the "International Business Corporation Act. Cap 244(1)".

## CONCLUSION

Because Mr. Stanford's arguments in this matter are clear and convincing, and the pleadings are now complete, it is now ripe for judgment. Therefore, with the presentation of these additional, ongoing constitutional violations, and violations of both Federal and Texas law - and the continuing (lawless) dissipation of Stanford Estate assets that should now end - Mr. Stanford requests that the court issue a ruling on his Rule 12(b)(1) 'Motion To Dismiss' without further delay.

Respectfully submitted,

*/s/ R. Allen Stanford*
Robert Allen Stanford, pro se
Reg. # 35017-183
FCC Coleman USP II
P.O. Box 1034
Coleman, Florida 33521

5

## CERTIFICATE OF SERVICE

I, Robert Allen Stanford, pro se, do hereby swear under penalty of perjury, that on this 20 day of December, 2017, I placed a copy of this 'Motion Requesting An Expedited Ruling' in the U.S. Mail addressed to:

U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit # 18
Fort Worth, Texas 76102-6882

Robert Allen Stanford, pro se

*/s/ R. Allen Stanford*
Reg. # 35017-183
FCC Coleman USP II
P.O. Box 1034
Coleman, Florida 33521



Northern District Court
Clerk of the Court
1100 Commerce St.
Room 1452
Dallas, Texas  75242