**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § | |
| Defendants. | § | |

**JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR EXPEDITED CONSIDERATION**

## TABLE OF CONTENTS

**Page**

Table of Authorities ......................................................................................................... iii
Argument & Authorities .................................................................................................... 2
    A.    Stanford has filed a barrage of vexatious, harassing, and duplicative motions.............. 4
    B.    Stanford lacks a good-faith basis for his voluminous filings in this case and his separate lawsuit against the Receiver. .................................................................. 8
    C.    Stanford's frivolous filings unduly burden the Parties and the Court. ......................... 12
    D.    Alternative sanctions are inadequate to deter Stanford's vexatious and harassing conduct. ........................................................................................... 12
Prayer ............................................................................................................................. 13
Certificate of Conference ................................................................................................ 16
Certificate of Service ...................................................................................................... 17

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, AND FOR INJUNCTION

ii

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baum v. Blue Moon Ventures, LLC*,
   513 F.3d 181 (5th Cir. 2008) ...................................................................................3, 4

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ....................................................................................................2, 3

*Cromer v. Kraft Foods N. Am., Inc.*,
   390 F.3d 812 (4th Cir. 2004) ........................................................................................4

*Davis v. Bayless*,
   70 F.3d 367 (5th Cir. 1995) ........................................................................................10

*Day v. Allstate Ins. Co.*,
   788 F.2d 1110 (5th Cir. 1986) ......................................................................................3

*Farguson v. MBank Houston, N.A.*,
   808 F.2d 358 (5th Cir. 1986) ...................................................................................2, 3

*Harrelson v. United States*,
   613 F.2d 114 (5th Cir. 1980) ........................................................................................3

*Kermit Constr. Corp. v. Banco Credito y Ahorra Ponceno*,
   547 F.2d 1 (1st Cir. 1976) ..........................................................................................10

*Matter of Carroll*,
   850 F.3d 811 (5th Cir. 2017) ........................................................................................3

*New Alaska Dev. Corp. v. Guetschow*
   869 F.2d 1298 (9th Cir. 1989) ....................................................................................10

*Newby v. Enron Corp.*,
   302 F.3d 295 (5th Cir. 2002) ...................................................................................2, 3

*Ou-Young v. Roberts*,
   No. C-13-4442 EMC, 2013 WL 6732118 (N.D. Cal. Dec. 20, 2013) .......................12

*Stanford v. United States*,
   137 S. Ct. 491 (2016), *reh'g denied*, 137 S. Ct. 843 (2017) .......................................9

*United States v. Stanford*,
   805 F.3d 557 (5th Cir. 2015) ........................................................................................8

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, AND FOR INJUNCTION

iii

Receiver Ralph S. Janvey (the "Receiver"), Examiner John J. Little (the "Examiner"), the Official Stanford Investors Committee (the "Committee"), and the Securities and Exchange Commission ("SEC") (collectively, the "Parties") hereby file this Motion requesting that the Court modify its prior Order (Doc. 2087) limiting the Receiver's obligation to respond to filings by R. Allen Stanford ("Stanford"). The Parties request that the Order be expanded and modified to excuse all Parties from the Local Rule 7.1(e) requirement that they file responses to Stanford's opposed motions in this case or any other Stanford case within 21 days. The Parties further request that the Court (1) declare Stanford a vexatious litigant, (2) enjoin Stanford, and any individual acting in concert with Stanford, from filing any new lawsuits against the Parties or any other professional firm or individual professional retained to provide services to the Parties, including but not limited to the Parties' attorneys, accountants, and retained experts ("Receivership Professional"), without seeking and obtaining leave of Court, (3) direct the Clerk of the Court not to accept for filing any such new complaint that Stanford, or any individual acting in concert with Stanford, files unless Stanford has obtained leave of Court for such filing, and (4) dismiss *Stanford v. Janvey, et al.*, Case No. 3:18-cv-00165-N-BK (N.D. Tex.) (the "2018 Case"). In support of this Motion, the Parties respectfully state as follows:

Within the last five months, Stanford has filed several meritless pleadings in this case, including a motion to dismiss for lack of jurisdiction, a motion to dismiss based on a "fraud upon the court," motions for orders discharging the Examiner and other Receivership Professionals, and a motion to recuse Judge David C. Godbey. [*See, e.g.*, Docs. 2577, 2596, 2602, 2605, 2651, 2652, 2664, 2665.] Stanford's recent flurry of filings re-hashes various legal arguments that Stanford has repeatedly made and lost in prior civil and criminal proceedings.

