IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |

## **ORDER**

This Order addresses the motions to intervene pursuant to Federal Rule of Civil Procedure 24(a) filed by Movants Michael and Diane Hanlen [2666], Katherine A. Hill [2669], Eugenia Collinsworth [2677], Ian David Ashbery [2687], Alfaredo Machuca Gonzalez and Oralia Vaca de Machuca [2689], Carole D. Bullard [2697], Pierre Wouters [2699], Ybel Jeannette Sanchez Rojas [2704], Olga Rojas de Sanchez [2705], Jaime Alexis Arroyo Bornstein [2710], Mirlay Sanchez [2724] and Daniel Acund [2728]. Each of the identical motions seeks intervention in the instant action on the grounds that the interests of Movants – all holders of certificates of deposit purchased from Stanford International Bank, Ltd. and registrants in the Receiver's claims distribution process – are not adequately protected in the litigation.

On a timely motion, Rule 24(a) allows for intervention as of right if the movant (1) is given an unconditional right to intervene by federal statute or (2) claims an interest relating

ORDER – PAGE 1

to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. FED. R. CIV. P. 24(a). In this case, no federal statute gives Movants an unconditional right to intervene. Movants therefore must meet four requirements for intervention as a matter of right under Rule 24(a)(2): (1) the applications for intervention must be timely, (2) Movants must have an interest relating to the property or transaction that is the subject of the action, (3) Movants must be so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their interests, and (4) Movants' interests must be inadequately represented by the existing parties to the suit. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (internal citation omitted).

Here, Movants fail to satisfy at least two requirements. First, contrary to Movants' conclusory allegations, Ralph S. Janvey (the "Receiver"), John J. Little (the "Examiner"), the Securities and Exchange Commission ("SEC"), and the Official Stanford Investors Committee ("OSIC") adequately represent Movants' interests in the ongoing action. *See* Order 4–6 [321]. Second, given the Receiver's claims distribution process, disposition of this action does not impair or impede Movants' ability to protect their interests as a practical matter. *See id.* at 6–7.

As a result, the Court denies Movants' motions to intervene in full. The Court further grants the Receiver, the Examiner, the SEC, and OSIC's request to be excused from

responding to such future motions to intervene until and unless the Court informs the parties that a response is necessary.

Signed May 7, 2018.

_____
David C. Godbey
United States District Judge