IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § § | |

## **ORDER**

This Order addresses Defendant R. Allen Stanford's motion to appoint counsel [2576], Federal Rule of Civil Procedure 12(b)(1) motion to dismiss [2596], Rules 60(d)(3) and 60(b)(4) motion to dismiss [2602], motion to recuse Judge David C. Godbey [2602], motion to amend Rule 12(b)(1) motion to dismiss [2605], motion for expedited ruling on Rule 12(b)(1) motion to dismiss [2651], motion to discharge Court-appointed examiner John J. Little (the "Examiner") [2652], motion for expedited ruling on Rule 12(b)(1) motion to dismiss [2664], motion to terminate services of Karyl Van Tassel and FTI Consulting, Inc. ("FTI") [2665], motion for leave to submit personal letters [2675], and Rule 60(b)(4) motion for relief from void judgment [2680]. For the reasons stated below, the Court denies each of the motions.

## I. ORIGINS OF THE DISPUTE

This action arises out of the Ponzi scheme perpetrated by Stanford, his associates, and various entities under his control. The facts associated with Stanford's scheme are well established, *see, e.g., Janvey v. Democratic Senatorial Campaign Comm.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here. Fundamentally, Stanford's scheme entailed the sale of fraudulent certificates of deposit ("CDs") in Stanford International Bank, Ltd. ("SIBL"), an offshore bank located in the country of Antigua. Although Stanford represented that the CD proceeds were invested only in low risk, high return funds, in reality the proceeds were funneled into speculative private equity investments and used to fund Stanford's extravagant lifestyle. By the time the scheme collapsed after a Securities and Exchange Commission ("SEC") investigation into the Stanford entities, it had raised in excess of $7 billion from the sale of fraudulent CDs. Stanford was prosecuted for and convicted of numerous federal offenses and is currently serving a federal prison sentence. Over the course of the last few months, Stanford has filed a flurry of new motions, which the Court now addresses

## II. THE COURT DENIES STANFORD'S MOTION TO APPOINT COUNSEL

In his motion to appoint counsel [2576], Stanford seeks appointment of counsel for the purpose of editing and filing a Rule 12(b)(1) motion to dismiss on his behalf. Although courts have the authority to appoint an attorney to represent a person unable to afford counsel, 28 U.S.C. § 1915(e)(1), a court is not required to appoint counsel for an indigent person unless the case presents "exceptional challenges," *Naranjo v. Thompson*, 809 F.3d

793, 799 (5th Cir. 2015). In determining whether to exercise its discretion to appoint counsel for an indigent person, a court must consider: (1) the type and complexity of the case; (2) the indigent person's ability to present and investigate her case; (3) the presence of evidence that will largely consist of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (4) the likelihood that appointing counsel will benefit the parties and the court by shortening the trial and assisting in a just determination. *Id.* As a preliminary matter, however, an indigent person is ineligible for appointment of counsel unless the court first determines that her claims meet a threshold level of plausibility. *Id.* Here, Stanford's request fails at this threshold inquiry. As explained more fully in section III below, Stanford's Rule 12(b)(1) motion – which he later filed apparently without the assistance of any counsel – simply rehashes arguments he has previously submitted in the course of this litigation, each of which has already been rejected by this Court, the Fifth Circuit, and/or the Supreme Court. Because his claims are not plausible, Stanford is not due court-appointed counsel. And, in any event, Stanford has not satisfied his burden of demonstrating the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). The Court accordingly denies Stanford's motion.

### III. THE COURT DENIES STANFORD'S RULE 12(B)(1) MOTION TO DISMISS

In his Rule 12(b)(1) motion to dismiss [2596], Stanford asserts four reasons for dismissal: (1) the SEC and this Court lack subject matter jurisdiction over the case because the CDs SIBL sold are not securities under the Securities Exchange Act of 1934 (the "Exchange Act"); (2) the SEC failed to satisfy the "in connection with" element under

