# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., et al., | § § § § | |
| Defendants. | § § § | |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-CV-0477-N-BG |
| v. | § § | |
| PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM, | § § § § | |
| Defendants. | § § | |

## SCHEDULING ORDER

This matter is before the Court on the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Proskauer Rose LLP, to Approve the Proposed Notice of Settlement with Proskauer Rose LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of Ralph S. Janvey (the "Receiver"), as Receiver for the Receivership Estate in *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex.) (the "SEC Action"), the Official Stanford Investors

Committee (the "Committee"), as a party to the SEC Action and, along with the Receiver, as a plaintiff in *Janvey v. Proskauer Rose LLP et al.*, No. 3:13-cv-00477-N (N.D. Tex.) (the "Receiver Litigation"), Sandra Dorrell and Phillip A. Wilkinson, individually and, on behalf of a putative class of Stanford investors, as plaintiffs in *Dorrell v. Proskauer Rose LLP*, No. 3:16-cv-1152-N (N.D. Tex.) (the "Investor Plaintiffs" in the "Investor Litigation"), each of the plaintiffs listed in Exhibit E to the Settlement Agreement[1] (the "State Court Plaintiffs" in the "State Court Litigations") (collectively, the Receiver, the Committee, the Investor Plaintiffs, and the State Court Plaintiffs are referred to as "Plaintiffs," and collectively, the Receiver Litigation, the Investor Litigation, and the State Court Litigations are referred to as the "Litigation"). The Motion concerns a proposed settlement (the "Settlement") among and between, on the one hand, Plaintiffs and the Court-appointed Examiner, John J. Little (the "Examiner");[2] and, on the other hand, Proskauer Rose LLP ("Proskauer"), as a defendant in the Litigation. All capitalized terms used in this Scheduling Order that are defined in the Settlement Agreement have the same meaning as in the Settlement Agreement (which is deemed incorporated herein by reference) unless expressly otherwise defined herein.

In the Motion, the Plaintiffs seek the Court's approval of the terms of the Settlement, including entry of a bar order in the SEC Action (the "Bar Order") and a final judgment and bar order in the Receiver Litigation (the "Judgment and Bar Order"). After reviewing the terms of the Settlement and considering the arguments presented in the Motion, the Court preliminarily approves the Settlement as adequate, fair, reasonable, and equitable. Accordingly, the Court

---

[1] The "Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion [ECF No. _].

[2] The Examiner executed the Settlement Agreement to indicate his approval of the terms of the Settlement and to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the Settlement Agreement, the SEC Action, the Receiver Litigation, or the Investor Litigation.

enters this scheduling order to: (i) provide for notice of the terms of the Settlement, including the proposed Bar Order in the SEC Action and the proposed Judgment and Bar Order in the Receiver Litigation; (ii) set the deadline for filing objections to the Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees; (iii) set the deadline for responding to any objection so filed; and (iv) set the date of the final approval hearing regarding the Settlement, the Bar Order in the SEC Action, the Judgment and Bar Order in the Receiver Litigation, and Plaintiffs' request for approval of Plaintiffs' attorneys' fees (the "Final Approval Hearing"), as follows:

1.  <u>Preliminary Findings on Potential Approval of the Settlement</u>: Based upon the Court's review of the terms of the Settlement Agreement, the arguments presented in the Motion, and the Motion's accompanying appendices and exhibits, the Court preliminarily finds that the Settlement is fair, reasonable, and equitable; has no obvious deficiencies; and is the product of serious, informed, good-faith, and arm's-length negotiations. The Court, however, reserves a final ruling with respect to the terms of the Settlement until after the Final Approval Hearing referenced below in Paragraph 2.

2.  <u>Final Approval Hearing</u>: The Final Approval Hearing will be held before the Honorable David C. Godbey of the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at __:__ _.m. on _____, which is a date at least ninety (90) calendar days after entry of this Scheduling Order. The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the Settlement should be approved by the Court; (ii) determine whether the Bar Order attached as Exhibit B to the Settlement Agreement should be entered by the Court in the SEC Action; (iii) determine whether the Judgment and Bar Order attached as Exhibit C to the

Settlement Agreement should be entered by the Court in the Litigation; (iv) rule upon any objections to the Settlement, Bar Order, or the Judgment and Bar Order; (v) rule upon Plaintiffs' request for approval of Plaintiffs' attorneys' fees; and (vi) rule upon such other matters as the Court may deem appropriate.

      3.      <u>Notice</u>:  The Court approves the form of Notice attached as Exhibit A to the Settlement Agreement and finds that the methodology, distribution, and dissemination of Notice described in the Motion:  (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the Settlement, the releases therein, and the injunctions provided for in the Bar Order and Judgment and Bar Order; (iii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, the Bar Order, or the Judgment and Bar Order, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters.  The Court further approves the form of the publication Notice attached as Exhibit G to the Settlement Agreement.  Therefore:

           a.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Notice in substantially the same form attached as Exhibit A to the Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all Interested Parties; to be sent via electronic service to all counsel of record for any Person who is, at the time of Notice, a party in any case included in *In re Stanford Entities Securities Litigation*, MDL No. 2099 (N.D. Tex.) (the "MDL"), the SEC Action or the Litigation, who are deemed to have consented to electronic service through the

Court's CM/ECF System under Local Rule CV-5.1(d); and to be sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who is, at the time of service, a party in any case included in the MDL, the SEC Action or the Litigation.

      b.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form attached as Exhibit G to the Settlement Agreement to be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*.

      c.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Receiver's website (http://stanfordfinancialreceivership.com).  The Examiner is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Examiner's website (http://lpf-law.com/examiner-stanford-financial-group).

      d.      The Receiver is hereby directed promptly to provide the Settlement Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to legalassistant@casnlaw.com, or via telephone by calling Nadia Ramon (210) 630-4200.  The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

      e.      No less than ten (10) days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with

subparts (a) through (d) of this Paragraph, which may be in the form of an affidavit or declaration.

