## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD., *et al.*,<br><br>  Defendants. | Civil Action No. 3:09-cv-0298-N |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>  Plaintiffs,<br><br>v.<br><br>PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM,<br><br>  Defendants. | Civil Action No. 3:13-cv-0477-N-BG |

**HSBC'S OBJECTION TO THE PROPOSED PROSKAUER SETTLEMENT**

HSBC Bank plc ("HSBC"), one of the defendants in *Rotstain et al. v. TrustMark National Bank et al.*, Case No. 3:09-cv-2384-N (hereinafter the "Bankers' Case") hereby files this *Objection to the Proposed Proskauer Settlement* (the "Objection")[1], and respectfully states as follows:

## I.   **<u>THE OBJECTION</u>**

1.   In the Bankers' Case, the Official Stanford Investors Committee ("OSIC") and a putative class of all persons who purchased certificates of deposit issued by Stanford International Bank ("SIBL") filed suit against HSBC and certain other banks seeking to recover billions of dollars in alleged damages resulting from their purchases.  (OSIC and the putative class are hereinafter referred to as "Plaintiffs.")  Plaintiffs allege that HSBC (a) "aided" SIBL, other "sellers," and other "aiders" in the unlawful sale of SIBL certificates of deposit in violation of Section 33F of the Texas Securities Act; (b) engaged in an alleged "civil conspiracy" with others to defraud the Plaintiffs; and (c) further aided and abetted in the purported violation of fiduciary and other common law duties.

2.   In *Janvey et al. v. Proskauer Rose et al.*; Case No. 3:13-cv-0477-N-BG (the "Proskauer Case"), the same parties—OSIC and the same putative class of certificate of deposit investors—seek to recover the same damages against parties that would be released pursuant to the Proposed Proskauer Settlement.

3.   HSBC denies any and all wrongdoing.  Nonetheless, if HSBC were found liable to the Plaintiffs, it would have a statutory right of contribution against all other persons alleged to have acted improperly in the sale of SIBL certificates of deposit under Section 33F of the Texas Securities Act ("TSA"), which provides: "There is contribution as in cases of contract

---

[1]   HSBC previously asserted that the Court lacks personal jurisdiction over it in the Bankers' Case. (*See, e.g.*, Doc. 28 of Case No. 3:09-cv-2384-N.)  HSBC makes the immediate Objection subject to and without waiver of its personal jurisdiction challenge.

2

among the several persons so liable." Tex. Rev. Civ. Stat. art. 581-33F(3). Due to the central role that Proskauer Releasees allegedly played in aiding the Stanford Ponzi scheme, HSBC's statutory right of contribution against the Proskauer Releasees is of significant value to HSBC.

4. Under the terms of the proposed settlement, including the proposed Bar Order, Judgment and Bar Order and Release, all persons and entities—including HSBC—would be forever enjoined and prohibited from bringing a "proceeding of any nature" against Proskauer ("Proskauer") and the other released parties (collectively, the "Proskauer Released Parties") by virtue of their involvement in the Stanford matter, including, but not limited to, claims for "contribution." Those terms would expressly destroy HSBC's contribution rights under the TSA. Taking HSBC's statutory right to contribution from the Proskauer Releasees without HSBC's consent and without any consideration being provided to HSBC would violate HSBC's due process and other constitutional rights.

5. HSBC recognizes that, as a practical matter, the extinguishment of its statutory right of contribution against the Proskauer Releasees would not prejudice HSBC so long as HSBC could obtain a reduction of liability to Plaintiffs for the proportionate fault of the Proskauer Releasees under Chapter 33 of the Texas Civil Practice and Remedies Code. The proposed Bar Order recognizes that possibility by stating that "[n]othing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of [HSBC] to . . . designate a 'responsible third party' or 'settling person' under Chapter 33 of the Texas Civil Practice and Remedies Code." However, Plaintiffs have advised HSBC that they dispute Chapter 33's applicability to the TSA claim asserted against HSBC in the Bankers' Case. If the Court ultimately concludes that the TSA claim is not subject to

Chapter 33, then the extinguishment of HSBC's contribution rights against the Proskauer Releasees would cause substantial prejudice to HSBC.

6. Further, although HSBC recognizes that the Court has consistently granted opposed motions by Defendants in other Stanford cases seeking to designate responsible third parties pursuant to Chapter 33,[2] no such ruling has been made in the Bankers' Case. Moreover, this Court has not yet decided whether Chapter 33 applies to the TSA claim in the Bankers' case (and the TSA was not at issue in the Court's grant of defendants' motions to designate responsible third parties in *Bogar* and *Adams & Reese*).

7. HSBC raised a substantially similar objection to the proposed Settlement Agreement and Bar Order in *Janvey, et al. v. Greenberg Traurig, et al.*; Case No. 3:12-cv-01161-N (the "Hunton Settlement"). HSBC's objection is filed in *SEC v. Stanford*; Case No. 3:09-00298-N (Doc. 2614). The Court overruled the objection. (Doc. 2701.)

8. Accordingly, HSBC requests either that (a) the provisions of the proposed Bar Order that would destroy HSBC's contribution rights be deleted; or, in the alternative, that (b) the Bar Order be modified to state that the elimination of HSBC's contribution rights is contingent on Chapter 33's application to the Texas Securities Act.[3]

---

[2] For example, in *Janvey v. Bogar, et al.*, Case No. 3:14-cv-03635-N, defendants filed such a motion (*see* Doc. 44), which OSIC and the Stanford Receivership Estate (the "Receiver") opposed, but which the Court granted (Doc. 46). Similarly, defendants in *Janvey v. Adams & Reese, LLP, et al.*, Case No. 3:12-cv-00495-N-BQ sought to designate responsible third parties pursuant to Chapter 33 (Doc. 76), which was opposed, but which the Court granted (Doc. 151).

[3] For the avoidance of doubt, HSBC also contends that, in the absence of such protections, the Bankers' Case Plaintiffs and OSIC will have waived any rights to pursue an action against HSBC for any alleged violation of Section 33F of the Texas Securities Act.

4

Respectfully submitted,

*/s/ John K. Schwartz*
Roger B. Cowie
  State Bar No. 00783886
  rcowie@lockelord.com
Taylor F. Brinkman
  State Bar No. 24069420
  tbrinkman@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

-and-

John K. Schwartz
  State Bar No. 17865325
  jschwartz@lockelord.com
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
T: (512) 305-4806
F: (512) 305-4800

**ATTORNEYS FOR HSBC BANK PLC**

## CERTIFICATE OF SERVICE

I certify that on October 23, 2018, I filed this document using the Court's ECF system, which will automatically deliver a notice of electronic filing to each party's attorney(s) of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

*/s/ John K. Schwartz*
Counsel for HSBC Bank plc