# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:09-cv-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., et al., | § § § § | |
| Defendants. | § § | |
| | | |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-CV-0477-N-BG |
| v. | § § | |
| PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM, | § § § § | |
| Defendants. | § | |

**MOVANTS' RESPONSES TO THE OBJECTIONS TO THE PROPOSED SETTLEMENT WITH PROSKAUER ROSE, LLP**

**TO THE HONORABLE JUDGE DAVID C. GODBEY:**

Receiver Ralph S. Janvey and the Official Stanford Investors Committee (collectively, "Movants") file this Response to the Objections to the Proposed Settlement with Proskauer Rose, LLP.

1. Since filing the *Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Proskauer Rose, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees* [Proskauer Action, Doc. No. 343; SEC Action Doc. No. 2768 (the "Motion to approve"),[1] Movants have received three objections to the proposed settlement: One from Maria Clara Dupuy, one from Juan Manuel Dupuy, and one from HSBC.

2. Ms. Dupuy and Mr. Dupuy oppose and reject the settlement as "unjust and detrimental" but offer no reasons why the Court should refuse to approve this settlement. They are serial objectors. *See* ECF No. 2321 (Maria Clara Dupuy objection to Kroll settlement), ECF No. 2416 (Maria Clara Dupuy objection to Chadbourne settlement), ECF No. 2417 (Juan Manuel Dupuy objection to Lloyd's settlement), ECF No. 2357 (Juan Manuel Dupuy objection to Chadbourne settlement), ECF No. 2310 (Juan Manuel Dupuy objection to Kroll settlement). As they were in previous settlements, their objections should be overruled.

3. HSBC Bank plc ("HSBC"), a defendant in another Stanford-related MDL action (Case No. 3:09-cv-2384-N) (the "Bank Case"), has also filed an objection to the Proposed Proskauer Settlement. *See* SEC Action [Doc. No. 2796] (the "HSBC Objection"). HSBC contends that the settlement would destroy HSBC's contribution rights under the Texas

---

[1] The Proskauer Action is Civil Action No. 3:13-cv-00477-N; the SEC Action is Civil Action No. 3:09-cv-0298-N.

Securities Act. Acknowledging that "the extinguishment of its statutory right of contribution against the Proskauer Releasees would not prejudice HSBC so long as HSBC could obtain a reduction of liability to Plaintiffs for the proportionate fault of the Proskauer Releasees under Chapter 33," HSBC seeks a preemptive ruling making "elimination of HSBC's contribution rights contingent on Chapter 33's application to the Texas Securities Act" in the Bank case. This is the same objection filed in connection with the settlement of the Hunton & Williams case (ECF 2614) and overruled (ECF 2701).

   4. HSBC's concerns (which are theoretical and prospective) are addressed in the proposed Final Bar Order and Final Judgment and Bar order. *See* Proskauer Settlement Agreement, Exhibit B (Final Bar Order) [SEC Action, Doc. 2769 p. 46] and Exhibit C (Final Judgment and Bar Order) [*id.*, p. 166]. Both proposed orders expressly preserve HSBC's ability to seek a settlement credit in connection with the Proskauer Settlement pursuant to Chapter 33, if Chapter 33 is applicable.

> Specifically, paragraph 13 of each of the proposed orders provides:
>
> Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code;
>
> *Id.*

This language preserves HSBC's right, if any, to a settlement credit in connection with the Proskauer Settlement under Chapter 33.

   5. Even should the Court determine that Chapter 33 does *not* apply to claims against HSBC, HSBC might still be entitled to seek a settlement credit under the "one satisfaction" rule.

*See, e.g.*, *GE Capital Commer., Inc. v. Worthington Nat'l Bank,* 7564 F.3d 297, 308-09 (5th Cir. 2014) (applying one satisfaction rule under Texas law); *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 509-10 (5th Cir. 2014) (same); *Newby v. Enron Corp. (In re Enron corp. Sec.)*, 623 F. Supp. 2d 798, 839 (S.D. Tex. 2009) (allowing discovery of settlement amounts because it "is relevant to determine any offset a defendant might have under the [Texas] 'one satisfaction' rule and/or chapter 33"); *see also RSR Corp. v. Int'l Ins Co.*, No3:00-CV-0250-P, 2009 U.S. Dist. LEXIS 27745, at *46-61 (N.D. Tex. 2009) (discussing both Washington and Texas law in determining whether defendant was entitled to settlement credits and concluding it was under either state's law); *White v. Zhou Pei*, 452 S.W.3d 527, 543-44 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied) ("[t]he one-satisfaction rule applies both when several defendants commit the same act and when multiple defendants commit 'technically different acts' that result in the same, single injury").[2]

6. In sum, the Proskauer Settlement does not prevent HSBC from arguing for the applicability of Chapter 33 or settlement credit under the "one satisfaction" rule.

**PRAYER**

WHEREFORE, Movants request that the Court overrule the objections to the settlement with Proskauer Rose, LLP, grant Movants' *Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Proskauer Rose, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees*, and proceed to approve said settlement in all respects. Movants request all other general relief.

---

[2] The one satisfaction rule "depends not on the cause of action asserted but rather the injury sustained. Thus, if the plaintiff has suffered only one injury, even if based on 'overlapping and varied theories of liability,' the plaintiff may only recover once; '[t]his is especially true if the evidence supporting each cause of action is the same.'" *Pool*, 262 S.W.3d at 573 (citations omitted).

**NELIGAN LLP**
By: */s/ Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301

**BAKER BOTTS LLP**
By: */s/ David T. Arlington*
Kevin M. Sadler
kevin.sadler@bakerbotts.com
Scott D. Powers
scott.powers@bakerbotts.com
David T. Arlington
david.arlington@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

**CASTILLO SNYDER**
By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
700 N. St. Mary's, Suite 405
San Antonio, Texas 78205
Telephone: (210) 630-4200
Facsimile: (210) 630-4210

**CLARK HILL STRASBURGER**
By: */s/ Judith R. Blakeway*
Judith R. Blakeway
judith.blakeway@clarkhillstrasburger.com
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6004
Facsimile: (210) 258-2706

By: */s/ David N. Kitner*
David N. Kitner
david.kitner@clarkhillstrasburger.com
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2018, the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Judith R. Blakeway*
Judith R. Blakeway
