# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br><br>v.<br><br>**STANFORD INTERNATIONAL BANK, LTD.**, *et al*,<br><br>*Defendants.* | Civil Action No. 3:09-cv-0298-N |
| **RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM,**<br><br>*Defendants.* | Civil Action No. 3:13-cv-0477-N-BG |

### RESPONSE TO HSBC'S OBJECTION TO THE PROPOSED PROSKAUER SETTLEMENT

**To the Honorable Court:**

Proskauer Rose LLP ("Proskauer") files this Response to HSBC's Objection to the Proposed Proskauer Settlement, and respectfully states as follows:

HSBC Bank plc ("HSBC"), a defendant in *Rostain, et al. v. Trustmark National Bank, et al.,* Case No. 3:09-cv-2384-N (the "Bankers' Case"), objects to the proposed settlement between

1

Proskauer and Plaintiff Ralph Janvey, in his capacity as Court-Appointed Receiver for the Stanford Receivership Estate, and Plaintiff The Official Stanford Investors Committee, because the settlement may "destroy HSBC's contribution rights" under the Texas Securities Act. (Objection, SEC Action Doc. 2796 ¶ 4) HSBC requests that the proposed Final Judgment and Bar Order be modified to delete the bar against seeking contribution from settling parties or that the bar to contribution be contingent on the Court applying Chapter 33 of the Texas Civil Practice and Remedies Code to the claims asserted against it.

This Court, however, already rejected the same objection by HSBC in *Janvey, et al. v. Greenberg Traurig, et al.*, Case No. 3:12-cv-04641-N to the Plaintiffs' settlement with Hunton & Williams LLP. In doing so, the Court held that the proposed bar order resolved HSBC's concerns by "explicitly preserving the rights of parties in other Stanford-related actions to seek a settlement credit in connection to the Hunton settlement pursuant to Chapter 33, in the event Chapter 33 is deemed applicable." (Order, SEC Action Doc. 2701) After rejecting HSBC's objection, the Court entered the Rule 54(b) Final Judgment and Bar Order, which was both "final and appealable." (Doc. 265 ¶ 18, Case No. 3:12-cv-04641-N) HSBC did not appeal the order overruling its objection, and thus is barred by collateral estoppel from asserting it here. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) ("Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.").

As with the Hunton settlement, the proposed Final Judgment and Bar Order contains language substantively identical to the language that the Court approved to preserve the rights of all non-settling defendants to seek a settlement credit in connection with this settlement, in the event Chapter 33 applies:

> Nothing in this Final Judgment and Bar Order shall affect or be construed to affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Proskauer or any Proskauer Released Party, including, but not limited to, the *ARCA Investments* Litigation as to Proskauer and Sjoblom.

(SEC Action Doc. 2769, Exhibit C ¶ 11) Therefore, as with Hunton, HSBC's same objection should likewise be overruled.

Moreover, Texas law recognizes that a defendant's pre-trial settlement "eviscerates" any right the non-settling defendant had to contribution. *Hardy v. Gulf Oil Corp,*, 949 F.2d 826, 832 (5th Cir. 1992). "The Fifth Circuit has recognized the allowance of a contribution bar rule in favor of a settling defendant." *In re Terra-Drill Partnerships Sec. Litig.*, 726 F. Supp. 665, 656 (S.D. Tex. 1989). "Any other rule would inhibit settlement of claims," and prevent the finality a settling party is seeking to achieve. *Id.*; *In re Voluntary Purchasing Groups Inc. Litig.*, Civ. A. Nos. 3:94-cv-2477, *et al.*, 2002 WL 1269972, at *4 (N. D. Tex. June 5, 2002) ("The rationale underlying this rule is to protect the finality of settlements."). Accordingly, Chapter 33 of the Texas Civil Practice and Remedies Code has codified this contribution bar rule: "No defendant has a right of contribution against any settling person." TEX. CIV. PRAC. & REM. CODE § 33.015(d).

Indeed, if sustained, HSBC's objection would make it nearly impossible for parties such as Proskauer to settle the claims asserted by Plaintiffs in this lawsuit. Finality and certain peace from future liability are essential to Proskauer's agreement to pay $63 million in order to end its

involvement in this litigation. Without that finality, it is unlikely Proskauer—or any other defendant in the Stanford litigation—would be willing to settle.[1]

WHEREFORE, for the reasons set forth above, Proskauer Rose LLP respectfully requests that the Court overrule HSBC's objection, approve the Settlement Agreement, and enter the proposed Final Judgment and Bar Order as submitted to the Court.

Respectfully submitted,

/s/ *Neil R. Burger*
Bruce W. Collins
  Texas Bar No. 04604700
  bcollins@ccsb.com
Neil R. Burger
  Texas Bar No. 24036289
  nburger@ccsb.com
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Attorneys for Proskauer Rose LLP*

---

[1] In Stanford-related cases, the Court has approved and entered numerous Bar Orders protecting settling parties from any future liability to non-settling defendants. *See, e.g.,* Adams & Reese Order Approving Settlement and Entering Final Bar Order and Injunction, SEC Action Doc. 2230 ¶¶ 3-11 (Aug. 27, 2015); BDO Final Bar Order, SEC Action Doc. 2248 ¶ 11 (Sept. 23, 2015); Kroll Bar Order and Judgment, SEC Action Doc. 2363 ¶ 10 (Aug. 30, 2016); Chadborne & Parke Final Bar Order, SEC Action Doc. 2365 ¶ 11 (Aug. 30, 2016); Underwriters Final Bar Order, SEC Action Doc. 2519 ¶ 14 (May 16, 2017); BMB Final Bar Order, SEC Action Doc. 2566 ¶ 11 (Aug. 23, 2017); Willis Final Bar Order, SEC Action Doc. 2568 ¶ 10 (Aug. 23, 2017); Hunton Final Bar Order, SEC Action Doc. 2703 ¶ 11 (March 26, 2018).

4

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all counsel of record via CM/ECF under Federal Rule of Civil Procedure 5 on December 7, 2018, 2018.

*/s/ Neil R. Burger*
