IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |

**<u>FINAL BAR ORDER</u>**

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Greenberg, to Approve the Proposed Notice of Settlement with Greenberg, to Enter the Bar Order, to Enter the Rule 54(b) Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), and the Court-appointed Official Stanford Investors Committee (the "Committee"), the plaintiffs in *Janvey et al. v. Greenberg Traurig, LLP et al.*, Civil Action No. 3:12-cv-04641-N (N.D. Tex.) (the "Litigation") (the Receiver and the Committee, collectively, the "Plaintiffs"). (ECF No. 2917). The Motion concerns a proposed settlement (the "Settlement") among and between the Plaintiffs and Greenberg Traurig, P.A. and Greenberg Traurig, LLP (individually and collectively, "Greenberg"), two of the defendants in the Litigation. Plaintiffs and Greenberg are referred to together as the "Parties." John J. Little, the Court-appointed Examiner (the "Examiner") signed

the Settlement Agreement[1] as chair of the Committee and as Examiner solely to evidence his support and approval of the Settlement and to confirm his obligation to post the Notice on his website, but is not otherwise individually a party to the Settlement or the Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I. INTRODUCTION

The Litigation and this case both arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). (ECF No. 10). After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including Greenberg, which Plaintiffs allege enabled the Stanford Ponzi scheme. In the Litigation, the Plaintiffs assert claims against Greenberg, and other defendants in that action, for negligence, aiding and abetting breaches of fiduciary duties, breaches of fiduciary duties, fraudulent transfer/unjust enrichment, aiding and abetting fraudulent transfers, negligent retention, aiding and abetting violations of the Texas Securities Act, aiding and abetting a fraudulent scheme, and civil conspiracy.[2] Greenberg denies that it is liable for any of those claims and asserts numerous defenses to each of those claims.

---

[1] The "Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion (ECF No. 2918).

[2] In addition to Plaintiffs, claims were also originally brought by Samuel Troice, Michoacan Trust, Sandra Dorrell, and Pam Reed, who was substituted for Sandra Dorell, on behalf of themselves and a putative class. (Samuel Troice, Michoacan Trust, Sandra Dorrell, and Pam Reed, and the putative class they sought to represent, are referred to collectively herein as the "Investor Plaintiffs.") By Orders in the Litigation dated December 17, 2014 (ECF No. 114), and February 4, 2015 (ECF No. 123), the Court granted in part and denied in part Greenberg's motions to dismiss the Complaint, dismissing with prejudice (i) the Receiver's and Committee's claims for aiding and abetting fraudulent transfers; (ii) the Investor Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of unregistered securities and the sale of securities by an

Multiparty settlement negotiations occurred in 2012, and additional settlement negotiations between Greenberg and Plaintiffs occurred in late 2018 and into 2019. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (ECF No. 322)—all participated in these extensive, arm's-length negotiations. In August 2019, the Parties reached agreement resulting in the Settlement. For several weeks thereafter, the Parties continued efforts to negotiate and document the terms of the Settlement Agreement.

Under the terms of the Settlement, Greenberg will pay $65 million (the "Settlement Amount") to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, Greenberg seeks total peace with respect to all claims that have been, or could have been, asserted against Greenberg or any other of the Greenberg Released Parties, arising out of the events leading to these proceedings. Accordingly, the Settlement is conditioned on the Court's approval and entry of this Final Bar Order enjoining

---

unregistered dealer arising from sales taking place prior to February 1, 2008; (iii) the Investor Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of securities through untruth or omission arising from sales taking place prior to February 1, 2006; dismissing without prejudice the Receiver and Committee's claims for breach of fiduciary duty; and declining to dismiss the other claims against Greenberg. By Order in the Litigation dated December 5, 2017 (ECF No. 251), the Court granted Greenberg's Motion for Judgment on the Pleadings (ECF No. 203) as to the claims by the Investor Plaintiffs, and on April 17, 2019, the Fifth Circuit Court of Appeals affirmed this Order; the dismissal of the claims of the Investor Plaintiffs and affirmance are final and not subject to reopening or further proceedings. In addition, in the Second Amended Complaint, dated November 19, 2018, claims on behalf of the Committee were dropped.

those Interested Parties over whom the Court has authority to do so from asserting or prosecuting claims against Greenberg or any other of the Greenberg Released Parties.

On October 17, 2019, the Plaintiffs filed the Motion. (ECF No. 2917). The Court thereafter entered a Scheduling Order on November 18, 2019 (ECF No. 2931), which, *inter alia*, authorized the Receiver to provide notice of the Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On February 21, 2020, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Bar Order is appropriate and necessary.

## II. ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Terms used in this Final Bar Order that are defined in the Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Settlement Agreement (which is deemed incorporated herein by reference).

2. The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court has jurisdiction over the subject matter of this action, and the Plaintiffs are proper parties to seek entry of this Final Bar Order.

3. The Court finds that the methodology, form, content, and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated, under the

circumstances, to apprise all Interested Parties of the Settlement, the releases therein, and the injunctions provided for in this Final Bar Order and in the Rule 54(b) Final Judgment and Bar Order to be entered in the Litigation; (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, this Final Bar Order, and the Rule 54(b) Final Judgment and Bar Order to be entered in the Litigation, and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

    4.    The Court finds that the Settlement, including, without limitation, the Settlement Amount, was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The Court further finds that (i) significant issues exist as to the merits and value of the claims asserted against Greenberg by Plaintiffs and by others whose potential claims are foreclosed by this Final Bar Order; (ii) such claims contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with uncertainty regarding whether such claims would be successful; (iii) a significant risk exists that future litigation costs would dissipate Receivership Assets and that Plaintiffs and other persons who have submitted claims to the Receiver ("Claimants") may not ultimately prevail on their claims; (iv) Plaintiffs and Claimants who have filed Claims with the Receiver will receive partial satisfaction of their claims from the Settlement Amount being paid pursuant to the Settlement; and (v) Greenberg would not have agreed to the terms of the Settlement in the absence of this Final Bar Order and assurance of "total peace" with respect to all claims that have been, or could

be, asserted by persons over whom the Court has authority arising from Greenberg's relationship with the Stanford Entities. *See SEC v. Kaleta*, No. 4:09-3674, 2012 WL 401069, at *4 (S.D. Tex. Feb. 7, 2012), *aff'd*, 530 F. App'x 360 (5th Cir. 2013) (approving these factors for consideration in evaluating whether a settlement and bar order are sufficient, fair, and necessary). The injunction against such claims as set forth herein is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Settlement. *See Kaleta*, 530 F. App'x at 362 (affirming a bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding). After careful consideration of the record and applicable law, the Court concludes that the Settlement is the best option for maximizing the net amount recoverable from Greenberg for the Receivership Estate, Plaintiffs, and the Claimants.

5. Pursuant to the Settlement Agreement and upon motion by the Receiver, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Settlement to Stanford Investors who have Claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their Claims through the Receiver's claims process previously approved by the Court (ECF No. 1584).

6. The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7. Accordingly, the Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against Greenberg, the Stanford Entities, or the Receivership

Estate, including but not limited to the Plaintiffs, the Investor Plaintiffs, and the Interested Parties. The Court also finds that this Final Bar Order is a necessary component to achieve the Settlement. The Settlement, the terms of which are set forth in the Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement and this Final Bar Order.

8.  Pursuant to the provisions of 38 of the Settlement Agreement, as of the Settlement Effective Date, Greenberg and the rest of the Greenberg Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Receiver; the Receivership Estate; the Committee; the Claimants; and the Persons, entities and interests represented by those Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) Greenberg's relationship with any one or more of the Stanford Entities and/or any of their personnel; (iv) Greenberg's provision of services to or for the benefit of or on behalf of the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of this action, the Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.

9.  Pursuant to the provisions of Paragraph 39 of the Settlement Agreement, as of the Settlement Effective Date, the Plaintiffs Released Parties shall be completely released, acquitted, and forever discharged from all Settled Claims by Greenberg.

10. Notwithstanding anything to the contrary in this Final Bar Order, the foregoing releases do not release the Parties' rights and obligations under the Settlement or the Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the Settlement or the Settlement Agreement.

11. The Court hereby permanently bars, restrains, and enjoins the Plaintiffs, the Investor Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities anywhere in the world, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Greenberg or any of the Greenberg Released Parties, the Litigation, or any action, lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature in any Forum, including, without limitation, any court of first instance or any appellate court, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the subject matter of this case; the Litigation; or any Settled Claim.  The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any

Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise.  Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that Greenberg may have against any Greenberg Released Party, including but not limited to Greenberg's insurers, reinsurers, employees and agents.  Further, the Parties retain the right to sue for alleged breaches of the Settlement Agreement.

12. Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Greenberg or any other Greenberg Released Party.

13. Greenberg and the rest of the Greenberg Released Parties have no responsibility, obligation, or liability whatsoever with respect to the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Settlement; the management, investment, distribution, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the

Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Settlement or the Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Settlement, the Settlement Agreement, or this Final Bar Order.

14. Nothing in this Final Bar Order or the Settlement Agreement and no aspect of the Settlement or negotiation or mediation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations, or defenses in the Litigation, or any other proceeding.

15. Greenberg is hereby ordered to deliver or cause to be delivered the Settlement Amount ($65 million) as described in Paragraph 24 of the Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions of the Settlement Agreement.

16. Without in any way affecting the finality of this Final Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement, the Settlement Agreement, the Scheduling Order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Settlement, the Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17. The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

18. This Final Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the Settlement, the Settlement Agreement, or this Final Bar Order.

Signed February 25, 2020.

_____
David C. Godbey
United States District Judge