IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 3:09-cv-00298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § | |

**RECEIVER'S RESPONSE TO ROBERT ALLEN STANFORD'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Receiver Ralph S. Janvey files this Response to Robert Allen Stanford's Motion for Leave to Proceed *In Forma Pauperis*. ECF 3285.

**INTRODUCTION**

1. Vexatious litigant—and architect of one of the largest financial frauds in history—Robert Allen Stanford was the only objector to the Trustmark Settlement (the "Settlement"). *See* ECF 3225, 3226.[1] But as the Receiver and the Official Stanford Investors Committee (collectively, the "Movants") previously explained, Mr. Stanford's "objection" to the Settlement was no objection at all. ECF 3274 at 1. It made no mention of the fairness or reasonableness of the Settlement, nor did it discuss any facts or law relevant to the Court's approval of the Settlement. *See* ECF 3225. Instead, Mr. Stanford lodged an objection to the $100-million Settlement in order

---

[1] Mr. Stanford filed two objections—docketed at ECF 3225 and 3226—which appear to be identical in all respects. Although the Receiver refers to ECF 3225 throughout this Response for simplicity, all references to ECF 3225 are also references to ECF 3226.

1

to re-urge entirely irrelevant and unfounded arguments that he has made in numerous prior filings attacking the very existence of this Receivership, including that this Court is without jurisdiction and all of its orders pertaining to Receivership matters are void, that Mr. Stanford's criminal proceedings were unfair, and that Mr. Stanford did not perpetrate a massive fraud against tens of thousands of individuals but is instead the victim of a politically motivated conspiracy led by the SEC. *See* ECF 3225 at 2-3. This Court overruled Mr. Stanford's frivolous objection. *See* App. 4-5, May 3, 2023 Approval Hearing Tr. at 3:15-4:4. The Court subsequently approved the Settlement and entered a Final Judgment and Bar Order, finding that "the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable." ECF 3278 at 4.

2.  Mr. Stanford has now filed a notice of appeal as to this Court's entry of Final Judgment and Bar Order, ECF 3284, and seeks an order from this Court both granting him leave to proceed *in forma pauperis* and certifying that his appeal is in "good faith" and not frivolous, ECF 3285. This Court should deny Mr. Stanford's motion for leave, and instead enter an order finding that the appeal is frivolous and is not being pursued in good faith. After fourteen years, Mr. Stanford should not be allowed to delay by even one day a substantial recovery for his defrauded investors.

## BACKGROUND

3.  After years of litigation, the Official Stanford Investors Committee ("OSIC") and Trustmark National Bank ("Trustmark"), parties in *Rotstain, et al. v. Trustmark National Bank, et al.*, Civil Action No. 4:22-cv-00800 (S.D. Tex.) (the "Rotstain Litigation"), reached a Settlement Agreement and moved for approval of the Settlement and entry of Final Judgment and a Bar Order. *See* ECF 3218. Pursuant to the Settlement Agreement, Trustmark agreed to pay $100 million to

2

the Receiver for distribution to defrauded Stanford investors. ECF 3218 at 2-3. Neither the government nor any one of the thousands of defrauded investors have objected to the Settlement.

4. Mr. Stanford's purported objection specified that he seeks some sort of jurisdictional ruling that would dissolve the Receivership and void any orders issued by any court in the past 14 years related to the Receivership. ECF 3225 at 4. Mr. Stanford did not identify any relevant authorities that support his position, but instead predicated his objection on a variety of then-pending frivolous motions that challenged the factual and legal foundations of the Receivership, this Court's jurisdiction and prior orders, and even Mr. Stanford's criminal conviction. ECF 3225 at 2 (citing ECF 3172, 3173, 3212). Mr. Stanford's objection is simply a continuation of his "barrage of frivolous and duplicative motions,"[2] all repeating his baseless challenges to this Court's jurisdiction and the existence of the Receivership itself. *See*, *e.g.,* ECF 3172, 3173, 3177, 3178, 3182, 3183, 3186, 3198, 3212, 3231, 3232, 3240, 3261, 3262, 3263.[3] Shortly after Mr. Stanford filed his objection, this Court confirmed that his arguments lack merit by denying all of the prior motions on which the objection was based. *See* Order of Feb. 15, 2023, ECF 3227. In that order, this Court pointed out—and not for the first time—that Mr. Stanford had previously raised identical arguments which were either time-barred, waived, or have otherwise been rejected multiple times. *See id.* at 2-4 (citing Order of Nov. 30, 2011, ECF 1483; Order of May 10, 2018, ECF 2731).

---

[2] Order of May 10, 2018, at 4, ECF 2732. As a result of his prior conduct, this Court has ruled "the Parties need not respond to Stanford's opposed motions in this or any other Stanford case unless and until the Court seeks their input." *Id.* at 3. In support of that directive, this Court found that 1) Mr. Stanford "typically make[s] unfounded allegations and/or reassert[s] arguments that have been previously litigated and squarely decided against [him]," 2) that Mr. Stanford's "***barrage of frivolous and duplicative motions lacks a good faith basis,***" and 3) that "[Mr.] Stanford's meritless motions and new lawsuits strain the finite resources of the judiciary and the Receivership Estate." *Id.* at 4 (emphasis added).

[3] Many of these frivolous filings have been denied. *See* ECF 3227, 3275.

3

5. This Court overruled Mr. Stanford's objection to the Settlement at the May 3, 2023 Settlement approval hearing. The Court agreed that Mr. Stanford's objection was "not really an objection to the settlement" at all, but instead "simply reargue[d] jurisdictional and other arguments that [Mr. Stanford] has made repeatedly in a number of pleadings over the years that basically call into question the entire proceeding, the entire receivership and everything that has flowed from it." App. 4-5, May 3, 2023 Approval Hearing Tr. at 3:15-4:4. The Court also denied Mr. Stanford's Motion to Intervene in the Settlement proceedings, ECF 3240, finding that he "lacks good cause to intervene, as he has not shown how the proceedings would impact him or his interests," ECF 3275 at 1.[4] The Court subsequently approved the Settlement, on the grounds that it is "in all respects, fair, reasonable, and adequate, and in the best interests" of all interested persons including the defrauded investors. ECF 3278 at 7 ¶ 7; *see also* App. 7, May 3, 2023 Approval Hearing Tr. at 6:11-19.

6. Mr. Stanford has now filed a notice of appeal, ECF 3284, and a motion for leave to proceed *in forma pauperis* in which Mr. Stanford purportedly "certifie[d] that the grounds to be presented by him on appeal are specific to the 'exclusive jurisdiction' grounds raised by him in his 'Written Objection' to the $100 million Trustmark Litigation Settlement Agreement, and that this is not a frivolous or malicious appeal, that it is taken in good faith, and not for purpose of delay." ECF 3285 at 2.

## LEGAL STANDARD AND ARGUMENT

7. Under 28 U.S.C. § 1915(a), a federal court must refuse to certify an appeal for *in forma pauperis* ("IFP") status if it is not taken in good faith. *United States v. Guerrero,* 870 F.3d

---

[4] Like his objection to the Settlement, Mr. Stanford's Motion to Intervene merely re-urged and incorporated arguments made in other filings that were entirely unrelated to the Settlement. *See* ECF 3240 at 5 (citing ECF 3171, 3172, 3173, 3182, 3183, 3186, 3212, 3226, and 3231).

395, 396 (5th Cir. 2017) (affirming district court's determination that prisoner seeking leave to appeal lacked good faith because his appeal was frivolous). "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous." *Id.* (citing *Howard*, 707 F.2d 215, 220 (5th Cir. 1983)). The inquiry is "limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Id.* (quoting *Howard*, 707 F.2d at 220). If the trial court certifies that an "IFP appeal is not taken in good faith . . . it is required under [Federal Rule of Appellate Procedure] 24(a) to set forth in writing the reasons for its certification." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

8. Mr. Stanford offers no nonfrivolous issue for appeal concerning this Court's approval of the Settlement and entry of final judgment. Mr. Stanford's motion for leave and the accompanying notice of appeal confirm that he does not have a meritorious challenge to this Court's approval of the Settlement. He does not challenge the fairness or reasonableness of the Settlement, or address any factual or legal issue relevant to the Court's approval of the Settlement. *See* ECF 3284, 3285. Instead, Mr. Stanford certifies that his appeal will raise the frivolous jurisdictional challenges that are unconnected to the Settlement. ECF 3285 at 2 (specifying that "the grounds to be presented by [Mr. Stanford] on appeal are specific to the 'exclusive jurisdiction' grounds raised by him in his 'Written Objection' . . . "). As this Court recognized in denying Mr. Stanford's objection, this is "not really an objection to the settlement" at all. App. 4-5, May 3, 2023 Approval Hearing Tr. at 3:15-4:4. Mr. Stanford's failure to raise any arguments relevant to the Settlement order that he seeks to appeal is, standing alone, sufficient to dismiss his motion. *See Johnson v. Woods,* 40 F.3d 386 (5th Cir. 1994) (dismissing application to proceed on appeal IFP where brief was unintelligible and did not address the merits of the decision being appealed).

9.    Rather than address the merits of the order he seeks leave to appeal, Mr. Stanford engages in precisely the kind of behavior that led this Court to declare him a "vexatious litigant": his motion "make[s] unfounded allegations" and, even charitably construed, merely reasserts contentions that have "been previously litigated and squarely decided against [Mr.] Stanford." ECF 2732 at 4. Mr. Stanford claims that he will present "factually indisputable evidence that . . . there never were any violations of the federal securities laws on the part of Robert Allen Stanford or any of the Stanford Entities," that there "was never any type of fraud for the SEC to prosecute," that this Receivership was instead "entirely politically driven and filed against Robert Allen Stanford and the Stanford Entities at the behest of the new Obama-Biden administration's" SEC chief, and that all "financial losses" to Stanford's defrauded investors were caused by the SEC. ECF 3284 at 5. The result of the appeal, Mr. Stanford claims, will be "the immediate dismissal of the 'main action' on jurisdictional grounds . . . effectively voiding each and every of the scores of multi-million-dollar Stanford-related lawsuits and settlement agreements that have been filed and litigated in the Northern District of Texas, Dallas Division, since [February 17, 2009]." *Id.* at 3. In short, Mr. Stanford's own filing makes clear that he is objecting to the Settlement merely so that he can collaterally attack all judicial decisions issued in the course of this Receivership. *See id.* at 3-4.

10.   Mr. Stanford's arguments—all of which are untimely and entirely untethered to the Settlement at issue—do not present a colorable issue for appeal. As this Court has previously recognized, Mr. "Stanford has had his day in court and the focus of this litigation is now on maximizing recovery for the aggrieved investors of his Ponzi scheme." ECF 2732 at 4. Mr. Stanford's latest filing—like his earlier filings that this Court has characterized as a "barrage of frivolous and duplicative motions"—merely repeats unfounded arguments that seek to relitigate

Mr. Stanford's convictions[5] and that "burden the Court and the Parties from efficiently achieving [the Receivership's] objective." ECF 2732 at 4. Because Mr. Stanford has failed to raise any "legal point[] arguable on its merits," this Court should deny his motion for leave and certify that Mr. Stanford's appeal lacks good faith and is frivolous. *See Howard*, 707 F.2d at 220.

## PRAYER

The Receiver requests that the Court deny Mr. Stanford's Motion for Leave to Proceed *In forma Pauperis*, and instead certify that Mr. Stanford's appeal is frivolous and not taken in good faith.

---

[5] The Fifth Circuit affirmed Mr. Stanford's convictions and 110-year prison sentence. *See United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015). Mr. Stanford's continued attempts to challenge his convictions have been rejected by the Fifth Circuit and the U.S. Supreme Court. *See, e.g., Stanford v. United States*, 137 S. Ct. 491 (Nov. 28, 2016) (denying petition for writ of certiorari); *Stanford v. United States*, 137 S. Ct. 843 (Jan. 23, 2017) (denying petition for rehearing); *United States v. Stanford*, No. 12-20411, 2022 WL 1698686 (5th Cir. Mar. 11, 2022) (denying motion to recall the mandate); *United States v. Stanford*, 142 S. Ct. 2886 (June 27, 2022) (denying petition for writ of certiorari); *Stanford v. United States*, 143 S. Ct. 68 (Aug. 22, 2022) (denying petition for rehearing).

Dated: May 18, 2023                        Respectfully submitted,

                                               By: */s/ Kevin M. Sadler*
                                                     Kevin M. Sadler
                                                     Texas Bar No. 17512450
                                                     BAKER BOTTS L.L.P.
                                                     1001 Page Mill Road
                                                     Building One, Suite 200
                                                     Palo Alto, California 94304-1007
                                                     T: (650) 739-7500
                                                     F: (650) 739-7699
                                                     kevin.sadler@bakerbotts.com

                                                     Scott D. Powers
                                                     Texas Bar No. 24027746
                                                     David T. Arlington
                                                     Texas Bar No. 00790238
                                                     BAKER BOTTS L.L.P.
                                                     401 South 1st Street, Suite 1300
                                                     Austin, Texas 78704-1296
                                                     T: (512) 322-2500
                                                     F: (512) 322-2501
                                                     scott.powers@bakerbotts.com
                                                     david.arlington@bakerbotts.com

                                                     **ATTORNEYS FOR RECEIVER**
                                                     **RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

On May 18, 2023, I electronically submitted the foregoing document with the Clerk of the of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve the Court-appointed Examiner, all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

On May 18, 2023, I served a true and correct copy of the foregoing document and the notice of electronic filing by United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

R. Allen Stanford, Pro Se
Inmate #35017183
Coleman II USP
Post Office Box 1034
Coleman, FL 33521

*/s/ Kevin M. Sadler*
Kevin M. Sadler