IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Case No. 3:09-CV-00298-N | |
| § | | |
| STANFORD INTERNATIONAL BANK, LTD., § | | |
| ET AL., § | | |
| § | | |
| **Defendants.** § | | |

### EXAMINER'S JOINDER IN THE RECEIVER'S
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

John J. Little, the Court-appointed Examiner, files this Joinder in the Receiver's Motion to Enforce Settlement Agreement (the "Motion to Enforce"), ECF No. 3336.

1. This Court's Order appointing the Examiner, ECF No. 322, instructs and authorizes the Examiner to "convey to the Court such information as the Examiner, in his sole discretion, shall determine would be helpful to the Court in considering the interests of the [Stanford Investors]."[1] The Examiner files this Joinder in the Motion to Enforce pursuant to this instruction.

### WEBSITE POSTINGS BY THE RECEIVER AND THE EXAMINER
### DO NOT CONTRADICT THE MOTION TO ENFORCE

2. As anticipated, Trustmark points to certain website postings made by the Receiver and the Examiner in its response to the Motion to Enforce. Trustmark Response at 5, ECF No. 3341. For the Court's convenience, the Examiner's relevant website posting is reprinted below:

---

[1] The Investors are defined as "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendants in this action." ECF 322 at 1.

**Receivership Court Approves Trustmark and SG Suisse Settlement; Appeals by R. Allen Stanford and Antiguan Joint Liquidators Delay $257 Million in Payments to Investors.** The United States District Court for the Northern District of Texas has entered orders approving the Receiver's and the Official Stanford Investors Committee's settlements with Trustmark (on May 4, 2023; order may be found **HERE**) and with SG Suisse (on June 8, 2023, order may be found **HERE**). R. Allen Stanford opposed both settlements, and the Antiguan Joint Liquidators opposed the SG Suisse settlement. R. Allen Stanford has appealed both approval orders, and the Antiguan Joint Liquidators (http://www.sibliquidation.com/liquidators) have appealed the order approving the SG Suisse settlement. Stanford's appeal, which the District Court has already described as "not in good faith" (order may be found **HERE**), does not challenge the merits of the settlements; instead, Stanford is using the settlement approval process to attempt to relitigate his criminal conviction and the entire 14-year Receivership. The Antiguan Joint Liquidators' appeal likewise does not actually challenge the merits or amount of the SG Suisse settlement. The Receiver is working to have these appeals resolved as quickly as possible. The Receiver has filed motions to dismiss both of Stanford's appeals (motions to dismiss may be found **HERE** and **HERE**), and those motions await a ruling by the United States Court of Appeals for the Fifth Circuit. The Receiver has not yet responded to the Joint Liquidators' appeal, which was filed on July 7, 2023. **Neither settlement approval can become final, and therefore no settlement payment will be made to the Receiver, until the appeals are resolved.** If the appeals had not been filed, the funds from these two settlements ($257 million) would have been available for distribution to investors later this year. The Receiver cannot yet estimate when the appeals will be resolved and thus is unable to provide an estimated time for any distributions to investors.[2]

3. Trustmark argues that the position taken in the Motion to Enforce is inconsistent with the website postings made by the Receiver and the Examiner. That is simply not the case.

4. The Receiver made his website posting on July 11, 2023; the Examiner made his on July 15, 2023. At the time, the 5th Circuit had not acted on the Receiver's motions to dismiss Allen Stanford's purported appeals concerning the Trustmark settlement and the SG Suisse settlement. The Receiver and the Examiner made these website postings in order to keep Stanford Investors informed with respect to the status of the settlements with Trustmark and SG Suisse.

---

[2] The Examiner's website posting can be found at https://www.lpf-law.com/examiner-stanford-financial-group/. The Examiner has omitted the various documents that were hyper-linked to his posting. The Receiver's website posting is identical and can be found at https://www.stanfordfinancialreceivership.com.

5. Subsequent to the Receiver's and the Examiner's website postings, the 5th Circuit granted the Receiver's motion to dismiss Allen Stanford's appeal as to the Trustmark settlement as frivolous. *SEC v. Stanford*, Case No. 23-10530 (5th Cir. July 25, 2023) (per curiam). Three days later, the 5th Circuit similarly granted the Receiver's motion to dismiss Allen Stanford's appeal as to the SG Suisse settlement as frivolous. *SEC v. Stanford*, Case No. 23-10689 (5th Cir. July 28, 2023) (per curiam). With respect to Allen Stanford's appeal concerning the SG Suisse settlement, the 5th Circuit also denied his motion to stay issuance of the Court's mandate. *SEC v. Stanford*, Case No. 23-10689 (5th Cir. August 8, 2023) (Jones, J.). Stanford's motion to stay issuance of the mandate as to his appeal concerning the Trustmark settlement was denied earlier today. *SEC v. Stanford*, Case No. 23-10530 (5th Cir. August 22, 2023) (Duncan, J.).

6. As the Receiver correctly notes in the Motion to Enforce, the Fifth Circuit has determined that Allen Stanford never had a right to bring his purported appeals. *See* Motion to Enforce at 8-10 [ECF No. 3336].[3]

**STANFORD CANNOT BE PERMITTED TO HIJACK THESE SETTLEMENTS**

7. It is certainly fair to say that the victims of Allen Stanford's Ponzi scheme – the Investors – are having a difficult time understanding how it is possible for Allen Stanford to hold up settlements that will benefit them by filing purported appeals that have nothing whatsoever to do with those settlements. It is they—not Trustmark or any of the parties—who are acutely feeling the pain of Stanford's misguided quest to use the Bank settlements as a springboard to undo the receivership that has been in place for 14 years. *Cf.* Trustmark Response at 3 (referring to the

---

[3] The settlement with SG Suisse is on slightly different footing because the Antiguan Joint Liquidators have also filed a notice of appeal as to the SG Suisse settlement. The Receiver has filed a motion to dismiss the Joint Liquidators' appeal for lack of appellate jurisdiction. That motion is now fully briefed. *See SEC v. Dickson*, Case No. 23-10726 (5th Cir.), ECF Nos. 16, 38-1, and 49.

parties being "painfully aware" of Stanford's objections to the Bank settlements), ECF No. 3341. Stanford's Investors rightly wonder how it is that the convicted mastermind of this worldwide fraud scheme is somehow managing to insert himself into a process that will finally bring those Investors some significant relief after all these years. The situation is perverse, to say the least.

8. It need not be so. This Court has correctly concluded – on three separate occasions – that Stanford's purported "objections" to the Trustmark settlement and the other Bank settlements have nothing at all to do with the settlements. The Fifth Circuit has twice agreed[4] and dismissed Stanford's appeals from those purported "objections" as frivolous. Those decisions confirm that Stanford never had a right to appeal – notwithstanding any further tilting at appellate windmills that Stanford may undertake.

9. Viewed differently, had Allen Stanford styled his purported "objection" to the Trustmark settlement as an "objection to appointment of receiver and establishment of receivership," there is no question that such a filing would have no impact on the finality of the Trustmark settlement.[5] Moreover, any purported appeal Stanford would have pursued after such an objection had been overruled – as it certainly would have been – would equally have no impact on the finality of the Trustmark settlement.

10. For its part, Trustmark does not offer any credible argument for why this Court, the Fifth Circuit or the U.S. Supreme Court should give any credence whatsoever to Stanford's purported "objections" and appeals. In fact, Trustmark seemingly concedes that Stanford's appeal

---

[4] Stanford has yet to file a notice of appeal with respect to the Court's orders approving the TD Bank, HSBC and Independent Bank settlements.

[5] The Court recently noted that Stanford's purported "objection" to the settlements with TD Bank, HSBC and Independent Bank was really "an objection to the receivership itself" and that the issue had "been settled and reaffirmed so many times by the circuit that it's just hard to take that seriously." *See* Transcript of Settlement Hearing, August 8, 2023, at 11.

is frivolous. Trustmark Response at 9 ("Stanford's appeal – frivolous though it may be"), ECF No. 3341. Nor can any of the other Bank Defendants who have settled with the Receiver and the OSIC. In fact, TD Bank has already opined that Stanford's objections "do[] not warrant any further consideration." ECF No. 3324 at 5.

11. To borrow Trustmark's phrasing, the only "calamitous result" here would be an interpretation of the Trustmark settlement agreement that permits Allen Stanford to hijack the Trustmark settlement – and the other Bank settlements – by making frivolous filings that he mislabels as "objections" to a settlement, or to a dismissal required by a settlement, or to a distribution of the proceeds of a settlement.

## CONCLUSION

12. This Court must conclude that Allen Stanford had no "right" to appeal the Order approving the Trustmark settlement, and should enter its Order granting the Receiver's Motion to Enforce.

August 22, 2023.

                                      Respectfully submitted,

                                      /s/ *John J. Little*
                                      John J. Little
                                      Tex. Bar No. 12424230
                                      john@johnjlittlelaw.com

                                  JOHN J LITTLE LAW, PLLC
                                  8150 N. Central Expwy., 10th Floor
                                  Dallas, Texas 75206
                                  (214) 989-4180
                                  (214) 573-2307 [CELL]
                                  (214) 367-6001 [FAX]

                                  **Court-Appointed Examiner**

**CERTIFICATE OF SERVICE**

       On August 22, 2023, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

       I further certify that on August 22, 2023, I served a true and correct copy of the foregoing document via United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

       R. Allen Stanford, Pro Se     Certified Mail Return Receipt Req.
       Inmate #35017183
       Coleman II USP
       Post Office Box 1034
       Coleman, FL 33521

       */s/ John J. Little*
       John J. Little