IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

**RECEIVER'S 1ST SCHEDULE OF DISTRIBUTION PAYMENTS
TO BE MADE PURSUANT TO THE 11TH INTERIM PLAN**

Receiver Ralph S. Janvey (the "Receiver") hereby files the 1st Schedule of Distribution Payments to Be Made Pursuant to the 11th Interim Plan, respectfully stating as follows:

On September 26, 2024, the Court granted the Receiver's Motion for Approval of Eleventh Interim Distribution Plan (the "11th Interim Plan"). [*See* Doc. 3418.] Funds distributed under the 11th Interim Plan include funds from the TD Settlement[1], the IB Settlement[2], and the HSBC Settlement[3]. [*See* Doc. 3418 at 4.] The Court's Order approving the 11th Interim Plan instructed the Receiver as follows:

---

[1] "TD Settlement" means the $1,101,511,999.29 in funds remaining from the original $1,205,000,000.00 received in settlement with The Toronto-Dominion Bank, after deducting $3,488,000.71 in allowed expense disbursements and $100,000,000.00 in Court-awarded attorneys' fees. [*See* Docs. 3246, 3247 (motion for approval of TD Settlement); Doc. 3258 (TD Scheduling Order); Doc. 3328 (minute entry concerning August 8, 2023 hearing on TD Settlement); Doc. 3331 (Order approving TD Settlement); Doc. 3334 (Order approving expenses and attorneys' fees relating to TD Settlement); Docs. 3352, 3354 (Fifth Circuit's dismissal of R. Allen Stanford's attempt to appeal TD Settlement).]

[2] "IB Settlement" means the $72,162,655.42 in funds remaining from the original $100,000,000.00 received in settlement with Independent Bank, formerly known as Bank of Houston, after deducting $3,783,126.11 in allowed expense disbursements and $24,054,218.47 in Court-awarded attorneys' fees. [*See* Docs. 3241, 3242 (motion for approval of IB Settlement); Doc. 3256 (IB Scheduling Order); Doc. 3328 (minute entry concerning August 8, 2023 hearing on IB Settlement); Doc. 3330 (Order approving IB Settlement); Doc. 3333 (Order approving

> All payments under the Eleventh Interim Plan shall be made on a rolling basis. Prior to making a group of payments pursuant to the Eleventh Interim Plan, the Receiver shall file a schedule of the payments to be made. Each such schedule shall be filed at least ten (10) days prior to the subject payments being made. The schedules shall include claim ID numbers and the amount of the associated payments but shall not contain information from which the individual Investor CD Claimants can be identified.

[Doc. 3418 at 7.] The Receiver is filing the 1st Schedule of Payments to Be Made to Eligible Investor CD Claimants[4] Pursuant to the 11th Interim Plan (which schedule is attached hereto as **Exhibit 1**) in accordance with the above instructions and expects to begin the process of sending the payments listed therein once the 1st Schedule has been on file with the Court for ten (10) days. This 1st Schedule shows that the Receiver intends to make payments totaling $1,056,991,542.34 to the owners of the referenced claim numbers. This 1st Schedule will be followed by others, each of which will be submitted by the Receiver on a rolling basis.

---

expenses and attorneys' fees relating to IB Settlement); Docs. 3352, 3354 (Fifth Circuit's dismissal of R. Allen Stanford's attempt to appeal IB Settlement).]

[3]     "HSBC Settlement" means the $26,837,840.67 in funds remaining from the original $40,000,000.00 received in settlement with HSBC Bank Plc, after deducting $4,216,212.44 in allowed expense disbursements and $8,945,946.89 in Court-awarded attorneys' fees. [*See* Docs. 3243, 3244 (motion for approval of HSBC Settlement); Doc. 3257 (HSBC Scheduling Order); Doc. 3328 (minute entry concerning August 8, 2023 hearing on HSBC Settlement); Doc. 3332 (Order approving HSBC Settlement); Doc. 3335 (Order approving expenses and attorneys' fees relating to HSBC Settlement); Docs. 3352, 3354 (Fifth Circuit's dismissal of R. Allen Stanford's attempt to appeal HSBC Settlement).]

[4]     The phrase "Investor CD Claimants" includes both Receivership Investor CD Claimants and JL Investor CD Claimants. [*See* Doc. 3418 at 2; *see also*, Doc. 1877 at 4.]

Dated: November 1, 2024

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*  
    Kevin M. Sadler  
    Texas Bar No. 17512450  
    kevin.sadler@bakerbotts.com  
    1001 Page Mill Road  
    Building One, Suite 200  
    Palo Alto, California 94304-1007  
    T: (650) 739-7500  
    F: (650) 739-7699  

    Scott D. Powers  
    Texas Bar No. 24027746  
    scott.powers@bakerbotts.com  
    David T. Arlington  
    Texas Bar No. 00790238  
    david.arlington@bakerbotts.com  
    Brendan A. Day  
    Texas Bar No. 24052298  
    brendan.day@bakerbotts.com  
    401 South 1st Street, Suite 1300  
    Austin, Texas 78704-1296  
    T: (512) 322-2500  
    F: (512) 322-2501  

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

      I certify that on November 1, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the CM/ECF system. The ECF system will send a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept service of this document by electronic means.

      I further certify that on November 1, 2024, I served a true and correct copy of the foregoing document and the notice of electronic filing by United States Postal Service Certified Mail, Return Receipt requested, to the persons noticed below who are non-CM/ECF participants:

R. Allen Stanford, Pro Se  
Inmate #35017183  
Coleman II USP  
Post Office Box 1034  
Coleman, FL 33521  
*Via Certified Mail, Return Receipt Requested*

                                        */s/ Kevin M. Sadler*  
                                        Kevin M. Sadler