IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-298-N |
| STANFORD INTERNATIONAL BANK LTD., *et al.*, | § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Order addresses the Securities and Exchange Commission's (the "Commission") motion to enter final judgments against Stanford Financial Group Building, Inc. ("SFGBI"), Stanford Financial Group Company ("SFGC"), Stanford Capital Management, LLC ("SCM"), James Davis, Gilberto Lopez, Robert Allen Stanford, Stanford International Bank ("SIB"), and Stanford Group Company ("SGC") [3176]. The Court grants the motion and enters final judgment as follows.

### I. STANFORD FINANCIAL GROUP BUILDING, INC.

Pursuant to the Motion to Enter Final Judgments and the consent agreement of SFGBI [3176-9],[1] the Court hereby orders, adjudges, and decrees that SFGBI is liable for disgorgement of $4,000,000, representing net profits gained as a result of the conduct

---

[1] SFGBI has consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 1

alleged in the Complaint, along with $2,428,833.27 in prejudgment interest, for a total of $6,428,833.27. SFGBI's obligation to pay $6,428,833.27 shall be deemed satisfied by the collection efforts and distributions to investors by the Court-appointed Receiver.

The Court further orders, adjudges, and decrees that the consent agreement is incorporated herein with the same force and effect as if fully set forth herein, and that SFGBI shall comply with all of the undertakings and agreements set forth therein. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## II. STANFORD FINANCIAL GROUP COMPANY

Pursuant to the Motion to Enter Final Judgments and the consent agreement of SFGC [3176-7],[2] the Court hereby orders, adjudges, and decrees that SFGC is liable for $1,425,370,886.63, along with $803,723,162.20 in prejudgment interest, for a total amount of $2,229,094,048.83. SFGC's obligation to pay $2,229,094,048.83 shall be deemed satisfied by the collection efforts and distribution to investors by the Court-appointed Receiver.

The Court further orders, adjudges, and decrees that the consent agreement is incorporated herein with the same force and effect as if fully set forth herein, and that SFGBI shall comply with all of the undertakings and agreements set forth therein. The

---

[2] SFGC has consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 2

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### III. STANFORD CAPITAL MANAGEMENT

Pursuant to the Motion to Enter Final Judgments and the consent agreement of SCM [3176-1],[3] the Court hereby orders, adjudges, and decrees that SCM is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The Court orders, adjudges, and decrees that SCM is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

---

[3] SCM has consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 3

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that SCM is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, and Advisers Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) SCM's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with SCM or with anyone described in (a).

Next, the Court hereby orders, adjudges, and decrees that SCM is liable for disgorgement of $15,120,948, representing net profits gained as a result of the conduct alleged in the Complaint, along with $8,526,241.35 in prejudgment interest, for a total amount of $23,647,189.35. SCM's obligation to pay $23,647,189.35 shall be deemed

MEMORANDUM OPINION & ORDER – PAGE 4

satisfied by the collection efforts and distribution to investors by the Court-appointed Receiver.

The Court further orders, adjudges, and decrees that the consent agreement is incorporated herein with the same force and effect as if fully set forth herein, and that SCM shall comply with all of the undertakings and agreements set forth therein. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV. JAMES DAVIS

Pursuant to the Motion to Enter Final Judgments and the consent agreement of Davis [3176-3],[4] the Court hereby orders, adjudges, and decrees that Davis is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

---

[4] Davis has consented to the entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 5

The Court orders, adjudges, and decrees that Davis is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that Davis is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, and Advisers Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Davis or with anyone described in (a).

Next, the Court hereby orders, adjudges, and decrees that Davis is liable for disgorgement of $11,782,964.44, representing net profits gained as a result of the conduct alleged in the Complaint, along with $1,721,784.62, for a total amount of $13,504,749.06. This total shall be offset by $841,288.08 that the Receiver obtained from the seizure and liquidation of the Defendant's assets, making the total disgorgement $12,663,460.98.  In addition, Davis is liable for the civil penalty of $5 million ordered by the Court in its April 25, 2013 Order granting summary judgment [1858].  Defendant shall satisfy this total obligation by paying $17,663,460.98 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "James Davis" as a defendant in this action; and specifying that the payment is made pursuant to this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 7

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following the entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2022, as amended, a Fair Fund is created for the penalties, disgorgement, and prejudgment interest described above and shall be transferred to the Court-appointed Receiver for distribution to harmed investors until such time as the Receiver is discharged. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed by the Receiver pursuant to an Order of the Court.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

MEMORANDUM OPINION & ORDER – PAGE 8

reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

The Court further orders, adjudges, and decrees that the consent agreement is incorporated herein with the same force and effect as if fully set forth herein, and that Davis shall comply with all of the undertakings and agreements set forth therein.

The Court orders, adjudges, and decrees that, for the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation

by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V. GILBERTO LOPEZ

Pursuant to the Motion to Enter Final Judgments and the consent agreement of Lopez [3176-5],[5] the Court hereby orders, adjudges, and decrees that Lopez is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The Court orders, adjudges, and decrees that Lopez is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

---

[5] Lopez has consented to the entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 10

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that Lopez is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, and Advisers Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lopez or with anyone described in (a).

Next, the Court hereby orders, adjudges, and decrees that Lopez is liable for disgorgement of $2,306,811.10, representing net profits gained as a result of the conduct alleged in the Second Amended Complaint, along with $1,116,982.95, for a total amount of $3,423,794.05. Defendant shall satisfy this total obligation by paying $3,423,794.05 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

MEMORANDUM OPINION & ORDER – PAGE 11

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Gilberto Lopez" as a defendant in this action; and specifying that the payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendant.

The Commission shall forward any funds collected to the Court-appointed Receiver for distribution until such time as the Receiver is discharged.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following the entry of

MEMORANDUM OPINION & ORDER – PAGE 12

this Final Judgment.  Defendant shall pay postjudgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Court further orders, adjudges, and decrees that the consent agreement is incorporated herein with the same force and effect as if fully set forth herein, and that Lopez shall comply with all of the undertakings and agreements set forth therein.

The Court orders, adjudges, and decrees that, for the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Second Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VI.  STANFORD INTERNATIONAL BANK

On February 19, 2013, Plaintiff Securities and Exchange Commission filed a motion for partial summary judgment against Defendant Stanford International Bank.  [1779].

On April 25, 2013, the Court granted the Commission's motion and: (a) imposed all requested injunctive relief; (b) found SIB liable, jointly and severally with Defendants Robert Allen Stanford and Stanford Group Company, for $5.9 billion in disgorgement and

MEMORANDUM OPINION & ORDER – PAGE 13

$861,189,969.06 in prejudgment interest, for a total of $6,761,189,969.06. [1858]. The findings of fact and conclusions of law in that Order are incorporated herein.

On July 15, 2022, the Commission moved the Court to enter a final judgment against SIB, based on the Court's April 25, 2013 Order, and to deem SIB's obligation to pay the ordered disgorgement and prejudgment interest will be deemed satisfied upon the Court-appointed Receiver's ultimate collection efforts and distributions to investors.

The Court hereby orders, adjudges, and decrees that SIB is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The Court orders, adjudges, and decrees that SIB is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make

MEMORANDUM OPINION & ORDER – PAGE 14

the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that SIB is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C.§ 80b-6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court orders, adjudges, and decrees that SIB is permanently restrained and enjoined from violating Section 7(d) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-7(d), by making use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to offer for sale, sell, or deliver after sale, in connection with a public offering, any security issued by SIB, as a company organized or otherwise created under the laws of a foreign country, without first obtaining an order from the Commission permitting it to register as an investment company under the ICA.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, Advisers Act, and Investment Company Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with SIB or with anyone described in (a).

The Court orders, adjudges, and decrees that Defendant SIB is liable, jointly and severally with Defendants Robert Allen Stanford and Stanford Group Company, for disgorgement of $5.9 billion, representing net profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $861,189,969.06, for a total of $6,761,189,969.06, and that Defendant's obligation to pay this amount will be deemed satisfied upon the Court-appointed Receiver's ultimate collection efforts and distribution to investors.

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.  STANFORD GROUP COMPANY

On February 19, 2013, Plaintiff Securities and Exchange Commission filed a motion for partial summary judgment against Defendant Stanford Group Company.  [1779].

On April 25, 2013, the Court granted the Commission's motion and: (a) imposed all requested injunctive relief; (b) found SGC liable, jointly and severally with Defendants Robert Allen Stanford and Stanford International Bank, for $5.9 billion in disgorgement and $861,189,969.06 in prejudgment interest, for a total of $6,761,189,969.06.  [1858]. The findings of fact and conclusions of law in that Order are incorporated herein.

On July 15, 2022, the Commission moved the Court to enter a final judgment against SGC, based on the Court's April 25, 2013 Order, and to deem SGC's obligation to pay the

ordered disgorgement and prejudgment interest will be deemed satisfied upon the Court-appointed Receiver's ultimate collection efforts and distributions to investors.

The Court hereby orders, adjudges, and decrees that SGC is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The Court orders, adjudges, and decrees that SGC is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that SGC is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C.§ 80b-

6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

> (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

> (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court orders, adjudges, and decrees that SGC is permanently restrained and enjoined from violating Section 7(d) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-7(d), by making use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to offer for sale, sell, or deliver after sale, in connection with a public offering, any security issued by SGC, as a company organized or otherwise created under the laws of a foreign country, without first obtaining an order from the Commission permitting it to register as an investment company under the ICA.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, Advisers Act, and Investment Company Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with SGC or with anyone described in (a).

The Court orders, adjudges, and decrees that Defendant SGC is liable, jointly and severally with Defendants Robert Allen Stanford and Stanford Group Company, for disgorgement of $5.9 billion, representing net profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in

MEMORANDUM OPINION & ORDER – PAGE 18

the amount of $861,189,969.06, for a total of $6,761,189,969.06, and that Defendant's obligation to pay this amount will be deemed satisfied upon the Court-appointed Receiver's ultimate collection efforts and distribution to investors.

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII. ROBERT ALLEN STANFORD

On February 19, 2013, Plaintiff Securities and Exchange Commission filed a motion for partial summary judgment against Defendant Robert Allen Stanford. [1779].

On April 25, 2013, the Court granted the Commission's motion and: (a) imposed all requested injunctive relief; (b) found Stanford liable, jointly and severally with Defendants Stanford International Bank and Stanford Group Company, for $5.9 billion in disgorgement and $861,189,969.06 in prejudgment interest, for a total of $6,761,189,969.06; and (c) ordered Stanford to pay a civil penalty of $5.9 billion. [1858]. The findings of fact and conclusions of law in that Order are incorporated herein.

On July 15, 2022, the Commission moved the Court to enter a final judgment against Stanford, based on the Court's April 25, 2013 Order, and to deem Stanford's obligation to pay the ordered disgorgement and prejudgment interest satisfied by the entry of the forfeiture order in the Judgement [Doc. 878] entered in *United States v. Robert Allen Stanford*, No. 4:09cr342(1) (S.D. Tex. Houston Division), as well as the Order of Forfeiture at Sentencing [Doc. 881] in that case.

The Court hereby orders, adjudges, and decrees that Stanford is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange

MEMORANDUM OPINION & ORDER – PAGE 19

Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5,

by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any

security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The Court orders, adjudges, and decrees that Stanford is permanently restrained and

enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer

or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court orders, adjudges, and decrees that Stanford is permanently restrained and

enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C.§ 80b-

6(1) and 80b-6(2), by the use of the mails or any means or instrumentality of interstate

commerce, directly or indirectly:

> (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

The Court further orders, adjudges, and decrees that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs regarding the Exchange Act, Securities Act, and Advisers Act also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Stanford or with anyone described in (a).

The Court orders, adjudges, and decrees that Defendant Stanford is liable for a civil penalty in the amount of $5.9 billion pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).  Defendant shall satisfy this obligation by paying $5.9 billion to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

MEMORANDUM OPINION & ORDER – PAGE 21

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Robert Allen Stanford" as a defendant in this action; and specifying that the payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendant.

The Commission may enforce the Court's judgment for penalties by using all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay postjudgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, a Fair Fund is created for the penalties, disgorgement, and prejudgment interest described above and shall be transferred to the Court-appointed Receiver for distribution to harmed investors until such time as the Receiver is discharged. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed by the Receiver pursuant to an Order of the Court.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on

MEMORANDUM OPINION & ORDER – PAGE 22

Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Second Amended Complaint in this action.

The Court orders, adjudges, and decrees that, for the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Second Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

MEMORANDUM OPINION & ORDER – PAGE 23

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## CONCLUSION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter Final Judgment against Stanford Financial Group Building, Inc., Stanford Financial Group Company, Stanford Capital Management, James Davis, Gilberto Lopez, Robert Allen Stanford, Stanford International Bank, and Stanford Group Company.

Signed January 29, 2025.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION & ORDER – PAGE 24