IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:09-CV-0298-N |
| **STANFORD INTERNATIONAL BANK, LTD.,** *et al.* | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION FOR DISMISSAL OF CLAIMS AGAINST
DEFENDANT MARK KUHRT AND BRIEF IN SUPPORT**

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court dismiss with prejudice the SEC's claims against defendant Mark Kuhrt ("Kuhrt") pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of this motion, the SEC states as follows:

**Background**

The SEC brought this action on February 16, 2009 ("Civil Action"). [Doc. 1.] On June 19, 2009, the SEC moved for leave to file a Second Amended Complaint to add Kuhrt and others as defendants and to add allegations that Stanford operated a Ponzi scheme. [Doc. 490.] On January 4, 2010, the Court granted the SEC's motion for leave. [Docs. 937, 952.] And, on January 8, 2010, the SEC filed its Second Amended Complaint. [Doc. 952.] Kuhrt's Answer, which he filed on June 18, 2010, asserts no counterclaims. [Doc. 1104.]

The SEC requests that the Court enter the proposed order, submitted herewith, dismissing with prejudice the SEC's claims against Kuhrt as to the conduct alleged in the Second Amended Complaint, and without costs or fees to either party.

The SEC, in the exercise of its discretion, believes the dismissal of this case against Kuhrt is appropriate. The SEC's decision to seek dismissal of its claims against Kuhrt does not necessarily reflect the SEC's position on any other defendant in this action or any other case.

## Argument and Authorities

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed by court order, at the plaintiff's request, on terms that the Court considers proper. "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 2364 (1st ed. 1971)). In the absence of plain legal prejudice to the defendant, the court should generally grant the plaintiff's request for even an unconditional dismissal "absent some evidence of abuse." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Granting this motion will not unfairly affect Kuhrt because he will suffer no plain legal prejudice, or even the possibility of a second lawsuit, as the SEC asks the Court to dismiss the action against Kuhrt with prejudice. Moreover, since Kuhrt has asserted no counterclaims against the SEC, the Court is not required to analyze whether any such claims could have remained pending for independent adjudication following the voluntary dismissal of the SEC's action. *See* FED R. CIV. P. 41(a)(2).

WHEREFORE, the SEC respectfully requests that the Court enter an order in the form

submitted herewith dismissing with prejudice the SEC's claims against Kuhrt, with each party to bear their own fees and costs.

Dated:   September 18, 2025                    Respectfully submitted,

/s/ *Jason J. Rose*
JASON J. ROSE
Texas Bar No. 24007946
SECURITIES AND EXCHANGE
COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
(817) 978-1408 (jjr)
(817) 978-4927 (facsimile)
rosej@sec.gov

ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION

## CERTIFICATE OF CONFERENCE

I certify that on September 11, 12, 16, and 18, 2025, I conferred by email with John M. Helms, Jr., counsel for Mark Kuhrt, regarding the relief sought herein. The SEC submits this motion as opposed because opposing counsel has not responded regarding his client's position.

/s/ *Jason J. Rose*
Jason J. Rose

**CERTIFICATE OF SERVICE**

       I certify that on September 18, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the CM/ECF system. The ECF system will send a "Notice of Electronic Filing" to all counsel of record who has consented in writing to accept service of this document by electronic means.

       I further certify that on September 19, 2025, I will serve a true and correct copy of the foregoing document and the notice of electronic filing by depositing a copy thereof in an authorized UPS depository at Fort Worth, Texas, with overnight express charges prepaid and addressed to the following parties, and will also mail a true and correct copy by United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

| | |
|---|---|
| R. Allen Stanford, Pro Se<br>Inmate #35017183<br>Coleman II USP<br>Post Office Box 1034<br>Coleman, FL 33521<br>*Via Certified Mail, Return Receipt Requested* | R. Allen Stanford, Pro Se<br>Inmate #35017183<br>Coleman II USP<br>846 NE 54th Terrace<br>Sumterville, FL 33521<br>*Via UPS, Overnight Mail* |

       /s/ *Jason J. Rose*
       Jason J. Rose