**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3-09-CV-0298-N** |
| **STANFORD INTERNATIONAL BANK, LTD.,** *et al.,* | § § § | |
| **Defendants.** | § § | |

**EXAMINER'S MOTION FOR APPROVAL**
**OF FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
<u>**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**</u>

May 1, 2026

John J. Little
Tex. Bar No. 12424230
john@johnjlittlelaw.com

John J. Little Law, PLLC
8150 N. Central Expwy., 10th Floor
Dallas, Texas 75206
(214) 989-4180
(214) 573-2307 [Cell]
(214) 367-6001 [FAX]

COURT-APPOINTED EXAMINER

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF CONTENTS | | ii |
| TABLE OF AUTHORITIES | | iv |
| MOTION FOR APPROVAL | | 1 |
| THIS MOTION IS BEING FILED AS "OPPOSED" | | 2 |
| BRIEF IN SUPPORT OF EXAMINER'S MOTION | | 2 |
| I. | BACKGROUND FACTS | 2 |
| II. | PRIOR APPLICATIONS AND THEIR DISPOSITION | 3 |
| III. | TIME PERIOD AND FEES AND EXPENSES REQUESTED | 4 |
| IV. | SUMMARY OF THE EXAMINER'S WORK | 5 |
| A. | Communications with Stanford Investors, Groups, Representatives and Counsel | 6 |
| B. | Communications and Negotiations with the Receiver and the SEC | 7 |
| C. | Antiguan Joint Liquidators and Other Cross Border Matters | 7 |
| D. | Other Receivership Proceedings | 8 |
| E. | Matters Relating to the Receiver's Fraudulent Transfer and Other Asset Recovery Actions (against Stanford Investors, Former Employees and Others) | 9 |
| F. | Claims Administration, Distribution Motion and Claim Sales Matters | 10 |
| G. | OSIC Meetings and Conference Calls | 11 |
| H. | OSIC Third Party Asset Recovery Actions (Bank Actions) | 11 |
| I. | OSIC Communications | 12 |
| J. | Review and Analysis of the Receiver's Fee Applications and Budgeting Efforts | 13 |

**Page**

K.    Review and Reimbursement of OSIC Fees and Expenses    14

L.    Monitoring Other Proceedings and Issues    14

V.    STAFFING    14

VI.    THE EXAMINER'S FEES AND EXPENSES ARE
REASONABLE AND NECESSARY AND SHOULD BE PAID    14

VII.    CONCLUSION    18

CERTIFICATE OF CONFERENCE    19

CERTIFICATE OF SERVICE    19

## TABLE OF AUTHORITIES

**Page**

*City of Burlington v. Dague*, 505 U.S. 557 (1992)                                         15

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)                    15

*Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir.1995)                   14

*Old Republic Ins. Co. v. Stafford*, No. Civ. A. 3:03-CV-1611,                            15
2005 WL 2026853 (N.D. Tex. Aug. 22, 2005)

*Watkins v. Fordice*, 7 F.3d 453 (5th Cir.1993)                                            15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.,* | § § § § | |
| Defendants. | § § | |

**EXAMINER'S UNOPPOSED MOTION FOR APPROVAL
OF FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF
ATTORNEYS' FEES AND EXPENSES AND BRIEF IN SUPPORT**

John J. Little, Examiner, respectfully submits his Unopposed Motion for Approval of his Forty-Eighth Interim Application for Payment of Attorneys' Fees and Expenses and Brief in Support.

**MOTION FOR APPROVAL**

The Examiner respectfully moves for the approval of his reasonable and necessary fees and expenses incurred during the period from June 1, 2025 through January 31, 2026. The total amount of the Examiner's fees and expenses incurred during this period is $63,804.30. Of that amount, $63,765.00 represents the attorneys' fees incurred by the Examiner and $39.30 represents expenses incurred by the Examiner in connection with his work in this matter.

This Motion is supported by the Examiner's Brief, set forth below, and the evidence contained in the Appendix in Support of Examiner's Motion for Approval of Forty-Eighth Interim Application for Payment of Attorneys' Fees and Expenses, filed herewith.

**THIS MOTION IS BEING FILED AS "UNOPPOSED"**

In advance of the filing of this Motion, the Examiner conferred with counsel for the Receiver, counsel for the Securities & Exchange Commission ("SEC"), and counsel for the Department of Justice (IRS) concerning the fees and expenses sought in this Motion. Submitted herewith is a proposed order reflecting the agreement of the Receiver and Examiner, with respect to the above-referenced fees and expenses of $63,804.30, that the time spent, services performed, hourly rates charged, and expenses incurred by the Examiner during the time period covered by this Motion were reasonable and necessary for the Examiner to perform his Court-ordered duties.

As recently noted by the Receiver, the Court has entered final judgment against all defendants in this matter so there are no other parties to this case with whom the Examiner must confer. *See* ECF No. 3586.

As reflected in the Certificate of Conference, no party with whom the Examiner has conferred opposes the relief sought in this Motion.

**BRIEF IN SUPPORT OF EXAMINER'S MOTION**

**I.      BACKGROUND FACTS**

The Court appointed the Examiner on April 20, 2009, and directed the Examiner to "convey to the Court such information as the Examiner, in his sole discretion, shall determine would be helpful to the Court in considering the interests of the investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendants in this action (the "Investors"). The Examiner shall conduct such investigation as he deems necessary to provide such information to the Court." Doc. No. 322 at 1 – 2.[1]

---

[1] Unless otherwise noted, all references to Doc. Nos. are to Civil Action No. 3:09-cv-0298. References to documents filed in proceedings that are ancillary to the Receivership proceeding will be identified by the Civil Action number of that proceeding.

EXAMINER'S MOTION FOR APPROVAL OF
FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT                    **Page 2**

On August 10, 2010, the Court entered a further Order establishing the Official Stanford Investors Committee (the "OSIC") to represent Stanford Investors in this matter.  Doc. No. 1149 (the "OSIC Order") at 2.  Pursuant to the terms of the OSIC Order, the Examiner was made a member of the OSIC and charged with several tasks pertinent to the organization and operation of the OSIC, including (a) consulting with the Movants (as defined in the OSIC Order) to propose the initial members of the OSIC, (b) serving as the initial chairperson of the OSIC, and (c) coordinating the activities of the OSIC.  *Id*. at 2-3.  The Examiner has served as the chairperson of the OSIC since its formation, and continues to so serve.  As is reflected in this Motion for Approval of the Examiner's Forty-Eighth Interim Application for Payment of Attorneys' Fees and Expenses, the Examiner's activities and obligations with respect to the OSIC now occupy a significant portion of the time that he has devoted to this matter.

Since his appointment, the Examiner has worked diligently to discharge his duties, and now requests that the Court grant this Motion, approve this Forty-Eighth (48th) interim application, and direct the Receiver to pay the Examiner's reasonable and necessary attorneys' fees and expenses incurred from June 1, 2025 through January 31, 2026.  This application addresses the work performed by the Examiner,[2] the amount of fees and expenses for which payment is requested, and the application of controlling Fifth Circuit law regarding awards of attorney's fees.

## II.    PRIOR APPLICATIONS AND THEIR DISPOSITON

The Examiner has filed forty-seven (47) prior fee applications.  In total, those applications reflect over 12,000 hours of work[3] on this matter by the Examiner and others in his

---

[2]  All of the services reflected in this Motion were performed by the Examiner.

[3]  The total hours worked through forty-seven (47) fee applications is 12,048.80.  Appendix at 4.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 3**

law firms[4], over a period of sixteen (16) years.  The Examiner's prior applications have sought total fees in the amount of $5,353,419.00 and total expenses of $49,784.45, for a total amount of $5,403,203.45.  To date, the Examiner's law firms have been paid a total of $5,363,825.62.  A total of $39,377.83 has been "held back" by the Court.[5]  A chart summarizing the Examiner's prior applications is included in the Appendix at 4.

### III.    TIME PERIOD AND FEES AND EXPENSES REQUESTED

This application requests payment of the Examiner's attorneys' fees and expenses for the time period from June 1, 2025 through January 31, 2026.  All of the fees sought in this application relate to work done by the Examiner.

The Examiner's detailed time entries for the period from June 1, 2025 through September 30, 2025 are attached to the Examiner's Declaration as Exhibit 1.  Appendix at 12-28.  Exhibit 1 is a copy of Invoice No. 10151, issued by JOHN J. LITTLE LAW, PLLC, for the fees and expenses incurred during the period from June 1, 2025 through September 30, 2025.  The time entries in Exhibit 1 have been organized into eight (8) separate categories[6] to reflect the different tasks undertaken by the Examiner, the hours billed to each category, and the fees incurred with respect to each category.  Exhibit 1 reflects that JOHN J. LITTLE LAW, PLLC billed a total of 73.30 hours during the period from June 1, 2025 through September 30, 2025, for total fees of $32,985.00. In addition to the legal fees requested, JOHN J. LITTLE LAW, PLLC incurred necessary expenses

---

[4]  From his appointment until August 31, 2020, the Examiner was a partner in the law firm Little Pedersen Fankhauser, LLP.  From September 1, 2020 to the present, the Examiner is the principal of John J. Little Law, PLLC.

[5]  The "holdback" amount is the amount as to which the Court has deferred a ruling.  *See, e.g.* Order dated February 3, 2010 [Doc. No. 994]; Order dated April 16, 2010 [Doc. No. 1069].

[6]  In prior fee applications, the Examiner has divided his time entries into a varying number of categories, ranging from eight (8) to twenty-four (24).  Exhibit 1 contains four (4) additional categories to which no billings were assigned during the period covered by this Motion; those categories are being retained for future use.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 4**

of $28.82, which are detailed in Exhibit 1 to the Examiner's Declaration, and for which reimbursement is requested. Examiner's Declaration at ¶3, Appendix at 7, 28.

The Examiner's detailed time entries for the period from October 1, 2025 through January 31, 2026 are attached to the Examiner's Declaration as Exhibit 2. Appendix at 30-43. Exhibit 2 is a copy of Invoice No. 10156, issued by JOHN J. LITTLE LAW, PLLC, for the fees and expenses incurred during the period from October 1, 2025 through January 31, 2026. The time entries in Exhibit 2 have been organized into nine (9) separate categories to reflect the different tasks undertaken by the Examiner, the hours billed to each category, and the fees incurred with respect to each category. Exhibit 2 reflects that JOHN J. LITTLE LAW, PLLC billed a total of 68.40 hours during the period from October 1, 2025 through January 31, 2026, for total fees of $30,780.00. In addition to the legal fees requested, JOHN J. LITTLE LAW, PLLC incurred necessary expenses of $10.48, which are detailed in Exhibit 2 to the Examiner's Declaration, and for which reimbursement is requested. Examiner's Declaration at ¶3, Appendix at 8, 43.

The Examiner seeks an Order directing the Receiver to pay to JOHN J. LITTLE LAW, PLLC the amount of $63,804.30, reflecting fees of $63,765.00 and expenses of $39.30.

## IV.    SUMMARY OF THE EXAMINER'S WORK

Virtually every issue and every development in this Receivership affects, or has the potential to affect, the Investors. Accordingly, the Examiner necessarily must be informed and prepared to communicate with the Investors, the OSIC, the SEC, the DOJ, the Receiver and his counsel, the Antiguan Joint Liquidators and their counsel, and the Court, regarding these matters. As reflected in greater detail in Exhibits 1 and 2 to the Examiner's Declaration, during the time

period addressed by this Motion the Examiner has undertaken activities falling, generally, into nine (9) different categories,[7] each of which is described below.

During the period of time covered by this Motion, three categories of activity – the Examiner's work relating to Receiver's claims and distribution process, the Examiner's work relating to other Stanford-related proceedings, and the Examiner's work relating to the Receiver's fee applications together commanded almost seventy (70%) of the Examiner's time.

**A.      Communications with Stanford Investors, Groups, Representatives and Counsel**

Since his appointment, the Examiner's work has involved communicating with individual Stanford Investors, groups (both formal and informal) of such Investors, representatives of the Investors and counsel for the Investors.  The Examiner continues to communicate regularly with individual Investors.  During the period covered by this Motion, the Examiner received and responded to Investor inquiries via email.  Those inquiries related primarily to the (a) the Receiver's claim process, and (b) the Receiver's distribution process.  Time relating to many of those communications is included in other categories in this Motion (*e.g.*, responding to inquiries concerning the claim or distribution process).  The Examiner also communicated with the Receiver's counsel and with members of the OSIC concerning these investor communications. This category also includes work done by the Examiner to post updates to his website.

---

[7] Moreover, the categories described below necessarily overlap to some degree.  For example, time devoted by the Examiner to communications with Stanford CD investors concerning the Receiver's claims and distribution process could be classified under "Communications with Stanford Investors" or under "Claims Administration, Distribution Motion, and Claims Sale Matters."  The Examiner has individually reviewed each time entry and has attempted to sort those time entries into categories in a way that best illustrates the tasks undertaken by the Examiner and the time devoted to those tasks.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 6**

During the period of time covered by this Motion, the Examiner devoted 0.80 hours[8] of time to work in this category, representing fees in the amount of $360.00.  Appendix at 8, 13, 31. Work in this category represented 0.56% of the time billed by the Examiner.

**B.**      **Communications and Negotiations with the Receiver and the SEC**

During the period of time covered by this Motion, the Examiner communicated with the Receiver, his counsel and the SEC.  Most such communications are grouped under other categories reflecting the substance of the communications (*e.g.*, the Receiver's fee applications). The time captured in this category relates primarily to preparation for and attendance at a meeting with the SEC, the Receiver and his counsel and communications with the Receiver's counsel and the SEC concerning matters that are not easily grouped under more substantive categories.

During the period of time covered by this Motion, the Examiner devoted 4.60 hours[9] of time to work in this category, representing fees in the amount of $2,070.00.  Appendix at 8, 13, 31.  Work in this category represented 3.25% of the time billed by the Examiner.

**C.**      **Antiguan Joint Liquidators and Other Cross Border Matters**

During the period of time covered by this Motion, the Examiner reviewed the November 2025 report issued by the Antiguan Joint Liquidators and communicated concerning that report with the Receiver and his counsel.

---

[8]  Detailed billing entries with respect to these hours can be found within Exhibits 1 and 2 to the Examiner's Declaration, Appendix at 13, 31.

[9]  Detailed billing entries with respect to these hours can be found within Exhibits 1 and 2 to the Examiner's Declaration, Appendix at 13, 31.

During the period of time covered by this Motion, the Examiner devoted 0.40 hours[10] of time to work in this category, representing fees in the amount of $180.00. Appendix at 8, 31. Work in this category represented 0.28% of the time billed by the Examiner.

### D.    Other Receivership Proceedings

The Examiner's work in this category included (a) reviewing the various Motions and supporting briefing filed by the Receiver concerning the eventual winding-up of the Receivership, Doc. Nos. 3521, 3522, 3523, 3524, 3525; Nos. 3547 and 3548; (b) reviewing and analyzing responsive briefing filed by other parties in response to the Receiver's Motions, Doc. Nos. 3535, 3536, 3537, 3538 and 3539; (c) researching, drafting and filing responses to certain of the Receiver's Motions, Doc. No. 3534; (d) conferring with the members of OSIC concerning the Receiver's Motions and OSIC's response to those Motions; (e) preparing for, appearing and arguing at the hearing held by the Court to consider the various Motions filed by the Receiver concerning the eventual wind-up of the Receivership,[11] and (f) reviewing the Court's Order addressing certain of those Motions. Doc. No. 3555. Work in this category also included (a) addressing various filings by R.A. Stanford, *e.g.*, Doc. Nos. 3480, 3482, 3520; (b) reviewing the Receiver's notice of pending motions, Doc. No. 3549; (c) reviewing filings and entering an appearance in an action brought by R.A. Stanford against three federal judges in the Northern District of Texas and certain former employees of the SEC (*Stanford v. O'Connor*, Civil Action No. 3:25-cv-01900); and (d) communicating with counsel for the Receiver concerning the interplay between the Receiver's dealings with the Gary Magness entities and his proposed final distribution.

---

[10] Detailed billing entries with respect to these hours can be found within <u>Exhibit 2</u> to the Examiner's Declaration, Appendix at 31.

[11] That hearing was held on September 29, 2025.

During the period of time covered by this Motion, the Examiner devoted 31.80 hours[12] of time to work in this category, representing fees in the amount of $14,220.00.  Appendix at 8, 18, and 32.  Work in this category represented 22.30% of the time billed by the Examiner.

**E.**    **Matters Relating to the Receiver's Fraudulent Transfer and Other Asset Recovery Actions (against Stanford Investors, Former Employees and Others)**

The Examiner has devoted attention to the various fraudulent transfer and other asset recovery actions filed by the Receiver against former Stanford employees, several hundred Investors in SIB CDs, and others.

During the period covered by this application, all of the Examiner's work in this category related to the Receiver's dealings with Gary Magness and related entities (collectively, "GMAG").  Among other things, the Examiner (a) reviewed and conferred with counsel for the Receiver concerning the objections filed by GMAG to the Receiver's notices of determination issued to GMAG and its related entities; (b) reviewed and commented upon the Receiver's motion to uphold the determinations made with respect to the claims asserted by GMAG and related entities, Doc. Nos. 3483, 348); (c) reviewed and commented upon GMAG's response to the Receiver's motion to uphold the determinations, Doc. Nos. 3495, 3496; (d) drafted, conferred with the Receiver's counsel concerning, and filed an Examiner's report concerning the Motion to uphold the determinations, Doc. No. 3503; (e) reviewed and commented upon the Receiver's reply brief concerning the Motion to uphold the determinations, Doc. Nos. 3501, 3502; (f) reviewed and commented upon the GMAG's objections to the Receiver's distribution schedules Doc. No. 3509; (g) reviewed and commented upon GMAG's motion for leave to file a surreply in opposition to the Receiver's Motion to uphold the determination, Doc. No. 3511; (h) conferred

---

[12] Detailed billing entries with respect to these hours can be found within <u>Exhibits 1and 2</u> to the Examiner's Declaration. Appendix at 14-18, 32.

with the Receiver's counsel concerning GMAG's attempt to take discovery from the Receiver and reviewed and commented upon GMAG's discovery requests; (i) reviewed GMAG's Motion for an updated status report on the Receiver's claims process, Doc. No. 3509, and the Receiver's response to that Motion, Doc. No. 3526; (j) reviewed the Receiver's objections to the GMAG discovery requests; (k) communicated with the Receiver's counsel and OSIC concerning the Receiver's resolution of his disputes with GMAG; and (l) reviewed the joint motion filed by the Receiver and GMAG to resolve the disputes and amend the Court's order authorizing a final distribution. Doc. No. 3557.

During the period of time covered by this Motion, the Examiner devoted 17.80 hours[13] of time to work in this category, representing fees in the amount of $8,010.00.00.  Appendix at 8, 21, and 33.  Work in this category represented 12.56% of the time billed by the Examiner.

**F.      Claims Administration, Distribution Process and Claim Sales Matters**

The Examiner devoted attention to the claim submission process created by the Receiver and approved by the Court, *see* Doc. No. 1584, the implementation of the Receiver's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh interim distributions to CD Investors, also approved by the Court, Doc. Nos. 1877, 2037, 2288, 2520, 2805, 2922, 2974, 3065, 3163, 3380 and 3418, the sale of claims by CD Investors to various entities, and the implementation of the Receiver's twelfth (and final) distribution to CD Investors, approved by the Court on October 8, 2025, Doc. No. 3555, and then modified by the Court on November 25, 2025.  Doc. No. 3562.

The Examiner devoted considerable time to conferring with the Receiver's counsel relating to issues impacting the Receiver's distribution process.  The Examiner also conferred

---

[13] Detailed billing entries with respect to these hours can be found within <u>Exhibits 1and 2</u> to the Examiner's Declaration. Appendix at 18-21, 33.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 10**

with multiple Stanford investors, investor representatives, and the Receiver's counsel in an attempt to resolve various questions and issues concerning the claim and distribution process.

During the period of time addressed by this Motion, the Examiner devoted 33.70 hours[14] of time to work in this category, representing fees in the amount of $15,165.00. Appendix at 8, 24 and 38. The work in this category represented 23.78% of the time billed by the Examiner.

**G.      OSIC Meetings and Conference Calls**

During the time period addressed by this Motion, the OSIC did not meet. Accordingly, the Examiner has not assigned any time entries to this category. The Examiner did communicate regularly with the members of the OSIC but time entries reflecting those communications were assigned to other categories (e.g., the claims and distribution process or third-party actions).

The Examiner will retain this category for future use.

**H.      OSIC Third Party Asset Recovery Actions (Bank Actions)**

The Examiner has devoted substantial attention to the third-party liability actions that have been filed by counsel to the OSIC against law firms, insurance brokers, banks, accounting firms and others who are alleged to have participated in, assisted, or aided and abetted Allen Stanford's fraudulent scheme.

During the time period addressed by this Motion, the Examiner's work in this category was almost entirely focused upon the action brought by OSIC against Bank of New York Mellon ("BNYM"), *OSIC v. The Bank of New York Mellon*, 3:24-cv-02095.

Among other things, the Examiner devoted his attention to the following:

---

[14] Detailed billing entries with respect to these hours can be found within Exhibit 1 and 2 to the Examiner's Declaration. Appendix at 21-24, 33-38.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 11**

a.     the Examiner reviewed BNYM's motion to dismiss the action, conferred with OSIC's counsel concerning that motion to dismiss, and reviewed and commented upon OSIC's response to the motion to dismiss;

b.     the Examiner reviewed the Court's opinion in a related case, *Mogollon v. Bank of New York Mellon*, 3:19-cv-3070, and conferred with both the Receiver's counsel and OSIC's counsel concerning that opinion; and

c.     the Examiner reviewed and commented upon OSIC's motion for leave to file an amended complaint in *OSIC v. Bank of New York Mellon*, and conferred with OSIC's counsel concerning both the motion and the proposed amended complaint.

During the period of time addressed by this Motion, the Examiner devoted 6.80 hours[15] of time to work in this category, representing fees in the amount of $3,060.00. Appendix at 8, 25 and 39. Work in this category represented 4.80% of the time billed by the Examiner.

## I.    OSIC Communications

During the period of time covered by this Motion, the Examiner's primary work in this category concerned the OSIC's membership and the impact of the resignation of Peter Morgenstern from OSIC upon his retirement from the practice of law. The Examiner (a) conferred with the remaining members of OSIC, the Receiver and the Receiver's counsel concerning the OSIC's membership, (b) drafted a motion to amend the Court's original order creating OSIC to reduce the minimum number of its members to five (5), Doc. No. 3488 (c) drafted an Examiner's report to the Court addressing the OSIC's membership issues and the need

---

[15] Detailed billing entries with respect to these hours can be found within Exhibit 1 and 2 to the Examiner's Declaration. Appendix at 24-25, 39.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**        **Page 12**

for the motion, Doc. No. 3487, and (d) reviewed the Court's Order granting the motion and reducing the OSIC's minimum membership to five (5) members.  Doc. No. 3491.

The Examiner also communicated with the members of OSIC concerning the proceedings in Switzerland, the April 2025 report issued by the Antiguan Joint Liquidators, and RA Stanford's lawsuit against three judges in the Northern District of Texas.

During the period of time addressed by this Motion, the Examiner devoted 8.80 hours[16] of time to work in this category, representing fees in the amount of $3,960.00.  Appendix at 9, 26, and 39.  Work in this category represented 8.80% of the time billed by the Examiner.

**J.      Review and Analysis of the Receiver's Fee Applications and Budgeting Efforts**

During the period of time addressed by this Motion, the Examiner devoted substantial attention to the Receiver's eighty-third (83rd) interim fee application.  The Receiver's 83rd fee application was filed on November 25, 2025, Doc. Nos. 3560-3561, and was approved by an Order entered on January 7, 2026.  Doc. No. 3472.

The Examiner reviewed the text of the 83rd fee application and all of the supporting invoices relating to that fee application.  The Examiner prepared extensive comments and questions concerning the 83rd fee application and supporting materials, shared those comments and questions with the Receiver, his counsel, and the SEC, and reviewed and analyzed the Receiver's response.

Also during this time period, the Examiner communicated with members of OSIC concerning the Receiver's notice of appeal, Doc. No. 3564, from the Court's order addressing the Receiver's motion to release the fees and expenses that had been held back from his first 82 fee applications.

---

[16] Detailed billing entries with respect to these hours can be found within <u>Exhibit 1 and 2</u> to the Examiner's Declaration. Appendix at 25-26, 39.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 13**

During the period of time covered by this Motion, the Examiner devoted 36.80 hours[17] of time to work in this category, representing fees in the amount of $16,560.00.  Appendix at 9, 42. Work in this category represented 25.97% of the time billed by the Examiner.

### K.    Review and Reimbursement of OSIC Expenses

During the period of time addressed by this Motion, no time entries were assigned to this category.

The Examiner will retain this category for future use.

### L.    Monitoring Other Proceedings and Issues

During the period of time addressed by this Motion, the Examiner communicated with a reporter from the Financial Times and conferred with the Receiver's counsel concerning that communication.

During the period of time addressed by this Motion, the Examiner devoted 0.40 hours[18] of time to work in this category, representing fees in the amount of $180.00.  Appendix at 9, 27. Work in this category represented 0.28% of the time billed by the Examiner.

### V.    STAFFING

During the period of time covered by this Motion, all of the work billed by the Examiner's law firm was done by the Examiner himself.

### VI.    THE EXAMINER'S FEES AND EXPENSES ARE REASONABLE AND NECESSARY AND SHOULD BE PAID

The standards for an award of attorney's fees are well established.

> In awarding statutorily-authorized attorney's fees, district courts in the Fifth Circuit employ a two-step procedure. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th

---

[17] Detailed billing entries with respect to these hours can be found within Exhibit 2 to the Examiner's Declaration. Appendix at 40-42.

[18] Detailed billing entries with respect to these hours can be found within Exhibit 1 to the Examiner's Declaration. Appendix at 27.

EXAMINER'S MOTION FOR APPROVAL OF
FORTY-EIGHT INTERIM APPLICATION FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT                    **Page 14**

Cir.1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id*. at 324. The product of this multiplication is the base fee, or "lodestar", which the Court then either accepts or adjusts upward or downward based on twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). [FN3] The Court may modify the lodestar if any of the Johnson factors not already considered in the reasonable fee analysis warrant an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). The lodestar is presumptively reasonable, however, and should be modified only in exceptional cases. *Id*. (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

FN3. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Old Republic Ins. Co. v. Stafford*, No. Civ. A. 3:03-CV-1611, 2005 WL 2026853 (N.D. Tex. Aug. 22, 2005).

The calculation of the lodestar in this instance is simple because the actual hours expended by the Examiner were reasonable and necessary, and the hourly rate charged by the Examiner is reasonable and customary for Dallas, Texas. *See* Appendix at 9; Examiner's Declaration at ¶5. As a result, the product of the number of hours worked and the hourly rate charged represents a lodestar that is both presumptively reasonable and proven reasonable by the evidence submitted.[19] In addition, as directed by the Court, the Examiner has "avoid[ed], to the greatest extent possible, duplication of activities or efforts conducted by the Receiver, except as necessary to present the interests of the Investors to the Court that would not otherwise be

---

[19] It is worth noting that the Examiner's billing rate ($450.00/hour) has remained the same since his appointment in April 2009.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 15**

presented, as the Examiner in his sole discretion [has seen] fit." *See* Appendix at 9, Examiner's Declaration at ¶6; *see* Doc. No. 322 at 3.

Application of the *Johnson* factors is addressed below.

1. The time and labor required – Exhibit 1 and 2 attached to the Examiner's Declaration sets forth the time entries for the Examiner, and the Examiner's Declaration includes the Examiner's opinion that the time expended was both necessary and reasonable.

2. The novelty and difficulty of the case – The issues raised by this Receivership – as they affect the Investors – are often novel and difficult. The Examiner continues to face the challenge of quickly learning the facts and law that are pertinent to discrete issues as those issues arise. The legal issues that have arisen during the period addressed by this Motion have been both novel and complex, *e.g.* the Examiner's interactions with Stanford claimants relating to the Receiver's distribution process; and the Examiner's work with OSIC concerning its action against BNYM.

3. The skill required – The work undertaken by the Examiner has required considerable skill and experience in complex matters. The Examiner is an experienced lawyer with a sophisticated commercial law practice. *See* Appendix at 6-7; Examiner's Declaration at ¶¶ 1-2.

4. The preclusion of other employment – The Examiner has not declined any representation because of his service in this case.

5. The customary fee – As explained in the Examiner's Declaration, the fees requested are reasonable for Dallas, Texas in similar cases. *See* Appendix at 9; Examiner's Declaration at ¶5.

6. Whether the fee is fixed or contingent – The Examiner's fee is not contingent, but is subject to Court approval and the existence of money in the receivership estate to pay the fee.

7. <u>Time limitations imposed</u> – The Examiner's work has been subject to several time pressures. All of the work reflected in this application was done by the Examiner himself. Because of his position, the Examiner must move swiftly among Stanford-related matters concerning proposed settlements, briefing strategy, appellate strategy and other matters.

8. <u>The results obtained</u> – During the period of time addressed by the Motion, the Examiner has also worked with the Receiver's counsel to facilitate the Receiver's distribution process as to all eleven (11) interim distributions previously approved by the Court, and to implement the recently approved twelfth and final distribution. The Examiner also worked with the Receiver, the OSIC and Stanford investors to resolve questions concerning claim transfers and distributions.

The Examiner also continues to review and analyze the Receiver's fee applications and cost projections with a goal of reducing the fees and expenses of the Receivership to the maximum extent possible. With the SEC, the Examiner also successfully opposed the Receiver's request the full holdback amount (approximately $30 million) plus an additional $13 million to the Receiver and his professional firms. *See* Doc. No. 3555 at 10-14.

9. <u>The experience, reputation and ability of the attorneys</u> – The Examiner is an experienced and skilled lawyer who enjoys a favorable reputation in the legal community.

10. <u>The undesirability of the case</u> – Service as the Examiner is not undesirable.

11. <u>The nature and length of the professional relationship with the client</u> – Given the unique nature of the Examiner's role, and that his appointment "does not give rise to any attorney-client or fiduciary relationship," this factor does not apply. Doc. No. 322 at 3.

12. <u>Awards in similar cases</u> – The Examiner believes and understands the fees and expenses requested are commensurate with fees awarded in similar cases in this district.

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                     **Page 17**

## VII.    CONCLUSION

For the reasons set forth above, the Examiner respectfully requests that this Court approve this application and direct the Receiver to make payment to the Examiner for the requested attorneys' fees and expenses.

May 1, 2026.

Respectfully submitted,

_____*/s/ John J. Little*_____
John J. Little
Tex. Bar No. 12424230
JOHN J. LITTLE LAW, PLLC
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 989-4180
(214) 573-2307 [CELL]
(214) 367-6001 [FAX]

COURT-APPOINTED EXAMINER

**EXAMINER'S MOTION FOR APPROVAL OF
FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 18**

**CERTIFICATE OF CONFERENCE**

On April 29, 2026, I conferred via email Scott Powers, counsel for the Receiver. The Receiver has joined in the Agreed Order described at page 2 of the foregoing Motion.

On April 23, 2026, I conferred with Jason Rose of the SEC via email. Mr. Rose confirms that the SEC is not opposed to the relief requested.

On April 30, 2026, I conferred via email (michael.w.may@usdoj.gov) with Michael W. May, counsel for the United States (IRS). Ms. Smith said that the United States (IRS) does not oppose the relief requested.

_____/s/ *John J. Little*_____
John J. Little

**CERTIFICATE OF SERVICE**

On May 1, 2026, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

I further certify that on May 1, 2026, I served a true and correct copy of the foregoing document via United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

R. Allen Stanford, Pro Se                    Certified Mail Return Receipt Req.
Inmate #35017183
Coleman II USP
Post Office Box 1034
Coleman, FL 33521

_____/s/ *John J. Little*_____
John J. Little

**EXAMINER'S MOTION FOR APPROVAL OF**
**FORTY-EIGHTH INTERIM APPLICATION FOR PAYMENT OF**
**ATTORNEY'S FEES AND EXPENSES AND BRIEF IN SUPPORT**                    **Page 19**