Stanford's new career as a vexatious jail-house lawyer warrants the expansion of this Court's prior Order excusing the Receiver from responding to Stanford's filings to include the Examiner, the Committee, and the SEC. If the Examiner, who is paid from Receivership assets, is not relieved of his obligation to respond, Receivership resources will continue to be wasted responding to Stanford's filings. Stanford has already made a not-so-veiled threat to sue the Examiner. [*See* Doc. 2674 at 3 ("In sum, Mr. Stanford would suggest to the parasitic Examiner that, instead of wasting time on his ad hominem insults and hocus-pocus, he should be searching for his next host . . . and using some of his '$1,370 a day, every day, for the past nine years' to retain a good attorney of his own.").] Also, limited taxpayer resources are wasted by requiring the SEC to continue to respond to Stanford's repetitious, frivolous filings. Additionally, on January 23, 2018, Stanford filed a frivolous complaint against the Receiver and the Receiver's agents, Karyl Van Tassel and FTI Consulting, Inc., in a separate case. [*See* 2018 Case, Doc. 4.] Stanford's lawsuit against the Receiver and his agents violates the Receivership Order and his frivolous allegations against the Receiver are barred by the doctrine of judicial immunity. Given Stanford's history of vexatious and harassing litigation, this Court should exercise its authority to declare Stanford a vexatious litigant, dismiss the 2018 Case, and enjoin Stanford from filing any other action against the Parties or any other Receivership Professionals without first obtaining leave of Court.

## ARGUMENT & AUTHORITIES

Federal courts possess the "inherent power to impose sanctions against vexatious litigants." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (acknowledging "the inherent power of the court to protect its jurisdiction and judgments and to control its docket."); *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them."). Although a court must exercise discretion in fashioning an appropriate sanction, outright dismissal of a lawsuit is within the court's discretion. *Chambers*, 501 U.S. at 45.

The All Writs Act, 28 U.S.C. § 1651, also authorizes federal courts to enter pre-filing orders, including a pre-filing injunction, against vexatious or recalcitrant litigants. *See, e.g.*, *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("Federal courts . . . have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651."); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."); *Newby*, 302 F.3d at 301 ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court."); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that, to deter vexatious filings, a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave of court); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) ("The district court has the power under 28 U.S.C. [section] 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents.").

This Court previously exercised its inherent power to control its docket and impose sanctions in order to minimize Stanford's vexatious litigation conduct. [*See* Doc. 2087 at 1 (citing *Farguson*, 808 F.2d at 360; *Day*, 788 F.2d at 1114).] Finding a "compelling interest in freeing up the Receiver's resources" so that he can focus on the recovery and preservation of Receivership assets, this Court excused the Receiver from the Local Rule 7.1(e) requirement that

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION
3

he file responses to Stanford's opposed motions within twenty-one days. [*See id.* at 2.] Because the activities of the Examiner and the Committee also impact the resources of the Receivership estate and the activities of the SEC impact taxpayer resources, the Order should be expanded to similarly apply to these Parties. The requested modification will ensure that limited Receivership resources and taxpayer dollars are not wasted on responding to Stanford's frivolous pleadings.

In light of Stanford's recent complaint against the Receiver and the Receiver's agents in the 2018 Case, the Court should also declare Stanford a vexatious litigant and impose a pre-filing injunction, which would bar Stanford from filing any additional lawsuits against the Parties or other Receivership Professionals without first obtaining leave of Court. When considering whether to enjoin future filings, a court must weigh all relevant circumstances of the case, including the following four factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good-faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189 (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). Here, all four factors weigh in favor of imposing a pre-filing injunction.

### A. Stanford has filed a barrage of vexatious, harassing, and duplicative motions.

First, Stanford has a long and prolific history of filing frivolous motions and oppositions in this case and related Stanford cases. Since April 2014, Stanford has filed *pro se* a barrage of motions and oppositions comprised of baseless arguments concerning issues that have been

previously litigated, either in this case or in Stanford's criminal case. These motions, none of which has been granted, include:

- Doc. 2002 (Petitioner's Action in Equity and Motion to Vacate a Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(1)-(5)) (Denied by Doc. 2105)

- Doc. 2010 (Reply to Government's Opposition to Motion to Vacate Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(1)-(5))

- Doc. 2014 (Motion to Amend Petitioner's Reply to Government's Opposition to Motion to Vacate Summary Judgment, Pursuant to Federal Rules of Civil Procedure 60(b)(1)-(5))

- Doc. 2025 (Motion to Compel an Expedited Ruling on Pending Federal Civil Rule 60(b) Motion to Vacate Summary Judgment) (Denied by Doc. 2030)

- Doc. 2028 (Response in Opposition to Receiver's Motion for Release of Portion of Holdback)

- Doc. 2034 (Motion to Advise the Court of Criminal Conduct on the Part of a Court-Appointed Officer, and to Request a Referral to the Office of the United States Attorney General for Appointment of a Special Prosecutor) (Denied by Doc. 2236)

- Doc. 2043 (Motion to Supplement Previously Filed Motion to Advise the Court of Criminal Conduct) (Denied by Doc. 2236)

- Doc. 2045 (Motion to Request a Temporary Restraining Order, Order Freezing Assets, and Order Requiring an Interim Accounting, Pending Ruling on Petitioner's Motion to Advise the Court and Request for Referral to the Office of the Attorney General for the Appointment of a Special Prosecutor) (Denied by Doc. 2079)

- Doc. 2049 (Motion for Reconsideration of Petitioner's Motion to Amend and Motion to Compel an Expedited Ruling) (Denied by Doc. 2059)

- Doc. 2057 (Emergency Motion to Amend Section (2) of Pending Rule 60(b)(1)-(5) Motion with Newly Discovered Evidence – Per Recently Decided Case by United States Court of Appeals for the District of Columbia Circuit (Case No. 12-5286))

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

5

- Doc. 2058 (Reply to Receiver's Response to R. Allen Stanford's Miscellaneous Motions and Motion to Exceed Page Limits) (Denied by Doc. 2236)

- Doc. 2061 (Reply to Plaintiff's Response to Defendant Stanford's Motions to Advise the Court of Criminal Conduct and Request Emergency Relief)

- Doc. 2066 (Response to Joint Motion for Order Limiting Requirement to Respond to Filings by R. Allen Stanford)

- Doc. 2081 (Reply to Plaintiff's Response to Defendant Stanford's Motion to Amend Motion to Vacate)

- Doc. 2099 (Motion in Opposition to Receiver's Thirty-First Fee Application)

- Doc. 2100 (Motion for Protective Order from Rule 45 Subpoena which was Issued for Improper Purposes Pursuant to Fed. Civ. R. Pro. 26(c)) (Denied by Doc. 2237)

- Doc. 2103 (Motion to Object to Receiver's Thirty-Second Interim Fee Application)

- Doc. 2111 (Motion to Oppose Receiver's Claims and Distribution Process) (Denied by Doc. 2235)

- Doc. 2112 (Notice of Appeal re: Orders Denying Docs. 2002, 2014, 2010, 2028, 2043, 2045, 2057) (Appeal dismissed for want of prosecution by Doc. 2157)

- Doc. 2143 (Motion to Advise the Court of Misrepresentations on the Part of its Court-Appointed Receiver, an Officer of this Court, which has Resulted, and Continues as, a Fraud Upon the Court, Pursuant to Federal Civil Rule 60(d)) (Denied by Doc. 2234)

- Doc. 2576 (Motion for Appointment of Counsel Pursuant to 28 U.S.C. 1915(e)(1))

- Doc. 2577 (Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure)

- Doc. 2581 (Objection to Proposed Settlement Agreement Between Hunton & Williams LLP, and Ralph S. Janvey, Receiver for the Stanford Receivership Estate, Pursuant to Rules 23(e)(4) and (e)(5) of the Federal Rules of Civil Procedure)

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

6

- Doc. 2596 (Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure)

- Doc. 2602 (Motion to Dismiss Based on a Fraud Upon the Court and Resulting Void Judgment Pursuant to the Federal Rules of Civil Procedure 60(d)(3) and 60(b)(4) and Motion to Recuse Judge David C. Godbey Pursuant to 28 U.S.C. 455(a))

- Doc. 2605 (Emergency Motion to Amend Pending Rule 12(b)(1) Motion to Dismiss)

- Doc. 2618 (Objection to Plaintiff's Request for an Extension of Time)

- Doc. 2643 (Objection to Motion for Approval of Receiver's Forty-Seventh Fee Application)

- Doc. 2646 (Reply to the SEC's Response to Rule 12(b)(1) Motion to Dismiss, and Related Motions)

- Doc. 2651 (Motion Requesting an Expedited Ruling on Pending Rule 12(b)(1) Motion to Dismiss Pursuant to the Ripeness Doctrine)

- Doc. 2652 (Motion for an Order Discharging Court-Appointed Examiner)

- Doc. 2653 (Objection to Receiver's Sale of St. Croix Property and Reply to Receiver's Response to Previous Objection Concerning the Receiver's Fee Applications)

- Doc. 2664 (Motion to Expedite Judgment on the Merits of Pending Rule 12(b)(1) Motion to Dismiss Pursuant to 28 U.S.C. 1657(a))

- Doc. 2665 (Motion for an Order to Terminate the Services of Karyl Van Tassel, and FTI Consulting, Inc., and to Bar any Post-Termination Application on Their Part for Payment)

- Doc. 2674 (Reply to Examiner's Response to R. A. Stanford's Motion to Discharge Examiner)

As this Court previously acknowledged when it entered the Order excusing the Receiver from responding to Stanford's filings [*see* Doc. 2087], Stanford's abusive and harassing conduct in this case alone warrants protective measures. The foregoing motions are frivolous, duplicative,

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

7

and seek to relitigate issues that were already decided against Stanford. In addition, Stanford recently filed motions in his criminal case requesting permission to take the depositions of the Receiver and Karyl Van Tassel. [*See* Case No. 4:09-cr-342-1 (S.D. Tex.), Docs. 1353, 1355.] Judge Hittner denied the motions within two days of filing and before any response had been filed. [*See id.*, Doc. 1358.] This cursory denial reflects the groundless nature of Stanford's filings.

    **B.**    **Stanford lacks a good-faith basis for his voluminous filings in this case and his separate lawsuit against the Receiver.**

Second, Stanford lacks a good-faith basis for both his recent spate of filings in this case and his pursuit of the 2018 Case. Most of the motions Stanford has filed in the past five months continue to harp on threshold jurisdictional issues that have been squarely decided against Stanford. [*See, e.g.*, Docs. 2577, 2596, 2602, 2605, 2646, 2651, 2664.] These duplicative motions are intended solely to harass the Parties and dissipate their resources. Stanford's other motions, which are rife with unfounded attacks on the Parties and this Court, lack any basis in fact or law. [*See, e.g.*, Docs. 2602, 2652, 2665.]

Moreover, Stanford had his day in court, and a jury found him guilty of conspiracy to commit wire and mail fraud, substantive counts of wire and mail fraud, conspiracy to obstruct an SEC investigation, and obstruction of an SEC investigation. *See United States v. Stanford*, 805 F.3d 557, 563 (5th Cir. 2015). The United States District Court for the Southern District of Texas sentenced Stanford to a term of 110 years in prison. *Id.* at 565. The Fifth Circuit affirmed his conviction, *id.* at 572, and the Supreme Court denied Stanford's petition for writ of certiorari, *Stanford v. United States*, 137 S. Ct. 491 (2016), *reh'g denied*, 137 S. Ct. 843 (2017). Left with no prospect of obtaining relief in his criminal case, Stanford continues to

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

8

manufacture wild allegations that the Receiver and his agents wrongfully obtained and manipulated Stanford International Bank, Ltd. ("SIBL") data and that this ultimately resulted in Stanford's wrongful conviction. [*See* 2018 Case, Doc. 4 at 7-16.] Stanford's unfounded complaint in the 2018 Case, which both violates the Receivership Order and is barred by judicial immunity, has no purpose other than to harass the Receiver and his agents.

Stanford's lawsuit against the Receiver and his agents in the 2018 Case constitutes a clear violation of the Court's Order enjoining litigation against the Receiver. Specifically, the Second Amended Order Appointing Receiver states:

> Creditors and all other persons are hereby restrained and enjoined, *without prior approval of the Court*, from: [a]ny act to obtain possession of the Receivership Estate assets [and] [a]ny act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate[.]
>
> \* \* \*
>
> Defendants, and their respective agents, officers, employees and all persons in active concert or participation with them are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records . . . *except with the permission of this Court*[.]

[Doc. 1130 at ¶¶ 10(a), 10(c), 12 (emphasis added).] By filing suit against the Receiver without leave of Court, Stanford is interfering with the Receiver's duties and ignoring this Court's clear Order prohibiting suits against the Receiver.

Moreover, the Receiver is entitled to absolute judicial immunity for claims arising from the exercise of his Receivership duties as an officer of this Court. It is well established that

"[c]ourt appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995). As the Ninth Circuit noted in *New Alaska Development Corporation v. Guetschow*:

> [C]ases from other circuits have held uniformly that state court-appointed receivers are entitled to absolute immunity. They start with the premise that receivers are court officers who share the immunity awarded to judges. Absent broad immunity, receivers would be a lightning rod for harassing litigation aimed at judicial orders. To limit the harassment of receivers as quickly as possible, a plaintiff is required to allege the absence of judicial immunity.

869 F.2d 1298, 1303 (9th Cir. 1989) (internal quotation marks and citations omitted). This rationale, based on longstanding common-law principles, applies equally to federal receivers. *See, e.g.*, *Kermit Constr. Corp. v. Banco Credito y Ahorra Ponceno*, 547 F.2d 1, 2-3 (1st Cir. 1976) ("The district court decided that receivers are court officers who share the immunity awarded to judges. At common law, this was true . . . . The Supreme Court has granted absolute immunity to judges, legislators, and prosecutors. . . . At the least, a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity. To deny him this immunity would seriously encroach on the judicial immunity already recognized by the Supreme Court.") (internal citations omitted).

Indeed, the original and amended Orders appointing the Receiver incorporate the principle of judicial immunity, providing as follows:

> Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or any of Defendants, the Defendants' clients or associates, or their subsidiaries or affiliates, their officers, directors, agents, and employees, or by any of Defendants'

> creditors or equity holders because of any act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

[*See* Doc. 10 (Order Appointing Receiver) at ¶ 2; Doc. 157 (Amended Order Appointing Receiver) at ¶ 2; Doc. 1130 (Second Amended Order Appointing Receiver) at ¶ 2 (collectively, the "Receivership Orders").]

Although Stanford attempts to plead around judicial immunity by alleging a "deliberate violation of the Receivership Order" that amounts to "willful malfeasance," [*see* 2018 Case, Doc. 4 at 2], such allegations are frivolous on their face. The actions of which Stanford complains are properly viewed as actions of an officer of this Court and his duly-appointed agents in fulfillment of the Receiver's court-appointed duties. In the Receivership Orders, this Court assumed exclusive jurisdiction and took possession of all Receivership records and explicitly granted the Receiver the

> full power to collect, receive, and take possession of without limitation, all . . . books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate.

[*See* Doc. 10 at ¶¶ 1, 5(b); Doc. 157 at ¶¶ 1, 5(b); Doc. 1130 at ¶¶ 1, 5(b).] This broad grant of authority clearly encompasses the SIBL records that are the focus of Stanford's complaint. As it concerns Stanford's allegations of improper "ex parte meetings" between the Receiver's forensic accountant in this proceeding and members of governmental agencies, [*see* 2018 Case, Doc. 4 at 12-16], the Receivership Orders also expressly direct the Receiver to "provide the [SEC] and other governmental agencies with all information and documentation they may seek in

connection with its regulatory or investigatory activities," [*see* Doc. 10 at ¶ 5(k); Doc. 157 at ¶ 5(k); Doc. 1130 at ¶ 5(k)]. Stanford's intentional disregard of the Receiver's immunity further supports a finding of bad-faith conduct. *Cf. Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *9 (N.D. Cal. Dec. 20, 2013) (citing the fact that litigant "named defendants who are clearly immune from suit" as evidence of frivolousness).

### C.     Stanford's frivolous filings unduly burden the Parties and the Court.

Third, the burden to the Parties and this Court resulting from Stanford's meritless filings is substantial. The Receiver has been charged with the duty of recovering and preserving assets traceable to the Receivership Estate and maximizing the distribution of these assets to defrauded investors and other claimants. [*See* Doc. 10 at ¶¶ 4, 5(c), 5(g), 5(j); Doc. 157 at ¶¶ 4, 5(c), 5(g), 5(j); Doc. 1130 at ¶¶ 4, 5(c), 5(g), 5(j).] The Committee has been tasked with cooperating with the Receiver in the prosecution and identification of actions for the benefit of the Receivership Estate and the Stanford investors. [*See* Doc. 157 at ¶¶ 7-9.] And, the Examiner has been directed to gather and convey to the Court any information he believes would be helpful to the Court in considering the interests of Stanford investors. [*See* Doc. 332 at 1.] The resources of the Receivership Estate are limited and should be devoted to the recovery and distribution of assets to the many victims of Stanford's global fraud, not defending against frivolous lawsuits filed by Stanford. Stanford's meritless filings also needlessly strain finite judicial resources, diverting them from good-faith litigants and meritorious cases.

### D.     Alternative sanctions are inadequate to deter Stanford's vexatious and harassing conduct.

Finally, alternative sanctions are inadequate. This Court already entered an Order designed to protect the Receiver from Stanford's vexatious filings in this case. In an attempt to

circumvent this Court's Order, Stanford has now filed a separate lawsuit against the Receiver and his agents. Absent an injunction requiring Stanford to obtain leave of Court before filing future lawsuits, Stanford will be free to continue filing vexatious, abusive, and harassing litigation against the Parties and other Receivership Professionals. Furthermore, because Stanford has already begun using proxies to file his frivolous motions, [*see, e.g.*, Docs. 2666, 2669], the Parties will not be adequately protected unless such injunction extends to any person acting in concert with Stanford.

## PRAYER

For the foregoing reasons, the Parties respectfully request that the Court (1) modify and expand its prior Order limiting the Receiver's requirement to respond to filings by Stanford to apply to the Examiner, the Committee, and the SEC, (2) declare Stanford a vexatious litigant, (3) enjoin Stanford, and any person acting in concert with Stanford, from filing any new lawsuit that names the Receiver, the Examiner, the Committee, any other Receivership Professional, or the SEC as a party without first seeking and obtaining leave of Court, (4) direct the Clerk not to accept for filing any such new complaint that Stanford, or any person acting in concert with Stanford, files unless Stanford has obtained leave of Court, and (5) dismiss the 2018 Case. Given the urgency of the foregoing issues and the risk that Stanford's vexatious and abusive litigation conduct will continue to waste Receivership and judicial resources, the Parties request expedited consideration of this motion. The Parties also request such other and further relief as the Court deems proper under the circumstances.

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION
13

Dated:  February 8, 2018                    Respectfully submitted,

                                            **BAKER BOTTS L.L.P.**

                                            By: */s/ Kevin M. Sadler*
                                                Kevin M. Sadler
                                                Texas Bar No. 17512450
                                                kevin.sadler@bakerbotts.com
                                                Scott D. Powers
                                                Texas Bar No. 24027746
                                                scott.powers@bakerbotts.com
                                                David T. Arlington
                                                Texas Bar No. 00790238
                                                david.arlington@bakerbotts.com
                                                98 San Jacinto Blvd., Suite 1500
                                                Austin, Texas 78701
                                                Tel: 512.322.2500
                                                Fax: 512.322.2501

                                                Timothy S. Durst
                                                Texas Bar No. 00786924
                                                tim.durst@bakerbotts.com
                                                2001 Ross Avenue
                                                Dallas, Texas 75201
                                                Tel: 214.953.6500
                                                Fax: 214.953.6503

                                            **ATTORNEYS FOR RECEIVER RALPH S. JANVEY**


                                            By: /s/ *John J. Little*
                                                John J. Little
                                                Texas Bar No. 12424230
                                                jlittle@lpf-law.com
                                                LITTLE PEDERSEN FANKHAUSER, LLP
                                                901 Main Street, Suite 4110
                                                Dallas, Texas 75202
                                                Tel: 214.573.2300
                                                Fax; 214.573.2323

                                            **COURT-APPOINTED EXAMINER**

       **STRASBURGER & PRICE, LLP**

      By: */s/ Judith R. Blakeway*
       Judith R. Blakeway
       Texas Bar No. 02434400
       judith.blakeway@strasburger.com
       2301 Broadway
       San Antonio, Texas 78215
       Tel: 210.250.6000
       Fax: 210.250.6100

      **ATTORNEYS FOR THE OFFICIAL STANFORD INVESTORS COMMITTEE**


      By: */s/ Janie L. Frank*
       David B. Reece
       State Bar No. 24002810
       reeced@sec.gov
       David B. Fraser
       State Bar No. 24012654
       fraserb@sec.gov
       Janie L. Frank
       Texas Bar No. 07363050
       frankj@sec.gov
       U.S. Securities and Exchange Commission
       Burnett Plaza, Suite 1900
       801 Cherry Street, Unit #18
       Fort Worth, Texas 76102-6882
       Tel: 817.978.6478
       Fax: 817.978.4927


      **ATTORNEYS FOR THE SECURITIES AND EXCHANGE COMMISSION**

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR EXPEDITED CONSIDERATION

15

## CERTIFICATE OF CONFERENCE

Counsel for the Receiver conferred with the parties to this case.

Defendant R. Allen Stanford, who represents himself *pro se* in this matter, is currently incarcerated. It is therefore impractical to confer with him regarding this motion. It is reasonable to assume, however, that Mr. Stanford is opposed to this motion and the relief requested herein.

Counsel for the Receiver conferred with Jeff Tillotson, counsel for Laura Pendergest-Holt, who did not provide a response regarding the position of Ms. Pendergest-Holt on this motion or the relief requested herein.

Counsel for the Receiver conferred with Kenneth Johnston, counsel for Trustmark National Bank, who stated that Trustmark National Bank takes no position on this motion or the relief requested herein.

Counsel for the Receiver conferred with Manuel P. Lena, Jr., counsel for the DOJ (Tax Division), who stated that the United States (IRS) is not opposed to this motion or the relief requested herein.

Counsel for the Receiver conferred with David Finn, who is listed on the docket sheet as the attorney to be noticed for James Davis, who did not provide a response regarding Mr. Davis's position on this motion or the relief requested herein.

Counsel for the Receiver conferred with Matthew Klecka, counsel for the DOJ (Fraud Division), who did not provide a response regarding the position of the DOJ (Fraud Division) on this motion or the relief requested herein.

Counsel for the Receiver conferred with John Helms, Jr., counsel for Mark Kuhrt, who stated that Mr. Kuhrt is not opposed to this motion or the relief requested herein.

The motion, therefore, is opposed.

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

16

## CERTIFICATE OF SERVICE

On February 8, 2018, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve the Court-appointed Examiner, all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

On February 8, 2018, I served a true and correct copy of the foregoing document and the notice of electronic filing by United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

> R. Allen Stanford, Pro Se
> Inmate #35017183
> Coleman II USP
> Post Office Box 1034
> Coleman, FL 33521

>> */s/ Kevin M. Sadler*
>> Kevin M. Sadler

JOINT MOTION FOR MODIFICATION OF ORDER LIMITING REQUIREMENT
TO RESPOND TO FILINGS BY R. ALLEN STANFORD, FOR DECLARATION
THAT STANFORD IS A VEXATIOUS LITIGANT, FOR INJUNCTION, AND FOR
EXPEDITED CONSIDERATION

17