section 10(b) of the Exchange Act; (3) the sales of CDs occurred in another country, precluding them from being domestic transactions subject to the Exchange Act; and (4) the Court lacks jurisdiction over SIBL because it was incorporated and headquartered outside the United States. But each of Stanford's contentions is unavailing. First, the SIBL CDs are indeed securities under the Exchange Act. *See* Order 5–10 [1483]; *Chadbourne & Parke, LLP v. Troice*, 134 S. Ct. 1058, 1070 (2014) ("Frauds like the one here – including *this fraud itself* – will continue to be within the reach of federal regulation because the authority of the SEC and the Department of Justice extends to all 'securities,' not just to those traded on national exchanges.") (emphasis in original). Second, the SEC satisfied the "in connection with" requirement of section 10(b) of the Exchange Act. *See* Order 5–7 [1858]; *Troice*, 134 S. Ct. at 1069–70 ("No one here denies that, for § 10(b) purposes, the 'material' misrepresentations by Stanford and his associates were made 'in connection with' the 'purchases' of those certificates."). Third, the CD sales qualify as domestic securities transactions, given their extensive connections to the United States. *See, e.g., SEC v. Fujinaga*, 696 F. App'x 203, 206 (9th Cir. 2017). In any event, because whether the CD sales were domestic of transnational transactions is a merits question, Stanford has waived this argument by failing to raise it previously. *See, e.g., Inclusive Communities Project, Inc. v. United States Dep't of Treasury*, 2016 WL 6397643, at *8 (N.D. Tex. Oct. 28, 2016). Fourth, the Court indeed has personal jurisdiction over SIBL. *See* Order 2 [2105]. And, regardless, Stanford has waived this defense, given his failure to raise it previously. *See, e.g.,*

*Utterback v. Trustmark Nat'l Bank*, 2017 WL 5643390, at *2 n. 5 (5th Cir. Nov. 22, 2017). The Court therefore denies Stanford's Rule 12(b)(1) motion to dismiss.[1]

### IV. THE COURT DENIES STANFORD'S RULES 60(D)(3) AND 60(B)(4) MOTION TO DISMISS

In his Rules 60(d)(3) and 60(b)(4) motion to dismiss [2602], Stanford seeks to set aside the judgment against him for fraud upon the court and as a void judgment. In support, Stanford's sole argument is that the CDs SIBL sold are not securities and should not be subject to federal securities laws. But, as explained in section III above, the SIBL CDs are indeed securities under the Exchange Act. Because a correct, albeit adverse, ruling is not proper grounds for fraud upon the court or void judgment, *see Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999), the Court denies Stanford's Rules 60(d)(3) and 60(b)(4) motion to dismiss.

### V. THE COURT DENIES STANFORD'S MOTION TO RECUSE JUDGE DAVID C. GODBEY

In his motion to recuse Judge David C. Godbey [2602], Stanford seeks to disqualify the undersigned from ruling on his motions to dismiss given this Court's prior rulings that SIBL's CDs qualify as securities subject to federal securities laws. The relevant statute for recusal provides: "Any justice, judge, or magistrate of the United States shall disqualify

---

[1] By virtue of this ruling, the Court denies as moot Stanford's two motions for expedited ruling on Rule 12(b)(1) motion to dismiss [2651, 2664] and his motion for leave to submit personal letters [2675]. The Court also denies Stanford's motion to amend Rule 12(b)(1) motion to dismiss [2605], which adds a fifth argument in support of dismissal: that the SEC exceeded the applicable statute of limitations. Because it is well established that, "when a defendant commits successive violations, the statute of limitations runs separately from each violation," *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014), and Stanford's violations of securities laws continued through at least February 17, 2009 when the SEC filed this case, the SEC's action was timely.

himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of the statute is to "promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). But the Fifth Circuit has warned district courts to "be alert to avoid the possibility that those who would question [their] impartiality are in fact seeking to avoid the consequences of [their] expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980). Here, Stanford's stated reason for recusal is essentially his disagreement with the Court's prior rulings on the issue. Because adverse decisions are not a basis for recusal, *see United States v. Morrison*, 833 F.3d 491, 507 (5th Cir. 2016) ("Adverse trial rulings . . . do not establish bias."), the Court denies Stanford's motion.

### VI. THE COURT DENIES STANFORD'S MOTION TO DISCHARGE THE EXAMINER

In his motion to discharge the Examiner [2652], Stanford seeks to discharge the Examiner for allegedly failing to fulfill his duties. In particular, Stanford claims that the Examiner has (1) turned a blind eye to Plaintiff Ralph S. Janvey's (the "Receiver") violating the separation of powers doctrine by conducting investigations into Stanford's Ponzi scheme, (2) failed to disclose the Receiver's obtaining electronic information located in Antigua, and (3) developed a collusive relationship with the Receiver. Each of Stanford's arguments is, however, unavailing. First, the Receiver has been explicitly charged with investigating Stanford's Ponzi scheme. *See* Second Amended Order Appointing Receiver 4–7 [1130]. Second, the Receiver's efforts to access and secure SIBL's electronic information have been

explicitly authorized by this Court. *See id.* at 4–5. Third, the Examiner has not developed a collusive relationship with the Receiver, as evidenced by his regular opposition to the Receiver's requests when he deems such opposition appropriate. *See, e.g.,* Exam.'s Resp. to Rec.'s First Interim Fee Appl. [452]; Exam.'s Resp. to Rec.'s Mot. to Amend Fee Structure and Holdback [1551]; Exam.'s Resp. in Opp'n to Rec.'s Mot. for Approval to Release Portion of Holdback [2016]. Because Stanford's motion to discharge the Examiner consists of speculative, theoretical, and unfounded allegations, the Court denies the motion.

### VII. THE COURT DENIES STANFORD'S MOTION TO TERMINATE SERVICES OF KARYL VAN TASSEL AND FTI

In his motion to terminate services of Karyl Van Tassel and FTI [2665], Stanford argues that Van Tassel and her former consulting firm, who have provided forensic accounting services in this case, should be terminated because they conspired with the Receiver, the SEC, and the Department of Justice ("DOJ") to violate this Court's Order Appointing Receiver [10] and the separation of powers doctrine. Contrary to Stanford's allegations, however, Van Tassel and FTI have not flouted either. For one, section 12(c) of the order establishing the Receivership, which Stanford asserts Van Tassel and FTI disregarded, does not prohibit investigation of the Stanford entities, as Stanford claims it does. *See* Order Appointing Rec. 10 [10]. And further, Van Tassel and FTI have not defied the separation of powers doctrine by sharing their forensic accounting work with the Receiver, the SEC, and the DOJ. Accordingly, the Court denies Stanford's motion.

## VIII. THE COURT DENIES STANFORD'S RULE 60(B)(4) MOTION FOR RELIEF FROM VOID JUDGMENT

In his Rule 60(b)(4) motion for relief from void judgment [2680], Stanford seeks to set aside the judgment against him as a void judgment. The Fifth Circuit has recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): (1) if the initial court lacked subject matter or personal jurisdiction or (2) if the district court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). Here, Stanford avers that this Court acted in a manner inconsistent with due process of law by allegedly allowing the Receiver to violate this Court's Order Appointing Receiver [10] and the Texas Civil Practice and Remedies Code. But Stanford's allegations are futile. First, the Receiver did not violate section 12(c) of the Order Appointing Receiver [10]. Section 12(c) merely explains how the "production of documents *may* be compelled" under Rule 45. Order Appointing Rec. 10 [10] (emphasis added). Because section 12(c) uses permissive – not mandatory – language, the Receiver's obtaining documents without a Rule 45 subpoena was not impermissible per se. Second, contrary to Stanford's assertions, section 64.031 of the Texas Civil Practice and Remedies Code does not prohibit a receiver from "supplementing" a court order. Mot. for Relief from Void J. 10 [2680]. Instead, section 64.031 allows for the collection of relevant documents if done, as here, as authorized by a court. TEX. CIV. PRAC. REM. CODE § 64.031. Because this Court has thus not acted in a manner inconsistent with due process of law, the Court denies the motion.

ORDER – PAGE 8

## CONCLUSION

For the reasons set forth above, the Court denies in full Stanford's motion to appoint counsel [2576], Rule 12(b)(1) motion to dismiss [2596], Rules 60(d)(3) and 60(b)(4) motion to dismiss [2602], motion to recuse Judge David C. Godbey [2602], motion to amend Rule 12(b)(1) motion to dismiss [2605], motion for expedited ruling on Rule 12(b)(1) motion to dismiss [2651], motion to discharge the Examiner [2652], motion for expedited ruling on Rule 12(b)(1) motion to dismiss [2664], motion to terminate services of Karyl Van Tassel and FTI [2665], motion for leave to submit personal letters [2675], and Rule 60(b)(4) motion for relief from void judgment [2680].

Signed May 10, 2018.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 9