    4.    <u>Objections and Appearances at the Final Approval Hearing</u>:  Any Person who wishes to object to the terms of the Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees, or who wishes to appear at the Final Approval Hearing, must do so by filing an objection, in writing, with the Court in the SEC Action (3:09-CV-0298-N), by ECF or by mailing the objection to the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242, no later than [insert date of 21st day before Final Approval Hearing], 2018.  All objections filed with the Court must:

    a.    contain the name, address, telephone number, and (if applicable) an email address of the Person filing the objection;

    b.    contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

    c.    be signed by the Person filing the objection, or his or her attorney;

    d.    state, in detail, the basis for any objection;

    e.    attach any document the Court should consider in ruling on the Settlement, the Bar Order, the Judgment and Bar Order, or Plaintiffs' request for approval of Plaintiffs' attorneys' fees; and

    f.    if the Person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

No Person will be permitted to appear at the Final Approval Hearing without filing a written objection and request to appear at the Final Approval Hearing as set forth in subparts (a)

through (f) of this Paragraph.  Copies of any objections filed must be served by ECF, or by email or first class mail, upon each of the following:

    James P. Rouhandeh
    Daniel J. Schwartz
    Davis Polk & Wardwell LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: 212.450.4000
    Facsimile: 212.701.5800
    Email: rouhandeh@davispolk.com
    Email: daniel.schwartz@davispolk.com

    and

    Bruce W. Collins
    Neil R. Burger
    Carrington, Coleman, Sloman
    & Blumenthal, L.L.P.
    901 Main Street, Suite 5500
    Dallas, Texas 75202
    Telephone: 214.855.3000
    Facsimile: 214.855.1333
    Email: bcollins@ccsb.com
    Email: nburger@ccsb.com

    and

    Edward C. Snyder
    Castillo Snyder, PC
    One Riverwalk Place
    700 N. St. Mary's, Suite 405
    San Antonio, Texas 78205
    Telephone: 210-630-4200
    Fax: 210-630-4210
    E-mail: esnyder@casnlaw.com

    and

    Douglas J. Buncher
    Neligan LLP
    325 N. St. Paul, Suite 3600
    Dallas, Texas 75201
    Telephone: 214-840-5320
    Fax: 214-840-5301

E-mail: dbuncher@neliganlaw.com

and

Patrick J. Neligan, Jr.
Neligan LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5320
Fax: 214-840-5301
E-mail: pneligan@neliganlaw.com

and

Judith R. Blakeway
Clark Hill Strasburger
2301 Broadway
San Antonio, Texas 78215
Telephone: 210.250.6004
Fax: 210.250.6100
E-mail: judith.blakeway@clarkhillstrasburger.com

and

John J. Little
Little Pedersen Fankhauser LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
Telephone: 214.573.2307
Fax: 214.573.2323
E-mail: jlittle@lpf-law.com

and

Ralph Janvey
2100 Ross Ave
Suite 2600
Dallas, TX 75201
E-mail: rjanvey@kjllp.com

and

Kevin Sadler
Baker Botts
1001 Page Mill Road
Building One, Suite 200

Palo Alto, California 94304-1007
E-mail: kevin.sadler@bakerbotts.com

Any Person filing an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the Settlement, the Bar Order, and the Judgment and Bar Order. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

5. <u>Responses to Objections</u>: Any Party to the Settlement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than [insert date of 7th day before the Final Approval Hearing]. To the extent any Person filing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

6. <u>Adjustments Concerning Hearing and Deadlines</u>: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in the MDL, the SEC Action, and the Litigation.

7. <u>Retention of Jurisdiction</u>: The Court shall retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

8. <u>Entry of Injunction</u>: If the Settlement is approved by the Court, the Court will enter the Bar Order in the SEC Action and, following remand of the Receiver Litigation by the Fifth Circuit, the Judgment and Bar Order in the Receiver Litigation. If entered, the Bar Order and the Judgment and Bar Order will permanently enjoin, among others, Interested Parties,

including Stanford Investors and Claimants, from bringing, encouraging, assisting, continuing, or prosecuting, against Proskauer or any of the Proskauer Released Parties, the Litigation, or any other action, lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature arising from or relating to any Stanford Claim, including without limitation, contribution or indemnity claims, and the claims filed against Proskauer and Sjoblom in *ARCA Investments v. Proskauer Rose LLP*, Civil Action No. 3:15-CV-02423-N (N.D. Tex.).

9. <u>Stay of Proceedings</u>:  The Receiver Litigation is hereby stayed, except to the extent necessary to give effect to the Settlement.

10. <u>Use of Order</u>:  Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against Proskauer of any fault, wrongdoing, breach or liability.  Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Plaintiffs that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.  Neither this Scheduling Order, nor the proposed Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Settlement or the terms of this Scheduling Order.

11. <u>Entry of This Order</u>:  This Scheduling Order shall be entered separately on the dockets in the SEC Action, the Receiver Litigation, the Investor Litigation, and each of the State Court Litigations that is pending before this Court.

**IT IS SO ORDERED.**

Signed on _____, 2018

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE